Filing # 125479544 E-Filed 04/23/2021 09:59:03 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDE LEON, deceased,

CASE NO.: 21-009716-CA-01

**CIVIL ACTION SUMMONS**

Plaintiff,
vs.

TESLA, INC., a/k/a TESLA FLORIDA,
INC.,

Defendant.
_____/

*QA #1449*
*4/27/21*
*11:34am*

**To Each Sheriff of Said State:**

**YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint or petition in this action on Defendant: TESLA, INC., a/k/a TESLA FLORIDA, INC.:

**By Serving Registered Agent:**   **CT CORPORATION**
                                  **1200 S. PINE ISLAND ROAD**
                                  **PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney to wit:

**TODD POSES, ESQUIRE, Poses & Poses, P.A., Suite 1600**
**169 East Flagler Street, Miami, Florida 33131; (305) 577-0200**

within 20 days after service of this summons on that Defendant, exclusive of the day of service and to file the original if the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON ___4/26/2021___, 2021
Clerk of Said Court

By _____
As Deputy Clerk
(Court Seal)


EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

CASE NO.:

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

Plaintiff,

vs.

TESLA, INC. a/k/a TESLA FLORIDA, INC.

Defendant. /

COMES NOW the Plaintiff, NEIMA BENAVIDES, Personal Representative of the Estate of NAIBEL BENAVIDES LEON, deceased, by and through the undersigned counsel, and sues the Defendant, TESLA, INC. a/k/a TESLA FLORIDA, INC., and alleges the following:

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, brought pursuant to the Florida Wrongful Death Act, Florida Statute §768.16 et seq.

## JURISDICTION, VENUE AND PARTIES

2. At all times material hereto, Neima Benavides, is the duly appointed personal representative of the ESTATE OF NAIBEL BENAVIDES LEON, probate documents attached hereto and marked as Exhibit A. As personal representative of the Estate, the Plaintiff, NEIMA BENAVIDES, has standing to and otherwise is duty bound to bring this wrongful death action pursuant to Florida Statute §768.16 et seq.

3. At the time of the death of NAIBEL BENAVIDES LEON was 22 years old and was not married and had no children.

4. NAIBEL BENAVIDES LEON is survived by her natural parents, Lilia Marilin Leon Jimenez and Guillermo Benavides, who are survivors under the Florida Wrongful Death Act.

5. Lilia Marilin Leon Jimenez is a resident of Miami Dade County.

6. At all times material to this action, the Defendant, TESLA, INC. a/k/a TESLA

FLORIDA, INC. (hereinafter referred to as "TESLA"), was a foreign corporation licensed and authorized to do business in the State of Florida.

7. At all times hereinafter mentioned and at the time of the incident complained of, the Defendant, TESLA, had an office for the transaction of its customary business in Miami-Dade County, Florida, had agents and other representatives in Miami-Dade County, Florida, and was actually doing business in Miami-Dade County, Florida by virtue of its shipping to and sale of automobiles in Miami-Dade County, Florida.

8. At all times hereinafter mentioned and at the time of the incident complained of, the Defendant, TESLA, was in the business of designing, testing, inspecting, manufacturing, distributing, selling, maintaining, repairing and otherwise placing into the stream of commerce, and causing same to come into the State of Florida, certain automobiles, including a certain specific automobile designated and described as a 2019 Tesla Model S, VIN: 5YJSA1E24KF302997 (Hereinafter described as the "Vehicle").

## FACTS GIVING RISE TO CAUSE OF ACTION

9. On or about April 25, 2019, the Vehicle was owned by George McGee.

10. On or about April 25, 2019, George McGee was operating and/or driving the Vehicle eastbound on CR-905A in Key Largo, Monroe County, Florida.

11. At that time and place, George McGee, had activated the autopilot function in his Tesla and was relying on its ability to detect obstacles in the roadway ahead of the Vehicle and reduce speed and/or come to a complete stop when such obstacles were detected.

12. Because he was relying on the Vehicle's auto pilot system, George McGee took his eyes of the road to look at his phone.

13. George McGee failed to notice he was approaching the T-intersection at CR-905A.

14. Parked on the other side of the T-Intersection was the Chevrolet Tahoe owned by Dawn Angulo, and driven by her son, Dillon Angulo. NAIBEL BENAVIDES LEON and Dillon Angulo were standing next to the truck.

15. The auto-pilot of George McGee's Vehicle failed to detect the substantial profile of Chevrolet Tahoe at any point, despite the fact that it was parked directly in front of the Vehicle's path.

16. As a result, the Vehicle continued eastbound through the intersection without initiating the brakes and the Vehicle struck the Tahoe at almost 70 miles per hour, causing it to violently rotate and strike the decedent, NAIBEL BENAVIDES LEON, sending her approximately 75 feet into the surrounding wooded area, taking her life as a result.

