**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NEIMA BENAVIDES, as Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

        CASE: 1:21-cv-21940-BB

    Plaintiff,

vs.

TESLA, INC., a/k/a TESLA
FLORIDA, INC.,

    Defendants.
_____/

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND**
**JURY DEMAND**

Defendant, Tesla, Inc. [incorrectly identified as "a/k/a Tesla Florida, Inc."] ("Tesla"), through it Counsel Cole, Scott & Kissane, for its Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand states as follows:

**ANSWER**

1. Tesla admits that Paragraph 1 of the Complaint contains allegations about the statutory basis for the Complaint and Plaintiff's alleged amount in controversy, however, Tesla neither admits nor denies those allegations because they call for a legal conclusion in response to which no response is required.

2.  Tesla admits that Exhibit A to Plaintiff's Complaint identifies Neima Benavides as the personal representative of the Estate of Naibel Benavides Leon. Tesla neither admits nor denies the allegations in Paragraph 2 because they call for a legal conclusion in response to which no response is required.

3.  Tesla neither admits nor denies the allegations in Paragraph 3 because it is without sufficient information to form a belief about the truth of those allegations.

4.  Tesla neither admits nor denies the allegations in Paragraph 4 because it is without sufficient information to form a belief about the truth of those allegations.

5.  Tesla neither admits nor denies the allegations in Paragraph 5 because it is without sufficient information to form a belief about the truth of those allegations.

6.  Tesla admits only that Tesla, Inc., at the time of the incident giving rise to this action and at the time this action was commenced, was and still is a corporation organized under the laws of Delaware with its principal place of business in California and is not organized under the laws of the State of Florida.  Tesla further admits it is authorized to conduct business in Florida.  Tesla denies the remaining allegations in Paragraph 6 because they are untrue,

7.  Tesla admits only that at the time this action was commenced, Tesla was and still is a corporation organized under the laws of Delaware with its principal place of business in California and is not organized under the laws of the State of Florida, where this action was brought but it is authorized to conduct business in Florida and

that it sells motor vehicles in Florida. Tesla denies the remaining allegations in Paragraph 7 because they are untrue.

8.  Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting and manufacturing, in part, Tesla motor vehicles, and distributing, selling and servicing said motor vehicles in various regions, including the State of Florida. Tesla further admits it designed, tested, inspected and manufactured, in part, a 2019 Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle), and that the Subject Vehicle was originally sold in the State of Florida. Tesla denies the remaining allegations in Paragraph 8 because they call for a legal conclusion in response to which no response is required.

9.  Tesla neither admits nor denies the allegations in Paragraph 9 because it is without sufficient information to form a belief about the truth of those allegations.

10. Tesla neither admits nor denies the allegations in Paragraph 10 because it is without sufficient information to form a belief about the truth of those allegations.

11. Tesla neither admits nor denies the allegations in Paragraph 11 because it is without sufficient information to form a belief about the truth of those allegations.

12. Tesla neither admits nor denies the allegations in Paragraph 12 because it is without sufficient information to form a belief about the truth of those allegations.

13. Tesla neither admits nor denies the allegations in Paragraph 13 because it is without sufficient information to form a belief about the truth of those allegations.

14. Tesla neither admits nor denies the allegations in Paragraph 14 because it is without sufficient information to form a belief about the truth of those allegations.

15. Tesla neither admits nor denies the allegations in Paragraph 15 because it is without sufficient information to form a belief about the truth of those allegations.

16. Tesla neither admits nor denies the allegations in Paragraph 16 because it is without sufficient information to form a belief about the truth of those allegations.

## COUNT I
## STRICT LIABILITY

Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 16 above as if fully restated here.

17. Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting, fabricating and manufacturing in part, distributing, advertising, leasing and selling motor vehicles with certain express but limited warranties and certain of those vehicles are equipped with driver assistance systems including as system known as "Autopilot." Tesla further admits the Subject Vehicle was sold with Autopilot. Tesla denies the remaining allegations in Paragraph 17 because they are untrue.

