UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

## LOCAL RULE 16.1(B) JOINT CONFERENCE REPORT

The Parties, by their undersigned attorneys, hereby submit this Joint Conference Report in compliance with S.D. Fla. Local Rule 16.1(b).

Pursuant to Local Rule 16.1(b), counsel for the Parties conferred on June 10, June 11 and June 15, 2021, and addressed Local Rule 16.1(b)(2)(A)–(K) as follows. As explained herein, the Parties have also provided a Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b)(3).

**A.**     **The likelihood of settlement**

The Parties have engaged in some preliminary discussions about settlement and the Parties agree to continue to explore the possibility of settlement throughout the discovery period and to keep the Court appraised of any possible settlement.

**B.**     **The likelihood of appearance in the action of additional parties**

The Parties are not presently aware of additional parties that will be joining the action, but they anticipate it is possible as facts and evidence are developed in the discovery period, and

therefore they have included a deadline to join additional parties in the proposed scheduling timeline for joinder within that time frame, as set forth in the proposed scheduling timeline, below.

C. **Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery**

The Parties set forth these dates, among others, in the proposed scheduling timeline, below.

D. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

The Parties do not presently have suggestions for the formulation and simplification of issues, or the number and timing of motions for summary judgment or partial summary judgment but will work together, to the extent possible, to simplify the issues before the Court.

E. **The necessity or desirability of amendments to the pleadings**

The parties set forth these dates in the proposed scheduling timeline, below.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

The Parties believe that, through stipulations and admissions regarding basic facts, the identity of witnesses and authenticity of certain documents, they can streamline evidentiary matters before the Court. The parties will work cooperatively to narrow and identify any areas of dispute on evidentiary matters anticipated at trial and to present such disputes, to the extent possible, in pre-trial motions *in limine*.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**
The Parties do not presently have suggestions for the avoidance of unnecessary proof and of cumulative evidence but will work together, to the extent possible, to avoid unnecessary proof and cumulative evidence.

24558322v2
24558322v3

**H.    Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The Parties have no objection to referring discovery motions to a Magistrate Judge assigned to this case, but in doing so, they do not waive the right to object to and appeal any decision of the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a). The Parties do not consent to the use of the Magistrate Judge for dispositive motions or for trial.

**I.    A preliminary estimate of the time required for trial**

While it is difficult at this early stage of the litigation to anticipate the length and complexity of any trial, the Parties estimate the trial will last approximately ten days and therefore recommend this case be assigned to the Complex Track. This case will be tried to a Jury.

**J.    Requested date or dates for conferences before trial, a final pretrial conference, and trial**

The Parties set forth these dates in the proposed scheduling timeline, below.

**K.    Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

There is none at this time.

Pursuant to LR 16.1(b)(1), counsel for the Parties conferred and address 16.1(b)(2) and Rule 26(f)(3)'s requirement of a discovery plan as follows:

**1.    Initial Disclosures (Fed. R. Civ. Proc. 26(f)(3)(A))**

The parties propose that the Parties make their initial disclosures by July 31, 2021.

**2.    Subjects, Schedule, and Phasing of Discovery (Fed. R. Civ. Proc. 26(f)(3)(B))**

The Parties have discussed the subjects on which discovery may be needed:

- a. Plaintiff's Discovery Proposal
    - o Facts and documents as to customer solicitation, advertising, public relations and sale of defendant's vehicle to all persons, and specifically George McGee
    - o All known technology owned, employed and/or in development by the defendant at all times material hereto, and specifically in April, 2019

- o   All warnings, notifications, instructions, recalls and other communication among the defendant and its customers/drivers as to any and all issues regarding the operation, safety and/or maintenance of vehicles manufactured and/or serviced by the defendant
- o   All product safety testing at all times material hereto for the defendant's vehicles
- o   All data relating to the development and operation of the Tesla Autopilot system
- o   Proposed alternative designs for any and all technology, including but limited to the Tesla Autopilot system
- o   All behavioral, psychological, human factors, anthropological and or clinical research and data as it relates to the operation of any and all Tesla vehicles, including but not limited to the Tesla Autopilot system
- o   Any and all data regarding Tesla S with Vin# 5YJSA1E24KF302997

b. <u>Defendant's Discovery Proposal</u>

- o   Accident facts including, but not limited to, cause in fact and proximate cause;
- o   Information about non-party Tesla driver's ownership, operation and knowledge of the subject 2019 Tesla Model S (Subject Vehicle);
- o   Pre-accident condition of the Subject Vehicle;
- o   Plaintiff's claims of and theories about product defect, failure to warn and any proposed alternative designs;
- o   Comparative fault;
- o   Fault of non-parties; and
- o   Plaintiff's alleged damages

