**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

    Plaintiff,

vs.

TESLA, INC. a/k/a TESLA FLORIDA, INC.

    Defendant.

_____/

## DEFENDANT TESLA INC.'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO TESLA'S REQUESTS FOR PRODUCTION

Defendant Tesla, Inc. ("Tesla") by its attorneys, Cole, Scott & Kissane and Bowman and Brooke LLP, respectfully moves this honorable Court to enter an Order compelling Plaintiff to serve complete and full responses to Tesla's First Requests for Production, which were served on August 5, 2021, and states as follows:

### BACKGROUND AND RELIEF REQUESTED

This automotive product liability case arises out of an incident that occurred on April 15, 2019 (the "Subject Incident"). On that day, Decedent Naibel Benavides, a pedestrian, was struck and killed by a 2019 Tesla Model S (the "Subject Vehicle"), which was operated by George McGee. On April 22, 2021, Decedent's Estate ("Plaintiff") filed the instant action against Tesla, Inc. ("Tesla"). Tesla denies all claims against it.

On August 5, 2021, Tesla served its First Requests for Production (RFP) to Plaintiff. See Exhibit A. Plaintiff's Responses thereto were originally due on September 6, 2021 pursuant to

1

25493951v8
25944831v1

FRCP 34, however, Tesla granted Plaintiff additional time to respond. Despite Tesla's agreement to extend the date for Plaintiff's response to Tesla's RFP, Plaintiff has failed to serve responses on the agreed-upon date.

Over the last 60 days Counsel for Tesla has requested on multiple occasions that that Plaintiff produce her overdue responses to Tesla's RFP. See email requests from Tesla's Counsel to Plaintiff's Counsel from December 2, 2021; January 4, 2022 and February 3, 2022 attached as Exhibit B-1, B-2, and B-3, respectively. On January 24, 2022, this Court entered an Order Amending Scheduling Order and Certain Pretrial Deadlines, which established an expert disclosure deadline of March 15, 2022 and a discovery cutoff of April 15, 2022 (see Dkt. 20). Because of Plaintiff's failure to respond to Tesla's RFP, and in the face of rapidly approaching discovery deadlines, Tesla's Counsel informed Plaintiff's counsel of Tesla's intent to Move this Court for an Order compelling Plaintiff to respond if Plaintiff did not voluntarily respond by February 7. See Exhibit B-3.

On Friday, February 11, Plaintiff finally served Tesla with responses to Tesla's RFP. See Exhibit C. For the reasons stated below, Tesla finds the following Responses to be inadequate:

**RFP 6:** "any and all statements of any party to this lawsuit, including but not limited to, statements taken from investigators, agents, servants, employees, or others, of the Defendant or Plaintiff in this lawsuit."

Plaintiff responded by attaching Decedent's birth certificate. This document is not relevant to the requests for "any and all statements of a party to this lawsuit." Tesla accordingly requests that this Court strike Plaintiff's response to RFP 6 as non-responsive and compel Plaintiff to fully respond to this Request within 7 days.

**RFP 9**: "All documents or records of any kind evincing the damages Plaintiff claims in this lawsuit."

Plaintiff responded, "will produce," but has yet to produce anything as of the filing of this motion. Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021 and the Subject Incident occurred in 2019. Plaintiff has produced no documents evincing her damages, despite the fact that her responses to this Request were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's ability to prepare for trial and determine whether any additional discovery is necessary before the April 15, 2022 discovery cutoff. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 24**: "All relevant official publications that you claim are relevant to this suit, including those that may be offered at trial."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

25493951v8
25944831v1

**RFP 26:** "Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit, including, but not limited to pleadings, discovery responses and deposition transcripts."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion,and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two monthsprior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respondthat Plaintiff has no responsive documents if that is the case.

**RFP 27:** "All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle contained a design defect as alleged in Paragraphs 18, 19 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion,

4

and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 28**: "All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately monitor and determine driver-engagement as alleged in Paragraph 23 of Plaintiff's Complaint.

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion,and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two monthsprior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respondthat Plaintiff has no responsive documents if that is the case.

