UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

  Plaintiff,

v.

TESLA, INC. a/k/a TESLA FLORIDA,
INC.,

  Defendant.
_____

**PLAINTIFF'S MOTION TO STAY
PENDING THE OUTCOME OF NHTSA INVESTIGATION**

  Plaintiff Neima Benavides, by and through undersigned counsel, respectfully files this Motion to stay pending the outcome of the National Highway Traffic Safety Administration's investigation and as grounds therefor states:

  1. This complex products liability case arises from the death of 20-year-old Naibel Benavides Leon allegedly due to the failure of the autopilot system in one of Defendant's 2019 Tesla Model S vehicles.

  2. The National Highway Traffic Safety Administration is currently investigating similar failures of Tesla's autopilot system in the Model S. According to NHTSA, Tesla's autopilot system is an advanced driver assistance system ("ADAS") in "which the vehicle maintains its speed and lane centering when engaged within its operational design domain." (Exhibit 1 - NHTSA ODI resume for investigation PE21-020).

3. In the instant case, the collision happened just past the intersection of Card Sound Road and Overseas Highway in Key Largo, Florida. The driver of Defendant's car was operating the autopilot at night on Card Sound Road, travelling East toward Overseas Highway. The autopilot failed to detect a Chevrolet Tahoe (a large SUV) that was parked on the edge of Overseas Highway on the East swale directly across from the controlled "T"-intersection at end of Card Sound Road. r Even though the Chevrolet Tahoe was across a controlled intersection and directly in front of the Model S, the autopilot did not stop the Model S at the intersection and took no action to avoid the collision. Naibel Benavides was standing on the swale on the far side of her family's Tahoe and was killed in the collision.

4. NHTSA is currently investigating similar accidents involving Tesla autopilot system and the efficacy of the autopilot system as a whole. (Exhibit 1)

5. Per the "Summary Information" section of the investigation overview, NHTSA "will access the technology and methods used to monitor, assist, and enforce the driver's engagement with the dynamic driving task in autopilot operation . . . [and] will additionally assess the object and event detection and response ("OEDR') of vehicles when engaged in autopilot mode, and operational design demand in which the autopilot mode is functional." (Exhibit 1) . On the NHTSA team is Mary Cummings, Plaintiff's former expert in this case, who had to withdraw once she was tapped for the federal investigation.

6. Ostensibly, this investigation will reveal the existence, or lack thereof, of the defect in the autopilot system that led to the crash in the instant case.

7. Given the substantial disparity in resources between the Plaintiff and the Defendant and the extraordinary complexity of the technical issues involved, Plaintiff wishes to utilize the

results of NHTSA's investigation into the autopilot system in support of proving the product defect in the instant case.[1]

8.  Plaintiff is well aware of the standard time frames for the prosecution of civil matters before this Court, but would state, as good cause for this request: 1) That Florida's two-year wrongful death statute of limitations required Plaintiff to file this action at the time she did; and 2) staying this matter pending the outcome of the NHTSA investigation will save both sides hundreds of thousands of dollars in avoidable costs and save the parties and the Court tens if not hundreds of hours of time.  A stay would also advance the Court's truth-seeking function.

9.  For these reasons, and those more fully set forth below, Plaintiff therefore respectfully moves the Court to stay this matter for a limited time to allow NHTSA to conclude its investigation.

## MEMORANDUM OF LAW

This Court has previously set forth the standard applicable to a request for stay as follows:

> "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). "A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) *aff'd*, 193 F.3d 1185 (11th Cir. 1999) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).

---

[1] While the incidents precipitating this investigation consistent of crashes with stationary roadside first responder vehicles, the scope of the investigation as set forth above will necessarily produce findings relevant to the crash in this case, which is distinguishable only by the fact that parked truck of the decedent was not an emergency first responder vehicle.

*Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.* 19-CV-61365, 2020 WL 888025, at *1 (S.D. Fla. Feb. 24, 2020).

This Court further noted that, "[i]n determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." *Southpoint Condo. Ass'n, Inc.,* at *2, quoting from *Brent v. Source Interlink Distribution, LLC*, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).

