UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

**DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STAY PENDING THE OUTCOME OF NHTSA INVESTIGATION**

Defendant Tesla, Inc., by its undersigned counsel, responds to Plaintiff's Motion to Stay Pending the Outcome of the National Highway Traffic Safety Administration's Investigation (Dkt. 24 – the "Motion"), and for the reasons stated below, respectfully requests that this Honorable Court DENY the Motion:

1. This automotive product liability case arises out of an incident that occurred on April 25, 2019 (the "Subject Incident"). Decedent Naibel Benavides, a pedestrian, was struck and killed when non-party George McGee negligently drove his 2019 Tesla Model S (the "Subject Tesla") through a "T" intersection in Key Largo, Florida by ignoring a visible stop sign and red flashing light. Mr. McGee admitted to police he was distracted because he dropped his cell phone. He had Autopilot engaged but, due to the type of road he was on, Autopilot limited the vehicle speed to 45 mph so he was pressing the accelerator pedal to go faster—over the speed limit. Importantly, Autopilot was designed for use on the highway and would not do anything in response to traffic signs or intersections. Mr. McGee's failure to stop at the stop sign caused a high-speed collision between the Subject

1

Tesla and another vehicle that was legally parked near the intersection. As a consequence, the parked vehicle struck Ms. Benavides who was standing nearby, resulting in fatal injuries.

2. On April 22, 2021 – nearly one year ago, the Decedent's Estate ("Plaintiff") filed this case action against Tesla, Inc. Tesla denies all claims against it in this case. However, before suing Tesla, Plaintiff sued Mr. McGee alleging that his "careless and/or reckless" driving proximately caused Decedent's death.[1] A copy of Plaintiff's Complaint against Mr. McGee is attached as Ex. A. Plaintiff dismissed her case against Mr. McGee after he agreed to pay an undisclosed amount to settle it.

3. On August 13, 2021 – nearly five months after the initiation of the instant action – the National Highway Traffic Safety Administration (NHTSA) opened a "Preliminary Evaluation" related to certain crashes involving 2014-2021 Tesla models Y, X, S, and 3. *See* Ex. B- PE 21-020. The Subject Incident and the Subject Tesla are not among the incidents or vehicles identified as being part of that investigation. By the terms of the "Problem Description" in NHTSA's ODI Resume (attached to the Motion as Ex. B), the subject incident and the type of incident under investigation are substantially different. According to NHTSA, the "Problem Description" under investigation is: "Subject vehicle crashes with in-road or roadside first responders." The incident that underlies this case did not involve a crash between a Tesla and any in-road or roadside first responder or their

---

[1] In her Complaint against McGee, Plaintiff alleged that "[a]t that time and place, the Defendant, GEORGE BRIAN MCGEE, carelessly and/or recklessly operated and/or drove said motor vehicle such that the Defendant drove through the intersection of CR-905A, traversing the roadway perpendicular, CR-905, otherwise ignoring the controlling stop sign and traffic signal. The Defendant, GEORGE BRIAN MCGEE, continued eastbound, driving through a roadway traffic sign, off of the paved roadway, ultimately crashing into a Chevrolet Tahoe bearing Florida license plate number DXTRR and vehicle identification number (VIN#) 1 GNMCBE35AR246876. Said collision caused the Chevrolet Tahoe, parked off of and well beyond the paved roadway, to violently rotate and strike the decedent, NAIBEL BENAVIDES LEON, sending her approximately 75 feet into the surrounding wooded area, taking her life as a result thereof." See Ex. A - Plaintiff's Complaint Against George Brian McGee at ¶9

vehicle. Thus, the NHTSA investigation is not relevant to this case.

4. On March 2, 2022, Plaintiff filed her Motion to Stay Pending the Outcome of NHTSA Investigation (Dkt. 24).  In essence, Plaintiff contends that a Stay is necessary to promote judicial economy and conserve resources that would otherwise be expended if Plaintiff and her attorneys are required to engage in the discovery activities (including expert disclosures) necessary to prosecute their case. Plaintiff, through her Motion, suggests that a particular conclusion or finding by NHTSA (i.e., that the incidents under investigation were caused by a defect that must be remedied by a product recall) will alleviate the need for such discovery. As already stated, Tesla disagrees.  She also suggests that if NHTSA closes its investigation *without* finding a defect then there is little chance she will be able to prove one, implying but not committing that she would dismiss her case.  Since Tesla does not agree a recall finding related to dissimilar crash scenarios means there is a defect and causation in *this* case, Tesla likewise does not expect Plaintiff to abandon her claim *just because* NHTSA closes its investigation, though her concerns about the costs associated with proving defect in a complex system such as Autopilot may persuade her to do so.

