UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

    Plaintiff,

v.

TESLA, INC. a/k/a TESLA FLORIDA,
INC.,

    Defendant.

_____

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO STAY
PENDING THE OUTCOME OF NHTSA INVESTIGATION**

    Plaintiff, Neima Benavides, by and through undersigned counsel, respectfully files this Reply to Defendant's Response to Plaintiff's Motion to Stay pending the outcome of the National Highway Traffic Safety Administration's investigation and as grounds therefor states:

    1.    Tesla's primary argument is that because the NHTSA investigation is related to crashes with first responder vehicles, it is not relevant to the issues in this case. This is incorrect. As noted in our motion, while these collisions were the precipitating factor for the investigation, the investigation is broad enough to cover the issues in this case. Specifically, the investigation "will access the technology and methods used to monitor, assist, and enforce the driver's engagement with the dynamic driving task in autopilot operation. . . [and] will additionally assess the object and event detection and response ("OEDR') of vehicles when engaged in autopilot

mode, and operational design demand in which the autopilot mode is functional." (Exhibit 1 to DE 24)

2. Among the issues in this case include Tesla's decision to use a camera system to detect objects in the path of travel as opposed to a LIDAR system. The camera system is "object and event detection and response" referenced in the investigation summary. The camera system's ability to detect parked vehicles in the path of travel, whether they are emergency vehicle or otherwise, will be interrogated in the NHTSA investigation.

3. In the instant case, the Tesla's object and event detection and response system failed to detect a large Chevy Tahoe parked sideways directly in the car's path of travel. This same system also failed in detecting road traffic control signage directly in its path. The Tesla drove directly through those same road signs and into the Tahoe without once warning the driver nor applying the breaks automatically as advertised. It has been alleged and we believe in good faith that the camera system works poorly or not at all in dark places and on roads that are not divided highways. The NHTSA investigation into the camera system will address these same failures. It was the driver's testimony that he believed the car was equipped to detect objects like the Tahoe and road signs in his path, and he relied on the system to his obvious detriment.

4. As noted in our motion, Dr. Mary Cummings, is heading the NHTSA investigation. The plaintiff, prior to retaining Dr. John Lee as an expert, recognized Dr. Cummings as the preeminent expert in the field and briefly consulted with her office before she was ultimately appointed to investigate on behalf of the Government. Cummings previously has published studies regarding the camera system and has found flaws in the output it produces and ultimately relies on. Based on her publication history, we believe the investigation will be able to definitively establish, one way or the other, whether Tesla's OEDR system is defectively designed. Contrary

to the Defendant's suggestion, it doesn't matter whether the investigation produces admissible evidence. At a minimum, it will generate results that can be relied on as a basis for expert opinion.

5. Tesla has alleged difficulty in scheduling depositions. Plaintiff disputes this allegation. The depositions of all fact witnesses have been taken or are scheduled, to wit: George McGee, Tesla driver, Corporal Dave Risso, homicide investigator and Personal Representative of the Estate Neima Benavides scheduled for April 28, 2022. All other witnesses in this matter will be experts specializing in engineering and/or human factors.

6. The only allegations of prejudice Tesla has raised are disruption of its "attempts to obtain necessary information including the technical basis for Plaintiff's product liability claims against Tesla" and the potential that "witnesses' ability to recall facts surrounding the incident [are] at risk due to the passage of time. The first claim of prejudice is the basis for Plaintiff's claim of prejudice, and the basis for the request for a stay. Plaintiff would be prejudiced from having to independently establish the nature of the product defect when NHTSA is far better equipped to do so and is examining the very camera system both the Tesla Driver McGee and the plaintiffs allege is defective. As for the second basis, it is not an issue. The known fact witnesses in this case have been deposed or are scheduled per #5 above.

7. It is noteworthy that Tesla's motion did not suggest that it would be *unduly* prejudiced or tactically disadvantaged by a stay, which is the standard the Court applies. Further, while Tesla disputed that the NHTSA investigation would simplify the issues and streamline trial and reduce the burden of litigation on the parties and on the court, it did so based on a narrow reading of the scope of the investigation. Tesla focused only on the nature of the accidents that precipitated the investigation, not the scope of the investigation that is currently occurring.

POSES LAW GROUP, ATTORNEYS AT LAW, SUITE 1600, ALFRED I. DUPONT BUILDING, 169 EAST FLAGLER ST., MIAMI, FLORIDA 33131 • TEL. (305) 577-0200

8.      Tesla implicitly acknowledges the difficult choice the Plaintiff faced that precipitated this request for relief. Tesla writes that the Plaintiff should "be required to do what any Plaintiff must do: Conduct discovery, prove her case or dismiss this case." (DE 35 at 9) Again, Florida's two-year wrongful death statute of limitations required Plaintiff to file this action at the time she did. Proving the case will be far easier and far less costly once NHTSA has established a roadmap. Tesla would prefer to force the Plaintiff to choose between funding the proof necessary to establish liability on her own, at great expense, or dropping the case. There is a far better option, one that will not prejudice either party and will advance Florida's interests in deciding cases on their merits, rather than on the relative financial resources of the parties – stay the case pending the completion of the NHTSA investigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting a stay of this case until the completion of NHTSA's investigation PE21-020.

Respectfully submitted,

By: _____
TODD POSES, ESQ.
FBN: 0075922
**POSES LAW GROUP, P.A.**
*Co-counsel for Plaintiff*
169 E. Flagler Street, Suite 1600
Miami, Florida 33133
Telephone: 305-577-0200
Email: tposes@poseslawgroup.com
          maria@poseslawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on <u>**April 11, 2022**</u>, using the CM/ECF filing system and served via e-mail to: **HENRY SALAS, ESQ.,** Cole, Scott & Kissane, *Attorneys for Defendant Tesla, Inc.*, 9150 S. Dadeland Blvd., Suite 1400, Miami, FL 33156; henry.salas@csklegal.com; **DOUGLAS EATON, ESQ.,** Eaton & Wolk, P.L., *Co-counsel for Plaintiff*, 169 E. Flagler Street, Suite 1600, Miami, FL 33130; deaton@eatonwolk.com; cgarcia@eatonwolk.com; and to **DREW P. BRANIGAN, ESQ.** and **THOMAS P. BRANIGAN, ESQ.,** Bowman & Brooke, LLP., *Co-counsel for Defendant*, 41000 Woodward Avenue, Suite 200 East, Bloomfield Hills, MI 48304; drew.branigan@bowmanandbrooke.com and thomas.branigan@bowmanandbrooke.com.

By: _____
TODD POSES, ESQ.
FBN: 0075922