# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA (MIAMI)**

**Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a. Tesla Florida, Inc.,

      Defendant.
_____/

**TESLA's SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 Defendant, Tesla, Inc., a/k/a Tesla Florida, Inc. ("Tesla"), by and through its undersigned counsel, serves the following Second Set of Requests for Production under Fed. R. Civ. P. upon Plaintiff, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, to be responded to in writing under oath within thirty (30) days from the date of service.

These Requests are continuing, and Plaintiff is requested to amend or supplement her Responses as additional information and documents become available to her.

**INSTRUCTIONS**

1. Unless otherwise agreed, all of the documents to be produced shall be produced in their original form and in the form that they are maintained in the ordinary course of business and/or Your personal record keeping practices.

2. If any document herein requested was formerly in Your possession, custody or control, and has been lost or destroyed, You are requested to submit in lieu of each document a statement which:

      a.    Describes in detail the nature of the document and its contents.

      b.    Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent.

      c.    Specifies the date on which the document was prepared or transmitted or both.

      d.    Specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

3.    Where all or part of the documents called for are kept or used in one or more computerized or other similar automatic data processing systems, please produce the documents relating to such system including the "hard" or "floppy" disk containing such documents, card, tape, flash driver or disk layouts, system flow charts, all copies of all source documents form which data is obtained for use in each such system, all copies of all reports or printouts produced by each such system and all user manuals relating to each such system.

4.    If any documents requested are claimed to be privileged, list the following information for each document:

      a.    A brief description of the nature and contents of the document claimed to be privileged and its date.

      b.    The name, occupation and capacity of the document's author and the name, occupation and capacity of the individuals to whom the alleged privileged matter was disseminated, if any.

      c.    The privilege claimed.

## **DEFINITIONS**

As used herein,

A.    The term "Complaint" or "this case" refers to Plaintiff's Complaint filed in the above-referenced action, filed in the United States District Court for the Southern District of Florida, Civil Case No. 21-cv-21940.

  B.  The term "Subject Accident" or "Subject Incident" means the April 25, 2019 incident which is the subject matter of this lawsuit and which is described in the Complaint.

  C.  The term "Plaintiff" or "You" or "Your" means Plaintiff Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, her agents and representatives, including attorneys, experts, and investigators retained by or on behalf of Plaintiff.

  D.  The term "Decedent" means Decedent Naibel Benavides, her agents and representatives.

  E.  The term "Subject Vehicle" or "Vehicle" means the 2019 Tesla Model S, VIN: 5YJSA1E24KF302997, alleged in the Complaint to be defective.

  F.  The term "person" refers to a natural person, a corporation, partnership, other business entity or association, or any government or governmental body, commission, board, or agency.

  G.  The term "document" refers to every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including, but not limited to, any written, typed, printed, punched, filmed, marked, or graphic matter, correspondence or memorandum (internal or otherwise), electronic mail, drawing, graph, chart, tape, wire, film, photograph, movie, disk, drum, cassette, computer datum, punch datum or other data computation, however stored, produced, or reproduced, and all copies or transcriptions of the foregoing by whatever means made.

  H.  The term "communication" means the transmittal of information by any means.

<b><u>REQUESTS FOR PRODUCTION</u></b>

  1.  Produce all documents You have to support Your claim that the Subject Vehicle was designed "to recognize an upcoming intersection, road signs, traffic signal" as referenced in

25853359v3

Your Response to Interrogatory No. 20 of Defendant's First Set of Interrogatories to Plaintiff served on December 20, 2021.

**RESPONSE:**

2. Produce copies of any advertisements, promotions, representations, documents, videos, public statements, social media posts web site pages or "YouTube" video/content on and to which You are relying or referring by Your statement: "Further, both the advertising and public relations of Auto Pilot generally and specifically to George Brian McGee contributed to the subject accident" as referenced in Your Response to Interrogatory No. 20 of Defendant's First Set of Interrogatories to Plaintiff served on December 20, 2021.

**RESPONSE:**

3. Produce copies of any advertisements, promotions, representations, documents, videos, public statements, social media posts, web site pages, or "YouTube" vide/content on and to which You are relying or referring by this statement: "Further, the Tesla driver, George Brian McGee, has stated the same," (referring to the vehicle's alleged failure to "recognize an upcoming intersection, road signs, traffic signal nor the motor vehicle directly in its path") as referenced in Your Response to Interrogatory No. 20 of Defendant's First Set of Interrogatories to Plaintiff served on December 20, 2021.

**RESPONSE:**

25853359v3

4. Produce all documents You have to support Your claim that the "Auto Pilot collision avoidance cameras and system failed" as referenced in Your Response to Interrogatory No. 21 of Defendant's First Set of Interrogatories to Plaintiff served on December 20, 2021.

**RESPONSE:**

5. Produce all information and documents You have about any alternative design vehicle or alternative design components for an automotive driver assistance feature or technology available for sale as of the date of the Subject Accident that You claim is capable of "recognizing an upcoming intersection, road signs, traffic signal."

**RESPONSE:**

6. If your response to Request for Admission 1 was anything other than an admission, please produce all documents that you rely on in your response or that support your response.

**RESPONSE:**

7. If your response to Request for Admission 2 was anything other than an admission, please produce all documents that you rely on in your response or that support your response.

**RESPONSE:**

8.     If your response to Request for Admission 3 was anything other than an admission, please produce all documents that you rely on in your response or that support your response.

**RESPONSE:**

9.     If your response to Request for Admission 4 was anything other than an admission, please produce all documents that you rely on in your response or that support your response.

**RESPONSE:**

Respectfully Submitted,

BOWMAN AND BROOKE LLP

/s/ *Thomas Branigan*
Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, Michigan 48304
Tel: (248) 201-3300
Fax: (248) 205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

*and*

25853359v3

COLE, SCOTT & KISSANE, P.A.

<u>/s/ *Henry Salas*</u>
Henry Salas
FBN: 815268
9150 South Dadeland Boulevard
Dadeland Centre II – Suite 1400
Miami, Florida 33156
Tel: (786) 268-6419
Fax: (305) 373-2294
henry.salas@csklegal.com

# **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 15th day of February 2022, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:

Todd Poses, Esq.,
Poses & Poses, P.A.
169 E. Flagler Street
Suite 1600
Miami, Florida 33131
tposes@posesandposes.com
maria@posesandposes.com

Attorneys for Plaintiff

                                                        /s/ *Henry Salas*
                                                        Henry Salas
                                                        FBN: 815268