UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

  Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

  Defendant.
_____/

DILLON ANGULO,        Case 1:22-22607-KMM

  Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

  Defendant.
_____/

## TESLA, INC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Tesla, Inc. [incorrectly identified as "a/k/a Tesla Florida, Inc."] ("Tesla"), through it Counsel Cole, Scott & Kissane and Bowman and Brooke LLP, for its Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand states as follows:

1

26808745v1

## JURISDICTION, VENUE AND PARTIES

1. Tesla admits only that Plaintiff's Complaint alleges an amount in controversy over $75,000. Tesla neither admits nor denies the remaining allegations contained in Paragraph 1 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

2. Tesla neither admits nor denies the allegations contained in Paragraph 2 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

3. Tesla admits only that at the time of the incident giving rise to this action and at the time this action was commenced, it was and still is a corporation organized under the laws of Delaware with its principal place of business in Texas, and is not organized under the laws of the State of Florida. Tesla further admits that it is authorized to do business in the State of Florida.

4. Tesla admits only that it maintains a registered agent in Miami-Dade County, Florida, and owns and operates dealerships for the sale of Tesla brand vehicles in Miami-Dade County, Florida. Tesla neither admits nor denies the remaining allegations contained in Paragraph 4 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

5. Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting and manufacturing, in part, Tesla motor vehicles, and distributing, selling and servicing said motor vehicles in various regions, including

26808745v1

the State of Florida. Tesla further admits it designed, tested, inspected and manufactured, in part, a 2019 Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle), and that the Subject Vehicle was originally sold in the State of Florida. Tesla denies the remaining allegations in Paragraph 5 because they call for a legal conclusion in response to which no response is required.

6. The allegations contained in Paragraph 6 – in part – call for legal conclusions for which Tesla is not required to respond. To the extent a response is required, Tesla admits only that Plaintiff's Complaint alleges an amount in controversy over $75,000 and that other requirements to invoke this Court Diversity Jurisdiction have been met. Tesla neither admits nor denies the remaining allegations contained in Paragraph 6 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

## FACTS COMMON TO ALL CLAIMS

7. Tesla admits the allegations contained in Paragraph 7.

8. Tesla admits only that the Subject Vehicle was equipped with the Autopilot suite of advanced driver-assist systems and when used properly and as intended they provide assistance to the driver in operating the vehicle.

9. Tesla admits only that the Subject Vehicle was installed with a version of Tesla's Autopilot suite of advanced driver assistance systems, which included "Autosteer," automatic emergency braking and forward collision warning.

10. Tesla neither admits nor denies the allegations contained in Paragraph 10 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

11. Tesla admits the allegations contained in Paragraph 11.

12. Tesla admits the allegations contained in Paragraph 12 as true.

13. Tesla admits the allegations contained in Paragraph 13 as true.

14. Tesla neither admits nor denies the allegations contained in Paragraph 14 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

15. Tesla denies the allegations in Paragraph 15 because they are untrue.

16. Tesla neither admits nor denies the remaining allegations contained in Paragraph 16 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

17. Tesla neither admits nor denies the allegations contained in Paragraph 17 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

18. Tesla denies the allegations in Paragraph 18 because they are untrue.

19. Tesla denies the allegations in Paragraph 19 as written.

## COUNT 1 - STRICT PRODUCTS LIABILITY

### (Negligent design)

20. Tesla restates and incorporates by reference its responses to Paragraphs

1 through 19 of Plaintiffs' Complaint as if fully set forth herein.

21. Tesla admits only that it has been engaged in the business of designing, testing, inspecting and manufacturing, in part, Tesla motor vehicles, and distributing, selling and servicing said motor vehicles in various regions, including the State of Florida. Tesla further admits it designed, tested, inspected and manufactured, in part, a 2019 Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle), and that the Subject Vehicle was originally sold in the State of Florida. Tesla further admits that the only warranty it made with respect to the Subject Vehicle is the express warranty that accompanied the sale of the vehicle.

