UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

## TESLA'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF, NEIMA BENAVIDES, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NAIBEL BENAVIDES LEON

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 Defendant, Tesla, Inc., A/K/A Tesla Florida, Inc. ("Tesla"), by and through its undersigned counsel, demands that Plaintiff, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon (hereafter "Plaintiff"), respond separately to the following Requests for Production of Documents and produce same to BMW NA' counsel.

These Requests are continuing and Plaintiff is requested to amend or supplement same as additional information becomes available to her.:

### INSTRUCTIONS

1.    Unless otherwise agreed, all of the documents to be produced shall be produced in their original form and in the form that they are maintained in the ordinary course of business and/or your personal record keeping practices.

2.    If any document herein requested was formerly in your possession, custody or control, and has been lost or destroyed, you are requested to submit in lieu of each document a

statement which:

    a.    Describes in detail the nature of the document and its contents.

    b.    Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent.

    c.    Specifies the date on which the document was prepared or transmitted or both.

    d.    Specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

3.    Where all or part of the documents called for are kept or used in one or more computerized or other similar automatic data processing systems, please produce the documents relating to such system including the "hard" or "floppy" disk containing such documents, card tape or disk layouts, system flow charts, all copies of all source documents form which data is obtained for use in each such system, all copies of all reports or printouts produced by each such system and all user manuals relating to each such system.

4.    If any documents requested are claimed to be privileged, list the following information for each document:

    a.    A brief description of the nature and contents of the document claimed to be privileged and its date.

    b.    The name, occupation and capacity of the document's author and the name, occupation and capacity of the individuals to whom the alleged privileged matter was disseminated, if any.

    c.    The privilege claimed.

## DEFINITIONS

  A. "Plaintiff" or "You" or "Your" means Plaintiff Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, her agents and representatives, including attorneys, experts, and investigators;

  B. Decedent means Decedent Naibel Benavides, her agents and representatives;

  C. The term "Complaint" refers to Plaintiff's Complaint filed in the above-referenced action, filed in the United States District Court for the Southern District of Florida, Civil Case No. 21-cv-21940.

  D. "Accident" or "Subject Incident" means the April 25, 2019 incident which is the subject matter of this lawsuit and which is described in the Complaint;

  E. The term "person" refers to a natural person, a corporation, partnership, other business entity or association, or any government or governmental body, commission, board, or agency.

  F. The term "document" refers to every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including, but not limited to, any written, typed, printed, punched, filmed, marked, or graphic matter, correspondence or memorandum (internal or otherwise), electronic mail, drawing, graph, chart, tape, wire, film, photograph, movie, disk, drum, cassette, computer datum, punch datum or other data computation, however stored, produced, or reproduced, and all copies or transcriptions of the foregoing by whatever means made.

  H. The term "communication" means the transmittal of information by any means.

  J. The term "Subject Vehicle" or "Vehicle" means the 2019 Tesla Model S, VIN: 5YJSA1E24KF302997, alleged in the Complaint to be defective.

24798234v1

## DOCUMENTS REQUESTED

1. Any and all bills or statements for funeral or burial costs or other related items; the cost of which is claimed to have been incurred by the decedent, Plaintiff and/or any of the survivors as a result of the decedent's death sustained in this case and/or the decedent's death.

**RESPONSE:**

2. The retained copies or other suitable copies of the decedent's United States Income Tax Returns for the following years: 2015, 2016, 2017, 2018, and 2019.

**RESPONSE:**

3. Proof of all earned income and proof of all non-earned income for any year that a Federal Income Tax Return has not been filed.

**RESPONSE:**

4. Any and all photographs taken by the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, employees, or others, after the Subject Incident which is in any manner related to the subject matter of this lawsuit.

**RESPONSE:**

5. Any and all written statements by any party to this matter concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.

**RESPONSE:**

6. Any and all statements of any party to this lawsuit, including, but not limited to, statements taken from investigators, agents, servants, employees, or others, of the Defendant or Plaintiff in this lawsuit.

**RESPONSE:**

7. Photographs and/or videos in the possession, custody or control of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, employees, or others, relative to the subject matter of this lawsuit.

**RESPONSE:**

8. All business records, paid receipts or other memoranda in the possession, custody or control of the Plaintiff, indicating Decedent's gross income from self-employment, salary, commissions, bonuses, overages, and credits and reimbursements for business expenses of the Decedent for the three (3) years prior to the incident alleged in the Plaintiff's Complaint.

**RESPONSE:**

9. All documents or records of any kind evincing the damages Plaintiff claims in this lawsuit.

**RESPONSE:**

10.     As to <u>each</u> type of insurance in force in favor of the Decedent, Plaintiff and/or any of the survivors, including, but not limited to, life insurance, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection insurance, health insurance, automobile, and accident insurance:

    a)     A copy of each contract or policy;

    b)     The Identification Card of each contract or policy;

    c)     The Declarations Sheet of each contract or policy;

    d)     Each and every application for benefits made by the decedent, Plaintiff and/or any of the survivors under any of the policies, whether pertaining to the incident, which is the subject matter of this litigation or not; and

    e)     Any and all records of payments, checks, check stubs, memos, and correspondence relating to payments made under any of the policies referred to above.

