# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

      Plaintiff,

vs.

TESLA, INC. a/k/a TESLA FLORIDA, INC.

      Defendant.

_____/

## DEFENDANT TESLA INC.'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO TESLA'S REQUESTS FOR PRODUCTION

Defendant Tesla, Inc. ("Tesla") by its attorneys, Cole, Scott & Kissane and Bowman and Brooke LLP, respectfully moves this honorable Court to enter an Order compelling Plaintiff to serve complete and full responses to Tesla's First Requests for Production, which were served on August 5, 2021, and states as follows:

## BACKGROUND AND RELIEF REQUESTED

This automotive product liability case arises out of an incident that occurred on April 15, 2019 (the "Subject Incident"). On that day, Decedent Naibel Benavides, a pedestrian, was struck and killed by a 2019 Tesla Model S (the "Subject Vehicle"), which was operated by George McGee. On April 22, 2021, Decedent's Estate ("Plaintiff") filed the instant action against Tesla, Inc. ("Tesla"). Tesla denies all claims against it.

On August 5, 2021, Tesla served its First Requests for Production (RFP) to Plaintiff. See Exhibit A. Plaintiff's Responses thereto were originally due on September 6, 2021 pursuant to

EXHIBIT "C"

1

FRCP 34, however, Tesla granted Plaintiff additional time to respond.  Despite Tesla's agreement

to extend the date for Plaintiff's response to Tesla's RFP,  Plaintiff has failed to serve responses

on the agreed-upon date.

Over the last 60 days Counsel for Tesla has requested on multiple occasions that that

Plaintiff produce her overdue responses to Tesla's RFP. See email requests from Tesla's Counsel

to Plaintiff's Counsel from December 2, 2021; January 4, 2022 and February 3, 2022 attached as

Exhibit B-1, B-2, and B-3, respectively.   On January 24, 2022, this Court entered an Order

Amending Scheduling Order and Certain Pretrial Deadlines, which established an expert

disclosure deadline of March 15, 2022 and a discovery cutoff of April 15, 2022 (see Dkt. 20).

Because of Plaintiff's failure to respond to Tesla's RFP, and in the face of rapidly approaching

discovery deadlines, Tesla's Counsel informed Plaintiff's counsel of Tesla's intent to Move this

Court for an Order compelling Plaintiff to respond if Plaintiff did not voluntarily respond by

February 7. See Exhibit B-3.

On Friday, February 11, Plaintiff finally served Tesla with responses to Tesla's RFP.  See

Exhibit C.  For the reasons stated below, Tesla finds the following Responses to be inadequate:

**RFP 6:**  "any and all statements of any party to this lawsuit, including but not limited to, statements
taken from investigators, agents, servants, employees, or others, of the Defendant or Plaintiff in
this lawsuit."

Plaintiff responded by attaching Decedent's birth certificate.  This document is not relevant

to the requests for "any and all statements of a party to this lawsuit."  Tesla accordingly requests

that this Court strike Plaintiff's response to RFP 6 as non-responsive and compel Plaintiff to fully

respond to this Request within 7 days.

**RFP 9**:  "All documents or records of any kind evincing the damages Plaintiff claims in this
lawsuit."

Plaintiff responded, "will produce," but has yet to produce anything as of the filing of this motion.  Plaintiff's response is inadequate because of the current case schedule.  This case has been ongoing since May, 2021 and the Subject Incident occurred in 2019.  Plaintiff has produced no documents evincing her damages, despite the fact that her responses to this Request were due in September, 2021 – nearly half a year ago.  The information requested is crucial to Tesla's ability to prepare for trial and determine whether any additional discovery is necessary before the April 15, 2022 discovery cutoff.  Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery.  Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 24**:  "All relevant official publications that you claim are relevant to this suit, including those that may be offered at trial."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule.  This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago.  The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request.  Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery.  Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 26:** "Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit, including, but not limited to pleadings, discovery responses and deposition transcripts."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 27**: "All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle contained a design defect as alleged in Paragraphs 18, 19 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion,

25493951v8
25944831v1

and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 28**: "All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately monitor and determine driver-engagement as alleged in Paragraph 23 of Plaintiff's Complaint.

