UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI)

Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,
v.

TESLA, INC., a/k/a. Tesla Florida, Inc.,

    Defendant.
_____/

## TESLA'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 Defendant, Tesla, Inc., a/k/a Tesla Florida, Inc. ("Tesla"), by and through its undersigned counsel, serves the following Third Set of Requests for Production under Fed. R. Civ. P. upon Plaintiff, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, to be responded to in writing under oath within thirty (30) days from the date of service.

## INSTRUCTIONS

1. Unless otherwise agreed, all of the documents to be produced shall be produced in their original form and in the form that they are maintained in the ordinary course of business and/or Your personal record keeping practices.

2. If any document herein requested was formerly in Your possession, custody or control, and has been lost or destroyed, You are requested to submit in lieu of each document a statement which:

    a. Describes in detail the nature of the document and its contents.

    b. Identifies the person who prepared or authored the document and, if applicable, the

26328735v1

EXHIBIT "G"

      person to whom the document was sent.

c.     Specifies the date on which the document was prepared or transmitted or both.

d.     Specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

3.     Where all or part of the documents called for are kept or used in one or more computerized or other similar automatic data processing systems, please produce the documents relating to such system including the "hard" or "floppy" disk containing such documents, card, tape, flash driver or disk layouts, system flow charts, all copies of all source documents form which data is obtained for use in each such system, all copies of all reports or printouts produced by each such system and all user manuals relating to each such system.

4.     If any documents requested are claimed to be privileged, list the following information for each document:

a.     A brief description of the nature and contents of the document claimed to be privileged and its date.

b.     The name, occupation and capacity of the document's author and the name, occupation and capacity of the individuals to whom the alleged privileged matter was disseminated, if any.

c.     The privilege claimed.

## DEFINITIONS

As used herein,

A.     The term "Complaint" or "this case" refers to Plaintiff's Complaint filed in the above-referenced action, filed in the United States District Court for the Southern District of

26328735v1

Florida, Civil Case No. 21-cv-21940.

  B. The term "Subject Accident" or "Subject Incident" means the April 25, 2019 incident which is the subject matter of this lawsuit and which is described in the Complaint.

  C. The term "Plaintiff" or "You" or "Your" means Plaintiff Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, her agents and representatives, including attorneys, experts, and investigators retained by or on behalf of Plaintiff.

  D. The term "Decedent" means Decedent Naibel Benavides, her agents and representatives.

  E. The term "Subject Vehicle" or "Vehicle" means the 2019 Tesla Model S, VIN: 5YJSA1E24KF302997, alleged in the Complaint to be defective.

  F. The term "person" refers to a natural person, a corporation, partnership, other business entity or association, or any government or governmental body, commission, board, or agency.

  G. The term "document" refers to every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including, but not limited to, any written, typed, printed, punched, filmed, marked, or graphic matter, correspondence or memorandum (internal or otherwise), electronic mail, drawing, graph, chart, tape, wire, film, photograph, movie, disk, drum, cassette, computer datum, punch datum or other data computation, however stored, produced, or reproduced, and all copies or transcriptions of the foregoing by whatever means made.

  H. The term "communication" means the transmittal of information by any means.

## REQUESTS FOR PRODUCTION

1. Please produce an unredacted copy of the settlement agreement you made to resolve any claims against George McGee arising out of the Subject Incident, which is referenced in the transcript of the May 17, 2022 Deposition of Lilia M. Leon Jimenez Benavides at Page 35:22-23; 36:17-20.

   **RESPONSE**:

    Respectfully Submitted,

    BOWMAN AND BROOKE LLP

    By:   /s/ *Thomas Branigan*
           Thomas P. Branigan (*Pro Hac Vice*)
           Drew P. Branigan (*Pro Hac Vice*)
           41000 Woodward Avenue
           Suite 200 East
           Bloomfield Hills, Michigan 48304
           Tel: (248) 201-3300
           Fax: (248) 205-3399
           thomas.branigan@bowmanandbrooke.com
           drew.branigan@bowmanandbrooke.com

    *and*

    COLE, SCOTT & KISSANE, P.A.

    /s/ *Henry Salas*
    Henry Salas FBN: 815268
    9150 South Dadeland Boulevard
    Dadeland Centre II – Suite 1400
    Miami, Florida 33156
    Tel: (786) 268-6419
    Fax: (305) 373-2294
    henry.salas@csklegal.com

26328735v1

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this  2nd day of September 2022, a true and correct copy of the foregoing was served via electronic mail to the following:

Todd Poses, Esq.,
Poses & Poses, P.A.
169 E. Flagler Street Suite 1600
Miami, Florida 33131
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff*

        /s/ *Henry Salas*
        Henry Salas FBN: 815268

26328735v1