UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes NEIMA

BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides Leon,
deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.

_____/

DILLON ANGULO,                           Case 1:22-22607-KMM

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

      Defendant.

_____/

## MOTION TO ENFORCE ORDER REGARDING PLAINTIFF'S DISCOVERY RESPONSES AND FOR SANCTIONS

Tesla, Inc. ("Tesla"), through its undersigned counsel, respectfully moves this Honorable Court to enforce its November 14, 2022 Order Compelling Plaintiff's Responses to Tesla's Discovery (Dkt. 65), and requests that this Court enter an order: (1) compelling Plaintiff to amend her discovery responses to comply with the requirements within Fed. R. Civ. P. 34; (2) striking Plaintiff's Responses to Tesla's Request for Admission and deeming them as admitted; (3) compelling the production of Plaintiff's settlement agreement with non-party George McGee; (4) compelling Plaintiff to amend her

responses to certain Requests for Production and produce responsive documents; (5) amending the scheduling order (Dkt. 10) in the manner described below; and (6) compelling Plaintiff to pay the costs associated with Tesla's efforts to obtain the discovery compelled by the Court's November 14 Order. In support of its motion, Tesla states the following:

## BACKGROUND

### A. The Incident

This automotive product liability case arises out of an incident that occurred on April 15, 2019 (the "Subject Incident"). On that day, Decedent Naibel Benavides, a pedestrian, was struck and killed by a 2019 Tesla Model S (the "Subject Vehicle"), which was operated by George McGee. Decedent's boyfriend – Plaintiff Dillon Angulo – also a pedestrian, was also struck and injured during the incident. On April 22, 2021, Neima Benavides – Representative of Decedent's Estate ("Plaintiff") – filed the instant action against Tesla, Inc. ("Tesla"). [1] Tesla denies all claims against it. Since filing this case in April of 2019, Plaintiff Neima Benavides has issued zero discovery requests and has taken zero depositions. In contrast, and in an effort to investigate the basis of Plaintiffs' product liability and design defect claims, Tesla has served written discovery requests on Plaintiffs and it has conducted depositions of fact witnesses. As explained in more detail below, Plaintiff Benavides, through her Counsel has failed or refused to respond to Tesla's discovery in good faith and instead has waged a campaign to ignore or dodge its discovery obligations.

### B. History of Discovery Issues

The motion now before the Court arises out of a series of discovery abuses and false promises made by Plaintiff's counsel to respond to four sets of discovery served by Tesla as early as July, 2021. In the interest of efficiency, Tesla attaches its "Memorandum Regarding Hearing on Tesla' s Motion

---

[1] On August 16, 2022, Dillon Angulo filed a separate lawsuit against Tesla, which was consolidated with the instant case on August 31, 2022. For the purposes of this motion, "Plaintiff" shall refer to Plaintiff Neima Benavides only.

to Compel," ("Memorandum") (Attached as Exhibit A) which explains the background of the dispute leading up to November 14, 2022.  On November 14, in an attempt to resolve the issues described in that Memorandum, Plaintiff Neima Benavides and Tesla jointly submitted a stipulated Order compelling certain discovery from Plaintiff no later than December 5, 2022.  The Court entered that stipulated Order on November 14, 2022 as Document 65 (Exhibit B – the "Order").

On December 5, Tesla's Counsel contacted Plaintiff's Counsel, to inquire whether Plaintiff would timely comply with the Order that required Plaintiff to "fully respond in substance and produce any documents responsive to …" Tesla's discovery requests identified in the Order.  Proving once again that Plaintiff or her Counsel had no intention of complying with the Order, Plaintiff's Counsel's response was – again and predictably – that she would need additional time.  Tesla responded that – due to Plaintiff's previous failures to comply with discovery deadlines and the futility of providing Plaintiff more time – that no extension would be given.  Consequently, Plaintiff violated the Order by failing to make any response or production on December 5 as required by the Order.

