# EXHIBIT C-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a. Tesla Florida, Inc.,

    Defendant.
_____/

# PLAINTIFF'S AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION, SET ONE

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 and the order of this Court, Plaintiff, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, by and through its undersigned counsel, serves on Defendant, Tesla, Inc., a/k/a Tesla Florida, Inc., ("Tesla") Plaintiff's Amended and Supplemental Responses to Defendant Tesla's First Set of Requests for Production, Numbers 24, 26, 27, 28, 29, 30, 31, 32, and 33, as follows:

**REQUEST NO. 24.** All relevant official publications that you claim are relevant to this suit, including those that may be offered at trial.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is vague and ambiguous, overly broad and unduly burdensome. "Official publications" is entirely unclear and undefined such that Plaintiff has no way of knowing what materials are sought by this Request. Further and without waiver of the foregoing, this Request for Production appears to seek inquiry into thought processes and research of Plaintiff's counsel and counsel's consultation with unretained experts and as such invades the attorney work product privilege. Additionally, Plaintiff and her counsel have not yet determined what materials may be offered at trial, thus this Request is premature.

Without waiver of the foregoing, Plaintiff will produce under separate cover materials responsive to the foregoing Request and agrees to supplement her response in a timely manner and pursuant to the rules and any orders of the court.

**REQUEST NO. 26.** Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit, including, but not limited to pleadings, discovery responses and deposition transcripts.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome. As Defendant is no doubt aware, the incident giving rise to this litigation has generated significant national media attention which has in many instances made reference to similar incidents which in turn have spawned lawsuits and claims, and in fact similar incidents have occurred globally. Plaintiff is therefore unable, by the sheer volume and wide reach, to collect "any and all documents relating to" such incidents. Further, as concerns "pleadings, discovery responses and deposition transcripts" relative to "lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle", Defendant has superior access to such materials, and to ask Plaintiff to produce same is unduly burdensome and harassing, to which Plaintiff objects. In addition and without waiver of the foregoing, this Request for Production appears to seek inquiry into thought processes and research of Plaintiff's counsel and counsel's consultation with unretained experts and as such invades the attorney work product privilege.

However, without waiver of the foregoing, Plaintiff is producing under separate cover a collection of news articles and other materials referencing substantially similar incidents resulting in claims, litigation, and complaints of injury or death involving Teslas which have failed to recognize obstacles, stopped vehicles, pedestrians, traffic signs and signals. As discovery is ongoing and as substantially similar incidents involving Teslas continue to give rise to other lawsuits, claims, and/or complaints of injury, Plaintiff reserves the right to supplement this response in a timely manner.

**REQUEST NO. 27.** All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle contained a design defect as alleged in Paragraphs 18, 19 of Plaintiff's Complaint.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome. Investigation and discovery are still ongoing in this matter. Plaintiff will rely on her attorneys' expertise, knowledge, and their continued investigation, research and discovery, which is not yet complete. In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be

produced. At present, Plaintiff is not withholding any privileged material. To the extent that this Request seeks material not protected by privilege and without waiver of the foregoing, Plaintiff will produce under separate cover materials responsive to the foregoing Request and agrees to supplement her response in a timely manner and pursuant to the rules and any orders of the court.

**REQUEST NO. 28.** All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately monitor and determine driver-engagement as alleged in Paragraph 23 of Plaintiff's Complaint.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome. Investigation and discovery are still ongoing in this matter. Plaintiff will rely on her attorneys' expertise, knowledge, and their continued investigation, research and discovery, which is not yet complete. In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged material.

Without waiver of the foregoing, Plaintiff is producing under separate cover a collection of news articles, studies and other materials which discuss Tesla's minimal monitoring of driver engagement, compared to those safeguards found in other vehicles. Plaintiff reserves the right to supplement this response in a timely manner.

