UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.
_____/

DILLON ANGULO,                              Case No.: 22-cv-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER
REQUIRING EXPEDITED RESPONSE AND MOTION FOR CONTINUANCE**

Tesla, Inc. ("Tesla"), through its undersigned counsel, responds to Plaintiff Neima Benavides' Motion for Relief from Order Requiring Expedited Response and Motion for Continuance (Plaintiff's Motion for Relief) and for the reasons stated below, states that this honorable Court should DENY Plaintiff's Motion for Relief in its entirety:

**BACKGROUND**

This automotive product liability case arises out of an incident that occurred on April 15, 2019 (the "Subject Incident"). On that day, Decedent Naibel Benavides, a pedestrian, was struck and killed by a 2019 Tesla Model S (the "Subject Vehicle"), which was operated by George

1

McGee. Decedent's boyfriend – Plaintiff Dillon Angulo – also a pedestrian, was also struck and injured during the incident. On April 22, 2021, Neima Benavides – Representative of Decedent's Estate ("Plaintiff") – filed the instant action against Tesla, Inc. ("Tesla"). Tesla denies all claims against it.

The issues now before this Court stem from Tesla's Motion to enforce this Court's Order Regarding Plaintiff's Discovery Responses and for Sanctions (Dkt. 68). Tesla attaches that Motion as Exhibit A, and re-incorporates it for background, as well as it prior Motions to compel discovery from Plaintiff Benavides. *See* Exhibit A to Dkt. 68- Tesla's October 27, 2022 Memorandum Regarding Discovery Dispute Hearing; *see also* Tesla's August 9, 2022 Memorandum Regarding August 16 Discovery Dispute Hearing, attached hereto as Exhibit B. As discussed in that Motion, since filing this case in April of 2019, Plaintiff Neima Benavides has issued zero discovery requests and has taken zero depositions. In contrast, and in an effort to investigate the basis of Plaintiffs' product liability and design defect claims, Tesla has served written discovery requests on Plaintiffs and it has conducted depositions of fact witnesses. As explained in more detail in Tesla's Motion (Dkt. 68) and corresponding exhibits, Plaintiff Benavides, through her Counsel has failed or refused to respond to Tesla's discovery in good faith and instead has waged a campaign to ignore or dodge its discovery obligations that has endured for <u>more than a year</u>.

On January 4, 2022 this Court issued a paperless Order Requiring Plaintiff Benavides to file an Expedited Response by January 9 to [68] Motion to Compel Plaintiff's Responses to Tesla's Discovery Motion to Enforce Order Regarding Plaintiff's Discovery Responses and for Sanction (Order Requiring Expedited Response). Plaintiff responded by filing a Motion for Relief from Order Requiring Expedited Response and Motion for Continuance (Dkt. 69) on January 6, 2023.[1]

---

[1] Plaintiff did not attempt to confer with Tesla prior to filing her Motion for Relief, despite having an obligation to do so under Local Rule 7.1(a)(3).

Plaintiff's Motion for Relief is merely a continuation of her failure to participate in discovery in this case. Plaintiff's Motion for Relief is non-responsive to the issues raised by Tesla's Motion to Compel and for Sanctions and it fails to comply with this Court's Order of January 4 that required a response to Tesla's Motion by January 9, 2023. For these reasons – which are discussed in more detail below – this Court should DENY Plaintiff's motion in its entirety.

## ARGUMENT

Plaintiff's Motion for Relief fails to explain, in any way, why Plaintiff failed to comply with this Court's Order of November 14, 2022 – an Order Plaintiff stipulated to as a tactic to avoid an earlier Motion to Compel discovery filed by Tesla. Plaintiff's Motion for Relief cites no law or authority of any sort to support her request, nor does Plaintiff provide any "good faith" reason for her refusal to cooperate in discovery. *See, eg.* Fed. R. Civ. P. 37(b)(2); *see also Soto v. Miami-Dade County*, 281 F.Supp.3d 1320, 1323 (S.D. Fla. 2017) (if a party fails to obey an order to provide or permit discovery . . . the court must order the disobedient party to pay the reasonable expenses caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust). To the contrary – and as explained in Tesla's Motion to Enforce the Court's Order and its prior Motions to Compel – Plaintiff has done little other than delay the litigation of the issues since this case was filed. *See* Exhibit A to Dkt. 68; *see also* Exhibit B- Tesla's August 9, 2022 Memorandum Regarding August 16 Discovery Dispute Hearing.

