UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.

_____/

**PLAINTIFF, DILLON ANGULO'S, MOTION TO CONTINUE TRIAL**

    Plaintiff, DILLON ANGULO, by and through his undersigned counsel and pursuant to Local Rule 7.6, hereby respectfully moves for a continuance of trial in this matter as well as a re-setting of all pre-trial deadlines, and states as follows:

    1.    This action stems from an incident wherein Plaintiff suffered life threatening and life altering injuries when, while standing outside of and adjacent to his lawfully parked motor vehicle, a Tesla vehicle designed and manufactured by Defendant was driving on Autopilot and collided with Plaintiff's vehicle in an extremely high-speed collision, causing the vehicles to violently slam into

Plaintiff's body. Plaintiff has brought this action sounding in products liability, alleging inter alia that design and manufacturing defects in the subject Tesla vehicle – and particularly the Autopilot system of the vehicle – caused and/or contributed to the collision at issue. Also at issue is the Defendant's marketing of the Autopilot systems and the consumer expectations it set as a result of same.

2. As this Court is aware, Plaintiff's Complaint in this matter was first filed less than four (4) months ago, on August 16, 2022, and was assigned the following case number: 1:22-cv-22607. [See, D.E. 1 under case 1:22-cv-22607].

3. Thereafter, this Honorable Court consolidated Plaintiff, Dillon Angulo's action with the related action of Neima Benavides v. Tesla, Inc., as both actions arose out of the same collision event and include the same allegations of fault against Defendant. [See, D.E. 50 under this instant action and D.E. 10 under case 1:22-cv-22607].

4. On or about August 30, 2022, this Honorable Court also entered an Amended Scheduling Order [D.E. 50], assigning the following pertinent dates in this action:

   a. 2/21/23: Expert and Fact discovery due
   b. 3/7/23: Mediation deadline
   c. 3/15/23: Motions in Limine and Dispositive Motions due
   d. 6/19/23: Jury Trial

5. As this Court will see, pursuant to these current scheduling deadlines, Plaintiff, Dillon Angulo, is currently required to proceed to trial less than one year after filing his initial Complaint, and is required to complete all discovery (both fact and expert) within just seven (7) months of the filing of his Complaint.

6. As this Court is well aware, this action is a highly complex products liability action revolving around, inter alia, the insanely complex design and functionality of the autonomous driving functions (called Autopilot by Defendant) in the Tesla vehicle designed and manufactured by

Defendant, Tesla, Inc.

7.  While all products liability cases are usually highly complex and time consuming by nature, it is anticipated that this case will be exceptionally so in that the claims and allegations in this action are numerous and involve the wholesale evaluation of a vast amount of extremely technical issues in a relatively new technology, along with evaluation of vast amounts of marketing materials from the most recognizable autonomous vehicle designer and manufacturer in the world.

8.  Based on the complexity and numerosity of the issues which need to be investigated in this action, Plaintiff believes in good faith that full and fair discovery in this action will take, at a *bare minimum*, the remainder of the 2023 calendar year.

9.  Underscoring the need for this lengthy extension of discovery is that as of the current date, with the current discovery cut-off less than a month and a half away, is the fact that Plaintiff (Dillon Angulo)[1] and Defendant[2] have yet to even exchange discovery requests.

10. Based on the immense complexity of the claims and allegations in this action, the anticipated vast volume of evidence related to such claims, the fact that there are two separate claimants with distinct damage claims, and the anticipated length of trial in this action which is expected to easily exceed ten (10) days, Plaintiff believes that this case should be placed on a Complex Case Management Track pursuant to Local Rule 16.1.

11. Additionally, due to the immense complexity of the claims in this action, Plaintiff has and is in the process of engaging specialized national co-counsel to assist in the prosecution of this

---

[1] On Plaintiff's end, the delay in propounding discovery to Defendant was caused by a combination of factors including (1) time constraints, as after the filing of the Complaint in August of 2022, Plaintiff's undersigned counsel proceeded to back-to-back trials in October and November of 2022 before taking a break for the holidays, and (2) the desire to have Plaintiff's new co-counsel involved in drafting and conducting discovery and the need to get them fully appeared on and acclimated to the file before they can assist in same.

[2] Just yesterday, on January 9, 2023, Defendant did propound its first set of written discovery to Plaintiff. This came after this instant Motion was already drafted and as Plaintiff was waiting for Defendant to respond to Plaintiff's attempt to confer on this Motion.

action. More specifically, Plaintiff has engaged both Elise Sanguinetti, Esq. and Donald Slavik, Esq. as co-counsel in this matter. Ms. Sanguinetti has recently filed her Motion to Appear Pro Hac Vice [D.E. 66] and it is anticipated that Mr. Slavik will be filing his appearance and/or Motion to Appear Pro Hac Vice in the imminent future.

