UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased,*

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

Case No. 22-cv-22607-BLOOM

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.

_____/

## SEALED MOTION

### PLAINTIFF, NEIMA BENAVIDES' VERIFIED PETITION TO APPROVE CONTIGENCY FEE CONTRACT AND TO SEAL FILE

Plaintiff, NEIMA BENAVIDES, requests that this Court approve her Contingency Fee Contract, under the Rules regulating the Florida Bar, Chapter 4, Rules of Professional Conduct 4-1.5, Fees and Costs for Legal Services, (f)(4)(B)(ii), and then to Seal these proceedings within the File for the reasons set forth below:

    1.    This action stems from an incident wherein the decedent, Naibel Benavides, was killed when, while standing outside of and adjacent to Co-Plaintiff, Angullo's parked motor vehicle,

a Tesla vehicle designed and manufactured by Defendant was driving on Autopilot and collided with said vehicle in an extremely high-speed collision, causing the vehicles to violently slam into the decedent's body causing her death. Personal Representative for the deceased has brought this action sounding in products liability, alleging inter alia that design and manufacturing defects in the subject Tesla vehicle – and particularly the autonomous driving functions of the vehicle - caused the collision at issue.

2. On or about April 22, 2021, Plaintiff's lawsuit was filed in this District and with this Honorable Court. A copy of the Complaint, which is 8 pages, is attached hereto as Exhibit "A" and incorporated by reference. Defendant, TESLA, INC., has been served and has answered Plaintiff's Complaint, and has denied all of Plaintiff's pertinent allegations.

3. Prior to filing the above-described lawsuit, Petitioner entered into a standard Contingency Fee Contract with her attorneys, Todd Poses, Esq. of Poses Law Group, P.A.

4. Subsequent to filing the above-described lawsuit, Petitioner and her counsel decided to engage two additional outside attorneys – Donald Slavik and Elise Sanguinetti - to assist in the prosecution of this action against Defendant.

5. Before entering into a revised Contingency Fee Contract with these new attorneys, Petitioner was informed by counsel that given the time, effort, and complexities involved with prosecuting the action, that counsel would only be willing to undertake her case if the contract provided for a straight 40% contingent fee. Petitioner was also informed that such a fee would be in excess of the fee percentages set forth in Rule 4-1.5(f)(4)(B)(i). Because Petitioner desired to have Donald Slavik, Esq. and Elise Sanguinetti, together with Todd Poses, Esq., represent her in this matter, she signed the Contract to Represent under the above terms, which is attached hereto as Exhibit "B" and incorporated by reference.

6. A comparison of the fees between the Contract entered into and fees established under

Rule 4-1.5 (f)(4)(B)(i) are shown below:

| Fee under Rule 4-1.5(f)(4)(B)(i) without prior court approval | Fee under the Proposed Contract to Represent |
|---|---|
| 40% of any recovery up to $1 million; plus 30% of any portion of the recovery between $1 million and $2million; plus 20% of any portion of the recovery exceeding $2million. | 40% of any recovery up to $1 million; plus 40% of any portion of the recovery between $1 million and $2million; plus 40% of any portion of the recovery exceeding $2million. |

7. Pursuant to Rule 4-1.5(f)(4)(B)(ii), Petitioner now seeks to have this Court approve the Contract to Represent so that she may have the attorneys of her choosing represent her in her products liability action.

8. Pursuant to Rule 4-1.5(f)(4)(B)(ii), the factors that should be considered by the Court in approving this fee contract include the "time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly." Typically, products liability cases are highly specialized cases defended vigorously by law firms specializing in products liability case, they take years to litigate to trial, and involve extremely nuanced and laborious technical discovery and analysis. In this case, dealing with the autonomous driving functions of the most famous autonomous motor vehicle manufacturer on the planet, it is anticipated that the complexity and difficulty of the case will dwarf most other products liability cases.

9. In support of this petition, Petitioner attests to the following:

a. She understands she has the right to have the fee limitations listed in Article 1, Section 26 of the Florida Constitution applied to her case and she knowingly waives that right so that she may have the attorneys of her choosing represent her in this lawsuit;

b. She understands he has the right to have the fee limitations listed in Rule 4-1.5(f)(4)(B) applied to his case and he knowingly waives that right so that he may have the attorneys of his choosing represent him in this lawsuit;

  c. She understands that she is seeking approval of a straight 40% contingency attorneys' fee of the gross amount of any recovery with litigation costs deducted thereafter; and

  d. She understands that court approval of the Contract to Represent shall not bar later inquiries into whether the attorneys' fee actually claimed or charged is clearly excessive.

10. Rule 4-1.5(f)(4)(B)(ii) provides that a trial court *shall* approve a Petition for Approval of an Attorney Fee Contract where it is shown that the client understands the rights that are being waived and the contents of the contract. *See also, In re Charles Buggs, Deceased, by and through Lita Rengifo, Personal Representative*, 122 So. 3d 519, (Fla 1st DCA 2013)(plain language of rule required trial court to approve the petition as long as it found that client understood the rights that she was waiving and the terms of the fee contract).

11. Lastly, the Comments to Rule 4-1.5(f)(4)(B)(ii) provide that the proceedings before the trial court and the trial court's decision on a petition to approve a contingency fee are to be confidential and not subject to discovery by any parties to the action or by any other individual or entity except The Florida Bar. Accordingly, Petitioner has filed this Petition under seal and asks this Court to seal all portions of the file pertaining to this Petition indefinitely once the Court has ruled.

WHEREFORE, for the reasons stated herein, Petitioner requests that this Court Approve the Contingency Fee Contract under the Rules regulating the Florida Bar, Chapter 4, Rules of Professional Conduct 4-1.5, Fees and Costs for Legal Services, (f)(4)(B)(ii), and to then Seal all portions of the file pertaining to this Petition.

UNDER PENALTY OF PERJURY, I hereby declare that I have read the foregoing Petition and that the facts stated in it are true to the best of my information and belief.

Dated this 6 day of January, 2023

BY: /s/ Neima Benavides

Respectfully submitted,

/s/Todd Poses
Todd Poses
Fla Bar ID # 75922
tposes@poseslawgroup.com
Poses Law Group, P.A.
169 East Flagler Street, Suite 1600
Miami, Florida 33131
Tel: (305) 577-0200
Attorneys for Plaintiff Benavides

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on the following:

Thomas P. Brannigan
Drew P. Brannigan
Bowman and Brooke, LLP
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
thomas.brannigan@bowmanandbrooke.com
drew.brannigan@bowmanandbrooke.com

Henry Salas
9150 S. Dadeland Blvd.
Suite 1400
Miami, FL 33156
(786) 268-6419
henry.salas@csklegal.com

Elise R. Sanguinetti, Esq.
Arias Sanguinetti Wang & Torrijos, LLP
2200 Powell Street
Suite 740
Emeryville, CA 94608
Tel: (510) 629-4877
elise@aswtlawyers.com
assal@aswtlawyers.com