UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes NEIMA

BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides Leon,
deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.
_____/

DILLON ANGULO,                                  Case 1:22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

    Defendant.
_____/

**TESLA'S REPLY IN SUPPORT OF MOTION TO ENFORCE ORDER (Dkt. 68)**

    Tesla, Inc. ("Tesla"), through its undersigned counsel, submits this Reply to Plaintiff Benavides' Response to Tesla's Motion (Dkt. 68), and for the reasons stated below Tesla requests that this Court enter an order granting the Relief, requested below.

**BACKGROUND**

**A. The Incident**

    Despite claims made by Plaintiff Benavides and Plaintiff Angulo in response to Tesla's Motion and separately by Plaintiff Angulo in his Motion to Continue Trial (Dkt. 72), this is *not* a "highly

27272431v7                                  1

complex products liability action revolving around, inter alia, the insanely complex design and functionality of the autonomous driving functions . . . in the Tesla vehicle …" (*Id*. at 2). The record clearly shows that this case was not caused by *Autopilot's* alleged failure to detect traffic signals[1]. The actual cause of this crash has been clear since moments after it occurred. Tesla driver McGee admitted <u>multiple times</u> to police and bystanders at the scene that he dropped his cell phone and took his eyes off the road before driving through the intersection. *See* Ex. A January 21, 2022 Deposition of Corporal David Riso at 67:10-68:19.[2] Additionally, McGee *was overriding the Autopilot system* at the time of the crash by manually pressing the accelerator. *See* Ex. B- Florida Highway Patrol Investigation Packet at pg 23. In fact, despite Plaintiff's claims, *this* vehicle was even <u>not</u> designed with technology to recognize traffic signals.

Since filing this case in April of 2019, Plaintiff Neima Benavides has issued zero discovery requests and has taken zero depositions. In contrast, and in an effort to investigate the basis of Plaintiffs' product liability and design defect claims, Tesla has served written discovery requests on Plaintiffs and it has conducted depositions of fact witnesses. As explained in more detail below and in Tesla's Motion (Dkt. 68), Plaintiff Benavides, through her Counsel, has failed or refused to respond to Tesla's discovery in good faith and instead has waged a campaign to ignore, dodge or obstruct discovery. She and her Counsel should not now be rewarded with more time for discovery.

B. Background of Discovery Issues

Tesla refers the Court to its Motion to Enforce Discovery Order (Dkt. 68) and Tesla's Response to Plaintiff's Motion for Relief (71), and all exhibits attached thereto for the factual background that

---

[1] In Plaintiff Benavides' untimely Amended Response to Tesla's Request to Admit, she incorrectly asserts that the subject Tesla S was equipped with a feature called "Traffic Light and Stop Sign Control." This is false- the subject Tesla S was not so equipped. Tesla made this clear over 8 months ago in its Response (Dkt. 35) to Plaintiff Benavides' Motion To Stay (Dkt. 24) – denied in April 2022. In its Response, Tesla stated: "Importantly, Autopilot was designed for use on the highway and would not do anything in response to traffic signs or intersections. Mr. McGee's failure to stop at the stop sign caused a high-speed collision between the Subject Tesla and another vehicle that was legally parked near the intersection.

[2] Plaintiff essentially admits the same in her allegations in a complaint separately filed against Tesla driver George McGee See Ex. C - Plaintiff's Complaint Against George Brian McGee at ¶9.

27272431v7

2

necessitated Tesla's Motion to Enforce Discovery Order (Dkt. 68) (the "Motion").  Since Tesla Filed its Motion, the parties have conferred via email in an effort to resolve the issues expressed therein.  On January 8, 2023 Plaintiff produced an "Index," which organized the nearly 2,000 pages of documents produced late by Plaintiff on December 12.  On January 12 – 38 days after Plaintiff's deadline to comply with the Court's discovery order – Plaintiff produced the settlement agreement confirming the terms of her settlement with non-party George Brian McGee, which was requested in Tesla's Third RFP, served September 2, 2022.  However, the remaining issues discussed in Tesla's Motion – including Plaintiff Benavides' failure to timely respond to Tesla's Requests to Admit, and the costs necessitated by Plaintiff's repeated and deliberate attempts to evade discovery – remain unresolved.  Consequently – and for the reasons discussed below – Tesla asks this Court to enter an order granting the  relief described below.

## ARGUMENT AND MODIFIED RELIEF REQUESTED

**A. Request to Deem Tesla's RFA Admitted**

This is a simple issue: Plaintiff Benavides' Response and Amended Responses to Tesla's Request to Admit are late – very late.  Thus, this Court can and should deem the Requests admitted. Plaintiff's Responses to Tesla's Requests for Admission  were served (1) after Plaintiff's deadline to respond under the federal rules; and (2) after the deadline established by this court's order <u>to which Plaintiff agreed.</u>  As this court knows and as discussed in Tesla's original Motion, the law is clear that requests for admission should be deemed admitted when a party fails to timely respond.[3]  Here, Plaintiff disregarded the deadlines to respond under <u>both</u> the federal rules and subsequently this court's order to which she stipulated. In her three-paragraph Response to Tesla's Motion on this point (Dkt. 78), Plaintiff Benavides did not deny her failure to timely respond, and she provided <u>zero justification </u>for

---

[3] *See also* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see also*, 36(a)(6).

