# EXHIBIT A

Page 1

```
 1                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA (MIAMI)
 2
            Civil Case  No.  21-cv-21940-BLOOM/Otazo-Reyes
 3

 4

 5    NEIMA BENAVIDES, as Personal
      Representative of the Estate of
 6    Naibel Benavides Leon, deceased,

 7              Plaintiff,

 8    vs.

 9    TESLA, INC., a/k/a Tesla Florida,
      Inc.,
10
                Defendant.
11    _____/

12

13
                         DEPOSITION OF
14
                      CORPORAL DAVID RISO
15                  Friday, January 21, 2022

16                 APPEARING REMOTELY FROM
                   MIAMI-DADE COUNTY, FLORIDA
17

18

19

20

21

22

23

24    Reported by:
      Margaret Lowe, RPR
25    Job No. 204447
```

Page 2

```
 1                    January 21, 2022

 2                       9:02 a.m.

 3

 4         Deposition of CORPORAL DAVID RISO held remotely

 5   from Miami-Dade County, Florida, pursuant to notice,

 6   before Margaret Lowe, Registered Professional Reporter

 7   and Notary Public of the State of Florida.

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

 1                    REMOTE APPEARANCES

 2

 3    On behalf of the Plaintiff:

 4         Poses and Poses
           169 East Flagler Street
 5         Miami, FL 33131
           BY:  Todd Poses, Esq.
 6

 7

 8
      On behalf of the Defendant:
 9
           Bowman and Brooke
10         41000 Woodward Avenue
           Bloomfield Hills, MI 48304
11         BY:  Thomas Branigan, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 67

1    Riso
2    time I've been through it, something like that?
3        A.   I would have made note of it and documented it.
4        Q.   Now, even if someone said that, you know, a
5    driver involved in a crash like this said that, that
6    doesn't relieve them of their responsibilities to obey
7    the travel control devices at this intersection,
8    correct?
9        A.   That's correct.
10       Q.   Is it your understanding from the investigation
11   that you completed that Mr. McGee stated numerous times
12   to different people including to Officer Torres that he
13   was driving using his phone, his cell phone, while
14   driving and that he dropped his phone and that he looked
15   down and then ran the stop sign?
16            MR. POSES:  Object to the form.
17       A.   He admitted that he was on the phone and, yes,
18   he did say that he dropped it.  And, yeah, I do
19   recall -- yeah, I do recall he ran the stop sign too.
20   BY MR. BRANIGAN:
21       Q.   And is it your recollection that he admitted
22   that he failed to stop for the stop sign and the
23   flashing red light?
24       A.   Yes, he did.
25       Q.   Did you subpoena phone records for Mr. McGee's

```
 1                           Riso
 2    phone, cell phone?
 3         A.   I believe that I did.
 4         Q.   And did you receive records from the phone
 5    service provider in response to the subpoena?
 6         A.   I believe I did, but hold on a second.  Hold on
 7    a second here.  Yeah.  T-Mobile.  I believe it was
 8    T-Mobile phone records, yes, and AT&T.  There was two
 9    different phone records I found out.  Yes, I do have
10    them, um-hmm.
11         Q.   Were you able to confirm by looking at the data
12    produced in response to that subpoena from the phone
13    service provider that Mr. McGee was, in fact, on his
14    cell phone before the crash occurred just seconds
15    before?
16         A.   Yes.  I was able to confirm.
17         Q.   Were you able to confirm that during the crash
18    he was still on the phone?
19         A.   Yes, I was.
20         Q.   In the state of Florida, is there, to your
21    knowledge, Officer, a statute that relates to distracted
22    driving?
23         A.   There is something that relates to distracted
24    driving and cell phones, but I can't remember that --
25    but it was more pertaining to texting and driving.  But
```

Page 145

```
 1                    CERTIFICATE OF REPORTER

 2

 3     STATE OF FLORIDA

 4     COUNTY OF ORANGE

 5

 6              I, Margaret Lowe, Registered Professional

 7     Reporter, certify that I was authorized to and did

 8     stenographically report the deposition of CORPORAL DAVID

 9     RISO; that a review of the transcript was not requested;

10     and that the foregoing transcript, pages 4 through 143,

11     is a true and complete record of my stenographic notes.

12              I further certify that I am not a relative,

13     employee, attorney, or counsel of any of the parties,

14     nor am I a relative or employee of any of the parties'

15     attorneys or counsel connected with the action, nor am I

16     financially interested in the action.

17              DATED this 2nd day of February, 2022.

18

19                              *Margaret Lowe*
20                              _____
                                Margaret Lowe, RPR
21

22

23

24

25
```