# EXHIBIT C

Filing # 99831840 E-Filed 12/05/2019 10:06:46 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

NEIMA BENAVIDES, Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

CASE NO.:**19-035442-CA-01**

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

Plaintiff,

vs.

GEORGE BRIAN MCGEE,

Defendant.                              /

**COMES NOW** the Plaintiff, NEIMA BENAVIDES, Personal Representative of the Estate of

NAIBEL BENAVIDES LEON, deceased, by and through the undersigned counsel, and sues the

Defendant, GEORGE BRIAN MCGEE, and alleges the following:

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00)

exclusive of interest and costs, brought pursuant to the Florida Wrongful Death Act,

Florida Statute §768.16 et seq.

**JURISDICTION, VENUE AND PARTIES**

2.     The Defendant, GEORGE BRIAN MCGEE is a resident adult of 823 NE 71st Street,

Boca Raton, Palm Beach County, Florida 33487-2435 and is otherwise sui juris.

3.     At all times material hereto, Neima Benavides, is the duly appointed personal

representative of the ESTATE OF NAIBEL BENAVIDES LEON, probate

documents attached hereto and marked as Exhibit A. Personal representative of the

Estate, the Plaintiff, NEIMA BENAVIDES, has standing to and otherwise is duty

bound to bring this wrongful death action pursuant to Florida Statute §768.16 et seq.

4.     At all times material hereto, Lilia Marilin Leon Jimenez, is the surviving natural

mother of the decedent, NAIBEL BENAVIDES LEON, and is a lawful survivor and

otherwise a beneficiary of the Estate of her daughter, NAIBEL BENAVIDES LEON,

under the Florida Wrongful Death Act.

5.  At all times material hereto, Lilia Marilin Leon Jimenez, surviving natural mother of the decedent, NAIBEL BENAVIDES LEON, was and is a resident of Miami-Dade County, Florida.

6.  At all times material hereto, Guillermo Benavides, is the surviving natural father of the decedent, NAIBEL BENAVIDES LEON, and is a lawful survivor and otherwise a beneficiary of the Estate of his daughter, NAIBEL BENAVIDES LEON, under the Florida Wrongful Death Act.

## FACTS GIVING RISE TO CAUSE OF ACTION

7.  On or about April 25, 2019, the Defendant, GEORGE BRIAN MCGEE, was the owner of his 2019 Tesla Model S motor vehicle bearing the Florida license plate LFYB88 and vehicle identification (VIN#) 5YJSA1E24KF302997.

8.  On or about April 25, 2019, the Defendant, GEORGE BRIAN MCGEE, was operating and/or driving the above-described motor vehicle eastbound on CR-905A in Key Largo, Monroe County, Florida.

9.  At that time and place, the Defendant, GEORGE BRIAN MCGEE, carelessly and/or recklessly operated and/or drove said motor vehicle such that the Defendant drove through the intersection of CR-905A, traversing the roadway perpendicular, CR-905, otherwise ignoring the controlling stop sign and traffic signal. The Defendant, GEORGE BRIAN MCGEE, continued eastbound, driving through a roadway traffic sign, off of the paved roadway, ultimately crashing into a Chevrolet Tahoe bearing Florida license plate number DXTRR and vehicle identification number (VIN#) 1GNMCBE35AR246876. Said collision caused the Chevrolet Tahoe, parked off of and well beyond the paved roadway, to violently rotate and strike the decedent, NAIBEL BENAVIDES LEON, sending her approximately 75 feet into the surrounding wooded area, taking her life as a result thereof.

## WRONGFUL DEATH DAMAGES

10.   As a direct and proximate result of the negligent and/or reckless operation and/or driving of the 2019 Tesla Model S, by the Defendant, GEORGE BRIAN MCGEE, NAIBEL BENAVIDES LEON, has passed.  The Estate of Naibel Benavides Leon will suffer in the future the following damages:

   a.   Lost wages, benefits and other earnings, including the value of lost earnings that the decedent, NAIBEL BENAVIDES LEON, could reasonably have been expected to earn had she lived a full life.

   b.   Loss of "prospective net accumulations" of the Estate of NAIBEL BENAVIDES LEON, or the value of earnings the Estate of NAIBEL BENAVIDES LEON, could reasonably have been expected to collect had the decedent, NAIBEL BENAVIDES LEON, lived a full life.

   c.   Medical and funeral expenses paid by the Estate of NAIBEL BENAVDES LEON.

