UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

Case No. 22-cv-22607-BLOOM

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.
_____/

# SEALED MOTION

### DILLON ANGULO'S COUNSELS' VERIFIED PETITION TO AUTHORIZE FEE DIVISION AND TO SEAL FILE

The undersigned counsel, who jointly represent Plaintiff, Dillon Angulo, pursuant to Rule 4-1.5(f)(4)(D)(iii) hereby move this Court to Authorize counsel's proposed Fee Division, and then to Seal these proceedings within the File for the reasons set forth below:

    1.    This action stems from an incident wherein Plaintiff suffered life threatening and life altering personal injuries when, while standing outside of and adjacent to his lawfully parked motor vehicle, a Tesla vehicle designed and manufactured by Defendant was driving on Autopilot

Page 1 of 4

and collided with Plaintiff's vehicle in an extremely high-speed collision, causing the vehicles to violently slam into Plaintiff's body. Plaintiff has brought this action sounding in products liability, alleging inter alia that design and manufacturing defects in the subject Tesla vehicle – and particularly the autonomous driving functions of the vehicle - caused the collision at issue.

2. Plaintiff, Dillon Angulo, has retained the following counsel to prosecute his case against Defendant:

    a. Adam Boumel, Esq., of the Rousso, Boumel Law Firm PLLC;

    b. Elise Sanguinetti, Esq. of Arias Sanguinetti, Wang, & Torrijos, LLP;

    c. Donald Slavik, Esq. of Slavik Law;

    d. Karl Sturge, Esq.

3. On December 9, 2022, Plaintiff Dillon Angulo signed a Contingency Fee Retainer Agreement, attached here as "Exhibit A", which specified that the attorneys fees will be apportioned among Plaintiff's attorneys as follows:

    a. 45% to Adam Boumel, Esq., of the Rousso, Boumel Law Firm PLLC;

    b. 40% to Elise Sanguinetti, Esq. of Arias Sanguinetti, Wang, & Torrijos, LLP, and Donald Slavik, Esq. of Slavik Law (20% each);

    c. 15% to Karl Sturge, Esq.

4. The services to be performed by each counsel is as follows:

    a. Adam Boumel and the Rousso, Boumel Law Firm PLLC will be taking primary responsibility for all aspects of the claim related to proving and establishing Plaintiff's sustained damages, and will further be taking secondary responsibility for all aspects of the claim related to proving and establishing Defendant's liability. Moreover, should this case proceed to trial, Adam Boumel and the Rousso, Boumel Law Firm PLLC will appear as trial counsel for Plaintiff.

    b. Elise Sanguinetti, Esq. of Arias Sanguinetti, Wang, & Torrijos, LLP, and Donald

Slavik, Esq. of Slavik Law will be taking primary responsibility for all aspects of the claim related to proving and establishing Defendant's liability, and will further be taking a secondary role for all aspects of the claim related to proving and establishing Plaintiff's sustained damages. Moreover, should this case proceed to trial, Elise Sanguinetti, Esq. and Donald Slavik, Esq. will appear as trial counsel for Plaintiff.

c. Karl Sturge, Esq., will be taking secondary responsibility for all legal services provided. It is not anticipated that Mr. Sturge will appear at trial or make any other court appearances in this matter.

5. Pursuant to Rule 4-1.5(f)(4)(D)(iii), the undersigned counsel jointly Petition the Court to Authorize this propose fee division.

6. Moreover, the undersigned counsel jointly Petition the Court to seal all portions of this Petition and any related Orders or materials pertaining to same, as Rule 4-1.5(f)(4)(D)(iii) specifically provides that the request for Petition for Authorization of Fee Division "may be sealed".

WHEREFORE, for the reasons stated herein, Petitioners requests that this Court Approve the Contingency Fee Contract and Authorize the Fee Division indicated herein, and to then Seal all portions of the file pertaining to this Petition.

UNDER PENALTY OF PERJURY, I hereby declare that I have read the foregoing Petition and that the facts stated in it are true to the best of my information and belief.

BY: _Elise R Sanguinetti_ 01/13/2023
Elise Sanguinetti, Esq.   Date

BY: _[signature]_ 1/9/2023
Donald Slavik, Esq.   Date

BY: _[signature]_ 1/13/23
Karl Sturge, Esq.   Date

BY: _[signature]_ 1/13/23
Adam T. Boumel, Esq.   Date

Page 3 of 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on Dillon Angulo via hand delivery and email to xttrr2@gmail.com.

                THE ROUSSO, BOUMEL LAW FIRM, PLLC.
                9350 South Dixie Highway
                Suite 1520
                Miami, Florida 33156
                (305) 670-6669

By:   */s/ Adam T. Boumel, Esq.*
       Adam T. Boumel, Esq.
       Florida Bar No.: 0110727
       Direct email: adam@roussolawfirm.com
       Service emails:
       Pleadings@roussolawfirm.com
       Frank@roussolawfirm.com

# EXHIBIT "A"



# ROUSSO / BOUMEL
### ATTORNEYS AT LAW

9350 South Dixie Hwy  
Suite 1520  
Miami, FL 33156

Telephone: (305) 670-6669  
Facsimile: (305) 670-6663  
www.roussoboumellawfirm.com

