UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES and
DILLON ANGULO,

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

## SEALED ORDER APPROVING CONTINGENCY FEE CONTRACT AND FEE DIVISION

**THIS CAUSE** is before the Court upon Plaintiff Dillon Angulo's ("Plaintiff") Verified Petition to Approve Contingency Fee Contract, ECF No. [85], and his Verified Petition to Authorize Fee Division, ECF No. [86], filed on January 23, 2023. Plaintiff and his counsel – Adam Boumel, Elise Sanguinetti, Donald Slavik, and Karl Sturge – request, pursuant to Rule 4-1.5(f)(4)(B)(ii) of the Rules Regulating the Florida Bar ("Fla. Bar R."), that this Court approve their contingency fee contract for a flat 40% contingency fee. Plaintiff and his counsel contracted for that fee due to the expected difficulty, complexity, length, and expense of litigation in the instant action, the complex technical discovery involved, and counsel's experience handling cases presenting similar complex issues.

    Rule 4-1.5(f)(4)(B)(ii) states:

> If any client is unable to obtain a lawyer of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court in which the matter would be filed, if litigation is necessary . . . . for approval of any fee contract between the client and a lawyer of the client's choosing. Authorization will be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract.

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

Plaintiff indicates that he knows and fully understands his right to limit fees under Rule 4-1.5(f)(4)(B)(i), and that he knowingly waives these fee limitations. ECF No. [85] at 1-2. In addition, Plaintiff states that, with full knowledge of his right to limit fees and complete understanding of the terms of the proposed contingency fee contract, he agrees to the terms of this agreement. *Id.* at 2. Based on his knowing waiver of the fee limitations under Rule 4-1.5(f)(4)(B)(i) and his full understanding of the terms of the fee contract, Plaintiff requests that the Court approve the contingency fee agreement for a flat fee of 40%. His counsel request to divide those fees as follow: 45% to Adam Boumel's law firm, 40% to Elise Sanguinetti and Donald Slavik, and 15% to Karl Sturge. ECF No. [86] at 6.

Upon review of Plaintiff's verified representations in the Verified Petition to Approve Contingency Fee Contract, ECF No. [85] at 1-5, the Revised Contingency Fee Retainer Agreement attached thereto, ECF No. [85] at 23-25, and Plaintiff's Verified Petition to Authorize Fee Division, ECF No. [86] at 1-4, the Court concludes that Plaintiff "has a complete understanding of his rights and the terms of the proposed contract." Fla. Bar R. 4-1.5(f)(4)(B)(ii).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Petition to Approve Contingency Fee Contract, **ECF No. [85]**, is **GRANTED**.

2. Plaintiff's Verified Petition to Authorize Fee Division, **ECF No. [86]**, is **GRANTED**.

3. The fee contract for a flat 40% contingency fee, **ECF No. [85] at 23-25**, is **APPROVED**.

4. The Petitions and this Order shall remain sealed until further order from the Court.

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record