UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.

_____/

**PLAINTIFFS' JOINT MOTION TO COMPEL
IMMEDIATE PRODUCTION OF THE CAR LOG FILE AGAINST TESLA**

Plaintiffs, Neima Benavides and Dillon Angulo, by and through their undersigned counsel, hereby move for an order Compelling Defendant, Tesla, Inc., to immediately produce the car log file containing critical documentary evidence pertaining to this crash, and states as follows:

**SUMMARY OF ISSUE**

As this Court is aware, this products liability action stems from a tragic incident wherein, as innocent pedestrians standing next to their parked vehicle, Naibel Benavides was killed, and Dillon Angulo suffered massive life altering injuries, after a Tesla vehicle driving on autopilot collided with them.

One of the critical factual issues in this case is a determination of the exact movements and functions of the Tesla vehicle in the seconds leading up to this incident. To that end, Defendant, Tesla, as the manufacturer of the vehicle and as part of its regular business activities, is able to generate an electronic car log file which contains all of the pertinent electronic data recorded from the subject Tesla involved in this fatal collision. That data should reveal, conclusively, the critical movements and functions of the subject Tesla vehicle in the seconds leading up to this crash.

In short, the log file at issue is critical documentary evidence directly pertaining to this crash, and it is wholly within Tesla's possession. Moreover, it has been acknowledged by Tesla that this file is extremely quick and easy to generate – takes a few minutes at most – and in every other case is produced at the onset of litigation, usually as the very first file exchanged.

Notwithstanding the foregoing, as of the current date, Tesla has failed to produce this critical evidence despite being required to, and despite repeated promises to do so immediately. This failure is causing severe prejudice to Plaintiffs, as this data is required by Plaintiffs' experts and consultants to begin their evaluations and work.

## DETAILED HISTORY OF REQUESTS AND TESLA'S FAILURE TO PRODUCE

1. In initial Tesla's Rule 26 Disclosures, provided by Tesla on 9/14/22, Tesla indicated that it possessed and intended to utilize the following documents and ESI in support of its defenses:

   > Any and all data and images obtained from or contained in the Subject Vehicle related to the Subject Incident, and any other data that relates to the driver's operation of the Subject Vehicle, including but not limited to the use of the Autopilot driver assistance feature as well as data reflecting the Subject Vehicle's response to driver-supplied input.

2. Notwithstanding the foregoing, Tesla did not produce the actual data in its Rule 26 disclosures.

3. On March 15, 2023, Plaintiff, Dillon Angulo, served on Tesla a request for production attached here as "Exhibit A". That request (see #s 1 and 7 ) specifically sought production of the electronic car log file at issue.

4. Thereafter, Tesla requested a series of extensions to respond to the discovery requests at issue, which Plaintiffs granted.

5. The last extension granted by Plaintiffs expired on May 8, 2023.

6. The week prior, on May 1, 2023, the parties conducted a meet and confer requested by Tesla. During that meet and confer, the parties discussed Tesla's upcoming document production and Plaintiff's specifically requested that Tesla expedite the production of the log file. In response, Tesla promised Plaintiffs that it would do so.

7. Thereafter, on May 2, 2023, Tesla responded to Plaintiff's second request for production, but did not actually produce any documents, indicating that it required additional time to gather and produce the responsive materials.

8. Immediately thereafter, Plaintiffs contacted Tesla and advised that while we had no objection to their taking time with the full document production, we were requesting production of the log file on an "as soon as possible" basis. In response, on May 3, 2023, Tesla responded indicating that "*it will be produced asap*".

9. A week later, on May 10 and 11, still not having received the log file, Plaintiffs contacted Tesla to again request immediate production of the log file. At that time, Tesla's counsel advised that Tesla was "backed up" but that every effort would be made to produce same asap, that production by May 12, was likely, and that worst case scenario Tesla would produce the file by May 17.

10. On May 17, still not having received the log file, Plaintiff again contacted Tesla to inquire about the production of the log file. In response, Tesla indicated that they are still working on it and were unable to provide further details as to when it would be produced.

11. Of note, is that other than Dash cam videos, as of the current date, Tesla has not yet produced any documents or materials in this case.

## ARGUMENT

This log file is critical evidence, in the sole possession of Tesla, and it takes mere seconds / minutes for Tesla to generate. There is no valid excuse as to why this data was not produced in Tesla's Rule 26 disclosures, and there is further no valid excuse as to why Tesla has still not produced the data despite it being formally due and despite numerous promises to produce same "asap". The prejudice suffered by Plaintiffs as a result is immense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order:

1. Compelling Tesla to produce the .CSV log file on an immediate basis;

2. Compelling Tesla to produce the rest of the documents and materials responsive to Plaintiff's discovery requests;

3. Awarding Plaintiffs fees, costs, and all other relief deemed proper and just.

## CERTIFICATE OF CONFERRING WITH COUNSEL PURSUANT TO RULE 7.1(a)(3)

Pursuant to Local Rule 7.1 (a)(3), the undersigned counsel has conferred with counsel for Tesla, Inc., in a good faith effort to resolve the issues raised in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.

Florida Bar No.: 0110727
Direct email: adam@roussolawfirm.com
Service emails:
Pleadings@roussolawfirm.com
Frank@roussolawfirm.com