UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes NEIMA

BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased,

Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.

_____/

DILLON ANGULO,                                    Case 1:22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

    Defendant.

_____/

**DEFENDANT TESLA INC.'S MEMORANDUM REGARDING
THE PARTIES' JUNE 14, 2023 DISCOVERY HEARING**

    Tesla, Inc. ("Tesla") through its undersigned counsel, hereby submits its Memorandum

Regarding the Parties' June 14, 2023 Discovery Hearing, and states the following:

**BACKGROUND**

    This automotive product liability case arises out of a multi vehicle crash that occurred on

April 15, 2019 (the "Subject Incident"). On that day, Decedent Naibel Benavides, a pedestrian,

was killed after a 2019 Tesla Model S (the "Subject Tesla"), driven by non-party George McGee struck a parked Chevrolet Tahoe that the Decedent was standing near at the time of the collision. The collision caused the Tahoe to strike the Decedent which led to her unfortunate death. Decedent's boyfriend – Plaintiff Dillon Angulo – also a pedestrian, was also struck and injured during the incident. The incident occurred because non-party George McGee negligently drove his 2019 Tesla Model S (the "Subject Tesla") through a "T" intersection in Key Largo, Florida by ignoring a visible stop sign and red flashing light. Mr. McGee admitted to police he was distracted because he dropped his cell phone. On April 22, 2021, Neima Benavides – Representative of Decedent's Estate ("Plaintiff") – filed the instant action against Tesla, Inc. ("Tesla").  Tesla denies all claims against it. Moreover, before suing Tesla, Plaintiff Benavides sued Mr. McGee alleging that his "careless and/or reckless" driving proximately caused Decedent's death.[1] A copy of Plaintiff's Complaint against Mr. McGee is attached as Ex. A. Plaintiff dismissed her case against Mr. McGee after he agreed to pay a substantial but undisclosed amount to settle it. Since filing this case against Tesla, Plaintiff Neima Benavides has served no discovery request on any party.

---

[1] In her Complaint against McGee, Plaintiff Benavides alleged that "[a]t that time and place, the Defendant, GEORGE BRIAN MCGEE, carelessly and/or recklessly operated and/or drove said motor vehicle such that the Defendant drove through the intersection of CR-905A, traversing the roadway perpendicular, CR-905, otherwise ignoring the controlling stop sign and traffic signal. The Defendant, GEORGE BRIAN MCGEE, continued eastbound, driving through a roadway traffic sign, off of the paved roadway, ultimately crashing into a Chevrolet Tahoe bearing Florida license plate number DXTRR and vehicle identification number (VIN#) 1 GNMCBE35AR246876. Said collision caused the Chevrolet Tahoe, parked off of and well beyond the paved roadway, to violently rotate and strike the decedent, NAIBEL BENAVIDES LEON, sending her approximately 75 feet into the surrounding wooded area, taking her life as a result thereof." See Ex. A - Plaintiff's Complaint Against George Brian McGee at ¶9

2

## THIS DISPUTE

The dispute now before the Court arises out of two sets of discovery served on Tesla by Plaintiff Dillon Angulo.[2] In response to Plaintiff Angulo's Requests, Tesla has agreed to produce or has already produced many of the document Plaintiffs now seek to compel, specifically and including a copy of relevant data from the Subject Tesla that Plaintiff Angulo has referred to as "an electronic car log file" (Doc 110 at 2). However, a significant portion of this log data has been available to Plaintiffs through multiple sources since the beginning of this litigation, including from the Florida Highway Patrol's investigation file related to the subject incident. Before filing this Response, Tesla produced a copy of relevant "car log data" from the Subject Tesla and the Subject Incident and Tesla's Counsel advised Plaintiffs' Counsel that it is prepared to produce additional documents responsive to Plaintiff Angulo's Requests subject to a Confidentiality Protective Order pursuant to FRCP 26(c). Tesla's proposed Confidentiality Protective Order has also been provided to Plaintiffs' Counsel. Despite this, and despite being extended courtesy extensions at every stage for their own late discovery responses,[3] Plaintiffs now express urgency about their own discovery requests to Tesla.

