UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased,

Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,
Defendant._____/


DILLON ANGULO,                              Case 1:22-22607-KMM

Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

Defendant.

_____/


## CONFIDENTIALITY PROTECTIVE  ORDER

WHEREAS the Plaintiffs and Defendant Tesla, Inc. (collectively "the Parties" and individually "Party") wish to engage in discovery, including production of documents and other materials within the above-entitled action ("the Action");

WHEREAS all Parties are retaining and reserving their rights to seek a modification of the Protective Order;

NOW, THEREFORE, in order to protect such information, as may be entitled to

1

protection, and which is produced in connection with this case including documents, deposition testimony, deposition exhibits, interrogatory responses, responses to request for admission, responses to request for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure in connection with this Action ("Discovery Material"), the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, agree as follows:

I.    **DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**

1.    The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. To the extent it is practical to do so, the designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

2.    Any Party or non-party ("Producing Party") may designate Discovery Material as "Confidential" or "Highly Confidential" (hereinafter referred to collectively as "Covered Information") under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such "Covered Information" meets the criteria set forth below.

a.    **Confidential Information.** For purposes of this Protective Order, Confidential Information includes information that a Producing Party believes in good faith to be confidential or sensitive non-public internal proprietary business; (ii) marketing; (iii) financial; (iv) technical information unrelated to Autopilot technology; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income and

costs (i.e., production, marketing and overhead), Tesla current/former employee personal identifying information; and; (viii) design, development, and testing materials related to the design and development of Tesla vehicles unrelated to the Autopilot technology, as such terms are used in relevant state law.

       b.    **Highly Confidential Information.** For purposes of this Protective Order, Highly Confidential Information includes information that contains highly sensitive competitive business, technical, and/or proprietary information that warrants the highest level of confidentiality the disclosure of which will be detrimental to the Producing Party's business and will place the Producing Party at a competitive disadvantage, or any other category of information subsequently agreed to by the parties in writing as constituting Highly Confidential Information. Any Producing Party may designate such highly sensitive documents as Highly Confidential Information. Highly Confidential Information specifically includes documents and information that relate to or concern the design, development, testing and deployment of, and updates to, Tesla's Autopilot technology (including related Advanced Driver Assist Systems).

       3.    Other than marking the document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and making other obvious redactions as appropriate, the Producing Party represents that the document is a true and correct copy of the original. In no instance may any party remove, obscure or otherwise modify a document or other Covered Information in a manner that either removes an assigned Bates Number and/or confidential designation. This designation will also encompass the following: (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by Parties or their

Counsel that might reveal Covered Information.

4.      Copies of discovery responses and documents containing Covered Information shall not be filed with the Court, except in accordance with Paragraph 5.

5.      In connection with any motions or pre-trial proceedings as to which a Party submits Confidential Information, the Parties shall follow the Local Rules of the Court.

6.      Medical records (records from any health care provider[1]) provided by any Producing Party shall automatically be deemed marked "CONFIDENTIAL" and treated as such whether or not so marked. Anyone who receives any material which is not easily identifiable as a medical record will use best efforts to determine if it is a medical record subject to protection.

7.      The designation of Covered Information in a document or discovery response shall be made by labeling each page containing Covered Information with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in one or more  margin of the page. Where a document  or response consists of more than one page not all of which  contain Covered  Information,  at minimum  the first page shall also be so labeled. In the case of information disclosed in or by a non-paper medium *(e.g.,* videotape, audiotape, computer disk, or other tangible thing), the "CONFIDENTIAL" or "HIGHLY  CONFIDENTIAL" label shall be affixed to the outside of the medium or its container, or in the case of electronics it may be part of the file name, so as to clearly give notice of the designation.  The parties agree to not modify the file name in order to ensure anyone receiving or having access to the Covered Information is aware of its status as such.

