UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES and
DILLON ANGULO,

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiffs Neima Benavides and Dillon Angulo's Joint Motion for Leave to Amend Complaint ("Motion"), ECF No. [129]. Defendant Tesla, Inc. filed a Response in opposition ("Response"), ECF No. [137], and Plaintiffs filed a Reply ("Reply"), ECF No. [141]. The Court has considered the Motion, the opposing and supporting submissions, the record, the applicable law, and is otherwise fully advised. The Motion is denied.

**I.   Background**

On April 22, 2021, Plaintiff Neima Benavides sued Defendant in the Circuit Court for Miami-Dade County, Florida alleging automotive product liability claims against Defendant. Defendant removed the action to this Court on May 25, 2021. On August 16, 2022, Plaintiff Dillon Angulo initiated a similar automotive products liability action against Defendant in this district, Case No. 22-cv-22607-KMM. The Court accepted transfer of this case and consolidated both actions in light of the overlapping issues presented.[1] ECF No. [50].

---

[1] Plaintiffs agreed that their cases should be consolidated on this basis. ECF No. [50] at 1.

Both actions arise from the same automotive accident on April 25, 2019 involving a vehicle ("Vehicle") manufactured, marketed, and sold by Defendant.[2] Plaintiff Neima Benavides brought this action against Defendant on behalf of Decedent Naibel Benavides Leon, who was struck and killed by driver George McGee while operating the Vehicle. Plaintiff Dillon Angulo was also struck by the Vehicle and suffered serious injuries as a result, prompting this consolidated action.

Plaintiff Neima Benavides' Complaint contains two counts and seeks wrongful death damages, alleging the accident was caused by a malfunction in the Vehicle's "Autopilot" function designed, manufactured, marketed, and sold by Defendant ("Autopilot Function").[3] Count I is a Strict Liability claim for negligently designing and manufacturing the Vehicle's Autopilot Function. Count II is a Strict Liability claim for failing to warn of the foreseeable dangers resulting from the Autopilot Function's defects. Plaintiff Dillon Angulo's Complaint contains four Counts. Counts I is a Strict Products Liability claim for negligently designing the Vehicle's Autopilot Function. Count II is a Strict Products Liability claim for failing to warn of the foreseeable dangers resulting from the Autopilot Function's defects. Count III is a Strict Products Liability claim for negligently manufacturing the Vehicle's Autopilot Function. Count IV is a Negligent Misrepresentation claim alleging that Defendant negligently misrepresented the Autopilot Function to consumers by falsely advertising that it had capabilities beyond those which it had.

On May 25, 2021, Defendant filed Answers to Plaintiffs' Complaints. ECF Nos. [53], [54]. Defendant's Answers admitted that the Vehicle was equipped with the Autopilot Function, denied

---

[2] The driver of the vehicle, George McGee, is not a party to the present action.
[3] Defendant's Response observes that the vehicle at issue, a Tesla Model S, "was configured with a suite of advanced driver assistance systems (ADAS) that Tesla calls 'Autopilot.'" Response at 2 n.1. The Court uses the term "Autopilot Function" to generally refer to this suite of advanced driver assistance systems.

that its negligent design or manufacture caused the injuries suffered by Plaintiffs, and denied that it failed to sufficiently warn consumers about the shortcomings of its Autopilot Function.[4]

On August 25, 2023, Plaintiffs filed the instant Motion, seeking leave to file a Consolidated Amended Complaint to add the following claims: Fraudulent Misrepresentation (Count V); Fraudulent Concealment (Count VI); and Intentional False Advertising under Fla. Stat. §817.44 (Count VII). Plaintiffs also seek to include more detailed factual allegations, including a claim for punitive damages. Defendant's Response urges the Court to deny the Motion, arguing that leave to amend is unwarranted considering (1) Plaintiffs Motion comes nearly a year after the Court's deadline to amend pleadings; (2) Plaintiffs failed to identify newly-obtained information justifying amendment at this stage in the proceedings; (3) amendment is futile because proposed Counts IV – VII fail to state claims upon which relief may be granted; and (4) permitting Plaintiffs to file an Amended Complaint would unfairly prejudice Defendant. Plaintiffs reply that Defendant (1) raises issues not properly before the Court on this Motion; (2) Plaintiffs Motion is not untimely; (3) the proposed Counts state plausible claims for relief; (3) Defendant will not be prejudiced by granting leave to amend.

