**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.

_____/

**PLAINTIFF, DILLON ANGULO'S**
**SECOND REQUEST FOR PRODUCTION TO DEFENDANT, TESLA, INC.**

    PLEASE TAKE NOTICE that the following Second Request for Production of Documents are propounded to Defendant Tesla, Inc., by Plaintiff, Dillon Angulo, pursuant to Fed. R. Civ. P. 34. Responses to these requests should be provided to The Rousso, Boumel Law Firm, or to the Slavik Law Firm, LLC, 3001 S. Lincoln Ave., Ste. C-1, Steamboat Springs, CO 80487, within thirty (30) days from service of this request.

**INSTRUCTIONS**

    In order for Plaintiff to evaluate the alleged defects in this case, certain information is required. When DOCUMENTS are produced, the DOCUMENTS shall be produced in an identified, organized manner that corresponds with the organization of this Request for Production (including all individual requests and subparts). When DOCUMENTS are produced and the DOCUMENTS would not, standing alone, be self-explanatory, the production of DOCUMENTS shall be supplemented and accompanied by explanation.

Please repeat the applicable request verbatim above each response. After TESLA's response to each request, identify the source of the information and indicate the last date the information was gathered.

If TESLA refuses to respond to any request in whole or in part on the basis of attorney-client, attorney work product, or other privilege, and TESLA does not submit one or more requested DOCUMENTS or items of information in response to this Request for Production, Plaintiff requests that TESLA provide a privilege log identifying each document or item withheld, and stating the date, subject or title, the name and position of the person(s) from, and the person(s) to whom it was sent, and the name and position of any other recipient (to include all carbon copies or blind carbon copies), the nature of that information or material, and the basis for the claim of privilege and why that privilege applies.

## DEFINITIONS

**DOCUMENT(S)** is used in the broadest sense of the word and shall mean all original written, printed, typed, recorded, or graphic matter whatsoever, however produced or reproduced, of every kind, nature, and description, and all non-identical copies of both sides thereof, including, but not limited to, papers, letters, memoranda, correspondence, communications, electronic mail (e-mail) messages (existing in hard copy and/or in electronic storage), faxes, mailgrams, telegrams, cables, telex messages, notes, annotations, working papers, drafts, minutes, records, audio and video recordings, data, databases, other information bases, summaries, charts, tables, graphics, other visual displays, photographs, statements, interviews, opinions, reports, newspaper articles, studies, analyses, evaluations, interpretations, contracts, agreements, jottings, agendas, bulletin, notices, announcements, instructions, blueprints, drawings, as-builts, changes, manuals, publications, work schedules, journals, statistical data, desk, portable and computer calendars, appointment books, diaries, travel reports, lists, tabulations, computer printouts, data processing program libraries, data processing inputs and outputs, microfilms, microfiches, statements for services, resolutions, financial statements, governmental records, business records, personnel records, work orders, pleadings, discovery in any form, affidavits, motions, responses to discovery, all transcripts, administrative filings and all mechanical, magnetic, photographic and electronic records or recordings of any kind, including any storage media associated with computers, including, but not limited to, information on hard drives, floppy disks, backup tapes, and zip drives, electronic communications, including but not limited to, the Internet and shall include any. drafts or revisions pertaining to any of the foregoing, all other things similar to any of the foregoing, however denominated by TESLA, any other data compilations from which information can be obtained, translated, if necessary, into a usable form and any other documents. For purposes of this request, any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production. In all cases where original and any non-identical copies are not available, "document(s)" also means any identical copies of the original and all non-identical copies thereof. Any document, record, graph, chart, film or photograph originally produced in color must be provided in color. Furnish all documents whether verified by TESLA or not. If a document is not in the English language, provide both the original document and an English translation of the document.

