UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of
Naibel Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

Case No. 22-cv-22607-KMM

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a Tesla Florida, Inc*.

    Defendant.
_____/

**TESLA'S MOTION FOR LEAVE TO FILE BRIEF
CONCERNING FEBRUARY 22 DISCOVERY HEARING**

Tesla, Inc. ("Tesla"), through its undersigned counsel, moves this Court for

leave to file briefing concerning the Parties' February 22 Discovery Hearing and in

response to Plaintiffs' "Supplemental Proffer Regarding Continuing Discovery Issues" (D.E. 176 – "Plaintiffs' Proffer") and Motion for Hearing (D.E. 177). Specifically, Tesla requests that this Court permit Tesla to file an Opposition Brief responding to the new issues raised by Plaintiffs' Supplemental Proffer and Motion for Hearing – not to exceed twenty pages and to be filed no later than 7 days before the hearing date for Plaintiffs' Motion.[1]  In support of its Motion, Tesla states the following:

## Introduction and Relief Requested

This case arises out of an April 25, 2019 two-vehicle collision. On that night, non-party George Brian McGee negligently drove his 2019 Tesla Model S through a "T" intersection in Key Largo, Florida by ignoring a visible stop sign and overhead red flashing stop light. As a result of George McGee's negligence, he slammed into a Chevrolet Tahoe legally parked at the end of the road, which subsequently struck Decedent Naibel Benavides and Plaintiff Dillon Angulo. As a result of the crash – and after settling lawsuits with George Brian McGee – Plaintiffs filed the instant case against Tesla, alleging product liability claims. Tesla denies all allegations against it.

---

[1] Consistent with the Parties' conference and S.D.FL. Local Rule 7.1, Tesla also anticipates that Plaintiff will file a Reply of no more than ten (10) pages.

Tesla moves this Court for an Order allowing it to respond to Plaintiffs' Proffer before the hearing on Plaintiffs' Discovery Motion to allow Tesla to respond to the litany of new issues raised in Plaintiff's Proffer that was submitted as a Supplemental Proffer (D.E. 176), as well as Plaintiffs' Motion for Hearing (D.E. 177). Specifically, Plaintiffs filed their "Supplemental Proffer on February 1 in response to Plaintiffs' Motion to Extend Discovery Deadlines (D.E. 175) ("Motion to Extend). Tesla did not oppose Plaintiffs' original Motion to Extend because it agrees that an amendment to the discovery deadlines is beneficial to the resolution of this case. However, Plaintiffs' Supplemental Proffer is a distinct motion in that it raises completely new issues and asks for affirmative relief.[2] This briefing is improper under both S.D.FL. Local Rule 7.1,[3] as well as this Court's Order Setting Discovery Procedures (D.E. 159) ("discovery disputes shall not be raised by filing substantive motions"). Less than a day after filing their Supplemental Proffer, Plaintiffs also filed a Motion for Hearing, which asks this Court to consider

---

[2] Plaintiffs' Supplemental Proffer asks this Court to consider the discovery issues presented in their Supplemental Proffer, for which a discovery hearing has now been set. *See* (D.E. 176). Notably, Plaintiffs Original Motion to Extend cited "… the complexity of this matter *and multiple upcoming trial settings in other cases for all parties' counsel*" as the basis for their Motion to Extend. (D.E. 175) at pg. 2. The discovery issues currently set for hearing are completely distinct from issues contemplated by Plaintiffs' Motion to Extend *See* (D.E. 176-177).

[3] S.D.FL. Local Rule 7.1 specifically permits "each party *opposing a motion"* to file an opposing memorandum no later than 14 days after service of a motion. See S.D.FL. Local Rule 7.1(c)(1) (emphasis added). Subsequently, the movant may file a reply, which "*shall be strictly limited to rebuttal of matters raised in the memorandum in opposition*." Id (emphasis added). "No further or additional memoranda of law shall be filed and served without prior leave of the Court." Id.

3

additional discovery issues not mentioned in Plaintiffs' Supplemental Proffer. *See* (D.E. 177).

Tesla believes that briefing will help inform the Court about disputed issues raised by both Plaintiffs' Motion and Proffer, and it will identify issues that have been resolved through continuing Meet and Confer discussions amongst Counsel for the Parties. Plaintiffs do not oppose the relief requested, but indicated a desire to file a reply to Tesla's brief. Thus, Tesla requests that this Court permit Tesla to file a brief concerning the forthcoming Discovery Hearing not to exceed twenty (20) pages, and permit Plaintiffs to file a reply not to exceed ten (10) pages.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Tesla requests that this Court permit Tesla to submit a Response (directed at D.E. 176-177, collectively) not to exceed twenty (20) pages 7 days before the hearing on Plaintiffs' Motion, and to permit Plaintiffs to file a Reply not to exceed ten (10) pages 3 days before the hearing.

## **Local Rule 7.1(a)(3) Certification**

Pursuant to S.D.FL. Local Rule 7.1(a)(3), counsel for Plaintiffs and Tesla have conferred in good faith and Plaintiffs noted that they do not oppose the relief requested in this Motion.

Date:  February 12, 2024                    Respectfully submitted,

                                                        *s/  Whitney V. Cruz*
WHITNEY V. CRUZ
Florida Bar No. 800821
BOWMAN AND BROOKE LLP
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
305-995-5600 / 305-995-6100 fax
whitney.cruz@bowmanandbrooke.com

THOMAS P. BRANIGAN
(Admitted *Pro Hac Vice*)
DREW P. BRANIGAN
(Admitted *Pro Hac Vice*)
BOWMAN AND BROOKE LLP
101 W. Big Beaver Road, Suite 1100
Troy, MI  48084
248-205-3300 / 248-205-3399 fax
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

- and –

HENRY SALAS
Florida Bar No. 815268
COLE SCOTT & KISSANE
9150 S Dadeland Blvd Ste 1400
Miami, FL 33156-7855
Office: 305-350-5300
Fax: 305-373-2294
henry.salas@csklegal.com

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I electronically file the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

ADAM T. BOUMEL, ESQ.
Florida Bar No. 0110727
DARREN J. ROUSSO, ESQ.
Florida Bar No. 97410
THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
(305) 670-6669
Adam@roussolawfirm.com
pleadings@roussolawfirm.com
Frank@roussolawfirm.com

***Attorneys for Plaintiff Dillon Angulo***

TODD POSES, ESQ.
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street Suite 1600
Miami, FL 33131
(305) 577-0200 Tel
(305) 371-3550 Fax
tposes@posesandposes.com
maria@posesandposes.com

***Attorneys for Plaintiff Neima Benavides***

By: *s/ Whitney V. Cruz*
WHITNEY V. CRUZ