# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.

    Defendant.

_____/

DILLON ANGULO,                              Case 1:22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.

    Defendant.

_____/

**DEFENDANT, TESLA, INC.'S RESPONSES TO PLAINTIFF, DILLON ANGULO'S THIRD REQUEST FOR PRODUCTION TO DEFENDANT, TESLA, INC.**

    Tesla, Inc. ("Tesla") responds to Plaintiff Dillon Angulo's Third Request for Production and responds as follows:

**Objections Common to all Requests**

    Tesla incorporates these common objections into each of its responses to Plaintiff's Requests for Production:

1

28600970v2

1. Tesla has not yet completed discovery, investigation, or preparation for trial. Accordingly, its responses are based on information presently available and given without prejudice to Tesla's right to further supplement or modify based upon the discovery of additional or different information. Tesla reserves the right to supplement responses to these Requests up to the time of trial, as the investigation of the facts and circumstances of this case is ongoing.

2. Tesla reserves all objections and questions as to the competency, relevance, materiality, privilege, propriety, admissibility, and all other objections on any grounds that would require the exclusion of any information from evidence if the same were sought to be admitted at trial.

3. Tesla objects to Plaintiff's "Definitions" and "Instructions" to the extent they purport to impose obligations or expectations of Tesla that are above and beyond any requirements imposed under the Federal of Civil Procedure. This includes "Definitions" and "Instructions" that purport to require Tesla to obtain information or documents from entities other than Tesla.

4. Tesla objects to Plaintiff's "Definitions" to the extent they do not comport with plain language definitions or descriptions of these terms. To the extent Tesla objects with Plaintiff's "Definitions," phrases or terms that have not been defined by Plaintiff, Tesla will define its understanding of the word or phrase in its responses, to the extent possible.

5. Tesla objects to these Requests to the extent they seek information protected by the attorney-client, work product doctrine, and/or consulting expert privileges. If Tesla determines that information it has agreed to produce in response to these requests are covered by one of these privileges, Tesla will identify that information on a privilege log.

6. Tesla objects to these Requests to the extent that they are not limited to a reasonable period of time, the same or similar model vehicle as the subject vehicle, or component(s) or system(s) at issue as identified in Plaintiff's Complaint. The determination of scope and the documents

28600970v2

produced in response to these Requests are for the purposes of discovery only and not an admission on behalf of Tesla regarding admissibility or responsiveness to the allegations made in this case.

7. Tesla does not interpret Plaintiff's Requests to ask for information about (1) correspondence between Tesla and its attorneys, (2) communications between Tesla, its lawyers or its representatives about the investigation or defense of any claims or lawsuits, including Plaintiff's claims after Tesla learned that a claim would be made, (3) notes or other work product of Tesla's lawyers, (4) other documents or things created by or for Tesla's lawyers, and (5) documents or things prepared by consulting experts about this or any suit, claim, or anticipated claim. If Plaintiff intends any Request for the production of these privileged items, Tesla objects to providing any such information because it is protected from discovery pursuant to attorney-client privilege and/or the attorney work product privilege.

## REQUESTS FOR PRODUCTION

**REQUEST NUMBER 12:** Produce a copy of the complete unredacted Confluence DOCUMENT represented by Bates No. TESLA-00093134 produced in *Huang v Tesla,* Case Number 19CV346663, in the Superior Court of the State of California, County of Santa Clara, (Huang), Note that TESLA- 00093134 is only a partial document, and that this REQUEST is for the complete OCR'd document.

**RESPONSE:** Tesla will agree to produce a copy of Bates No. TESLA-00093134 produced in *Huang v Tesla*, Case 19CV346663, in the Superior Court of the State of California, County of Santa Clara subject to the extant Confidentiality Protective Order and with personally identifiable information redacted.

**REQUEST NUMBER 13:** Produce applicable DOCUMENTS and ESI that reflect by model and model year, the number of SUBJECT VEHICLES TESLA has sold or leased or operation in the United States.

