# EXHIBIT E

19CV358488
Santa Clara - Civil

R. Burciaga

1  Neil M. Kliebenstein (#226060)
   Chancellor W. Tseng (#322236)
2  BOWMAN AND BROOKE LLP
   1741 Technology Drive, Suite 200
3  San Jose, CA  95110-1364
   Telephone:  (408) 279-5393
4  Facsimile:    (408) 279-5845
   Neil.Kliebenstein@bowmanandbrooke.com
5  Chancellor.Tseng@bowmanandbrooke.com

6  Attorneys for Defendant
   Tesla, Inc.
7
   Alison S. Gokal (#257541)
8  GOKAL LAW GROUP, INC.
   26080 Towne Centre Drive
9  Foothill Ranch, CA 92610
   Telephone: (949) 753-9100
10 Facsimile:  (866) 610-9381
11 alison@gokallaw.com

12 Attorney for Plaintiffs Mallory Harcourt, B.H., and B.A.H.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 10/21/2020 1:09 PM
Reviewed By: R. Burciaga
Case #19CV358488
Envelope: 5151229**

13              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                       COUNTY OF  SANTA CLARA

15 MALLORY HARCOURT, an individual; B.H.,    )  Case No. 19CV358488
   by and through his Guardian ad Litem,     )
16 MALLORY HARCOURT; B.A.H. by and           )
   through her Guardian ad Litem, MALLORY    )  Assigned to: Honorable Maureen A. Folan;
17 HARCOURT,                                 )  Dept. 6
                                             )
18              Plaintiffs,                   )  STIPULATION AND PROTECTIVE ORDER
                                             )  REGARDING DISCOVERY MATERIALS;
19 vs.                                        )  [PROPOSED] ORDER; EXHIBIT A
                                             )
20 TESLA, INC. fka TESLA MOTORS, INC.;       )  Action Filed:  September 30, 2019
   DOES 1 through 100, Inclusive,            )  Trial Date:    None Set
21                                           )
                 Defendants.                 )
22 _____

23       WHEREAS the Plaintiffs Mallory Harcourt, B.H. by and through their Guardian ad Litem

24 Mallory Harcourt, and B.A.H., by and through their Guardian ad Litem Mallory Harcourt and

25 Defendant Tesla, Inc. (collectively "the Parties" and individually "Party") wish to engage in

26 discovery, including production of documents and other material within the above-entitled action

27 ("the Action");

28

23238019                                      1
       STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS;
                            [PROPOSED] ORDER

1   WHEREAS the Parties are in agreement for a Protective Order to be entered by the

2   Court based upon the stipulation below, but all Parties retain and reserve their rights to seek a

3   modification of the Protective Order;

4   NOW, THEREFORE, in order to protect such information, as may be entitled to

5   protection, and which is produced in connection with this case including documents, deposition

6   testimony, deposition exhibits, interrogatory responses, responses to request for admission,

7   responses to request for production of documents, and all other discovery obtained pursuant to

8   the California Code of Civil Procedure in connection with this Action ("Discovery Material"), the

9   Parties, by and through their respective undersigned counsel and subject to the approval of the

10   Court, agree as follows:

11   **I.      DESIGNATION OF MATERIAL AS "CONFIDENTIAL"**

12   1.      The Parties agree to take care to limit any designation to specific material that

13   qualifies under the appropriate standards below.  To the extent it is practical to do so, the

14   designating Party must designate for protection only those parts of the material, documents,

15   items, or oral or written communications that qualify.

16   2.      Any Party or non-party ("Producing Party") may designate Discovery Material as

17   "Confidential" (hereinafter as "Covered Information") under the terms of this Protective Order if

18   the Producing Party in good faith reasonably believes that such "Covered Information" meets

19   the  criteria set forth below.

20   a.      **"Confidential Information."**  For purposes of this Protective Order,

21   Confidential Information includes information that a Producing Party

22   believes in good faith to be confidential or sensitive non-public  internal

23   proprietary (i) business; (ii) marketing; (iii) financial; (iv) technical

24   information; (v) non-public communications with United States and foreign

25   patent offices; (vi) non-public communications with United States or

26   foreign regulatory agencies; (vii) financial information, including non-

27   public sales information, customer lists, purchases by customers,

28

1   communications with potential customers, sales projections, profit

2   calculations, income and costs (i.e., production, marketing and overhead);

3   (viii) design, development and testing materials related to the design and

4   development of Tesla vehicles that DO NOT relate to or concern the

5   design, development and testing of Tesla vehicle technology, as such

6   terms are used in California Code of Civil Procedure § 2031.060(b)(5)

7   and any applicable case law interpreting § 2031.060(b)(5).

