```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION
                   CASE NO. 1:21-cv-21940-BB

NEIMA BENAVIDES, as Personal
Representative of the Estate of
Naibel Benavides Leon, deceased,

         Plaintiff,                         March 1, 2024
                                            2:12 p.m.
     vs.

TESLA, INC., a/k/a Tesla Florida, Inc.,

         Defendant.                         Pages 1 THROUGH 8
_____

              EXCERPT TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE BETH BLOOM
                  UNITED STATES DISTRICT JUDGE


Appearances:

FOR THE PLAINTIFF:    EATON & WOLK, PL
                      DOUGLAS F. EATON, ESQ.
                      2665 South Bayshore Drive, Suite 609
                      Miami, Florida 33133

                      THE ROUSSO LAW FIRM
                      ADAM T. BOUMEL, ESQ.
                      9350 South Dixie Highway, Suite 1520
                      Miami, Florida 33156


FOR THE DEFENDANT:    BOWMAN and BROOKE, LLP
                      WHITNEY V. CRUZ, ESQ.
                      Two Alhambra Plaza, Suite 800
                      Coral Gables, Florida 33134


COURT REPORTER:       Yvette Hernandez
                      U.S. District Court
                      400 North Miami Avenue, Room 10-2
                      Miami, Florida 33128
                      yvette_hernandez@flsd.uscourts.gov
```

1                    * * * * * * * * * * *

2            THE COURT:  Mr. Eaton, the law is the law.  And while

3    I appreciate the argument, I do believe that Bridge is

4    inapposite to this case.  And I think that it's clear that

5    there IS no first-party reliance and a third-party reliance as

6    the predicate for the claims that you're seeking to assert,

7    Counts 5 and 6, do not state viable claims.

8            I also believe that with regards to the false

9    advertising, pursuant to Florida Statute 817.44 and 817.40, the

10   intentional false advertising, that based on the proposed

11   complaint that there is no viable cause of action, and you have

12   not persuaded the Court otherwise by argument or by case law

13   that would support including these claims.

14           Let me start by saying that this incident -- the

15   unfortunate incident occurred in April of 2019, and this case

16   was filed in May of 2021.  Here we are now some time later, and

17   this Court has amended, amended, and amended the scheduling

18   order.  And procedurally, there's no good cause to permit the

19   amendment to the complaint.  This was filed more than one year

20   after this Court entered its last deadline of October 28th of

21   2022 to amend the pleadings.  And even if the Court were to

22   address them substantively, the three claims are futile.  So

23   the motion to amend the complaint is denied.

24           The parties have jointly requested that they be

25   permitted additional time for discovery and to exchange expert

1    witness summaries and reports.  And I will enter an order that
2    amends Docket Entry 156, which is the present scheduling order,
3    to permit the extension of time to from March 8th to June 3rd
4    for the expert summaries, and the rebuttal to June 17.  The
5    discovery shall be completed by June 28th.  And that gives a
6    month before the parties file dispositive motions.  And to that
7    extent, the calendar call, the dispositive motions deadline, as
8    well as the trial in ECF 156, will remain in place.  And that
9    is the Court's ruling.
10           Are there any other issues that the Court can address
11   for the parties?
12           MR. EATON:  May I request clarification, Your Honor?
13           THE COURT:  I'm sorry?
14           MR. EATON:  May I request a clarification?
15           THE COURT:  Yes, sir.
16           MR. EATON:  If the Court is disallowing the amendment
17   on the additional claims, may we still amend to add a claim for
18   damages -- for punitive damages?
19           THE COURT:  Well, let me say this, Mr. Eaton -- and I
20   neglected to address that -- I believe in the response the
21   Defendant made argument with regard to the negligent
22   misrepresentation claim.  It is part of this case.  And to that
23   extent, unless there is some law for the Court to consider, I
24   do believe that you should be able to assert the punitive
25   damages claim at this point, and the Court can certainly

1  address it at a later point in time if there's a challenge to
2  its appropriateness.
3           MR. EATON:  Thank you, Your Honor.
4           Does that give us any right to amend the factual
5  allegations of the pleading?
6           THE COURT:  I also want to address that issue, because
7  I know that there was a voluminous proposed complaint and the
8  parties sought to seal certain items that were not numbered.
9  They weren't attached as exhibits and therefore the clerk was
10 not able to seal certain items.  The Court did, on Docket Entry
11 193, direct the clerk to seal certain -- 176-6, 176-10.  What I
12 would suggest from this point forward is that if there are
13 items to be sealed that they be attached as exhibits, and the
14 Court will permit you TO file those under seal.
15          So for purposes of clarity in terms of the pleadings,
16 I do not want another round of motions to dismiss.  You can
17 amend the complaint by interlineation in terms of including the
18 punitive damages claim.  So you can file a complaint that
19 consists of the four counts, the defective design, the failure
20 to warn, the defective manufacturing, the strict liability
21 claims, as well as the negligent misrepresentation.  Those
22 claims are already embodied in the present complaint.  You can
23 include the punitive damages.  And to the extent that you want
24 to buttress the facts, since the Defendant will have an
25 opportunity to answer the complaint, then I think that would be

