# EXHIBIT "9"



U.S. Department
of Transportation

**National Highway
Traffic Safety
Administration**

1200 New Jersey Avenue SE.
Washington, DC 20590

October 12, 2021

**SENT VIA E-MAIL**

Eddie Gates                                                                    NEF-104
Director, Field Quality                                               PE21-020
Tesla, Inc.
45500 Fremont Blvd.
Fremont, CA 94538

Dear Mr. Gates,

This letter follows up recent discussions between our organizations and requests additional
information from Tesla with respect to two recent actions taken by your company. Tesla's late
September 2021 distribution of functionality to certain Tesla vehicle models intended to improve
detection of emergency vehicle lights in low light conditions, and Tesla's early October 2021
release of the Full Self-Driving Beta Request Menu option.

As Tesla is aware, the Safety Act imposes an obligation on manufacturers of motor vehicles and
motor vehicle equipment to initiate a recall by notifying NHTSA when they determine vehicles
or equipment they produced contain defects related to motor vehicle safety or do not comply
with an applicable motor vehicle safety standard. *See* 49 U.S.C. § 30118. This recall notice must
be filed with NHTSA no more than five working days after the manufacturer knew or should
have known of the safety defect or noncompliance. *See* 49 C.F.R. § 573.6(b); *see also United
States v. General Motors Corp.,* 656 F. Supp. 1555, 1559 n.5 (D.D.C. 1987). Any manufacturer
issuing an over-the-air update that mitigates a defect that poses an unreasonable risk to motor
vehicle safety is required to timely file an accompanying recall notice to NHTSA pursuant to 49
U.S.C. § 30118 and 49 C.F.R. Part 573.

Unless otherwise stated in the text, the following definitions apply to these information requests:

- **Subject System**: Suite of software, hardware, data, and any other related systems on or
  off the vehicle that contributes to the conferral of any Level 2 capabilities on any Tesla
  vehicle, including but not limited to the various "Autopilot" packages.

- **Subject Vehicles**: All Tesla vehicles, model years 2014 - 2021, equipped with the subject
  system at any time, and manufactured for sale or lease in the United States, including, but
  not limited to, the District of Columbia, and current U.S. territories and possessions.

- **Emergency Light Detection Update:** Updates distributed by Tesla beginning in September 2021 to certain Tesla vehicle models with the stated purpose of detecting flashing emergency vehicle lights in low light conditions and then responding to said detection with driver alerts and changes to the vehicle speed while Auto Pilot is engaged.

- **FSD:** means Tesla "Full Self-Driving," also referred to by Tesla as "Autosteer on City Streets."

- **FSD Beta Request:** In-vehicle menu update added by Tesla in October 2021 enabling owners to request consideration for future acceptance into Tesla's Full-Self Driving early access beta release  including but not limited to: related in-vehicle menu options and Tesla's customer scoring and selection criteria.

- **Tesla:** Tesla, Inc. all of its past and present officers and employees, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their employees, and all agents, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., employee of a consultant) by or under the control of Tesla (including all business units and persons previously referred to), who are or, in or after January 1st, 2011 were involved in any way with any of the following related to the alleged defect in the subject vehicles:
  a. Design, engineering, analysis, modification or production (e.g. quality control);
  b. Testing, assessment or evaluation;
  c. Consideration, or recognition of potential or actual defects, reporting, record-keeping and information management, (e.g., complaints, field reports, warranty information, part sales), analysis, claims, or lawsuits; or
  d. Communication to, from or intended for zone representatives, fleets, dealers, or other field locations, including but not limited to people who have the capacity to obtain information from dealers.

