# EXHIBIT "11"



U.S. Department of Transportation
**National Highway Traffic Safety Administration**



1200 New Jersey Avenue SE.
Washington, DC 20590

October 12, 2021

**CERTIFIED AND ELECTRONIC MAIL**

Mr. Bill Berry
Vice President, Legal
Tesla, Inc.
3500 Deer Creek Road
Palo Alto, California 94304
bill.berry@tesla.com

Dear Mr. Berry:

In October 2020, Tesla released a feature called "Autosteer on City Streets" which the company also refers to as "Full Self-Driving" (FSD). FSD allows an equipped vehicle to drive to a destination chosen by the driver, expanding the use of "Navigate on Autopilot" to non-controlled surface streets. Tesla states that the system is able to detect and respond to stops signs and traffic signals and can carry out turns at intersections. To date, Tesla has released the feature to a limited number of employees and consumers pursuant to Tesla's early access beta release program, and is in the process of expanding access. Despite Tesla's characterization of FSD as "beta" it is capable of and is being used on public roads.

Recently, NHTSA has become aware of reports that participants in Tesla's FSD early access beta release program have non-disclosure agreements that allegedly limit the participants from sharing information about FSD that portrays the feature negatively, or from speaking with certain people about FSD. Given that NHTSA relies on reports from consumers as an important source of information in evaluating potential safety defects, any agreement that may prevent or dissuade participants in the early access beta release program from reporting safety concerns to NHTSA is unacceptable. Moreover, even limitations on sharing certain information publicly adversely impacts NHTSA's ability to obtain information relevant to safety.

In order to ensure that non-disclosure agreements regarding the FSD early access beta release do not interfere with NHTSA's ability to exercise its oversight responsibilities we are issuing the attached Special Order to Tesla.

NHTSA is charged under the National Traffic and Motor Vehicle Safety Act (Safety Act), 49 U.S.C. Chapter 301, with investigating potential defects that pose an unreasonable risk to motor vehicle safety. To carry out this responsibility it is imperative that NHTSA's access to relevant safety information is not hindered. To oversee compliance with the requirements of the

2

Safety Act and associated regulations, we are requiring that you provide the information in the attached Special Order. You must respond in full to the requests in the enclosed Special Order by **November 1, 2021**.

If you do not timely or completely respond to the Requests in the Special Order, you may be subject to civil penalties of up to $22,992 per day.

If you have any questions, please contact Thomas Healy of my staff at (202) 366-7161 or thomas.healy@dot.gov.

Sincerely,

*Ann E Carlson*

Ann Carlson
Chief Counsel

cc:  Eric Williams, ewilliams@tesla.com
    Beth Mykytiuk, emykytiuk@tesla.com

**UNITED STATES DEPARTMENT OF TRANSPORTATION**
**NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION**
1200 New Jersey Avenue SE
Washington, DC 20590

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| PE21-020 | ) |
| Tesla, Inc. | ) |
|  | ) |

### SPECIAL ORDER DIRECTED TO TESLA, INC.

To:
Mr. Bill Berry
Vice President, Legal
Tesla, Inc.
3500 Deer Creek Road
Palo Alto, California 94304
bill.berry@tesla.com

    This Special Order is issued by the National Highway Traffic Safety Administration (NHTSA), an Operating Administration of the United States Department of Transportation, pursuant to 49 U.S.C. § 30166(g)(1)(A) and 49 C.F.R. §§ 510.7-510.8.[1]

    As described in the accompanying letter and based on currently available information, NHTSA is concerned that Tesla may employ practices that could impede the agency's access to safety-related information, including information relevant to NHTSA's above-referenced investigation of Tesla vehicles. This concern is based on available information that suggests participants in the FSD early access beta release program may be prohibited or discouraged from

---

[1] *See* 49 C.F.R. §§ 1.95, 501.8(d)(3) (delegations of authority).

sharing certain information relevant to the performance of FSD, and therefore may also be prevented or dissuaded from submitting information regarding the safety of FSD to NHTSA. Accordingly, this Special Order now demands certain information from Tesla.

