# EXHIBIT D

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,
Defendant.
_____/

Case No. 22-cv-22607-BLOOM

DILLON ANGULO,

Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,
Defendants.
_____/

## PLAINTIFF DILLON ANGULO'S
## FIRST SET OF INTERROGATORIES TO DEFENDANT TESLA, INC.

PLEASE TAKE NOTICE that the following First Set of Interrogatories are propounded to Defendant Tesla, Inc., by Plaintiff, Dillon Angulo, pursuant to Fed. R. Civ. P. 33. Responses to these requests should be provided to The Rousso, Boumel Law Firm, 9350 South Dixie Highway, Ste. 1520, Miami, FL 33156, or to the Slavik Law Firm, LLC, 3001 S. Lincoln Ave., Ste. C-1, Steamboat Springs, CO 80487, within thirty (30) days from service of this request.

### INSTRUCTIONS

A.   In responding to these Interrogatories, you are requested to furnish and identify all information available to you, including information in the possession, custody, or control of your attorneys or investigators, and all persons acting on your behalf, and not merely such information known to you based on your personal knowledge.

B.   If the response to any Interrogatory consists in whole or in part of any objection, please:

1) State with particularity the basis for such objection; and
2) Produce as much information in response to the Interrogatory as can otherwise be provided without objection.

C. If you produce or refer to any documents in connection with your responses to these Interrogatories, please identify with specificity which documents are produced in connection with any corresponding Request for Production.

D. These Interrogatories are continuing, and you are requested to provide, by way of supplementary responses or amendment, any additional information as you or any other persons acting on your behalf may hereafter obtain or become aware of which will supplement or otherwise modify your responses.

## DEFINITIONS

**DOCUMENT(S)** is used in the broadest sense of the word and shall mean all original written, printed, typed, recorded, or graphic matter whatsoever, however produced or reproduced, of every kind, nature, and description, and all non-identical copies of both sides thereof, including, but not limited to, papers, letters, memoranda, correspondence, communications, electronic mail (e-mail) messages (existing in hard copy and/or in electronic storage), faxes, mailgrams, telegrams, cables, telex messages, notes, annotations, working papers, drafts, minutes, records, audio and video recordings, data, databases, other information bases, summaries, charts, tables, graphics, other visual displays, photographs, statements, interviews, opinions, reports, newspaper articles, studies, analyses, evaluations, interpretations, contracts, agreements, jottings, agendas, bulletin, notices, announcements, instructions, blueprints, drawings, as-builts, changes, manuals, publications, work schedules, journals, statistical data, desk, portable and computer calendars, appointment books, diaries, travel reports, lists, tabulations, computer printouts, data processing program libraries, data processing inputs and outputs, microfilms, microfiches, statements for services, resolutions, financial statements, governmental records, business records, personnel records, work orders, pleadings, discovery in any form, affidavits, motions, responses to discovery, all transcripts, administrative filings and all mechanical, magnetic, photographic and electronic records or recordings of any kind, including any storage media associated with computers, including, but not limited to, information on hard drives, floppy disks, backup tapes, and zip drives, electronic communications, including but not limited to, the Internet and shall include any. drafts or revisions pertaining to any of the foregoing, all other things similar to any of the foregoing, however denominated by TESLA, any other data compilations from which information can be obtained, translated, if necessary, into a usable form and any other documents. For purposes of this request, any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production. In all cases where original and any non-identical copies are not available, "document(s)" also means any identical copies of the original and all nonidentical copies thereof. Any document, record, graph, chart, film or photograph originally produced in color must be provided in color. Furnish all documents whether verified by TESLA or not. If a document is not in the English language, provide both the original document and an English translation of the document.

**ELECTRONICALLY STORED INFORMATION** [**ESI**] should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise possessed by TESLA or contained in TESLA's DATA STORAGE SYSTEM as:

a. Digital communications (*e.g.*, Slack, e-mail, voice mail, instant messaging, internal chat features, text messages, and any other similar communication);
b. E-Mail Server Stores (*e.g.*, Lotus Domino.NSF or Microsoft Exchange.EDB);
c. Word processed documents (*e.g.*, Word or WordPerfect files and drafts);
d. Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
e. Digital modeling and/or testing (*e.g.*, CAD, CATIA, AUTODESK ALIAS, DELMIA, any form of Finite Element Analysis, whether public or proprietary);
f. Accounting Application Data (*e.g.*, QuickBooks, Money, Peachtree data);
g. Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .PNG, .JPG, .GIF images);
h. Sound Recordings (*e.g.*, .WAV and .MP3 files);
i. Video and Animation (*e.g.*, .AVI and .MOV files);
j. Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
k. Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
l. Calendar and Diary Application Data (*e.g.*, Outlook PST, blog entries);
m. Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
n. Presentations (*e.g.*, PowerPoint, Corel Presentations);
o. Network Access and Server Activity Logs;
p. Project Management Application Data;
q. Backup and Archival Files (*e.g.*, Veritas, Zip, .GHO);
r. JIRA Issue Tickets;
s. MATLAB, SIMULINK and other model-based development programs and files;
t. Agile Development Software and files;
u. Python, Git and other source control platform files;
v. "Toolbox" and other TESLA proprietary databases;
w. Event Data Recorder [EDR] files (see 49 C.F.R. 563 for regulations about the contents of the event data recorder);
x. TESLA vehicle "Log Files", including any applications such as Periscope used to collect, store, or analyze TESLA vehicle performance, including but not limited to collisions, engagement of ADS features, and/or any DMS features;
y. Autopilot D-16 Reports;
z. Confluence data.

