# EXHIBIT F

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal*
*Representative of the Estate of Naibel*
*Benavides Leon, deceased*,

Plaintiff,

v.

TESLA, INC., *a/k/a Tesla Florida, Inc.*,

Defendant.

_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

Defendants.

_____/

**PLAINTIFF, DILLON ANGULO'S**
**<u>SIXTH REQUEST FOR PRODUCTION TO DEFENDANT, TESLA, INC.</u>**

PLEASE TAKE NOTICE that the following Sixth Request for Production of Documents are propounded to Defendant Tesla, Inc., by Plaintiff, Dillon Angulo, pursuant to Fed. R. Civ. P. 34. Responses to these requests should be provided to The Rousso, Boumel Law Firm, 9350 South Dixie Highway, Ste. 1520, Miami, FL 33156, or to the Slavik Law Firm, LLC, 3001 S. Lincoln Ave., Ste. C-1, Steamboat Springs, CO 80487, within thirty (30) days from service of this request.

## INSTRUCTIONS

In order for Plaintiff to evaluate the alleged defects in this case, certain information is required.

When DOCUMENTS are produced, the DOCUMENTS shall be OCR'd and produced in an identified, organized manner that corresponds with the organization of this Request for Production.

Please repeat the applicable request verbatim above each response. After TESLA's response to each request, identify the source of the information and indicate the last date the information was gathered.

If a DOCUMENT or ESI uses a program other than Word, Excel, or other such generally available application, provide an executable installation link to the applicable program. Only produce complete DOCUMENTS. Production of incomplete DOCUMENTS will result in unnecessary discovery disputes and motions, wasting time and Court resources.

If TESLA refuses to respond to any request in whole or in part on the basis of attorney-client, attorney work product, or other privilege, and TESLA does not submit one or more requested DOCUMENTS or items of information in response to this Request for Production, Plaintiff requests that TESLA provide a privilege log identifying each DOCUMENT or item withheld, and stating the date, subject or title, the name and position of the person(s) from, and the person(s) to whom it was sent, and the name and position of any other recipient (to include all carbon copies or blind carbon copies), the nature of that information or material, and the basis for the claim of privilege and why that privilege applies.

## DEFINITIONS

**DOCUMENT(S)** is used in the broadest sense of the word and shall mean all original written, printed, typed, recorded, or graphic matter whatsoever, however produced or reproduced, of every kind, nature, and description, and all non-identical copies of both sides thereof, including, but not limited to, papers, letters, memoranda, correspondence, communications, electronic mail (e-mail) messages (existing in hard copy and/or in electronic storage), faxes, mailgrams, telegrams, cables, telex messages, notes, annotations, working papers, drafts, minutes, records, audio and video recordings, data, databases, other information bases, summaries, charts, tables, graphics, other visual displays, photographs, statements, interviews, opinions, reports, newspaper articles, studies, analyses, evaluations, interpretations, contracts, agreements, jottings, agendas, bulletin, notices, announcements, instructions, blueprints, drawings, as-builts, changes, manuals, publications, work schedules, journals, statistical data, desk, portable and computer calendars, appointment books, diaries, travel reports, lists, tabulations, computer printouts, data processing program libraries, data processing inputs and outputs, microfilms, microfiches, statements for services, resolutions, financial statements, governmental records, business records, personnel records, work orders, pleadings, discovery in any form, affidavits, motions, responses to discovery, all transcripts, administrative filings and all mechanical, magnetic, photographic and electronic records or

recordings of any kind, including any storage media associated with computers, including, but not limited to, information on hard drives, floppy disks, backup tapes, and zip drives, electronic communications, including but not limited to, the Internet and shall include any drafts or revisions pertaining to any of the foregoing, all other things similar to any of the foregoing, however denominated by TESLA, any other data compilations from which information can be obtained, translated, if necessary, into a usable form and any other documents. For purposes of this request, any document which contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production. In all cases where original and any non-identical copies are not available, "document(s)" also means any identical copies of the original and all nonidentical copies thereof. Any document, record, graph, chart, film or photograph originally produced in color must be provided in color. Furnish all documents whether verified by TESLA or not. If a document is not in the English language, provide both the original document and an English translation of the document.

