UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.
_____/

## MOTION FOR HEARING

Plaintiffs, Neima Benavides and Dillon Angulo, by and through their undersigned counsel, hereby move this Honorable Court for a hearing on Discovery related issues and states as follows:

HEARING DETAILS:

| | |
|---|---|
| Date: | Thursday, February 22nd, 2024 |
| Time: | 1:30 PM |
| Magistrate: | The Honorable Edwin G. Torres |
| Place: | James Lawrence King Federal Justice Building |
| | 99 NE 4th Street, Tenth Floor, Courtroom 5 |
| | Miami, FL 33132 |
| | If Via Zoom (link to be provided) |

Substance of discovery matter to be heard:

1. Tesla's objection to Plaintiff's Third Request for Production #s 13 and 16.

2. Tesla's objection to Plaintiff's Fourth Request for Production # 30.

3. Tesla's objection to Plaintiff's Fifth Request for Production #s 31, 32, 33, 34 and 35

4. Tesla's refusal to provide deposition dates for its employees Chris Tapia, Akash Patel and Peter Scheutzow

5. Tesla's failure to produce documentary evidence and information regarding this crash and its driver's driving history with the subject vehicle, including but not limited to:

    a. Tesla's failure to produce all relevant car log data for the drive cycle at issue, which should have been produced in Rule 26 disclosures, as well as in response to Plaintiffs' Second Request for Production #s 1 and 7.

    b. Tesla's false representation that it did not possess, and continuing failure to provide a full and complete, glossary or index of log signals in response to Plaintiff's Second Request for Production #8.

    c. Tesla's failure to produce, and revocation of prior agreement to produce, Annotated Videos for this crash, which should have been produced in Rule 26 disclosures as well as in response to Plaintiffs' Fifth Request for Production #s 31 and 35 (included in § 4 above).

6. Tesla's broad scope-based objections to Plaintiff's Notice of Taking Deposition of Tesla's Rule 30(b)(6) Corporate representative deposition.

    ** Plaintiffs have read this Honorable Court's Order Setting Discovery Procedures (DE 159), and have also reviewed New World Network Ltd. v. M/V Norwegian Sea, 2007 WL 1068124, at *2-3 (S.D. Fla. 2007), which this Court cited to with approval in its Order. Accordingly, Plaintiffs understand that this Court is suggesting that Plaintiffs should only raise this issue after the deposition(s) has been completed. Notwithstanding, in good faith and an abundance of caution, Plaintiff believes that this Court may want to make at least a partial ruling before the deposition, as Tesla has already indicated that it will not be presenting a witness to testify on broad categories of discoverable and at-issue topics, such as the issue of Geofencing which was a main component of NHTSA's recent recall.

**CERTIFICATE OF CONFERRING WITH COUNSEL PURSUANT TO RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1 (a)(3), the undersigned counsel has conferred with counsel for Tesla, Inc., in a good faith effort to resolve the issues raised in this motion, to no avail.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

> Respectfully Submitted,
>
> THE ROUSSO, BOUMEL LAW FIRM, PLLC.
> 9350 South Dixie Highway
> Suite 1520
> Miami, Florida 33156
> (305) 670-6669
>
> By:   **/s/ *Adam T. Boumel, Esq.***
> Adam T. Boumel, Esq.
> Florida Bar No.: 0110727
> Direct email: adam@roussolawfirm.com
> Service emails:
> Pleadings@roussolawfirm.com
> Assistant@roussolawfirm.com