EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

    Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.

_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

    Defendants.

_____/

**DEFENDANT, TESLA, INC. RESPONSE TO PLAINTIFF, DILLON ANGULO'S SECOND REQUEST FOR PRODUCTION**

Tesla, Inc. ("Tesla") responds to Plaintiff Dillon Angulo's Second Request for Production, and responds as follow:

### Objections Common to all Requests

1. Tesla incorporates these general objections into each of its responses to Plaintiff's Requests for Production:

2. Tesla has not yet completed discovery, investigation, or preparation for trial. Accordingly, its responses are based on information presently available and given without prejudice to Tesla's right to further supplement or modify based upon the discovery of additional or different information.

1

Tesla reserves the right to supplement responses to these Requests up to the time of trial, as the investigation of the facts and circumstances of this case is ongoing.

3. Tesla reserves all objections and questions as to the competency, relevance, materiality, privilege, propriety, admissibility, and all other objections on any grounds that would require the exclusion of any information from evidence if the same were sought to be admitted at trial.

4. Tesla objects to Plaintiff's "Definitions" and "Instructions" to the extent they purport to impose obligations or expectations of Tesla that are above and beyond any requirements imposed under the Federal of Civil Procedure. This includes "Definitions" and "Instructions" that purport to require Tesla obtain information or documents from entities other than Tesla.

5. Tesla objects to Plaintiff's "Definitions" to the extent they do not comport with plain language definitions or descriptions of these terms. To the extent Tesla objects with Plaintiff's "Definitions," phrases or terms that have not been defined by Plaintiff, Tesla will define its understanding of the word or phrase in its responses, to the extent possible.

6. Tesla objects to these Requests to the extent they seek information protected by the attorney-client, work product doctrine, and/or consulting expert privileges. If Tesla determines that information it has agreed to produce in response to these requests are covered by one of these privileges, Tesla will identify that information on a privilege log.

7. Tesla objects to these Requests to the extent that they are not limited to a reasonable period of time, the same or substantially similar model vehicle as the subject vehicle, or component at issue as identified in Plaintiff's Petition. The determination of scope and the documents produced in response to these requests are for the purposes of discovery only and not an admission on behalf of Tesla regarding admissibility or responsiveness to the allegations made in this case.

8. Tesla does not interpret Plaintiff's Requests to ask for information about (1) correspondence between Tesla and its attorneys, (2) communications between Tesla, its lawyers or its representatives about the investigation or defense of any claims or lawsuits, including Plaintiff's claims after Tesla learned that a claim would be made, (3) notes or other work product of Tesla's lawyers, (4) other documents or things created by or for Tesla's lawyers, and (5) documents or things prepared by consulting experts about this or any suit, claim, or anticipated claim. If Plaintiff intends any Request for the production of these privileged items, Tesla objects to providing any such information because it is protected from discovery pursuant to attorney-client privilege and/or the attorney work product privilege.

9. Some of the documents or information described in Tesla's responses to Plaintiff's Requests may contain information proprietary to Tesla such as financial, technical, or commercially sensitive information, and/or trade secrets. Disclosure of such information might be severely injurious and damaging to Tesla, placing it at a competitive disadvantage within the industry; therefore, these documents and information will only be produced pursuant to the entry of an appropriate Confidentiality Protective Order.

**REQUESTS FOR PRODUCTION**

**REQUEST NUMBER. 1**: Produce all DOCUMENTS and ESI data contained in any TESLA DATA STORAGE SYSTEM or in the SUBJECT VEHICLE regarding the operation of the SUBJECT VEHICLE including the SUBJECT SYSTEM within ten minutes of the SUBJECT INCIDENT, including, but not limited to, telemetry data transmitted from the vehicle to TESLA servers either in real-time or on a periodic basis, or due to an event, such a crash or airbag deployment, as well as video and still-frame camera images, continuously recorded signals and alerts, Log files or CarLog files, D-16 Reports, text logs stored within the Media Control Unit, images from any in-cabin driver-facing camera, data and images recorded in the Restraint Control Module, Toolbox 3 Diagnostic data, and all other data the SUBJECT VEHICLE recorded or transmitted not already produced to date.

