UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,
Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,
Defendant.
_____/

**Case No. 22-22607-KMM**

DILLON ANGULO,
Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,
Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT TESLA, INC.'S EXPEDITED
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' CONSOLIDATED AND
AMENDED COMPLAINT FOR VIOLATION OF ORDER [D.E. 198] AND MARCH 1
RULINGS CONCERNING SAME [DE 209]**

Come now Plaintiffs in the above styled and numbered case and file this their Response to Defendant Tesla, Inc.'s Expedited Motion to Strike Portions of Plaintiffs' Consolidated and Amended Complaint for Violation of Order [D.E. 198] and March 1 Rulings Concerning Same [DE 209] ["Tesla's Motion to Strike"], and in support thereof say:

**I.     Plaintiffs' Amendments Do Not Allege New Claims Other than for Punitive Damages**

The Court ruled on March 1, 2024, "So for purposes of clarity in terms of the pleadings, . . . [Plaintiffs] can amend the complaint by interlineation in terms of including the punitive damage

claim. So [Plaintiffs] can file a complaint that consists of the four counts, the defective design, the failure to warn, the defective manufacturing, the strict liability claims, as well as the negligent misrepresentation. Those claims are already embodied in the present complaint. [Plaintiffs] can include punitive damages. And to the extent that [Plaintiffs] want to buttress the facts, since the Defendant will have an opportunity to answer the complaint, then I think that would be appropriate." [DE 206-1, at p. 41, lines 6-17].

The hearing continued with the following exchange: "MR. EATON: So our consolidated amended complaint will be **we can add our new factual allegations,** no additional counts, claims for punitive damages on the four existing counts. THE COURT: **That's correct**." [DE 206-1, at p. 41, lines 22-25 to p. 42, line 1 (emphasis added)].

Besides the claim for Punitive Damages, Plaintiffs have not added any new counts to their Consolidated Amended Complaint ["Amended Complaint"]. In keeping with the Court's express Order, Plaintiffs have buttressed their existing claims with new factual allegations. These amendments were expressly allowed by the Court. All the material Tesla has moved to strike involve Plaintiffs' factual allegations concerning the original counts in the previous complaints.

In keeping with the Court's Order [DE 206-1], Plaintiffs have merely added new factual allegations underlying Plaintiffs' original claims. The allegations at issue primarily concern the National Highway Traffic Safety Administration [NHTSA] Recall Report [DE 176-13] and Tesla's failure to guard against known misuse of its Autopilot system which Tesla knew had caused catastrophic injuries and deaths, and which continues to do so. Tesla has defended these allegations in two trials and in cases closer to trial than this one.

    **a.**    **The NHTSA Allegations**

Tesla seeks to strike numerous paragraphs from the Amended Complaint that concern NHTSA, its investigation of Tesla, and the recent Safety Recall Report. [DE 176-13] Tesla's position is that these allegations only concern subsequent remedial measures which would be inadmissible under Fed. R. Evid. 407. If the only reason Plaintiffs included allegations related to the NHTSA Report were to prove defect or negligence, Tesla might have a point. However, NHTSA's Report and Tesla's response to that Report do not amount to subsequent remedial measures under Rule 407.

Rule 407 states: "*When measures are taken* that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407 (emphasis added).

NHTSA took no measure that would have in any way reduced the likelihood of this incident. The NHTSA Report simply pointed out that, based on its investigation, Tesla's Autopilot system was and always has been defective and described the defects. [DE 176-13, p. 3] To the extent Tesla responded to the Report by curing the defects NHTSA identified, Plaintiffs agree that, absent some exception, Rule 407 would apply to exclude evidence of those measures to prove a defect. However, evidence of the extent to which Tesla *failed* to take measures to cure the defects identified by NHTSA would have nothing to do with Rule 407. This evidence would not only be admissible to support liability claims but would strongly support allegations of conscious indifference to safety and a willful refusal to stop selling a dangerously defective vehicle.

