**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                             Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE PARTS OF**
**PLAINTIFFS' CONSOLIDATED AND AMENDED COMPLAINT**

Tesla, Inc. ("Tesla"), through undersigned counsel, makes this Reply in Support of its Motion to Strike Parts of Plaintiffs' Consolidated and Amended Complaint for Violation of Order and March 1 Rulings (D.E. 209), and states the following:

Plaintiffs' Response 1) is devoid of any valid basis for Plaintiffs' attempt to add new defect claims to the Complaint in contravention of the Court's prior order, and 2) to no avail, reiterates the same arguments made at the March 1, 2024 hearing where the Court unequivocally determined that Recall 23V-838 is an inadmissible subsequent remedial measure. For these reasons and those outlined in Tesla's Motion to Strike, the Motion should be granted.

1. **The Amended Complaint Goes Far Beyond "Amendment By Interlineation" or "Buttressing The Facts"**

The Court explicitly limited Plaintiff to 1) "amend[ing] the complaint by interlineation[1] in terms of including the punitive damages claim" and 2) "buttress[ing] the facts" for the claims "already embodied in the present complaint." *See* Ex. A - Transcript from March 1 Hearing at 41:6-17.  The Court did not permit Plaintiffs to add new defect claims.  Plaintiffs' Response conflates factual allegations – i.e. the speed of the vehicle, whether McGee had his foot on the accelerator pedal, statements allegedly made by Tesla and Elon Musk, etc. – which the Court allowed Plaintiffs to add, with new defect claims – i.e. the vehicle was defective because it lacked adequate geofencing – which the Court did not permit Plaintiffs to add.  *See, e.g.* (D.E. 205) at ¶121(i).  Adding new defect claims directly conflicts not only with the Court's prior order, but also with the Court's desire to keep the current pretrial deadlines in place and dispense with this case because it opens the door to new discovery less than two months before the expert disclosure deadline.  *Id* at 39:5-12.[2]

2. **Plaintiffs' Response Presents No New Arguments Regarding Recall 23V-838 Which Remains An Inadmissible Subsequent Remedial Measure.**

Plaintiffs' reliance on the inadmissible December 2023 recall throughout the Amended Complaint flatly ignores the Court's prior findings.  At the hearing on March 1, 2024, Plaintiffs asserted the same arguments they did in the Response, i.e. the Court unequivocally held that the

---

[1] Amendment by interlineation is defined as the insertion of language to *clarify* existing provisions. *See* Cornell Law School Legal Information Institute, "Interlineation"- https://www.law.cornell.edu/wex/interlineation (last visited on April 4, 2024).

[2] Plaintiffs were obligated to disclose these new defect theories in response to Tesla's first Requests for Production dated January 9, 2023.  *See* Ex. C - Plaintiff Angulo's Response to Request 35 of Tesla's First Request for Production.  However, they failed to do so. Even though Plaintiffs assumably contemplated these theories as early as December of last year when they first moved for leave to Amend their Pleadings, they did not disclose their additional defect theories until filing their Consolidated and Amended Complaint.

recall was an inadmissible subsequent remedial measure, and could not serve as a basis for Plaintiffs' new punitive damages claims. *See* Ex. A - Transcript from March 1 Hearing at 42:23-25. Despite this, Plaintiffs have woven the recall into nearly every section of their Amended Complaint. *See, e.g.* D.E. 205 at ¶¶23-34, 37- 38. By their own admission, Plaintiffs seek to use the recall for strictly impermissible matters, i.e. "to prove the existence of [the] defect, negligence, and to show Tesla's knowledge and indifference to safety." *See* D.E. 219 at Pg. 5 (emphasis added); *see also id* at pg. 8 ("all of the allegations Plaintiffs added to their Amended Complaint *relate to the defectiveness of Tesla's Autopilot system*") *see also* Fed. R. Evid. 407 (barring admission to prove negligence, culpable conduct, or a defect in a product or its design).[3]

In their Response, Plaintiffs make the same arguments they made and this Court rejected at the hearing, i.e. that the recall remedies Tesla agreed to in *December 2023* are inadequate and that the inadequacy of the remedies establishes Tesla's liability with respect to the subject crash that occurred almost *five years ago*. The Court repeatedly stated at the hearing that the recall was a subsequent remedial measure and there was no basis for its admissibility:

> THE COURT: But the recall is a subsequent remedial measure. Would you agree?
> MR. EATON: It is.
> THE COURT: So to that extent, how would it be relevant and how would it form the basis of the Plaintiffs' new proposed claims?
> MR. EATON: I think that a recall can be admissible if it's not used to prove negligence, Your Honor, if it's used to prove a different element. And here --
> THE COURT: **Well, you're seeking to prove that it equates to conduct that would warrant punitive damages. So wouldn't that be more exacting?**

