# EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case  No.:  21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.

_____/

DILLON  ANGULO,                         Case No.: 22-cv-22607-KMM

      Plaintiff,

v.

      TESLA, INC. a/k/a Tesla Florida, Inc.,
      Defendant.

_____/

**DILLON ANGULO'S RESPONSES TO
<u>DEFENDANT, TESLA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION</u>**

      Dillon Angulo, by and through his undersigned counsel, hereby gives his responses to the First Set of Requests for Production propounded by Defendant, Defendant, Tesla, Inc., a/k/a Tesla Florida, Inc. ("Tesla"), as follows:

      1.      Any and all bills or statements for any hospitalization, medical and nursing care or other related treatment; the expenses of which are claimed to have been incurred by you as a result of the Subject Incident.

      **<u>RESPONSE</u>:  Plaintiff is producing under separate cover all bills and/or statements in his possession which are responsive to the foregoing Request.  Plaintiff's care and treatment incident to the underlying collision and his injuries are continuing such that he will amend and supplement this response in a timely manner and pursuant to the Rules and orders of the Court.**

2.      The retained copies or other suitable copies of your United States Income Tax Returns for the following years: 2016, 2017, 2018, 2019, and 2020, and 2021.

**RESPONSE:  None in possession as of the current date. Plaintiff is attempting to locate responsive documents and will produce same if and when same are located under separate cover, with redaction of the first six digits of his Social Security Number.**

3.      Proof of all earned income and proof of all non-earned income for any year that a Federal Income Tax Return has not been filed by you.

**RESPONSE: Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad, unduly burdensome, and unlimited in scope of time.  Without provision of specificity, Plaintiff is unable to respond to this Request.**

4.      Any and all photographs or video taken by you, your attorneys, investigators, agents, servants, employees, or others, after the Subject Incident, which is in any manner related to the subject matter of this lawsuit.

**RESPONSE: Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad, and unduly burdensome.  Further and without waiver of the foregoing, this Request for Production inquires in subject matter appropriate to attorney work product and materials in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive materials will be produced.  At present, Plaintiff is not withholding any privileged material and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request.**

**Without waiver of the foregoing and subject thereto, Plaintiff responds that there are photographs and videos taken at the scene of the Subject Incident which were made by investigating officers and law enforcement, and there are likely photographs and videos made thereafter in the course of the investigation of the incident by law enforcement.  These materials are equally available to Defendant as to Plaintiff.  Further, Plaintiff refers Defendant to photographs in the Monroe County Medical Examiner's files which may be responsive to this Request; likewise, those are equally available to Defendant.  In addition, there may be materials responsive to this Request that may be found among those pertinent to Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee* and Case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*.  These materials are also equally available to Defendant.  Under separate cover, Plaintiff is producing photographs and videos of himself which were made subsequent to the Subject Incident which may in part document his injuries and treatment therefor.  Plaintiff will amend and/or supplement this response as additional information becomes available to him and pursuant to the Rules and the orders of the Court.**

5.      Any and all written statements by any party to this matter concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.

**RESPONSE:  Plaintiff Dillon Angulo's lawsuit has been consolidated with Case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*.  To Plaintiff' knowledge, the Plaintiff in the *Benavides* case has given her deposition, and Plaintiff believes that Defendant already has possession of the transcript of that deposition.  Any written communications this Plaintiff has provided to his counsel are protected by virtue of the attorney-client privilege which Plaintiff invokes.  Plaintiff is unaware of any written statements as defined by the foregoing Interrogatory other than those that may be contained in the investigative files and materials collected by law enforcement concerning the Subject Incident, which are equally available to Defendant.**

**Plaintiff is not withholding any privileged material and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request.**

6.      Any and all statements of any party to this lawsuit including, but not limited to, statements taken from investigators, agents, servants, employees, or others, of the Defendant or You in this lawsuit.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production in that it is unduly burdensome and cumulative of other discovery requests.  Defendant is referred to Plaintiff's Response to Request for Production No. 5 hereinabove.**

7.      All business records, paid receipts or other memoranda in the possession, custody or control of you, indicating your gross income from self-employment, salary, commissions, bonuses, overages, and credits and reimbursements for business expenses of you for the three (3) years prior to the Subject Incident alleged in the your Complaint.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production in that it is unduly burdensome and cumulative of other discovery requests.  Defendant is referred to Plaintiff's Response to Request for Production No. 2 hereinabove.**

