# EXHIBIT E

**DECLARATION OF LARS MORAVY**

I, Lars Moravy, declare as follows:

1. I am over the age of 18 years and competent to testify to the facts set forth in this declaration, which are within my personal knowledge and, if called upon to testify, could testify truthfully as to the same.

2. I am the Vice President of Vehicle Engineering at Tesla. Tesla designs, develops, manufactures, sells and leases high-performance fully electric vehicles and energy generation and storage systems, and offers services related to our products. Tesla currently employs about 130,000 people worldwide.

3. In my role as the Vice President of Vehicle Engineering, I am the head engineer and technical lead for a team of over 2,000 engineers, technicians and analysts in charge of all Tesla vehicle hardware design globally, vehicle testing and validation, including but not limited to body, interiors, exteriors, lighting, chassis, battery structures, thermal, etc., development, launch, automation, manufacturing and sustaining as well as all supporting product data management and engineering tools. I have approximately 25 direct reports and I report directly to Tesla's CEO, Elon Musk.

4. Given my obligations and responsibilities, it would be a substantial burden and hardship to be deposed in this matter. Indeed, if I were required to testify in even a percentage of the cases involving Tesla, it would be extremely disruptive to my responsibilities to Tesla.

5. I understand that Plaintiffs' Counsel has stated that they seek to depose me in this matter regarding Tesla's responses to National Highway Traffic Safety Administration's (NHTSA) Special Order 16-007, Engineering Analysis 22-002, Preliminary Evaluation 21-020, Recall 23V838 and Recall Query 24009. I understand that the Plaintiffs have already deposed Tesla corporate representative regarding Engineering Analysis 22-002, Preliminary

Evaluation 21-020, Recall 23V838 and Recall Query 24009, which are all related. Responding to NHTSA's inquiries was a collaborative effort of several teams, including Autopilot, product integrity, regulatory, compliance and legal. I received updates on the investigation and the decisions related to whether and how Tesla would respond to these inquiries, but I was not directly involved in the communications with NHTSA or the determination of remedies that were made part of Tesla's voluntary recall action. Consequently, I do not have unique, personal knowledge about Tesla's responses to NHTSA's inquiries that others would not have.

6. To the extent that Plaintiffs also want to depose me about Tesla's Autopilot system, I do not have unique or superior knowledge about Autopilot. The design, development, testing and release of Autopilot is the work of a team of numerous engineers, technicians and analysts that do not report to me. As the Vice President of Vehicle Engineering, I rely on members of the Autopilot team to manage deployment of Tesla's Autopilot features and to oversee Tesla's continuous efforts to improve and enhance Autopilot.

7. I have no personal knowledge about the accident at issue in this litigation.

8. Any facts I may have heard about the accident are second-hand, received from either Tesla's Legal Department, the Autopilot team investigating the crash at the direction of counsel, or the media.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct.

Executed June 13, 2024, at Fremont, California.

*Lars Moravy*_____
Lars Moravy