UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased,*

    Plaintiff,

v.

TESLA, INC. *a/k/a Tesla Florida, Inc*.

    Defendant,
_____/

Case No. 22-cv-22607-BLOOM

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC., a/k/a *Tesla Florida, Inc.,*

    Defendants.
_____/

**THE PARTIES JOINT MOTION
TO EXTEND THE DEADLINE FOR DAUBERT CHALLENGES
SOLELY AS TO PLAINTIFF'S REBUTTAL NEUROSPYCHOLOGIST**

The Parties, jointly through their undersigned counsel, submit this Stipulated Motion to Extend the Deadline for Daubert Challenges solely as it relates to Plaintiff's Expert Neuropsychologist Dr. Sally Kolitz Russell, and states as follows:

1. As this Honorable Court is well aware, the Plaintiffs in this claim allege catastrophic damages, including the death of Naibel Benavides and substantial poly-trauma to Plaintiff, Dillon Angulo, including but not limited to a traumatic brain injury.

2. To defend against the brain injury claim, one of the experts hired by Tesla in this case is a neuropsychologist, Dr. Barry Crown. On or about February 16, 2024, Plaintiff submitted to an extensive battery of neuropsychological testing with Dr. Crown.

3. In attempting to engage his own expert neuropsychologist, Dr. Sally Kolitz Russell, Plaintiff's undersigned counsel was advised by Dr. Russell that submitting Plaintiff to another battery of neuropsychological testing in such a close temporal proximity to the testing performed by Dr. Crown would produce unreliable data because of the concept of the "practice effect". In short, the "practice effect" means that if two batteries of neuropsychological testing are done in close temporal proximity, the results of the second battery of testing will be skewed as a function of the patient having been more familiar with the tests.

4. Accordingly, it was decided that Dr. Sally Kolitz Russell would not subject Plaintiff to her own testing, but instead would utilize Dr. Crown's testing results in the form of a rebuttal opinion.

5. Until recently, pursuant to DE 200, the deadlines pertinent to this motion were as follows:

    a. June 3, 2024 – Expert disclosures and exchange of expert reports

    b. June 17, 2024 – Exchange of rebuttal expert reports

    c. July 31, 2024 – Deadline for Daubert motions and expert challenges

6. Prior to those deadlines, Plaintiff's undersigned counsel conferred with counsel for Tesla, who agreed to send to Dr. Sally Kolitz Russell the raw testing data + report of Dr. Barry Crown by no later than June 3, 2024, to ensure that Dr. Russell could provide her rebuttal report by the June 17, 2024 deadline.

7. Subsequently, on or about May 14, 2024, the Parties mutually agreed to extend the pertinent deadlines as follows:

    a. June 24, 2024 – Expert disclosures and exchange of expert reports (changed from June 3)

    b. July 8, 2024 – Exchange of rebuttal expert reports (changed from June 17)

    c. July 31, 2024 – Deadline for Daubert motions and expert challenges (unchanged)

8. When the parties agreed to these revised deadlines, the undersigned counsel was unaware that Dr. Sally Kolitz Russell had summer vacation plans, and would be unavailable and unable to produce her rebuttal report from the middle of June through the end of August.

9. Under the circumstances, Tesla will not be providing Dr. Russell with Dr. Crown's testing data + report until after she has already left for her summer vacation, meaning that Dr. Russell cannot comply with the July 8, 2024, deadline for rebuttal reports.

10. Plaintiff brought this issue to the attention of Tesla, who indicated that in light of the current November 2024 trial setting, it had no objection to Dr. Russell producing her rebuttal report on her return from vacation (by no later than August 28, 2024) provided that (1) Plaintiff make Dr. Russell available for deposition before trial, and (2) that this Honorable Court would allow Tesla to argue any motions related to Dr. Russell after the current July 31, 2024 deadline.

11. Obviously, Plaintiff is in agreement with Tesla's requests on this issue, and as such, respectfully prays that this Court allow Tesla to argue any motions it may have with regards to Dr. Russell after the July 31, 2024 deadline.

12. To that end, it is of note that (1) no such motions are anticipated as of the current date, and (2) if there are any motions related to Dr. Russell and/or her opinions, it is anticipated that they will be of a relatively simple nature and will be able to be ruled on by this Court with minimal effort and time.

13. The specific timeframe that the parties request are as follows:

a. Plaintiff to produce Dr. Russell's report by no later than August 28, 2024.

b. Plaintiff to make Dr. Russell available for deposition no later than September 30, 2024. To this end, Plaintiff is already in the process of obtaining deposition dates to provide to Tesla.

c. Tesla shall have until October 31, 2024 to to bring forth any motions and challenges related to Dr. Russell's testimony and opinions.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant this motion and enter the proposed stipulated order attached here as Exhibit A.

**CERTIFICATE OF CONFERRING WITH COUNSEL PURSUANT TO RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1 (a)(3), the undersigned counsel has conferred with counsel for Tesla, Inc., and Tesla's counsel indicated that Tesla is an agreement with the relief sought does not oppose this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.
Florida Bar No.: 0110727
Direct email: adam@roussolawfirm.com
Service emails:
Pleadings@roussolawfirm.com
assistant@roussolawfirm.com