# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                   Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA, INC.'S RESPONSE TO PLAINTIFF DILLON ANGULO'S**
**TWELFTH REQUEST FOR PRODUCTION**

Tesla, Inc. ("Tesla"), through its undersigned counsel, responds to Dillon Angulo's Twelfth Request for Production and states as follows:

**GENERAL OBJECTIONS**

1. Tesla objects to Plaintiff's Instructions and Definitions to the extent Plaintiff's use of them in these requests is an attempt to impose a burden on Tesla that exceeds the requirement of the FRCP.

2. Tesla objects to Plaintiff's use of the term "Subject Vehicles" as overly broad and not limited to the relevant model, model year, hardware version, or firmware version of vehicle

involved in the subject incident. This definition is also improper because it includes vehicles designed and manufactured after the subject incident and, therefore, may include or raise issues involving inadmissible subsequent remedial measures.

3. Tesla objects to Plaintiff's use of the term "Tesla" as overly broad and not limited to current employees over which Tesla has control.

4. Tesla objects to these requests to the extent that they are not limited to a reasonable period of time, the same or similar model vehicle as the subject 2019 Model S, or component(s) or system(s) at issue as identified in Plaintiff's Complaint. The determination of scope and the documents produced in response to these Requests are for the purposes of discovery only and not an admission on behalf of Tesla regarding admissibility or responsiveness to the allegations made in this case.

5. Tesla does not interpret Plaintiff's requests to ask for information about (1) correspondence between Tesla and its attorneys, (2) communications between Tesla, its lawyers or its representatives about the investigation or defense of any claims or lawsuits, including Plaintiff's claims after Tesla learned that a claim would be made, (3) notes or other work product of Tesla's lawyers, (4) other documents or things created by or for Tesla's lawyers, and (5) documents or things prepared by consulting experts about this or any suit, claim, or anticipated claim. If Plaintiff intends any request for the production of these privileged items, Tesla objects to providing any such information because it is protected from discovery pursuant to attorney-client privilege and/or the attorney work product privilege.

6. Tesla has not yet completed discovery, investigation, or preparation for trial. Accordingly, its responses are based on information presently available and given

without prejudice to Tesla's right to further supplement or modify based upon the discovery of additional or different information. Tesla reserves the right to supplement responses to these requests up to the time of trial, as the investigation of the facts and circumstances of this case is ongoing.

7. Tesla reserves all objections and questions as to the competency, relevance, materiality, privilege, proprietary, admissibility, and all other objections on any grounds that would require the exclusion of any information from evidence if the same were sought to be admitted at trial.

## REQUESTS FOR PRODUCTION

**REQUEST NUMBER 93:** Please produce TESLA's complete unredacted response to NHTSA's Special Order 16-007 dated December 30, 2016 sent on behalf of Todd Maron, General Counsel to Paul Hemmersbaugh, Chief Counsel of NHTSA. (For convenience and ease of reference a true and correct copy of the NHTSA's Special Order 16-007 is attached as Exhibit A.)

**RESPONSE:** Tesla objects to this Request because it asks for information that is not relevant to Plaintiff's claims in this case, not proportional to the needs of this case and not important to resolution of this case that involves a 2019 Tesla Model S with Hardware (HW) 2.5. Specifically, NHTSA's Preliminary Evaluation 16-007 did not involve the 2019 Model S. Instead, that investigation concerns Model year 2014-2016 Tesla Model S vehicles equipped with HW 1 and HW 2 and Firmware that is substantially different from the Hardware and Firmware on the subject 2019 Model S.

**REQUEST NUMBER 94:** Please produce the document titled "CBI Question 5b.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1021.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling

3

that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 95:** Please produce the document titled "CBI_Question 5c.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1022.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 96:** Please produce the document titled "CBI_Question 5d.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at

BENAVIDES-1023.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 97:** Please produce the document titled "CBI_Question 5e.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1023.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative

5

Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 98:** Please produce the document titled "CBI_Question 5f.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1024.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 99:** Please produce the document titled "CBI_Question 5g_Vision Signals.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1024.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National

Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 100:** Please produce the document titled "CBI_Question 5g_Autopilot_Functional_Requirements_Longinatudinal_Collision_Management.p df" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1024.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**Subject to and without waiving these objections, see** BENAVIDES-00002095-2107 previously produced.

