UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES and
DILLON ANGULO,

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike Amended Complaint ("Motion"), ECF No. [209]. Plaintiffs Neima Benavides and Dillon Angulo ("Plaintiffs") filed a Response in Opposition ("Response"), ECF No. [219], to which Defendant filed a Reply ("Reply"), ECF No. [225]. The Court has considered the Motion, the opposing and supporting submissions, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On April 22, 2021, Plaintiff Neima Benavides sued Defendant in the Circuit Court for Miami-Dade County, Florida alleging automotive product liability claims against Defendant. Defendant removed the action to this Court on May 25, 2021. On August 16, 2022, Plaintiff Dillon Angulo initiated a similar automotive products liability action against Defendant in this district, Case No. 22-cv-22607-KMM. The Court accepted transfer of this case and consolidated both actions due to the overlapping issues presented. *See* ECF No. [50]. Both actions arise from the same automotive accident on April 25, 2019 involving a vehicle ("Vehicle") manufactured,

marketed, and sold by Defendant.[1] Plaintiff Neima Benavides brought this action against Defendant on behalf of Decedent Naibel Benavides Leon, who was struck and killed by driver George McGee while operating the Vehicle. Plaintiff Dillon Angulo was also struck by the Vehicle and suffered serious injuries as a result, prompting this consolidated action.

Plaintiffs moved to amend and consolidate their Complaints on December 29, 2024.[2] ECF No. [165] ("Motion to Amend Complaint"). Defendant filed a Response in Opposition, ECF No. [166], to which Plaintiffs filed a Reply, ECF No. [173]. The Court held a hearing on Plaintiff's Motion to Amend Complaint on March 1, 2024. ECF No. [197]. The Court granted in part and denied in part the Motion to Amend Complaint, concluding Plaintiffs should not be granted leave to plead additional claims.[3] ECF No. [198] ("Order"); *see generally* ECF No. [206] ("Hearing Transcript"). However, the Court granted Plaintiffs leave to "consolidate and amend their Complaints to include a claim for punitive damages and add additional factual allegations." ECF No. [198].

Plaintiffs filed their Amended Complaint, ECF No. [205], on March 11, 2024. The Amended Complaint asserts strict-products-liability claims for defective design (Count I), failure to warn (Count II), and defective manufacture (Count III), as well as a negligent misrepresentation claim (Count IV). Relevant here, the Amended Complaint also asserts a claim for punitive damages and includes additional factual allegations. *See generally* ECF No. [205].

Defendant argues numerous allegations in the Amended Complaint must be stricken for failing to comply with the Court's Order. *See* ECF No. [209] at 3-4, 6-8. Defendant contends the

---

[1] The driver of the vehicle, George McGee, is not a party to the present action.
[2] The Court denied Plaintiffs' prior Motion for Leave to Amend Complaint, ECF No. [129], for failing to demonstrate good cause. *See* ECF No. [143].
[3] Plaintiffs sought leave to add claims for intentional misrepresentation, fraudulent concealment, and false advertising. *See generally* ECF No. [165].

Amended Complaint violates the Court's Order in two ways: (1) by referencing the National Highway Traffic Safety Administration's Recall Report, ECF No. [176-13] ("Recall Report"), despite the Court finding that the Recall Report is an inadmissible subsequent remedial measure and (2) by inserting new claims and theories of liability disguised as additional factual allegations. Plaintiffs respond that the Amended Complaint is consistent with the Court's Order as it permits Plaintiffs to assert a claim for punitive damages and to supplement their claims with additional factual allegations. According to Plaintiffs, Defendants' Motion should be denied because the Amended Complaint did exactly that. Defendant replies by reiterating the Amended Complaint violates the Court's Order and emphasizing the prejudice it will suffer if the extraneous allegations are not stricken.

Plaintiff correctly points out motions to strike are ordinarily brought pursuant to Federal Rule of Civil Procedure 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Defendant replies by observing courts may exercise their inherent authority to strike pleadings that fail to comply with court orders. ECF No. [225] at 5-6 (citing *Fisher v. Whitlock*, 784 Fed. App'x 711, 712 (11th Cir. 2019); *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) ("In addition to the authority provided by the Federal Rules of Civil Procedure, a court has the inherent authority to enforce its orders and ensure prompt disposition of legal actions.") (internal quotation omitted)). Defendant is correct that the instant Motion is properly brought pursuant to the Court's inherent authority. *See Young*, 358 F.3d at 864. However, the Court is unpersuaded the Amended Complaint violates the Court's Order. As the Court explained, Plaintiffs were not granted leave to add new claims, but they were permitted to claim entitlement to punitive damages and include additional factual allegations:

3

> So for purposes of clarity in terms of the pleadings, I do not want another round of motions to dismiss. You can amend the complaint by interlineation in terms of including the punitive damages claim. So you can file a complaint that consists of the four counts, the defective design, the failure to warn, the defective manufacturing, the strict liability claims, as well as the negligent misrepresentation. Those claims are already embodied in the present complaint. You can include the punitive damages. And to the extent that you want to buttress the facts, since the Defendant will have an opportunity to answer the complaint, then I think that would be appropriate.

