UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                               Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO RE-OPEN THE FACT DISCOVERY PERIOD, AND, IF NECESSARY, CONTINUE THE CURRENT TRIAL DATE**

Tesla, Inc. ("Tesla"), by and through undersigned counsel, and pursuant to this Court's Order (DE 253) responds to Plaintiffs' Motion to Re-Open the Fact Discovery Period, and, if Necessary, Continue the Current Trial Date (DE 252) as follows:

Plaintiffs' motion is a thinly veiled attempt to buy more time for the one new attorney on Plaintiffs' team of lawyers to conduct his "wish list" of discovery that Plaintiffs insist is necessary but fail to explain why it was not done months or even years ago. Plaintiffs' purported basis to re-open discovery is the voluntary Recall 23V838 issued by Tesla seven months ago in December

2023. The recall was the culmination of the National Highway Traffic Safety Administration's ("NHTSA") investigation PE 021-020 opened in August 2021—nearly three years ago. Setting aside the fact that Tesla disagreed with NHTSA's conclusions and said so in the recall notice, and that the recall had nothing to do with any defect in manufacture or design of any component or software within Autosteer but rather dealt specifically with the perceived need for additional safeguards against driver misuse and negligence, Plaintiffs did not file this motion until July 8, 2024, *seven months* after the recall and after the June 28, 2024 close of discovery.

The notion that the December 2023 Autosteer recall provides a valid basis for any of the relief Plaintiffs request does not comport with the law or the facts of this case. Neither the NHTSA investigation nor the recall are newly discovered evidence and neither provides a reason for the Court to excuse Plaintiffs' failure to prepare their case. Plaintiffs have had very experienced and knowledgeable counsel representing them since this matter's inception. Counsel has known of the investigation for years, and even asked the Court to stay the litigation to "see what happens." The Court rejected that suggestion, which should have prompted counsel to prepare for trial but, it seems, even adding other counsel to this case was not enough. Now that they have added yet another lawyer and firm to the docket, it does not change the fact that this case could have been tried several times over by now and there is no reason to push this out any further. The facts have been known for years. It is time for a jury to hear those facts and bring this matter to its resolution.

I. **Plaintiffs' Motion is Untimely and Their Lack of Diligence is Not a Basis to Reopen Discovery.**

District courts are required to issue scheduling orders that limit "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). The scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification of a scheduling order deadline unless it cannot be met

2

despite the diligence of the party seeking the extension." *Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D. Fla. 2012); *Esys Latin America, Inc. v. Intel Corp.,* 290 F.R.D. 563 (S.D. Fla. 2013); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In seeking to modify the scheduling order, Plaintiffs have the burden of showing that "extraordinary circumstances require it." *Williams v. Baldwin County Comm'n*, 203 F.R.D. 512 (S.D. Ala. 2001).

Plaintiffs' motion to reopen discovery was filed after discovery closed, and if Tesla's recall was breaking news then perhaps there would be some merit to their demand for more time to do discovery, but that is not the case. Counsel has known about the recall since December and has known about the investigation for years. They offer no explanation for their failure to raise this issue until now, likely because they have none. They deposed Tesla's corporate representative for several hours and have nothing to show for it. They deposed the former NTSB Chair Robert Sumwalt—after agreeing to pay him $400 per hour for his time—and, likewise, have nothing to show for it. There is no new information that became known to Plaintiffs only after the close of discovery. They think spending more time in discovery will aid in revealing some defect that isn't there—NHTSA spent almost *three years* looking through Tesla's material and all that resulted in was the conclusion that "[i]n certain circumstances when Autosteer is engaged, the prominence and scope of the feature's controls may not be sufficient to prevent driver misuse…" Plaintiffs were far from diligent in pursuing both discovery and modification of the scheduling order, and granting this relief now does not promise to net anything more. Thus, there is no "good cause" to reopen discovery.

The NHTSA investigation began three years ago in 2021. Plaintiffs admitted they were keenly aware of the NHTSA investigation "[f]rom the outset of this lawsuit," which was also filed

in 2021. (DE 165 at 1). Plaintiff Benavides relied on the investigation as a reason to postpone trial nearly two years ago. Eight months ago, on October 23, 2023, pursuant to the Court's Order, Tesla produced approximately 1,500 pages of documents and materials related to the investigation.[1] On December 12, 2023, Tesla voluntarily issued the recall in an effort to resolve and close NHTSA's investigation. And, the investigation was indeed closed.

