UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES and
DILLON ANGULO,

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO REOPEN FACT DISCOVERY

**THIS CAUSE** is before the Court upon Plaintiffs Neima Benavides and Dillon Angulo's Motion for Leave to Reopen the Fact Discovery Period ("Motion"), ECF No. [252]. Defendant Tesla, Inc. filed a Response in Opposition ("Response"), ECF No. [256]. The Court has considered the Motion, the opposing submission, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

On April 22, 2021, Plaintiff Neima Benavides sued Defendant in the Circuit Court for Miami-Dade County, Florida alleging automotive product liability claims against Defendant. Defendant removed the action to this Court on May 25, 2021. On August 16, 2022, Plaintiff Dillon Angulo initiated a similar automotive products liability action against Defendant in this district, Case No. 22-cv-22607-KMM. The Court accepted transfer of this case and consolidated both actions in light of the overlapping issues presented.[1] ECF No. [50]. Both actions arise from the same automotive accident on April 25, 2019 involving a vehicle ("Vehicle") manufactured,

---

[1] Plaintiffs agreed that their cases should be consolidated on this basis. ECF No. [50] at 1.

marketed, and sold by Defendant.[2] Plaintiff Neima Benavides brought this action against Defendant on behalf of Decedent Naibel Benavides Leon, who was struck and killed by driver George McGee while operating the Vehicle. Plaintiff Dillon Angulo was also struck by the Vehicle and suffered serious injuries as a result, prompting this consolidated action.

The discovery deadline in this case expired on June 28, 2024.[3] *See* Amended Scheduling Order, ECF No. [200]. On July 8, 2024, Plaintiffs filed the instant Motion seeking leave to reopen the fact discovery period and to continue the unexpired pretrial deadlines and trial date if necessary.[4] Plaintiff contends good cause exists to further amend the Amended Scheduling Order due to critical new evidence, Defendant's conduct during discovery, and Plaintiffs' decision to retain new lead counsel. Defendant responds that it opposes an extension of the fact discovery deadline but does not oppose extensions of the expert discovery and dispositive motion deadlines, or continuing trial. Defendant argues that Plaintiffs' Motion should be denied because they failed to diligently pursue discovery in this case, and neither Defendant's conduct during discovery nor Plaintiffs' decision to retain new counsel warrants further extending fact discovery in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16 requires district courts to "enter a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The Court's Amended Scheduling Order, ECF No. [200], "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good

---

[2] The driver of the vehicle, George McGee, is not a party to the present action.
[3] This deadline includes expert discovery. *See* ECF No. [200].
[4] Plaintiffs' Motion also requests a hearing to "help the Court more fully understand the need for this final extension of the deadlines[,]" and to "come up with a final discovery and trial schedule[.]" ECF No. [252] at 2-3. The Court finds conducting a hearing is unnecessary. As the Parties are well aware, the Court has repeatedly extended the pretrial deadlines in this case. The Court has sufficient knowledge of the trial schedule in this case—including related discovery and evidentiary issues—to resolve this Motion without the benefit of oral argument.

cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). "In short, diligence is the key to satisfying the good cause requirement." *Id.* at 672-73.

### III. DISCUSSION

Plaintiffs "readily acknowledge that this Court has previously stated that trial in this case will go forward on this November docket, with no exceptions." ECF No. [252] at 2; *see* ECF No. [206] at 39. Plaintiffs nonetheless argue good cause exists to extend the fact discovery deadline in this case. Plaintiffs primarily argue critical new evidence justifies a further extension of the fact discovery period. For support, Plaintiffs point to NHTSA's decision to expand the scope of its investigation into Defendant's vehicles and announcement of an investigation into Defendant's recall of its vehicles. Plaintiffs also argue their decision to replace lead counsel and Defendant's conduct during discovery are "factors the Court can and should take into account[.]" ECF No. [252] at 14. Defendants respond that the NHTSA investigations fail to establish good cause to extend the discovery deadline because Plaintiffs have known about the NHTSA investigation and its recall for years. Defendants also contend neither Plaintiffs' decision to replace lead counsel nor Defendant's conduct during discovery establishes good cause exists to extend the fact discovery deadline.

