**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

DILLON ANGULO,                              Case No. 22-22607-KMM

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

**TESLA, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AND**
**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

    Tesla, Inc. ("Tesla") – incorrectly identified as Tesla Florida, Inc. – through its

undersigned counsel, for its Answer to Plaintiffs' Consolidated and Amended Complaint

(Complaint), Affirmative Defenses, and Jury Demand, states as follows.

## JURISDICTION, VENUE AND PARTIES

1.      The allegations contained in Paragraph 1 contain legal conclusions for which no response is required.  To the extent a response is required, Tesla admits only that Plaintiffs allege an amount in controversy exceeding the jurisdictional requirements.  Tesla further admits that diversity of citizenship between each Plaintiff and Tesla is satisfied.

2.      The allegations contained in Paragraph 2 are directed toward entities other than Tesla and contain legal conclusions and therefore no response is required.  To the extent a response is required, Tesla neither admits nor denies the  allegations contained in Paragraph 2 because it is without sufficient knowledge to form a belief about the truth of those allegations.

3.      The allegations contained in Paragraph 3 are directed toward entities other than Tesla and contain legal conclusions and therefore no response is required.

4.      The allegations contained in Paragraph 4 are directed toward entities other than Tesla and contain legal conclusions and therefore no response is required.  To the extent a response is required, Tesla denies that Decedent was 20 years old because this allegation is inconsistent with Neima Benavides' Interrogatory Responses.  Tesla neither admits nor denies the remaining allegations contained in Paragraph 4 because it is without sufficient knowledge to form a belief about the truth of those allegations.

5.      The allegations contained in Paragraph 5 are directed toward entities other than Tesla and contain legal conclusions and therefore no response is required.  To the extent a response is required, Tesla neither admits nor denies the  allegations contained in Paragraph 5 because it is without sufficient knowledge to form a belief about the truth of those allegations.

6.      The allegations contained in Paragraph 6 are directed toward entities other than Tesla and therefore no response is required.  To the extent a response is required, Tesla neither

admits nor denies the allegations contained in Paragraph 6 because it is without sufficient knowledge to form a belief about the truth of those allegations.

7.     The allegations contained in Paragraph 7 do not require an admission or denial. Tesla acknowledges that Plaintiffs collectively refer to themselves as Plaintiffs throughout the rest of their Complaint

8.     Tesla admits only that Tesla, Inc., at the time of the incident giving rise to this action and at the time this action was commenced, was and still is a corporation organized under the laws of Delaware.  Tesla further admits that at the time of the incident giving rise to this action and at the time the action was commenced, Tesla, Inc.'s principal place of business was in California. However, Tesla is now incorporated under the laws of the State of Texas, with its principal place of business remaining in Austin, Texas. Tesla further admits that Tesla, Inc. is authorized to conduct business in the state of Florida. Tesla denies the remaining allegations in Paragraph 8 because they are untrue.

9.     The allegations contained in Paragraph 9 contain legal conclusions for which no response is required.  To the extent a response is required, Tesla admits only that it is authorized to conduct business in the state of Florida.  Tesla further admits that it sells and distributes for sale Tesla vehicles in the state of Florida.   Tesla denies the remaining allegations contained in Paragraph 9 as written.

10.     Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting and manufacturing, in part, Tesla motor vehicles, and distributing, selling and servicing said motor vehicles in various regions, including the State of Florida. Tesla further admits it designed, tested, inspected and manufactured, in part, a 2019 Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle), and that the Subject Vehicle was originally sold in

the State of Florida. Tesla denies the remaining allegations in Paragraph 10  because they call for a legal conclusion in response to which no response is required.

## THE INCIDENT

11.     Tesla denies that George McGee "rode in" his 2019 Tesla Model S because this is a mischaracterization of the subject incident and the Subject Vehicle's capabilities and limitations. Tesla admits the remaining allegations contained in Paragraph 11.

12.     Tesla admits only that the Subject Vehicle was equipped with a suite of driver assistance features collectively referred to as "Autopilot."  Tesla denies that this suite of features rendered the vehicle self-driving, and therefore denies the remaining allegations contained within Paragraph 12 because they are untrue as written.

13.     Tesla denies the allegations contained in Paragraph 13 because they are untrue.

14.     Tesla admits the allegations contained in Paragraph 14.

15.     Tesla neither admits nor denies the allegations contained in Paragraph 15 because it is without sufficient information to form a belief about the truth of those allegations.

16.     Tesla neither admits nor denies the allegations contained in Paragraph 16 because it is without sufficient information to form a belief about the truth of those allegations.

17.     Tesla admits only that George McGee was driving the Subject Vehicle in excess of the posted speed limit at the time of the crash.  Tesla denies the remaining allegations contained in Paragraph 17 because they are untrue.

18.     Tesla neither admits nor denies the allegations contained in Paragraph 18 because it is without sufficient information to form a belief about the truth of those allegations.

