**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-21940-BLOOM/TORRES

NEIMA BENAVIDES,

Plaintiff,

v.

TESLA, INC., *a/k/a Tesla Florida Inc.*,

Defendant.

______________________________________/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This cause comes before the Court on Plaintiff's motion to compel Defendant, Tesla, Inc. ("Tesla"), to authorize access to and interpret certain data. [D.E. 268]. Tesla has not responded to the motion, and the time to do so has passed. The motion, therefore, is ripe for disposition.[1] After review of the motion and relevant authorities, and for the reasons set forth below, Plaintiff's motion is **GRANTED**.

## *I. ANALYSIS*

Plaintiff seeks to compel Tesla to interpret the data located in an SD data storage card found in the crashed Tesla vehicle's microcontroller ("MCU"). Prior to last month, Plaintiff was unable to locate the SD card, which contains ostensibly probative evidence located inside the crashed Tesla vehicle. The SD card was taken and stored by the Florida Highway Patrol ("FHP") from the crash site. Last month,

[1] On November 13, 2023, the Honorable Beth Bloom referred all discovery matters to the Undersigned Magistrate Judge for disposition. [D.E. 150].

while Plaintiff deposed former FHP Officer Rosario-Flores, Mr. Flores informed Plaintiff as to the MCU's whereabouts. Plaintiff then spoke with the FHP again, who confirmed that it possessed the SD card and agreed to turnover the SD card to Plaintiff, provided that both parties jointly signed off on the return of the SD card. Tesla has not agreed to cooperate with Plaintiff's efforts.

Thus, Plaintiff now moves to compel FHP to produce the SD card; to compel Tesla to interpret the data found in the SD card and produce it in a usable format; and for Plaintiff's expert to be permitted to supplement his expert report to incorporate the produced data.[2]

In a discovery hearing before the Undersigned on May 23, 2024, Tesla conceded that the production of the SD card was "court-ordered," but because the FHP removed the SD card from the crash site, Tesla was unable to satisfy its obligation. [D.E. 268-7]. Tesla further represented that if the MCU SD card data is located, Tesla is "happy to interpret them [i.e., the data from the SD card in the MCU]. You have to give the data to Tesla to interpret … but I just want to be upfront with the Court about what the data is because there was a court order." [*Id.*].

Plaintiff, having now located the MCU SD card, now seeks to hold Tesla to its promise (and its discovery obligation) to interpret the SD card; that is, to "download and produce all of the crash data to the Plaintiffs in usable format, as ordered by Magistrate Judge Torres on March 7, 2024." [D.E. 268 at 10].

---

[2] Plaintiff also requests that, if necessary, the trial date be continued. But because the Court (after the filing of this motion) continued the trial date to March of 2025 [D.E. 272], this request is denied as moot.

As an initial matter, Tesla has not filed a response to this motion. Accordingly, the Court, without even reaching the merits of this dispute, is inclined to grant this motion by default. Further, the Court has already ordered Tesla to produce this SD card. Moreover, Tesla itself conceded that, if the MCU containing the SD card was located, it could and would interpret that data.

Thus, the Court has ample reason to grant Tesla's motion to compel turnover of the MCU SD card and to compel Defendant to interpret the crash data from the MCU SD card.

## *II. CONCLUSION*

Accordingly, Plaintiff's motion [D.E. 268] is **GRANTED** in the following manner:

**A.** The FHP must turnover to Plaintiff the subject MCU SD card from the crash site;

**B.** Tesla must download, interpret, and produce to Plaintiff, in usable format, all of the crash data from the subject MCU SD card within **twenty days** of Tesla's receipt of the SD card;

**C.** Tesla must produce the Augmented Video of the accident in the format contemplated by Plaintiff's Exhibit K to this motion [D.E. 268-11];

**D.** Plaintiff is responsible for returning the MCU SD card to the FHP within a reasonable time after Tesla finishes downloading, interpreting, and producing the relevant data; and

**E.** Because Plaintiff's supplemental expert reports are not due until October 23, 2024, no further deadline extension should be necessary for Plaintiff's expert to factor into his supplemental report the data produced by Tesla from the MCU SD card.

**DONE and ORDERED** in Chambers in Miami, Florida this 18th day of September, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge