```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF FLORIDA
                             MIAMI DIVISION
                     CASE NO. 1:21-cv-21940-BB

   NEIMA BENAVIDES, as Personal
   Representative of the Estate of
   Naibel Benavides Leon, deceased,

           Plaintiff,                           August 27, 2024
                                                1:01 p.m.
           vs.

   TESLA, INC., a/k/a Tesla Florida, Inc.,

           Defendant.                           Pages 1 THROUGH 15
   _____

                    TRANSCRIPT OF STATUS CONFERENCE
                   BEFORE THE HONORABLE BETH BLOOM
                     UNITED STATES DISTRICT JUDGE

   Appearances:

   FOR THE PLAINTIFF:    THE ROUSSO LAW FIRM
                         ADAM T. BOUMEL, ESQ.
                         9350 South Dixie Highway, Suite 1520
                         Miami, Florida 33156

                         POSES LAW GROUP, PA
                         TODD POSES, ESQ.
                         169 East Flagler Street, Suite 1600
                         Miami, Florida 33131

   FOR THE DEFENDANT:    BOWMAN and BROOKE, LLP
                         THOMAS P. BRANIGAN, ESQ.
                         41000 Woodward Avenue, Suite 200
                         Bloomfield Hills, Michigan 48304

                         BOWMAN and BROOKE, LLP
                         WHITNEY V. CRUZ, ESQ.
                         Two Alhambra Plaza, Suite 800
                         Coral Gables, Florida 33134

   COURT REPORTER:       Yvette Hernandez
                         U.S. District Court
                         400 North Miami Avenue, Room 10-2
                         Miami, Florida 33128
                         yvette_hernandez@flsd.uscourts.gov
```

```
1              (Call to order of the Court, 1:01 p.m.)
2              COURTROOM DEPUTY:  Calling Civil Case Number 21-21940,
3     Neima Benavides v. Tesla, Inc.
4              Counsel, please state your appearances for the record,
5     beginning with Plaintiff's counsel.
6              MR. BOUMEL:  Good afternoon, Your Honor.  Adam Boumel.
7              MR. POSES:  Todd Poses for the Plaintiff.
8              THE COURT:  Hi.  Good afternoon.
9              MR. BRANIGAN:  Good afternoon, Your Honor.  Tom
10    Branigan, from the Bowman Brooke Law Firm, for Tesla.
11             MS. CRUZ:  Whitney Cruz on behalf of Tesla as well.
12             THE COURT:  All right.  Good afternoon to each of you.
13    The purpose of the status conference is this 2021 case is
14    scheduled for trial as it stands on November 4th.  I understand
15    that you still have a proceeding before Judge Torres and
16    there's an outstanding issue that at least is not ripe at this
17    point for the Court to even address.
18             And my reason for placing this on a status conference
19    is that in this district, as you know, our criminal cases take
20    priority.  And we have specially set a criminal matter that is
21    a three-week trial.  We have individuals traveling from out of
22    the country, and they've asked for the trial setting that would
23    interfere with the November 4th trial date.
24             So what I would like to do today is propose a special
25    set for this trial, which as I understand the parties
```

1    anticipate is going to take -- well, why don't I ask, instead
2    of -- because I think it was some time ago when I asked how
3    long this trial was going to take.
4            So on behalf of Plaintiff, how long do you believe
5    this trial may take us?
6            MR. POSES:  Good afternoon, Judge.
7            We believe -- and we consulted with Mr. Branigan
8    before we got here today.  We think it will be between two and
9    three weeks.
10           MR. BRANIGAN:  We agree with that, Your Honor.
11           Tom Branigan for Tesla.
12           THE COURT:  And that's what I thought.  I thought it
13   was going to be a three-week trial.  So what I'd like to do is
14   do what we're doing in this other case, as we've done in some
15   other cases in which we've specially set, is request a special
16   panel that we're addressing all hardships, letting them know of
17   the beginning and end date, so that we can bring in a
18   prospective panel that already knows about this trial.
19           So I have some dates to propose that I can give you
20   the two to three weeks that you are asking for.  And the dates
21   are a calendar call for January 7th and we would begin on
22   January 13th.  Or a calendar call on January 21st and we would
23   begin on January 27th.
24           So I'll ...
25           MR. BRANIGAN:  May I -- I don't mean to jump ahead of

