UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

Case No. 22-22607-KMM

**DEFENDANT TESLA, INC.'S SUPPLEMENT TO ITS MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 37 SANCTIONS**

Tesla, Inc. ("Tesla"), by and through undersigned counsel, supplements its Memorandum in Opposition to Plaintiffs' Motion for Rule 37 Sanctions (D.E. 297), as follows:

Tesla Field Technical Specialist Michael Calafell made a declaration in support of Tesla's Memorandum in Opposition to Plaintiffs' Motion for Rule 37 Sanctions. (D.E. 297-A). In his declaration, Mr. Calafell represented that, while he did connect, power on and retrieve data from the vehicle's Media Control Unit (i.e., the center touchscreen), he did not have access to or connect the Autopilot ECU to a vehicle and apply power to the unit on June 19, 2019, or at any other time. (*Id*. at ¶ 9.) Mr. Calafell was deposed on January 9, 2025. Plaintiffs' counsel's questions to Mr.

Calafell during his deposition suggested that counsel was informed that data from the Autopilot ECU showed that it had been powered up on June 19, 2019, and that data had been deleted from it that day. Tesla's counsel—both counsel of record and in-house counsel—immediately began investigating this issue.

On January 13, 2025, Tesla's counsel notified Plaintiffs' counsel that Tesla confirmed data retrieved by Plaintiffs' consultant from the Autopilot ECU does show that data was auto-deleted from the Autopilot ECU on June 19, 2019. (E-mail dated January 13, 2025, from J. Smith to B. Schreiber, Ex. A.) Tesla agrees that for this to have occurred, the Autopilot ECU had to be powered up on that day. (*Id.*) While it may not have been Mr. Calafell who powered it on, there are no other known candidates, so it is most likely the case that he is misremembering events nearly six years after the fact. Tesla's analysis of the available data confirms 1) the data was auto-deleted as would have occurred had the Autopilot ECU never lost power, 2) the data that was auto-deleted was not related to the crash, 3) no one logged into the Autopilot ECU (locally or remotely) on June 19, 2019, and 4) that no Autopilot software has been updated since the crash. Tesla conferred with counsel for Plaintiffs and it is Tesla's understanding from that call that there is no dispute that data from the crash was not deleted on June 19, 2019.

It appears that Mr. Calafell was either mistaken when he said he never powered up the Autopilot ECU or that someone else connected the Autopilot ECU. (*Id.*) Regardless of the reason, Tesla hereby withdraws Mr. Calafell's declaration and agrees with Plaintiffs that the Autopilot ECU was powered up on June 19, 2019.

Date:  January 17, 2025                              Respectfully submitted,

*s/ Whitney V. Cruz*  
**WHITNEY V. CRUZ**  
Florida Bar No. 800821  
**BOWMAN AND BROOKE LLP**  
Two Alhambra Plaza, Suite 800  
Coral Gables, FL 33134  
Tel. 305-995-5600 / Fax: 305-995-6100  
whitney.cruz@bowmanandbrooke.com

**THOMAS P. BRANIGAN**  
*(Admitted Pro Hac Vice)*  
**DREW P. BRANIGAN**  
*(Admitted Pro Hac Vice)*  
**BOWMAN AND BROOKE LLP**  
101 W. Big Beaver Road, Suite 1100  
Troy, MI 48084  
Tel. 248-205-3300 / Fax: 248-205-3399  
thomas.branigan@bowmanandbrooke.com  
 drew.branigan@bowmanandbrooke.com

**JOEL SMITH**  
*(Admitted Pro Hac Vice)*  
**BOWMAN AND BROOKE LLP**  
1441 Main Street, Suite 1200  
Columbia, SC 2920  
Tel. 803-726-7420 / Fax: 803.726.7421  
Joel.Smith@bowmanandbrooke.com

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
assistant@roussolawfirm.com
pleadings@roussolawfirm.com
*Attorneys for Plaintiff Dillon Angulo*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com
*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel. 305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com
*Attorneys for Plaintiff Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com
*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*