SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-21940-BLOOM/TORRES

NEIMA BENAVIDES, as Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

    Plaintiff,

v.

TESLA, INC. a/k/a TESLA FLORIDA,
INC.,
    Defendant.
_____/

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
ANY TESTIMONY, REFERENCE, OR ADMISSION OF
THE TRAFFIC CRASH REPORT OR TRAFFIC HOMICIDE REPORT**

    Plaintiffs Neima Benavides and Dillon Angulo, by and through the undersigned attorneys, and hereby move this Court for an Order excluding any reference, evidence, mention, of the traffic crash report or traffic homicide report:

    1.    It is anticipated that the Defendant in this case will attempt to reference, mention, use, elicit, move/introduce into evidence, and provide information to this jury about the Traffic Crash Report that was generated by Florida Highway Patrol (FHP) Joel Torres on 4-25-19 and the Traffic Homicide Report generated by FHP Corporal David Riso on 8-28-20.

    2.    As a result of our accident, FHP generated a traffic crash report and a traffic homicide report by their respective investigating officers.

    3.    Tesla is also expected to attempt to introduce into evidence all conversations Trooper Torres and Corporal Riso had with the driver of the Tesla, Brian McGee. These conversations and interactions should all be excluded from this trial because they were performed

and conducted as part of the accident investigation undertaken by FHP Officers Torres and Riso Hall, respectively.

4. In the subject police report and traffic homicide report, FHP Officers Torres and Riso made determinations as to how the accident occurred, arrived at conclusions, decided who was at fault, and/or issued a citation.

5. Under Florida law, the police report along with any testimony as to the investigation of our accident, are inadmissible pursuant to the Florida Accident Report Privilege (Fla. Stat. § 316.066(4))

6. The purpose behind the statute is to facilitate the frank and candid cooperation of witnesses and parties in police accident investigations. *State v. Edwards*, 463 So.2d 551, 552 (Fla. 5th DCA 1985).

Fla Stat. § 316.066(4) states as follows:

> (4) Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the crash if that person's privilege against self-incrimination is not violated. The results of breath, urine, and blood tests administered as provided in s. 316.1932 or s. 316.1933 are not confidential and are admissible into evidence in accordance with the provisions of s. 316.1934(2).

7. Moreover, Florida case law prohibits the introduction of any evidence concerning the conclusions reached by the investigating officer. *See Durse v. Henn*, 68 So. 3d 271, 275 (Fla. 4th DCA 2011) (finding that investigating officer's testimony concerning the cause of the accident was barred by the accident report privilege when opinion was based exclusively on statements of

drivers at the scene); *Vedner v. State*, 849 So. 2d 1207, 1212 (Fla. 5th DCA 2003) ("[S]tatements made pursuant to the requirement to give information for a crash report required by section 316.066 may not be used as evidence in civil, criminal or administrative proceedings.")

8. All evidence of FHP Officers Torres and Riso's post-accident investigations including any and all conversations they each had with Brian McGee are inadmissible as a result of Florida's Accident Report Privilege under F.S.A. s. 316.066(4).

9. Additionally, as the Court has recently been made aware, Corporal Riso's conclusions regarding the accident were necessarily incomplete, because Tesla prevented him from obtaining the evidence he would need to determine the role that the AutoPilot system played in the accident.

10. Introducing the police report and traffic homicide report would unduly and improperly influence a jury if permitted into evidence, and it would constitute reversible error if allowed in.

11. For these reasons, this Court should prohibit any mention, reference, or evidence related to the subject Traffic Crash Report and Traffic Homicide Report; prohibit any evidence regarding all conversations and investigations that FHP Officers Torres and Riso had as a result of their investigations into the accident; and prohibit any testimony as to the investigations of our accident and any conclusions reached by the officers as to how the subject accident occurred including whether Brian McGee was issued traffic citations as a result of the crash.

WHEREFORE, This Court should grant Plaintiffs' motion in limine precluding admission of, reference to, or testimony regarding the Traffic Crash Report and Traffic Homicide Report and their contents.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **27th** day of **January, 2025** I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notices of electronic submission to all parties on the attached service list.

        THE ROUSSO, BOUMEL LAW FIRM, PLLC.
        9350 South Dixie Highway
        Suite 1520
        Miami, Florida 33156
        (305) 670-6669

By: /s/ *Adam T. Boumel, Esq.*
        Adam T. Boumel, Esq.
        Florida Bar No.: 0110727
        Direct email: adam@roussolawfirm.com
        Service emails:
        Pleadings@roussolawfirm.com
        haiyang@roussolawfirm.com

By: */s/ Douglas F. Eaton*
        DOUGLAS F. EATON
        FBN: 129577
        **EATON & WOLK, PL**
        *Co-counsel for Plaintiff*
        2665 S. Bayshore Drive, Suite 609
        Miami, Florida 33133
        Telephone: 305-249-1640
        Email: deaton@eatonwolk.com
                cgarcia@eatonwolk.com

## SERVICE LIST

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Joel Smith Esq.**
**Attn: Thomas P. Branigan, Esq.**
**Attn: Whitney Cruz, Esq.**
**Attn: Drew P. Branigan, Esq.**
**Attn: Wendy F. Lumish, Esq.**
Joel.smith@bowmanandbrooke.com
thomas.branigan@bowmanandbrooke.com
whitney.cruz@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
Wendy.Lumish@bowmanandbrooke.com
*Counsel for Defendant*

**Singleton Schreiber, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel: (619) 771-3473
**Attn: Brett J. Schreiber, Esq.**
bschreiber@singletonschreiber.com
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
eelms@singletonschreiber.com
*Counsel for Plaintiffs*

**Poses & Poses, P.A.**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiffs*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Counsel for Plaintiffs*