## COUNT I
## STRICT LIABILITY

The Plaintiff, Neima Benavides, as Personal Representative of the Estate of NAIBEL BENAVIDES LEON, Deceased, realleges each and every allegation contained in paragraphs 1 through 16, and, by reference, further states:

17. At all times mentioned herein, Tesla was engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warranting, leasing, renting, retailing, and advertising vehicles, including the Vehicle with Tesla's Autopilot systems suite.

18. Tesla's vehicles, including the Vehicle, contained design defects when the vehicles were introduced into the stream of commerce by Tesla.

19. Tesla's vehicles, including the Vehicle, were defective and unsafe for their intended use. Due to the design defects, the Vehicle failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

20. On April 25, 2019, George McGee was driving the Vehicle in a reasonably foreseeable and intended manner, with Tesla's autopilot systems suite engaged, when the Vehicle failed to detect the substantial profile of Chevrolet Tahoe parked directly in front of the Vehicle's path, and the Vehicle struck the Tahoe, killing NAIBEL BENAVIDES LEON in the resulting collision.

21. Tesla knew that consumers would use and drive their vehicles as the driver did on April 25, 2019.

22. Tesla manufactured, designed, assembled, tested, inspected, marketed, distributed, and sold their vehicles, including the Vehicle, and their component parts including Tesla's Autopilot

system and suite of driver assistance features technology with defects in design which made them dangerous, hazardous, and unsafe for their intended and reasonably foreseeable use.

23. The design defects in the Vehicle and Tesla's Autopilot system suite of technology included defective and unsafe characteristics such as the failure to adequately monitor and determine driver-engagement, which resulted in the death of Decedent NAIBEL BENAVIDES LEON. The Vehicle's performance in this incident revealed a fatal defect and flaw in Tesla's Autopilot design, specifically regarding the method in which the system monitors driver engagement.

24. The design defects in Tesla's Model X vehicle also includes additional defective and unsafe characteristics, such as the failure to adequately determine stationary objects in front of the vehicle, which resulted in the death of Decedent NAIBEL BENAVIDES LEON when the Vehicle was unable to recognize the side profile of a Chevrolet Tahoe parked directly in front of the Vehicle's path. Tesla's Autopilot suite of driver assistance features, specifically its forward obstacle detection and computer processing and camera visioning system failed to detect a side profile of a Chevrolet Tahoe parked directly in front of the Vehicle's path.

25. Tesla failed to meet the expectations of the reasonable consumer by placing on the market a Tesla Model X vehicle which failed to incorporate an autopilot system that included safety components which would keep the vehicle only in designated travel lanes, reasonably match vehicle speed to traffic conditions, keep the vehicle within its lane, and provide active automatic collision avoidance and automatic emergency braking in a manner which detected objects the car might impact and applied the brakes so as to avoid impact with such objects.

26. Subsequent to the incident which killed the Decedent, Tesla equipped subsequent Tesla Model S with additional technology programs and systems and safety components and passenger protection components that did, in fact, provide active automatic collision avoidance and automatic emergency braking in order to detect objects the car might impact, and apply the brakes accordingly to avoid impact with such objects. The inclusion of these features on the Tesla Model S after NAIBEL BENAVIDES LEON's death, had they been installed on the accident vehicle, would have entirely avoided and prevented the fatal injuries sustained by her.

27. By reason of the omission of the above described safety systems, features and components from the Vehicle, on and prior to the date of Decedent's injuries and death, the Tesla Model S was defective in its design, in that the auto pilot systems of the vehicle would not, could

not, and did not perform in a manner as safely as an ordinary consumer would expect when the vehicle was subjected to foreseeable accident or driving conditions. Further, the Tesla Model S, as designed, caused fatal injury to NAIBEL BENAVIDES LEON when the vehicle failed to perform as it should have.

28. The risk of danger in the design of Tesla's Model S vehicle outweighed any benefits of the design, and especially where safer alternative designs were available at the time of manufacture. Such reasonably safer alternative designs include, but are not limited to, the following:

a. Driver-facing cameras that would monitor the driver's eyes and/or head position as a way to determine driver engagement and awareness;

b. LIDAR, or any other reasonable alternative system that may or may not include the use of radar technology for the detection of obstacles and surroundings of a Tesla vehicle; and

c. Recoding of Tesla's proprietary software for its Autopilot technology and suite of driver assistance features, specifically, the Traffic Aware Cruise Control feature.

29. Therefore, the Vehicle, and all of Tesla's vehicles that are equipped with Tesla's Autopilot system suite of technology presented and continue to present a substantial and unreasonable risk of serious injuries to drivers of Tesla vehicles and the public.

30. The defects in the design of all Tesla vehicles equipped with Tesla's Autopilot system was a substantial factor in causes Decedent NAIBEL BENAVIDES LEON's death, as well as Plaintiff's damages as alleged herein.