18. Tesla denies the allegations in Paragraph 18 because they are untrue.

19. Tesla denies the allegations in Paragraph 19 because they are untrue.

20. Tesla neither admits nor denies the allegations in Paragraph 20 because it is without sufficient information to form a belief about the truth of those

allegations.

21.     Tesla admits only that it is aware that consumers drive its vehicles and that it reasonably expects that consumers will follow the on vehicle warnings as well as warnings and instructions in the Owner's Manual, and that consumers will comply with all applicable driving laws and regulations. Tesla neither admits nor denies the remaining allegations in Paragraph 21 because it is without sufficient information to form a belief about the truth of those allegations.

22.     Tesla denies the allegations in Paragraph 22 because they are untrue.

23.     Tesla denies the allegations in Paragraph 23 because they are untrue.

24.     Tesla denies the allegations in Paragraph 24 because they are untrue.

25.     Tesla denies the allegations in Paragraph 25 because they are untrue.

26.     Tesla denies the allegations in Paragraph 26 because they are untrue.

27.     Tesla denies the allegations in Paragraph 27 because they are untrue.

28.     Tesla denies the allegations in Paragraph 28, including all subparts, because they are untrue.

29.     Tesla denies the allegations in Paragraph 29 because they are untrue.

30.     Tesla denies the allegations in Paragraph 30 because they are untrue.

31.     Tesla denies the allegations in Paragraph 31 because they are untrue.

WHEREFORE, Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in

favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## COUNT II
## STRICT LIABILITY FAILURE TO WARN

Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 31 above as if fully restated here.

32. Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting, fabricating and manufacturing in part, distributing, advertising, leasing and selling motor vehicles with certain express but limited warranties and certain of those vehicles are equipped with driver assistance systems including as system known as "Autopilot." Tesla further states that certain Model X vehicles are equipped with Autopilot but this action does not involve a Model X. Tesla denies the remaining allegations in Paragraph 32 because they are untrue.

33. Tesla neither admits nor denies the allegations in Paragraph 33 because it is without sufficient information to form a belief about the truth of those allegations.

34. Tesla admits only that it is aware that consumers drive its vehicles and that it reasonably expects that consumers will follow the on vehicle warnings as well as warnings and instructions in the Owner's Manual, and that consumers will comply with all applicable driving laws and regulations. Tesla neither admits nor denies the remaining allegations in Paragraph 34 because it is without sufficient information to

form a belief about the truth of those allegations.

35. Tesla denies the allegations in Paragraph 35 because they are untrue.

36. Tesla denies the allegations in Paragraph 36 because they are untrue.

37. Tesla denies the allegations in Paragraph 37 because they are untrue.

WHEREFORE, Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## **WRONGFUL DEATH DAMAGES**

38. Tesla neither admits nor denies the allegations in Paragraph 38, including all subparts, because it is without sufficient information to form a belief about the truth of those allegations.

38. (sic) Tesla neither admits nor denies the allegations in Paragraph "38" (sic), including all subparts, because it is without sufficient information to form a belief about the truth of those allegations.

39. (sic) Tesla neither admits nor denies the allegations in Paragraph "39" (sic), including all subparts, because it is without sufficient information to form a belief about the truth of those allegations.

WHEREFORE, Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in

favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Tesla has not yet had the opportunity to complete its discovery or investigation of this matter and, therefore, relies upon the following defenses which may prove applicable after discovery or at trial:

1.    As its first affirmative defense, Tesla alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted and Tesla hereby moves for dismissal of Plaintiff Complaint as a matter of law.

2.    As a further affirmative defense, Tesla alleges that Plaintiff's alleged damages, if any, may have been caused, in whole or in part, by Plaintiff's decedent, NAIBEL BENAVIDES LEON'S own negligent acts and/or omissions and, therefore, Plaintiff is barred from recovery or, alternatively, Plaintiff's recovery should be reduced by any allocation of fault or responsibility to Plaintiff's decedent.