3. **Electronically Stored Information (Fed. R. Civ. Proc. 26(f)(3)(C))**

The Parties anticipate that discovery will include the disclosure and/or production of electronic or computer-based media. The Parties agree that electronic discovery will be limited to data reasonably accessible by the Parties. To the extent an issue arises regarding electronic discovery with regard to scope, cost, and time required, the Parties will work together in good faith to resolve such issues. The Parties further agree that reasonable measures will be taken to preserve such electronically stored information in accordance with the Federal Rules of Civil Procedure. The Parties have reviewed the S.D. Fl. Checklist for Rule 26(f) Conference Regarding Electronically Stored Information ("ESI") and will work together in drafting an ESI Protocol that incorporates the Checklist topics relevant to this litigation, if applicable.

4. **Issues About Claims of Privilege (Fed. R. Civ. Proc. 26(f)(3)(D))**

In the event that a party inadvertently produces information that is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing party discovers the inadvertent disclosure the producing party may make a written request to the other party to return the inadvertently produced privileged document. All parties who received the inadvertently produced document will either return the documents to the producing party or destroy the document immediately upon receipt of the written request. By returning or destroying the document, the receiving parties are not conceding the document is privileged and are not waiving their right to later challenge the substantive privilege claim except that they may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

5. **Modification of the Discovery Rules (Fed. R. Civ. Proc. 26(f)(3)(E))**

The Parties do not believe it necessary to change the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules.

6. **Other Orders (Fed. R. Civ. Proc. 26(f)(3)(F))**

The Parties anticipate negotiating the terms of a confidentiality protective order to be submitted to the court for approval.

**Proposed Schedule**

The Parties will file a Joint Proposed Scheduling Order, in accordance with Local Rule 16.1(b)(3), which will include the following schedule:

| **Deadline or Date** | **Event** |
|---|---|
| 07/15/21 | Selection of a mediator and scheduling of a time, date and place for mediation. |
| 07/31/21 | The parties shall exchange Rule 26(a)(1)Initial Disclosure |

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

| **Deadline or Date** | **Event** |
|---|---|
| 08/15/21 | Deadline to join additional parties or to amend pleadings |
| 02/28/22 | Deadline to complete fact discovery |
| 03/30/22 | Plaintiff shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) |
| 04/30/22 | Defendant shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) |
| 05/31/22 | Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) |
| 06/15/22 | Deadline to complete expert discovery |
| 08/01/22 | Deadline for filing of all motions for summary judgment |
| 09/09/22 | Deadline for the filing of pretrial motion (including motions *in limine* and *Daubert* motions) |
| 09/16/22 | Mediation to be completed |
| 09/30/22 | Plaintiff's witness and exhibit lists deadline |
| 10/14/22 | Defendant's witness and exhibit lists deadline |
| 10/28/22 | The parties shall submit pre-trial stipulations |
|  | Pretrial conference |
|  | Trial date, set for 10 days |

24558322v2
24558322v3

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

| Dated: | By: | */s/ Todd Poses* | By: | */s/ Henry Salas* |
|---|---|---|---|---|
| | | TODD POSES (0075922) | | HENRY SALAS (815268) |
| | | POSES & POSES | | COLE SCOTT & KISSANE |
| | | 169 E. Flagler St., #1600 | | 9150 S Dadeland Blvd Ste 1400 |
| | | Miami, FL 33131 | | Miami, FL 33156-7855 |
| | | Office: 305-577-0200 | | Office: 305-350-5300 |
| | | Fax:    305-371-3550 | | Fax:    305-373-2294 |
| | | Email:  tposes@posesandposes.com | | Email:  henry.salas@csklegal.com |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 15th day of June 2021.  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in this manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By:   */s/ Henry Salas*
      HENRY SALAS (815268)

24558322v2
24558322v3