**RFP 29**: "All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately determine stationary objects in front of the vehicle as alleged in Paragraph 24 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact

25493951v8
25944831v1

that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 30**: "All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle's Autopilot system failed to include safety components which would keep the vehicle only in designated travel lanes, reasonably match vehicle speed to traffic conditions, keep the vehicle within its lane, and provide active automatic collision avoidance and automatic emergency braking in a manner which would detect objects the car might impact and apply the brakes so as to avoid impact with such objects as alleged in Paragraph 25 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 31**: "All documents or records containing any facts or any other matter upon which you base your contention that Tesla failed to warn of the potential risks and dangers inherent in the operation and use of a Tesla vehicle with autopilot engaged as alleged in Paragraphs 35 and 36 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two monthsprior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respondthat Plaintiff has no responsive documents if that is the case.

**RFP 32**: "Any and all documents of any manufacturer that you or any of your expert witnesses contend are relevant to Plaintiff's claims."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months

7

prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 33**: "Any documents, reports, photographs, or videos referencing incidents you purport to be similar to the Subject Incident."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two monthsprior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respondthat Plaintiff has no responsive documents if that is the case.

## Authorizations Accompanying Tesla's Requests for Production:

On September 21, 2021 Tesla also sent Plaintiff authorizations to execute and return as part of Tesla's First Set of Requests for Production. See Exhibit D- Correspondence to Plaintiff and Attached Authorizations). These authorizations (which included releases for medical,employment, and education information) sought information crucial to Tesla's assessment of Plaintiff's damages. Plaintiff has not executed these authorizations or objected to them as of the filing of this motion. Because the close of discovery in this case is April 15, 2022, immediate

receipt of executed versions of these authorizations is necessary. Tesla therefore asks that this Court compel Plaintiff to execute and return the authorizations (attached in Exhibit D) within 7 days of the filing of this motion.

As stated above, Tesla has an imminent need for the documents requested. Delaying Tesla's access to the information in Plaintiff's possession any longer will significantly prejudice Tesla's ability to complete expert work before the March 15 disclosure deadline. Additionally, Plaintiff has abused the discovery process by failing to respond to Tesla's discovery requests in any meaningful way for nearly half a year. Plaintiff should not be permitted to hide behind objections that the requests are premature with less than two months left before the close of discovery. Tesla communicated the concerns discussed above to Plaintiff's counsel on February 11 – the day it was finally served with Plaintiff's responses to its Requests. See Exhibit E- February 11, 2022 correspondence to Plaintiff's counsel. However, Tesla has received no reply as of the filing of this motion.

## CONCLUSION

For the reasons stated above and in accompanying Brief in Support, Defendant Tesla, Inc. respectfully requests that this Honorable Court enter an Order compelling Plaintiff to serve full and complete responses to Tesla's First Set of Interrogatories and Requests for Production within 7 days of the entry date of the Order to Compel.

## BRIEF IN SUPPORT

In support of its Motion to Compel, Tesla relies on its first sets of Interrogatories and Requests for Production to Plaintiff, Federal Rules of Procedure 26, 33, 34, and 37, and Correspondence between counsel for Tesla and Plaintiff's counsel (attached as Exhibits B and D).

9

25493951v8
25944831v1

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that Tesla made reasonable attempts to meet and confer via email on February 11, 22, and 23, 2022, but without resolution of the issues expressed herein.

Respectfully submitted,

By: /s/ Henry Salas
HENRY SALAS (815268)
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 305-350-5300
Fax: 305-373-2294
henry.salas@csklegal.com

/s/ Thomas Branigan
Thomas P. Branigan (*Pro Hac Vice*) Drew P. Branigan (*Pro Hac Vice*) BOWMAN and BROOKE LLP 41000 Woodward Avenue, Ste 200 East Bloomfield Hills, Michigan 48304 Office: 248-205-3300
Fax: 248-205-3399
tom.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

## PROOF OF SERVICE

The undersigned certifies that a copy of this document was served upon all attorneys of record in the above cause at their respective addresses disclosed on the pleadings on the 23rd day of **February 2022**, by:

☐ U.S. Mail          ☐ Hand Delivery
☐ Express Mail       ☐ Facsimile
☐ E-Correspondence   ☒ Court's e-Filing System
                        Service Only

10