Staying this case will promote judicial economy, reduce prejudice to the Plaintiff, and prevent the possibility of inconsistent resolutions. Further, a stay will not prejudice or disadvantage the Defendant, will invariably simplify the issues and streamline trial, and will reduce the burden of litigation on the parties and the court.

As a starting point, if NHTSA's investigation ultimately reaches a conclusion that there is simply no defect in the autopilot system as deployed, such a conclusion would almost certainly lead to a resolution of this case in terms highly favorable to the Defendant. It is highly unlikely that Plaintiff, with far less resources than NHTSA, would be able to establish the existence of a product defect if NHTSA itself could not.

Absent a stay, due to the massive scope of the discovery that would be necessary in this case, Plaintiff will inevitably be seeking further extensions of time to complete fact and expert discovery. Such needs would be reduced after completion of NHTSA's investigation because it will provide a roadmap and produce findings that will assist plaintiff in establishing her case, while significantly reducing the amount of independent work required to do so. Accordingly, a stay will likely reduce the need to further extend the discovery period after the stay is lifted.

As noted above, absent a stay, the Plaintiff will face the prejudice of being forced to prove, on a concurrent track with NHTSA, the defective nature of the autopilot system. Such an endeavor would be extraordinarily expensive and time consuming, and NHTSA is far better equipped to conduct the investigation than Plaintiff and her counsel.

The stay will prevent the possibility of inconsistent resolutions, at least with respect to a potential finding of no defect. As previously noted, such a finding would likely signal a quick end to this case. Conversely, absent a stay, the possibility exists that a jury here could find a defect against Tesla before NHTSA completes its investigation, thus creating a potential for an inconsistent resolution.

The stay will not prejudice the Defendant here nor create a tactical disadvantage. Defendant has the same potential to benefit from the NHTSA investigation as the Plaintiff. The only "disadvantage" that Defendant would suffer is the removal of its ability to place the *Plaintiff* at a tactical disadvantage based on the relative lack of resources and the limited amount of time available in the discovery period. As explained above, this investigation will indisputably simplify the issues. The findings will either result in the resolution of this case or create a roadmap that will reduce the amount of discovery needed in order for the Plaintiff to prove her case. For the reasons set forth above, a stay will reduce the burden of litigation on both the parties and on the Court.

In short, each factor set forth above supports staying this case pending the outcome of NHTSA's investigation of the Defendant's autopilot system.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting a stay of this case until the completion of NHTSA's investigation PE21-020.

**Local Rule 7.1(a)(3) Certification**

Pursuant to S.D.FL. Local Rule 7.1(a)(3), counsel for Plaintiff has conferred with the Defendant who opposes to the relief sought in this motion.

Respectfully submitted,

By: */s/ Douglas F. Eaton*
DOUGLAS F. EATON
FBN: 129577
**EATON & WOLK, PL**
*Co-counsel for Plaintiff*
2665 S. Bayshore Drive, Suite 609
Miami, Florida 33133
Telephone: 305-249-1640
Email: deaton@eatonwolk.com
cgarcia@eatonwolk.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed on **March 2, 2022**, using the CM/ECF filing system and served via e-mail to: **HENRY SALAS, ESQ.,** Cole, Scott & Kissane, *Attorneys for Defendant Tesla, Inc.*, 9150 S. Dadeland Blvd., Suite 1400, Miami, FL 33156; henry.salas@csklegal.com; **TODD POSES, ESQ.,** Poses & Poses, P.A., *Co-counsel for Plaintiff*, 169 E. Flagler Street, Suite 1600, Miami, FL 33130; tposes@posesandposes.com; maria@posesandposes.com; and to **DREW P. BRANIGAN, ESQ.** and **THOMAS P. BRANIGAN, ESQ.,** Bowman & Brooke, LLP., *Co-counsel for Defendant*, 41000 Woodward Avenue, Suite 200 East, Bloomfield Hills, MI 48304; drew.branigan@bowmanandbrooke.com and thomas.branigan@bowmanandbrooke.com.

By: */s/ Douglas F. Eaton*
DOUGLAS F. EATON
FBN: 129577