5. Since filing her Complaint, Plaintiff has served no discovery on Tesla and has failed to adequately respond to discovery that was served on Plaintiff nearly six months ago, necessitating Tesla's filing a Motion to Compel – for which the Parties are currently working to set a mutually-convenient hearing date.  It has also been very difficult for the parties to schedule depositions.[2]

---

[2] Despite several efforts by Tesla, the depositions of Investigating officer Corporal Riso and George McGee (driver of the subject vehicle) took nearly seven months to schedule and complete, the latter being completed after Plaintiff filed this Motion.

6. Tesla has actively engaged in the advancement of this case by conducting investigation and attempting to engage in discovery. This includes serving Plaintiff with written discovery requests and completing depositions of key fact witnesses, including the at-fault driver. Other than coordinating discovery with Plaintiff, Tesla has encountered no issue obtaining information to advance its case by other means (e.g., subpoenas).

7. Besides the fact that the NHTSA investigation is not relevant to this case, waiting an indeterminate and open-ended amount of time for NHTSA to conclude its investigation about different incidents and vehicles will not serve the public interest or advance the interest of judicial economy in this case. From a timing standpoint, the average length of a NHTSA Preliminary Evaluation is several months (or more) which would go well beyond the period of time set aside for discovery and the trial date set by the Court's current scheduling order (Dkt. 19); *see also*, Ex. C NATIONAL HIGHWAY TRANSPORTATION SAFETY ADMINISTRATION, WORKFORCE ASSESSMENT: THE FUTURE OF NHTSA'S DEFECTS INVESTIGATIONS (2015) at pg. 42[3]. Additionally, this investigation is at the Preliminary Evaluation stage, and – even if NHTSA found a problem – it could escalate its evaluation to an "Engineering Analysis" requiring further research and investigation before ultimately making a recall determination. Ultimately, irrespective of when NHTSA concludes its investigation, it is unlikely that NHTSA's conclusions or findings, if any, would be binding on or admissible in this matter.

8. This stay will also unfairly prejudice Tesla's ability to conduct discovery and to bring this case to a timely conclusion. Tesla has endeavored to timely schedule depositions of key

---

[3] By way of example, on January 13, 2020, NHTSA opened an investigation into Tesla vehicles related to claims of "unintended acceleration" (DP 20-001); NHTSA closed the investigation a week shy of *one year* later, finding "no evidence of fault" and "no evidence of a design factor" at issue in these claims. (Ex. D- NHTSA Memo Closing DP 20-001).

witnesses in this case to comply with the extant Scheduling Order, including the driver of the Subject Vehicle, which was finally taken on March 15, 2022 despite having to be rescheduled multiple times Entering a stay in this case will disrupt Tesla's ongoing attempts to obtain necessary information including the technical basis for Plaintiff's product liability claims against Tesla, and it puts fact witnesses' ability to recall facts surrounding the incident at risk due to the passage of time.

## MEMORANDUM OF LAW

A party requesting the stay of an action bears the burden of establishing that the following factors balance in its favor. (1) the likelihood that the moving party will ultimately prevail on the merits; (2) the extent the moving party would be irreparably harmed; (3) the potential harm to the opposing party if the stay is issued; and (4) whether issuing a stay would be in the public interest. *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). Generally speaking, the first factor is the most important. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). Nevertheless, the moving party must also show either "a clear case of hardship or inequity" if a case proceeds, or little possibility that the stay will harm others. *Dunn v. Air Line Pilots Ass'n* 836 F.Supp 1574, 1584 (S.D. Fla. 1993).

In determining whether a stay serves the public interest, the 11th Circuit and Southern District of Florida consider whether the stay will promote judicial economy, reduce confusion, or prejudice, prevent possibility of inconsistent resolutions, unduly prejudice or tactically disadvantage the non-moving party, simplify issues, streamline the trial, or reduce the burden of litigation on the parties and the court. *See Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984); *see also Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.* 19-CV-61365, 2020 WL 888025,*2 (S.D. Fla. Feb. 24,). The record in this case makes

clear that Plaintiff and her Motion have not established that any of the factors have been met and that a stay is not appropriate here. The Motion should be denied.

### A. A Stay in this Case will not Promote Judicial Economy, Reduce Prejudice, or Reduce the Burden of Litigation on the Parties or the Court.