22. Tesla denies the allegations in Paragraph 22 because they are untrue.

23. Tesla denies the allegations in Paragraph 23 because they are untrue.

24. Tesla denies the allegations in Paragraph 24 because they are untrue.

25. Tesla denies the allegations in Paragraph 25 because they are untrue.

26. Tesla denies the allegations in Paragraph 26, including all subparts because they are untrue.

27. Tesla denies the allegations in Paragraph 27 because they are untrue.

28. Tesla denies the allegations in Paragraph 28 because they are untrue.

29. Tesla denies the allegations in Paragraph 29 because they are untrue.

30. Tesla denies the allegations in Paragraph 30 because they are untrue.

31. Tesla denies the allegations in Paragraph 31 because they are untrue.

32. Tesla denies the allegations in Paragraph 32 because they are untrue.

33. Tesla specifically denies that the subject vehicle was defective, and denies that the design of the subject vehicle caused Plaintiff's injuries. Tesla neither admits nor denies the remaining allegations contained in Paragraph 11 regarding the extent of Plaintiff's injuries for the reason that it is without sufficient information to form a belief about the truth of those allegations.

WHEREFORE Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## COUNT 2 - STRICT PRODUCTS LIABILITY

### (Failure to Warn)

34. Tesla restates and incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiffs' Complaint as if fully set forth herein.

35. Tesla admits only that it is and has been engaged in the business of designing, inspecting, assembling, fabricating and manufacturing in part, distributing, advertising, leasing, retailing, and selling motor vehicles with certain express but limited warranties and certain of those vehicles are equipped with driver assistance systems including as system known as "Autopilot." Tesla further states that certain Model S vehicles are equipped with Autopilot, including the Subject Vehicle. Tesla Denies the remaining allegations in Paragraph 35 because they are untrue.

36. Tesla denies the allegations in Paragraph 36 because they are untrue.

37. Tesla denies the allegations in Paragraph 37 because they are untrue

38. Tesla denies the allegations in Paragraph 38 because they are untrue.

39. Tesla denies the allegations in Paragraph 39 because they are untrue.

40. Tesla neither admits nor denies the allegations contained in Paragraph 40 regarding the extent of Plaintiff's injuries for the reason that it is without sufficient information to form a belief about the truth of those allegations. Tesla denies the remaining allegations in Paragraph 40 because they are untrue.

WHEREFORE Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## COUNT 3 - STRICT PRODUCTS LIABILITY

### (Negligent Manufacture)

41. Tesla restates and incorporates by reference its responses to Paragraphs 1 through 40 of Plaintiffs' Complaint as if fully set forth herein.

42. Tesla admits only that it is and has been engaged in the business of designing, inspecting, assembling, fabricating and manufacturing in part, distributing, advertising, leasing, retailing, and selling motor vehicles with certain express but limited warranties and certain of those vehicles are equipped with driver assistance systems including as system known as "Autopilot." Tesla further states

7

that certain Model S vehicles are equipped with Autopilot, including the Subject Vehicle.  Tesla denies the remaining allegations in Paragraph 42 because they are untrue.

43. Tesla denies the allegations in Paragraph 43, including all subparts, because they are untrue.

44. Tesla denies the allegations in Paragraph 44 because they are untrue.

45. Tesla neither admits nor denies the remaining allegations contained in Paragraph 45 regarding the extent of Plaintiff's injuries for the reason that it is without sufficient information to form a belief about the truth of those allegations. Tesla denies the remaining allegations because they are untrue.

WHEREFORE Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## COUNT 4 - NEGLIGENT MISREPRESENTATION

46. Tesla restates and incorporates by reference its responses to Paragraphs 1 through 45 of Plaintiffs' Complaint as if fully set forth herein.