**RESPONSE**:


11.     Letter authorizing the Social Security Administration, as a collateral source, to provide complete information and disclosure of any and all claims, disabilities or payments received by the decedent, Plaintiff and/or any of the survivors. Such letter should specify that the Social Security Administration is to release all documents protected under 5 U.S.C. § 552(a), 42 U.S.C. § 1306(a) and 20 C.F.R. § 401.300. (Please see attached release).

**RESPONSE**:

24798234v1

12. Any and all records of hospitals, physicians, chiropractors, psychiatrists, psychologists, or other healthcare providers, in which the Decedent, has been a patient or received treatment in the ten (10) years prior to the Subject Incident. In the alternative, please execute the attached written authorization.

**RESPONSE:**


13. Any and all police records, Fire Rescue records and/or statements given as a result of the alleged incident.

**RESPONSE:**


14. Any and all autopsy reports, if any were conducted, including, but not limited to, supporting data, reports, photos, etc.

**RESPONSE:**


15. A copy of Decedent's Last Will and Testament, should one exist.

**RESPONSE:**


16. Each Document identified in Plaintiff's responses to Tesla's First Set of Interrogatories to Plaintiff.

**RESPONSE:**


17. Documents received by You from Tesla or any other entity relating to the Subject Vehicle

**RESPONSE:**

18. Copies of all exhibits planned or proposed to be used at trial

**RESPONSE:**

19. The reports, notes, and curriculum vitae of each expert whom you will retain or name as a witness on your witness list.

**RESPONSE:**

20. All documents, portions of documents, or things upon which any of your experts have relied, or which contains any information upon which any such expert has relied, in forming his/her opinions.

**RESPONSE:**

21. All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any type related to the incident giving rise to this lawsuit and the damages claimed in this lawsuit that have been generated by or for any expert consulted in this case.

**RESPONSE:**

22. Any and all documents received from any law enforcement or regulatory agency of the federal or state governments relating to the subject matter of your action against Tesla.

**RESPONSE:**

24798234v1

23. Any government documents or studies pertaining to the Subject Vehicle or similar vehicles that you claim are relevant to this suit.

**RESPONSE:**


24. All relevant official publications that you claim are relevant to this suit, including those that may be offered at trial.

**RESPONSE:**


25. All documents upon which you rely to support your claims against Tesla.

**RESPONSE:**


26. Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit, including, but not limited to pleadings, discovery responses and deposition transcripts.

**RESPONSE:**


27. All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle contained a design defect as alleged in Paragraphs 18, 19 of Plaintiff's Complaint.

**RESPONSE:**

28. All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately monitor and determine driver-engagement as alleged in Paragraph 23 of Plaintiff's Complaint.

**RESPONSE**:

29. All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately determine stationary objects in front of the vehicle as alleged in Paragraph 24 of Plaintiff's Complaint.

**RESPONSE**:

30. All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle's Autopilot system failed to include safety components which would keep the vehicle only in designated travel lanes, reasonably match vehicle speed to traffic conditions, keep the vehicle within its lane, and provide active automatic collision avoidance and automatic emergency braking in a manner which would detect objects the car might impact and apply the brakes so as to avoid impact with such objects as alleged in Paragraph 25 of Plaintiff's Complaint.

**RESPONSE**:

31. All documents or records containing any facts or any other matter upon which you base your contention that Tesla failed to warn of the potential risks and dangers inherent in the operation and use of a Tesla vehicle with autopilot engaged as alleged in Paragraphs 35 and 36 of Plaintiff's Complaint.

**RESPONSE**:

32. Any and all documents of any manufacturer that you or any of your expert witnesses contend are relevant to Plaintiff's claims.

**RESPONSE**:

33. Any documents, reports, photographs, or videos referencing incidents you purport to be similar to the Subject Incident.

**RESPONSE:**

Respectfully Submitted,

BOWMAN AND BROOKE LLP

_____
Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
(248) 201-3300
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

*and*

COLE, SCOTT & KISSANE, P.A.
/s/ Henry Salas
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156
(786) 268-6419
henry.salas@csklegal.com

24798234v1

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 30th day of July, 2021, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Todd Poses, Esq.**, Poses & Poses, P.A., tposes@posesandposes.com; maria@posesandposes.com; 169 E. Flagler Street, Suite 1600, Miami, FL 33131, *Attorney for Plaintiff*.

        COLE, SCOTT & KISSANE, P.A.
        *Attorneys for the Defendant*
        9150 South Dadeland Boulevard
        Dadeland Centre II – Suite 1400
        P.O. Box 569015
        Miami, FL 33156
        Primary Email:   Henry.Salas@csklegal.com
        Asst. Email: Leisy.Martinez@csklegal.com
        Telephone: (786) 268-6419
        Facsimile: (305) 373-2294


        By:_____
           HENRY SALAS
           FBN: 815268