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 29**: "All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately determine stationary objects in front of the vehicle as alleged in Paragraph 24 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact

that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 30**: "All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle's Autopilot system failed to include safety components which would keep the vehicle only in designated travel lanes, reasonably match vehicle speed to traffic conditions, keep the vehicle within its lane, and provide active automatic collision avoidance and automatic emergency braking in a manner which would detect objects the car might impact and apply the brakes so as to avoid impact with such objects as alleged in Paragraph 25 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

25493951v8
25944831v1

**RFP 31**:  "All documents or records containing any facts or any other matter upon which you base your contention that Tesla failed to warn of the potential risks and dangers inherent in the operation and use of a Tesla vehicle with autopilot engaged as alleged in Paragraphs 35 and 36 of Plaintiff's Complaint."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule.  This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago.  The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request.  Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery.  Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 32**:  "Any and all documents of any manufacturer that you or any of your expert witnesses contend are relevant to Plaintiff's claims."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule.  This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago.  The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request.  Furthermore, a prematurity objection is inappropriate when made less than two months

7

prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**RFP 33**: "Any documents, reports, photographs, or videos referencing incidents you purport to be similar to the Subject Incident."

Plaintiff responded, "discovery is ongoing and shall be provided upon acquisition." Plaintiff's response is inadequate because of the current case schedule. This case has been ongoing since May, 2021, and Plaintiff has produced nothing responsive to this Request, despite the fact that her responses were due in September, 2021 – nearly half a year ago. The information requested is crucial to Tesla's expert work and its understanding of Plaintiff's liability theory. Tesla's expert disclosures are due on March 16 – less than a month from the filing of this motion, and Plaintiff has effectively avoided her obligations to produce discovery responsive to this Request. Furthermore, a prematurity objection is inappropriate when made less than two months prior to the close of discovery. Consequently, Tesla requests that this Court compel Plaintiff to produce all documents and/or tangible things responsive to this Request within 7 days, or respond that Plaintiff has no responsive documents if that is the case.

**Authorizations Accompanying Tesla's Requests for Production**:

On September 21, 2021 Tesla also sent Plaintiff authorizations to execute and return as part of Tesla's First Set of Requests for Production. See Exhibit D- Correspondence to Plaintiff and Attached Authorizations). These authorizations (which included releases for medical, employment, and education information) sought information crucial to Tesla's assessment of Plaintiff's damages. Plaintiff has not executed these authorizations or objected to them as of the filing of this motion. Because the close of discovery in this case is April 15, 2022, immediate

receipt of executed versions of these authorizations is necessary.  Tesla therefore asks that this Court compel Plaintiff to execute and return the authorizations (attached in Exhibit D) within 7 days of the filing of this motion.

As stated above, Tesla has an imminent need for the documents requested.  Delaying Tesla's access to the information in Plaintiff's possession any longer will significantly prejudice Tesla's ability to complete expert work before the March 15 disclosure deadline.  Additionally, Plaintiff has abused the discovery process by failing to respond to Tesla's discovery requests in any meaningful way for nearly half a year.  Plaintiff should not be permitted to hide behind objections that the requests are premature with less than two months left before the close of discovery.  Tesla communicated the concerns discussed above to Plaintiff's counsel on February 11 – the day it was finally served with Plaintiff's responses to its Requests.  See Exhibit E-February 11, 2022 correspondence to Plaintiff's counsel.  However, Tesla has received no reply as of the filing of this motion.

## CONCLUSION

For the reasons stated above and in accompanying Brief in Support, Defendant Tesla, Inc. respectfully requests that this Honorable Court enter an Order compelling Plaintiff to serve full and complete responses to Tesla's First Set of Interrogatories and Requests for Production within 7 days of the entry date of the Order to Compel.

## BRIEF IN SUPPORT

In support of its Motion to Compel, Tesla relies on its first sets of Interrogatories and Requests for Production to Plaintiff, Federal Rules of Procedure 26, 33, 34, and 37, and Correspondence between counsel for Tesla and Plaintiff's counsel (attached as Exhibits B and D).

25493951v8
25944831v1

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that Tesla made a reasonable attempt to meet and confer via email on February 11, 2022 but received no response.