## C. Plaintiff's Late Discovery Responses and Production

In the week following Plaintiff's December 5 deadline imposed by the Order, Plaintiff served responses to Tesla's First, Second, and Third Requests for Production, and First Requests for Admission.  *See* Exhibits C1 and C-2. In addition to being served after the Court-imposed December 5 deadline, the responses are largely nonresponsive to Tesla's requests and not compliant with the Order

On December 12 – a week after Plaintiff's deadline under the Order – Plaintiff produced 1,750 pages of news articles, social media posts, and lawsuit complaints mentioning Tesla – a vast majority of which do not even reference or relate to the Subject Tesla or the Subject Crash.[2]   With limited

---

[2] A review of the documents produced by Plaintiff indicates that Plaintiff simply produced any document she could get her hands on that mentioned "Tesla" and "Problem," regardless of how attenuated the information contained within was to the issues in this case.

27170172v1
27108780v3

exceptions,[3] a vast majority of Plaintiff's discovery responses failed to provide any indication of which

of the 1,750 documents were responsive to which request.  This has forced Tesla to expend even more

time sifting through Plaintiff's document dump and leaving it to guess which documents were intended

to be responsive to each Request.  In sum, after evading her obligations under FRCP 26, 33, 34 and 36

and the terms of the Order – the terms of which Plaintiff stipulated to in order to fix her earlier

discovery noncompliance and failure to respond to four sets of discovery over the course of nearly two

years -- Plaintiff dumped 1,750 pages of nonresponsive paper on Tesla .[4]

As a result of Plaintiff's discovery abuses, Tesla now requests that this Court enter an order:

(1) striking Plaintiff's untimely objections to Tesla's discovery requests at issue in the Order and

compelling Plaintiff to amend her discovery responses to label which documents (by Bates range) are

responsive to each of Tesla's Requests identified in the Order and to specifically and clearly state that

Plaintiffs have no documents responsive to Tesla's requests where that is case; (2) compelling the

production of Plaintiff's settlement agreement with non-party George McGee, which Plaintiff agreed

to produce under the Parties' Stipulated Order (Dkt. 65); (3) Compelling the production of documents

responsive to Requests 36, 29, 31, and 33 of Tesla's First Requests for Production and Request 2 of

Tesla's Second Requests for Production; (4) striking Plaintiff's Responses to Tesla's Request for

Admission and deeming them as admitted due to Plaintiff's failure to respond to those Requests in a

timely way; (5) amending the scheduling order (Dkt. 10) in the manner described below to remedy the

---

[3] Plaintiff's December 12, 2022 responses to Requests 31 and 33 of Tesla's First Requests for Production and responses to Requests 1, 2, and 6 of Tesla's Second Requests for Production, she did identify specific documents to be produced.  The remaining 12 amended responses generally amounted to the following statement:" Plaintiff will produce under separate cover materials responsive to the foregoing Request and agrees to supplement her response in a timely manner and pursuant to the rules and any orders of the court."  *See, e.g.* Plaintiff's Amended Response to Request 24 of Tesla's First Requests for Production.  Given the sheer number of documents produced, it is unreasonable for Plaintiff to expect Tesla to guess which documents are responsive to which request.

[4] Plaintiff's Counsel also failed to produce a copy of Plaintiff's settlement agreement with at-fault driver McGee, despite agreeing to be bound to an Order compelling her to do so.  Instead, Plaintiff objected that such information was confidential, in what has become a pattern of duplicity.

27170172v1
27108780v3

delays caused by Plaintiff's repeated discovery abuses; and (6) compelling Plaintiff to pay the costs associated with Tesla's efforts to obtain the discovery compelled by the Court's November 14 Order.