**REQUEST NO. 29.** All documents or records containing any facts or any other matter upon which you base your contention that Tesla's Autopilot system failed to adequately determine stationary objects in front of the vehicle as alleged in Paragraph 24 of Plaintiff's Complaint.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome. As Defendant is no doubt aware, the incident giving rise to this litigation has generated significant national media attention which has in many instances made reference to similar incidents in which the Autopilot system failed to adequately determine stationary objects in front of the vehicle. Many of those incidents have given rise to claims and litigation, and in fact similar incidents have occurred globally. Plaintiff is therefore unable, by the sheer volume and wide reach, to collect "any and all documents or records" on which Plaintiff bases this contention. Investigation and discovery are still ongoing in this matter. Plaintiff will rely on her attorneys' expertise, knowledge, and their continued investigation, research and discovery, which is not yet complete. In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at

which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged material.

However, without waiver of the foregoing, Plaintiff is producing under separate cover a collection of news articles and other materials referencing substantially similar incidents resulting in claims, litigation, and complaints of injury or death involving Teslas which have failed to recognize obstacles, stopped vehicles, pedestrians, traffic signs and signals. As discovery is ongoing and as substantially similar incidents continue to occur, Plaintiff reserves the right to supplement this response in a timely manner.

**REQUEST NO. 30.** All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle's Autopilot system failed to include safety components which would keep the vehicle only in designated travel lanes, reasonably match vehicle speed to traffic conditions, keep the vehicle within its lane, and provide active automatic collision avoidance and automatic emergency braking in a manner which would detect objects the car might impact and apply the brakes so as to avoid impact with such objects as alleged in Paragraph 25 of Plaintiff's Complaint.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome. Investigation and discovery are still ongoing in this matter. Plaintiff will rely on her attorneys' expertise, knowledge, and their continued investigation, research and discovery, which is not yet complete. In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged material.

However, without waiver of the foregoing, Plaintiff is producing under separate cover a collection of news articles, studies and other materials referencing substantially similar incidents resulting in claims, litigation and complaints of injury or death involving Teslas which, while on Autopilot, have failed to remain in designated travel lanes, failed to reasonably match vehicle speed to traffic conditions, failed to keep the vehicle within its lane, and failed to provide active automatic collision avoidance and automatic emergency braking in a manner which would detect objects the car might impact and thus apply the brakes so as to avoid impact with such objects. As discovery is ongoing, Plaintiff reserves the right to supplement this response in a timely manner.

**REQUEST NO. 31.** All documents or records containing any facts or any other matter upon which you base your contention that Tesla failed to warn of the potential risks and dangers inherent in the operation and use of a Tesla vehicle with autopilot engaged as alleged in Paragraphs 35 and 36 of Plaintiff's Complaint.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome. As Defendant is no doubt aware, however, Tesla's technoking Elon Musk has consistently and unflaggingly boasted that Teslas are the safest vehicles on the road, and in his public statements has made the Autopilot suite the underlying basis for that assertion. It appears in fact that Tesla, in statements to the general public and ordinary consumer, makes no warnings whatsoever that there are potential risks and dangers inherent in the use of Autopilot. Nonetheless, there are at this writing scores of active claims and lawsuits against Tesla alleging incidents of collisions, injuries and deaths occurring during Autopilot engagement. Plaintiff is therefore unable, by the sheer volume and wide reach, to collect "all documents or records" on which Plaintiff bases this contention. Investigation and discovery are still ongoing in this matter. Plaintiff will rely on her attorneys' expertise, knowledge, and their continued investigation, research and discovery, which is not yet complete. In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged material.

Without waiver of the foregoing, however, Plaintiff is producing under separate cover a collection of news articles, studies, complaints, and other materials substantiating Plaintiff's contention, including the deposition transcript of George Brian McGee, driver of the Subject Vehicle, wherein he testifies that a) he was not warned of such potential risks and dangers, b) that he was not advised by Tesla or its representatives to read or review the Owner's Manual, c) that he wouldn't have bought the Autopilot suite if he was told it didn't work, and d) that he considered caveats contained in the Owner's Manual once they were pointed out to be, effectively, "CYAs". As discovery is continuing, Plaintiff reserves the right to supplement this response in a timely manner.