Furthermore, Plaintiff's Motion for Relief also fails to explain how providing Plaintiff Benavides additional time will be beneficial to the resolution of these issues. As stated above, despite having ample to time conduct discovery of her own, Plaintiff has initiated none. Instead of doing the work to discover a basis for her case, Plaintiff tried to stall the case with a Motion for

3

Stay – which this Court denied in April 2022 (*see* Dkt. 39) – and she has done her best to dodge Tesla's discovery requests. Tesla has removed these issues – its prior Motions to Compel - from the docket <u>three times based on assurances made by Plaintiff's Counsel</u> in an effort to secure a resolution without court intervention.  *See* Exhibit A at pg. 13; *see also*  Exhibit A to Dkt. 68.  Each time, Plaintiff was granted additional time to remedy the discovery-related issues before the Court.  However – as illustrated in Tesla's multiple Motions – Plaintiff failed to remedy the issues each time only to shirk her obligations under the federal rules and an Order <u>to which she stipulated</u>.  Additionally, since filing its Motion, Tesla and Plaintiff's counsel have already conferred and discussed the issues outlined in the correspondence attached in Plaintiff's Motion for Relief from Order.  While Tesla is always willing to confer in good faith to resolve discovery disputes, Tesla has already communicated to Plaintiff that the proposed correspondence does not fully resolve the issues laid out in Tesla's Motion to Enforce Order (which even Plaintiff partially admits in her Correspondence).   *See* Correspondence Attached to Plaintiff's Motion for Relief at ¶3.  Furthermore, as of the filing of this Reply, Plaintiff has failed to follow through on any of the assurances made during the Parties meet and confer discussions or outlined in Plaintiff's Correspondence.[2]  Simply put, Plaintiff has failed to provide Tesla or this Court any reason why additional time will remedy the issues laid out in Tesla's motion.

---

[2] Plaintiff did serve an "Amended Response to Tesla's Requests for Admissions" on January 6, 2023.  However, as Tesla communicated in a detailed back and forth with Plaintiff during their meet and confer, Tesla strongly disagrees with the substance of Plaintiff's Responses, and further believes that Tesla's Requests should be deemed admitted because of Plaintiff's failure to serve timely responses to those, and her general failure to comply with her discovery obligations and a Court Order.  Plaintiff's January 6 Amended Responses do not rectify any of these issues or eliminate prejudice. To the contrary, they continue Plaintiff's effort to dodge.

Additionally, on Sunday, January 8, 2023, Plaintiff served an index related to her late document production in response to the Order that required her production by December 5, 2022.  While this index connects the documents produced to specific discovery requests served by Tesla, it does not change the fact that most of the documents produced are unresponsive to Tesla's discovery requests.  Furthermore, this index – which was necessary to rectify the organizational deficiencies, (i.e., non-compliance with FRCP 34(b)(2)(E)(i)) inherent in Plaintiff's late production - was served a month after Plaintiff's deadline to comply with the <u>stipulated</u> discovery Order, and only after a motion to compel was filed by Tesla.

Contrary to the claim in Plaintiff's Motion for Relief, Plaintiff Benavides was not "required to file a lawsuit as a result of the wrongful death" that was admittedly caused by Tesla driver Mr. McGee – with whom Plaintiff already settled. *See* Exhibit C- January 21, 2022 Deposition of Florida Highway Patrol Corporal David Riso at 67:10-68:19. However, once she filed her lawsuit (nearly two years ago), Plaintiff was obligated to comply with FRCP 26 and this Court's Orders. She has failed to comply with either, has obstructed Tesla's ability to conduct discovery, and has essentially done nothing other than seek continuances.

Plaintiff's referral to her "Motion for a Stay" – which was denied by this Court over 8 months ago in April 2022 – also does not excuse her violations. *See* Dkt. 39. As part of that denial, Plaintiff was granted more time to conduct discovery. However, since that time, Plaintiff has conducted NO discovery. Instead, in the 8 months since Plaintiff's Motion for a Stay was denied, Plaintiff has failed or refused to respond to Tesla's discovery requests, leading this Court to enter an Order compelling Plaintiff to respond. As explained in Tesla's pending Motion to Compel and for Sanctions, Plaintiff violated that Order by not responding as required by the Order.