12. In light of the pending involvement of both Ms. Sanguinetti and Mr. Slavik in this action, substantial additional time is required to allow these co-counsel time to get acclimated with the claims and to assist in what is anticipated to be extensive factual and expert discovery.

13. The undersigned counsel has conferred with Plaintiff, Dillon Angulo, who agrees with the need for a continuance and has consented to same.

14. Pursuant to Local Rule 7.6, the undersigned counsel's affidavit setting forth the above detailed good cause is attached here as "Exhibit A".

15. Plaintiff is requesting a Continuance of trial to June of 2024, which Plaintiff notes is less than two years from the date that Plaintiff filed this action, and which Plaintiff believes is highly reasonable given the nature and complexity of this action.

16. Plaintiff's undersigned counsel also notes that he is unavailable for approximately three weeks in December of 2023 through January of 2024 due to a long-awaited pre-planned family trip.

WHEREFORE, Plaintiff prays this Honorable Court grant this instant Motion along with such other and further relief as is deemed necessary and just.

## CERTIFICATE OF CONFERRING WITH COUNSEL PURSUANT TO RULE 7.1(a)(3)

Pursuant to Local Rule 7.1 (a)(3), the undersigned counsel has conferred with counsel for Tesla, Inc., in a good faith effort to resolve the issues raised in this motion, however counsel for Defendant, Tesla, Inc., was unable to provide Plaintiff with a position re same prior to the time that Plaintiff filed this instant Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of January, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

                            THE ROUSSO, BOUMEL LAW FIRM, PLLC.
                            9350 South Dixie Highway
                            Suite 1520
                            Miami, Florida 33156
                            (305) 670-6669

By:    **/s/ *Adam T. Boumel, Esq.***
            Adam T. Boumel, Esq.
            Florida Bar No.: 0110727
            Direct email: adam@roussolawfirm.com
            Service emails:
            Pleadings@roussolawfirm.com
            Frank@roussolawfirm.com

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

Case No. 22-cv-22607-BLOOM

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.
_____/

## AFFIDAVIT OF ADAM BOUMEL, ESQ. SETTING FORTH GOOD CAUSE FOR TRIAL CONTINUANCE IN FURTHEREANCE OF MOTION TO CONTINUE TRIAL

On this day personally appeared Adam T. Boumel, Esq. who was sworn and says:

1. My name is Adam Boumel.

2. I am counsel for Plaintiff, Dillon Angulo, in the above captioned matter.

3. This action sounding in products liability claims centers around the design, functionality, and marketing of Defendant's Autopilot system.

4. The claims and allegations in this action are both numerous and extremely complex and involve the wholesale evaluation of a vast amount of extremely technical issues in a relatively new technology, along with evaluation of vast amounts of marketing materials from the most recognizable autonomous vehicle designer and manufacturer in the world.

Page **1** of **2**

5. While all products liability cases are by nature complex and difficult, it is anticipated that this case will be far more complex and time consuming than most, both in terms of discovery and trial time.

6. To that extent, it is anticipated that to conduct full and fair discovery (fact and expert) in this matter will take, at a bare minimum, the remainder of the 2023 calendar year.

7. The Complaint for the undersigned counsel's client, Dillon Angulo, was only filed for the first time in this case several months ago, on August 16, 2022.

8. As of the current date, Plaintiff has not yet even propounded discovery to Defendant, and Defendant only served its first written discovery requests on Plaintiff just yesterday, January 9, 2023.

9. Given the recent nature of this action as well as the complexity of the claims at issue, it would be literally impossible for Plaintiff, Dillon Angulo, to comply with the deadlines for fact and expert discovery or to be prepared to proceed to trial in June.

10. Moreover, due to the technical complexity of the claims at issue, the undersigned counsel's client, Dillon Angulo, has recently and/or is in the process of engaging Elise Sanguinetti, Esq. and Donald Slavik, Esq. as co-counsel in this matter.

11. In conferring with Ms. Sanguinetti and Mr. Slavik, the undersigned has been advised that they agree with the need for a substantial continuance of trial in order to conduct the requisite fact and expert discovery in this action. Moreover, Mr. Slavik has indicated that he is currently conflicted for the June trial date as he is set for trial on an older matter during the same time period.

12. The undersigned has conferred with Plaintiff, Dillon Angulo, who agrees with the need for a continuance and has consented to same.

13. Plaintiff's undersigned counsel further notes that he will be completely unavailable for approximately three week in December of 2023 through January of 2024 due to a long awaited pre-planned family trip.

DATED this 10th day of January, 2023.

_____
Affiant

The foregoing instrument was acknowledged before me this 10th day of January, 2023, by Adam T. Boumel, Esq., who is, Personally known to me, and who took an oath stating that said statements are true and correct.

_____
Notary Public
State of Florida

LILIANIS ROMAN
MY COMMISSION # HH 064450
EXPIRES: November 17, 2024
Bonded Thru Notary Public Underwriters

Commission No.: 11/17/24