27272431v7

3

doing so. It is clear from her actions, inaction, and her response to Tesla's Motion that Plaintiff Benavides or her Counsel view the rules of discovery and the order she agreed to be mere recitals without any real effect. Tesla is asking this Court to stop this and to not reward Plaintiff Benavides with additional discovery time. Consequently, Tesla reiterates the request from its Motion that this Court deem Tesla's Requests for Admission admitted by Plaintiff Neima Benavides.[4]

### B. Request for Costs

Since Tesla filed its motion on January 3, 2023, Plaintiff has attempted to remedy some of the issues specified in Tesla's motion. However, the fact remains that Plaintiff did so <u>a month or more after</u> the deadline for her to do so, which was established by a Court Order <u>to which she herself stipulated</u>. Additionally, Plaintiff failed to comply with that order until threatened with sanctions and a motion was filed by Tesla. Plaintiff's actions go beyond simply failing to respond to discovery. As detailed in Tesla's Motion, Plaintiff has exhibited a history of disregarding her discovery obligations under the federal rules. These actions caused Tesla to expend unnecessary time and resources in an effort to obtain discovery it was owed – in some cases – more than a year ago. This includes filing discovery motions seeking court intervention <u>and removing them from the docket multiple times based on representations made by Plaintiff</u>. Plaintiff's actions <u>after Tesla filed its motion</u> and after a year of skirting her discovery obligations do not rectify the damage already done. Consequently, Tesla reiterates the request in its original Motion (Dkt. 68) that this Court compel Plaintiff Neima Benavides to pay Tesla's costs and fees associated with pursuing the discovery that Plaintiff is only now producing under threat of sanctions.

### C. Response to Plaintiff's Proposed Amended Schedule

---

[4] In his Limited Response in Opposition to Tesla's Motion (Dkt. 74), Plaintiff Angulo argues that he would be prejudiced if the court were to deem Tesla's Requests for Admission admitted by Plaintiff Benavides. There is no evidence supporting this contention, and deeming Tesla's RFA's admitted in no way prevents Angulo from conducting his own discovery to refute these admissions.

27272431v7

4

Plaintiff's Response to Tesla's Motion, and a separate Motion to Continue Trial filed by Plaintiff Angulo, ask this Court to continue trial to June, 2024. *See* Dkts. 72 and 78. Tesla opposes the time frame proposed by both Plaintiffs and asks this Court to (1) grant the scheduling relief requested in Tesla's original Motion (68); and (2) continue trial to February, 2024.

As was discussed in detail in Tesla's Response in Opposition to Plaintiff's March, 2022 Motion to Stay (*see* Dkt. 35), and for the reasons stated above, a lengthy schedule extension in this case is not necessary.[5] Since this case was originally filed in May, 2021, Tesla has conducted several depositions and it has served several discovery requests, despite Plaintiff Benavides' continuous attempts to delay both. Plaintiff Benavides has had over a year and a half since serving her initial disclosures to conduct discovery. Since that time she has not served <u>a single discovery request</u>, and her counsel has proven to be unresponsive or un-cooperative when scheduling depositions. She has provided the court with no cause to justify her request for more discovery time and she should not enjoy the benefit of a lengthy continuance, which was necessitated only by her repeated attempts to delay and evade discovery. Tesla re-affirms the scheduling amendment requested in its Motion (Dkt. 68) only as a remedy to the unnecessary delay caused by Plaintiff Benavides' actions throughout the duration of this case, Tesla will respond in more detail regarding the Plaintiff's request for a June, 2024 trial in its forthcoming Response to Angulo's Motion for Continuance (Dkt. 72).

## **CONCLUSION**

**WHEREFORE**, for the reasons stated above, Tesla now **modifies the relief requested in its Motion (Dkt 68) to the following**: (1) That Tesla's Request for Admissions be deemed admitted (as requested in Dkt. 68); (2) That costs be awarded as described in Tesla's Motion (Dkt. 68); and (3) That the current Schedule be amended as described in Tesla's Motion (Dkt. 68).

---

[5] Tesla also intends to submit a more detailed Response to both Plaintiffs' requests for a continuance in its forthcoming Response to D. Angulo's Motion to Continue Trial and a Rule 56 Motion for Summary Judgment.

27272431v7

5

Date:   January 20, 2023  Respectfully submitted,

By:  /s/ Henry Salas_____
    HENRY SALAS (815268)
    COLE SCOTT & KISSANE
    9150 S Dadeland Blvd Ste 1400
    Miami, FL 33156-7855
    Office: 786-268-6419
    Fax: 305-373-2294
    henry.salas@csklegal.com

- and –

THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
BOWMAN AND BROOKE LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

***Attorneys for Defendant TESLA, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically file the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

ADAM T. BOUMEL, ESQ.
Florida Bar No.: 0110727
DARREN J. ROUSSO, ESQ.
Florida Bar No.: 97410
THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669
Adam@roussolawfirm.com
SERVICE EMAILS:
pleadings@roussolawfirm.com (primary)
Frank@roussolawfirm.com (secondary)

*Attorneys for Plaintiff Dillon Angulo*

Todd Poses, Esquire
Florida Bar No.: 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street Suite 1600
Miami, Florida 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

Respectfully submitted,

By: /s/__Henry_Salas_____
HENRY SALAS (815268)
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 786-268-6419
Fax: 305-373-2294
henry.salas@csklegal.com

- and –

THOMAS P. BRANIGAN (Admitted Pro Hac Vice)
DREW P. BRANIGAN (Admitted Pro Hac Vice)
BOWMAN AND BROOKE LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax

thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**Attorneys for Defendant TESLA, Inc.**