11.   As a direct and proximate result of the negligence and/or reckless operation and/or driving of the Tesla Model S and death of her daughter, NAIBEL BENAVIDES LEON, Lilia Marilin Leon Jimenez, surviving natural mother and legal beneficiary under the Florida Wrongful Death Act, has in the past and will continue to suffer in the future the following damages, per the Florida Wrongful Death Act, Florida Statute §768.16:

   a.   The loss of support and services NAIBEL BENAVIDES LEON had provided to her mother, Lilia Marilin Leon Jimenez.

   b.   The loss of companionship, guidance and protection provided by the decedent, NAIBEL BENAVIDES LEON to her mother, Lilia Marilin Leon Jimenez.

     c.     Mental and emotional pain and suffering due to the loss of the decedent, NAIBEL BENAVIDES LEON.

     d.     Medical and funeral expenses paid for or owed by Lilia Marilin Leon Jimenez as a result of the death of her daughter, NAIBEL BENAVIDES LEON.

12.     As a direct and proximate result of the negligence and/or reckless operation and/or driving of the Tesla Model S and death of his daughter, NAIBEL BENAVIDES LEON, Guillermo Benavides, surviving natural father and legal beneficiary under the Florida Wrongful Death Act, has in the past and will continue to suffer in the future the following damages, per the Florida Wrongful Death Act, Florida Statute §768.16:

     a.     The loss of support and services NAIBEL BENAVIDES LEON had provided to her father, Guillermo Benavides.

     b.     The loss of companionship, guidance and protection provided by the decedent, NAIBEL BENAVIDES LEON to her father, Guillermo Benavides.

     c.     Mental and emotional pain and suffering due to the loss of the decedent, NAIBEL BENAVIDES LEON.

     d.     Medical and funeral expenses paid for or owed by Guillermo Benavides as a result of the death of his daughter, NAIBEL BENAVIDES LEON.

**WHEREFORE**, the Plaintiff, NEIMA BENAVIDES, as Personal Representative of the Estate of NAIBEL BENAVIDES LEON, demands judgement and damages against the Defendant, GEORGE BRIAN MCGEE, costs and interest allowed by the law, and further demands a trial by jury of all issues so triable as a matter of right thereby.

POSES & POSES, P.A., ATTORNEYS AT LAW, SUITE 1600, ALFRED I. DUPONT BUILDING, 169 EAST FLAGLER ST., MIAMI, FLORIDA 33131 • TEL. (305) 577-0200

DATED this __5__ day of December, 2019.

<div style="margin-left: 60%;">

POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street
Suite 1600
Miami, Florida 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com


_____
TODD POSES, ESQUIRE
FBN: 0075922

</div>



Filing # 89991992 E-Filed 05/23/2019 07:19:51 AM

| | |
|---|---|
| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA PROBATE DIVISION IN RE: ESTATE OF NAIBEL BENAVIDES LEON, Deceased. Case No. 2019-2172 CP02 Section: 06 | **E-4** |

## LETTERS OF ADMINISTRATION

TO ALL WHOM IT MAY CONCERN

WHEREAS, NAIBEL BENAVIDES LEON, a resident of Miami-Dade County, Florida, died on April 25, 2019 ("Decedent"), owning assets in the State of Florida, and

WHEREAS, NEIMA BENAVIDES has been appointed personal representative ("Personal Representative") of the Decedent's estate ("Decedent's Estate") and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare NEIMA BENAVIDES duly qualified under the laws of the State of Florida to act as Personal Representative of Decedent's Estate, with full power to administer the Estate according to law; to ask, demand, sue for, recover and receive the property of the Decedent; to pay the debts of the Decedent as far as the assets of the Estate will permit and the law directs; and to make distribution of the Estate according to law.

These Letters of Administration are subject to the following restrictions:

- This Estate must be closed within 12 months, unless it is contested or its closing date is extended by court order.

- These letters do not authorize entry into any safe deposit box without further court order.

- The Personal Representative shall place all liquid assets in a depository designated by the Court pursuant to the Section 69.031, Florida Statutes ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.

- Attorney of Record shall file Receipt of Assets by Depository within thirty days from the issuance of these letters.

- These letters do not authorize the sale, encumbrance, borrowing, or gifting of any Estate assets without a special court order.

- If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

Probate Division: 06          Case Name: Estate of Naibel Benavides Leon          Case No.: 2019-2172 CP02

• Inventory shall be filed within 60 days.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/23/19.