## <u>REVISED CONTINGENCY FEE RETAINER AGREEMENT</u>

I, <u>Dillon Angulo</u>, the undersigned client ("Client"), do hereby retain and employ (1) The Rousso, Boumel Law Firm, PLLC, (2) Elise R. Sanguinetti, Esq. of Arias, Sanguinetti, Wang & Torrijos, LLP, (3) Donald Slavik, Esq., of Slavik Law, and (4) Karl Sturge, Esq. (collectively, the "Attorneys") to represent Client in claim(s) for damages against <u>Tesla, Inc.</u> (or any subsidiary or affiliate thereof) resulting from a <u>motor vehicle collision / product failure</u> which occurred on <u>April 25, 2019</u>. Client and the Attorneys hereby further agree as follows:

1. **<u>Attorneys' Fees – Contingent on Recovery</u>**

    As compensation for the Attorneys' professional services, Client agrees to pay the Attorneys from the gross proceeds of any recovery either the amount awarded by the court or **<u>40% of any and all proceeds recovered</u>**, whichever is greater. The fees will be apportioned by and among the Attorneys as follows:

    - 40% of the total attorneys' fees to Elise R. Sanguinetti, Esq of Arias Sanguinetti Wang & Torrijos, LLP and Donald H. Slavik, Esq of Slavik Law;
    - 45% of the total attorneys' fees to The Rousso, Boumel Law Firm, PLLC; and
    - 15% of the total attorneys' fees to Karl Sturge, Esq.

    In addition to the above, after any notice of appeal is filed or if formal post-judgement action is required, Client shall pay the Attorneys an additional 5% of any and all proceeds recovered (for a total of 45%). Client agrees and understands that the Attorneys have obligation to Client under this agreement to file an appeal or to conduct post-judgment action, and further that Attorneys may hire, at their discretion, other attorneys to handle such issue.

    <u>It is understood that the undersigned counsel, the attorneys of my choice, are seeking attorneys' fees outside of the standard fee limitations set forth by the Florida Supreme Court. I have a complete understanding of my rights and the terms of the proposed contract, and willingly agree to same. As a result, I agree to petition the Circuit Court for the</u>

Page **1** of 3

<u>approval of this contingent contract, and to participate, if necessary, in achieving approval of this contract. If this contingent contract is not approved, the contingency fee shall be governed by the Rules and Regulations of the Florida Bar in effect on the date of signing this contract.</u>

**IF NO RECOVERY IS MADE FOR OR ON BEHALF OF CLIENT, CLIENT SHALL NOT PAY ATTORNEYS' FEES FOR ANY OF THE PROFESSIONAL SERVICES RENDERED IN REFERENCE TO THIS MATTER.**

2. **Litigation Costs and Expenses**

   Client shall be solely responsible for funding all costs and expenses which Attorneys, in their own judgement and discretion, deem reasonable in pursuing Clients claims. All parties understand and agree that in some instances Attorneys may make an initial payment of such costs or expenses and then request reimbursement from Client, and in other instances Attorneys may ask that Client directly pay such costs and expenses. Client agrees to timely remit any such requests for reimbursement or direct payments of any costs or expenses upon Attorneys' request. Similarly, Attorneys shall provide all invoices and billing statements for any such costs and expenses upon Client's request. Notwithstanding the foregoing, Client's responsibility for funding these costs and expenses are capped at a maximum amount of $150,000.00, and anything above and beyond that amount is the responsibility of Attorneys. If there is a recovery made on Client's claims, Attorneys will be entitled to recoup from such recovery the amount of costs and expenses which Attorneys contributed. Any costs or expenses which are the responsibility of Attorneys (i.e. any costs or expenses in excess of $150,000.00) are the sole responsibility of Attorneys, and if no recovery is made on Client's claim, Client shall not be responsible for reimbursing Attorneys for such costs or expenses.

3. **Miscellaneous**

   - Client agrees that the decision to file or institute and appeal shall rest with the Attorney.

   - Before signing this contract, Client has received and read the "Statement of Client's Rights" and understands each of the rights set forth therein. Client has further signed the statement and received a signed copy to keep for reference while being represented by the undersigned attorney.

   - This contract may be cancelled by written notification to the attorney at any time within three (3) business days of the date the contract was signed, as shown below, and if cancelled, the client is not obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amount as he has reasonably advanced on behalf of the client.

- Client and Attorneys understand and agree that this Revised Retainer Agreement completely supersedes the previous Retainer Agreement and Addendum Retainer Agreement, and to the extent that there are any conflicts between same, the terms of this instant Revised Retainer Agreement is controlling.

- Client and Attorneys understand and agree that "Proceeds received" means all money received, including all attorney's fees and costs obtained in a settlement or awarded by a Court for any reason, including those obtained as a result of proposals for settlement or sanctions.

- Client and Attorneys understand and agree that all Attorney fees are computed by applying the percentages above to the gross recovery before deductions of costs (whether taxable or not), before payment of medical bills, or liens of any kind.

- Client and Attorneys understand and agree that all Attorneys are jointly responsible for handling this matter.

By: _____  1/20/23
Client Dillon Angulo                (Date)

By: _____  1/15/23
Adam Boumel Esq.                    (Date)
The Rousso, Boumel Law Firm PLLC

By: _____  1/10/2023
Elise Sanguinetti, Esq.             (Date)
Arias Sanguinetti Wang & Torrijos, LLP

By: _____  1/9/2023
Donald Slavik, Esq.                 (Date)
Slavik Law

By: _____  1/23/23
Karl Sturge, Esq.                   (Date)

Page 3 of 3