Interestingly, Plaintiffs waited until Tesla requested that Plaintiffs participate in a "meet and confer" conference about Plaintiff Angulo's deficient discovery responses to raise issues about documents owed by Tesla. In the months leading up to that meet and confer, Counsel for the parties worked cooperatively in discovery, conferring and providing mutual extensions

---

[2] Plaintiff Angulo's First Set Request for Production – which is not the subject of Plaintiff Angulo's motion – requested production of certain video clips recorded by the subject vehicle on the date of the crash. Tesla has produced video clips responsive to Plaintiff Angulo's requests.

[3] Notably, Tesla allowed Plaintiff Angulo **two full months** to respond to discovery served on January 9, 2023. Additionally, Plaintiff Benavides failed to comply with yet another discovery deadline in May of this year and served responses a week late only after Tesla's courtesy reminder of her obligation to do so.

28112855v1

including a two-month extension provided by to Plaintiff Angulo by Tesla to allow Angulo to respond to discovery served by Tesla in January 2023. Tesla's Counsel is confident that this cooperative spirit can and will continue in this case and, as stated above, Tesla agreed to produce, has already produced and will continue produce the documents that it agreed to produce in response to Plaintiff Angulo's discovery requests that are at issue in this Motion. A copy of Tesla's Response to Plaintiff Angulo's Second Request for Production to Defendant, Tesla, Inc. ("Plaintiff Angulo's Second RFP") is attached as Exhibit B. As the Court can see from Exhibit B, Tesla objected to many of the Plaintiff Angulo's documents requests because they are vague, overly broad, unduly burdensome and not reasonably proportionate to the needs of the case. Tesla requests that this Court sustain those objections.

Plaintiffs' allegations of prejudice in their Memorandum should not be taken seriously by the Court particularly given Plaintiffs' pattern of delay in this case. The deadline for submission of expert disclosures by Plaintiffs was extended to October 2023 because of Plaintiff Benavides' failure to act during discovery and at Plaintiff Angulo's request as a newly added party to this case. Because Tesla has a produced copy of relevant "car log data" from the Subject Tesla and the Subject Incident in the specific format requested by Plaintiffs' Counsel and because Tesla's Counsel advised Plaintiffs' Counsel that it is prepared to produce additional documents responsive to Plaintiff Angulo's Second RFP (specifically in response to Requests 1, 2-3, 6-7 and 10) subject to a Confidentiality Protective Order, Plaintiffs have suffered no prejudice and their request for fees and costs can and should be denied.

## **CONCLUSION**

Tesla respectfully requests that this Honorable Court **DENY** the relief requested by Plaintiffs in its entirety.

28112855v1

Date:   June 7, 2023                     Respectfully submitted,

By:   /s/ Henry Salas
      HENRY SALAS (815268)
      COLE SCOTT & KISSANE
      9150 S Dadeland Blvd Ste 1400
      Miami, FL 33156-7855
      Office: 786-268-6419
      Fax: 305-373-2294
      henry.salas@csklegal.com

             - and –

      THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
      DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
      BOWMAN AND BROOKE LLP
      Columbia Center
      101 W. Big Beaver Road
      Suite 1100
      Troy, MI  48084
      248.205.3300 / 248.205.3399 fax
      thomas.branigan@bowmanandbrooke.com
      drew.branigan@bowmanandbrooke.com

      *Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2023, I electronically file the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Adam T. Boumel, ESQ. Florida Bar No.: 0110727

Darren J. Rousso, ESQ.
Florida Bar No.: 97410
THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway, Suite 1520
Miami, Florida 33156
(305) 670-6669
Adam@roussolawfirm.com
SERVICE EMAILS:
pleadings@roussolawfirm.com (primary)
Frank@roussolawfirm.com (secondary)

***Attorneys for Plaintiff Dillon Angulo***

DONALD SLAVIK, Esq.
3001 S. Lincoln Ave., Suite C-1
Steamboat Springs, CO  80487
970-457-1011 / 267-878-7697 fax
dslavik@slavik.us
dclaudle@slavik.us

***Co-Counsel for both Plaintiffs***

Todd Poses, Esquire
Florida Bar No.: 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street Suite 1600
Miami, Florida 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com

***Attorneys for Plaintiff Neima Benavides***

Respectfully submitted,

By:   *s/Henry Salas*

28112855v1