8.      Inadvertent  or  unintentional  production  of  documents  or  information

---

[1] Defined as: a Doctor of Medicine or osteopathy, podiatrist, dentist, chiropractor, clinical psychologist, therapist, optometrist, nurse practitioner, nurse-midwife, or a clinical social worker who is authorized to practice by the State and performing within the scope of their practice as defined by State law.

containing Covered Information that should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Parties' claims of confidentiality and will be deemed Covered Information upon notice to all parties receiving such inadvertent or unintentional production.  Likewise, if information is produced which should have been withheld on the basis or should have included redactions for privilege or relating to private information of third parties, the Producing Party may replace ("claw-back") the information with appropriate redactions and the Parties must return and/or destroy the information without redactions within five days of receipt of the properly redacted version.

9.      Any notes, lists memoranda, summaries, indices, compilations, electronically stored information, reports, records, and documents prepared or based on an examination of Covered Information and any summaries of Covered Information which quote from, identify, or refer to the Covered Information with such specificity that the Covered Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, and shall be subject to all of the terms of this protective order.

9.      A Producing Party may designate information disclosed during a deposition as Confidential Information or Highly Confidential Information by so indicating it on the record at the deposition. A Producing Party may designate the entire deposition as Confidential Information or Highly Confidential Information if the scope of the witness's testimony and/or the content of the exhibits, in large part, comprise Confidential Information and/or Highly Confidential Information.  Any party opposing such designation may identify the challenged testimony by page and line, and the dispute will be handled as proscribed in Paragraph 12. The Court Reporter will be instructed by counsel how the Covered Information

shall be marked and bound. The Court Reporter shall operate in a manner consistent with this Protective Order and separately label the confidential portions of the deposition transcript, including documents and other exhibits containing the Covered Information as Confidential Information or Highly Confidential Information. The Covered Information shall be separately bound. Those pages in any transcript referring to Covered Information shall include a stamp identifying all such pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Failure of the Court Reporter to operate in this manner shall not constitute a waiver by the Producing Party as to the status of the testimony as Covered Information.

10. Deposition testimony or information disclosed during the deposition that is not designated as Covered Information at the deposition may be so designated by a Producing Party within thirty (30) court days of when the deposition transcript is made available, by giving written notice to all Parties of the page and line numbers where the newly designated information appears on the transcript. All rough or final deposition transcripts shall be treated as "Covered Information" until thirty (30) court days after the deposition testimony is made available. Should a pending motion or procedural requirement necessitate an earlier date, the Parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

11. Any non-party may obtain the protections of this Protective Order by consenting to the jurisdiction of this Court solely with regard to the production of its or their documents by designating any discovery in accordance with the provisions of this Protective Order. Such designation shall confer upon the non-party all of the rights and obligations of a designating party as set forth herein. Non-parties are not entitled to receipt or review of Covered

Information by any other Producing Party unless all Parties agree in writing, and the non-party also executes Exhibit A prior to receipt or review of the Covered Information. Any medical records produced by a non-party in response to any subpoena issued in this case shall be treated as Confidential under the terms of this Protective Order.

II.     **CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION," OR "HIGHLY CONFIDENTIAL INFORMATION"**

12.     If a Party contends that any material is not entitled to confidential treatment, such Party must give written notice to the Producing Party who designated the material by: (1) providing the Bates number of each challenged document or the page and line of each portion of testimony subject to challenge and (2) state the basis for each challenge. The Parties agree that such challenges shall be made in good faith. In the case of materials or testimony designated as Highly Confidential Information, the Party challenging the designation must state whether their position is the material should be designated as Confidential Information or have no designation under this Protective Order. The Parties shall meet and confer regarding the challenged designations within thirty (30) court days of receipt of the challenge. If the challenge is not resolved in the meet-and-confer process, the Producing Party shall have thirty (30) court days from the date of the termination of the meet and confer effort to seek an order from the Court that such designated material is subject to protection as Confidential Information or Highly Confidential Information. The Producing Party seeking the order has the burden of establishing that each designated document or item is entitled to protection. If a motion is not timely filed, the challenged material shall lose its designated protection and be assigned the protection requested by the challenging party. If the Producing Party files a motion with the Court, the designated items shall remain protected pursuant to their designation until the Court rules on the motion.