The Court entered its Order Consolidating Cases and Amending Scheduling Order on August 30, 2022 ("Amended Scheduling Order"), ECF No. [50]. The Amended Scheduling Order established a deadline for the parties to amend pleadings by October 28, 2022. Plaintiffs did not do so, and the Court's subsequent Order extending pre-trial deadlines left the deadline to amend pleadings in place. ECF No. [91]. Plaintiffs filed the instant Motion on August 25, 2023, approximately eleven months after the Court's October 28, 2022 deadline to amend pleadings.

---

[4] Defendant's Answer to Plaintiff Dillon Angulo's Complaint also denied negligently misrepresenting the Autopilot Function's capabilities to George McGee or the consuming public in general.

3

## II.   Legal Standard

When "a motion to amend is filed after a scheduling order deadline, [Federal Rule of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam); *see also Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014) ("Plaintiffs must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15.") (citing *Sosa*, 133 F.3d at 1419). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa*, 133 F.3d at 1418).

## III.   Discussion

The Court accordingly must determine whether Plaintiffs have established good cause for filing their Motion eleven months after the Court's deadline to amend pleadings. Plaintiffs contend that they previously attempted to extend this deadline to file the present Motion with the benefit of additional discovery, ECF No. [72] ("Motion to Continue Trial"). Plaintiffs' Motion to Continue Trial did not request an extension of the deadline to amend pleadings. *See generally id.* Plaintiffs' Motion to Continue Trial requested a continuance of trial, pre-trial deadlines, and an extension of the discovery period in light of the complexity of the dispute. *Id.* ¶¶ 8-10, 15. The Court partially granted this relief, ECF No. [91], and Plaintiffs did not subsequently move to extend the Court's

deadline to amend pleadings. Plaintiffs' Motion to Continue Trial accordingly fails to demonstrate that Plaintiffs diligently attempted to comply with the Court's deadline to amend pleadings.

Plaintiffs also explain that they elected to craft the Amended Complaint with the information currently at their disposal and filed the present Motion after their attempts to pursue more fulsome discovery failed. Defendant responds that Plaintiffs fail to identify any newly discovered information excusing their eleven-month delay in filing the Motion.

Plaintiffs' Motion contends that "[t]hrough the development of discovery, the Plaintiffs have learned new information giving rise to additional legal claims." Motion ¶ 2. However, aside from this conclusory assertion, Plaintiffs fail to identify *any* newly discovered information that justifies the new claims set forth in the proposed Amended Complaint. Plaintiffs have not explained why their eleventh-month delay in filing the Motion is excused by the Parties' discovery disputes. Instead, Plaintiffs argue that the delay in filing the Motion is an insufficient basis to deny the Motion under Rule 15 of the Federal Rules of Civil Procedure. However, this argument ignores the Eleventh Circuit's instruction that "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa*, 133 F.3d at 1419. Plaintiffs must make this showing "before the Court may consider whether to grant leave to amend under Rule 15." *Remington*, 2014 WL 505153 at *12 (citation omitted). If Plaintiffs fail to demonstrate diligence in filing the Motion, "the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Rule 16 requires Plaintiffs to demonstrate that they failed to meet this deadline despite diligently attempting to do so. *De Varona*, 285 F.R.D. at 672. Plaintiffs' explanation that they hoped to obtain new evidence in discovery falls short, particularly where Plaintiffs have failed to

point to any new information after the Court's deadline to amend pleadings. Plaintiffs have accordingly failed to show that they diligently attempted to comply with the Court's deadline to amend pleadings.

### IV.   Conclusion

The Court concludes that Plaintiffs have failed to establish good cause justifying modifying the deadline to amend pleadings under Rule 16. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Joint Motion for Leave to Amend Complaint, **ECF No. [129]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record