**ELECTRONICALLY STORED INFORMATION** [**ESI**] should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

      a. Digital communications (*e.g.*, Slack, e-mail, voice mail, instant messaging, internal chat features, text messages, and any other similar communication);
      b. E-Mail Server Stores (*e.g.*, Lotus Domino .NSF or Microsoft Exchange .EDB);
      c. Word processed documents (*e.g.*, Word or WordPerfect files and drafts);
      d. Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
      e. Digital modeling and/or testing (*e.g.*, CAD, CATIA, AUTODESK ALIAS, DELMIA, any form of Finite Element Analysis, whether public or proprietary);
      f. Accounting Application Data (*e.g.*, QuickBooks, Money, Peachtree data);
      g. Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .PNG, .JPG, .GIF images);
      h. Sound Recordings (*e.g.*, .WAV and .MP3 files);
      i. Video and Animation (*e.g.*, .AVI and .MOV files);
      j. Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
      k. Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
      l. Calendar and Diary Application Data (*e.g.*, Outlook PST, blog entries);
      m. Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
      n. Presentations (*e.g.*, PowerPoint, Corel Presentations)
      o. Network Access and Server Activity Logs;
      p. Project Management Application Data;
      q. Backup and Archival Files (*e.g.*, Veritas, Zip, .GHO)
      r. JIRA Issue Tickets
      s. MATLAB, SIMULINK and other model-based development programs and files
      t. Agile Development Software and files
      u. Python, Git and other source control platform files
      v. "Toolbox" and other TESLA proprietary databases
      w. Event Data Recorder [EDR] files (see 49 C.F.R. 563 for regulations about the contents of the event data recorder)
      x. TESLA vehicle "Log Files", including any applications such as Periscope used to collect, store, or analyze TESLA vehicle performance, including but not limited to collisions, engagement of ADS features, and/or any DMS features.
      y. Autopilot D-16 Reports.

**DATA STORAGE SYSTEM:** means all TESLA systems for storing data of any nature about the day-to-day operation of the SUBJECT VEHICLES including, but not limited to, ESI, telemetry data transmitted from the SUBJECT VEHICLES to TESLA servers either in real-time or on a periodic basis, or due to an event, such a crash or airbag deployment, as well as video and still-frame camera images, continuously recorded signals and alerts (Log files or CarLog files), text logs stored within the Media Control Unit, data and images recorded in the Restraint Control Module, Toolbox 3 Diagnostic data, and all other data the SUBJECT VEHICLES record or transmit.

**SUBJECT INCIDENT:** The crash that occurred on or about April 25, 2019, at approximately 9:14 PM, , in Monroe County, Florida, as further detailed and referenced in Plaintiffs' Complaints.

**SUBJECT VEHICLE:** The 2019 TESLA MODEL S bearing Florida license plate number LFYB88, Vehicle Identification Number 5YJSA1E24KF302997.

**AUTOMATED DRIVING SYSTEM** [**ADS**] includes:
  a. any feature of a TESLA vehicle that involves the use of cameras, sensors, radar, and/or other technology used to determine the vehicle's location and to identify, classify, and position other roadway users and objects;
  b. software and software algorithms that analyze data inputs in real time to determine the appropriate vehicle response;
  c. Level 2 Advanced Driver Assist Systems [ADAS];
  d. "LEVEL 2" means the same as and is coterminous with the definition of "Level or Category 2 - Partial Driving Automation" in SAE J3016 Taxonomy and Definitions for Terms Related to Driving Automation Systems for On-Road Motor Vehicles § 5.3 (April 2021) (i.e., a driver support feature on the vehicle that can control both steering and braking/accelerating simultaneously under some circumstances);
  e. **DDT**: Dynamic Driving Task or all of the real-time operational (lateral and longitudinal movement of vehicle) and tactical (planning component) functions required to operate a vehicle in on-road traffic, excluding the strategic functions such as trip scheduling and selection of destinations and waypoints, and including without limitation:
      i. Lateral vehicle motion control via steering (operational);
      ii. Longitudinal vehicle motion control via acceleration and deceleration (operational);
      iii. Monitoring the driving environment via object and event detection, recognition, classification, and response preparation (operational and tactical);
      iv. Object and event response execution (operational and tactical);
      v. Maneuver planning (tactical); and
      vi. Enhancing conspicuity via lighting, signaling and gesturing, etc. (tactical).
  f. **RTOS:** Real Time Operating System.