**RESPONSE:** Tesla objects to this Request because it is overly broad and not proportional to the needs of this case. Subject to and without waiving these objections, see Tesla's Response to Request 14.

3

28600970v2

**REQUEST NUMBER 14:**  In its letter dated August 31, 2021, the National Highway Traffic Safety Administration [NHTSA], and NHTSA's subsequent letter dated August 18, 2022, NHTSA requested the latest known vehicle mileage and commensurate date for each of the SUBJECT VEHICLES; produce copies of the DOCUMENTS TESLA supplied to NHTSA in response to these requests.

**RESPONSE:**  Tesla objects to this Request because it is overly broad not proportionate to the needs of the case. Subject to and notwithstanding these objections Tesla is already in the process of producing – subject to the extant Confidentiality Protective Order and with Personal Identifiable Information pertaining to persons other than Plaintiff redacted -- a copy of its response to NHTSA Preliminary Evaluation (PE) 21-020 "limited to those related to Tesla vehicle crashes into stationary vehicles" pursuant to the Court's Order of June 14, 2023. Tesla refers Plaintiff to that production.

**REQUEST NUMBER 15:**  Produce all DOCUMENTS and ESI used to create the most recent Tesla Vehicle Safety Report (https://www.tesla.com/VehicleSafetyReport).

**RESPONSE:**  Tesla objects to this Request because it is overly broad and not proportional to the needs of the case. This Request is substantially similar to and, thus, duplicative of Request 8 in Plaintiffs' March 2, 2023 Notice of Video Recorded Deposition of Defendant Tesla Inc Pursuant to Fed. R. Civ. P. 30(b)(6) (30(b)(6) Notice"). See Tesla's Response and Objections to Plaintiff's 30(b)(6) Notice dated April 10, 2023. Additionally, Tesla's methodology behind its Vehicle Safety Report publicly available at https://www.tesla.com/VehicleSafetyReport and Plaintiff's Counsel has already deposed Tesla's corporate representative witness about Tesla's methodology and the data that Tesla relied up in preparing its Vehicle Safety Report.  Tesla objects to producing information about other crash events without limitation, as well as the data underlying the total miles driven with or without Autopilot, as such information is inordinately voluminous and a potential invasion of privacy of third parties.  Plaintiffs have not and cannot demonstrate the alleged need to discover information about nominal vehicle operation.  Further, they have not and

cannot demonstrate the alleged need to discover information about any and all crashes that occur with or without Autopilot engaged. To the extent plaintiffs demand information about substantially similar collisions, Tesla will address such requests appropriately and within reason. This request seeks disclosure of voluminous reports of substantially dissimilar collisions, such as Tesla vehicles operating on Autopilot getting rear-ended or broadsided by other vehicles. As such, the Request represents an unreasonably burdensome and overbroad demand that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 16:** Produce all DOCUMENTS and ESI containing summaries of data such as reflected in TESLA-00012025, produced in *Harcourt, et al v. Tesla,* Case Number 19CV358488, (hereinafter "Harcourt") in the Superior Court of the State of California, County of Santa Clara. Plaintiffs are hereby requesting all of these summaries up to and including TESLA's latest update to its Vehicle Safety Report.

**RESPONSE:** Tesla objects to this Request because it represents Plaintiffs' counsel's violation of the Protective Order entered in the Harcourt matter, which prohibits sharing documents with parties and counsel in this matter.

**REQUEST NUMBER 17:** Produce DOCUMENTS and ESI reflecting the miles traveled by SUBJECT VEHICLES with an ADS active.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 18:** Produce DOCUMENTS and ESI reflecting the miles traveled by SUBJECT VEHICLES in MANUAL DRIVING.