8   3.   Other than marking the document "CONFIDENTIAL" and making other obvious

9   redactions as appropriate, the Producing Party represents that the document is a true and

10  correct copy of the original.  This designation will also encompass the following:  (1) any

11  information copied or extracted from Covered Information; (2) all copies, excerpts, summaries,

12  or compilations of Covered Information; and (3) any out-of-court testimony or presentations by

13  Parties or their Counsel that reveals Covered Information.

14  4.   Copies of discovery responses and documents containing Covered Information

15  shall not be filed with the Court, except in accordance with Paragraph 5.

16  5.   In connection with any motions or pre-trial proceedings as to which a Party

17  submits Confidential Information, the Parties shall follow the California Rules of Court, Rule

18  2.550 and 2.551.

19  6.   Medical records (records from any health care provider[1]) provided by any

20  Producing Party shall automatically be deemed marked "CONFIDENTIAL" and treated as such

21  whether or not so marked.  Anyone who receives any material which is not easily identifiable as

22  a medical record will use best efforts to determine if it is a medical record subject to protection.

23  7.   The designation of Covered Information in a document or discovery response

24  shall be made by labeling each page containing Covered Information with the word

25  "CONFIDENTIAL" in the bottom margin of the page.  Where a document or response consists of

26

27

28

more than one page not all of which contain Covered Information, the first page shall also be so labeled.  In the case of information disclosed in or by a non-paper medium (*e.g.*, videotape, audiotape, computer disk, or other tangible thing), the "CONFIDENTIAL" label shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.

8.      Inadvertent or unintentional production of documents or information containing Covered Information that should have been designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Parties' claims of confidentiality and will be deemed Covered Information upon notice to all parties receiving such inadvertent or unintentional production.

9.      Any notes, lists memoranda, summaries, indices, compilations, electronically stored information, reports, records and documents prepared or based on an examination of Covered Information and which quote from, identify or refer to the Covered Information with such specificity that the Covered Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, and shall be subject to all of the terms of this protective order.

10.     A Producing Party may designate information disclosed during a deposition as Confidential Information by so indicating on the record at the deposition.  A Producing Party may not designate the entire deposition as Confidential Information unless otherwise agreed between the Parties.  The Court Reporter will be instructed by counsel how the Covered Information shall be marked and bound.  The Court Reporter shall operate in a manner consistent with this Protective Order and separately label the confidential portions of the deposition transcript, including documents and other exhibits containing the Covered Information as Confidential

---

[1] Defined as: a doctor of medicine or osteopathy, podiatrist, dentist, chiropractor, clinical psychologist, therapist, optometrist, nurse practitioner, nurse-midwife, or a clinical social worker who is authorized to practice by the State and performing within the scope of their practice as defined by State law.

23238019                                                    4

Information.  The Covered Information shall be separately bound.  Those pages in any transcript

referring to Covered Information shall include a stamp identifying all such pages as

"CONFIDENTIAL".

11.     Deposition testimony or information disclosed during the deposition that is not

designated as Covered Information at the deposition may be so designated by a Producing

Party within thirty (30) court days of the deposition, by giving written notice to all parties of the

page and line numbers where the newly designated information shows up on the rough

deposition transcript (and later where it shows up on the final transcript).  All rough or final

deposition transcripts shall be treated as "Covered Information" until thirty (30) court days after

the deposition testimony is given.   Should a pending motion or procedural requirement

necessitate an earlier date, the parties shall meet and confer as to a reasonable date for

provision of the confidentiality designation notice.

12.     Any non-party may obtain the protections of this Protective Order by consenting

to the jurisdiction of this Court solely with regard to the production of documents by designating

any discovery in accordance with the provisions of this Protective Order.   Such designation

shall confer upon the non-party all of the rights and obligations of a designating party as set

forth herein.  Any medical records produced by a non-party in response to any subpoena issued

in this case shall be treated as Confidential under the terms of this Protective Order.