1  appropriate.
2        MR. EATON:  Okay.  So understanding this will be a
3  consolidated complaint as well?  We have two --
4        THE COURT:  Yes.  And I think that makes sense for
5  purposes of the trial for there to be a consolidated complaint.
6        MR. EATON:  So our consolidated amended complaint will
7  be:  We can add our new factual allegations, no additional
8  counts, claims for punitive damages on the four existing
9  counts.
10       THE COURT:  That's correct.
11       Now, how much time do you need, Mr. Eaton?
12       MR. EATON:  Seven days.
13       THE COURT:  Okay.
14       MS. CRUZ:  Your Honor -- and just so I'm clear,
15 because I thought I understood, but I definitely don't.  The
16 basis of the punitive damages claim is not the recall.  So the
17 recall is not -- by virtue of the Court's allowance of the
18 punitive damages, that doesn't make the recall fair play; in
19 other words, it's not in bounds now.
20       The basis of the punitive damages motion -- I'm
21 sorry -- the punitive damages claim, is strictly the negligent
22 misrepresentation claim.  And I ask also because I know we
23 can't respond to the -- we can't move to dismiss the complaint,
24 but of course the thing we're going to do is file a summary
25 judgment on the negligent misrepresentation claim.  So I just

1   want to be clear that when we do that it's going to be a motion
2   for summary judgment on the negligent misrepresentation and the
3   punitive damages claim, so we're clear what the confines are so
4   that those two are tied together and that is the basis.
5            THE COURT:  Well, I'm certainly not going to advise
6   what the summary judgment motion that you may file may look
7   like.  But for purposes of additional facts, I think it's been
8   made clear -- and I do agree that the recall is a subsequent
9   remedial measure.  So to that extent, if the punitive damages
10  are solely based on the NHTSA recall, then I can foresee some
11  problems down the road.
12           But in terms of the four pending claims, to the extent
13  that the Plaintiff is able to show within the claims that there
14  was conduct that rises to the level of warranting punitive
15  damages, then they are entitled to move forward with that
16  claim.  So to that extent, Mr. Eaton, you may plead that within
17  your complaint.
18           So let me make clear that I'm denying the motion to
19  amend to assert the three additional claims, Counts 5, 6, and
20  7.  I am permitting you within -- and you did ask for the seven
21  days.  So I'm permitting you -- today, obviously, we know is
22  March 1st.  So I will -- by Monday, March 11th, if you'll file
23  the complaint.  If you will attach any documents that you have
24  attached in this proposed complaint -- if you want them to not
25  be subject to public disclosure, and you want to file them

```
 1    under seal, then I will allow you to separately file those
 2    under seal as exhibits to the complaint, and you may include
 3    the additional facts and you may include the claim for punitive
 4    damages.
 5              MR. EATON:  Thank you, Your Honor.
 6              THE COURT:  Is there any further clarification that's
 7    needed?
 8              MR. EATON:  Not for Plaintiff.
 9              MS. CRUZ:  Not for the Defendant, Your Honor.
10              THE COURT:  Good to see each of you.  And I look
11    forward to trying this case or certainly proceeding with
12    whatever additional motions are before the Court.
13              MS. CRUZ:  Thank you, Your Honor.
14              THE COURT:  Have a nice afternoon.
15              MS. CRUZ:  Thank you.  You as well.
16              COURT SECURITY OFFICER:  All rise.
17         (Proceedings concluded at 2:21 p.m.)
18
19
20
21
22
23
24
25
```

```
1    UNITED STATES OF AMERICA        )
2    ss:
3    SOUTHERN DISTRICT OF FLORIDA    )
4                    C E R T I F I C A T E
5           I, Yvette Hernandez, Certified Shorthand Reporter in
6    and for the United States District Court for the Southern
7    District of Florida, do hereby certify that I was present at,
8    and reported in machine shorthand, the proceedings had the 1st
9    day of March, 2024, in the above-mentioned court; and that the
10   foregoing transcript is a true, correct, and complete
11   transcript of my stenographic notes.
12          I further certify that this transcript contains pages
13   1 - 8.
14          IN WITNESS WHEREOF, I have hereunto set my hand at
15   Miami, Florida, this 8th day of March, 2024.
16
17                       /s/Yvette Hernandez
                         Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                       400 North Miami Avenue, 10-2
                         Miami, Florida 33128
19                       (305) 523-5698
                         yvette_hernandez@flsd.uscourts.gov
20
21
22
23
24
25
```