- **Document:** "Document(s)" is used in the broadest sense of the word and shall mean all original written, printed, typed, recorded, or graphic matter whatsoever, however produced or reproduced, of every kind, nature, and description, and all non-identical copies of both sides thereof, including, but not limited to, papers, letters, memoranda, correspondence, communications, electronic mail (e-mail) messages (existing in hard copy and/or in electronic storage), faxes, mailgrams, telegrams, cables, telex messages, notes, annotations, working papers, drafts, minutes, records, audio and video recordings, data, databases, other information bases, summaries, charts, tables, graphics, other visual displays, photographs, statements, interviews, opinions, reports, newspaper articles, studies, analyses, evaluations, interpretations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, blueprints, drawings, as-builts, changes, manuals, publications, work schedules, journals, statistical data, desk, portable and computer calendars, appointment books, diaries, travel reports, lists, tabulations, computer printouts, data processing program libraries, data processing inputs and outputs, microfilms, microfiches, statements for services, resolutions, financial statements,

governmental records, business records, personnel records, work orders, pleadings, discovery in any form, affidavits, motions, responses to discovery, all transcripts, administrative filings and all mechanical, magnetic, photographic and electronic records or recordings of any kind, including any storage media associated with computers, including, but not limited to, information on hard drives, floppy disks, backup tapes, and zip drives, electronic communications, including but not limited to, the Internet and shall include any drafts or revisions pertaining to any of the foregoing, all other things similar to any of the foregoing, however denominated by Tesla, any other data compilations from which information can be obtained, translated if necessary, into a usable form and any other documents. For purposes of this request, any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production. In all cases where original and any non-identical copies are not available, "document(s)" also means any identical copies of the original and all non-identical copies thereof. Any document, record, graph, chart, film or photograph originally produced in color must be provided in color. Furnish all documents whether verified by Tesla or not.  If a document is not in the English language, provide both the original document and an English translation of the document.

- **Other Terms:**  To the extent that they are used in these information requests, the terms "claim," "consumer complaint," "dealer field report," "field report," "fire," "fleet," "good will," "make," "model," "model year," "notice," "property damage," "property damage claim," "rollover," "type," "warranty," "warranty adjustment," and "warranty claim," whether used in singular or in plural form, have the same meaning as found in 49 CFR 579.4.

In order for my staff to evaluate the alleged defect, certain information is required. Pursuant to 49 U.S.C. § 30166, please provide numbered responses to the following information requests. Insofar as Tesla has previously provided a document to ODI, Tesla may produce it again or identify the document, the document submission to ODI in which it was included and the precise location in that submission where the document is located. When documents are produced, the documents shall be produced in an identified, organized manner that corresponds with the organization of this information request letter (including all individual requests and subparts). When documents are produced and the documents would not, standing alone, be self-explanatory, the production of documents shall be supplemented and accompanied by explanation.

Please repeat the applicable request verbatim above each response.  After Tesla's response to each request, identify the source of the information and indicate the last date the information was gathered.

1. Furnish a chronology of events, internal investigations, and studies that led to Tesla's deployment of the Emergency Light Detection Update. Separately include:
   a. Dates, descriptions, and identifiers of all releases to the vehicle fleet whether operational or shadow mode; and

    b. Listing and description of field incidents or other events that motivated the release of the Emergency Light Detection Update.

2. List the Tesla vehicle model / model year and any other distinguishing characteristics that received the Emergency Light Detection Update. Separately describe:
   a. The basis applied to defining the scope of covered vehicles;
   b. Any measures to extend this capability more broadly throughout Tesla's fleet; and
   c. Reasoning for instances where a vehicle cannot accept the Emergency Light Detection Update or related functionality.

3. For each of the applicable incidents cited in PE21-020 Information Request sent to Tesla on August 31, 2021, furnish Tesla's assessment of any changes to incident timing or outcome had the Emergency Light Detection Update been operational in the affected vehicle at the time of collision. Include any supporting analyses.

4. State whether Tesla intends to file a safety recall pursuant to 49 U.S.C. § 30118 covering vehicles that received the Emergency Light Detection Update. If not, please furnish Tesla's technical and/or legal basis for declining to do so.

5. Provide a copy of any agreement between Tesla and the owner of a subject vehicle involving vehicle repairs, access to software, upgrades to software, refund of the purchase price of a vehicle or software, or providing the vehicle owner with any other compensation, valuable consideration, or goodwill involving the subject system, including to resolve a lawsuit, arbitration, or other claim.