Tesla's response to this Special Order must be provided to NHTSA's Office of Chief Counsel by November 1, 2021. The response should be sent to Thomas Healy, Office of Chief Counsel, at Thomas.Healy@dot.gov or, for large submissions, through the DOT Secure Large File Transfer Solution system.[2]

Tesla's response must be signed under oath, *i.e.,* accompanied by a declaration, signed by a responsible officer of Tesla, stating that he/she has undertaken and directed an inquiry reasonably calculated to assure that the answers and production of documents are complete and correct, that he/she has caused the documents of Tesla to be searched diligently for information and documents responsive to this Special Order and produced them to NHTSA, and that the answers to the inquiries provided to NHTSA respond completely and correctly to this Special Order. 28 U.S.C. § 1746; 49 U.S.C. § 30166(g)(1)(A); 49 C.F.R. § 510.7.

Failure to respond fully or truthfully to this Special Order may result in a referral to the United States Department of Justice for a civil action to compel responses, and may subject Tesla to civil penalties of up to $22,992 per day, up to a maximum penalty of $114,954,525 for a related series of daily violations. 49 U.S.C. §§ 30163(a)(1), 30165(a)(3); 49 C.F.R. § 578.6(a)(3). Falsifying or withholding information in response to this Special Order may also lead to criminal penalties of a fine or imprisonment of up to 15 years, or both. 49 U.S.C. § 30170(a)(1).

---

[2] In order to use the File Transfer System, please email Thomas.Healy@dot.gov for a link.

## **DEFINITIONS**

Unless otherwise stated in the text, the following definitions apply to the information request set forth below:

- **Tesla**: means all of its past and present officers and employees, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, parent corporations at any tier, subsidiaries (whether or not incorporated) at any tier, and affiliated enterprises and all of their headquarters, regional, zone and other offices and their employees, and all agents, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., employee of a consultant) by or under the control of Tesla (including all business units and persons previously referred to).

- **Agent:** means an individual, such as a representative, who is authorized to act for or in place of another.

- **Describe:** means to provide, with respect to any act, occurrence, transaction, event, statement, communication, or conduct (hereinafter, collectively, "act"), all facts concerning any such act, including, but not limited to, a description of each act, and the date, the location, and the names and addresses of all persons involved.

- **Early access beta release:** means the capability to use FSD in a Tesla vehicle.

- **Employee:** means a person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance.

- **FSD:** means Tesla "Full Self-Driving," also referred to by Tesla as "Autosteer on City Streets."

- **Officer:** means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

- **You** or **Your:** means Tesla or Tesla's.

- **Non-disclosure agreement:** Any agreement or license, whether signed or otherwise accepted, between Tesla and any participant in Tesla's FSD early access beta release program, including Tesla employees, that by its terms limits or discourages in any way the early access beta release participant from sharing information about or discussing, with any person outside of Tesla, any aspect of FSD.

- **Document:** "Document(s)" is used in the broadest sense of the word and shall mean all original written, printed, typed, recorded, or graphic matter whatsoever, however produced or reproduced, of every kind, nature, and description, and all non-identical copies of both sides thereof, including, but not limited to, papers, letters, memoranda, correspondence, communications, electronic mail (e-mail) messages (existing in hard copy and/or in electronic storage), faxes, mailgrams, telegrams, cables, telex messages, notes, annotations, working papers, drafts, minutes, records, audio and video recordings, data, databases, other information bases, summaries, charts, tables, graphics, other visual displays, photographs, statements, interviews, opinions, reports, newspaper articles, studies, analyses, evaluations, interpretations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, blueprints, drawings, as-builts, changes, manuals, publications, work schedules, journals, statistical data, desk, portable and computer calendars, appointment books, diaries, travel reports, lists, tabulations, computer printouts, data processing program libraries, data processing inputs and outputs, microfilms, microfiches, statements for services, resolutions, financial statements, governmental records, business records, personnel records, work orders, documents generated through litigation, arbitration, or mediation, pleadings, mediation statements, discovery in any form, affidavits, motions, responses to discovery, all transcripts, administrative filings and all mechanical, magnetic, photographic and electronic records or recordings of any kind, including any storage media associated with computers, including, but not limited to, information on hard drives, floppy disks, backup tapes, and zip drives, electronic communications, including but not limited to, the Internet and shall include any drafts or revisions pertaining to any of the foregoing, all other things similar to any of the foregoing, however denominated by Tesla, any other data compilations from which information can be obtained, translated if necessary, into a usable form and any other documents. For purposes of this request, any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production. In all cases where original and any non-identical copies are not available, "document(s)" also means any identical copies of the original and all non-identical copies thereof. Any document, record, graph, chart, film or photograph originally produced in color must be provided in color. Furnish all documents whether verified by Tesla or not. If a document is not in the English language, provide both the original document and an English translation of the document.