**IDENTIFY** means to state:

1. In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;
2. In the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), and its telephone number;

3. In the case of a communication, its date, type, the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed; and
4. In the case of a document, the title of the document, the author, the addressee, each recipient, the type of document, the subject matter, the date of the preparation, and its number of pages.

**DESCRIBE** means to

1. Provide a complete written narrative responsive to an Interrogatory;
2. If a non-written response more accurately describes the matter at issue, provide drawings, photos, or DOCUMENTS and/or ESI that fully responds to the Interrogatory.

**DATA STORAGE SYSTEM:** means all TESLA systems for storing data of any nature about the day-to-day operation of the SUBJECT VEHICLES including, but not limited to, ESI, telemetry data transmitted from the SUBJECT VEHICLES to TESLA servers either in realtime or on a periodic basis, or due to an event, such a crash or airbag deployment, as well as video and still-frame camera images, continuously recorded signals and alerts (Log files or CarLog files), text logs stored within the Media Control Unit, data and images recorded in the Restraint Control Module, Toolbox 3 Diagnostic data, and all other data the SUBJECT VEHICLES record or transmit.

**SUBJECT INCIDENT:** The crash that occurred on or about April 25, 2019, at approximately 9:14 PM, in Monroe County, Florida, as further detailed and referenced in Plaintiffs' Complaints.

**SUBJECT VEHICLE:** The 2019 TESLA MODEL S bearing Florida license plate number LFYB88, Vehicle Identification Number 5YJSA1E24KF302997.

**ANGULO VEHICLE:** The 2010 Chevrolet Tahoe, Vehicle Identification Number 1GNMCBE35AR246876 owned by Dillon Angulo's mother, Dawn Darlene Angulo, which was involved in the SUBJECT INCIDENT.

**AUTOPILOT:** Includes all AUTOPILOT related safety features, and convenience features as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**AUTOSTEER:** Includes all AUTOSTEER related features as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**COLLISION AVOIDANCE:** Refers to the COLLISION AVOIDANCE ASSIST components as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**AUTOMATIC EMERGENCY BRAKING (AEB):** Refers to the TESLA AUTOMATIC EMERGENCY BRAKING system on the SUBJECT VEHICLE as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**SIGNAL(s):** Refers to the data in the "signal name" column of Bate's Numbers BENAVIDES-00001244-1319 produced by TESLA in this case.

**DRIVER MONITORING SYSTEM (DMS):** This includes:

    a.    any feature of a TESLA vehicle that involves the use of cameras, sensors, radar, and/or other technology used to determine whether the driver of a TESLA vehicle is looking at the road ahead, and/or engaged in the driving process consistent with that of a reasonable driver under the circumstances;

    b.    technology and strategies to ensure appropriate driver engagement;

    c.    any feature on a TESLA vehicle that automatically disengages any automated functions depending on the level of driver engagement;

    d.    any feature on a TESLA vehicle that warns the driver if the driver shows signs of insufficient engagement in the driving process that might be unreasonable under the circumstances;

    e.    any feature that warns or notifies persons outside the TESLA vehicle that the TESLA vehicle is being operated using some form of AUTOPILOT.

**TESLA:** TESLA, Inc., all of its past and present OFFICERs and EMPLOYEEs, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their EMPLOYEES, and all AGENTS, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., EMPLOYEE of a consultant) by or under the control of TESLA (including all business units and persons previously referred to), who are or, on or after January 1st, 2011, were involved in any way with any of the following related to the alleged defect in the SUBJECT VEHICLES:

    a.    Design, engineering, analysis, modification or production (e.g. quality control);

    b.    Testing, assessment or evaluation;

    c.    Consideration, or recognition of potential or actual defects, reporting, recordkeeping and information management (e.g., complaints, field reports, warranty information, part sales), analysis, claims, or lawsuits; or

    d.    Communication to, from or intended for zone representatives, FLEETs, dealers, or other field locations, including but not limited to people who have the capacity to obtain information from dealers.