**ELECTRONICALLY STORED INFORMATION** (**ESI**) should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise possessed by TESLA or contained in TESLA's DATA STORAGE SYSTEM as:

a.   Digital communications (*e.g.*, Slack, e-mail, voice mail, instant messaging, internal chat features, text messages, and any other similar communication);
b.   E-Mail Server Stores (*e.g.*, Lotus Domino.NSF or Microsoft Exchange .EDB);
c.   Word processed documents (*e.g.*, Word or WordPerfect files and drafts);
d.   Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
e.   Digital modeling and/or testing (*e.g.*, CAD, CATIA, AUTODESK ALIAS, DELMIA, any form of Finite Element Analysis, whether public or proprietary);
f.   Accounting Application Data (*e.g.*, QuickBooks, Money, Peachtree data);
g.   Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .PNG, .JPG, .GIF images);
h.   Sound Recordings (*e.g.*, .WAV and .MP3 files);
i.   Video and Animation (*e.g.*, .AVI and .MOV files);
j.   Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
k.   Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
l.   Calendar and Diary Application Data (*e.g.*, Outlook PST, blog entries);
m.   Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
n.   Presentations (*e.g.*, PowerPoint, Corel Presentations);
o.   Network Access and Server Activity Logs;
p.   Project Management Application Data;
q.   Backup and Archival Files (*e.g.*, Veritas, Zip, .GHO);
r.   JIRA Issue Tickets;
s.   MATLAB, SIMULINK and other model-based development programs and files;
t.   Agile Development Software and files;
u.   Python, Git and other source control platform files;
v.   "Toolbox" and other TESLA proprietary databases;
w.   Event Data Recorder (EDR) files (see 49 C.F.R. 563 for regulations about the contents of the event data recorder);

x.      TESLA vehicle "Log Files", including any applications such as Periscope used to collect, store, or analyze TESLA vehicle performance, including but not limited to collisions, engagement of ADS features, and/or any DMS features;

y.      Autopilot D-16 Reports;

z.      Confluence data.

**DATA STORAGE SYSTEM:** means all TESLA systems for storing data of any nature about the day-to-day operation of the SUBJECT VEHICLES including, but not limited to, ESI, telemetry data transmitted from the SUBJECT VEHICLES to TESLA servers either in realtime or on a periodic basis, or due to an event, such a crash or airbag deployment, as well as video and still-frame camera images, continuously recorded signals and alerts (Log files or CarLog files), text logs stored within the Media Control Unit, data and images recorded in the Restraint Control Module, Toolbox 3 Diagnostic data, and all other data the SUBJECT VEHICLES record or transmit.

**INTERNAL COMMUNICATIONS:** includes all DOCUMENTS and/or ESI documenting TESLA communications with other TESLA personnel.

**SUBJECT INCIDENT:** The crash that occurred on or about April 25, 2019, at approximately 9:14 PM, in Monroe County, Florida, as further detailed and referenced in Plaintiffs' Complaints.

**SUBJECT VEHICLE:** The 2019 TESLA MODEL S bearing Florida license plate number LFYB88, Vehicle Identification Number 5YJSA1E24KF302997.

**ANGULO VEHICLE:** The 2010 Chevrolet Tahoe, Vehicle Identification Number 1GNMCBE35AR246876 owned by Dillon Angulo's mother, Dawn Darlene Angulo, which was involved in the SUBJECT INCIDENT.

**AUTOPILOT:** Includes all AUTOPILOT related safety features, and convenience features as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**AUTOSTEER:** Includes all AUTOSTEER related features as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**COLLISION AVOIDANCE:** Refers to the COLLISION AVOIDANCE ASSIST components as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**AUTOMATIC EMERGENCY BRAKING (AEB):** Refers to the TESLA AUTOMATIC EMERGENCY BRAKING system on the SUBJECT VEHICLE as described in the Owner's Manual applicable to the SUBJECT VEHICLE.