**RESPONSE**: Tesla objects to Request 1 because it is vague, overly broad, unduly burdensome, and not reasonably proportionate to the needs of the case. Tesla also object to this Request because it is so overly broad that it calls for the production of information protected by the Attorney Client and Work Product Doctrine Privileges.

Subject to and notwithstanding these objections, Tesla refers Plaintiff to Tesla's Response and Objection to Request 1 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice), wherein it agreed to search for and produce D16 and other "D Class Telemetry Records" from the subject vehicle and accident. Tesla also refers Plaintiff to its Objections and Response to Request 1 of Plaintiff Dillon Angulo's First Requests for Production, wherein it agreed to produce "copies of video clips in its possession that were recorded by cameras on the subject Model S on the date of the subject collision." Tesla also states that it is not currently in possession of the Media Control Unit for the Subject vehicle, which is – upon information and belief – in the possession of Florida Highway Patrol. Tesla has served a subpoena on George McGee – the owner and driver of the Tesla who admittedly caused the crash at issue in this case at the time of the crash – to obtain and produce this component. Mr. McGee has not responded to this subpoena.

**REQUEST NUMBER. 2**: All DOCUMENTS, ESI, or other material provided to the U.S. Department of Transportation, National Highway Traffic Safety Administration (NHTSA) in response to the letter dated 31 August 2021 addressed to Eddie Gates, Director, Field Quality for TESLA, Inc., from Gregory Magno, Chief, Vehicle Defects Division – D, Office of Defects Investigation. [Exhibit A]

**RESPONSE**: Tesla objects to Request 2 because it is duplicative of Request 5 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice). Subject to and notwithstanding this objection, Tesla refers to its Response and Objection to Request 5 from Plaintiff Dillon Angulo's *Duces Tecum* Notice of Deposition of Tesla Representative and incorporates it herein.

**REQUEST NUMBER. 3**: All DOCUMENTS, ESI, or other material provided to the U.S. Department of Transportation, National Highway Traffic Safety Administration (NHTSA) in response to the letter dated 18 August 2022 addressed to Eddie Gates, Director, Field Quality for TESLA, Inc., from Stephen A. Ridella, Ph.D., Director, Office of Defects Investigation. [Exhibit B]

**RESPONSE**: Tesla objects to Request 3 because it is duplicative of Request 6 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice). Subject to and notwithstanding this objection, Tesla refers to its Responses and Objections to Requests 5 and 6 from Plaintiff Dillon Angulo's *Duces Tecum* Notice of Deposition of Tesla Representative, and incorporates it herein.

**REQUEST NUMBER. 4**: Produce all video segments used to create LABELS identifying stationary vehicles in developing all versions of Tesla's Automated Driving Systems, including Autopilot and Full Self Driving.

**RESPONSE**: Tesla objects to this Request because it is overly-broad, unduly burdensome, and not proportional to the needs of this case or important or necessary to resolution of this case. This Request amounts to an impermissible "fishing expedition," and is not limited in scope to the Subject model, model year vehicle, or configuration of Autopilot hardware, or software and firmware involved in this case.

Furthermore, the record clearly shows that the subject incident was not caused by Autopilot's alleged failure to detect traffic signals or a stationary object. Instead, as the driver of the Subject Vehicle, a vehicle equipped with SAE Level 2 advanced driver assistance systems, has admitted *several times*, he caused the crash because he was distracted by his cell phone that he bent over to pick up, and as a result, he failed to stop for a red flashing light and stop sign at the "T" intersection where the crash occurred. *See* the transcript of Mr. McGee's admission to Police recorded by a Police body camera previously produced to Plaintiff; *see also* the Deposition Transcript of Corporal David Riso at pg. 67:10-68:19. Plaintiff Benavides essentially admitted

the same in her allegations in a Complaint separately filed against Tesla driver George McGee.

**REQUEST NUMBER. 5**:  Produce all D16 Reports from vehicles manufactured with Hardware version 2.0 and later in a Model S or X which came into contact with a vehicle ahead of it, stationary or moving.