Exclusion of this evidence would not advance any of the historical grounds supporting the policies underlying Rule 407.[1]

As to Plaintiffs' claim for punitive damages, pursuant to *Johns-Manville Sales Corp. v. Janssens*, 463 So. 2d 242, 248 (Fla. 1st DCA 1984), among the aggravating factors a jury may consider in awarding punitive damages are:

> (2) the seriousness of the hazard to the public, (3) the profitability of the marketing misconduct (increased by an appropriate multiple); (4) the attitude and conduct of the enterprise upon discovery of the misconduct; (5) the degree of the manufacturer's awareness of the hazard and of its excessiveness; (6) the number and level of employees involved in causing or covering up the marketing misconduct; (7) the duration of both the improper marketing behavior and its cover-up.

*Johns-Manville Sales Corp. v. Janssens*, 463 So. 2d 242, 248 (Fla. 1st DCA 1984). If, as is apparent, Tesla failed to take meaningful steps to correct the defects described in NHTSA's Report, evidence of this would directly relate to Tesla's "attitude and conduct" upon discovery of the misconduct. And the fact that numerous entities, experts, automotive industry executives, and others have for years been pointing out the same defects that NHTSA identified provides compelling evidence of Tesla's "awareness of the hazard." NHTSA's Report provides important corroboration of defects in Tesla's Autopilot system that have been known to many others for years. Tesla's response to NHTSA's findings, on top of Tesla's historic denial of Autopilot's defects, certainly provide compelling evidence supporting Plaintiffs' claim for punitive damages.

Further, the NHTSA Report concerned all Tesla vehicles installed with Autopilot, regardless of model, model year, hardware, or software version. Tesla has continually refused to

---

[1] The historic bases for Rule 407 have been 1) to ensure that remedial conduct does not constitute an admission; and 2) to encourage, or not discourage, actions to further safety. *See* Notes of Advisory Committee on Proposed Rules, Fed. R. Evid. 407.

engage in discovery not directly related to the model of vehicle, along with its hardware and software version. NHTSA's Report makes it clear that as to claims regarding Autopilot and its Autosteer feature, there should be no distinction so far as discovery is concerned. The Report specifically applied to "(A)ll versions of Autosteer leading up to the version(s) that contains the recall remedy." [DE 176-13, p. 4] Plaintiffs' new allegations concern the defects NHTSA identified as existing since before the subject vehicle was designed or manufactured. NHTSA's Report specifically included the subject vehicle and the defective nature of the vehicle's Autopilot system.[2] NHTSA's actions did not cure the defects, and Tesla has refused to address several of the major aspects of them.[3]

Further, this case is still in discovery. Plaintiffs are entitled to ask for and receive discovery regarding relevant matters whether or not the information sought would be admissible at trial, so long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiffs have sought discovery related to Tesla's Autopilot/Autosteer system. Plaintiffs' requests have focused on Tesla's failure to mitigate known defects in this system. Evidence that shows Tesla either didn't try to make its Autopilot system safe or deliberately ignored efforts to encourage Tesla to cure known defects should certainly be admissible at trial, both to prove the existence of defect, negligence, and to show Tesla's knowledge and indifference to safety. Such evidence would be the opposite of any remedial measures subject to Rule 407.

---

[2] "The subject population includes certain MY 2012-2023 Model S that are equipped with Autosteer and were produced between October 5, 2012, and December 7, 2023, and all MY 2016-2023 Model X vehicles, all MY 2017-2023 Model 3 vehicles and all MY 2020-2023 Model Y vehicles that are equipped with Autosteer and were produced through December 7, 2023." [DE 176-13, p. 1].

[3] Faiz Siddiqui and Trisha Thadani, *Recalling almost every Tesla in America won't fix safety issues, experts say*, THE WASHINGTON POST, December 16, 2023, https://www.washingtonpost.com/technology/2023/12/16/tesla-autopilot-recall/

### b.  Plaintiffs' Factual Allegations Regarding Failure to Monitor Driver Attention and Geofencing

Plaintiffs originally pled strict liability claims that the subject Tesla vehicle was defective in design, marketing, and manufacturing. Plaintiffs have also claimed that Tesla made negligent misrepresentations. Nothing in Plaintiffs' Consolidated Amended Complaint adds any additional liability claims. Only the claim for punitive damages is new. Tesla has not argued in its Motion to Strike that Plaintiffs failed to properly plead any of these claims, either in Plaintiffs' Original Complaints or in the Consolidated Amended Complaint.