\* \* \*

---

[3] Additionally, when seeking discovery on inadmissible issues, the requesting party bears the burden to make a particularized showing that the inadmissible evidence is likely to lead to admissible evidence. *See Reist v. Source Interlink Companies, Inc.,* No. 2:10-CV-269, 2010 WL 4940096, at *1 (M.D. Fla. Nov. 29, 2010); *see also In re RDM Sports Grp., Inc.,* 277 B.R. 415, 433 (Bankr. N.D. Ga. 2002). Plaintiffs have failed to do so here.

> Mr. Eaton:. . . And so, when the time came, when NHTSA says: "Your product is subject to foreseeable misuse. Fix it," Tesla's response, which is this recall, was wholly inadequate because it doesn't address the issues that are leading to these accidents.
>
> THE COURT: **But adequate or inadequate, it's a subsequent remedial measure.** So how would -- in the first instance, how would it even be relevant or even admissible -- and certainly not part of the predicate for the claims that you're seeking to include, the intentional misrepresentation and the common law fraudulent concealment.
>
> \* \* \*
>
> THE COURT: Well, I'm certainly not going to advise what the summary judgment motion that you may file may look like. But for purposes of additional facts, I think it's's [sic] been made clear -- and I do agree that the recall is a subsequent remedial measure. So to that extent, if the punitive damages are solely based on the NHTSA recall, then I can foresee some problems down the road.

*See Ex.* A - Transcript from March 1 Hearing at 32:6-17, 33:6-16, and 42:21-43:2 (emphasis added).

### 3. Plaintiffs Misstate Facts Concerning Other Lawsuits and the Scope of Discovery

Plaintiffs' representation that Tesla has defended Recall 23V-838 in *Huang v. Tesla et al*. and *Banner v. Tesla* is demonstrably false. Recall 23V-838 was excluded from trial by the Court in *Huang*. *See* Ex. B - Transcript of Hearing from *Huang v. Tesla et al*., 19cv346663 at 507:17-19. In *Banner v. Tesla*, nothing has been produced in discovery related to the recall, and the issue is not currently part of any party's claims or defenses. Further, Tesla did not defend the recall in either the *Hsu* or *Molander* cases because both trials in those cases (involving allegations of product defect related to Autopilot) occurred, and resulted in defense verdicts, <u>before</u> the recall was even initiated. Plaintiffs' claims are simply untrue.

Plaintiffs' remarks concerning the scope of discovery are similarly misleading. It is indisputable that discovery is dictated by the allegations in Plaintiffs' complaint, and Plaintiffs provide *zero* authority to the contrary. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to non-

4

privileged matters that are "relevant to any parties claim or defense"). Since the inception of this case, Plaintiffs have alleged with precision that the subject vehicle was defective because its Autopilot features failed to detect and respond to a parked vehicle on the road edge at the crash scene. *See* Ex. D - Benavides Original Complaint at ¶¶20, 23-24; *see also* Ex E - Dylan Angulo Original Complaint at ¶¶ 38 and 43. Even assuming Plaintiffs were correct that Tesla had to defend the recall in the aforementioned cases – *which is demonstrably incorrect* – that alone does not render the Recall relevant in *this* case. By Plaintiffs' logic, they are entitled to discovery on any allegation asserted against Tesla in any case, regardless of the facts. This is simply inconsistent with the law, and Tesla would certainly be prejudiced should Plaintiffs have their way. In essence, Plaintiffs want this Court to ignore (1) its own rulings and (2) the law governing discovery so they can restart the clock on this three-year old case to conduct discovery on completely new defect theories that have no factual or procedural basis.[4]

### 4. Tesla is Prejudiced by Plaintiffs' Violation of this Court's Rulings

Plaintiffs are correct on one point: the Court's March 1 rulings were unambiguous. Despite this, Plaintiffs blatantly ignored those rulings and filed a Consolidated and Amended Complaint containing essentially every allegation in the proposed complaint the Court partially denied. *See* Exhibit 2 to D.E. 165 at ¶¶24-34 (asserting nearly identical recall-related allegations as Plaintiffs' Consolidated and Amended Complaint); *See also, e.g.* D.E. 205 at ¶¶24-34. Their argument that Tesla's Motion is based upon Fed. R. Civ. Pro. 12 is also a red herring. "A district court possesses the power to manage its docket and curb vexatious litigation. *Fisher v. Whitlock*, 784 Fed.Appx. 711, 712 (11th Cir. 2019); *see also Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 8664 (11th Cir.