8.      All documents or records of any kind evidencing the damages you claim in this lawsuit.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad, unduly burdensome, and cumulative of other discovery requests.  Without waiver of the foregoing and subject thereto, under separate cover Plaintiff is producing his medical records and bills attendant to the injuries he sustained in the Subject Incident, and will be supplementing same as they continue to accrue.  Additionally, Plaintiff's Federal Income Tax Returns produced in response to other discovery requests may also be responsive to this Request.  Plaintiff's damages are not quantified solely by his medical bills and loss of income and earning capacity, and in that regard, Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not**

yet complete.  **Accordingly, therefore, this Request for Production may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive materials will be produced.  At present, Plaintiff is not withholding any privileged material.**

9.      As to <u>each</u> type of insurance in force in favor of you including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection insurance, health insurance, automobile, and accident insurance:

   a)   A copy of each contract or policy;
   b)   The Identification Card of each contract or policy;
   c)   The Declarations Sheet of each contract or policy;
   d)   Each and every application for benefits made by you, whether pertaining to the Subject Incident, which is the subject matter of this litigation or not; and
   e)   Any and all records of payments, checks, check stubs, memos, and correspondence relating to payments made under any of the policies referred to above.

**<u>RESPONSE</u>: Plaintiff objects to the foregoing Request for Production in that it is overly broad, unduly burdensome, harassing, unlimited in scope of time, and does not appear calculated to lead to the discovery of admissible evidence herein.  Without waiver of the foregoing and subject thereto, Plaintiff responds that under separate cover he is producing Identification Cards from Aetna and American Public Life, insurers under which he was covered for injuries he sustained in the incident underlying this litigation.  He was covered under both group policies through his father's employment and accordingly, he is not in possession, custody or control of copies of any contracts, policies, or declarations sheets.  As to items d) and e) requested in this Request for Production, Plaintiff objects in that they are overly broad, unduly burdensome, harassing, unlimited in scope of time and subject matter, and do not appear calculated to lead to the discovery of admissible evidence herein.  Plaintiff is also producing under separate cover a payout ledger from Aetna pertinent to medical expenses incurred as a result of injuries Plaintiff sustained in the underlying collision.  Further, Plaintiff had uninsured motorist/underinsured motorist coverage in place at the time of the Subject Incident.  Plaintiff will produce documentation of that coverage and funds received thereby under separate cover.**

**Plaintiff's care is ongoing; accordingly, he reserves the right to amend and/or supplement this response as additional information becomes available.**

10.     An unredacted copy of any documents related to compensation Plaintiffs or Decedent received from collateral sources other than insurance as a result of the Subject Incident – including, but not limited to Workers' Compensation.  Documents produced in response to this Request may be produced subject to a Confidential Protective Order.  In the alternative, please execute and return the attached Authorizations.

**RESPONSE:  Plaintiff has received compensation concerning the Subject Incident from George Brian McGee, driver of the Tesla; however, under the confidentiality terms of the Settlement Agreement and Release, Plaintiff is prohibited from disclosing any of the details absent order of the Court.**

11.     Any documents related to any claims made to or proceeds or disbursements received from the Social Security Administration.  In the alternative, please produce correspondence authorizing the Social Security Administration to provide complete information and disclosure of any and all claims, disabilities or payments received by you.  Such correspondence should specify that the Social Security Administration is to release all documents protected under 5 U.S.C. § 552(a), 42 U.S.C. § 1306(a) and 20 C.F.R. § 401.300.  Please execute the attached Consent for Release of Information.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production in that it is overly broad, unduly burdensome, harassing, unlimited in scope of time, and does not appear calculated to lead to the discovery of admissible evidence herein.  Plaintiff has received no funds from the Social Security Administration.**

12.     Any and all documents, records, or reports, including but not limited to, x-rays, MRI films and other imaging, regarding your treatment for any injury or other medical condition that you claim is related to or is a result of the Subject Incident.  This request includes but is not limited to, office notes, progress notes, nursing care, prescriptions, medical records, laboratory reports, and hospital or emergency room records.  In the alternative, please complete and execute the attached Medical Authorizations.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production to the extent that as to requesting "any and all documents", it is vague, ambiguous, and overly broad.  Further, as to "any and all documents", it may seek material protected by attorney-client and attorney work product privileges, which Plaintiff in an abundance of caution asserts.  Under separate cover Plaintiff is producing all medical records in his possession which are related to the care and treatment he has received as a result of the Subject Incident.  Plaintiff's care is ongoing; accordingly, he reserves the right to amend and/or supplement this response as additional information becomes available.**