7

**REQUEST NUMBER 101:** Please produce the document titled "CBI_Question 5g_Vision Signals.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1024.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 99 of Angulo's Twelfth Request for Production and Request 2 of Dillon Angulo's Second Request for Production and harassing. See Tesla's Response to Request 99.

**REQUEST NUMBER 102:** Please produce the document titled "CBI_Question 7.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1025.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 103:** Please produce the document titled "CBI_Question 8.pdf" contained in TESLA's response to Preliminary Evaluation 21-020. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1027.)

8

**RESPONSE:**  Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 104:** Please produce TESLA's presentation materials submitted to NHTSA for TESLA's voluntary quarterly update to ODI on June 15, 2018 (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1027.)

**RESPONSE:**  Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 105:** Please produce TESLA's presentation materials submitted to NHTSA for TESLA's voluntary quarterly update to ODI on March 27, 2019 (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1027.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 106:** Please produce TESLA's presentation materials submitted to NHTSA for TESLA's meeting with NHTSA leadership on May 12, 2021. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1027.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023, Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional

NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 107:** Please produce TESLA's presentation materials submitted to NHTSA for TESLA's meeting with NHTSA leadership on May 26, 2021. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1031.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 108:** Please produce TESLA's presentation materials submitted to NHTSA for TESLA's meeting with NHTSA on September 17, 2021. (For convenience and ease of reference a true and correct copy of TESLA's response to PE 21-020 [produced as BENAVIDES -001016 to 001035] is attached as Exhibit B and the specific document requested is referenced at BENAVIDES-1031.)

**RESPONSE:** Tesla objects to this Request because it is duplicative of Request 2 of Angulo's Second Request for Production and is beyond the requirements of the Court's June 14, 2023 ruling that defines the scope of Tesla's response to that Request. In the June 14, 2023 Order, the Court limited Tesla's Response to that Request as follows: "With respect to Plaintiffs' Second Request

for Production Nos. 2 and 3, Tesla shall produce documents previously provided to the National Highway Traffic Safety Administration ("NHTSA"), limited to those related to Tesla vehicle crashes into stationary vehicles. This ruling is without prejudice to Plaintiffs seeking additional NHTSA documents upon a showing of a proper predicate." Besides serving this duplicative Request, Plaintiffs have not made a showing of a proper predicate to expand the requirements of the Court's June 14, 2024 ruling and, thus, this Request is duplicative and harassing.

**REQUEST NUMBER 109:** Please produce TESLA's complete response to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024 is attached as Exhibit C.)

**RESPONSE:** Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims. Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 110:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 3 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:** Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims. Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 111:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 5 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:** Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims. Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 112:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 7 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:** Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims. Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 113:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 8 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:** Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims. Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 114:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 10 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:**  Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims.  Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 115:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 11 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:**  Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims.  Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 116:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 15 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:**  Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims.  Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NUMBER 117:** Please produce TESLA's any appendices or attachments that TESLA prepared in response Question 17 to NHTSA's Information Request ID RQ24009 (For convenience and ease of reference a true and correct copy of NHTSA's Information Request Letter to Tesla, dated May 6, 2024, is attached as Exhibit C.)

**RESPONSE:**  Tesla objects to this Request because information concerning RO24009 – which "Evaluate[s] the adequacy of Recall 23V838" is not relevant to Plaintiffs claims.  Tesla refers Plaintiff to the Court's ruling at the March 1, 2024 hearing that Recall 23V-838 is an inadmissible subsequent remedial measure, and therefore discovery related to it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Date: June 26, 2024                                     Respectfully submitted,

*s/ Whitney V. cruz*_____
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

15

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 26, 2024, I electronically served the foregoing document to All Counsel of Record as follows:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
The Rousso, Boumel Law Firm, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
assistant@roussolawfirm.com
pleadings@roussolawfirm.com
*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
Poses & Poses, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com
*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
Singleton Schrieber
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com
*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
Eaton & Wolk PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com
*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

                  s/ *Whitney V. Cruz*_____
                    Whitney V. Cruz