ECF No. [206] at 41; *see also id.* at 43 ("So let me make clear that I'm denying the motion to amend to assert the three additional claims … [but] I am permitting … [ Plaintiffs to] include the additional facts and you may include the claim for punitive damages.").

Regarding the Recall Report, Defendant contends "Plaintiffs' attempt to include the recall in the Amended Complaint should be prohibited and all references to the recall should be stricken." ECF No. [209]. Defendant argues this is appropriate because the Court's Order ruled the Recall Report or related recall evidence is inadmissible because this evidence constitutes a subsequent remedial measure. However, as Plaintiff points out, the Court made no such finding. First, the Order did not rule on this or any other evidentiary issue. As the Parties are well aware, the Order exclusively concerned whether Plaintiffs should be granted leave to amend their initial Complaints, and whether the pretrial schedule should be further amended. Second, the Court observed the Recall Report is likely a subsequent remedial measure in the context of denying Plaintiffs leave to add new claims to their Amended Complaint. *See* ECF No. [206] at 32 ("THE COURT: But the recall is a subsequent remedial measure. Would you agree? MR. EATON: It is. THE COURT: So to that extent, how would it be relevant and *how would it form the basis of the Plaintiffs' new proposed claims*?") (emphasis added); *id.* at 33 (THE COURT: "But adequate or inadequate, it's a subsequent remedial measure. So … how would it even be relevant or even admissible – and certainly not part of the predicate for the claims you're seeking to include[.]"). The Court did not

4

rule on or otherwise reject Plaintiffs' argument that the Recall Report is admissible to demonstrate entitlement to punitive damages. *See id.* at 32-39. Defendant accordingly fails to show the Amended Complaint's recall allegations must be stricken for violating the Court's Order.

The Court is similarly unpersuaded the Amended Complaint's additional factual allegations must be stricken because they constitute entirely new claims or theories of liability. Defendant contends numerous allegations "are *completely* distinct from and additional to Plaintiffs' pre-existing allegations." ECF No. [209] at 6 (emphasis in original). Plaintiffs respond that the Amended Complaint is consistent with the Court's Order because those allegations are simply additional factual allegations that buttress their existing claims.

The Court agrees with Plaintiffs. The allegations identified in Defendant's Motion are not new claims or distinct theories of liability. For example, Defendant points to Count I's inclusion of allegations regarding the Vehicle's "failure to include adequate warnings if the system encounters conditions making it unsafe to use the system … deactivation of the automatic emergency braking system when the accelerator is depressed and failure to adequately warn the driver of same … failure to ensure adequate takeover time for the driver in the event of a system failure … [and] failure to restrict the ability of drivers to use Autopilot in areas outside which Tesla designed the system to operate safely, also known as 'geofencing'". ECF No. [205] at 6 (quoting ECF No. [205] ¶¶ 121(f)-(i)). As Plaintiffs correctly point out, however, those allegations are properly understood as additional factual allegations supporting Plaintiffs' product defect claim. Count I already contains similar allegations regarding the Vehicle's "failure to adequately monitor and determine driver engagement … failure to adequately detect and respond to obstacles in the Vehicle's path … the failure to adequately detect and respond to the end of a roadway … the failure to adequately detect and respond to traffic control devices, such as the signs and flashing lights

demarking the intersection … [and] failure to adequately ensure the safety of the system before putting it on the market[.]" *Id.* ¶¶ 121(a)-(e).

The Court accordingly finds that the Amended Complaint's additional allegations are supplemental factual allegations, not new claims. Defendant argues the allegation regarding "geofencing", *id.* ¶ 121(i), is completely unrelated to Plaintiffs' original product defect claim because geofencing concerns "on which roads, the various features of the Autopilot system can be used[,]" but the Parties have been litigating defect issues regarding "either Autosteer or Automatic Emergency Braking features."[4] ECF No. [209] at 8. However, as noted, Plaintiffs previously alleged the Vehicle was defective due to its "failure to *adequately detect and respond to the end of a roadway*[,]" ECF No. [121] ¶ 121(c), among other deficiencies. Plaintiffs' longstanding allegations thus make clear this allegation is properly interpreted as a supporting factual allegation rather than new claim or theory of liability. The same is true regarding the other allegations identified in Defendants' Motion. Although Plaintiffs offer new factual allegations, none are so distinct from Plaintiffs' claims as to constitute distinct new claims—or violations of the Court's Order.[5]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Strike, **ECF No. [209]**, is **DENIED**. Defendant must file its Answer to Plaintiffs' Amended Complaint **on or before July 24, 2024**.

---

[4] Despite this assertion, Defendants also seek to strike a new allegation regarding the automatic emergency braking system. *See, e.g.*, ECF No. [205] ¶ 121(g) (alleging the Vehicle is defective due to its "deactivation of the automatic emergency braking system when the accelerator is depressed and failure to adequately warn the driver of same[.]").

[5] The Court does not consider Defendant's arguments that it will be prejudiced by Plaintiffs' additional allegations or expend unnecessary resources responding to discovery requests. As discussed, Defendant exclusively seeks to strike Plaintiffs' allegations for violating the Court's Order. The Court's inquiry is therefore limited to whether the Amended Complaint violates its prior Order, and whether any non-compliant allegations should be stricken on that basis.

Case No. 21-cv-21940-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 10, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record