In May 2024, Plaintiffs served their Twelfth Requests for Production[2] which attached documents from Tesla's October 2023 document production and sought additional materials from the 2021 investigation as well as materials related to a separate 2016 NHTSA investigation.[3] (DE 252-12 at Ex. A) and (DE 252-9 at Ex. B). Then on May 28, 2024, Plaintiffs made a public records request to NHTSA. Fact discovery closed on June 28, 2024. On July 8, 2024, 10 days after the discovery deadline, Plaintiffs filed the motion to re-open discovery and continue the trial.

Although Plaintiffs have had documents regarding the investigation for at least eight months, Plaintiffs' team of lawyers from at least four different law firms, including three competent Florida attorneys who have been involved in the case for years, did nothing until now to extend discovery to address what they describe as evidence that is critical to their case. They also did nothing until just recently to pursue depositions related to the 2021 investigation and 2023 recall. Plaintiffs complain that they could not get a hearing with the Magistrate regarding the depositions of Tesla employees because discovery is closed – but that is a problem created by Plaintiffs. They could have noticed and pursued the Tesla employee depositions, e.g. Eddie Gates,

---

[1] Plaintiffs have likely been in possession of much more documentation related to the investigation and recall as such documents have been publicly available on NHTSA's website for years.
[2] Tesla is willing to meet and confer with Plaintiffs about the responses to the Twelfth Requests for Production, but the issues Plaintiffs have raised about those Requests, that were served a little more than one month before discovery deadline, do not warrant re-opening or expanding discovery as Plaintiffs have requested.
[3] This investigation has been known to the public since 2016.

Pete Scheutzow, Ashok Elluswamy, long before they did. They just failed to act in a timely manner.  Thus, the only truly "new" thing Plaintiffs have presented to this Court through this untimely motion is the motion itself.[4]

What is more, even this motion is an example of Plaintiffs' counsel's inefficiency, inability or delay.  They first informed Tesla's counsel they planned to file the motion over a month ago but did not actually do so until recently, after the discovery deadline. Plaintiffs' lack of diligence in prosecuting this case is well-documented.[5]

More to the point, even Plaintiffs' *Autopilot expert* conceded he did not need or rely on the recall for his opinions.  Alan Moore testified in his deposition (completed on July 12, 2024 – 4 days after the Motion was filed) that, "[n]othing in the recall itself is a basis for my opinions…So I'm not relying on the recall at all." (Moore Dep. at 147 attached as Ex. C).  Mr. Moore confirmed additional documentation regarding the recall is unnecessary for his purposes:

> Q. Okay.  And are there any other documents related to the recall that you've asked plaintiff's counsel for and that you need to form your opinions?
>
> A. Not that I recall.

(*Id.* at 148).  This testimony from one of Plaintiffs' primary experts on the issue of alleged product defect directly contradicts Plaintiffs' representation in their motion that evidence regarding the

---

[4] The argument that NHTSA's follow-up query on the recall, often done by NHTSA as a matter of course, is a basis to re-open discovery fails as well. Firstly, the notion that a query evaluating the performance of Autopilot today could somehow be relevant to or admissible in a lawsuit regarding a crash that occurred *over five years ago* in April 2019 is nonsensical. Secondly, even if the query was relevant, it was issued on May 4, 2024, almost two months before the discovery deadline and over two months before Plaintiffs filed their motion to re-open discovery.  Again, Plaintiffs failed to take action.

[5]  Tesla presented the timeline of Plaintiffs' failure to conduct discovery in detail in its Response in Opposition to Plaintiffs' Joint Motion to Extend Amendment Deadline for Leave to Amend Complaint.  (DE 169 at 4-6).

recall is "crucial to Plaintiff's case." (DE 252 at 10). Additionally, this testimony is consistent with Tesla's position that the recall is irrelevant to this case.[6]

Plaintiffs argue the recall evidence and whatever they hope or expect to get through more discovery is relevant to liability—even their own expert disagrees—as well as to punitive damages. Plaintiffs demand the opportunity to explore Tesla's conduct before and after the accident and in connection with the recall in order to persuade the jury not of the existence of a defect in the Model S, but that Tesla acted with malice in making the Model S and its Autosteer driver assist feature and they to do not shy away from their plan to make the recall the primary feature of their punitive damage claim. This Court has already foreshadowed the legal problems related to Plaintiffs' plan to rely on a post-accident recall to prove punitive damages. During the March 1, 2024 hearing on Plaintiffs' Motion to amend their Complaint, the Court ruled as follows: "… But for purposes of additional facts, I think it's been made clear -- and I do agree that the recall is a subsequent remedial measure. So to that extent, if the punitive damages are solely based on the NHTSA recall, then I can foresee some problems down the road." Ex. D March 1, 2024, Hearing Transcript at 42:23-43:2. Tesla submits that we are "down the road" with the instant motion through which Plaintiffs ask this Court to allow them to re-open discovery about the recall because they clearly plan to rely on the recall as a basis for punitive damages. For this reason alone, this motion should be denied.