#### A. NHTSA Investigations

Plaintiffs first relied on the NHTSA investigation into Defendant's vehicles, PE 021-020, to obtain a stay in this case in March 2022. *See* ECF No. [24]. The Court denied Plaintiffs' motion to stay the case pending the outcome of the NHTSA investigation on April 12, 2022. ECF No.

3

[40]. As Plaintiffs point out, NHTSA then expanded the scope of its investigation in June 2022 to encompass autopilot collisions in general rather than collisions involving first responder vehicles.[5] Plaintiffs contend this upgraded investigation, EA22002 ("NHTSA Collision Investigation"), is both admissible and directly relevant to their claims, and, as such, fact discovery should be extended to permit Plaintiffs to conduct further discovery regarding this investigation. However, Defendants accurately observe that Plaintiffs knew about the expanded NHTSA Collision Investigation over two years before filing the instant Motion. Defendants also argue Plaintiffs failed to diligently pursue discovery of this evidence from NHTSA.

Plaintiffs do not articulate why they waited over two years to seek further extension of the fact discovery period based on the NHTSA Collision Investigation. Plaintiffs observe that NHTSA issued a summary of the NHTSA Collision Investigation's findings on April 25, 2024. *See generally* ECF Nos. [252-2], [252-3]. As Defendants point out, however, this fails to explain why Plaintiffs failed to previously seek an extension of the discovery period on this basis during the over *two-year* period between NHTSA's announcement and the instant Motion. The fact that NHTSA's summary was released about two months ago does not explain why Plaintiffs waited until July 2024 to re-raise this issue. Further, this summary was released by NHTSA over two months before the close of discovery. Plaintiffs also fail to explain why they were unable to seek an extension before this extended deadline expired.

The Court is similarly unpersuaded that NHTSA's recent decision to open an investigation into Defendant's December 2023 recall, Recall 23V838 ("Tesla Recall"), justifies a further extension. On May 6, 2024, NHTSA announced it opened an investigation, RQ24009 ("NHTSA

---

[5] The initial investigation, PE 021-020, was upgraded to investigation EA22002. ECF No. [252-2] at 2 ("The Office of Defects Investigation (ODI) upgraded PE21020 to EA22002 on June 8, 2022, to extend work and deepen the PE21020 crash analysis[.]")

4

Recall Investigation"), to determine why some of the concerns identified in the NHTSA Collision Investigation "were not a part of the recall or otherwise determined to remedy a defect that poses an unreasonable safety risk." ECF No. [252-4] at 3. However, that information was available nearly two months before the close of discovery. As with the NHTSA Collision Investigation, Plaintiffs failed to raise this issue before fact discovery drew to a close.[6]

The Court concludes neither development supports further extending the fact discovery period. As Plaintiffs acknowledge, the Court has repeatedly extended the pretrial deadlines in this case, and warned the Parties that further extensions would not be permitted. Despite contending this evidence is critical to their case, Plaintiffs declined to move for an extension of the discovery period on that basis despite having approximately two months before the close of discovery to do so.

Moreover, the Court agrees with Defendant that Plaintiffs failed to diligently pursue this evidence. Plaintiffs made public record requests to NHTSA on May 28, 2024 and July 3, 2024, respectively. *See* ECF Nos. [252-6], [252-7]. Plaintiffs fail to explain why they previously made no such requests during the years-long discovery period in this case. Plaintiffs *did* join Tesla in seeking an extension of the deadline to file *Daubert* motions on June 21, 2024—over a month after NHTSA's announcement.[7] Moreover, Plaintiffs seek an *indefinite* extension of the fact discovery period. Plaintiffs explain they must obtain evidence regarding the NHTSA investigations, "then authenticate them with deposition testimony, then provide them to our experts to incorporate into

---

[6] This oversight is particularly glaring considering the Court further extended the fact discovery period in March 2024 in part to permit Plaintiffs to conduct discovery regarding the Tesla Recall. ECF No. [197]; *see generally* ECF No. [206].