19.     Tesla denies the allegations contained in Paragraph 19 because they are untrue.

20.     Tesla denies the allegations contained in Paragraph 20 because they are untrue.

21.     Tesla denies the allegations contained in Paragraph 21 because they are untrue.

22.     Tesla denies the allegations contained in Paragraph 22 because they are untrue.

23.     Tesla denies the allegations contained in Paragraph 23 because they are untrue.

24.     Tesla denies the allegations contained in Paragraph 24 because they are untrue as stated.

25.     Tesla denies the allegations contained in Paragraph 25 because they are untrue as stated.

26.     Tesla admits only that NHTSA upgraded PE21-020 to Engineering Analysis (EA) EA22-002, and that the Engineering Analysis and that documents related to that investigation speak for themself.

27.     Tesla admits only that it voluntarily initiated Recall 23V-838 in December of 2023. Tesla denies the remaining allegations contained in Paragraph 27 because they are untrue as stated.

28.     Tesla admits only those allegations in Paragraph 28 that refer to Tesla's Part 573 Defect Report for its voluntary Recall 23V-838, and the recall and documents related to the recall speaks for themself.  Tesla denies the remaining allegations contained in Paragraph 28 because they are untrue as stated.

29.     Tesla admits only those allegations in Paragraph 29 that refer to Tesla's Part 573 Defect Report for its voluntary Recall 23V-838, and the recall and documents related to the recall speaks for themself. Tesla denies the remaining allegations contained in Paragraph 29 because they are untrue as stated.

30.     Tesla admits only that Recall 23V-838 includes an over-the-air software update which includes an update to or additional warnings. Tesla denies the remaining allegations contained in Paragraph 30 because they are untrue, and notes that Plaintiffs quote an inadmissible

hearsay media report as the basis for allegations contained in Paragraph 30.

31.     Tesla denies the allegations related to statements by Tesla CEO Elon Musk as an incomplete and out of context statement.  Tesla denies the remaining allegations contained in Paragraph 31 because they are untrue.

32.     Tesla denies the allegations contained in Paragraph 32 because they are untrue, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 32.

33.     Tesla denies the allegations of "the dangerously defective system" contained in Paragraph 33 because they are untrue. Tesla also denies the remaining allegations in Paragraph 33 because they are argumentative and an incomplete and untrue mischaracterization of Tesla's Autopilot technology. Tesla also notes that allegations in Paragraph 33 are based on inadmissible hearsay media reports.

34.     Tesla neither admits nor denies Plaintiffs' the allegations in Paragraph 34 concerning Plaintiffs' knowledge of alleged defects because it is without sufficient information to form a belief about the truth of those allegations.  Tesla denies the remaining allegations contained in Paragraph 34 because. they are untrue.

35.     Tesla denies the allegations contained in Paragraph 35 because the statements attributed to Tesla CEO Elon Musk are an incomplete and out of context statement.

36.     Tesla denies the allegations contained in Paragraph 36 because they are untrue.

37.     Tesla denies the allegations contained in Paragraph 37 because they are untrue.

38.     Tesla denies the allegations contained in Paragraph 38 because they are untrue.

39.     Tesla denies the allegations contained in Paragraph 39 because the statements attributed to Tesla CEO Elon Musk are an incomplete and out of context statement.

40.     Tesla denies the allegations contained in Paragraph 40 because the statements attributed to Tesla CEO Elon Musk are incomplete and out of context statements.

41.     Tesla denies the allegations contained in Paragraph 41 because they are untrue characterizations of the video described in therein.

42.     Tesla denies the allegations contained in Paragraph 421 because they are untrue characterizations of the video described in therein.

43.     Tesla denies the allegations contained in Paragraph 43 because the statements attributed to Tesla CEO Elon Musk are incomplete and out of context statements.

44.     Tesla denies the allegations contained in Paragraph 44 related to statements attributed to Tesla CEO Elon Musk because they are incomplete and out of context statements. Tesla denies the remaining allegations in Paragraph 44 because they are true.

45.     Tesla denies the allegations contained in Paragraph 45 because the statements attributed to Tesla CEO Elon Musk therein are incomplete and out of context statements.

46.     Tesla denies the allegations contained in Paragraph 46 because the statements attributed to Tesla CEO Elon Musk are incomplete and out of context statements.

47.     Tesla denies the allegations contained in Paragraph 47 related to statements attributed to Tesla CEO Elon Musk because they are incomplete and out of context statements.

48.     Tesla denies the allegations contained in Paragraph 48 because they are untrue.

49.     Tesla denies the allegations contained in Paragraph 49 because they are untrue, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 49.

50.     Tesla denies the allegations contained in Paragraph 50 because they are untrue, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations

contained in Paragraph 50.

51.    Tesla denies the allegations contained in Paragraph 51 as written, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 51.

52.    The allegations contained in Paragraph 52 are directed towards individuals other than Tesla, and therefore no response is required.  Tesla also notes that the allegations contained in Paragraph 52 are based on  an inadmissible hearsay statement which speaks for itself.

53.    Tesla denies the allegations in Paragraph 53 because they are untrue, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 53.

54.    Tesla denies the allegations contained in Paragraph 54 because they are untrue.

55.    Tesla admits only that a fatality involving a Tesla equipped with Autopilot occurred in May of 2016.  Tesla denies the remaining allegations in Paragraph 55 because they are untrue.