1    the Plaintiffs, but --
2            THE COURT:  Yes.  Of course.
3            MR. BOUMEL:  It's okay, Tom.
4            MR. BRANIGAN:  I have had many conversations with
5    Plaintiff's counsel over the last several weeks about
6    schedules, and so this won't come as a surprise to them because
7    I've shared my trial schedule with them.  To get right to those
8    dates, Your Honor, I'm currently set to start trial in federal
9    court in Orlando before Judge Byron on January 6th, in a case
10   that I'm defending for BMW, which is projected to last about 10
11   trial days.
12           THE COURT:  Oh.
13           MR. BRANIGAN:  Once I finish that case, I'm set to
14   start trial on January 27 in the Wayne County Circuit Court in
15   Detroit for a case that will last quite a long time.  It's a
16   very complex case for Mercedes-Benz.  And so I've got conflicts
17   with the two dates that you have offered.
18           And I hate to be the difficult one, but my current
19   trial schedule is such that my next clear opening for trial is
20   probably in June of 2025.  And I've shared this with
21   Plaintiff's counsel, as I mentioned.  And I really hate to be
22   the guy in the courtroom that's telling Your Honor that I've
23   got all these things on my schedule, but I do.  And I would be
24   happy to share my schedule with you so that you could see, if
25   you need to see it.

1              THE COURT:  Well, I don't believe that anybody's

2     doubting that that's on your schedule.  The question is whether

3     your schedule may be changing.  Are those specially set

4     matters?

5              MR. BRANIGAN:  Yes.  I have -- so the January 6th is

6     specially set with Judge Byron.  The January 27 is specially

7     set with Judge Elder in Detroit.  That's followed by a case

8     that I have for Tesla that starts on April 28 in Harris County,

9     Texas -- Houston, Texas.  I would not tell Your Honor that that

10    one is specially set, but that's my next setting.  And you

11    know, it's always difficult for me and anyone else in the

12    courtroom to set something on top of something.

13             THE COURT:  Right.

14             MR. BRANIGAN:  But if I was -- I mean, if I was going

15    to pick a period on my calendar where I'd say, well, there

16    might be, you know, an opening there because that one's not

17    really going to go, it's probably going to be April/May of

18    2025.

19             THE COURT:  Well, could we look to March then?

20             MR. BRANIGAN:  Yes.  I think the trial that I have

21    starting on January 27 is likely to be a four-week trial, so

22    that takes me into the end of February.  And so maybe the

23    middle of March to give myself a little bit of a -- a little

24    bit of a chance to go from one trial to the other.