31. As a direct and proximate cause of the defects in the Vehicle, the ESTATE OF NAIBEL BENAVIDES LEON, deceased, suffered damages more specifically set forth below.

WHEREFORE, the Plaintiff, Plaintiff, Neima Benavides, as Personal Representative of the Estate of NAIBEL BENAVIDES LEON, Deceased, demands judgment against the Defendant, TESLA, INC. a/k/a TESLA FLORIDA, INC., for compensatory damages together with post-judgment interest and taxable costs incurred in this action.

## COUNT II
## STRICT LIABILITY (FAILURE TO WARN)

The Plaintiff, Neima Benavides, as Personal Representative of the Estate of NAIBEL

BENAVIDES LEON, Deceased, realleges each and every allegation contained in paragraphs 1 through 16, and, by reference, further states:

32. At all times mentioned herein, Tesla was engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warranting, leasing, renting, retailing, and advertising their vehicles, including the Tesla Model X vehicle, with Tesla's autopilot system technology suite.

33. On April 25, 2019, George McGee was driving the Vehicle in a reasonably foreseeable and intended manner, with Tesla's autopilot systems suite engaged, when the Vehicle failed to detect the substantial profile of Chevrolet Tahoe parked directly in front of the Vehicle's path, and the Vehicle struck the Tahoe, killing NAIBEL BENAVIDES LEON in the resulting collision.

34. Tesla knew that consumers would use and drive their vehicles as the driver did on April 25, 2019.

35. An ordinary consumer would not have recognized the potential risks and dangers inherent in the operation and use of a Tesla vehicle with autopilot engaged, including the fact that a Tesla vehicle would be unable to recognize the Profile of a Chevrolet Tahoe parked directly in front of its path.

36. Tesla failed to warn of the dangers in the reasonably foreseeable use of its vehicles.

37. As a direct and proximate cause of Tesla's failure to warn of the defects and dangers of its Autopilot technology and suite of driver assistance features, the ESTATE OF NAIBEL BENAVIDES LEON, deceased, suffered damages more specifically set forth below.

WHEREFORE, the Plaintiff, Plaintiff, Neima Benavides, as Personal Representative of the Estate of NAIBEL BENAVIDES LEON, Deceased, demands judgment against the Defendant, TESLA, INC. a/k/a TESLA FLORIDA, INC., for compensatory damages together with post-judgment interest and taxable costs incurred in this action.

## WRONGFUL DEATH DAMAGES

38. The Estate of NAIBEL BENAVIDES LEON has suffered and will suffer the following damages:

    a. Lost wages, benefits and other earnings, including the value of lost earnings

that the decedent, NAIBEL BENAVIDES LEON, could reasonably have been expected to earn had she lived a full life.

    b. Loss of "prospective net accumulations" of the Estate of NAIBEL BENAVIDES LEON, or the value of earnings the Estate of NAIBEL BENAVIDES LEON, could reasonably have been expected to collect had the decedent, NAIBEL BENAVIDES LEON, lived a full life.

    c. Medical and funeral expenses paid by the Estate of NAIBEL BENAVDES LEON.

38. Lilia Marilin Leon Jimenez, surviving natural mother and legal beneficiary under the Florida Wrongful Death Act, has in the past and will continue to suffer in the future the following damages, per the Florida Wrongful Death Act, Florida Statute §768.16:

    a. The loss of support and services NAIBEL BENAVIDES LEON had provided to her mother, Lilia Marilin Leon Jimenez.

    b. The loss of companionship, guidance and protection provided by the decedent, NAIBEL BENAVIDES LEON to her mother, Lilia Marilin Leon Jimenez.

39. Guillermo Benavides, surviving natural father and legal beneficiary under the Florida Wrongful Death Act, has in the past and will continue to suffer in the future the following damages, per the Florida Wrongful Death Act, Florida Statute §768.16:

    a. The loss of support and services NAIBEL BENAVIDES LEON had provided to her father, Guillermo Benavides.

    b. The loss of companionship, guidance and protection provided by the decedent, NAIBEL BENAVIDES LEON to her father, Guillermo Benavides.

    c. Mental and emotional pain and suffering due to the loss of the decedent, NAIBEL BENAVIDES LEON.

    d. Medical and funeral expenses paid for or owed by Guillermo Benavides as a

result of the death of his daughter, NAIBEL BENAVIDES LEON.

WHEREFORE, the Plaintiff, NEIMA BENAVIDES, as Personal Representative of the Estate of NAIBEL BENAVIDES LEON, demands judgement and damages against the Defendant, TESLA, INC. a/k/a TESLA FLORIDA, INC, costs and interest allowed by the law, and further demands a trial by jury of all issues so triable as a matter of right thereby.

DATED this 22nd day of April, 2021.

POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street
Suite 1600
Miami, Florida 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com

/s/Todd Poses
TODD POSES, ESQUIRE
FBN: 0075922