3.    As a further affirmative defense, Tesla alleges that the subject accident alleged by Plaintiff and the death of Plaintiff's decedent, was caused, in whole or in part, by the negligent acts and/or omissions of a third party or parties over whom Tesla had neither control, nor the right to control, including George McGee, and, therefore, Plaintiff is barred from recovery or, alternatively, are barred from full recovery from Tesla.

4.    As a further affirmative defense, Tesla alleges that the alleged accident gives rise to an apportionment of damages, if any, in relation to the degree of fault

of the parties, persons, or employers, pursuant to the Florida Supreme Court decision of *Fabre v. Marin*, 623 So. 2d 1182

(Fla. 1993). In compliance with *Nash v. Wells Fargo Guard Services*, *Inc.*, 678 So. 2d 1262 (Fla. 1996), Tesla identifies the following persons as party and non-party tortfeasors in this case: (1) Plaintiff's Decedent, NAIBEL BENAVIDES LEON; (2) George McGee; and (3) other currently unidentified parties, persons, firms, or corporations over whom Tesla had no control or duty to control, and for whose actions Tesla cannot be held responsible or legally liable. Tesla reserves the right to amend this affirmative defense to identify any additional individuals or entities responsible, in whole or in part, for the Plaintiff's damages as they are revealed through investigation and discovery in this case.

5.   As a further affirmative defense, Tesla alleges that the subject alleged accident and the death of Plaintiff's decedent may have been caused, in whole or in part, by one or more intervening and/or superseding causes and, therefore, Plaintiff is barred from recovery or, alternatively, are barred from full recovery.

6.   As a further affirmative defense, Tesla asserts that the subject alleged accident and Plaintiff's Complaint are governed by the Tort Reform and Insurance Act of 2006, which, among other things, addresses joint and several liability (or the abolition thereof) and nonduplication of collateral source benefits. Tesla affirmatively pleads all of the defenses and rights available to it under said Act.

7.   As a further affirmative defense, Tesla alleges that the loss alleged resulted from the abuse, misuse, or alteration of the Subject Vehicle in question and, hence, the Plaintiff may not recover.

8. As a further affirmative defense, Tesla alleges that the Subject Vehicle was manufactured in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations and, hence, the Plaintiff may not recover. Tesla further contends that pursuant to Florida Statute §768.1256, there is a rebuttable presumption that the Subject Vehicle was not defective.

9. As a further affirmative defense, Tesla alleges that the Subject Vehicle was not unreasonably dangerous, defective, or unsafe, since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture. Tesla specifically pleads and asserts the state-of-the-art defense pursuant to Florida Statute §768.1257.

10. As a further affirmative defense, Tesla alleges that the Subject Vehicle is not defective or unreasonably dangerous.

11. As a further affirmative defense, Tesla alleges that it may have been prejudiced in its defense to the extent that evidence relevant to this case may have been destroyed or altered by others.

12. As a further affirmative defense, Tesla alleges that Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

13. As a further affirmative defense, Tesla alleges that it is entitled to a set-off for all settlements and compensation that the Plaintiff has received, or may receive, as a result of the death of Plaintiff's decedent.

14. As a further affirmative defense, Tesla alleges that it is entitled to, and claims benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of Florida.

15. As a further affirmative defense, Tesla alleges that Plaintiff's claims may be barred by the applicable statute of repose.

16. As a further affirmative defense, Tesla alleges that Plaintiff has not properly identified and separated its claims pursuant to Florida Rule of Civil Procedure 1.110(f). As a further affirmative defense, Tesla alleges that Plaintiff has not established that this Court has personal jurisdiction over TESLA and therefore objects to this Court's attempt to exercise personal jurisdiction over Tesla.

17. Tesla reserves the right to amend or supplement these Affirmative Defenses as discovery and investigation continues and throughout trial.

## DEMAND FOR JURY TRIAL

Tesla hereby demands a trial by jury for all triable issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 25th day of May, 2021, with the court via CM/ECF, which will send notification of such filing to all attorneys of record.

                                                     s/ *Henry Salas*
                                                     Henry Salas, Esq.
                                                     *Attorney for Defendant, Tesla, Inc..*