Plaintiff has the tools necessary to obtain information related to her claims through the discovery process regardless of a NHTSA investigation. For example, Plaintiff has already identified two technical experts in this case.[4] Plaintiff alleges in her Complaint that the Subject Tesla– which was designed and manufactured by Tesla – has both a design and manufacturing defects. While Tesla in not encouraging Plaintiff to serve it with discovery, Tesla – not NHTSA – is the best source of information about the Subject Vehicle. Yet, Plaintiff has not served a single discovery request in this case, and has made Tesla's discovery attempts difficult by – among other things – failing to timely and completely respond to discovery requests about the basis for her product liability claims.[5]

Tesla – the party without the burden of proof – has taken the initiative to advance discovery in this case. Other than delays caused by Plaintiff, Tesla has been able to obtain a significant amount of information, conduct investigation of the scene and subject vehicle, and competently prepare its experts to develop theories on the causation of the Subject Incident. The only thing that has prevented Plaintiff and Plaintiff's counsel from doing the same is their own inaction.

### B. A Stay will not Simplify the Issues or Streamline the Trial.

As indicated above, NHTSA opened a Preliminary Evaluation (investigation) of certain crashes involving 2014-2021 Tesla models Y, X, S, and 3. *See* Plaintiff's Motion at Ex. B-

---

[4] In response to Tesla's initial Interrogatories, Plaintiff John D. Lee and Andres I Navarro, P.E. as experts retained by her or Plaintiff's Counsel to support Plaintiff's defect claims.
[5] Plaintiff's inadequate responses are the subject of Tesla's pending Motion to Compel Discovery, which the Parties are currently working to set for hearing on a mutually agreeable date.

25989480v9

NHTSA PE 21-020.  The Subject Incident is not part of this investigation.  And for good reason: Mere minutes after the crash that gives rise to this case, Mr. McGee admitted to Police at the scene that he caused the crash because he was distracted by his cell phone that he bent over to pick up and as a result he failed to stop for a red flashing light and stop sign at the "T" intersection where the crash occurred. Ex. E is a transcript of Mr. McGee's admission to Police recorded by a Police body camera. Thus, this is already a "simple" case and waiting for NHTSA to complete an unrelated investigation involving crash events and vehicles not involved and not relevant to this case will not simply or streamline issues for trial.

Moreover, to the extent NHTSA were to conclude that the vehicles under its investigation are "defective," such a finding would not be relevant to the issues in this case and NHTSA's findings, whatever they might be, may be inadmissible to support a finding of a defect in this case. *See In re 3M Combat Arms Earplug Products Liability Litigation* 2021 WL 848074 at*2 (N.D. Fla. 2021) (holding that reports and evaluations by federal agencies are not admissible under the public record exception to Federal Rule of Evidence 803(8) where they are not "final factual findings"); *see also Smith v. Isuzu Motors*, 137 F. 3d 859, 862-63 (5th Cir. 1998) (preliminary memoranda prepared by NHTSA employees are not public records under Federal Rule of Evidence 803(8)).  And, as this Court knows, NHTSA's conclusions may be the subject of litigation between NHTSA and Tesla meaning that staying this case to wait for NHTSA's investigation and any related litigation to end could inject an undefined and unnecessary period of delay into this case.

### C. A Stay will not Reduce Confusion or Prevent the Possibility of Inconsistent Resolutions.

Contrary to the suggestions in Plaintiff's Motion, the initiation of a Preliminary Evaluation by NHTSA does not always lead to the determination that a "defect" does or does not exist.  If

NHTSA's Preliminary Evaluation were to support a "finding of an unreasonable risk to motor vehicle safety," it could subsequently escalate the investigation to the "Engineering Analysis" phase before making a recall recommendation to the manufacturer. *See* Ex. F- NATIONAL HIGHWAY TRANSPORTATION SAFETY ADMINISTRATION RISK-BASED PROCESSES FOR SAFETY DEFECT ANALYSIS AND MANAGEMENT OF RECALLS (2020) at pg. 10. Assuming NHTSA spent the average seven months-time on its Preliminary Evaluation that could be followed by additional time spent on an "Engineering Analysis" or any other subsequent steps taken. Yet, regardless of the outcome, NHTSA's investigation will not necessarily provide conclusory evidence to the benefit of either party.

Even if NHTSA reached the final stage of its investigation and determined that a recall recommendation was appropriate, Tesla has the right to disagree with NHTSA's assessment and to pursue litigation over NHTSA's findings and recommendations.