47. Tesla admits only that it is and has been engaged in the business of designing, inspecting, assembling, fabricating and manufacturing in part, distributing, advertising, leasing, retailing, and selling motor vehicles with certain express but limited warranties and certain of those vehicles are equipped with driver

8

assistance systems including as system known as "Autopilot." Tesla further states that certain Model S vehicles are equipped with Autopilot, including the Subject Vehicle.

48. The allegations contained in Paragraph 48 call for legal conclusions for which Tesla is not required to respond.

49. Tesla denies the allegations in Paragraph 49 because they are untrue.

50. Tesla denies the allegations in Paragraph 50 because they are untrue.

51. Tesla denies the allegations in Paragraph 51 because they are untrue.

52. Tesla denies the allegations in Paragraph 52 because they are untrue.

53. Tesla denies the allegations in Paragraph 53 because they are untrue.

54. Tesla denies the allegations in Paragraph 54 because they are untrue.

55. Tesla denies the allegations in Paragraph 55 because they are untrue.

56. Tesla neither admits nor denies the allegations contained in Paragraph 56 regarding the extent of Plaintiff's injuries for the reason that it is without sufficient information to form a belief about the truth of those allegations. Tesla denies the remaining allegations in Paragraph 56 because they are untrue.

WHEREFORE Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

Tesla has not yet had the opportunity to complete its discovery or investigation of this matter and, therefore, relies upon the following defenses which may prove applicable after discovery or at trial:

1. As its first affirmative defense, Tesla alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted and Tesla hereby moves for dismissal of Plaintiff Complaint as a matter of law.

2. As a further affirmative defense, Tesla alleges that Plaintiff's alleged damages, if any, may have been caused, in whole or in part, by Plaintiff's own negligent acts and/or omissions and, therefore, Plaintiff is barred from recovery or, alternatively, Plaintiff's recovery should be reduced by any allocation of fault or responsibility to Plaintiff's decedent.

3. As a further affirmative defense, Tesla alleges that Plaintiff lacks standing to assert his failure to warn claim and misrepresentation claims, as alleged in Counts 2 and 4 of Plaintiff's Complaint.

4. As a further affirmative defense, Tesla alleges that the subject accident alleged by Plaintiff and the death of Plaintiff's decedent, was caused, in whole or in part, by the negligent acts and/or omissions of a third party or parties over whom Tesla had neither control, nor the right to control, including George McGee, and, therefore, Plaintiff is barred from recovery or, alternatively, are barred from full recovery from Tesla.

5. As a further affirmative defense, Tesla alleges that the alleged accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, persons, or employers, pursuant to the Florida Supreme Court decision

26808745v1

of *Fabre v. Marin*, 623 So. 2d 1182

(Fla. 1993). In compliance with *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Tesla identifies the following persons as party and non-party tortfeasors in this case: (1) George McGee; and (2) other currently unidentified parties, persons, firms, or corporations over whom Tesla had no control or duty to control, and for whose actions Tesla cannot be held responsible or legally liable. Tesla reserves the right to amend this affirmative defense to identify any additional individuals or entities responsible, in whole or in part, for the Plaintiff's damages as they are revealed through investigation and discovery in this case.

6. As a further affirmative defense, Tesla alleges that the subject alleged accident and the death of Plaintiff's decedent may have been caused, in whole or in part, by one or more intervening and/or superseding causes and, therefore, Plaintiff is barred from recovery or, alternatively, are barred from full recovery.

7. As a further affirmative defense, Tesla asserts that the subject alleged accident and Plaintiff's Complaint are governed by the Tort Reform and Insurance Act of 2006, which, among other things, addresses joint and several liability (or the abolition thereof) and nonduplication of collateral source benefits. Tesla affirmatively pleads all of the defenses and rights available to it under said Act.

8. As a further affirmative defense, Tesla alleges that the loss alleged resulted from the abuse, misuse, or alteration of the Subject Vehicle in question and, hence, the Plaintiff may not recover.