Respectfully submitted,

By: _____
HENRY SALAS (815268)
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 305-350-5300
Fax: 305-373-2294
henry.salas@csklegal.com


_____
Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
BOWMAN and BROOKE LLP
41000 Woodward Avenue, Ste 200 East
Bloomfield Hills, Michigan 48304
Office: 248-205-3300
Fax: 248-205-3399
tom.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

## PROOF OF SERVICE

The undersigned certifies that a copy of this document was served upon all attorneys of record in the above cause at their respective addresses disclosed on the pleadings on the _____ day of **February 2022**, by:

☐ U.S. Mail                ☐ Hand Delivery
☐ Express Mail          ☐ Facsimile
☐ E-Correspondence   ☐ Court's e-Filing System
                                    Service Only

_____

10

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA (MIAMI)**

**Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal*
*Representative of the Estate of Naibel Benavides*
*Leon, deceased*,

      Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

      Defendant.

_____/

## TESLA'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF, NEIMA BENAVIDES, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NAIBEL BENAVIDES LEON

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 Defendant, Tesla, Inc., A/K/A Tesla Florida, Inc. ("Tesla"), by and through its undersigned counsel, demands that Plaintiff, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon (hereafter "Plaintiff"), respond separately to the following Requests for Production of Documents and produce same to BMW NA' counsel.

These Requests are continuing and Plaintiff is requested to amend or supplement same as additional information becomes available to her.:

### INSTRUCTIONS

1.    Unless otherwise agreed, all of the documents to be produced shall be produced in their original form and in the form that they are maintained in the ordinary course of business and/or your personal record keeping practices.

2.    If any document herein requested was formerly in your possession, custody or control, and has been lost or destroyed, you are requested to submit in lieu of each document a

statement which:

    a.    Describes in detail the nature of the document and its contents.

    b.    Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent.

    c.    Specifies the date on which the document was prepared or transmitted or both.

    d.    Specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

3.    Where all or part of the documents called for are kept or used in one or more computerized or other similar automatic data processing systems, please produce the documents relating to such system including the "hard" or "floppy" disk containing such documents, card tape or disk layouts, system flow charts, all copies of all source documents form which data is obtained for use in each such system, all copies of all reports or printouts produced by each such system and all user manuals relating to each such system.

4.    If any documents requested are claimed to be privileged, list the following information for each document:

    a.    A brief description of the nature and contents of the document claimed to be privileged and its date.

    b.    The name, occupation and capacity of the document's author and the name, occupation and capacity of the individuals to whom the alleged privileged matter was disseminated, if any.

    c.    The privilege claimed.

## **DEFINITIONS**

A.      "Plaintiff" or "You" or "Your" means Plaintiff Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, her agents and representatives, including attorneys, experts, and investigators;

B.      Decedent means Decedent Naibel Benavides, her agents and representatives;

C.      The term "Complaint" refers to Plaintiff's Complaint filed in the above-referenced action, filed in the United States District Court for the Southern District of Florida, Civil Case No. 21-cv-21940.

D.      "Accident" or "Subject Incident" means the April 25, 2019 incident which is the subject matter of this lawsuit and which is described in the Complaint;

E.      The term "person" refers to a natural person, a corporation, partnership, other business entity or association, or any government or governmental body, commission, board, or agency.

F.      The term "document" refers to every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including, but not limited to, any written, typed, printed, punched, filmed, marked, or graphic matter, correspondence or memorandum (internal or otherwise), electronic mail, drawing, graph, chart, tape, wire, film, photograph, movie, disk, drum, cassette, computer datum, punch datum or other data computation, however stored, produced, or reproduced, and all copies or transcriptions of the foregoing by whatever means made.

H.      The term "communication" means the transmittal of information by any means.

J.      The term "Subject Vehicle" or "Vehicle" means the 2019 Tesla Model S, VIN: 5YJSA1E24KF302997, alleged in the Complaint to be defective.

## DOCUMENTS REQUESTED

1.     Any and all bills or statements for funeral or burial costs or other related items; the cost of which is claimed to have been incurred by the decedent, Plaintiff and/or any of the survivors as a result of the decedent's death sustained in this case and/or the decedent's death.

**RESPONSE:**

2.     The retained copies or other suitable copies of the decedent's United States Income Tax Returns for the following years: 2015, 2016, 2017, 2018, and 2019.

**RESPONSE:**

3.     Proof of all earned income and proof of all non-earned income for any year that a Federal Income Tax Return has not been filed.

**RESPONSE:**

4.     Any and all photographs taken by the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, employees, or others, after the Subject Incident which is in any manner related to the subject matter of this lawsuit.

**RESPONSE:**

5.     Any and all written statements by any party to this matter concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.