## BRIEF IN SUPPORT AND RELIEF REQUESTED

### A. Request to Strike Untimely Objections and Compel Plaintiff to more Specifically Identify Responsive Documents.

To comply with Federal Rule of Civil Procedure 34, a producing party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.  Fed. R. Civ. P. 34(b)(2)(E); s*ee also Ghost Controls, LLC v. Gate1Access LLC*, No. 5:20-CV-288-RBD-PRL, 2021 WL 4033280, at *2 (M.D. Fla. Sept. 3, 2021) ("to comply with [Fed. R. Civ. P. 34], a party must rationally organize its productions, so that the requesting party may readily identify documents … that are responsive to the production requests"); *see also Mizner Grand Condominium Ass'n, Inc. v. Travelers Property Cas. Co. of America*, 270 F.R.D. 698, 700 (S.D. Fla. 2010) (The requirements of Rule 34 are intended to prevent parties from hiding a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents) (internal quotations omitted).

As an initial matter, Plaintiff's untimely response to the Requests in the Order are filled with boilerplate and untimely objections that should be stricken by this Court. A failure to timely respond or object to discovery is a waiver of the later asserted objections. *See, Landfall 2, Inc. v. Datascore-AI, LLC*, Case No. 22-cv-80801, 2022 WL 17815491 at *2 (S.D. Fla. Dec. 15, 2022) (Plaintiff's objections to discovery deemed waived for failing to timely respond to discovery deadline established by court order).

In addition to being late, Plaintiff's production is clearly an abuse of FRCP 34, and has made Tesla's task of reviewing the documents for relevant information unduly burdensome.  A review of the documents indicate that they were pulled from internet search engine results – in other words, they

were not produced as they were kept in the ordinary course of business.  Additionally Plaintiff produced roughly 1,750 pages with little to no identification of which documents were responsive to which of Tesla's Requests.

For example, Request 27 of Tesla's First Request for Production, one of the Requests specifically identified in the Order, obligates Plaintiff to produce documents supporting Plaintiff's allegation that the Subject Tesla contained a design defect.  *See* Exhibit C-1- Request 27 of Tesla's First Requests For Production.  Plaintiff responded that she "will produce under separate cover materials responsive to the foregoing Request and agrees to supplement her response in a timely manner and pursuant to the rules and any orders of the court."  Yet Plaintiff's 1,750-page document was significantly broader than this request.  Among Plaintiff's production included a news story involving an unspecified model Tesla colliding with a semi-truck, with **no reference to how the crash occurred, what model vehicle was involved, whether the at-issue product** (Autopilot) **was even involved, or how generalized hearsay statements in a news story supports Plaintiff's defect allegations**.  *See* BENA001233.  Similarly, Plaintiff produced a news article involving the driver of a Tesla crashing *while manually trying to pass vehicles by entering the opposing lane of traffic*.  1311.  It is difficult to understand how such an incident would be relevant to Tesla's Request, let alone Plaintiff's claims that the vehicle – while in Autopilot mode – failed to prevent collision with a parked vehicle.   Several other articles produce by Plaintiff reference allegations of unintended or "phantom" braking, which Plaintiff clearly does not allege to have occurred during the incident.  *See* BENA000266, 270, 273, 277.  In short, these documents do not support Plaintiff's defect claims in this case.

Similarly, Request 32 of Tesla's First Requests for Production obligates Plaintiff to produce documents related to alternative designs.  Plaintiff responded that she would "produce under separate cover materials responsive to the foregoing Request and agrees to supplement her response in a timely manner and pursuant to the rules and any orders of the court." Exhibit C-1 Plaintiff's Amended

Response to Request 32 of Tesla's First Requests for Production.  As the Court knows, the primary

purpose of the Order compelling production in response to Request 32 (and the other Requests

identified in the Order) is to compel *actual production* or a response from Plaintiff that she has no

responsive documents by the deadline contained in the Order. Yet, Plaintiff produced *no documents*

responsive to Request 32 within her untimely 1,750-page production.

Forcing Tesla to guess which documents are responsive to Requests in the Order imposes an undue

burden on Tesla, is not in compliance with FRCP 34 and it is a violation of the Order.  *See also GHMC*

*Holding Company, Inc. v. Sickle*, No. 3:14CV614/RV/CJK, 2016 WL 7757522, at *5 (N.D. Fla. Feb.