**REQUEST NO. 32.** Any and all documents of any manufacturer that you or any of your expert witnesses contend are relevant to Plaintiff's claims.

**RESPONSE:** Investigation and discovery are still ongoing in this matter. Plaintiff will rely on her attorneys' expertise, knowledge, and their continued investigation, research and discovery, which is not yet complete. In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Further, Plaintiff has not yet ascertained whom she may identify as testifying expert witnesses, so accordingly, this Request is premature. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged material.

Without waiver of the foregoing, Plaintiff will produce under separate cover materials responsive to the foregoing Request and agrees to supplement her response in a timely manner and pursuant to the rules and any orders of the court.

**REQUEST NO. 33.**  Any documents, reports, photographs, or videos referencing incidents you purport to be similar to the Subject Incident.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad and unduly burdensome.  As Defendant is no doubt aware, the incident giving rise to this litigation has generated significant national media attention which has in many instances made reference to similar incidents which in turn have spawned lawsuits and claims, and in fact similar incidents have occurred globally.  Plaintiff is therefore unable, by the sheer volume and wide reach, to collect "any documents, reports, photographs, or videos referencing" such incidents.  In addition and without waiver of the foregoing, this Request for Production appears to seek inquiry into thought processes and research of Plaintiff's counsel and counsel's consultation with unretained experts and as such invades the attorney work product privilege.

However, without waiver of the foregoing, Plaintiff is producing under separate cover a collection of news articles, studies, complaints and other materials referencing substantially similar incidents.  As discovery is ongoing and as substantially similar incidents continue to occur, Plaintiff reserves the right to supplement this response in a timely manner.

DATED this 12th day of December, 2022

POSES & POSES, P.A.
Alfred I. DuPont Building
169 East Flagler Street
Suite 1600
Miami, FL 33131
(305) 577-0200 Telephone
(305) 371-3550 Facsimile
tposes@posesandposes.com

/s/Todd Poses
TODD POSES, ESQ.
FBN: 0075922

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of December 2022, a true and correct copy of the foregoing was served upon the following parties via electronic mail.

Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, Michigan 48304
Tel: (248) 201-3300
Fax: (248) 205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

Henry Salas
COLE, SCOTT & KISSANE, P.A.
FBN: 815268
9150 South Dadeland Boulevard
Dadeland Centre II – Suite 1400
Miami, Florida 33156
Tel: (786) 268-6419
Fax: (305) 373-2294
henry.salas@csklegal.com

Attorneys for Defendant

    /s/Todd Poses_____
    TODD POSES, ESQ.
    FBN: 0075922

# EXHIBIT C-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

    Plaintiff,

vs.

TESLA, INC. a/k/a TESLA FLORIDA, INC.

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**SECOND REQUEST FOR PRODUCTION**

    **COMES NOW** the Plaintiff, NEIMA BENAVIDES, Personal Representative of the Estate of NAIBEL BENAVIDES LEON, deceased, by and through her undersigned counsel, and in response to Defendant, TESLA, INC., Second Request for Production dated February 15, 2022, would state as follows:

1. In response to paragraph one, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

2. In response to paragraph two, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

3. In response to paragraph three, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers

4. In response to paragraph four, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

5. In response to paragraph five, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

6. In response to paragraph six, at present, the investigation is incomplete and cannot be provided. And, as a new case was file by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

7. In response to paragraph seven, at present, the investigation is incomplete and cannot be provided. And, as a new case was file by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

8. In response to paragraph eight, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

9. In response to paragraph nine, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23 day of August, 2022, I served the foregoing document via e-mail to the following:

Thomas P. Brannigan
Drew P. Brannigan
Bowman and Brooke, LLP
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
thomas.brannigan@bowmanandbrooke.com
drew.brannigan@bowmanandbrooke.com

Henry Salas
9150 S. Dadeland Blvd.
Suite 1400
Miami, FL 33156
(786) 268-6419
henry.salas@csklegal.com

POSES LAW GROUP, P.A.
Alfred I. Dupont Building
169 E. Flagler Street
Suite 1600
Miami, FL 33130
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@poseslawgroup.com
maria@poseslawgroup.com

/s/ Todd Poses
TODD POSES, ESQUIRE
FBN: 0075922

# EXHIBIT C-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

Civil Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,
v.