Plaintiff's claim that she has "recently retained Don Slavik and Elise Sanguinetti" as her "co-counsel" does not explain or excuse Plaintiff's failure or refusal to comply with an Order compelling discovery. Plaintiff has been litigating this case with counsel since it was filed on April 23, 2021. As Tesla pointed out in its October 27, 2022 Memorandum Regarding the Parties Discovery Dispute,[3] Plaintiff has failed to demonstrate why she was unable to litigate, conduct discovery, or comply with her discovery obligations in the nearly two years since filing this case.

The fact Tesla has not yet tried a case involving its "Autopilot" technology also does not

---

[3] This motion was removed from the docket based on assurances made by Plaintiff that she would stipulate to an Order and comply with her discovery obligations – the same Order which Tesla's pending Motion (Dkt. 68) now seeks to enforce due to Plaintiff's failure to comply.

excuse Plaintiff's failure or refusal to comply with an Order compelling discovery. As this Court explained at the Parties' hearing on Plaintiff's motion to stay, there is no reason why concurrent investigations or litigation of similar issues cannot proceed. *See also* Dkt. 35- Tesla's Response to Plaintiff's Motion for Stay. Plaintiff has provided no reason as to how this has inhibited her from conducting discovery or litigating this case.

Plaintiff's history of discovery non-compliance in this case has unfairly prejudiced Tesla as explained in Tesla's Motion and Plaintiff's Motion for Relief is yet another example of Plaintiff's attempt to dodge her responsibilities under FRCP 26. Even if this Court were to amend the schedule in this case, Tesla has already expended and continues to expend resources and time to obtain discovery that was served on Plaintiff as early as 2021. Furthermore, Plaintiff's <u>repeated</u> failure to comply with <u>her own assurances</u> to Tesla has eroded the Parties' ability to litigate cooperatively in this case. Barring additional relief, there is nothing preventing the parties from encountering these same issues later on in this case. Plaintiff cannot argue that no prejudice has resulted from her actions.

## **CONCLUSION**

**WHEREFORE,** Tesla states that Plaintiff's Motion for Relief fails to comply with this Court's January 4, 2023 Order (Dkt. 65), and requests that this honorable Court DENY Plaintiff's Motion for Relief in its entirety and GRANT Tesla's Motion to Enforce Dkt. 65 and for Sanctions.

Respectfully Submitted,

BOWMAN AND BROOKE LLP

/s/ _____
Thomas P. Branigan (*Pro Hac Vice*)

        Drew P. Branigan (*Pro Hac Vice*)
        41000 Woodward Ave., Suite 200 East
        Bloomfield Hills, Michigan 48304
        (248) 201-3300
        thomas.branigan@bowmanandbrooke.com
        drew.branigan@bowmanandbrooke.com

*and*

COLE, SCOTT & KISSANE, P.A.

*/s/ Henry Salas*
Henry Salas
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156
(786) 268-6419
henry.salas@csklegal.com

Attorneys for Defendant, *Tesla, Inc.*

Dated: January 9, 2023

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 9, 2023, a copy of **this Pleading** was served by electronic mail to the following counsel of record:

Adam T. Boumel, Esq.
Rousso Boumel Law Firm, PLLC
9350 S. Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669
adam@roussolawfirm.com
Attorney for Plaintiff, *Dillon Angulo*

Todd Poses, Esq.
Poses & Poses, P.A.
169 East Flagler Street
Suite 1600
Miami, Florida 33131
(305) 577-0200
tposes@posesandposes.com
maria@posesandposes.com
Attorneys for Plaintiff, *Neima Benavides*

BOWMAN AND BROOKE LLP

*/s/*
Thomas P. Branigan (*Pro Hac Vice*)
Drew P. Branigan (*Pro Hac Vice*)
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, Michigan 48304
(248) 201-3300
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

*and*

COLE, SCOTT & KISSANE, P.A.

*/s/ Henry Salas*
Henry Salas
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156
(786) 268-6419

henry.salas@csklegal.com

Attorneys for Defendant, *Tesla, Inc.*