MINDY S. GLAZER
CIRCUIT COURT JUDGE

No Further Judicial Action Required on THIS
MOTION
CLERK TO RECLOSE CASE IF POST
JUDGMENT

The parties served with this Order are indicated in the Florida Courts E-Filing Portal "Notice of Service of Court Documents" email confirmation. The movant/petitioner shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated in the "Notice of Service of Court Documents" email confirmation, and file proof of service with the Clerk of Courts.

LETTERS OF ADMINISTRATION
(single personal representative)

Page 2 of 2

Filing # 89991991 E-Filed 05/23/2019 07:19:47 AM

| | | |
|---|---|---|
| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>PROBATE DIVISION<br><br>IN RE: ESTATE OF NAIBEL BENAVIDES LEON,<br><br>Deceased.　　　　　File No. 2019-2172 CP02<br><br>Section: 06 | | **E-3** |

## ORDER APPOINTING PERSONAL REPRESENTATIVE
(intestate – (single))

On the petition of NEIMA BENAVIDES for administration of the above estate ("Estate"), the Court finding that the Decedent died on April 25, 2019, and that NEIMA BENAVIDES is entitled to appointment as personal representative by reason of her relationship to Decedent and as the person selected by a majority of the heirs and is qualified to be personal representative ("Personal Representative"), it is

ADJUDGED that NEIMA BENAVIDES is appointed Personal Representative of the Decedent's Estate, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond in the sum of $0, Letters of Administration shall be issued.

This Order is subject to the following restrictions:

1. This Estate must be closed within 12 months, unless it is contested or its closing date is extended by court order.

2. Unless a bond has been issued and approved by this Court, the Personal Representative shall place all liquid assets in a depository designated by the Court pursuant to section 69.031, Florida Statutes ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.

3. If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

4. The Attorney of Record shall file receipt of assets by the Depository within thirty days from the issuance of the Letters of Administration.

5. There shall be no sale, encumbrance, borrowing, or gifting of any assets without a court order.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/23/19.

MINDY S. GLAZER
CIRCUIT COURT JUDGE

No Further Judicial Action Required on THIS
MOTION
CLERK TO RECLOSE CASE IF POST
JUDGMENT

The parties served with this Order are indicated in the Florida Courts E-Filing Portal "Notice of Service of Court Documents" email confirmation. The movant/petitioner shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated in the "Notice of Service of Court Documents" email confirmation, and file proof of service with the Clerk of Courts.

Filing # 89991993 E-Filed 05/23/2019 07:19:57 AM

| | |
|---|---|
| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA PROBATE DIVISION<br><br>IN RE: ESTATE OF NAIBEL BENAVIDES LEON,<br><br>Deceased.          Case No. 2019-2172 CP02<br><br>Section:  06 | **A-5** |

## ORDER DESIGNATING RESTRICTED DEPOSITORY FOR ASSETS

On the petition of NEIMA BENAVIDES, as Personal Representative of the above estate, for authorization to deposit assets belonging to the Decedent described as: UNKOWN, with BANKUNITED, 2159 CORAL WAY, MIAMI, FLORIDA 33145, as a depository designated pursuant to Sections 69.031, Florida Statutes, ("Depository") it is

ADJUDGED:

1. The above named depository is designated as the Depository for said assets. The Depository is hereby authorized and directed to receive and hold, pursuant to the provisions of Section 69.031, Florida Statutes, the Decedent's assets. These assets shall be held by said Depository in safekeeping subject to instructions by the Personal Representative as authorized by court order. The restricted Depository shall not allow any withdrawals without a court order.

2. A copy of this Order shall be given to the Depository, and within fifteen days of delivery, the Depository shall file with this Court, if it has not already done so, its acceptance or rejection.

3. Any person or entity having possession or control of any of the Decedent's assets, or owing interest, dividends, principal or other debts on account thereof, shall, upon the Depository's demand pay and deliver the assets to the Depository. The Depository's receipt shall relieve the person or entity from all further responsibility.

4. Upon receipt of the Decedent's assets, the Depository shall file with this court its receipt and give a copy of the receipt to the Personal Representative.

5. Attorney of Record shall file with the Court the receipt of Depository's assets within thirty days from the issuance of the Letters of Administration.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/23/19.

MINDY S. GLAZER
CIRCUIT COURT JUDGE

No Further Judicial Action Required on THIS MOTION
CLERK TO RECLOSE CASE IF POST JUDGMENT

The parties served with this Order are indicated in the Florida Courts E-Filing Portal "Notice of Service of Court Documents" email confirmation. The movant/petitioner shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated in the "Notice of Service of Court Documents" email confirmation, and file proof of service with the Clerk of Courts.