13.     Notwithstanding any challenge to the designation of material as Covered Information as described in Paragraph 12, all documents shall be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

a.     the Producing Party who claims that the material is Confidential Information or Highly Confidential Information withdraws such designation in writing; or

b.     the Producing Party who claims that the material is Confidential Information or Highly Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c.     the Court rules the material is not Confidential Information or Highly Confidential Information.

14.     No Party shall be obliged to challenge the propriety of a Confidential Information or Highly Confidential Information designation at any specified time, and a failure to do so shall not preclude a subsequent challenge to the propriety of such a designation.

III.     **USE AND ACCESS TO "CONFIDENTIAL INFORMATION" AND "HIGHLY CONFIDENTIAL INFORMATION"**

15.     Confidential Information and Highly Confidential Information shall not be used for any business, commercial, competitive, personal, or other purpose. Persons receiving Covered Information shall not under any circumstances sell, offer for sale, advertise, or publicize Covered Information or any information contained therein.

16.     Persons authorized to receive Confidential Information. Confidential Information, as defined in Paragraph 2(a), may be disclosed only to the following "Qualified Persons":

      a.     The Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, and the jury;

      b.     Mediators or other individuals engaged or consulted in settlement of all or part of these Actions, or discovery referees to the extent one or more are engaged in connection with these Actions provided they execute Exhibit A;

      c.     the Parties and their employees;

      d.     Counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action. Including, but not limited to, all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual, and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

      e.     litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A;

      f.     Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with these Actions to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of these Actions, provided, however, that: (i) the expert/consultant will designate the team working on this engagement and such disclosure will be limited to such "Designated Expert Personnel" involved in this

engagement; (ii) the expert/consultant and Designated Expert Personnel use the information solely in connection with these Actions; (iii) expert/consultant and/or a representative of each expert consulting firm sign Exhibit A on behalf of any Designated Expert Personnel associated with that firm; (v) the terms of Paragraph 18 of this Protective Order are satisfied; and (vi) a Producing Party may share Confidential Information that it produced with its own individual expert or Designated Expert Personnel without requiring compliance with this Protective Order;

g.      Except persons subject to the limitation set forth in Paragraph 18, any person (i) who created, authored, received, or reviewed such Confidential Information; (ii) is or was a custodian of the Confidential Information; (iii) is identified in Confidential Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Information; and

h.      any other person as may be designated by written agreement by the Producing Party or by order of the Court.

i.      Other attorneys of record in other pending lawsuits against Tesla, Inc. in the United States of America involving the same alleged defect claims as stated in Plaintiffs' operative complaints involving a 2019 Tesla Model S with HW 3.0, Software version 9.0, resulting in personal injuries and/or death.

1.   Each Sharing Attorney shall sign Exhibit A annexed hereto and agree to be subjected to the jurisdiction of this Court for enforcement of the Protective Order prior to receiving any Covered Information

2.   Each Sharing Attorney shall provide the original or a copy of the

executed Exhibit A to counsel in these Actions who provided Covered Information to the Sharing Attorney;

3. Counsel for all Parties to these Actions shall maintain the originals and/or copies of the Exhibit A that are executed by Sharing Attorneys;

17. Persons authorized to receive Highly Confidential Information. Highly Confidential Information, as defined in Paragraph 2(b), may be disclosed only to the persons identified and conditions set forth in Paragraphs 16(a), (d), (e), (f), (g), and

(i). For those persons permitted to receive Highly Confidential Information and who are required to execute an Exhibit A, the Exhibit A must be provided to counsel for the Producing Party within five court days of execution and before any Highly Confidential Information is provided to ensure compliance with this Protective Order. The distribution of Highly Confidential Information shall be limited to the consultants/experts that truly need to see them for their work in this litigation.