**OEDR:** Includes object and event detection and response or the subtasks of the DDT that include monitoring the driving environment (detecting, recognizing, and classifying objects and events and preparing to respond as needed) and executing an appropriate response to such objects and events (i.e., as needed to complete the DDT and/or DDT fallback).

  a. the design and performance of sensors, software algorithms, and other technology used to analyze and respond to the vehicle's environment;
  b. the operational design domain of the various components of TESLA's ADS; and
  c. the evolution of the system over time through software updates.

**AUTOMATIC EMERGENCY BRAKING (AEB):** the TESLA AUTOMATIC EMERGENCY BRAKING system on SUBJECT VEHICLES, including the SUBJECT VEHICLE, designed to determine the distance from a detected object traveling in front of it. When a frontal collision is considered unavoidable, AUTOMATIC EMERGENCY BRAKING is designed to apply the brakes to reduce the vehicle's speed and therefore, the severity of the impact.

**SUBJECT SYSTEM:** suite of software, hardware, data, and any other related systems on or off the SUBJECT VEHICLE that contributes to the conferral of any ADS, DDT, or OEDR capabilities, including but not limited to any "Autopilot" or "Full Self Driving" packages, and all automated features such as, Traffic Aware Cruise Control, Lane Keeping Assist (Autosteer), and AUTOMATIC EMERGENCY BRAKING.

**TESLA:** TESLA, Inc., all of its past and present OFFICERs and EMPLOYEEs, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their EMPLOYEES, and all AGENTS, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., EMPLOYEE of a consultant) by or under the control of TESLA (including all business units and persons previously referred to), who are or, on or after January 1st, 2011 were, involved in any way with any of the following related to the alleged defect in the SUBJECT VEHICLES:

   a. Design, engineering, analysis, modification or production (e.g. quality control);
   b. Testing, assessment or evaluation;
   c. Consideration, or recognition of potential or actual defects, reporting, record-keeping and information management (e.g., complaints, field reports, warranty information, part sales), analysis, claims, or lawsuits; or
   d. Communication to, from or intended for zone representatives, FLEETs, dealers, or other field locations, including but not limited to people who have the capacity to obtain information from dealers.

**AGENT:** means an individual, such as a representative, who is authorized to act for or in place of another.

**EMPLOYEE**: means a person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance.

**OFFICER:** means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

**LABELS**: The extensive data designed to improve TESLA'S neural networks powering its suite of automated driving systems, including Autopilot and Full Self Driving features is made up of images collected by TESLA vehicles being driven on public roads. LABELS refers to the information in those images that TESLA employees tagged with identifiers, such as vehicles, lanes, street signs, pedestrians, etc.

## REQUESTS FOR PRODUCTION

**REQUEST NUMBER. 1.** Produce all DOCUMENTS and ESI data contained in any TESLA DATA STORAGE SYSTEM or in the SUBJECT VEHICLE regarding the operation of the SUBJECT VEHICLE including the SUBJECT SYSTEM within ten minutes of the SUBJECT INCIDENT, including, but not limited to, telemetry data transmitted from the vehicle to TESLA servers either in real-time or on a periodic basis, or due to an event, such a crash or airbag deployment, as well as video and still-frame camera images, continuously recorded signals and alerts, Log files or CarLog files, D-16 Reports, text logs stored within the Media Control Unit, images from any in-cabin driver-facing camera, data and images recorded in the Restraint Control Module, Toolbox 3 Diagnostic data, and all other data the SUBJECT VEHICLE recorded or transmitted not already produced to date.