5

28600970v2

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 19:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 20:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES in which the vehicle's ADS was deactivated within 5 seconds before impact.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 21:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES in which the vehicle's ADS was deactivated more than 5 seconds before impact.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing.  In addition, it seeks documents not maintained in the ordinary course of business and which would necessitate analysis of every reported/received crash to determine whether a driver assist feature was engaged at all before an incident occurred, and if so, when it was disengaged, since such metrics are not tracked or reported as described in the methodology for Tesla's Vehicle Safety Report.  Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 22:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES in which the vehicle was being driven using MANUAL DRIVING.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 23:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES in which the vehicle's ADS was deactivated within 5 seconds before impact with a pedestrian or a stationary vehicle.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. The scope of this Request is also covered by and within the scope of Request 20, thus, this Request is duplicative. Subject to and without waiving these objections, see Tesla's Response to Requests 15 and 20.

**REQUEST NUMBER 24:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES in which the vehicle's ADS was deactivated more than 5 seconds before impact with a pedestrian or a stationary vehicle.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. The scope of this Request is also covered by and within the scope of Request 21, thus, this Request is duplicative. Subject to and without waiving these objections, see Tesla's Response to Requests 15 and 21.

**REQUEST NUMBER 25:** Produce DOCUMENTS and ESI reflecting the number of CRASHES involving SUBJECT VEHICLES in which the vehicle was being driven using MANUAL DRIVING before impact with a pedestrian or a stationary vehicle.

**RESPONSE:** Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. The scope of this Request is also covered by and within the scope of Request 22, thus, this Request is duplicative. Subject to and without waiving these objections, see Tesla's Response to Request 15.

**REQUEST NUMBER 26:**  Produce DOCUMENTS and ESI reflecting the number of COLLISIONS with vehicles, objects, or people involving SUBJECT VEHICLES that included property damage and/or injuries and in which there was no CRASH ALERT indicating an airbag or other active restraint deployed.

**RESPONSE:**  Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.  In addition, unless "property damage and/or injuries" are independently reported to Tesla by third parties, Tesla does not have any information as to whether a particular incident or group of incidents involved alleged "property damage and/or injuries", thus the Request seeks documents that are not in Tesla's possession, custody or control.

**REQUEST NUMBER 27:**  Produce DOCUMENTS and ESI reflecting the number of COLLISIONS with vehicles, objects, or people involving SUBJECT VEHICLES that included property damage and/or injuries concerning which TESLA has no information as to whether ADS was activated within 10 seconds of impact.

**RESPONSE:**  Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Subject to and without waiving these objections, see Tesla's Response to Request 15.  In addition, unless "property damage and/or injuries" are independently reported to Tesla by third parties, Tesla does not have any information as to whether a particular incident or group of incidents involved alleged "property damage and/or injuries", thus the Request seeks documents that are not in Tesla's possession, custody or control. Beyond that, the Request is harassing and burdensome insofar as it demands information for incidents limited to those about which the Request states Tesla "has no information."

**REQUEST NUMBER 28:**  Produce DOCUMENTS and ESI reflecting instances in which the SUBJECT SYSTEM, including OEDR, AEB, Pedal Misapplication Mitigation, Obstacle-Aware Acceleration in the SUBJECT VEHICLES prevented COLLISIONS with vehicles, objects, or people.

**RESPONSE:**  Tesla objects to this Request because it is overly broad, unduly burdensome, not proportionate to the needs of the case, and harassing. Tesla further objects to the scope of and

definition of "SUBJECT SYSTEM" by Plaintiffs because it does not accurately define the advance driver assistance system (ADAS) in the Tesla Model S called "Autopilot" in that it fails to include the driver as part of the system. Thus, Plaintiff's definition is an incorrect attempt to redefine Autopilot in a way that is incomplete and intentionally misleading. As Plaintiff Counsel know or should know, as a system Autopilot includes Traffic Aware Cruise Control (TACC), which controls the vehicle's speed; Autosteer, which controls steering within the lane; Automatic Emergency Braking; and Forward Collision Warning. However, Autopilot does not make the Model S a "self-driving car." Instead, Autopilot as a system was designed to include an alert and attentive driver who is in control of the vehicle at all times and the driver is advised by Tesla of Autopilot's limitations and the need to maintain control and responsibility for the vehicle at all times before Autopilot is initially engaged. The design of Autopilot with the driver included as an integral part of the system is consistent with the Society of Automotive Engineers (SAE) definitions of ADAS technology, Autopilot is a Level 2 system, which requires the driver to be in control at all times:



*See* Society of Automotive Engineers, Standard J3016 Levels of Driving Automation (May 3, 2021), https://www.sae.org/blog/sae-j3016-update.  Subject to and without waiving these objections, see Tesla's Response to Request 15.  Tesla also refers to the Owner's Manual for information about the various driver assist features and collision avoidance measures available on Tesla vehicles.  Beyond that, the Request is harassing and burdensome insofar as it demands

9

28600970v2

information for incidents limited to those about which the Request states there was no collision. While Tesla may be aware of some such instances, it is not possible to collect the universe of "near misses" since Tesla does not collect data for all driving, nor does it collect data in such a manner amenable to culling out all instances where the collision avoidance features prevent crashes.

**REQUEST NUMBER 29:**  Produce all DOCUMENTS and ESI concerning the preservation, loss, destruction, or deletion of any DOCUMENTS and/or ESI concerning the SUBJECT VEHICLE, or the claims asserted in Plaintiff's complaint.

**RESPONSE:**  Tesla objects to this Request because it is a request for "discovery on discovery," overly broad, not proportionate to the needs of the case and not relevant to Plaintiff's claims. "Preservation, loss, destruction, or deletion" of documents or data is not an allegation in Plaintiff's Complaint and not at issue in this case that is important to resolution of the case.  Additionally, this request for "Discovery on Discovery" is inappropriate where there is no evidence of spoliation or other wrongdoing.  *See Culliver v. BP Expl. & Prod., Inc.*, No. 3:21CV4942-MCR-HTC, 2022 WL 19568966, at *3 (N.D. Fla. Nov. 29, 2022).

Date: September 28, 2023               Respectfully submitted,

                                              By: /s/   Henry Salas_____
                                                  HENRY SALAS (815268)
                                                  COLE SCOTT & KISSANE
                                                  9150 S Dadeland Boulevard, Suite 1400
                                                  Miami, FL 33156-7855
                                                  Office: 786.268.6419
                                                  Fax: 305.373.2294
                                                  henry.salas@csklegal.com

                                                    - and –

                                                  THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
                                                  DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
                                                  BOWMAN AND BROOKE LLP
                                                  101 West Big Beaver Road, Suite 1100

Troy, MI 48084
Office: 248.205.3300
Fax: 248.205.3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

***Attorneys for Defendant TESLA, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically file the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| ADAM T. BOUMEL, ESQ.<br>Florida Bar No.: 0110727<br>DARREN J. ROUSSO, ESQ.<br>Florida Bar No.: 97410<br>THE ROUSSO, BOUMEL LAW FIRM, PLLC.<br>9350 South Dixie Highway, Suite 1520<br>Miami, FL 33156<br>305.670.6669 Tel<br>adam@roussolawfirm.com<br>SERVICE EMAILS:<br>pleadings@roussolawfirm.com (primary)<br>Frank@roussolawfirm.com (secondary)<br><br>***Attorneys for Plaintiff Dillon Angulo*** | TODD POSES, ESQ.<br>Florida Bar No.: 0075922<br>POSES & POSES, P.A.<br>Alfred I. Dupont Building<br>169 East Flagler Street, Suite 1600<br>Miami, Florida 33131<br>305.577.0200 Tel<br>305.371.3550 Fax<br>tposes@posesandposes.com<br>maria@posesandposes.com<br><br>***Attorneys for Plaintiff Neima Benavides*** |

Respectfully submitted,

By: *s/ Henry Salas*

11

28600970v2