## II.     CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION."

13.     If a Party contends that any material is not entitled to confidential treatment, such

Party must give written notice to the Producing Party who designated the material by: (1)

Providing the Bates number of each challenged document and (2) State the basis for the

challenge.  The Parties agree that such challenges shall be made in good faith.  The Parties

shall meet and confer regarding the challenged designations within thirty (30) court days of

receipt of the challenge. If the challenge is not resolved in the meet-and-confer process, the

Producing Party shall have thirty (30) court days from the date of the termination of the meet

and confer effort to seek an order from the Court that such designated material is subject to

1    protection as Confidential Information.  The Producing Party seeking the order has the burden

2    of establishing that each designated document or item is entitled to protection.  If a motion is not

3    timely filed, the challenged material shall lose its protection as Confidential Information.  If the

4    Producing Party files a motion with the Court, the designated items shall remain protected

5    pursuant to their designation until the Court rules on the motion.

6          14.    Notwithstanding any challenge to the designation of material as Covered

7    Information as described in Paragraph 13, all documents shall be treated as designated and

8    shall be subject to the provisions hereof unless and until one of the following occurs:

9          a.    the Producing Party who claims that the material is Confidential

10                Information withdraws such designation in writing; or

11         b.    the Producing Party who claims that the material is Confidential

12                Information fails to apply to the Court for an order designating the material

13                confidential within the time period specified above after receipt of a

14                written challenge to such designation; or

15         c.    the Court rules the material is not Confidential Information.

16         15.    No Party shall be obliged to challenge the propriety of a Confidential Information

17   designation at any specified time, and a failure to do so shall not preclude a subsequent attack

18   on the propriety of such a designation.

19   **III.    USE AND ACCESS TO "CONFIDENTIAL INFORMATION"**

20         16.    Confidential Information shall not be used for any business, commercial,

21   competitive, personal, or other purpose not related to litigation.

22         17.    Persons authorized to receive Confidential Information.  Confidential Information,

23   as defined in Paragraph 2(a), may be disclosed only to the following "Qualified Persons":

24         a.    The Court, including attorneys, employees, judges, magistrates,

25                secretaries, special masters, stenographic reporters, staff, transcribers

26                and all other personnel necessary to assist the Court in its function, and

27                the jury;

28

b.    Mediators or other individuals engaged or consulted in settlement of all or part of these Actions, or discovery referees to the extent one or more are engaged in connection with these Actions;

c.    The Parties and their employees;

d.    Counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action.  Including, but not limited to, all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

e.    Litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided they execute Exhibit A;

f.    Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with these Actions to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of these Actions, provided, however, that: (i) the expert/consultant will designate the team working on this engagement and such disclosure will be limited to such "Designated Expert Personnel" involved in this; (ii) the expert/consultant and Designated Expert Personnel use the information solely in connection with these Actions; (iii) expert/consultant and/or a representative of each expert consulting firm sign Exhibit A on behalf of any Designated Expert

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS;
[PROPOSED] ORDER

1      Personnel associated with that firm;  (v) the terms of Paragraph 17 of this

2      Protective Order are satisfied; and (vi) a Producing Party may share

3      Confidential Information that it produced with its own individual expert or

4      Designated Expert Personnel without requiring compliance with this

5      Protective Order;

6    g.  Any person (i) who created, authored, received or reviewed such

7      Confidential  Information; (ii) is or was a custodian of the Confidential

8      Information; (iii)  is identified in Confidential Information; or (iv) is or was

9      an employee of the Producing Party and is reasonably believed to have

10      knowledge of the matters in the Confidential Information;

11    h.  Any other person as may be designated by written agreement by the

12      Producing Party or by order of the Court; and

13    i.  Other attorneys of record in pending lawsuits against Tesla, Inc. in the

14      United States of America involving a claim that  a 2016-2019 Tesla Model

15      X vehicle has a defect that causes uncommanded acceleration, or lacks

16      sufficient barriers to prevent an operator from accidentally  powering up

17      the vehicle or  shifting from Park to Drive, and such claimed defective

18      condition resulted in personal injuries and/or death ("Sharing Attorneys").