6. Furnish Tesla's criteria and timeline for allowing access to customers who have requested consideration in Tesla's FSD Beta Request process. Include detailed descriptions of all selection criteria and copies of supporting documents.

7. Supply a listing of the number of respondents who have opted in on the FSD Beta Request and the effective date and time for that figure.

8. For each vehicle equipped with FSD please provide:
   a. The vehicle identification number;
   b. The date on which FSD was installed on the vehicle; and
   c. Whether the vehicle owner is an employee of Tesla.


**Legal Authority for This Request**

This letter is being sent to Tesla pursuant to 49 U.S.C. § 30166, which authorizes NHTSA to conduct any investigation that may be necessary to enforce Chapter 301 of Title 49 and to request reports and the production of things. It constitutes a new request for information.

**Civil Penalties**

Tesla's failure to respond promptly and fully to this letter could subject Tesla to civil penalties pursuant to 49 U.S.C. § 30165 or lead to an action for injunctive relief pursuant to 49 U.S.C. § 30163.  (Other remedies and sanctions are available as well.)  The Vehicle Safety Act, as amended, 49 U.S.C. § 30165(a)(3), provides for civil penalties of up to $22,992 per violation per day, with a maximum of $114,954,525 for a related series of daily violations, for failing or refusing to perform an act required under 49 U.S.C. § 30166.  See 49 CFR 578.6 (as amended by Fixing America's Surface Transportation Act (the "FAST Act"), Pub. L. 114-94, § 24110(a)(2), 129 Stat. 1312 (Dec. 4, 2015)). This includes failing to respond completely, accurately, and in a timely manner to ODI information requests.

If Tesla cannot respond to any specific request or subpart(s) thereof, please state the reason why it is unable to do so.  If on the basis of attorney client, attorney work product, or other privilege, Tesla does not submit one or more requested documents or items of information in response to this information request, Tesla must provide a privilege log identifying each document or item withheld, and stating the date, subject or title, the name and position of the person(s) from, and the person(s) to whom it was sent, and the name and position of any other recipient (to include all carbon copies or blind carbon copies), the nature of that information or material, and the basis for the claim of privilege and why that privilege applies.

**Confidential Business Information**

**All business confidential information must be submitted directly to the Office of Chief Counsel as described in the following paragraph and should not be sent to this office.**  In addition, do not submit any business confidential information in the body of the letter submitted to this office. Please refer to PE21-020 in Tesla's response to this letter and in any confidentiality request submitted to the Office of Chief Counsel.

If Tesla claims that any of the information or documents provided in response to this information request constitute confidential commercial material within the meaning of 5 U.S.C. § 552(b)(4), or are protected from disclosure pursuant to 18 U.S.C. § 1905, Tesla must submit supporting information together with the materials that are the subject of the confidentiality request, in accordance with 49 CFR Part 512. Additional information can be found here: https://www.nhtsa.gov/coronavirus/submission-confidential-business-information.


If you have any questions regarding submission of a request for confidential treatment, contact Daniel Rabinovitz, Trial Attorney, Office of Chief Counsel at daniel.rabinovitz@dot.gov or (202) 366-8534.

6

**Due Date**

Tesla's response to this letter, in duplicate, together with a copy of any confidentiality request, must be submitted to this office by **November 1, 2021**. Tesla's response must include all non-confidential attachments and a redacted version of all documents that contain confidential information.  If Tesla finds that it is unable to provide all of the information requested within the time allotted, Tesla must request an extension from me at (202) 366-5226 no later than five business days before the response due date. If Tesla is unable to provide all of the information requested by the original deadline, it must submit a partial response by the original deadline with whatever information Tesla then has available, even if an extension has been granted.

Please send email notification to Steven Posada at STEVEN.POSADA@DOT.GOV and to ODI_IRresponse@dot.gov when Tesla sends its response to this office and indicate whether there is confidential information as part of Tesla's response.

If you have any technical questions concerning this matter, please call Steven Posada of my staff at (202) 366-9402.

Sincerely,

*Gregory Magno*

Gregory Magno, Chief
Vehicle Defects Division - D
Office of Defects Investigation