- **Other Terms:** To the extent that they are used in these information requests, the terms "claim," "dealer field report," "field report," "fire," "fleet," "good will," "make," "model," "model year," "notice," "property damage," "property damage claim," "rollover," "type," "warranty," "warranty adjustment," and "warranty claim," whether used in singular or in plural form, have the same meaning as found in 49 C.F.R. § 579.4.

**INSTRUCTIONS**

Please follow the instructions below when providing responses to the numbered information requests in the next section.

1. Your response to the Special Order shall be sent to Office of the Chief Counsel (NCC-100), National Highway Traffic Safety Administration by email to Thomas Healy at Thomas.healy@dot.gov or through the DOT Secure Large File Transfer Solution system.[3]

2. Please repeat the applicable request verbatim above your response. After your response to each request, identify the source of the information and indicate the last date the information was gathered.

3. When documents are produced and the documents would not, standing alone, be self-explanatory, the production of documents shall be supplemented and accompanied by explanation. Please also be reminded that where a document responsive to a request is not in the English language, both the original document and an English translation of the document must be produced.

4. You are required to respond to every request listed in this Special Order. If you cannot respond to any specific request or subpart(s) thereof, please state the reason why you are unable to do so. If you are unable to respond because you do not have all or any of the precise information needed to respond, provide an estimate. If, on the basis of attorney-client, attorney work product, or other privilege, you do not submit one or more requested documents or items of information in response to this Special Order, you must provide a privilege log identifying each document or item withheld, and stating the date, subject or title, name and position of the

---

[3] In order to use the File Transfer System, please email Thomas.Healy@dot.gov for a link.

person(s) from, and the person(s) to whom it was sent, and the name and position of any other recipient (to include all carbon copies or blind carbon copies), the nature of that information or material, and the basis for the claim of privilege and why that privilege applies.

5.  After your response to each request, state whether you previously had any responsive documents that are no longer within your possession, custody, or control, including but not limited to because the documents were lost or destroyed. If such documents ever existed: describe the documents; identify the reason that the documents are no longer in your possession, custody, or control; identify the date that you last had the documents; and identify who may have copies of such documents.

6.  If you claim that any of the information or documents provided in response to this Special Order constitutes confidential commercial material within the meaning of 5 U.S.C. § 552(b)(4), or is protected from disclosure pursuant to 18 U.S.C. § 1905, you must submit supporting information together with the materials that are the subject of the confidentiality request, in accordance with 49 C.F.R. Part 512, to the Office of Chief Counsel (NCC-100), National Highway Traffic Safety Administration as instructed below.

7.  To facilitate social distancing due to COVID-19, NHTSA is treating electronic submission as an acceptable method for submitting confidential business information (CBI) to the agency under 49 C.F.R. Part 512.[4] Since Part 512 submissions are handled by NHTSA's Office of Chief Counsel, any Part 512 submission should be sent to the Office of Chief Counsel electronically. Specifically, any CBI submissions sent via email should be sent to Thomas Healy at Thomas.Healy@dot.gov.

---

[4] *See* https://www.nhtsa.gov/coronavirus/submission-confidential-business-information.