**AGENT:** means an individual, such as a representative, who is authorized to act for or in place of another.

**EMPLOYEE:** means a person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance.

**OFFICER:** means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

## INTERROGATORIES

**INTERROGATORY NO. 1.**     DESCRIBE all DRIVER MONITORING SYSTEMS (DMS) available in the SUBJECT VEHICLE.

**INTERROGATORY NO. 2.**     DESCRIBE all SIGNALS associated with any DMS in the SUBJECT VEHICLE.

**INTERROGATORY NO. 3.**     DESCRIBE all data TESLA received from any SIGNALS associated with any DMS in the SUBJECT VEHICLE.

**INTERROGATORY NO. 4.**     IDENTIFY all AUTOPILOT/AUTOSTEER related Firmware supplied to the SUBJECT VEHICLE.

**INTERROGATORY NO. 5.**     DESCRIBE all TESLA AUTOPILOT/AUTOSTEER related updates sent to the SUBJECT VEHICLE including but not limited to the last update sent to the SUBJECT VEHICLE prior to the SUBJECT INCIDENT.

**INTERROGATORY NO. 6.**     DESCRIBE all information that accompanied TESLA AUTOPILOT/AUTOSTEER related updates sent to the SUBJECT VEHICLE.

**INTERROGATORY NO. 7.**     DESCRIBE all TESLA AUTOPILOT/AUTOSTEER updates sent to TESLA vehicles subject to the December 15, 2023, NHTSA Part 573 Safety Recall Report.

**INTERROGATORY NO. 8.**     DESCRIBE all TESLA AUTOPILOT/AUTOSTEER updates sent to vehicles after December 5, 2023.

**INTERROGATORY NO. 9.**     DESCRIBE all instructions given by TESLA to purchasers of TESLA VEHICLES regarding the use of AUTOPILOT.

**INTERROGATORY NO. 10.**     DESCRIBE all instructions given by TESLA to George McGee regarding the SUBJECT VEHICLE regarding the use of AUTOPILOT.

**INTERROGATORY NO. 11.**     DESCRIBE all information TESLA received regarding George McGee's interactions with the Owner's Manual in the SUBJECT VEHICLE regarding the use of AUTOPILOT/AUTOSTEER.

**INTERROGATORY NO. 12.**     IDENTIFY TESLA's internal SIGNAL names for the columns of data produced in BENAVIDES-00000003.

**INTERROGATORY NO. 13.**     DESCRIBE what TESLA means by the term "beta" as it relates to its AUTOSTEER feature, as in "Autosteer is a BETA feature." [See page entitled "Autosteer" in Owner's Manual applicable to the SUBJECT VEHICLE].

**INTERROGATORY NO. 14.**        DESCRIBE how TESLA intended George McGee to access the Owner's Manual applicable to the SUBJECT VEHICLE.

**INTERROGATORY NO. 15.**        DESCRIBE how TESLA intended George McGee to use the information in the Owner's Manual applicable to the SUBJECT VEHICLE.

**INTERROGATORY NO. 16.**        If TESLA supplied more than one Owner's Manual to the SUBJECT VEHICLE, IDENTIFY all versions of the Owner's Manual that TESLA supplied to the SUBJECT VEHICLE.

**INTERROGATORY NO. 17.**        IDENTIFY the people responsible for supplying responses to PLAINTIFF'S REQUEST FOR ADDMISSIONS served in this case.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10 2024 a true and correct copy of the foregoing was served via email to all counsel identified in the below service list.

                                 SLAVIK LAW FIRM LLC.
                                 3001 South Lincoln Avenue
                                 Suite C-1
                                 Steamboat Springs, CO 80487
                                 (970) 457-1011
By:     **/s/ *Donald H. Slavik.***
                                 Donald H. Slavik, Esq.
                                 *Admitted Pro Hac Vice 02/02/2023*

**SERVICE LIST**

**Cole, Scott & Kissane, P.A.**
9150 S. Dadeland Blvd, Suite 1400
Miami, Florida 33156
**Attn: Henry Salas, Esq.**
henry.salas@csklegal.com
leisy.martinez@csklegal.com
*Counsel for Defendant, Tesla, Inc.*

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Thomas P. Branigan, Esq.**
**Attn: Drew P. Branigan, Esq.**
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
*Counsel for Defendant, Tesla, Inc.*

**Aria Sanguinetti Wang & Torrijos, LLP**
2200 Powell Street, Suite 740
Emeryville, CA 94608
**Attn: Elise R. Sanguinetti, Esq.**
elise@aswtlawyers.com
ncservice@aswtlawyers.com
*Co-Counsel for both Plaintiffs*.

**Poses & Poses, P.A.**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiff, Neima Benavides*

**The Rousso, Boumel Law Firm, PLLC**.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
**Attn: Adam T. Boumel**
adam@roussolawfirm.com
*Counsel for Plaintiff, Angulo*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Co-Counsel for both Plaintiffs.*