**SIGNAL(s):** Refers to the data in the "signal name" column of Bate's Numbers BENAVIDES-00001244-1319 produced by TESLA in this case.

**DRIVER MONITORING SYSTEM (DMS):** This includes:

a.  any feature of a TESLA vehicle that involves the use of cameras, sensors, radar, and/or other technology used to determine whether the driver of a TESLA vehicle is looking at the road ahead, and/or engaged in the driving process consistent with that of a reasonable driver under the circumstances;

b.  technology and strategies to ensure appropriate driver engagement;

c.  any feature on a TESLA vehicle that automatically disengages any automated functions depending on the level of driver engagement;

d.  any feature on a TESLA vehicle that warns the driver if the driver shows signs of insufficient engagement in the driving process that might be unreasonable under the circumstances;

e.  any feature that warns or notifies persons outside the TESLA vehicle that the TESLA vehicle is being operated using some form of AUTOPILOT.

**TESLA:** TESLA, Inc., all of its past and present OFFICERs and EMPLOYEEs, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their EMPLOYEES, and all AGENTS, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., EMPLOYEE of a consultant) by or under the control of TESLA (including all business units and persons previously referred to), who are or, on or after January 1st, 2011 were, involved in any way with any of the following related to the alleged defect in the SUBJECT VEHICLE:

a.  Design, engineering, analysis, modification or production (e.g. quality control);

b.  Testing, assessment or evaluation;

c.  Consideration, or recognition of potential or actual defects, reporting, recordkeeping and information management (e.g., complaints, field reports, warranty information, part sales), analysis, claims, or lawsuits; or

d.  Communication to, from or intended for zone representatives, FLEETs, dealers, or other field locations, including but not limited to people who have the capacity to obtain information from dealers.

**AGENT:** means an individual, such as a representative, who is authorized to act for or in place of another.

**EMPLOYEE:** means a person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance.

**OFFICER:** means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

## **REQUESTS FOR PRODUCTION**

**REQUEST NUMBER 36.** All DOCUMENTS and/or ESI pertaining to TESLA's AUTOSTEER system that TESLA has thus far produced in response to discovery requests in any lawsuit with allegations that AUTOPILOT or any of its related systems contributed to causing injury.

**REQUEST NUMBER 37.** All DOCUMENTS and/or ESI containing TESLA INTERNAL COMMUNICATIONS regarding warnings related to AUTOSTEER's limited ability to detect and react safely to a stop-sign controlled intersection.

**REQUEST NUMBER 38.** All DOCUMENTS and/or ESI containing TESLA INTERNAL COMMUNICATIONS regarding restricting AUTOSTEER to function only on highways and limited-access roads with a fully attentive driver.

**REQUEST NUMBER 39.** All DOCUMENTS and/or ESI containing TESLA INTERNAL COMMUNICATIONS regarding the ability of AUTOSTEER to detect and react safely to cross-traffic.

**REQUEST NUMBER 40.** All DOCUMENTS and/or ESI containing TESLA INTERNAL COMMUNICATIONS regarding monitoring driver engagement when AUTOSTEER is active.

**REQUEST NUMBER 41.** All DOCUMENTS and/or ESI containing TESLA INTERNAL COMMUNICATIONS regarding the need for an effective DMS in TESLA vehicles in which AUTOSTEER was available.

**REQUEST NUMBER 42.** All DOCUMENTS and/or ESI containing TESLA INTERNAL COMMUNICATIONS regarding the ethics of allowing untrained customers to serve as beta testers for TESLA's AUTOPILOT system and related features.

**REQUEST NUMBER 43.** Produce copies of the following DOCUMENTS produced in *Harcourt v. Tesla,* case number 19CV358488, in the Superior Court of the State of California, for the County of Santa Clara:
      TESLA-0001082-85
      TESLA-00012304-477

**REQUEST NUMBER 44.** All DOCUMENTS and ESI reflecting data transmitted from SIGNALS in the SUBJECT VEHICLE regarding any DMS.

**REQUEST NUMBER 45.** All DOCUMENTS and ESI TESLA supplied to the purchasers of the SUBJECT VEHICLE regarding instruction as to how to drive the car using AUTOPILOT/AUTOSTEER.