**RESPONSE**: Tesla objects to Request 5 because it is overly-broad, unduly burdensome, and not proportionate to the needs of the case.  This Request amounts to an impermissible "fishing expedition," and is not limited in scope to the Subject model, model year vehicle, or configuration of Autopilot hardware, software and firmware involved in this case, to collisions allegedly caused by the defect Plaintiff alleges to exist in the Subject Vehicle or to accident circumstances that are substantially similar to the circumstances of the subject accident.  In addition, because D16 reports do not include information as to the nature of a collision, i.e., whether the Tesla "came into contact with a vehicle ahead of it, stationary or moving," searching D16 reports for documents responsive to this request is burdensome, oppressive and would require Tesla consult numerous sources, including legal work product, to identify crashes within the broad scope of this request and then determine if Tesla is in possession of a D16 report from said crash.  The burden of such an exercise is grossly disproportionate to the potential probative value, if any, of this evidence.

Subject to and notwithstanding these objections, Tesla refers Plaintiff to Tesla's Response and Objections to Request 1 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice), wherein it agreed to search for and produce D16 and other "D Class Telemetry Records" from the subject vehicle and accident.

**REQUEST NUMBER. 6**:  Produce the D16 Report for the SUBJECT INCIDENT.

**RESPONSE**:  Tesla refers Plaintiff to Tesla's Response and Objections to Request 1 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice), wherein it agreed to search for and produce D16 and other "D Class Telemetry Records" from the subject vehicle and

accident.

**REQUEST NUMBER. 7**: All CarLog data regarding the SUBJECT VEHICLE within 10 minutes of the SUBJECT INCIDENT in both native format (.hex, .dat, .acq, .cfg, .tsv, and .txt files) and converted to engineering units.

**RESPONSE**: Tesla objects to Request 7 because it is duplicative of Request for Production 1 of Plaintiff's Second Requests for Production. Subject to and notwithstanding this objection, Tesla refers Plaintiff to Tesla's Response and Objections to Request 1 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice), wherein it agreed to search for and produce D16 and other "D Class Telemetry Records" from the subject vehicle and accident.

**REQUEST NUMBER. 8**: A full and complete glossary or index (including any related Confluence pages) defining and/or explaining the column headings and log signals in the CarLog data.

**RESPONSE**: Tesla objects to Request 8 because it is overly-broad, unduly burdensome, and not proportionate to the needs of the case. Additionally, Plaintiff's request that Tesla "defin[e] and/or explain[] the column headings and log signals in the CarLog data" is not an appropriate request for documents under Fed. R. Civ. P. 34.

Subject to and notwithstanding these objections, Tesla searched for and did not locate a "full and complete glossary or index...defining and/or explaining the column headings and log signals in the CarLog data" because none exists.

**REQUEST NUMBER. 9**: All video captured, saved, and/or uploaded by the onboard cameras in the SUBJECT VEHICLE within 10 minutes of the SUBJECT INCIDENT along with the associated augmented vision overlay and control signals as well as all data, graphs, and information available to Tesla engineers through either the TCLIPS tool or APViz tool.

**RESPONSE**: Tesla objects to Request 9 because it is duplicative of Request 1 of Plaintiff's First Requests for Production, needlessly cumulative, and harassing. Subject to and Notwithstanding these objections, Tesla has already produced "copies of video clips in its possession that were

7

recorded by cameras on the subject Model S on the date of the subject collision." Tesla also refers Plaintiff to Tesla's Response and Objections to Request 1 from Plaintiff's FRCP 30(b)(6) Notice of Video Recorded Deposition (the Notice), wherein it agreed to search for and produce D16 and other "D Class Telemetry Records" from the subject vehicle and accident.

**REQUEST NUMBER. 10**: All documents that record testing of speeds and roadways on which a Tesla vehicle might sense a vehicle, motorcycle, pedestrian, or bicycle ahead and that document a response by any Tesla ADS, OEDR, AEB, RTOS, or other automated driving system.

**RESPONSE**: Tesla objects to Request 10 because it is overly-broad, unduly burdensome, and not proportional to the needs of this case or important or necessary to resolution of this case.