Although Tesla insists on referring to Plaintiffs' new factual allegations as "claims," the Court made it clear in its ruling that Plaintiffs were free to add factual allegations to its existing claims, or "counts". This is exactly what Plaintiffs have done.[4] Tesla admitted in January of 2024 that the subject vehicle was not equipped with any camera designed to monitor driver attention[5], and Tesla has recently admitted in the first two trials regarding Autopilot that its Autopilot system can be used on roads it was specifically not designed for.[6] In their Consolidated Amended Complaint, Plaintiffs have referred to these facts along with a litany of other factual allegations supporting their strict liability claims. However, Plaintiffs continue to maintain that such allegations do not serve as a prerequisite to conducting discovery or introducing evidence concerning them to support Plaintiffs' strict liability causes of action.

---

[4] In fact, the allegations of failure to monitor driver attention were in the original complaints of both parties [Paragraph 26 of the Angulo Complaint and Paragraph 28 of Benavides complaint].

[5] Tesla's Response and Objections to Plaintiffs' First Request for Admissions, January 15, 2024:
> REQUEST NO. 27: Admit that the SUBJECT VEHICLE did not contain any visual DMS [Driver Monitoring System] designed to detect whether the driver was attentive to the driving task.
> RESPONSE: Tesla objects to this Request because the phrase "visual DMS" is vague and ambiguous. Subject to and without waiving these objections, Tesla **admits the 2019 Model S was not equipped with hardware or software to monitor the driver by camera**. (emphasis added).

[6] *Molander v. Tesla*, in the Superior Court of California, County of Riverside, Case No: RIC2002469 – Trial Completed October 31, 2023; *Hsu v. Tesla*, in the Superior Court of California, County of Los Angeles, Case No: 20STCV18473 – Trial Completed April 22, 2023.

Neither of these factual allegations prejudice Tesla because Tesla has had to defend identical allegations in two trials[7], and in at least two other cases that are set to be tried soon.[8] Discovery in those cases is voluminous; experts have been hired and have testified. Tesla's law firm in this case is participating in at least two cases involving these allegations, at least one of which is closer to trial than this one.[9] Tesla has not, indeed cannot, provide evidence of undue prejudice for having to defend these allegations.

**II.      Tesla's Motion to Strike is a 12(f) Motion.**

Although Tesla failed to cite it, their Motion to Strike [DE 209] falls under Fed. R. Civ. P. 12(f). According to Rule 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nothing about Plaintiffs' new allegations is redundant, immaterial, impertinent, or scandalous. Tesla seeks to eliminate allegations and prevent discovery regarding potential evidence that the subject vehicle was defective. Again, Tesla has not challenged the sufficiency of Plaintiffs' strict liability claims. However, Tesla seeks to eliminate discovery of and thereby evidence of the defects claimed. This is akin to saying, "You can claim the vehicle is defective, but you can't seek discovery of the defect or introduce evidence of it at trial."

As this Court stated in *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.):

---

[7] *Id*.
[8] *Banner v. Firstfleet*, in the Circuit Court in and for Palm Beach County, Florida Circuit Civil Division: "AH" Case No.: 50-2019-CA-009962-XXXX-MB, pending; and *Huang v. Tesla*, in the Superior Court of California, County of Santa Clara, Case No.: 19CV346663.
[9] The *Huang* case is currently set in April of 2024.

> "District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.). Despite this discretion, "[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla*, 306 F.2d 862, 868 (5th Cir. 1962)).

All of the allegations Plaintiffs added to their Amended Complaint relate to the defectiveness of Tesla's Autopilot system – the very basis of this controversy.

Tesla's sole ground for striking Plaintiffs' new allegations is that adding these allegations will cause prejudice to Tesla. Yet, as stated above, Tesla has already prepared defenses to these same allegations in two previous trials[10] and is in the late stages of preparing for at least two other trials with identical allegations. Again, Tesla has not, and cannot, provide evidence to support its claim that it would be unfairly prejudiced by the addition of Plaintiffs' allegations.