---

[4] This Court previously denied Plaintiffs' attempt to add new claims – in part – because the deadline to do so passed in *October 2022*. *See* Ex. A - Transcript of March 1 Hearing at 39:5-14.

2004). "*In addition to the authority provided by the Federal Rules of Civil Procedure*, a court has the *inherent* authority to enforce its orders and ensure prompt disposition of legal actions." *Id* (emphasis added) (Quoting *State Exch. Bank. V. Hartline* 693 F.2d 1350, 1352 (11th Cir. 1982)). This includes the power to strike a party's pleading for failure to follow court orders. *Id.* Should this Court not enforce its March 1 rulings, Tesla would be forced to expend unnecessary resources responding to discovery about issues outside the claims and defenses actually in this case, and defending claims that are baseless, irrelevant to the facts of this case, and which have been improperly added in violation of law.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in Tesla's Motion (D.E. 209), Tesla requests that the Court **GRANT** Tesla's Motion to Strike Parts of Plaintiffs' Consolidated and Amended Complaint for Violation of Order and March 1 Rulings.

Date: April 9, 2024                                          Respectfully submitted,

                                                             *s/ Whitney V. Cruz*
                                                             **WHITNEY V. CRUZ**
                                                             Florida Bar No. 800821
                                                             **BOWMAN AND BROOKE LLP**
                                                             Two Alhambra Plaza, Suite 800
                                                             Coral Gables, FL 33134
                                                             Tel. 305-995-5600 / Fax: 305-995-6100
                                                             whitney.cruz@bowmanandbrooke.com

                                                             **THOMAS P. BRANIGAN**
                                                             (Admitted *Pro Hac Vice*)
                                                             **DREW P. BRANIGAN**
                                                             (Admitted *Pro Hac Vice*)
                                                             **BOWMAN AND BROOKE LLP**
                                                             101 W. Big Beaver Road, Suite 1100
                                                             Troy, MI 48084
                                                             Tel. 248-205-3300 / Fax: 248-205-3399
                                                             thomas.branigan@bowmanandbrooke.com
                                                             drew.branigan@bowmanandbrooke.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Adam T. Boumel, Esq.**<br>Florida Bar No. 0110727<br>**Darren J. Rousso, Esq.**<br>Florida Bar No. 97410<br>THE ROUSSO, BOUMEL LAW FIRM, PLLC<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, FL 33156<br>Tel. 305-670-6669 Adam@roussolawfirm.com<br>darren@roussolawfirm.com<br>pleadings@roussolawfirm.com<br>*Attorneys for Plaintiff Dillon Angulo* | **Todd Poses, Esq.**<br>Florida Bar No. 0075922<br>POSES & POSES, P.A.<br>Alfred I. Dupont Building<br>169 East Flagler Street, Suite 1600<br>Miami, FL 33131<br>Tel.  305-577-0200<br>Fax: 305-371-3550<br>tposes@posesandposes.com<br>maria@posesandposes.com<br>*Attorneys for Plaintiff Neima Benavides* |
| **Elise R. Sanguinetti, Esq.**<br>Admitted *Pro Hac Vice*<br>ARIA SANGUINETTI WANG & TORRIJOS, LLP<br>2200 Powell Street, Suite 740<br>Emeryville, CA 94608<br>Tel. 510-629-4877<br>Fax: 510-291-9742<br>elise@aswtlawyers.com<br>ncservice@aswtlawyers.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | **Douglas F. Eaton, Esq.**<br>Florida Bar No. 0129577<br>EATON & WOLK PL<br>2665 South Bayshore Drive, Suite 609<br>Miami, FL 33133<br>Tel. 305-249-1640<br>Fax: 786-350-3079<br>deaton@eatonwolk.com<br>cgarcia@eatonwolk.com<br>lhuete@eatonwolk.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* |

**Donald H. Slavik, Esq.**
Admitted *Pro Hac Vice*
**David W. Terry, Esq.**
Admitted *Pro Hac Vice*
**Nicole L. Judge, Esq.**
Admitted *Pro Hac Vice*
SLAVIK LAW FIRM, LLC
3001 South Lincoln Avenue, Suite C-1
Steamboat Springs, CO 80487
Tel. 970-457-1011
Fax: 267-878-7697
dslavik@slavik.us
dterry@slavik.us
njudge@slavik.us
dcaudle@slavik.us
*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

            s/ *Whitney V. Cruz*
             Whitney V. Cruz