13.     Any and all records, reports of hospitals, physicians, nurses, chiropractors, psychiatrists, psychologists, or other healthcare providers, in which you have been a patient or received treatment in the ten (10) years prior to the Subject Incident.  In the alternative, please execute the attached Medical Authorizations.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production in that it is excessive in scope of time, unduly burdensome, and does not appear reasonably calculated to lead to the discovery of admissible evidence in this litigation.  Plaintiff was still a high school student and minor child ten (10) years prior to the Subject Incident.  Without waiver of the foregoing objections and subject thereto, Plaintiff will collect and produce medical records not relative to the underlying incident, to the extent same are available, from the past ten (10) years.**

17.     Any and all of your employment records including, but not limited to, applications for employment, reviews, job descriptions and duties, notices of commendation, warns, disciplines, terminations, layoffs, leave of absences and/or vacations, and wage information, for the years 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022.     In the alternative, please complete and execute the attached Employment/Payroll Authorizations.

**RESPONSE: Plaintiff objects to the foregoing Request for Production in that it is overly broad, unduly burdensome, and to the extent that it does not appear reasonably calculated in its details to lead to the discovery of admissible evidence in this litigation. Plaintiff has no documentation responsive to the foregoing Request in his exclusive possession, custody or control.   Plaintiff is willing to provide under separate cover a mutually acceptable authorization for release of his personnel files, to the extent the same exist, and for release of his payroll records, for the years 2015 through 2022, by which Defendant may subpoena materials responsive to this Request.**

18.     An unredacted copy of any and all settlement agreements you reached with insurance companies and/or other individuals or entities in relation to this matter, including non-party George Brian McGee.  Documents produced in response to this Request may be produced subject to a confidential Protective Order.

**RESPONSE:   Under the confidentiality terms of the Settlement Agreement and Release made with George Brian McGee, driver of the Tesla, Plaintiff is prohibited from disclosing any of the details absent order of the Court.  Plaintiff also settled a claim with his automobile insurer and is gathering materials responsive to this Request.**

**Plaintiff will supplement this Response in accordance with the Rules and orders of the Court.**

19.     Other than this lawsuit, all documents (e.g., Complaint, Order, Judgment, etc.) which reflect any civil and/or criminal litigation in which you have ever been a named party, plaintiff, or defendant.

**RESPONSE:   Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad, unduly burdensome, unlimited in scope of time or specificity, and does not appear reasonably calculated to lead to the discovery of admissible evidence in this litigation.  Without waiver of the foregoing, however, Plaintiff responds that he has not been a party to any criminal proceedings.  Further, Plaintiff responds that within the past ten (10) years he has not been involved in any litigation or administrative proceeding other than that resulting from the Subject Incident.**

20.     A copy of your medical insurance records relating to any injuries you sustained in the Subject Incident.

**RESPONSE:  Plaintiff objects to the foregoing Request for Production in that it is vague and ambiguous as to the term "medical insurance records"; Plaintiff further objects to this Request to the extent that it is unduly burdensome and may be cumulative of other discovery**

requests herein.  It is unclear to Plaintiff what is sought by this Request.  In response to other discovery requests herein, Plaintiff is providing copies of cards evidencing his medical and hospitalization coverage through his father's group insurance plans; he is also producing a copy of communications regarding Aetna's lien.  Upon greater specificity by Defendant as to what is sought, Plaintiff will amend and/or supplement his response in a timely manner pursuant to the Rules and the orders of this Court.

21.     An itemization reflecting past and future medical expenses you are claiming as a result of the Subject Incident and/or Subject Vehicle.

**RESPONSE**: Plaintiff objects to the foregoing Request for Production as improper and unduly burdensome.  Plaintiff is not required by the Rules to create a document, such as that requested hereby, not already in existence.  Plaintiff further objects to this Request to the extent that it is unintelligible as regards "as a result of the . . . Subject Vehicle".  Also, this Request is more properly the subject of an interrogatory, and accordingly appears to be an attempt to circumvent the restrictions on the number of interrogatories in this suit. Additionally, and without waiver of the foregoing, this Request for Production appears to inquire into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request for Production.