---

[6] Tesla has consistently maintained that the recall is irrelevant or is an inadmissible subsequent remedial measure under FRE 407. The idea that the recall is a subsequent remedial measure is something even Plaintiffs' counsel has conceded:

> THE COURT:   But the recall is a subsequent remedial measure. Would you agree?
>
> MR. EATON:   It is.

(Ex. D at 32:6-7)

## II. **Plaintiffs' Selection of New Counsel is Not a Valid Basis to Reopen Discovery or Continue the Trial.**

Throughout this litigation, Plaintiffs have been represented by a team of six or seven lawyers from four or five different law firms. Attorney Todd Poses and Adam Boumel have been representing Plaintiffs since the inception of the lawsuits. Attorney Douglas Eaton has been representing Plaintiffs since June 2021. Messrs. Poses, Boumel and Eaton are competent lawyers who have been intimately involved in the litigation and have appeared at the vast majority of court hearings. Either Mr. Poses, Mr. Boumel, or both have attended every deposition taken in this case. Then, on February 13, 2023, attorney Donald Slavik appeared in the case for Plaintiffs on a pro hac vice application. About a year later on May 9, 2024, after Mr. Slavik lost two consecutive trials against Tesla, he was replaced by California lawyer Brett Schreiber and his firm. In their motion, Plaintiffs allege Mr. Slavik and his team "did not live up to their obligations"—ignoring that Messrs. Poses, Boumel and Eaton are also each obliged to this case and their clients.

Plaintiffs' decision to substitute some members of their team at the eleventh hour is of no moment. Firstly, the core team of Plaintiffs' attorneys has never changed. Secondly, the selection of new counsel does not provide good cause to adjourn the scheduling order.

In *Rossvanes v. Equipment Sales Corporation*, the plaintiff sought to reopen discovery on the basis that her counsel failed "to even nominally pursue this case." CIVIL ACTION No. 09-0822-CG-N, at *2-5 (S.D. Ala. Oct. 25, 2010). The plaintiff's attorney was disbarred and the plaintiff failed to move for any extensions or replace her counsel for two months thereafter. *Id.* The Court found that "plaintiff voluntarily chose her attorney as her representative and, therefore, cannot escape any deficiencies of her case by claiming negligence in the acts or omissions of her attorney. *Id.* citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *see also Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) ("[I]f an attorney's conduct falls substantially

7

below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." quoting *Link supra*)." While the Court acknowledged and was sympathetic to plaintiff's predicament, it found that "plaintiff cannot salvage her case or avoid the consequences of her lack of diligence by pointing to her attorney's failings." *Id*. citing *Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006) ("But as the Supreme Court has held, a party who voluntarily chooses his attorney "cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." citing *Link supra*)." In short, Plaintiffs' attempt to throw their prior Counsel "under the bus" does not establish good cause for re-opening discovery and Plaintiffs' request to do so should be denied.

### III. <u>Tesla Will Be Prejudiced By The Re-opening Of Discovery.</u>

If the Court were to grant Plaintiffs' request to expand or re-open discovery, it would reward Plaintiffs' campaign to delay this litigation for multiple years while causing Tesla to expend additional resources on the irrelevant recall that the Court already commented likely constitutes an inadmissible subsequent remedial measure. Notably, Plaintiff Neima Benavides routinely ignored Tesla's efforts to conduct discovery about her lawsuit over the span of an entire year. *See* Tesla's Motion to Enforce Order Regarding Plaintiff's Discovery Responses and For Sanctions at (DE 68). Both Plaintiffs have already sought at least one continuance each in this litigation, and Neima Benavides moved unsuccessfully to stay the litigation, hoping to wait and see what happened with NHTSA's investigation. (DE 39). As discussed above, considering the fact that Plaintiffs were waiting with bated breath for what would come of NHTSA's investigation, it stands to reason they would pounce on whatever discovery they found to be "critical" as soon as the recall was issued but they did not. Their delay and inaction is bewildering, but in any event, the several delays caused by Plaintiffs have been costly and detrimental to Tesla and its defense.