[7] The Parties specifically sought a joint extension of the expert rebuttal report and *Daubert* motion deadlines with respect to Plaintiffs' rebuttal expert, Dr. Sally Russel. *See* ECF No. [244].

5

their opinions." ECF No. [252] at 6. Regarding how long this might take, Plaintiffs express optimism that they will hear back soon, but concede "[w]e are essentially at their mercy." *Id.*

The Court finds Plaintiffs' reliance on the NHTSA investigations fails to show good cause exists to further extend fact discovery in this case. Defendant is correct that Plaintiffs knew about the NHTSA Collision Investigation and the Tesla Recall for years but failed to diligently seek public records from NHTSA.[8] Moreover, the Parties were cautioned that the Court would not continue to extend the pretrial deadlines in this case. *See* ECF No. [206] at 39. Plaintiffs failed to timely move for a further extension before the close of discovery. Instead, Plaintiffs sought an extension of the *Daubert* motion deadline for a rebuttal expert during this period. The Court is therefore unpersuaded that the NHTSA investigations warrant an indefinite reopening of the discovery period. Plaintiffs were already granted the opportunity to conduct discovery on the Tesla Recall, and Plaintiffs have done so.[9] The Court accordingly concludes those investigations fail to show good cause exists to further extend the fact discovery period in this case.

### B. Other Factors

Plaintiffs also contend their decision to replace lead counsel and Defendants' conduct during discovery support finding good cause to extend the fact discovery period. The Court finds neither basis supports a general reopening of the fact discovery period in this case. However, the Court finds fact discovery should be reopened for the limited purpose of permitting Plaintiffs to obtain better responses from Defendant regarding their Twelfth Request for Production.

---

[8] Plaintiffs most recent public records request occurred *after* the close of fact discovery. *See* ECF No. [252-].

[9] Plaintiffs point out their Twelfth Request for Production concerned some of this evidence, and Defendant objected to this request in its entirety shortly before fact discovery closed. As discussed below, although the Court concludes Plaintiffs fail to show good cause to generally extend the fact discovery period, it finds fact discovery should be re-opened for the limited purpose of permitting Plaintiffs to obtain better responses to their Twelfth Request for Production.

### i. New Counsel

Plaintiffs' decision to retain new lead counsel fails to establish good cause to extend fact discovery. Plaintiffs concede "this is a minor factor[,]" ECF No. [252] at 20, but argue their new counsel's need to become familiar with the case warrants an extension of the fact discovery deadline. Defendants respond that Plaintiffs' decision to obtain new lead counsel fails to provide good cause for extending the discovery deadline. The Court agrees. As Defendants observe, the Eleventh Circuit has found a "plaintiff cannot salvage her case or avoid the consequences of her lack of diligence by pointing to her attorney's failings." *Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003). Further, the cases Plaintiff relies on are inapposite. Plaintiffs are not merely seeking extra "time to obtain new counsel[,]" *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1296 (S.D. Fla. 2010), or for time to permit new counsel "to get up to speed[.]" *Knauf Insulation, LLC v. Johns Manville Corp.*, Case No. 115CV00111TWPMJD, 2023 WL 4564429, at *1 (S.D. Ind. July 17, 2023). As discussed, Plaintiffs are seeking a prolonged extension of the fact discovery period and consequent extensions of the pretrial deadlines and trial date. Plaintiffs' decision to replace lead counsel for failing "to live up to their billing" accordingly fails to establish good cause to extend those deadlines. ECF No. [252] at 20.