56.    Tesla denies the allegations contained in Paragraph 56 because they are untrue, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 56.

57.    Tesla denies the allegations contained in Paragraph 57 because they are untrue, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 57.

58.    Tesla denies the allegations contained in Paragraph 58 because they contain incomplete and out of contexts quotes from the letter described therein, and the letter speaks for itself.

59.    Tesla denies the allegations contained in Paragraph 59 because they contain

incomplete and out of contexts quotes from the letter described therein, and the letter speaks for itself.

60.    Tesla admits only that NHTSA opened an investigation into Tesla's Autopilot suite of features on or about August 13, 2021.  Tesla neither admits nor denies the remaining allegations because NHTSA's investigation and related documents speak for themselves.

61.    Tesla denies the allegations contained in Paragraph 61 because they are untrue as stated, and notes that Plaintiffs quote an inadmissible hearsay media report as the basis for allegations contained in Paragraph 61.

62.    Tesla neither admits nor denies the allegations contained in Paragraph 62 because the Special Order referenced in the allegations speaks for itself.

63.    Tesla neither admits nor denies the allegations contained in Paragraph 63 because the recall referenced in those allegations speaks for itself and does not apply to the Subject Vehicle.

64.    Tesla neither admits nor denies the allegations contained in Paragraph 64 because the recall referenced in those allegations speaks for itself and does not apply to the Subject Vehicle.

65.    Tesla neither admits nor denies the allegations contained in Paragraph 65 because the recall referenced in those allegations speaks for itself and it does not apply to the Subject Vehicle.

66.    Tesla denies the allegations contained in Paragraph 66 because they are untrue.

67.    Tesla denies the allegations contained in Paragraph 67 because they are incomplete and out of context statements.

68.    Tesla denies the allegations contained in Paragraph 68 because they are untrue.

69.    Tesla denies the allegations contained in Paragraph 69 because they are untrue.

70.    Tesla denies the allegations contained in Paragraph 70 because they are untrue.

71.    Tesla neither admits nor denies the allegations contained in Paragraph 71 because

they present an incomplete hypothetical and Tesla lacks sufficient information about the truth of those allegations.

72.     Tesla neither admits nor denies the allegations contained in Paragraph 72 because they present an incomplete hypothetical and Tesla lacks sufficient information about the truth of those allegations.

73.     Tesla neither admits nor denies the allegations contained in Paragraph 73 because they present an incomplete hypothetical and Tesla lacks sufficient information about the truth of those allegations.

74.     Tesla neither admits nor denies the allegations contained in Paragraph 74 because they present an incomplete hypothetical and Tesla lacks sufficient information about the truth of those allegations.

75.     Tesla neither admits nor denies the allegations contained in Paragraph 75 because they present an incomplete hypothetical and Tesla lacks sufficient information about the truth of those allegations.

76.     Tesla neither admits nor denies the allegations contained in Paragraph 76 because they present an incomplete hypothetical and Tesla lacks sufficient information about the truth of those allegations.

77.     Tesla denies the allegations contained in Paragraph 77 because they are untrue.

78.     Tesla neither admits nor denies the allegations contained in Paragraph 78 because it lacks sufficient information to form a belief about the truth of those allegations.

79.     Tesla neither admits nor denies the allegations contained in Paragraph 79 because it lacks sufficient information to form a belief about the truth of those allegations.

80.     Tesla neither admits nor denies the allegations contained in Paragraph 80 because it

lacks sufficient information to form a belief about the truth of those allegations.

81.     Tesla neither admits nor denies the allegations contained in Paragraph 81 because it lacks sufficient information to form a belief about the truth of those allegations.

82.     Tesla neither admits nor denies the allegations contained in Paragraph 82 because it lacks sufficient information to form a belief about the truth of those allegations.

83.     Tesla denies allegations contained in Paragraph 83 including all subparts because they are untrue.

84.     Tesla denies allegations contained in Paragraph 84 including all subparts because they are untrue.

85.     Tesla denies the allegations contained in Paragraph 85 because they are untrue.

86.     Tesla denies the allegations contained in Paragraph 86 because they are untrue.

87.     Tesla admits the general substance of the allegations contained in Paragraph 87, but notes that it is based on an admissible hearsay statement.

88.     Tesla neither admits nor denies the allegations contained in Paragraph 88 because it is without sufficient information to form a belief about the truth of those allegations.

89.     Tesla neither admits nor denies the allegations concerning others in the automotive industry because it lacks sufficient information to form  a belief about the truth of those allegations. Tesla denies the allegations concerning Elon Musk because the allegations are an incomplete or out of context quote from inadmissible hearsay statements, and denies the remaining allegations contained in paragraph 89 because they are untrue.

90.     Tesla neither admits or denies the allegations contained in Paragraph 90 related to or about vehicles or technology not manufactured by Tesla because it lacks information sufficient to form a belief as to the truth of those allegations. Tesla denies the remaining allegations contained

in Paragraph 90 because they are argumentative and an incomplete and untrue mischaracterization of Tesla's Autopilot technology. Tesla also notes that allegations in Paragraph 33 are based on inadmissible hearsay media reports.