25             THE COURT:  So how would that work for the March 18th

```
 1    calendar call and begin trial on March 24th?
 2             MR. BRANIGAN:  I think that will work.  If Your Honor
 3    will just give me 30 seconds, I just want to take a look at my
 4    specific calendar.
 5             THE COURT:  Of course.  Of course.
 6             MR. POSES:  And Judge, while he's looking, I can tell
 7    you that Mr. Branigan has entirely been forthright about his
 8    schedule.  You know, we know about it.  You know, obviously,
 9    we'd like to try the case as soon as we can.
10             Obviously, we have some discovery issues, too, we want
11    to get resolved.  And I wanted to ask you about that
12    specifically.  You mentioned there's a pending issue before our
13    magistrate.  Is that the motion to compel that now that we're
14    going to be continued it will go back to him to decide the
15    issues before the Court?
16             THE COURT:  Well, what is before this Court, which
17    should be properly addressed by Judge Torres, is Docket Entry
18    268, which is the Motion to Request Tesla to Authorize Access.
19             MR. BOUMEL:  Yeah.  We're talking the same language.
20             THE COURT:  Yeah.  So I mean, it's not fully briefed,
21    but I would expect that Judge Torres would be handling that.
22             MR. POSES:  Okay.  And the reason why --
23             THE COURT:  But the Court's deadlines obviously would
24    be changed.  Docket Entry 258, which has the dispositives
25    literally -- actually, I'm sorry.  It's 267 which has the
```

```
 1    in-limine motions and dispositives by the end of September.  So
 2    we would change those in fairness to the parties.
 3            MR. POSES:  Okay.  And so, Judge, here's I think the
 4    issue that we have -- and I don't know if you want to address
 5    the continuance first or this issue.  But one thing that we
 6    have are depositions set for tomorrow, and the following day,
 7    of experts, based on the calendar that you gave us -- the new
 8    calendar that you gave us for the experts.  But assuming -- and
 9    I can't assume it because it's before Judge Torres.  But
10    assuming that there's new evidence in the case, these same
11    experts would examine that same evidence and then they would be
12    redeposed a third time.
13            So I just -- and that's why we put the issue before
14    Your Honor, because of timing issues, of course, and because of
15    the -- well, because of the timing issues.  We wanted to be
16    efficient with the experts.
17            THE COURT:  Well, if you already have them scheduled,
18    then obviously you may want to go forward with the testimony.
19    But in terms of the pretrial motions, I would extend that
20    period of time, as well as the in-limine motions and the
21    pretrial stip.
22            So why don't we work on a date and then we'll work
23    backwards.  So let me get a firm date to specially set this
24    case.  So can we work on March 24th?
25            MR. BRANIGAN:  I can do that, Your Honor.
```

1          THE COURT:  How about for the Plaintiffs?

2          MR. POSES:  We're okay.

3          MR. BOUMEL:  Yes, Your Honor.

4          THE COURT:  Okay.  Now let's talk about the order that
5  the Court entered on August 15th amending the scheduling order.
6  How much time realistically do you believe you need?  We have
7  the supplemental reports filed on -- so this has already taken
8  place.  The August 20th, the depositions, you already have
9  scheduled.  The rebuttal experts are September 10th.

10         So what I would really do is just relax the pretrial
11 motions.  And instead of -- because I've compressed the time
12 because I've extended the deadlines in order to give me an
13 opportunity to make sure I have those motions disposed of
14 before the calendar call.  So what I would probably do is move
15 it to September 30th, by another 45 days.  And then move,
16 obviously, the Joint Pretrial Stipulation, and then kind of
17 place this case in a freeze pattern until our special set on
18 March 18th -- or excuse me -- March 24th.

19         So does that date work for everyone?  Because I'll
20 adjust my schedule.  I'll work with the jury pool and we'll get
21 the jurors ordered for a three-week trial.

22         MR. BOUMEL:  So Your Honor -- Mr. Branigan, you first.

23         MR. BRANIGAN:  Thank you.

24         Your Honor, that makes sense to us on behalf of Tesla.
25 There is a discrete discovery issue that's been raised.  Before

1   I get to that, let me say that -- and I think the Court is well
2   aware of this already -- discovery in this case closed in June.
3   The expert disclosure dates are passed.  We have expert reports
4   from all the experts.  We have deposed the experts once.  I
5   don't, in concept, object to moving the dates that are
6   currently set for this week for these two experts for the
7   Plaintiffs to be deposed again on discrete issues because of
8   the, in my view, small chance that Judge Torres will disagree
9   with our emphatic opposition to what's been requested.
10            And so because of the possibility that Judge Torres
11  may disagree with our position, I don't want to have to
12  redepose the experts twice.  And I would just propose that we
13  move the experts to be deposed after we have a ruling from
14  Judge Torres on this discrete discovery issue.
15            But as I was stating, the last time we were before
16  you, about discovery, we strongly opposed seeing discovery
17  reopened, extended, however anyone wants to describe it,
18  because discovery in this case went on for two years.  We're
19  way past that.  This case, in our view, should be heading
20  towards trial with resolution of this very discrete issue that
21  the Plaintiffs have raised, which we oppose.
22            THE COURT:  All right.  Well, that is a discrete issue
23  and that would open up discovery for that limited purpose, and
24  that's before Judge Torres.  So with regard to the pressure of
25  having these experts' depositions taken, looking at the