**D. The Entry of a Stay will Unduly Prejudice the Advancement of Tesla's Case.**

Since this case was filed, Tesla has actively attempted to conduct and complete discovery including depositions of key scene witnesses and Plaintiff Decedent's surviving family and technical discovery about Plaintiff's defect claims. However –only two depositions have been taken due to multiple cancellations and the need to reschedule. Entering a stay in this case will not remedy the discovery issues that have occurred in this case thus far. Rather, a stay will serve to disrupt or stall Tesla's ongoing attempts to secure this discovery and jeopardize the ability of fact witnesses to recall facts surrounding the incident. In the Motion, Plaintiff claims: "Absent a stay, due to the massive scope of the discovery that would be necessary in this case, Plaintiff will inevitably be seeking further extensions of time to complete fact and expert discovery. Such needs would be reduced after completion of NHTSA's investigation because it will provide a roadmap

and produce findings that will assist plaintiff in establishing her case, while significantly reducing the amount of independent work required to do so." (Dkt. 24 at p. 4). However, Plaintiff offers no support for her claim that NHTSA's investigation "…will provide a roadmap and produce findings that will assist plaintiff in establishing her case, while significantly reducing the amount of independent work required to do so." Instead, NHTSA's ODI Resume for the investigation attached to Plaintiff's Motion undercuts Plaintiff's claim as it makes clear that the incidents under investigation (crashes between Tesla and First Responder vehicles) are substantially different from the subject incident. Therefore, the imposition of a stay will unduly prejudice Tesla' ability to promptly absolve itself of Plaintiff's allegations. But the absence of a stay will not "irreparably harm" Plaintiff. Instead, Plaintiff will be required to do what any Plaintiff must do: Conduct discovery, prove her case or dismiss this case.

### E. Plaintiff has Failed to Demonstrate Likelihood of Success on the Merits

After first blaming the subject incident on the "careless and or reckless" driving of Mr. McGee, Plaintiff now alleges that the Subject Incident (and consequently Plaintiff's Decedent's death) occurred because of a defect in the Subject Tesla. However, Plaintiff has failed to produce any evidence that the Subject Tesla contained a defect and has failed to adequately respond to Tesla's discovery inquiring about the basis for her defect allegations. Mr. McGee admitted his negligence as the cause of the subject crash before leaving the crash scene. Thus, there is nothing on the record before this Court to suggest a "likelihood" that Plaintiff will be successful on the merits of her product defect claim against Tesla. In contrast, Tesla can demonstrate with data from the subject vehicle that the "Autopilot" features Plaintiff claims are defective were not even engaged at the time of the Subject Incident. Furthermore, by Mr. McGee's own admissions to Florida Highway Patrol – the accident was caused because he dropped his cell phone and took his

9

focus off the road. *See* Ex. G- Deposition of Corporal Riso at pg 67 ln 17-24. Therefore, there is no basis to believe that Plaintiff is likely to succeed on her product defect claims or that entering a stay while NHTSA completes an unrelated investigation about unrelated incidents that are not relevant to Plaintiff's claims will somehow improve Plaintiff's case.

## CONCLUSION

WHEREFORE, Defendant Tesla, Inc. respectfully requests that this Court enter an Order denying Plaintiff's Motion to Stay Pending the Outcome of the National Highway Traffic Safety Administration's Investigation.

Respectfully submitted,

By: _/s/ Thomas P. Branigan_____
THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
BOWMAN AND BROOKE LLP
*Attorneys for Defendant TESLA, Inc.*
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

and

HENRY SALAS (815268)
COLE SCOTT & KISSANE
*Attorneys for Defendant TESLA, Inc.*
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 305-350-5300
Fax: 305-373-2294
henry.salas@csklegal.com

***Attorneys for Defendant TESLA, Inc.***

25989480v9

**CERTIFICATE OF SERVICE**

I certify that on April 5th, 2022 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and forwarded a copy of such filing, via 1st class mail, to the following:

Todd Poses, Esquire
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street Suite 1600
Miami, Florida 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com
FBN: 0075922

        Respectfully submitted,

By:   /s/ Henry Salas
HENRY SALAS (815268)
COLE SCOTT & KISSANE
*Attorneys for Defendant TESLA, Inc.*
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 305-350-5300
Fax: 305-373-2294
henry.salas@csklegal.com

and

THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
BOWMAN AND BROOKE LLP
*Attorneys for Defendant TESLA, Inc.*
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

*Attorneys for Defendant TESLA, Inc.*

25989480v9