9. As a further affirmative defense, Tesla alleges that the Subject Vehicle was manufactured in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations and, hence, the Plaintiff may not recover. Tesla further

contends that pursuant to Florida Statute §768.1256, there is a rebuttable presumption that the Subject Vehicle was not defective.

10. As a further affirmative defense, Tesla alleges that the Subject Vehicle was not unreasonably dangerous, defective, or unsafe, since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture. Tesla specifically pleads and asserts the state-of-the-art defense pursuant to Florida Statute §768.1257.

11. As a further affirmative defense, Tesla alleges that the Subject Vehicle is not defective or unreasonably dangerous.

12. As a further affirmative defense, Tesla alleges that it may have been prejudiced in its defense to the extent that evidence relevant to this case may have been destroyed or altered by others.

13. As a further affirmative defense, Tesla alleges that Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

14. As a further affirmative defense, Tesla alleges that it is entitled to a set-off for all settlements and compensation that the Plaintiff has received, or may receive, as a result of the death of Plaintiff's decedent.

15. As a further affirmative defense, Tesla alleges that it is entitled to, and claims benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of Florida.

16. As a further affirmative defense, Tesla alleges that Plaintiff's claims may be barred by the applicable statute of repose.

17. As a further affirmative defense, Tesla alleges that Plaintiff has not properly identified and separated its claims pursuant to Florida Rule of Civil Procedure 1.110(f). As a further affirmative defense, Tesla alleges that Plaintiff has not established that this Court has personal jurisdiction over TESLA and therefore objects to this Court's attempt to exercise personal jurisdiction over Tesla.

18. Tesla reserves the right to amend or supplement these Affirmative Defenses as discovery and investigation continues and throughout trial.

## RELIANCE ON PLAINTIFF'S DEMAND FOR JURY TRIAL

Tesla hereby relies on Plaintiff's demand for trial by Jury on all issues so triable.

Date:  _September 21, 2022__

Respectfully submitted,

By:  _/s/ Henry Salas_____
HENRY SALAS (815268)
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 786-268-6419
Fax: 305-373-2294
henry.salas@csklegal.com

- and –

THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*

26808745v1

        DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
        BOWMAN AND BROOKE LLP
        *Attorneys for Defendant TESLA, Inc.*
        41000 Woodward Avenue
        Suite 200 East
        Bloomfield Hills, MI 48304
        248.205.3300 / 248.205.3399 fax
        thomas.branigan@bowmanandbrooke.com
        drew.branigan@bowmanandbrooke.com

        ***Attorneys for Defendant TESLA, Inc.***

# CERTIFICATE OF SERVICE

I hereby certify that on __September 21, 2022__, I electronically file the foregoing paper with the Court via CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| ADAM T. BOUMEL, ESQ.<br>Florida Bar No.: 0110727<br>THE ROUSSO, BOUMEL LAW FIRM, PLLC.<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, Florida 33156<br>(305) 670-6669<br>Adam@roussolawfirm.com<br>SERVICE EMAILS:<br>pleadings@roussolawfirm.com (primary) Frank@roussolawfirm.com (secondary)<br>***Attorneys for Plaintiff*** | DARREN J. ROUSSO, ESQ.<br>Florida Bar No.: 97410<br>THE ROUSSO BOUMEL LAW FIRM PLLC<br>9350 South Dixie Highway<br>Suite 1520<br>Mimi, FL 33156<br>305-670-6669<br>Darren@roussolawfirm.com<br>SERVICE EMAILS:<br>pleadings@roussolawfirm.com<br>Frank@roussolawfirm.com<br><br>***Attorneys for Plaintiff*** |

Respectfully submitted,

By: __/s/ Henry Salas__
HENRY SALAS (815268)
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 786-268-6419
Fax: 305-373-2294
henry.salas@csklegal.com

- and –

15

26808745v1

THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
BOWMAN AND BROOKE LLP
*Attorneys for Defendant TESLA, Inc.*
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

***Attorneys for Defendant TESLA, Inc.***

26808745v1