**RESPONSE:**

6.       Any and all statements of any party to this lawsuit, including, but not limited to, statements taken from investigators, agents, servants, employees, or others, of the Defendant or Plaintiff in this lawsuit.

**RESPONSE:**

7.       Photographs and/or videos in the possession, custody or control of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, employees, or others, relative to the subject matter of this lawsuit.

**RESPONSE:**

8.       All business records, paid receipts or other memoranda in the possession, custody or control of the Plaintiff, indicating Decedent's gross income from self-employment, salary, commissions, bonuses, overages, and credits and reimbursements for business expenses of the Decedent for the three (3) years prior to the incident alleged in the Plaintiff's Complaint.

**RESPONSE:**

9.       All documents or records of any kind evincing the damages Plaintiff claims in this lawsuit.

**RESPONSE:**

10.     As to <u>each</u> type of insurance in force in favor of the Decedent, Plaintiff and/or any of the survivors, including, but not limited to, life insurance, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection insurance, health insurance, automobile, and accident insurance:

a)      A copy of each contract or policy;

b)      The Identification Card of each contract or policy;

c)      The Declarations Sheet of each contract or policy;

d)      Each and every application for benefits made by the decedent, Plaintiff and/or any of the survivors under any of the policies, whether pertaining to the incident, which is the subject matter of this litigation or not; and

e)      Any and all records of payments, checks, check stubs, memos, and correspondence relating to payments made under any of the policies referred to above.

**<u>RESPONSE:</u>**


11.     Letter authorizing the Social Security Administration, as a collateral source, to provide complete information and disclosure of any and all claims, disabilities or payments received by the decedent, Plaintiff and/or any of the survivors. Such letter should specify that the Social Security Administration is to release all documents protected under 5 U.S.C. § 552(a), 42 U.S.C. § 1306(a) and 20 C.F.R. § 401.300.  (Please see attached release).

**<u>RESPONSE:</u>**

24798234v1

12.     Any and all records of hospitals, physicians, chiropractors, psychiatrists, psychologists, or other healthcare providers, in which the Decedent, has been a patient or received treatment in the ten (10) years prior to the Subject Incident.  In the alternative, please execute the attached written authorization.

**<u>RESPONSE:</u>**

13.     Any and all police records, Fire Rescue records and/or statements given as a result of the alleged incident.

**<u>RESPONSE:</u>**

14.     Any and all autopsy reports, if any were conducted, including, but not limited to, supporting data, reports, photos, etc.

**<u>RESPONSE:</u>**

15.     A copy of Decedent's Last Will and Testament, should one exist.

**<u>RESPONSE:</u>**

16.     Each Document identified in Plaintiff's responses to Tesla's First Set of Interrogatories to Plaintiff.

**<u>RESPONSE:</u>**

17.     Documents received by You from Tesla or any other entity relating to the Subject Vehicle

**RESPONSE:**

18.     Copies of all exhibits planned or proposed to be used at trial

**RESPONSE:**

19.     The reports, notes, and curriculum vitae of each expert whom you will retain or name as a

witness on your witness list.

**RESPONSE:**

20. All documents, portions of documents, or things upon which any of your experts have relied,

or which contains any information upon which any such expert has relied, in forming his/her

opinions.

**RESPONSE:**

21.     All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any

type related to the incident giving rise to this lawsuit and the damages claimed in this lawsuit

that have been generated by or for any expert consulted in this case.

**RESPONSE:**

22.     Any and all documents received from any law enforcement or regulatory agency of the

federal or state governments relating to the subject matter of your action against Tesla.

**RESPONSE:**

23.     Any government documents or studies pertaining to the Subject Vehicle or similar vehicles that you claim are relevant to this suit.

**RESPONSE:**

24.     All relevant official publications that you claim are relevant to this suit, including those that may be offered at trial.

**RESPONSE:**

25.     All documents upon which you rely to support your claims against Tesla.

**RESPONSE:**

26.      Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit, including, but not limited to pleadings, discovery responses and deposition transcripts.

**RESPONSE:**

27. All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle contained a design defect as alleged in Paragraphs 18, 19 of Plaintiff's Complaint.

**RESPONSE:**

28. All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately monitor and determine driver-engagement as alleged in Paragraph 23 of Plaintiff's Complaint.

**RESPONSE**:

29. All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately determine stationary objects in front of the vehicle as alleged in Paragraph 24 of Plaintiff's Complaint.