23, 2016) (compelling Plaintiff to identify by Bates number which documents were responsive to each

discovery request).  Moreover, Plaintiff's hollow statement that she will "… supplement her response

in a timely manner and pursuant to the rules and any orders of the court" is not compliance with the

Order that required Plaintiff to "… fully respond and produce any documents … no later than

December 5, 2022" are inadequate, as Plaintiff did neither. Consequently, Tesla requests that this Court

enter an Order compelling Plaintiff to supplement her responses by identifying the Bates range of

documents responsive to each discovery request identified in the Order and to clearly and specifically

state whether Plaintiff has or does not have documents responsive to Tesla's Requests. If Plaintiff does

not have responsive documents, it is long past of the time for Plaintiff to admit that fact.

**B.  Request to Compel Production of Settlement Agreement of McGee.**

The single request in Tesla's Third Requests for Production asked Plaintiff to produce the

settlement agreement Plaintiff executed to resolve her claims with at-fault driver George Brian McGee.

This document is relevant to Tesla's assessment of Plaintiff's damages and apportionment in the event

a verdict is entered against Tesla.  After expressly and *specifically agreeing to an order compelling*

*the production of this document*, Plaintiff reneged and instead served untimely objections to the

request.  In the face of such duplicity, Tesla asks this Court to compel the immediate production of the

requested document.  See *Sirer v, Askoy*, No. 21-CV-22280, 2022 WL 3154184, at *4 (S.D. Fla. Aug. 8, 2022) (awarding sanctions and finding that a party's failure to produce documents it agreed to produce following conferral with opposing counsel – among other things – to be troubling and indicative of an attempt to deliberately frustrate the discovery process).  Tesla challenges Plaintiff's assertion of "confidentiality" over the settlement agreement she agreed to produce but is now refusing to produce. And, as this Court knows, "confidentiality" is not an excuse or exception to compliance with an Order requiring production of the document. However, Tesla is willing to agree to an appropriate protective order that would provide protection to anything in the settlement agreement that may deserve such protection. Plaintiff's Counsel has proposed no such protective order. Instead, Plaintiff or her Counsel has raised this issue in an untimely way to avoid compliance with the Order. The Court should not permit this discovery abuse to continue.

## C. Request to Compel Production of Documents Supporting Plaintiff's Specific Allegations

In response to several Requests that Plaintiff agreed to respond to per the Order, Plaintiff lodged untimely and circle objections to the general effect of "there is so much responsive information that it would unduly burdensome and harassing for her to respond."  For example, Request 2 in Tesla's Second Requests for Production required Plaintiff to produce any media supporting *Plaintiff's specific statement* in her Response to Interrogatory 20 in Tesla's First Interrogatories to Plaintiff that "both the advertising and public relations of Autopilot generally and specifically to George Brian McGee contributed to the subject accident."  Plaintiff objected that:

> Defendant has widely, perpetually and publicly represented its Autopilot suite as unsurpassed in automobile technology, holding it out as Tesla's most desirable feature and teasing consumers with its purported capabilities with such with such a barrage of media posts, tweets, tech events, website blogs and representations **that to collect and produce a comprehensive body of materials containing this claim would be harassing and oppressive, to which Plaintiff objects.**

In other words, in response to Tesla's request that Plaintiff produce the documents that would substantiate Plaintiff's Interrogatory response, Plaintiff made additional unsubstantiated assertions and *refused to produce responsive material* on the basis that there was too much to produce.