TESLA, INC., a/k/a. Tesla Florida, Inc.,

    Defendant.
_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION, SET THREE

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 and the order of this Court, Plaintiff, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, by and through its undersigned counsel, serves on Defendant, Tesla, Inc., a/k/a Tesla Florida, Inc., ("Tesla") Plaintiff's Responses to Defendant Tesla's Third Set of Requests for Production, as follows:

**REQUEST NO. 1.**     Please produce an unredacted copy of the settlement agreement you made to resolve any claims against George McGee arising out of the Subject Incident, which is referenced in the transcript of the May 17, 2022 Deposition of Lilia M. Leon Jimenez Benavides at Page 35:22-23; 36:17-20.

**RESPONSE:**  Plaintiff is unable to produce the settlement agreement documents resolving claims against George McGee for the reason that they are protected by a confidentiality agreement between the parties, and Mr. McGee has not authorized their release to other parties.  Accordingly, documents responsive to this Request are not within Plaintiff's control.

DATED this 12th day of December, 2022     POSES & POSES, P.A.
                                          Alfred I. DuPont Building
                                          169 East Flagler Street
                                          Suite 1600
                                          Miami, FL 33131
                                          (305) 577-0200 Telephone
                                          (305) 371-3550 Facsimile
                                          tposes@posesandposes.com

                                          /s/Todd Poses_____
                                          TODD POSES, ESQ.
                                          FBN: 0075922

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of December 2022, a true and correct copy of the foregoing was served upon the following parties via electronic mail.

Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, Michigan 48304
Tel: (248) 201-3300
Fax: (248) 205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

Henry Salas
COLE, SCOTT & KISSANE, P.A.
FBN: 815268
9150 South Dadeland Boulevard
Dadeland Centre II – Suite 1400
Miami, Florida 33156
Tel: (786) 268-6419
Fax: (305) 373-2294
henry.salas@csklegal.com

Attorneys for Defendant

                                           /s/Todd Poses_____
                                           TODD POSES, ESQ.
                                           FBN: 0075922

# EXHIBIT C-4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

      Plaintiff,

vs.

TESLA, INC. a/k/a TESLA FLORIDA, INC.

      Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST SET OF REQUESTS FOR ADMISSIONS**

**COMES NOW** the Plaintiff, NEIMA BENAVIDES, Personal Representative of the Estate of NAIBEL BENAVIDES LEON, deceased, by and through her undersigned counsel, and in response to Defendant, TESLA, INC., First Set of Requests for Admissions dated February 15, 2022, would state as follows:

1. In response to paragraph one, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

2. In response to paragraph two, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

3. In response to paragraph three, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

4. In response to paragraph four, at present, the investigation is incomplete and cannot be provided. And, as a new case was filed by Dylan Angulo which is the same accident and as such, liability investigations and theory, it is premature to provide complete answers.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2022, I served the foregoing document via e-mail to the following:

Thomas P. Brannigan
Drew P. Brannigan
Bowman and Brooke, LLP
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
thomas.brannigan@bowmanandbrooke.com
drew.brannigan@bowmanandbrooke.com

Henry Salas
9150 S. Dadeland Blvd.
Suite 1400
Miami, FL 33156
(786) 268-6419
henry.salas@csklegal.com

        POSES LAW GROUP, P.A.
        Alfred I. Dupont Building
        169 E. Flagler Street
        Suite 1600
        Miami, FL 33130
        (305) 577-0200 Tel
        (305) 371-3550 Fax
        tposes@poseslawgroup.com
        maria@poseslawgroup.com

        /s/ Todd Poses
        TODD POSES, ESQUIRE
        FBN: 0075922