Sharing Attorneys shall not further share Covered information with anyone other than the category of persons or entities described in Paragraphs 16(a), (d), (e), (f), (g), and (i) for the specific case or cases for which the Sharing Attorney is counsel of record, and only after the persons or entities have executed the Exhibit A. Sharing Attorneys shall not further share with any counsel, person, or entity not described above.

18. The following persons are not authorized to receive Covered information as defined in Paragraphs 2(a)and (b): Any current owner, director, employee or consultant of any entity that competes with Tesla or is otherwise engaged in the design and development of automotive components and autonomous vehicle technology.

19.     **EXECUTING THE NON-DISCLOSURE AGREEMENT.**

Each person as identified in Paragraphs 16(e), (f), (g) (former employees only), and (h), and 17, to whom Confidential Information or Highly Confidential Information is disclosed shall execute a non-disclosure agreement in the form attached as Exhibit A before receiving such information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person, to the extent the person receiving Confidential Information is a designated expert under Paragraph 1 6(f) their signed Exhibit A shall be produced as part of their expert file and produced to counsel for the Producing Party pursuant to Paragraph 17 in the case of Highly Confidential Information.

20.     **SECURITY OF COVERED INFORMATION.**

Any person in possession of a Producing Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Covered Information may not be disseminated by email or other non-secured means; a secure file transfer protocol is permitted as is an encrypted, password protected flash drive, but in both instances the password must be separately transmitted to the recipient.

21.     Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is

made and shall make reasonable efforts to retrieve all such Covered Information. Each Party shall cooperate in good faith in that effort.

## IV.    INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"

22.    In the event that information is produced by a Producing Party without a Confidential or Highly Confidential designation and then later designates as Confidential or Highly Confidential, said information, upon notice of the inadvertent production, all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Confidential Information or Highly Confidential Information pursuant to the terms of this Protective Order.

## V.    MISCELLANEOUS TERMS

23.    All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

24.    Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

25.    A person with custody of documents designated as Covered Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to examine them.

26.    The use of Covered Information at any trial proceeding shall be governed by Federal law. The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

27.     The terms of this Protective Order do not preclude Tesla, Inc. from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA") either voluntarily or in connection with Tesla, Inc.'s obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

28.     The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of these Actions, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information or Highly Confidential Information.

29.     Within 60 (sixty) days after the conclusion of this Action, all produced documents that contain or reflect Covered Information shall be returned to counsel for the designating party and all electronic copies will be destroyed and deleted from any computers, hard drivers, servers, or cloud storage. The Party given the Covered Information will certify in writing that there is compliance with this provision.

30.     Failure to comply with, or violation of, this Protective Order shall be considered a material breach for which the aggrieved party may seek any and all relief from this Court.

        **DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of July, 2023.

                                    ALICIA M. OTAZO-REYES
                                    UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Beth Bloom
        Counsel of Record

**(Exhibit A)**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes NEIMA

BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased,

Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.
_____/

DILLON ANGULO,                                    Case 1:22-22607-KMM

Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

Defendant.

_____/

     I hereby certify that I have read the Protective Order entered in the case entitled *Neima*

*Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, Deceased and*

*Dillon Angulo v. Tesla, Inc., a/k/a Tesla Florida, Inc.,* Case No. 21-cv-21940-BLOOM/Otazo-

Reyes, Before reviewing or receiving access to the contents of any of the documents or material

subject to the protection of that Protective Order and as a condition of such review or access, I

understand and agree that I am personally bound by and subject to all of the terms and provisions

of the Protective Order.  I am not an owner, director, employee or consultant of any entity that competes with Tesla or is otherwise engaged in the design and development of automotive components and autonomous vehicle technology.

I subject myself to the jurisdiction and venue of the United States District Court for the State of Florida, for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*                    *Date*