**REQUEST NUMBER. 2.** All DOCUMENTS, ESI, or other material provided to the U.S. Department of Transportation, National Highway Traffic Safety Administration (NHTSA) in response to the letter dated 31 August 2021 addressed to Eddie Gates, Director, Field Quality for TESLA, Inc., from Gregory Magno, Chief, Vehicle Defects Division – D, Office of Defects Investigation. [Exhibit A]

**REQUEST NUMBER. 3.** All DOCUMENTS, ESI, or other material provided to the U.S. Department of Transportation, National Highway Traffic Safety Administration (NHTSA) in response to the letter dated 18 August 2022 addressed to Eddie Gates, Director, Field Quality for TESLA, Inc., from Stephen A. Ridella, Ph.D., Director, Office of Defects Investigation. [Exhibit B]

**REQUEST NUMBER. 4.** Produce all video segments used to create LABELS identifying stationary vehicles in developing all versions of Tesla's Automated Driving Systems, including Autopilot and Full Self Driving.

**REQUEST NUMBER. 5.** Produce all D16 Reports from vehicles manufactured with Hardware version 2.0 and later in a Model S or X which came into contact with a vehicle ahead of it, stationary or moving.

**REQUEST NUMBER. 6.** Produce the D16 Report for the SUBJECT INCIDENT.

**REQUEST NUMBER. 7.** All CarLog data regarding the SUBJECT VEHICLE within 10 minutes of the SUBJECT INCIDENT in both native format (.hex, .dat, .acq, .cfg, .tsv, and .txt files) and converted to engineering units.

**REQUEST NUMBER. 8.** A full and complete glossary or index (including any related Confluence pages) defining and/or explaining the column headings and log signals in the CarLog data.

**REQUEST NUMBER. 9.** All video captured, saved, and/or uploaded by the onboard cameras in the SUBJECT VEHICLE within 10 minutes of the SUBJECT INCIDENT along with the

associated augmented vision overlay and control signals as well as all data, graphs, and information available to Tesla engineers through either the TCLIPS tool or APViz tool.

**REQUEST NUMBER. 10.** All documents that record testing of speeds and roadways on which a Tesla vehicle might sense a vehicle, motorcycle, pedestrian, or bicycle ahead and that document a response by any Tesla ADS, OEDR, AEB, RTOS, or other automated driving system.

**REQUEST NUMBER. 11.** Documents that define the mission case requirements of Tesla's ADS, including Autopilot, and any automated systems used to achieve any level of automated driving in the field.

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, a true and correct copy of the foregoing was served via email to all counsel identified in the below service list.

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:  /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.
Florida Bar No.: 0110727

**SERVICE LIST**

**Cole, Scott & Kissane, P.A.**
9150 S. Dadeland Blvd, Suite 1400
Miami, Florida 33156
**Attn: Henry Salas, Esq.**
henry.salas@csklegal.com
leisy.martinez@csklegal.com
*Counsel for Defendant, Tesla, Inc.*

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Thomas P. Branigan, Esq.**
**Attn: Drew P. Branigan, Esq.**
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
*Counsel for Defendant, Tesla, Inc.*

**Aria Sanguinetti Wang & Torrijos, LLP**
2200 Powell Street, Suite 740
Emeryville, CA 94608
**Attn: Elise R. Sanguinetti, Esq.**
elise@aswtlawyers.com
ncservice@aswtlawyers.com
*Co-Counsel for both Plaintiffs.*

**Poses & Poses, P.A.**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiff, Neima Benavides*

**Slavik Law Firm, LLC**
30001 S. Lincoln Ave, Suite C-1
Steamboat Springs, CO 80487
**Attn: Donald Slavik, Esq.**
dslavik@slavik.us
dcaudle@slavik.us
*Co-Counsel for both Plaintiffs.*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Co-Counsel for both Plaintiffs.*