19      Tesla contends information related to any claim that the 2016 - 2019

20      Model  X  has a defect that results in uncommanded acceleration is

21      unsupported and the contrary to the facts of this case and is not properly

22      discoverable. Tesla is agreeing to this sharing provision solely as an

23      accommodation to reach an agreement on this stipulated order. The

24      Parties stipulate and agree that this accommodation shall not be used or

25      construed as any concession or agreement by any Party regarding the

26      propriety of any claims or discovery regarding uncommanded

27      acceleration in this Action.

28

    (1)    Each Sharing Attorney shall sign Exhibit A annexed hereto and agree to be subjected to the jurisdiction of this Court for enforcement of the Protective Order prior to receiving any Confidential Information;

    (2)    Each Sharing Attorney shall provide the original or a copy of the executed Exhibit A to the counsel in these Actions who provided Confidential Information to the Sharing Attorney;

    (3)    Counsel for all Parties to these Actions shall maintain the originals and/or copies of the Exhibit A that are executed by Sharing Attorneys;

    (4)    Sharing Attorneys shall only use Confidential Information for purposes of the specific case or cases for which the Sharing Attorney is counsel of record or for purposes related to these Actions; and

    (5)    Sharing Attorneys shall not further share Confidential Information with anyone other than the category of persons or entities described above in subparagraphs a-h, for the specific case or cases for which the Sharing Attorney is counsel of record, and only after the persons or entities have executed the Exhibit A. Sharing Attorneys shall not further share Confidential Information with any counsel, person or entity not described above.

18.    The following persons are not authorized to receive Confidential as defined in Paragraphs 2(a)&(b): (i) Any current employee or consultant of any entity that competes with Tesla in the design and development of components and electric vehicle technology.

19.    **EXECUTING THE NON-DISCLOSURE AGREEMENT.**  Each person as identified in Paragraphs 17(e)-(f), (h), and (i), to whom Confidential Information is disclosed shall execute a non-disclosure agreement in the form attached as Exhibit A before receiving such information.

Copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information to such person.

20.    **SECURITY OF COVERED INFORMATION.**  Any person in possession of another Producing Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity.

21.    Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed.  The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is made and shall make reasonable efforts to retrieve all such Covered Information.  Each Party shall cooperate in good faith in that effort.

**IV.    INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL"**

22.    In the event that information is produced by a Producing Party without a Confidential designation and then later designates as Confidential Information, said information, upon notice of the inadvertent production all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Confidential Information pursuant to the terms of this Protective Order.

**V.    MISCELLANEOUS TERMS**

23.    All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of these Actions, unless otherwise agreed or ordered.

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS;
[PROPOSED] ORDER

24. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

25. A person with custody of documents designated as Covered Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to examine them.

26. The use of Covered Information at any trial proceeding shall be governed by California law. The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

27. The Court retains jurisdiction even after termination of these Actions to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of these Actions, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information. Within 60 (sixty) days after the conclusion of these Actions, all produced documents that contain or reflect Covered Information shall be returned to counsel for the designating Party and all electronic copies will be destroyed and deleted from any computers, hard drivers, servers, or cloud storage. The Party given the Covered Information will certify in writing that there is compliance with this provision. Alternatively, The Party and/or Sharing Attorney may provide all produced documents that contain Covered Information to Counsel For Tesla and it will be maintained by Tesla's counsel for six (6) years, and made available only to such attorney upon written request for use in a legal proceeding directly related to that attorneys' representation of the plaintiff(s) or claimant(s) in their action.

28. Sharing Attorneys who received Covered Information may retain Covered Information for continued use in their pending litigation. Within 60 (sixty) days after the

1  conclusion of the Sharing Attorneys' action, all shared documents from these Actions that

2  contain or reflect Covered Information shall be returned to counsel for the designating Party and

3  all electronic copies will be destroyed and deleted from any computers, hard drives, servers, or

4  cloud storage. Sharing Attorneys will certify in writing that there is compliance with this

5  provision.

6           **STIPULATED AND AGREED TO:**

7  Dated: October 20, 2020                              BOWMAN AND BROOKE LLP

8

9                                                       _____
                                                        Neil M. Kliebenstein
10                                                      Attorneys for Defendant
                                                        Tesla, Inc.

11 Dated: October 20, 2020                              GOKAL LAW GROUP, INC.

12

13                                                      _____
                                                        Alison Gokal
14                                                      Attorneys for Plaintiffs
                                                        Mallory Harcourt, B.H. and B.A.H.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS;
[PROPOSED] ORDER