At this time, regulated entities should not send a duplicate hardcopy of their electronic CBI submissions to DOT headquarters. Please note that these modified submission procedures are only to facilitate continued operations while maintaining appropriate social distancing due to COVID-19. Regular procedures for Part 512 submissions will resume upon further notice, when NHTSA and regulated entities discontinue operating primarily in telework status.

For questions about CBI issues, including these modified submission procedures, please contact Dan Rabinovitz in the Office of Chief Counsel at Daniel.Rabinovitz@dot.gov or 202-366-8534.

8. All documents shall be produced electronically, as described below, in a common format (*e.g.*, Word, PDF, Microsoft Access) or other electronic formats commonly used by Tesla and discernable to NHTSA.

    a. Hard copy documents shall be imaged in PDF format. They shall be provided as multi-page PDFs with document level optical character recognition (OCR).

    b. Electronically Stored Information (ESI) shall be produced in native format (*e.g.*, Microsoft Excel) or converted to multi-page PDFs and produced along with document level OCR/extracted text.

    c. You shall organize the documents by request number and as instructed in the request to which it responds or, if no instruction is given in a request, in chronological order by project, report, or other similar categorization responsive to that numbered request.

    d. After the documents are so organized, and in sequential order to the request to which each responds, you shall apply Bates Numbers to the entire production.

    e. You shall produce an index that lists the title of each document produced, the

Bates Numbers on the document, and the request to which it corresponds.

9. When a request calls for a detailed, narrative response, do not identify business records or other documents in lieu of providing a written narrative. A response to a request for a written narrative that solely directs NHTSA to documents will be considered non-responsive, and may result in civil penalties. 49 U.S.C. §§ 30163(a)(1), 30165(a)(3); 49 C.F.R. § 578.6(a)(3). A response to a request for a detailed, narrative response that includes references to specific Bates Number(s) in addition to a written narrative will not be considered a violation of this Instruction.

10. The singular includes the plural; the plural includes the singular. The masculine gender includes the feminine and neuter genders; and the neuter gender includes the masculine and feminine genders. "And" as well as "or" shall be construed either disjunctively or conjunctively, to bring within the scope of this Special Order all responses that might otherwise be construed to be outside its scope. "Each" shall be construed to include "every" and "every" shall be construed to include "each." "Any" shall be construed to include "all" and "all" shall be construed to include "any." The use of a verb in any tense shall be construed as the use of the verb in a past or present tense, whenever necessary to bring within the scope of the document requests all responses which might otherwise be construed to be outside its scope.

11. Tesla's response to this Special Order must be under oath, *i.e.,* accompanied by an declaration, signed by a responsible officer of Tesla, stating that he/she has undertaken and directed an inquiry reasonably calculated to assure that the answers and production of documents are complete and correct, that he/she has caused the documents of Tesla to be searched diligently for information and documents responsive to this Special Order and produced them to NHTSA,

and that the answers to the inquiries provided to NHTSA respond completely and correctly to this Special Order.

12. The requests in this Special Order are deemed to be continuing in nature so as to require additional or amended responses from you should you obtain or become aware of any new, additional, or differing responsive information or documents.

## **REQUESTS**

1. Describe the manner in which non-disclosure agreements between Tesla and FSD early access beta release program participants are executed, i.e. whether via acceptance of terms of use, electronic signature, physical signature or by some other means. State whether the manner in which Tesla employee and Tesla non-employee participants execute the FSD non-disclosure agreement differs.

2. Provide a copy of any non-disclosure agreement(s) entered into with any non-employee participant in the early access beta release of FSD.

3. Provide a copy of any non-disclosure agreement(s) entered into with any employee participant in the early access beta release of FSD.

4. State whether Tesla requires vehicle owners to agree (whether through a contract, license or terms of use agreement, or otherwise) as a condition of use of Autopilot to any terms that would prevent or discourage vehicle owners from sharing information about or discussing any aspect of Autopilot with any person other than Tesla. Produce a copy of any such agreement(s) with such terms.

Dated: October 12, 2021

*Ann C Carlson*
_____
Ann Carlson
Chief Counsel