**REQUEST NUMBER 46.** All DOCUMENTS and ESI TESLA supplied to the purchasers of the SUBJECT VEHICLE regarding instruction as to how to use any of its features.

**REQUEST NUMBER 47.** All DOCUMENTS and ESI reflecting data transmitted from SIGNALS in the SUBJECT VEHICLE regarding any restrictions on the use of AUTOPILOT/AUTOSTEER.

**REQUEST NUMBER 48.** All DOCUMENTS and ESI TESLA supplied to the purchasers of the SUBJECT VEHICLE describing any optional features included in the purchase.

**REQUEST NUMBER 49.** Produce a legible copy of BENAVIDES-00001270.

**REQUEST NUMBER 50.** TESLA DOCUMENTS and ESI describing or specifying the area within one mile of the location of the Subject Incident that show all areas where AUTOSTEER was restricted from being engaged.

**REQUEST NUMBER 51.** All DOCUMENTS and ESI reflecting data transmitted from SIGNALS in the SUBJECT VEHICLE regarding AUTOPILOT or any of its related systems.

**REQUEST NUMBER 52.** Produce a Log File in a format readable by Excel for the SUBJECT VEHICLE during the drive cycle leading up to the SUBJECT INCIDENT containing the data associated with the following SIGNAL names as identified in BENAVIDES-00001244-1319:











BENAVIDES-00001270 is missing, needs to be produced















███████████████████
██████████████████

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 10 2024 a true and correct copy of the foregoing was served via email to all counsel identified in the below service list.

SLAVIK LAW FIRM LLC.

3001 South Lincoln Avenue

Suite C-1

Steamboat Springs, CO 80487

(970) 457-1011

By:  **<u>/s/ Donald H. Slavik.</u>**

Donald H. Slavik, Esq.

*Admitted Pro Hac Vice 02/02/2023*

<u>**SERVICE LIST**</u>

| | |
|---|---|
| <u>**Cole, Scott & Kissane, P.A.**</u><br>9150 S. Dadeland Blvd, Suite 1400<br>Miami, Florida 33156<br>**Attn: Henry Salas, Esq.**<br>henry.salas@csklegal.com<br>leisy.martinez@csklegal.com<br>*Counsel for Defendant, Tesla, Inc.* | <u>**Eaton & Wolk PL**</u><br>2665 South Bayshore Dr., Suite 609<br>Miami, FL 33133<br>**Attn: Doug Eaton, Esq.**<br>deaton@eatonwolk.com<br>*Co-Counsel for both Plaintiffs.* |
| <u>**Bowman and Brooke LLP**</u><br>41000 Woodward Ave., Suite 200E<br>Bloomfield Hills, Michigan 48304<br>**Attn: Thomas P. Branigan, Esq.**<br>**Attn: Drew P. Branigan, Esq.**<br>thomas.branigan@bowmanandbrooke.com<br>drew.branigan@bowmanandbrooke.com<br>*Counsel for Defendant, Tesla, Inc.* | |
| <u>**Aria Sanguinetti Wang & Torrijos, LLP**</u><br>2200 Powell Street, Suite 740<br>Emeryville, CA 94608<br>**Attn: Elise R. Sanguinetti, Esq.**<br>elise@aswtlawyers.com<br>ncservice@aswtlawyers.com<br>*Co-Counsel for both Plaintiffs.* | |
| <u>**Poses & Poses, P.A.**</u><br>169 East Flagler Street, Suite 1600<br>Miami, Florida 33156<br>**Attn: Todd Poses, Esq.**<br>tposes@posesandposes.com<br>Maria@posesandposes.com<br>*Counsel for Plaintiff, Neima Benavides* | |
| <u>**The Rousso, Boumel Law Firm, PLLC.**</u><br>9350 South Dixie Highway<br>Suite 1520<br>Miami, Florida 33156<br>**Attn: Adam T. Boumel**<br>adam@roussolawfirm.com<br>*Counsel for Plaintiff, Angulo* | |