Subject to and notwithstanding these objections, Tesla will search for and produce – if found and subject to the entry of an appropriate protective order documents related to the validation of Automatic Emergency Braking for the 2019 Tesla Model S with Hardware 2.5.

**REQUEST NUMBER. 11**: Documents that define the mission case requirements of Tesla's ADS, including Autopilot, and any automated systems used to achieve any level of automated driving in the field.

**RESPONSE**: Tesla objects to Request 11 because the phrase "mission case requirements" is vague, undefined, and subject to varying interpretations. Tesla also objects to Request 11 because it is overly-broad, unduly burdensome, and not proportionate to the needs of the case. This Request amounts to an impermissible "fishing expedition," and is not limited in scope to the Subject model, model year vehicle, or configuration of Autopilot hardware, software and firmware involved in this case, or to the Autopilot features Plaintiff alleges to be defective in this case.

Subject to and notwithstanding these objections, Tesla refers to its website for information about Autopilot and Full Self Driving-Capability development, Tesla's Vehicle Safety Report and Tesla's annual Impact Reports.

Date:  May 3rd, 2023

Respectfully submitted,

By: /s/ Henry Salas_____
 HENRY SALAS (815268)
 COLE SCOTT & KISSANE
 9150 S Dadeland Blvd Ste 1400
 Miami, FL 33156-7855
 Office: 786-268-6419
 Fax: 305-373-2294
 henry.salas@csklegal.com

 - and –

 THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
 DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
 BOWMAN AND BROOKE LLP
 101 W. Big Beaver Road
 Suite 1100
 Troy, MI  48084
 248.205.3300 / 248.205.3399 fax
 thomas.branigan@bowmanandbrooke.com
 drew.branigan@bowmanandbrooke.com

 ***Attorneys for Defendant TESLA, Inc.***

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 3rd, 2023, a true and correct copy of the foregoing paper was served via email to the following:

| | |
|---|---|
| THE ROUSSO, BOUMEL LAW FIRM, PLLC.<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, Florida 33156<br>(305) 670-6669<br>Adam T. Boumel, Esq.<br>Florida Bar No.: 0110727<br>***Counsel for Plaintiff Dillon Angulo*** | Poses & Poses, P.A.<br>169 East Flagler Street, Suite 1600<br>Miami, Florida 33156<br>Attn: Todd Poses, Esq.<br>tposes@posesandposes.com<br>Maria@posesandposes.com<br>***Counsel for Plaintiff, Neima Benavides*** |
| Slavik Law Firm, LLC<br>30001 S. Lincoln Ave, Suite C-1<br>Steamboat Springs, CO 80487<br>Attn: Donald Slavik, Esq.<br>dslavik@slavik.us<br>dcaudle@slavik.us<br>***Co-Counsel for both Plaintiffs.*** | Aria Sanguinetti Wang & Torrijos, LLP<br>2200 Powell Street, Suite 740<br>Emeryville, CA 94608<br>Attn: Elise R. Sanguinetti, Esq.<br>elise@aswtlawyers.com<br>ncservice@aswtlawyers.com<br>***Co-Counsel for both Plaintiffs.*** |
| Eaton & Wolk PL<br>2665 South Bayshore Dr., Suite 609<br>Miami, FL 33133<br>Attn: Doug Eaton, Esq.<br>deaton@eatonwolk.com<br>***Co-Counsel for both Plaintiffs.*** | |

       Respectfully submitted,

    By: /s/ Henry Salas
       HENRY SALAS (815268)
       COLE SCOTT & KISSANE
       9150 S Dadeland Blvd Ste 1400
       Miami, FL 33156-7855
       Office: 786-268-6419
       Fax: 305-373-2294
       henry.salas@csklegal.com

       - and –

       THOMAS P. BRANIGAN *(Admitted Pro Hac Vice)*
       DREW P. BRANIGAN *(Admitted Pro Hac Vice)*
       BOWMAN AND BROOKE LLP

101 W. Big Beaver Road
Suite 1100
Troy, MI 48084
248.205.3300 / 248.205.3399 fax
<u>thomas.branigan@bowmanandbrooke.com</u>
drew.branigan@bowmanandbrooke.com

***Attorneys for Defendant TESLA, Inc.***