Tesla's Motion provides a good illustration of why Rule 12(f) motions are "so rarely granted that they have judicially been deemed 'time wasters'." *Somerset Pharms, Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996); *Carlson Corporation/Southeast v. School Bd. of Seminole County*, Fla., 778 F. Supp. 518, 519 (M.D. Fla. 1991) (characterizing motions to strike as "time wasters" and observing that such motions "will usually be denied"). "Both because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a

---

[10] One of which, the *Hsu* case, *supra*, involved two of the lawyers now representing Plaintiffs in this case.

dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F.Supp.2d 1354, 1359 (M.D. Fla. 2008).

### III. Conclusion

This Court's March 1, 2024, ruling was not ambiguous. The Court expressly permitted Plaintiffs to include new allegations regarding their existing claims. Plaintiffs did just that. Tesla clearly does not want Plaintiffs to access and use evidence of its years of refusing to include safety features common to the industry in the face of mounting injuries and deaths directly related to the lack of these features. Tesla's Motion to Strike is nothing but another attempt to avoid responsibility and should be denied.

Dated this 2nd day of April, 2024.

Respectfully submitted,

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway, Suite 1520
Miami, Florida 33156
(305) 670-6669

By: /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.
Florida Bar No.: 0110727
Adam@roussolawfirm.com
SERVICE EMAILS:
pleadings@roussolawfirm.com (primary)

By: /s/ Douglas F. Eaton
DOUGLAS F. EATON
FBN: 129577

**EATON & WOLK, PL**
*Co-counsel for Plaintiff*
2665 S. Bayshore Drive, Suite 609
Miami, Florida 33133
Telephone: 305-249-1640
Email: deaton@eatonwolk.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2nd, 2024, a true and correct copy of the foregoing was served via email to all counsel identified in the below service list.

/s/ *Adam T. Boumel*
Adam T. Boumel, Esq.

/s/ Douglas F. Eaton
DOUGLAS F. EATON

## SERVICE LIST

| **Cole, Scott & Kissane, P.A.**<br>9150 S. Dadeland Blvd, Suite 1400<br>Miami, Florida 33156<br>**Attn: Henry Salas, Esq.**<br>henry.salas@csklegal.com<br>leisy.martinez@csklegal.com<br>*Counsel for Defendant, Tesla, Inc.* | **Eaton & Wolk PL**<br>2665 South Bayshore Dr., Suite 609<br>Miami, FL 33133<br>**Attn: Doug Eaton, Esq.**<br>deaton@eatonwolk.com<br>*Co-Counsel for both Plaintiffs.* |
|---|---|
| **Bowman and Brooke LLP**<br>41000 Woodward Ave., Suite 200E<br>Bloomfield Hills, Michigan 48304<br>**Attn: Thomas P. Branigan, Esq.**<br>**Attn: Drew P. Branigan, Esq.**<br>thomas.branigan@bowmanandbrooke.com<br>drew.branigan@bowmanandbrooke.com<br>*Counsel for Defendant, Tesla, Inc.* | |
| **Aria Sanguinetti Wang & Torrijos, LLP**<br>2200 Powell Street, Suite 740<br>Emeryville, CA 94608<br>**Attn: Elise R. Sanguinetti, Esq.**<br>elise@aswtlawyers.com<br>ncservice@aswtlawyers.com<br>*Co-Counsel for both Plaintiffs.* | |
| **Poses & Poses, P.A.**<br>169 East Flagler Street, Suite 1600<br>Miami, Florida 33156<br>**Attn: Todd Poses, Esq.**<br>tposes@posesandposes.com<br>Maria@posesandposes.com<br>*Counsel for Plaintiff, Neima Benavides* | |
| **Slavik Law Firm, LLC** | |

| | |
|---|---|
| 3001 S. Lincoln Ave., Suite C-1<br>Steamboat Springs, CO  80487<br>**Attn: Donald H. Slavik, Esq.**<br>**Attn: David Terry, Esq.**<br>dslavik@slavik.us<br>dterry@slavik.us<br>*Co-Counsel for both Plaintiffs.* | |