Further and without waiver of the foregoing, Plaintiff is gathering and producing under separate cover copies of medical bills incurred to date which are related to his medical care and treatment necessary as a result of the underlying incident, and will continue to supplement those materials as they come available.  From such documentation Defendant may obtain information responsive to this Request.

22.     An itemization reflecting your lost wages and loss of earning capacity, past and present, you are claiming as a result of the Subject Incident and/or Subject Vehicle.

**RESPONSE**: Plaintiff objects to the foregoing Request for Production as improper and unduly burdensome.  Plaintiff is not required by the Rules to create a document, such as that requested hereby, not already in existence.  Also, this Request is more properly the subject of an interrogatory, and accordingly appears to be an attempt to circumvent the restrictions on the number of interrogatories in this suit.  Plaintiff further objects to this Request to the extent that it is unintelligible as regards "as a result of the . . . Subject Vehicle".  Additionally, and without waiver of the foregoing, this Request for Production appears to inquire into subject matter appropriate to attorney work product and information in the possession of

Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.  At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request for Production.

Without waiver of the foregoing, Plaintiff responds in part that by his production of his tax records and an authorization by which Defendant may obtain his personnel and payroll records, Defendant may obtain information responsive to this Request.

23.     Any and all police records, Fire Rescue records and/or statements given as a result of the Subject Incident.

**RESPONSE**: The foregoing Request for Production seeks material not within Plaintiff's exclusive possession, custody or control.  The material Defendant seeks by virtue of this Request is equally available to Defendant as to Plaintiff; accordingly, this Request is unduly burdensome and harassing.  Plaintiff refers Defendant to the police reports and investigations attendant to the Subject Incident, witness statements collected by police officers and investigators, records of emergency responders, the pleadings, depositions, discovery responses and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; the pleadings, depositions, discovery responses and other materials in Case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.  Plaintiff reasonably believes that these documents and materials are already in the possession of Defendant.  To the extent that there are records from the various first responders which are not already in Defendant's possession, Plaintiff responds that he will produce same under separate cover as they are collected.  Plaintiff is not withholding any privileged material and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request for Production.  Plaintiff will in a timely manner supplement and/or amend this response if necessary and pursuant to the Rules and the orders of this Court.

24.     Each Document identified in your Answers to Tesla's First Set of Interrogatories to Plaintiff.

**RESPONSE**: All discoverable, non-privileged documents in Plaintiff's possession which are responsive to the foregoing Request are, in response to other Requests for Production herein, (a) being produced under separate cover, or (b) will be supplementally produced as gathered or come available, or (c) may be obtained by Defendant through Plaintiff's executed authorizations, or (d) are believed to be in the possession of or equally available to Defendant, with the exception of the McGee Settlement Agreement and Release referenced herein, which Plaintiff is prohibited from disclosing absent Court order.  This Request is cumulative of other discovery herein, to which Plaintiff objects as unduly

burdensome.

Plaintiff is not withholding any privileged material and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request for Production. Plaintiff will in a timely manner supplement and/or amend this response if necessary and pursuant to the Rules and the orders of this Court.

25.     Documents received by you from Tesla or any other entity relating to the Subject Vehicle. This request does not seek documents produced by Tesla in discovery.

**RESPONSE: This Request for Production appears to inquire into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Request for Production.**

**In addition and without waiver of the foregoing, Plaintiff refers Defendant to the police reports and investigation materials attendant to the Subject Incident, including witness statements collected by police officers and investigators, records of emergency responders, pleadings and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; pleadings and other materials in case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement. Plaintiff reasonably believes Defendant has these documents and materials already within its possession, custody and control.**

26.     Copies of all exhibits planned or proposed to be used at trial.

**RESPONSE: Plaintiff objects to the foregoing Request for Production in that it is premature and unduly burdensome. Discovery in this suit is still in the nascent stages, and Plaintiff has not yet determined what exhibits may be used in the trial of this case. It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of the foregoing, Plaintiff responds that this Request inquires into subject matter appropriate to attorney work product and material in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.**

**Plaintiff will also supplement this response in a timely manner pursuant to the Rules and orders of the Court.**

27.     The reports, notes, and curriculum vitae of each expert whom you will retain or name as a witness on your witness list.