In particular, both sides' experts have issued reports and rebuttal reports, and Tesla's counsel and experts have been working diligently to digest the reports and opinions in preparation for depositions. Work related to expert discovery has been underway for months and has been a costly and time-consuming undertaking. To date, two expert depositions have been taken, with the remaining liability experts scheduled to take place over the next two weeks. All pretrial motions including motions in *limine*, *Daubert* motions and dispositive motions will be filed no later than July 31, 2024.

The compressed schedule the parties are currently working under exists because of a change to the previous scheduling order that was prompted by a request to move the trial date by one of Plaintiffs' now-former lawyers Donald Slavik. Before withdrawing as Plaintiffs' Counsel, Mr. Slavik declared that he was unavailable for the prior trial date set for June 17, 2024. (See, Declaration of Plaintiffs' prior Counsel, Donald H. Slavik. DE 147). Permitting Plaintiffs to "re-open" discovery to conduct additional discovery about an investigation that led to a recall more than 4 years after this crash would force both sides to participate in additional discovery and to re-issue expert reports and possibly rebuttal reports and take expert depositions for a second time.[7]

After this Court agreed to move the trial because of Mr. Slavik's conflict, Plaintiffs brought in new counsel who evidently takes the position that his current co-counsel and his predecessor counsel have underprepared for trial and thus he needs more. More discovery and more time. The reality is he has four years of discovery, all the expert work has been completed and one of his liability experts testified just days ago that he does not need recall discovery – Plaintiffs' experts

---

[7] Tesla can be ready to try this case on the current trial date of November 4, 2024, but it is not opposed to extending the deadline to complete expert depositions, the pretrial motion filing date or the trial date so long as the new trial date does not conflict with the trial schedule of Tesla's counsel. However, if the trial date is moved from November 4, 2024, Tesla's counsel's next opening for a two-to-three-week trial setting is not until July 2025.

have tendered their reports and they are ready to testify. So, the appropriate course is to complete expert discovery and move towards trial, finally.

## Conclusion

Plaintiffs have known about the NHTSA investigation since the inspection of this lawsuit. And they received over a thousand documents about that public investigation from Tesla. Yet, for two years Plaintiffs have been arguing the investigation is "new" evidence and provides a basis to continue (and continue) the scheduling order and trial. The recall in question was issued almost six months before the discovery deadline. Plaintiffs had months, and in some instances years, to pursue the discovery they are now seeking, but Plaintiffs' team of lawyers chose not to do so or failed to act with diligence when they did act. The Court has been more than lenient with extending deadlines and trial dates to accommodate Plaintiffs. As the Court stated at the hearing on March 1, 2024, "this incident – the unfortunate incident occurred in April of 2019, and this case was filed in May of 2021. Here we are now some time [sic] later and this Court has amended, amended, and amended the scheduling order." *See* Ex. D - March 1, 2024, Hearing Transcript at 39:5-9. Enough is enough. To prevent further prejudice to Tesla, and to advance judicial economy and serve the interests of justice, this Court should deny Plaintiffs' Motion for Leave to re-Open the Fact Discovery Period, and, if Necessary, Continue the Current Trial Date.

Date:  July 16, 2024 	 Respectfully submitted,

	<u>s/  Whitney V. Cruz</u>
	**WHITNEY V. CRUZ**
	Florida Bar No. 800821
	**BOWMAN AND BROOKE LLP**
	Two Alhambra Plaza, Suite 800
	Coral Gables, FL 33134
	Tel. 305-995-5600 / Fax: 305-995-6100
	whitney.cruz@bowmanandbrooke.com

	**THOMAS P. BRANIGAN**
	(Admitted *Pro Hac Vice*)
	**DREW P. BRANIGAN**
	(Admitted *Pro Hac Vice*)
	**BOWMAN AND BROOKE LLP**
	101 W. Big Beaver Road, Suite 1100
	Troy, MI 48084
	Tel. 248-205-3300 / Fax: 248-205-3399
	thomas.branigan@bowmanandbrooke.com
	drew.branigan@bowmanandbrooke.com

	*Attorneys for Defendant Tesla, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
assistant@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel. 305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

s/ *Whitney V. Cruz*
    Whitney V. Cruz