### ii. Discovery Conduct

Apart from the Twelfth Request for Production, Defendant's conduct during discovery also fails to justify a further extension. Plaintiffs point to Defendant's objection to Plaintiffs taking depositions of its employees and objections to Plaintiffs' discovery requests.[10] Defendant responds that Plaintiffs did not depose its employees because they failed to diligently pursue those

---

[10] Plaintiffs also cite their intention to depose Robert Sumwalt, the former chair of the National Transportation Safety Board. The Court does not consider this deposition, as the Motion indicates it has already taken place. *See* ECF No. [242] at 11.

7

depositions before the close of discovery. Defendant also argues its objections to the Twelfth Request for Production do not justify re-opening the fact discovery period.

The Court agrees that Defendant's conduct regarding the depositions of its employees does not warrant a further extension. Chief Magistrate Judge Torres addressed this issue before the close of discovery. On June 22, 2024, Judge Torres granted Defendant's request for a protective order staying Plaintiffs' scheduled depositions of Defendant's Director of AutoPilot, Director of Engineering, and Director of Field Quality. ECF No. [248]. However, Judge Torres made clear Plaintiffs were free "to make a more persuasive showing or reconsideration of this Order at a scheduled discovery hearing if time remains before expiration of the discovery cutoff." *Id.* Plaintiffs did not do so, nor did they appeal Judge Torres' decision to this Court. As Defendant points out, Plaintiffs fail to explain why they were unable to do so prior to the close of discovery— or why they did not pursue those depositions far earlier in the discovery period. Defendant's conduct regarding those depositions thus fails to show good cause exists to extend the fact discovery deadline.

The Court *does* find Defendant's responses to Plaintiffs' Twelfth Request for Production warrant extending the fact discovery period, albeit for the limited purpose of providing better responses. On May 21, 2024, Plaintiffs served their Twelfth Request for Production, ECF No. [252-9], "which addressed two document subsets related to NHTSA's investigations." ECF No. [252] at 7. On June 26, 2024—two days before the discovery deadline—Defendant responded by objecting to "every single item requested[.]" *Id.*

Plaintiffs contend this conduct supports extending the fact discovery period. Defendant responds by offering to meet and confer with Plaintiffs regarding its responses, although it argues this issue does not warrant re-opening fact discovery. The Court agrees with Plaintiffs. Plaintiffs

8

served their Twelfth Request for Production over a month before the close of discovery. Defendant nonetheless waited until discovery was shortly closing and objected to *every* request. Moreover, Defendant's Response effectively concedes better responses to Plaintiffs' Twelfth Request for Production may be warranted. *See* ECF No. [256] at 4 n.2. The Court accordingly agrees that Defendant's conduct justifies a limited extension of fact discovery to obtain better responses, particularly because Defendant based its objections in part on its since-denied motion to strike, ECF No. [209]. *See* [254].

The Court accordingly finds Plaintiffs fail to show good cause exists to extend the fact discovery cutoff on a wholesale basis. However, the Court concludes good cause exists to re-open fact discovery for the limited purpose of permitting Plaintiffs to obtain better responses to their Twelfth Request for Production. The dispositive motion deadline will accordingly be amended to permit the Parties to resolve any issues related to this discovery request. However, the expired deadlines in the Amended Scheduling Order, ECF No. [200], shall otherwise remain undisturbed, including the November 4, 2024 trial date. An Amended Scheduling Order will follow.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Reopen the Fact Discovery Period, **ECF No. [252]**, is **GRANTED IN PART and DENIED IN PART** as follows:

1. The Parties must meet and confer by **July 26, 2024** to attempt to resolve Defendant's objections to the Twelfth Request for Production.

2. If the Parties are unable to resolve this issue, the Parties have until **August 2, 2024** to conduct a discovery hearing with Judge Torres to resolve Defendant's objections.

Defendant must produce all responses to Plaintiffs' Twelfth Request for Production by **August 9, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 23, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record