91.     Tesla neither admits nor denies the allegations contained in Paragraph 91 because it is without sufficient information to form a belief about the truth of those allegations.

92.     Tesla neither admits nor denies the allegations contained in Paragraph 92 because it is without sufficient information to form a belief about the truth of those allegations.

93.     Tesla neither admits or denies the allegations contained in Paragraph 93 related to "additional versions of its FSD", "FSD Beta 10.3." and FSD Beta 10.2 because the subject 2019 Tesla Model S was not equipped with those systems. Tesla denies the statements in Paragraph 93 attributed to Tesla CEO Elon Musk because they are incomplete and out of context statements. Tesla also notes that allegations in Paragraph 93 are based on inadmissible hearsay media reports.

94.     Tesla neither admits nor denies the allegations contained in Paragraph 94 because it is without sufficient information to form a belief about the truth of those allegations, and notes that the allegations are based on inadmissible hearsay statements.

95.     Tesla denies the allegations contained in Paragraph 95 because they are untrue.

96.     Tesla neither admits nor denies the allegations contained in Paragraph 96 because they are an incomplete or out of context quote from inadmissible hearsay statements.

### FACTS COMMON TO ALL CLAIMS

97.     Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 96 above as if fully restated here.

98.     Admit.

99.     Admit.

100.    Admit.

101.    Tesla denies that George McGee was influenced to purchase the subject vehicle by advertisements published by Tesla.  Tesla admits only that George McGee testified he wanted a vehicle that would provide him with assistance while commuting to and from work.  Tesla denies the remaining allegations contained in Paragraph 101 because they are untrue.

102.    Admit.

103.    Admit.

104.    Admit.

105.    Tesla admits only that the Autopilot features in the subject vehicle were enabled at the time of the incident, but Mr. McGee has testified that he was overriding Traffic Aware Cruise Control and data from the subject vehicle proves that his hands were detected as on the steering wheel before and at the time of the crash meaning that  Mr. McGee was manually driving the Subject Vehicle before and at the time of the crash.  Tesla denies the remaining allegations contained in Paragraph 105 because they are untrue.

106.    Tesla admits only that George McGee admitted that took his eyes off the road to look at his phone as he was approaching the T-intersection at CR-905A, but denies the remaining allegations contained in Paragraph 106 because they are untrue.

107.    The allegations contained in Paragraph 107 are directed towards entities or parties other than Tesla, and therefore no response is required.  To the extent a response is required, Tesla admits only that Dillon Angulo's Chevrolet Tahoe was owned by Dillon Angulo's mother and was parked on the shoulder of the road on the east side of County road 905, directly across from the end of eastbound Card Sound Road at the time of the incident.  Tesla neither admits nor denies the remaining allegations contained in Paragraph 107 because it is without sufficient information to form

a belief about the truth of those allegations.

108.    Admit.

109.    Tesla denies the allegations contained in Paragraph 109 because they are untrue.

110.    Tesla denies the allegations contained in Paragraph 110 because they are untrue as stated.

111.    Tesla specifically denies that the Subject Vehicle "failed to detect the end of Card Sound Road (including a failure to detect the various traffic control devices) and further failed to detect the substantial profile of the Chevrolet Tahoe at any point."

112.    Tesla denies the allegations concerning Tesla's response to NHTSA's "findings" because they are untrue.  Tesla neither admits nor denies the allegations concerning testers at Consumer Reports because allegations are an incomplete or out of context quotes from inadmissible hearsay statements.

113.    Tesla denies the allegations contained in Paragraph 113 because they are argumentative and an incomplete and untrue mischaracterization of Tesla's Autopilot technology. Tesla also notes that allegations in Paragraph 113 are based on inadmissible hearsay media reports.

## COUNT 1 – STRICT PRODUCTS LIABILITY

### (Defective Design)

114.    Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 96 above as if fully restated here.

115.    Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting, and fabricating, assembling and manufacturing, in part, Tesla motor vehicles, and advertising, distributing, selling, leasing, and renting, said motor vehicles.  Tesla further admits it designed, tested, inspected, fabricated, assembled, and manufactured, in part, a 2019

Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle).  Tesla further admits only that the only warranty it made concerning the Subject Vehicle is the express limited warranty that accompanied the sale of the Subject Vehicle.

116.    Tesla denies the allegations contained in Paragraph 116 because they are untrue.

117.    The allegations contained in Paragraph 117 call for legal conclusions for which no response is required.  To the extent a response is required, Tesla denies that its vehicles are defective.

118.    Tesla denies the allegations contained in Paragraph 118 because they are untrue.

119.    Tesla denies the allegations contained in Paragraph 119 because they are untrue.

120.    Tesla denies the allegations contained in Paragraph 120 because they are untrue.

121.    Tesla denies the allegations contained in Paragraph 121, including all subparts because they are untrue.

122.    Tesla denies the allegations contained in Paragraph 122 because they are untrue.

123.    Tesla denies the allegations contained in Paragraph 123 because they are untrue.

124.    The allegations contained in Paragraph 124 including its subparts call for legal conclusions, and therefore no response is required.  To the extent a response is required, Tesla denies the allegations contained in Paragraph 124 because they are untrue as written.