1 schedule -- and I'm looking at Docket Entry 267 -- the
2 supplemental expert reports, that date's already done. The
3 August 30th date of depositions of the Plaintiffs, I'm going to
4 move that, only with regard to this issue before Judge Torres,
5 to September 30th. I'm likewise going to move the rebuttal
6 experts to October 10th. The depositions of Tesla's rebuttal
7 experts should be taken by October 17th. And that would mean
8 that any pretrial motions, motions in limine, and Daubert
9 motions should be filed by November 1st.
10       MR. POSES: Judge, we have, I think, one issue with
11 the timing -- and that's what Mr. Branigan brought up to me as
12 we were discussing the issues -- in that if Judge Torres allows
13 for this evidence to obviously be vetted, what Mr. Branigan has
14 told me is that it might take Tesla some time. And so, you
15 know, while we might disagree with how much time it might take,
16 we trust Mr. Branigan implicitly that it will take some period
17 of time to be able to get the evidence, give it to Tesla, have
18 them do what they're going to do with it, ultimately then give
19 it to us, have it looked at by our experts, and then produce
20 reports. It might create an issue, a timing issue.
21       THE COURT: How much time?
22       MR. POSES: I don't know.
23       THE COURT: Let's assume that Judge Torres grants the
24 motion, requests that Tesla authorizes access. How much time
25 would be needed?

```
 1              MR. BRANIGAN:  I think we're talking weeks, Your
 2   Honor.
 3              THE COURT:  Weeks meaning three to four weeks?
 4              MR. BRANIGAN:  Yes.
 5              THE COURT:  All right.  So then let's move the dates
 6   forward to October 30th, November 10th, November 17th, and
 7   December 1st for dispositives.
 8              MR. BRANIGAN:  Your Honor, would you mind repeating
 9   those one more time?
10              THE COURT:  Sure.  And it's actually just mirroring
11   and I'm happy to do that.  So October 30th will be -- the
12   depositions of the Plaintiff's experts must be completed;
13   November 10th for Tesla's rebuttal experts, if any;
14   September -- excuse me -- November 17th for Tesla's rebuttal
15   experts' depositions to be completed; December 1st for all
16   pretrial motions, Daubert, and all dispositives; and then in
17   terms of the pretrial stipulation, that will be two weeks
18   before the March 24th, and I'll put that in the order.
19              MR. BOUMEL:  So Your Honor, one issue that I would
20   like to address, and it is a discrete issue -- actually, two
21   issues.  Our expert neuropsychological witness did not actually
22   have time to test our client so we did her as a rebuttal
23   witness.  Since these dates are now moving back, can we have an
24   extension so that she can perform her own testing and form a
25   complete opinion, as opposed to the rebuttal opinion that she
```

1    is currently offering?
2            THE COURT:  Is there any objection to that?
3            MR. BRANIGAN:  We'd just like to have enough time to
4    respond to it with own our expert.  I mean, it raises new --
5            MR. BOUMEL:  Sure.  Of course.
6            MR. BRANIGAN:  -- new information that our expert may
7    need to respond to and --
8            THE COURT:  Well, since I've extended the time period,
9    would that give everybody enough time?
10           MR. BOUMEL:  We've worked very well together.  I'm
11   sure we could --
12           THE COURT:  Okay.  All right.  I just want to make
13   sure -- this is specially set.  We're going to make our effort
14   on this side with regard to the jury pool.  So I want to make
15   sure it's on your calendar for the three weeks that we will be
16   trying this case.
17           MR. BOUMEL:  And then, one more issue, Your Honor --
18   and I don't mean to ask for too much, but I'm going to try.
19   We -- when our now co-counsel came aboard, he had a witness
20   that we wanted to include that we did not have the time to
21   include.  And it's basically a witness to explain to our jury
22   how marketing impacts consumers and how -- the trickle-down
23   effect of when you put marketing into the public sphere that
24   just because somebody doesn't see one specific ad that all
25   those marketing messages still come to them.