**RESPONSE**:

30.     All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle's Autopilot system failed to include safety components which would keep the vehicle only in designated travel lanes, reasonably match vehicle speed to traffic conditions, keep the vehicle within its lane, and provide active automatic collision avoidance and automatic emergency braking in a manner which would detect objects the car might impact and apply the brakes so as to avoid impact with such objects as alleged in Paragraph 25 of Plaintiff's Complaint.

**RESPONSE**:

31. All documents or records containing any facts or any other matter upon which you base your contention that Tesla failed to warn of the potential risks and dangers inherent in the operation and use of a Tesla vehicle with autopilot engaged as alleged in Paragraphs 35 and 36 of Plaintiff's Complaint.

**RESPONSE**:


32. Any and all documents of any manufacturer that you or any of your expert witnesses contend

are relevant to Plaintiff's claims.

**RESPONSE**:


33. Any documents, reports, photographs, or videos referencing incidents you purport to be

similar to the Subject Incident.

**RESPONSE:**

Respectfully Submitted,

BOWMAN AND BROOKE LLP

_____
Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
(248) 201-3300
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

*and*

COLE, SCOTT & KISSANE, P.A.
/s/ Henry Salas
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156
(786) 268-6419
henry.salas@csklegal.com

*Case No. Civil Case No. 21-cv-21940*
*Page 12 of 12*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 30th day of July, 2021, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Todd Poses, Esq.**, Poses & Poses, P.A., tposes@posesandposes.com; maria@posesandposes.com; 169 E. Flagler Street, Suite 1600, Miami, FL 33131, *Attorney for Plaintiff.*

COLE, SCOTT & KISSANE, P.A.
*Attorneys for the Defendant*
9150 South Dadeland Boulevard
Dadeland Centre II – Suite 1400
P.O. Box 569015
Miami, FL 33156
Primary Email:   Henry.Salas@csklegal.com
Asst. Email: Leisy.Martinez@csklegal.com
Telephone: (786) 268-6419
Facsimile: (305) 373-2294


By:_____
      HENRY SALAS
      FBN: 815268

24798234v1

# EXHIBIT
# B-1

| | |
|---|---|
| **From:** | Drew Branigan |
| **To:** | Todd Poses; Maria Smith |
| **Cc:** | Henry Salas; Thomas Branigan |
| **Subject:** | re. Benavides; P"s overdue responses to Tesla"s discovery requests |
| **Date:** | Thursday, December 2, 2021 2:30:19 PM |

Good afternoon, Todd,

We have not received your responses to our first set of interrogatories and requests for production.  These were due in September.  Please send us your responses by 12/10/2021.

Thanks,

**Drew P. Branigan**
Associate
+1.248.205.3341  l  drew.branigan@bowmanandbrooke.com



# EXHIBIT
# B-2

| | |
|---|---|
| **From:** | Drew Branigan |
| **To:** | Todd Poses; Maria Smith |
| **Cc:** | Thomas Branigan; Henry Salas |
| **Subject:** | re. Benavides; proposed amended schedule |
| **Date:** | Tuesday, January 4, 2022 9:34:22 AM |

Good morning, Todd.

I just wanted to follow up about the parties' discussion re. the trial schedule.  Last time we talked, the plan was to file a joint motion to amend the current scheduling order.  Let us know if you have a proposed draft for us.  Also, could you please send us your responses to Tesla's RFP's?  It does not look like we have received them.

Thanks, and happy new year.

**Drew P. Branigan**
Associate
+1.248.205.3341  I  drew.branigan@bowmanandbrooke.com



# EXHIBIT
# B-3

| From: | Drew Branigan |
|---|---|
| To: | Todd Poses; Maria Smith |
| Cc: | Thomas Branigan; Henry Salas; Jodie Groh |
| Subject: | RE: re. Benavides; proposed amended schedule |
| Date: | Thursday, February 3, 2022 7:54:31 PM |

Todd,

We still have not received Plaintiff's responses to Tesla's first set of requests for production, which were due nearly six months ago. Please send your responses by CoB Monday, or we will be filing a motion to compel.

Thank you,

**Drew P. Branigan**
Associate
+1.248.205.3341

---

**From:** Drew Branigan
**Sent:** Tuesday, January 4, 2022 9:34 AM
**To:** Todd Poses <tposes@poseslawgroup.com>; Maria Smith <maria@poseslawgroup.com>
**Cc:** Thomas Branigan <Thomas.Branigan@bowmanandbrooke.com>; Henry Salas <Henry.Salas@csklegal.com>
**Subject:** re. Benavides; proposed amended schedule

Good morning, Todd.