As this Court knows, the specific purpose of discovery is to obtain evidence that purportedly substantiates a party's allegations. *See generally, Bishop v. Baldwin*, No. 20-CV-61254, 2020 WL 7320932, at *7 (S.D. Fla. Dec. 10, 2020); *see also State National Insurance Company v. City of Destin*, No. 3:15CV31/MCR/EMT, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015).  Plaintiff cannot make allegations and then refuse to produce the evidence that supports them. Additionally, it is not up to Tesla to read Plaintiff's mind to determine which documents may support Plaintiff's allegations. Plaintiff  has the burden of proof and is the master of her defect theory.  Plaintiff made similar objections to Requests 29 and 31, which required Plaintiff to produce documents supporting *specific allegations Plaintiff made in her Complaint* about the subject product and Plaintiff's failure to warn allegation.  For the reasons stated above, these objections are inappropriate.

Plaintiff made similar objections to Requests 26 and 33 which required Plaintiff to produce information related to lawsuits, claims, or complaints *Plaintiff claimed to be substantially similar to the instant case*, stating that "Defendant has superior access" and that such a request would be unduly burdensome and harassing.  Again, Tesla cannot read Plaintiff's mind to determine which other incidents Plaintiff contends are similar.  Furthermore, if Plaintiff has any information responsive to this request, she cannot evade her obligation to disclose it because simply by objecting that "there is too much information." Courts have universally disapproved of boilerplate objections that compiling and producing responsive information is unduly burdensome. *See Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) (A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with

27170172v1
27108780v3

specific information demonstrating how the request is overly burdensome.)  *See also Democratic Republic of Congo v. Air Capital Group, LLC*, No. 12-CIV-20607, 2018 WL 324976, at \*3 (S.D. Fla. Jan. 8, 2018) (non-party's objection that requests requiring them to "compile extensive materials that will cause undue burden and expense" was inadequate without specific supporting facts).  Mere conclusory statements that a production is unduly burdensome is insufficient.  *Id.*   This is especially true where Tesla's requests are tailored to documents supporting specific allegations made by Plaintiff. Consequently, Plaintiff's objections to Requests 26, 29, 31, and 33 of Tesla's First Requests for Production and Request 2 of Tesla's Second Requests for Production should be stricken and Plaintiff should be required to produce all responsive documents – *as she has already so stipulated in the Parties' Stipulated Order*.

### D.  Request to Strike Plaintiff's RFA Responses and Deem all Admitted

Tesla also Requests that this Court strike Plaintiff's untimely responses to Tesla's Firsts Requests for Admission and deem the Requests admitted because Plaintiff failed to comply with the Order Regarding Plaintiff's Discovery Responses and, in particular, Tesla's Requests for Admissions. *See Malautea v. Suzuki Motor Co., Ltd*, 987 F.2d 1536, 1542 (11th Cir. 1993) ([Rule 37] "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders"); s*ee also Landfall 2, Inc. v. Datascore-AI, LLC*, Case No. 22-cv-80801, 2022 WL 17815491 at \*2 (S.D. Fla. Dec. 15, 2022) (Plaintiff's objections to discovery deemed waived for failing to timely respond to discovery deadline established by court order).  Since being served with Tesla's Requests for Admissions on February 15, 2022, Plaintiff or her Counsel have deliberately violated their obligations to respond under Fed. R. Civ. P.  36. Simply put, Plaintiff ignored Tesla's Requests for Admissions for ten months only to make and then fail deliver on several assurances made that she would provide full and substantive responses (See Exhibit A).  Most recently, Plaintiff violated the deadline imposed by the Order *to which she stipulated to*.  This Court should not permit such conduct to go unpunished

and given the history of Plaintiff's discovery abuse the only fair remedy is for the Court to enter an Order consistent with the terms of FRCP 36(a)(3) which provide in pertinent part: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." The record is clear that Plaintiff failed to response as required by FRCP 36 and this Court's Order that required Plaintiff to response by December 5, 2022.

### E.  Request for Amendment to Scheduling Order

The primary and obvious purpose of Tesla's Requests set out in the Order is for Tesla to complete discovery about Plaintiff's basis (or lack thereof) for her product defect allegations as the parties approach expert disclosure and report submission deadlines.   As discussed above, Plaintiff has simply evaded her obligations under the FRCP and under the Order that she agreed. In doing so Plaintiff and her Counsel have caused a significant delay in Tesla's ability to conduct discovery which has unfairly prejudiced Tesla ability to defend this case and to meet expert related deadlines under the current Scheduling Order.  Tesla is now faced with a January 24, 2023 expert disclosure deadline, yet Plaintiff has produced almost nothing substantive in response to Tesla's discovery Requests and the Order.