**RESPONSE: Plaintiff objects to the foregoing Request for Production in that it is premature and unduly burdensome.  Discovery in this suit is still in the nascent stages, and Plaintiff has not yet determined what experts may be retained or may testify in the trial of this case.  It is not incumbent on nor required of Plaintiff to identify any testifying experts or produce their reports, notes or curricula vitae at this point in the litigation.  In addition and without waiver of the foregoing, Plaintiff responds that this Request inquires into subject matter appropriate to attorney work product and material in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely, pursuant to the Rules and orders of the Court, disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.**

28.     All documents, portions of documents, or things upon which any of your experts have relied, or which contains any information upon which any such expert has relied, in  forming his/her opinions.

**RESPONSE: Plaintiff objects to the foregoing Request for Production in that it is premature and unduly burdensome.  Discovery in this suit is still in the nascent stages, and Plaintiff has not yet determined what experts may be retained or may testify in the trial of this case.  It is not incumbent on nor required of Plaintiff to identify any testifying experts or produce their reports, notes or curricula vitae at this point in the litigation.  In addition and without waiver of the foregoing, Plaintiff responds that this Request inquires into subject matter appropriate to attorney work product and material in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely, pursuant to the Rules and orders of the Court, disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.**

29.     All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any type related to the Subject Incident giving rise to this lawsuit and the damages claimed in this lawsuit that have been generated by or for any expert consulted in this case.

**RESPONSE:** Plaintiff responds that this Request inquires into subject matter appropriate to attorney work product and material in the possession of Plaintiff's consulting experts. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. As to Plaintiff's testifying experts, none of whom are required to be identified as yet, Plaintiff will timely, pursuant to the Rules and orders of the Court, disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.

30.     Any and all documents received from any law enforcement or regulatory agency of the federal or state governments relating to the subject matter of your action against Tesla.

**RESPONSE:** Plaintiff responds that this Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Without waiver of the foregoing and subject thereto, Defendant is referred to the police reports and investigations attendant to the Subject Incident, which are equally available to Defendant as to Plaintiff. At this time, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

31.     Any government documents or studies pertaining to the Subject Vehicle or similar vehicles that you claim are relevant to this suit.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous and lacking in specificity or definition as to "government documents or studies". Plaintiff further responds that this Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Without waiver of the foregoing and subject thereto, Defendant is referred to the police reports and investigations attendant to the Subject Incident, which are equally available to Defendant as to Plaintiff; such materials may reasonably be construed to mean "government documents. . . pertaining to the Subject Vehicle". At this time, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

32.     All relevant official publications that you claim are relevant to this suit, including

those that may be offered at trial.

**RESPONSE**: Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous and lacking in specificity or definition as to "official publications". Plaintiff further responds that this Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects. It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. At this time, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

33.      All documents upon which you rely to support your claims against Tesla.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects. It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based. Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced. At this time, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

34.      Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit, including, but not limited to pleadings, discovery responses and deposition transcripts.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work

product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based. Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced. Plaintiff further objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome in seeking "(a)ny and all documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle. . .", as it might reasonably be understood to include media reports, blogs, social media posts and the like. Additionally and without waiver of the foregoing and subject thereto, Plaintiff responds that Defendant has equal if not superior access to "documents relating to other lawsuits, claims, and/or complaints of injury involving any Tesla brand vehicle. . . including, but not limited to pleadings, discovery responses and deposition transcripts" *regardless* of whether they are "substantially similar to this lawsuit and/or otherwise relevant to the suit". At this time, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

35.     All documents or records containing any facts or any other matter upon which you base your contention that safer alternative designs were available at the time of manufacture, as alleged in Paragraph 30 of Plaintiff's Complaint. Identify all vehicles that possess this design by manufacturer, model, and year of the vehicle.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects. It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based. Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely

13

disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.   Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Also, Plaintiff objects to this Request to the extent that it demands Plaintiff "identify all vehicles. . .", which is tantamount to requiring Plaintiff to create a document, such as that requested hereby, not already in existence.  Plaintiff is not required by the Rules to do so.  To this extent, this Request is more properly the subject of an interrogatory, and accordingly appears to be an attempt to circumvent the restrictions on the number of interrogatories in this suit.  At this time, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

36.     A copy of the "marketing and advertisements" George McGee purportedly relied upon as alleged in Paragraph 10 of Plaintiff's complaint.

**RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to ALL "marketing and advertisements" materials pertinent to Tesla, *regardless* of whether George McGee relied on any of them.  As an exemplar, Plaintiff refers Defendant to https://www.tesla.com/videos/autopilot-self-driving-hardware-neighborhood-long?redirect=no.   At this time, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.**

37.     All documents or records containing any facts or any other matter upon which you base  your contention that Autopilot was engaged at the time of the crash, as alleged in Paragraph

14 of Plaintiff's Complaint.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete.  Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation.  In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials evidencing Autopilot's engagement at the time of the subject collision.  Without waiver of Plaintiff's objections and assertions of privilege, Plaintiff responds in part by referring Defendant to the police reports and investigation materials attendant to the Subject Incident, including witness statements collected by police officers and investigators, law enforcement bodycam videos and recordings, records of emergency responders, pleadings, deposition transcripts and exhibits, discovery and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; pleadings, deposition transcripts and exhibits, discovery and other materials in case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.  Plaintiff reasonably believes Defendant has these documents and materials already within its possession, custody and control.  Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Currently, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

38.     All documents or records containing any facts or any other matter upon which you base  your contention that that George McGee "was relying on [Autopilot's] ability to properly steer and navigate the vehicle . . . and to reduce speed and/or come to a complete stop," as alleged in Paragraph 14 of Plaintiff's Complaint.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek

attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials evidencing Autopilot's engagement at the time of the subject collision.

Without waiver of Plaintiff's objections and assertions of privilege, Plaintiff responds in part by referring Defendant to the police reports and investigation materials attendant to the Subject Incident, including witness statements collected by police officers and investigators, law enforcement bodycam videos and recordings, records of emergency responders, pleadings, deposition transcripts and exhibits, discovery and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; pleadings, deposition transcripts and exhibits, discovery and other materials in case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.  Plaintiff further directs Defendant to materials responsive to Defendant's Request for Production No. 36 hereinabove.  Plaintiff reasonably believes Defendant has these documents and materials already within its possession, custody and control.  Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Currently, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

39.     All documents or records containing any facts or any other matter upon which you base  your contention that George McGee took his eyes off the road "because he was relying on the Vehicle's Autopilot systems," as alleged in Paragraph 15 of Plaintiff's Complaint.

**RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this**

litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation.  In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials evidencing Autopilot's engagement at the time of the subject collision.

Without waiver of Plaintiff's objections and assertions of privilege, Plaintiff responds in part by referring Defendant to the police reports and investigation materials attendant to the Subject Incident, including witness statements collected by police officers and investigators, law enforcement bodycam videos and recordings, records of emergency responders, pleadings, deposition transcripts and exhibits, discovery and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; pleadings, deposition transcripts and exhibits, discovery and other materials in case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.  Plaintiff further directs Defendant to materials responsive to Defendant's Request for Production No. 36 hereinabove.  Plaintiff reasonably believes Defendant has these documents and materials already within its possession, custody and control.  Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Currently, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

40.     All documents supporting your contention that the Tesla's Autopilot was designed to detect the traffic control devices (including signs) in place at Card Sound Road, or the profile of the parked Chevrolet Tahoe, as alleged in paragraph 18 of Plaintiff's complaint.

**RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not**

**incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based. Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced. Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials responsive to the foregoing Request. Currently, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.**

      41.    All documents or records containing any facts or any other matter upon which you base your contention that the Subject Vehicle contained a design defect as alleged in Paragraph 24 of Plaintiff's Complaint.

      **RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation. In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects. It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based. Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced. Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials responsive to the foregoing Request. Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition. Currently, Plaintiff is not withholding any privileged materials responsive to this Request. To the extent that any discoverable, non-privileged materials are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.**

      42.    All documents or records containing any facts or any other matter upon which you base your contention that Tesla knew that consumers would use and drive their vehicles as McGee

did on the date of the subject crash, as alleged in Paragraph 25 of Plaintiff's Complaint.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation.  In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials responsive to the foregoing Request.  Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Currently, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

43.     All documents or records containing any facts or any other matter upon which you base  your contention that Tesla's Autopilot system failed to adequately monitor and determine driver-engagement, detect and respond to obstacles in the Vehicle's path of travel, detect and respond to the end of the roadway, and detect and respond to traffic control devices as  alleged in Paragraph 26 of Plaintiff's Complaint.

**RESPONSE**: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation.  In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which

19

they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials responsive to the foregoing Request.  Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Currently, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

44.     All documents or records containing any facts or any other matter upon which you base  your contention that the alleged defect "was a substantial factor in causing the subject collision," as alleged in Paragraph 32 of Plaintiff's Complaint.

**RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation.  In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege made herein, Plaintiff responds that Defendant has equal if not superior access to materials responsive to the foregoing Request.  Also without waiver of Plaintiff's objections and assertions of privilege, Plaintiff responds in part by referring Defendant to the police reports and investigation materials attendant to the Subject Incident, including witness statements collected by police officers and investigators, law enforcement bodycam videos and recordings, records of emergency responders, pleadings, deposition transcripts and exhibits, discovery and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; pleadings, deposition transcripts and exhibits, discovery and other materials in case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.  Plaintiff reasonably believes Defendant has these documents and materials already within its possession, custody**

and control.  Further and without waiver of the foregoing, Plaintiff objects to the foregoing **Request for Production in that it is vague, ambiguous, overly broad and unduly burdensome as to its inquiry into "documents. . . containing. . . any other matter", which lacks specificity or definition.  Currently, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.**

45.    Any and all documents of any manufacturer that you or any of your expert witnesses contend are relevant to Plaintiff's claims.

**RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.   At this time, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.**

46.    Any documents, reports, photographs, or videos referencing incidents you purport to be similar to the Subject Incident.

**RESPONSE: This Request inquires into subject matter appropriate to attorney work product and contents of Plaintiff's counsel's investigative files developed in anticipation of litigation.  In that regard, therefore, this Request may reasonably be construed to seek attorney work product including counsel's research, mental impressions, investigation and consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Further and without waiver of the foregoing, discovery in this litigation is in its nascent stages; research and investigation into the case are ongoing and incomplete. Additionally and without waiver of the foregoing, this inquiry appears to seek identification of trial exhibits and is premature, to which Plaintiff objects.  It is not incumbent on nor required of Plaintiff to marshal his exhibits at this point in the litigation. In addition and without waiver of Plaintiff's objections and assertions of privilege, this**

Request appears to seek discovery of Plaintiff's expert reports and the materials on which they are based.  Plaintiff has not determined the identities of experts whom he may call to testify in this matter, but will in accordance with the Rules and orders of this Court timely disclose testifying experts along with their reports and other discoverable material and make them available for deposition, at which time relevant responsive information and materials will be produced.  Without waiver and subject to Plaintiff's objections and assertions of privilege, Plaintiff refers Defendant to his response to Request No. 34 hereinabove.  At this time, Plaintiff is not withholding any privileged materials responsive to this Request.  To the extent that any discoverable, non-privileged materials exist or are acquired in the future, Plaintiff will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.

47.     For any social media platform on which you maintain an account or profile, please provide your username and password.  Alternatively - pursuant to Tesla's "Instructions" above – produce an electronic, native copy of the information available from any other social media platform for the period of time beginning one (1) year prior to the Subject Incident including to the present.  This includes, but is not limited to accounts maintained on Facebook, Instagram, Twitter, Snapchat, and Tik Tok.

**RESPONSE**: Plaintiff objects to the foregoing Request for Production in that it is overly broad, unduly burdensome, violates Plaintiff's basic right to privacy, and seeks irrelevant information which does not appear reasonably calculated to lead to the discovery of admissible evidence at the trial of this matter.  Further and without waiver of the foregoing, Plaintiff objects to this Request on the grounds that he has a right to privacy guaranteed by the United States Constitution, and Federal law recognizes that American citizens have a reasonable expectation of privacy in electronic communications.  18 U.S.C. §§2511, 2520. The paramount objective of this Act is to effectively protect the privacy of communications.  *In Re Pharmatrak Inc. Privacy Litigation*, 329 F.3d 9 (1st Cir. 2003).  The notion that an individual consents to any third party viewing's online communications simply by virtue of the individual using the internet is a "frivolous argument."  *Id*., at 21.  To permit the invasive discovery requested by Tesla would have a chilling effect upon the ability of Plaintiff to exercise his First Amendment rights.  It is now well settled that the First Amendment's protection extends to the Internet. *Reno v. ACLU*, 521 U.S. 844, 870 (1997). "Courts have recognized the Internet as a valuable forum for robust exchange and debate." *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp.2d 556, 562 (S.D.N.Y. 2004).  Additionally, social media sites' contractual terms typically grant their users limited and revocable license to reproduce content other than for personal use in accessing their sites.  Plaintiffs understand this to mean that other persons, wholly unaffiliated and not involved in this litigation and who post comments or seek information from Plaintiff, have a right to expect their privacy rights to be honored and protected.  Plaintiff is contractually precluded from violating those rights.  Accordingly, Plaintiff has a reasonable expectation of privacy in his electronic communications, and Defendant must demonstrate a compelling interest for Plaintiff to respond to this Request.  Without waiver of the foregoing, Plaintiff responds that he does not maintain any social media accounts.