125.    Tesla denies the allegations contained in Paragraph 125 because they are untrue.

126.    Tesla denies the allegations contained in Paragraph 126 because they are untrue.

127.    Tesla neither admits nor denies whether Plaintiff Dillon Angulo's alleged injuries are permanent or continuing because it is without sufficient information to form a belief about the truth of those allegations.  Tesla denies the remaining allegations contained in Paragraph 127 because they are untrue.

128.     Tesla denies the remaining allegations contained in Paragraph 128 because they are untrue.

**WHEREFORE,** Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

## COUNT 2 – STRICT PRODUCTS LIABILITY

### (Failure to Warn)

129.     Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 128 above as if fully restated here.

130.     Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting, and fabricating, assembling and manufacturing, in part, Tesla motor vehicles, and advertising, distributing, selling, leasing, and renting, said motor vehicles.   Tesla further admits it designed, tested, inspected, fabricated, assembled, and manufactured, in part, a 2019 Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle).   Tesla further admits only that the only warranty it made concerning the Subject Vehicle is the express warranty that accompanied the sale of the Subject Vehicle.

131.     Tesla admits only that George McGee was operating the Subject Vehicle at the time of the Subject Incident, and that it is foreseeable that a driver may press the accelerator in order to exceed the posted speed limit while allowing themselves to be distracted or inattentive to the road ahead such that they fail to stop at a stop sign and cause a collision.   Tesla denies the remaining allegations contained in Paragraph 131 because they are untrue.

132.     Tesla denies the allegations contained in Paragraph 132 because they are untrue.

133.     The allegations contained in Paragraph 133 contain legal conclusions for which no

response is required.  To the extent a response is required, Tesla denies the allegations contained in Paragraph 133 because they are untrue.

134.    The allegations contained in Paragraph 134 contain legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations contained in Paragraph 134 because they are untrue.

135.    Tesla denies the allegations contained in Paragraph 135 because they are untrue.

136.    Tesla neither admits nor denies the allegations in Paragraph 136 about Plaintiff Dillon Angulo's alleged injuries because it is without sufficient information to form a belief about the truth of those allegations.  Tesla denies the remaining allegations contained in Paragraph 136 because they are untrue.

137.    Tesla denies the allegations contained in Paragraph 137 because they are untrue.

**WHEREFORE**,  Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

## COUNT 3 – STRICT PRODUCTS LIABILITY

### (Defective Manufacture)

138.    Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 137 above as if fully restated here.

139.    Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting, and fabricating, assembling and manufacturing, in part, Tesla motor vehicles, and advertising, distributing, selling, leasing, and renting, said motor vehicles.  Tesla further admits it designed, tested, inspected, fabricated, assembled, and manufactured, in part, a 2019 Tesla Model S

under VIN 5YJSA1E24KF302997 (the Subject Vehicle). Tesla further admits only that the only warranty it made concerning the Subject Vehicle is the express warranty that accompanied the sale of the Subject Vehicle.

140.   Tesla denies the allegations contained in Paragraph 140, including all subparts because they are untrue.

141.   Tesla denies the allegations contained in Paragraph 141 because they are untrue.

142.   Tesla neither admits nor denies the allegations in Paragraph 142 about Plaintiff Dillon Angulo's alleged injuries being permanent or continuing because it is without sufficient information to form a belief about the truth of those allegations. Tesla denies the remaining allegations contained in Paragraph 142 because they are untrue.

143.   Tesla denies the allegations contained in Paragraph 143 because they are untrue.

**WHEREFORE**, Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

## COUNT 4 – NEGLIGENT MISREPRESENTATION

144.   Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 143 above as if fully restated here.

145.   Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting, and fabricating, assembling and manufacturing, in part, Tesla motor vehicles, and advertising, distributing, selling, leasing, and renting, said motor vehicles. Tesla further admits it designed, tested, inspected, fabricated, assembled, and manufactured, in part, a 2019 Tesla Model S under VIN 5YJSA1E24KF302997 (the Subject Vehicle). Tesla further admits only that the only

warranty it made concerning the Subject Vehicle is the express warranty that accompanied the sale of the Subject Vehicle

146.   The allegations contained in Paragraph 146 contain legal conclusions for which no response is required.

147.   Tesla denies the allegations contained in Paragraph 147 because they are untrue.

148.   Tesla denies the allegations contained in Paragraph 148 because they are untrue.

149.   Tesla denies the allegations contained in Paragraph 149 because they are untrue.

150.   Tesla denies the allegations contained in Paragraph 150 because they are untrue.

151.   Tesla denies the allegations contained in Paragraph 151 because they are untrue.

152.   Tesla denies the allegations contained in Paragraph 152 because they are untrue.

153.   Tesla admits only that George McGee was operating the Subject Vehicle at the time of the Subject Incident, and that it is foreseeable that a driver may press the accelerator in order to exceed the posted speed limit while allowing themselves to be distracted or inattentive to the road ahead such that they fail to stop at a stop sign and cause a collision.