| | |
|---|---|
| 1 | THE COURT: What is it that you're asking for? |
| 2 | MR. BOUMEL: If we can have time to add one more |
| 3 | witness. |
| 4 | THE COURT: Is there any objection to that? |
| 5 | MR. BRANIGAN: Yes, Your Honor. Yes. This case has |
| 6 | been pending for years. We've all known what the experts -- |
| 7 | we've all known what the case is about for years. We've had |
| 8 | expert disclosures come and go. We've deposed them and we're |
| 9 | on this slippery slope of: "Well, we just need one more thing |
| 10 | and this one more thing." |
| 11 | MR. POSES: I just don't see the prejudice. It's the |
| 12 | only ask that we have. |
| 13 | THE COURT: Then in terms -- if there isn't a |
| 14 | prejudice, I'm wondering why is it that that wasn't provided on |
| 15 | August 20th when the reports were -- |
| 16 | MR. BOUMEL: Because as Your Honor is aware from the |
| 17 | docket, we had new co-counsel appear in this case in June or |
| 18 | July. He had this expert in his pocket. But the expert was |
| 19 | not comfortable with meeting the Court's current deadlines so |
| 20 | we just never disclosed the expert because we knew we could not |
| 21 | meet the deadlines per the expert's own comfort level with the |
| 22 | deadlines. But now that we're going into March, we have no |
| 23 | doubt that we'll be able get Defendant -- you know, get Tesla |
| 24 | this expert's opinions and reports well in advance of any |
| 25 | deadlines that you set, and we can do it in the same time |

1   period.
2           MR. BRANIGAN:  Your Honor, I don't think it's that
3   simple.  I don't know who this expert is.  I don't know what
4   real expertise this expert has.  And now what this does is it
5   puts us in a position where we now have to scramble --
6           THE COURT:  And it puts me in a position because I
7   don't know what this expert -- other than the representation.
8           So with regard to reopening to allow that expert, it
9   doesn't appear that there would be a basis at this point.  I
10  mean, quite frankly, the time frame is the time frame.  I'm
11  only addressing the taking of your experts' depositions because
12  there's a lot of time and expense in doing that.  And to the
13  extent that Judge Torres grants this motion, then it would be
14  for naught.  So I think -- to bring in other issues I think at
15  this point is too late.
16          MR. BOUMEL:  Understood, Your Honor.  Thank you for
17  considering --
18          THE COURT:  Okay.  So I am looking forward to trying
19  this case.  I will enter an amended order with regard to these
20  deadlines specially setting the trial, and I look forward to
21  working with each of you.
22          Have a pleasant afternoon.  Thank you for your time.
23      (Proceedings concluded at 1:19 p.m.)
24
25

1   UNITED STATES OF AMERICA       )

2   ss:

3   SOUTHERN DISTRICT OF FLORIDA   )

4                   C E R T I F I C A T E

5        I, Yvette Hernandez, Certified Shorthand Reporter in

6   and for the United States District Court for the Southern

7   District of Florida, do hereby certify that I was present at,

8   and reported in machine shorthand, the proceedings had the 27th

9   day of August, 2024, in the above-mentioned court; and that the

10  foregoing transcript is a true, correct, and complete

11  transcript of my stenographic notes.

12       I further certify that this transcript contains pages

13  1 - 15.

14       IN WITNESS WHEREOF, I have hereunto set my hand at

15  Miami, Florida, this 24th day of September, 2024.

16

17                      /s/Yvette Hernandez
                        Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                      400 North Miami Avenue, 10-2
                        Miami, Florida 33128
19                      (305) 523-5698
                        yvette_hernandez@flsd.uscourts.gov
20

21

22

23

24

25