I just wanted to follow up about the parties' discussion re. the trial schedule. Last time we talked, the plan was to file a joint motion to amend the current scheduling order. Let us know if you have a proposed draft for us. Also, could you please send us your responses to Tesla's RFP's? It does not look like we have received them.

Thanks, and happy new year.

**Drew P. Branigan**
Associate
+1.248.205.3341 I drew.branigan@bowmanandbrooke.com



# EXHIBIT C

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON,
deceased,

       Plaintiff,

vs.

TESLA, INC. a/k/a TESLA
FLORIDA, INC.

       Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## REQUEST FOR PRODUCTION

**COMES NOW** the Plaintiff, NEIMA BENAVIDES, Personal Representative of the

Estate of NAIBEL BENAVIDES LEON, deceased, by and through her undersigned counsel,

and in response to Defendant, TESLA, INC., Request for Production dated August 5, 2021,

would state as follows:

1.     In response to paragraph one, enclosed is the bill from Westchester Funeral Home in Miami-Dade County.

2.     In response to paragraph two, enclosed are taxes of the decedent from 2016, 2017 and 2018.

3.     In response to paragraph three, none.

4.     In response to paragraph four, enclosed are inspection photographs of the vehicles involved in the subject accident.

5. In response to paragraph five, enclosed are witness statements contained within the Homicide report, attached.

6. In response to paragraph six, enclosed is birth certificate of decedent.

7. In response to paragraph seven, enclosed are homicide photographs.

8. In response to paragraph eight, none.

9. In response to paragraph nine, will provide.

10. In response to paragraph ten,

    a)    Enclosed is copy of auto insurance policy from The Responsive Auto Insurance Company.

    b)    Plaintiff had health insurance under her father, Guillermo Benavides' health insurance policy with United Health Care. Statement enclosed.

11. In response to paragraph eleven, none at this time.

12. In response to paragraph twelve, none.

13. In response to paragraph thirteen, enclosed is Monroe Sheriff Report and FHP Homicide Report.

14. In response to paragraph fourteen, enclosed is Medical Examiner's report.

15. In response to paragraph fifteen, N/A.

16. In response to paragraph sixteen, see all documents attached.

17. In response to paragraph seventeen, none at this time.

18. In response to paragraph eighteen, will provide.

19. In response to paragraph nineteen, enclosed is curriculum vitae of John D. Lee and Andres Navarro. Reports will be provided upon receipt.

20. In response to paragraph twenty, experts relied upon all police reports and videos and photographs from Florida Highway Patrol.

21. In response to paragraph twenty-one, will provide.

22. In response to paragraph twenty-two, none except for crash reports and homicide reports for the subject accident.

23. In response to paragraph twenty-three, none at this time.

24. In response to paragraph twenty-four, discovery is ongoing and shall be provided upon acquisition.

25. In response to paragraph twenty-five, all documents herein.

26. In response to paragraph twenty-six, discovery is ongoing and shall be provided upon acquisition.

27. In response to paragraph twenty-seven, discovery is ongoing and shall be provided upon acquisition.

28. In response to paragraph twenty-eight, discovery is ongoing and shall be provided upon acquisition.

29. In response to paragraph twenty-nine, discovery is ongoing and shall be provided upon acquisition.

30. In response to paragraph thirty, discovery is ongoing and shall be provided upon acquisition.

31. In response to paragraph thirty-one, discovery is ongoing and shall be provided upon acquisition.

32. In response to paragraph thirty-two, discovery is ongoing and shall be provided upon acquisition.

33. In response to paragraph thirty-three, discovery is ongoing and shall be provided upon acquisition.

## CERTIFICATE OF SERVICE

I hereby certify that on this _11_ day of February, 2022, I served the foregoing document

via e-mail to the following:

Thomas P. Brannigan
Drew P. Brannigan
Bowman and Brooke, LLP
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
thomas.brannigan@bowmanandbrooke.com
drew.brannigan@bowmanandbrooke.com

Henry Salas
9150 S. Dadeland Blvd.
Suite 1400
Miami, FL 33156
(786) 268-6419
henry.salas@csklegal.com