Plaintiff's 1,750-page production, which is almost entirely comprised of news articles, unrelated lawsuit complaints, and blog posts would generally be considered hearsay and lack reliability under the Federal Rules of Evidence.  *See Fed. R. Evid.* 401 and 701.  It is hard for Tesla to believe that such a production contains the evidence Plaintiff's own experts intend to rely on at trial.  *See Parrish v. Freightliner*, LLC, 471 F. Supp. 2d 1262, 1270 (M.D. Fla. 2006) (granting motion to Defendant's stay discovery and admonishing Plaintiff's "hide the ball" tactics).  Plaintiff has the burden of proof, yet her actions have deprived Tesla's experts of an opportunity to properly assess Plaintiff's defect allegations in a manner that would allow them to properly respond to them by January

24.   Furthermore, as exhibited by her conduct necessitating this motion, Plaintiff has given Tesla no

reason to trust in her ability to prevent future delay.  For these reasons, and for the reasons stated

throughout this Motion, Tesla respectfully requests that this Court Amend the current scheduling order

(Dkt. 10) as follows (proposed deadlines in **bold**):

- Deadline for parties to disclose experts- January 24, 2023

- **New deadline for the disclosure of Tesla's experts only- March 1, 2023**

- Deadline to conclude fact and expert discovery: February 21, 2123

- **New deadline: March 28, 2023.**

- Deadline for dispositive motions, *Daubert* motions, and motions *in limine*: March 15, 2023.

- **New deadline: April 21, 2023.**

Tesla also requests that this Court enter an Order: (i) striking Plaintiff's untimely objections to Tesla's

discovery Requests identified in the Order; (ii) requiring Plaintiff to supplement her responses in full

compliance with FRCP 34 (iii) compelling Plaintiff to produce an unredacted copy of her settlement

agreement with George McGee; (iv); and striking Plaintiff's objections and compelling the production

of documents responsive to Requests 36, 29, 31, and 33 of Tesla's First Requests for Production and

Request 2 of Tesla's Second Requests for Production deeming admitted Tesla's Requests for

Admission within 7 days of entry of this Court's Order on this Motion.

**F.  Request for Costs and Fees**

Where a party fails to obey an Order to provide or permit discovery, the court *must* order the

disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure,

unless the failure was substantially justified.  Fed. R. 37(b)(2); *see also; Soto v. Miami-Dade County*,

281 F.Supp. 3d 1320-1323 (S.D. Fla. 2017); *see also Diaz v. Drs. Best Weight Loss & Wellness Ctr.,*

*LLC*, No. 21-CV-22386, 2022 WL 1012894, at *2 (S.D. Fla. Apr. 5, 2022*).  "In addition, the Court

27170172v1
27108780v3

has inherent powers to impose sanctions to ensure the orderly and expeditious disposition of cases where a party's conduct disrupts or impairs the judicial process." *See Spikes v. Schumacher Auto Group, Inc.*, Case No. 21-81223-CIV, 2022 WL 17601552 at *3 (S.D. Fla. Dec. 13, 2022); *see also Bankatlantic v. Blythe Paine Webber, Inc.* 130 F.R.D. 153, 155 (S.D. Fla. 1990) (enforcement of sanctions order was necessary to serve the punishment and deterrence goals of the rule and to vindicate the integrity of the Court and discovery process). *see also National Hockey Leaguue v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).  In this case, Plaintiff and her Counsel have exhibited a pattern of evading their discovery obligations. This pattern has been repeated by Plaintiff or her Counsel for over a year and a half.  Tesla has served four sets of discovery carefully tailored to Plaintiff's allegations.  As this Court knows well, the Federal Rules of Civil Procedure imposed substantive obligations and deadlines on Plaintiff in terms of her responses to Tesla's discovery.  Yet Plaintiff or her Counsel have ignored those obligations and, most recently, they have ignored the obligations and deadlines imposed by an order *to which Plaintiff specifically stipulated*.