48.     For any of the aforementioned accounts identified above, please produce a

description of any and all content that you have deleted or erased on or after April 25, 2019 including the date of deletion, and the reason for deleting the content. Content includes, but is not limited to, photographs, videos, posts, tweets, messages, and name/username changes.

**RESPONSE:** Plaintiff objects to the foregoing Request for Production in that it is overly broad, unduly burdensome, violates Plaintiff's basic right to privacy, and seeks irrelevant information which does not appear reasonably calculated to lead to the discovery of admissible evidence at the trial of this matter. Further and without waiver of the foregoing, Plaintiff objects to this Request on the grounds that he has a right to privacy guaranteed by the United States Constitution, and Federal law recognizes that American citizens have a reasonable expectation of privacy in electronic communications. 18 U.S.C. §§2511, 2520. The paramount objective of this Act is to effectively protect the privacy of communications. *In Re Pharmatrak Inc. Privacy Litigation*, 329 F.3d 9 (1st Cir. 2003). The notion that an individual consents to any third party viewing's online communications simply by virtue of the individual using the internet is a "frivolous argument." *Id*., at 21. To permit the invasive discovery requested by Tesla would have a chilling effect upon the ability of Plaintiff to exercise his First Amendment rights. It is now well settled that the First Amendment's protection extends to the Internet. *Reno v. ACLU*, 521 U.S. 844, 870 (1997). "Courts have recognized the Internet as a valuable forum for robust exchange and debate." *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp.2d 556, 562 (S.D.N.Y. 2004). Additionally, social media sites' contractual terms typically grant their users limited and revocable license to reproduce content other than for personal use in accessing their sites. Plaintiffs understand this to mean that other persons, wholly unaffiliated and not involved in this litigation and who post comments or seek information from Plaintiff, have a right to expect their privacy rights to be honored and protected. Plaintiff is contractually precluded from violating those rights. Therefore, Plaintiff has a reasonable expectation of privacy in his electronic communications, and Defendant must demonstrate a compelling interest for Plaintiff to respond to this Request. Further and without waiver of the foregoing, Plaintiff objects to the foregoing Request for Production in that demands that Plaintiff generate a document, i.e., a detailed list, and is therefore overly broad and unduly burdensome. Plaintiff is not required by the Rules to create a document, such as that requested hereby, not already in existence. This Request is more properly the subject of an interrogatory, and accordingly appears to be an attempt to circumvent the restrictions on the number of interrogatories in this suit.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, a true and correct copy of the foregoing was served via email to all counsel identified in the below service list.

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:     **/s/ *Adam T. Boumel, Esq.***
         Adam T. Boumel, Esq.

23

Florida Bar No.: 0110727
Direct email: adam@roussolawfirm.com
Service emails:
Pleadings@roussolawfirm.com
Frank@roussolawfirm.com

### <u>SERVICE LIST</u>

<u>**Cole, Scott & Kissane, P.A.**</u>
9150 S. Dadeland Blvd, Suite 1400
Miami, Florida 33156
**Attn: Henry Salas, Esq.**
henry.salas@csklegal.com
leisy.martinez@csklegal.com
*Counsel for Defendant, Tesla, Inc.*

<u>**Bowman and Brooke LLP**</u>
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Thomas P. Branigan, Esq.**
**Attn: Drew P. Branigan, Esq.**
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
*Counsel for Defendant, Tesla, Inc.*

<u>**Aria Sanguinetti Wang & Torrijos, LLP**</u>
2200 Powell Street, Suite 740
Emeryville, CA 94608
**Attn: Elise R. Sanguinetti, Esq.**
elise@aswtlawyers.com
ncservice@aswtlawyers.com
*Co-Counsel for both Plaintiffs.*

<u>**Poses & Poses, P.A.**</u>
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiff, Neima Benavides*

<u>**Slavik Law Firm, LLC**</u>
30001 S. Lincoln Ave, Suite C-1
Steamboat Springs, CO 80487
**Attn: Donald Slavik, Esq.**
dslavik@slavik.us
dcaudle@slavik.us
*Co-Counsel for both Plaintiffs.*

<u>**Eaton & Wolk PL**</u>
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Co-Counsel for both Plaintiffs.*