154.   Tesla denies the allegations contained in Paragraph 154 because they are untrue.

155.   Tesla neither admits nor denies the allegations in Paragraph 155 about Plaintiff Dillon Angulo's alleged injuries being permanent or continuing because it is without sufficient information to form a belief about the truth of those allegations.  Tesla denies the remaining allegations contained in Paragraph 155 because they are untrue.

156.   Tesla denies the allegations contained in Paragraph 156 because they are untrue.

WHEREFORE, Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may

deem proper.

**COMPENSATORY DAMAGES – DILLON ANGULO**

157.    Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 157 above as if fully restated here.

158.    Tesla denies the allegations contained in Paragraph 158 including all subparts because they are untrue.

159.    The allegations contained in Paragraph 159 are directed towards entities or parties other than Tesla, and therefore no response is required.  To the extent a response is required, Tesla is unable to admit or deny the allegations contained in Paragraph 159 because it is without sufficient information to form a belief about the truth of those allegations.

WHEREFORE, Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

**WRONGFUL DEATH DAMAGES**

160.    Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 159 above as if fully restated here.

161.    Tesla denies the allegations contained in Paragraph 161 because they are untrue.

162.    The allegations contained in Paragraph 162 including all subparts are directed toward entities other than Tesla, and therefore no response is required.  To the extent a response is required, Tesla neither admits nor denies the remaining allegations contained in Paragraph 162 including all subparts because it is without sufficient information to form a belief about the truth of those allegations.

20

163.     The allegations contained in Paragraph 163 including all subparts are directed toward entities other than Tesla, and therefore no response is required.  To the extent a response is required, Tesla denies that Guillermo Benavides lost support and services Naibel Benavides Leon provided and would have provided to him.  Tesla neither admits nor denies the remaining allegations contained in Paragraph 163 including its subparts because it is without sufficient information to form a belief about the truth of those allegations.

WHEREFORE, Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

## PUNITIVE DAMAGES

164.     Tesla restates and incorporates by reference its answers and responses to Paragraphs 1 through 163 above as if fully restated here.

165.     Tesla denies the allegations contained in Paragraph 166 because they are untrue.

166.     Tesla denies the allegations contained in Paragraph 166 because they are untrue.

167.     Tesla admits only that the Subject Vehicle's Autopilot features were enabled at the time of the subject incident, but denies the remaining allegations contained in Paragraph 167 because they are untrue.

168.     Tesla denies the allegations contained in Paragraph 168 because they are argumentative and an incomplete and untrue mischaracterization of Tesla's Autopilot technology.

169.     Tesla denies the allegations contained in Paragraph 169 because they are true.

170.     Tesla denies the allegations contained in Paragraph 170 because they are untrue.

171.     Tesla denies the allegations contained in Paragraph 171 because they are untrue.

172.    Tesla denies the allegations contained in Paragraph 172 because they are untrue.

173.    Tesla denies the allegations contained in Paragraph 173 because they are untrue.

174.    Tesla denies the allegations contained in Paragraph 174 because they are untrue.

175.    Tesla denies the allegations contained in Paragraph 175 because they are untrue.

176.    Tesla denies the allegations contained in Paragraph 176 because they are untrue.

177.    Tesla denies the allegations contained in Paragraph 177 because they are untrue.

178.    Tesla denies the allegations contained in Paragraph 178 because they are untrue.

179.    Tesla denies the allegations contained in Paragraph 179 because they are untrue.

180.    Tesla denies the allegations contained in Paragraph 180, including all subparts, because they are untrue.

181.    Tesla denies the allegations contained in Paragraph 181 because they are untrue.

182.    Tesla denies the allegations contained in Paragraph 18**2** because they are untrue.

183.    Tesla denies the allegations contained in Paragraph 182 because they are untrue, and notes that these allegations are based on inadmissible hearsay statements.

184.    Tesla denies the allegations contained in Paragraph 184 because they are argumentative and an incomplete and untrue mischaracterization of Tesla's Autopilot technology. Tesla also notes that allegations in Paragraph 184 are based on inadmissible hearsay media reports.

185.    Tesla denies the allegations contained in Paragraph 185 because they are untrue.

186.    Tesla denies the allegations contained in Paragraph 186 because they are untrue.

WHEREFORE, Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

**PRAYER**

WHEREFORE, Tesla, Inc., requests that this Court dismiss Plaintiffs' Consolidated and Amended Complaint with prejudice and enter a judgment of no cause of action in Favor of Tesla, Inc., including costs, expenses, attorney fees, and interest, and all other relief as the Court may deem proper.

**<u>AFFIRMATIVE DEFENSES</u>**

Tesla has not yet had the opportunity to complete its discovery or investigation of this matter and, therefore, relies upon the following defenses which may prove applicable after discovery or at trial:

1.      As its first affirmative defense, Tesla alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted and Tesla hereby moves for dismissal of Plaintiffs' Complaint as a matter of law.