POSES LAW GROUP, P.A.
Alfred I. Dupont Building
169 E. Flagler Street
Suite 1600
Miami, FL 33130
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@poseslawgroup.com
maria@poseslawgroup.com

/s/Todd Poses
TODD POSES, ESQUIRE
FBN: 0075922

# EXHIBIT D

| | |
|---|---|
| **From:** | Jodie Groh |
| **To:** | tposes@posesandposes.com |
| **Cc:** | Thomas Branigan; Drew Branigan; Henry Salas |
| **Subject:** | Benavides vs. Tesla |
| **Date:** | Tuesday, September 21, 2021 3:58:24 PM |
| **Attachments:** | Attachments.html |

Good afternoon,

Attached are Authorizations for the release of various records for Plaintiff's signature. These Authorizations correspond to Defendant's First Request for Production of Documents, which were served on August 5, 2021.



Secure Files                                    Expires October 21, 2021

Benavides Authorizations.pdf                              276 KB

Download Attachments

**Jodie A. Groh**
Paralegal
+1.248.205.3394  |  jodie.groh@bowmanandbrooke.com



# EXHIBIT E

| | |
|---|---|
| **From:** | Thomas Branigan |
| **To:** | Maria Smith; Drew Branigan; Henry Salas; Todd Poses |
| **Cc:** | deaton@eatonwolk.com |
| **Subject:** | RE: SERVICE OF COURT DOCUMENT CASE NO.: 21-CV-21940-BLOOM/Otazo-Reyes |
| **Date:** | Friday, February 11, 2022 6:16:44 PM |
| **Attachments:** | Plaintiff"s Response to Defendant"s First Request for Production.pdf |

Todd: I have made an initial review of the attached – Plaintiff's Responses to Tesla's 1st RFP that were served on Plaintiff in August 2021. Based on my initial review, I object to these responses. For starters, many of Plaintiff's responses indicate "… will provide" or "… discovery is ongoing and shall be provided upon acquisition."

As I am certain you know, this sort of "we'll produce it when we get it" response is not acceptable under FRCP 34. Rule 34(b)(2)(B) provides the following, in pertinent part: "**The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.**"

Unless you/Plaintiff will be acquiring information responsive to these requests over the weekend and will actually produce that information to us so that it is in our hands by Monday 2/14, Plaintiff's "upon acquisition" is not a reasonable time under the circumstances of this case; which now has an expert report disclosure deadline in approximately 30 days. Plaintiff has had Tesla's RFP in hand since July 30, 2021 – over 5 months. Please provide, by Monday 2/14/22, actual documents responsive to these requests or an actual and real date by which Plaintiff will actually produce information responsive to Requests 9, 18, 21 and 26-33. Please consider this our meet and confer request.

**Thomas P. Branigan**

Executive Managing Partner  l  Licensed in Michigan, Ohio, and Illinois
P +1.248.205.3316 l M +1.248.514.9739

---

**From:** Maria Smith <maria@poseslawgroup.com>
**Sent:** Friday, February 11, 2022 3:13 PM
**To:** Thomas Branigan <Thomas.Branigan@bowmanandbrooke.com>; Drew Branigan <Drew.Branigan@bowmanandbrooke.com>; Henry Salas <Henry.Salas@csklegal.com>
**Cc:** Todd Poses <tposes@poseslawgroup.com>; deaton@eatonwolk.com
**Subject:** SERVICE OF COURT DOCUMENT CASE NO.: 21-CV-21940-BLOOM/Otazo-Reyes

| | |
|---|---|
| Court Identity: | United States District Court, Southern District of Florida |
| Case No. | 21-cv-21940-BLOOM/Otazo-Reyes |
| Initial parties (Plaintiff(s)): | Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, deceased |
| Initial parties (Defendant(s)): | Tesla, Inc., a/k/a Tesla Florida, Inc. |
| Document being served: | Plaintiff's Response to Defendant's First Request for Production |
| Sender's name: | Todd Poses, Esq. |

| Sender's phone number: | | (305) 577-0200 |
|---|---|---|

******All responsive documents are contained in the Dropbox link below******

https://www.dropbox.com/sh/t7zuorx0avlgnrw/AADyTeJVoXFD6WgjUZGoGYBua?dl=0

Regards,

Maria Smith, Legal Assistant
Poses Law Group, P.A.
169 East Flagler Street
Suite 1600
Miami, FL 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
E-mail: maria@poseslawgroup.com