Since initially serving discovery in July of 2021, Counsel for Tesla has spent over 121 hours attempting to obtain discovery from Plaintiff.[5]  Plaintiff's repeated discovery abuse (i.e., failure to timely respond to discovery, failure to engage in good faith meet and conferral about discovery, service of non-responsive discovery answers and, most recently, violation of a stipulated discovery Order) has caused Tesla and this Court to expend unnecessary resources in an attempt to resolve these issues. Additionally, Plaintiff's Counsel's numerous unkept promises to produce the requested discovery have caused Tesla to remove the issue from the Court's docket three times in the vain hope that Plaintiff would comply. Plaintiff and her Counsel have not complied and their repeated failure or refusal to comply is proof that they will not comply without sanctions by this Court.  As a result of these repeated

---

[5] Tesla will produce – prior to a hearing on these issues – a summary of costs incurred in compliance with relevant Southern District of Florida local rules in support of its requests for costs and fees.

27170172v1
27108780v3                                          13

discovery abuses, Tesla asks this court to compel Plaintiff to compensate it for these unnecessary expenses necessitated by Plaintiff's actions.

## CONCLUSION

**WHEREFORE**, for the reasons stated above, Tesla respectfully requests that this honorable Court grant the relief requested above.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that Tesla made a reasonable attempt to meet and confer via email on December 5 and 9, 2022, but were unable to resolve the issues presented in this motion.

Further attempts to meet and confer regarding the substance of Plaintiff's production were made on December 30, 2022 and January 3, 2023, however, the parties could not resolve the issues. In light of the issues described in this Motion and due to the deadlines established by the local rules related to discovery dispute motions, Tesla was forced to file this Motion on January 3.  Based on their meet and confer conversation on January 3, the Parties contemplate pursuing additional attempts to resolve these issues prior to setting the motion for hearing.

Date:                              Respectfully submitted,

By:  /s/ Henry Salas
     HENRY SALAS (815268)
     COLE SCOTT & KISSANE
     9150 S Dadeland Blvd Ste 1400
     Miami, FL 33156-7855
     Office: 786-268-6419
     Fax: 305-373-2294
     henry.salas@csklegal.com

     - and –

THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
BOWMAN AND BROOKE LLP

41000 Woodward Avenue

Suite 200 East

Bloomfield Hills, MI 48304

248.205.3300 / 248.205.3399 fax

thomas.branigan@bowmanandbrooke.com

drew.branigan@bowmanandbrooke.com

***Attorneys for Defendant TESLA, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 3rd, 2023, I electronically file the foregoing paper with the Clerk

of the Court using the ECF system which will send notification of such filing to the following:

ADAM T. BOUMEL, ESQ.
Florida Bar No.: 0110727
DARREN J. ROUSSO, ESQ.
Florida Bar No.: 97410
THE ROUSSO, BOUMEL LAW FIRM,
PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669
Adam@roussolawfirm.com
SERVICE EMAILS:
pleadings@roussolawfirm.com
(primary)
Frank@roussolawfirm.com
(secondary)

*Attorneys for Plaintiff Dillon Angulo*

Todd Poses, Esquire
Florida Bar No.: 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street Suite 1600
Miami, Florida 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

Respectfully submitted,

By: /s/_Henry Salas_____
HENRY SALAS (815268)
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 786-268-6419
Fax: 305-373-2294
henry.salas@csklegal.com

- and –

THOMAS P. BRANIGAN (Admitted Pro Hac Vice)
DREW P. BRANIGAN (Admitted Pro Hac Vice)
BOWMAN AND BROOKE LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax

thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**Attorneys for Defendant TESLA, Inc.**