2.      As a further affirmative defense, Tesla alleges that Plaintiffs' alleged damages, if any, may have been caused, in whole or in part, by Plaintiffs' own negligent acts and/or omissions and, therefore, Plaintiffs are barred from recovery or, alternatively, Plaintiffs' recovery should be reduced by any allocation of fault or responsibility to Plaintiffs.

3.      As a further affirmative defense, Tesla alleges that Plaintiffs lack standing to assert their misrepresentation claims, as alleged in Count 4 of Plaintiffs' Complaint.

4.      As a further affirmative defense, Tesla alleges that the subject accident was caused, in whole or in part, by the negligent acts and/or omissions of a third party or parties over whom Tesla had neither control, nor the right to control, including George McGee, and, therefore, Plaintiffs are barred from recovery or, alternatively, are barred from full recovery from Tesla.

5.      As a further affirmative defense, Tesla alleges that the proximate cause of the incident giving rise to this action was the use of the vehicle in a manner that was contrary to any express and adequate warning or instruction appearing on, attached to, or delivered with the vehicle which driver George McGee or his agents knew, or in the exercise of reasonable diligence should have known.

6.      As a further affirmative defense, Tesla alleges that Plaintiffs failed to mitigate their damages.

7.      As a further affirmative defense, Tesla alleges that the subject incident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, persons, or employers, pursuant to the Florida Supreme Court decision of *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). In compliance with *Nash v. Wells Fargo Guard Services*, *Inc.*, 678 So. 2d 1262 (Fla. 1996), Tesla identifies the following persons as party and non-party tortfeasors in this case: (1) George McGee; and (2) other currently unidentified parties, persons, firms, or corporations over whom Tesla had no control or duty to control, and for whose actions Tesla cannot be held responsible or legally liable. Tesla reserves the right to amend this affirmative defense to identify any additional individuals or entities responsible, in whole or in part, for the Plaintiffs' damages as they are revealed through investigation and discovery in this case.

8.      As a further affirmative defense, Tesla alleges that the subject incident  and Plaintiffs' damages may have been caused, in whole or in part, by one or more intervening and/or superseding causes and, therefore, Plaintiffs are barred from recovery or, alternatively, are barred from full recovery.

9.      As a further affirmative defense, Tesla asserts that the subject incident  and Plaintiffs' Complaint are governed by the Tort Reform and Insurance Act of 2006, which, among

other things, addresses joint and several liability (or the abolition thereof) and nonduplication of collateral source benefits. Tesla affirmatively pleads all of the defenses and rights available to it under said Act.

10.     As a further affirmative defense, Tesla alleges that the loss alleged resulted from the abuse, misuse, or alteration of the Subject Vehicle in question and, hence, the Plaintiffs may not recover.

11.     As a further affirmative defense, Tesla alleges that the Subject Vehicle was manufactured in a reasonably safe manner in full compliance with all applicable standards, laws, statutes, and regulations and, hence, the Plaintiffs may not recover. Tesla further contends that pursuant to Florida Statute §768.1256, there is a rebuttable presumption that the Subject Vehicle was not defective.

12.     As a further affirmative defense, Tesla alleges that the Subject Vehicle was not unreasonably dangerous, defective, or unsafe, since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture. Tesla specifically pleads and asserts the state-of-the-art defense pursuant to Florida Statute §768.1257.

13.     As a further affirmative defense, Tesla alleges that all claims of "failure to warn" or "inadequate warnings" made against Tesla, if any, are barred because the risk undertaken was a material one that was open and obvious to reasonably prudent product users or was common knowledge to persons in similar position to users.

14.     As a further affirmative defense, Tesla alleges that Florida does not recognize a post-sale duty to warn, and hence any post-sale duty to warn claim is not actionable under Florida law.

15.     As a further affirmative defense, Tesla alleges that no additional or different warnings would have or could have prevented the subject incident, the injuries, loss and/or damages alleged by Plaintiffs.

16.      As a further affirmative defense, Tesla alleges that the Subject Vehicle is not defective or unreasonably dangerous.

17.     As a further affirmative defense, Tesla alleges that it is entitled to, and claims benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of Florida.

18.     As a further affirmative defense, Tesla alleges that it may have been prejudiced in its defense to the extent that evidence relevant to this case may have been destroyed or altered by others.

19.      As a further affirmative defense, Tesla alleges that Plaintiffs are barred from recovering all damages or medical expenses paid or payable from collateral sources.

20.      As a further affirmative defense, Tesla alleges that it is entitled to a set-off, under Fla. Stat. § 768.31(5)(a), for all settlements and compensation that the Plaintiffs have received, or may receive, as a result of the Subject Incident.

21.     As a further affirmative defense, Tesla alleges that Plaintiffs' claim for punitive damages fails to state a claim upon which relief can be granted.

22.     As a further affirmative defense, Tesla alleges that there are no specific sufficient factual allegations supporting punitive damages against Tesla in the Complaint and therefore the imposition of any punitive damages in this case would deprive Tesla of its property without due process of law under the Florida State Constitution and the United States Constitution.

23.     As a further affirmative defense, Tesla alleges that Plaintiffs' Complaint seeking punitive damages violates Tesla's right to protection from excessive fines as provided in the Eighth Amendment to the United States Constitution and Article I, Section 17 of the Florida Constitution and violates Tesla's right to substantive process as provided in the **Fifth** and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Florida Constitution and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.  With respect to Plaintiffs' demand for punitive damages, Tesla specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *Cote v. Philip Morris U.S., Inc.*, 985 F.3d 840 (11th Cir. 2021); *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman tool Group, Inc.*, 532 U.S. 425 (2001), and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003):

    i.  Because punitive damages are quasi-criminal in nature, the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Tesla from unreasonable punitive damages awards.

    ii.  To the extent a punitive damages award is excessive, it constitutes an arbitrary deprivation of property. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003).

    iii.  Subject to the Due Process Clause, with regard to any punitive damages award, clear and convincing evidence must support a conclusion that: (a) the plaintiff's harm was proximately caused by Tesla's intentional misconduct or gross negligence; (b) a reasonable relationship exists between the amount of the punitive damages awarded and the degree of

reprehensibility of Tesla's conduct; (c) the disparity between the actual and potential damages suffered by the plaintiff and the amount of the punitive damages award does not exceed upheld ratios; and (d) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases is not unreasonably disparate. *See Kerrivan v. R.J. Reynolds Tobacco Company*, 953 F.3d 1196 (11th Cir. 2020).

    iv.   Tesla reserves the right to request that an award of punitive damages, if any, be determined only at a separate trial as permissible under Federal Rule of Civil Procedure 42 (b). See also Soliday v. 7-Eleven, Inc. 2011 WL 2413656 at *5 (M.D. Fla. June 13, 2011).

24.    As a further affirmative defense, Tesla alleges that the claim for "punitive damages" is barred by the provisions of Article VI of the United States Constitution.

25.    As a further affirmative defense, Tesla alleges that any attempted application of Florida law in this case in regard to any claim for "punitive damages" against Tesla would be unconstitutional for the following reasons:

    1)   Plaintiffs' claim for punitive damages against Tesla cannot be maintained, because an award of punitive damages under current Florida law would be void for vagueness, both facially and as applied.

    2)   Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a

predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, Section 9 of the Florida Constitution, and the common law and public policies of the State of Florida.

26.     As a further affirmative defense, Tesla alleges that Plaintiffs' claim for punitive damages against it cannot be maintained, because any award of punitive damages under Florida law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Tesla, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Tesla's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 9 of the

Florida Constitution and would be improper under the common law and public policies of the State of Florida.

27.     As a further affirmative defense, Tesla alleges that Plaintiffs' right to recover punitive damages, if any, is limited by any caps imposed and set forth in Florida Statutes § 768.72 and § 768.73.

28.     As a further affirmative defense, Tesla alleges that any award of punitive damages based on anything other than Tesla's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 9 and 16 of the Florida Constitution, and would be improper under the common law and public policies of the State of Florida, because any other judgment for punitive damages in this case cannot protect Tesla against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, especially including conduct that is lawful in states other than the State of Florida. In addition, any such award would violate principles of comity under the laws of the State of Florida.

29.     As a further affirmative defense, Tesla alleges that to the extent that the law of Florida permits punishment to be measured by the net worth or financial status of Tesla and imposes greater punishment on Tesla with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Tesla in other States, and allows dissimilar treatment of similarly situated Defendants, in violation of the due process and equal protection provisions of the

Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 2 and 9 of the Constitution of the State of Florida.

Tesla reserves the right to amend or supplement these Affirmative Defenses as discovery and investigation continues and throughout trial.

### **RELIANCE ON PLAINTIFFS' DEMAND FOR JURY TRIAL**

Tesla hereby relies on Plaintiffs' demand for trial by Jury on all issues so triable.


Date:  July 24, 2024                              Respectfully submitted,


                                                  *s/  Whitney V. Cruz*
                                                  **WHITNEY V. CRUZ**
                                                  Florida Bar No. 800821
                                                  **BOWMAN AND BROOKE LLP**
                                                  Two Alhambra Plaza, Suite 800
                                                  Coral Gables, FL 33134
                                                  Tel. 305-995-5600 / Fax: 305-995-6100
                                                  whitney.cruz@bowmanandbrooke.com

                                                  **THOMAS P. BRANIGAN**
                                                  (Admitted *Pro Hac Vice*)
                                                  **DREW P. BRANIGAN**
                                                  (Admitted *Pro Hac Vice*)
                                                  **BOWMAN AND BROOKE LLP**
                                                  101 W. Big Beaver Road, Suite 1100
                                                  Troy, MI 48084
                                                  Tel. 248-205-3300 / Fax: 248-205-3399
                                                  thomas.branigan@bowmanandbrooke.com
                                                  drew.branigan@bowmanandbrooke.com

                                                  *Attorneys for Defendant Tesla, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
assistant@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

s/ *Whitney V. Cruz*
Whitney V. Cruz