UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-21940-BLOOM/TORRES

NEIMA BENAVIDES, as Personal
Representative of the Estate of
NAIBEL BENAVIDES LEON, deceased,

    Plaintiff,

v.

TESLA, INC. a/k/a TESLA FLORIDA,
INC.,

    Defendant.
_____/

## **PLAINTIFFS' OMNIBUS MOTION IN LIMINE**

Plaintiffs Neima Benavides and Dillon Angulo, by and through undersigned attorneys, respectfully move the Court to enter an order *in limine* precluding the Defendants, their counsel, or any witness from the following:

1.    Arguing or suggesting that the jury should draw an adverse inference from the Plaintiff' decision not to call witnesses or introduce evidence at trial that is available to both parties. *Lowder v. Economic Opportunity Family Health Center Inc.*, 680 So. 2d 1133, 1135 (Fla. 3rd DCA 1996) (improper to comment upon another party's failure to call a witness who was available to all parties); see also *Haliburton v. State*, 561 So. 2d 248, 250 (Fla. 1990).

2.    Making any reference that the medical bills incurred by the Decedent Naibel Benavides Leon, and Plaintiff Dillon Angulo were paid by insurance or some other collateral source. *Walker v. Jeep Corporation*, 528 So. 2d 1203 (4th DCA 1988); *Measom v. Rainbow Connection Preschool Inc.*, 568 So. 2d 123 (5th DCA 1990).

3.  Making any statement of counsel's personal belief in his client or his cause. *Miami Coin - O - Wash, Inc. v. McGough*, 195 So. 2d 227 (3d DCA 1967).

4.  Making any statement of the attorney's personal belief concerning a witness's credibility. *Sequin v. Hauser Motor Co.*, 350 So. 2d 1089 (4th DCA 1977); and *Davies v. Owens Illinois, Inc.*, 632 So. 2d 1065 (3d DCA 1994).

5.  Arguing that any recovery by the Plaintiff will not be subject to federal income tax or any other form of taxation. *Good Samaritan Hospital v. Savlor*, 495 So. 2d 782 (4th DCA 1986); *Comfort Makers v. Kenton*, 515 So.2d 1384 (5th DCA 1987).

6.  Making any statement that Plaintiff's attorneys always ask for more money than they expect to receive. *Hartford Accident & Indemnity Co. v. Ocha*, 472 So. 2d 1338 (4th DCA 1985).

7.  Making any reference or argument regarding the number of people who work for the Defendant. The only purpose of such statements is to suggest to the jury that the jobs of numerous men and women might be impacted by a large verdict or to otherwise gamer sympathy for the corporation. Such references or statements concerning the payment of the verdict, the number of people the company employs, or any similar reference of any kind are irrelevant, immaterial, and inadmissible. Moreover, section 90.403 of the Florida Statutes states "relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Such statements, if permitted to be made by counsel for defendants, would be prejudicial to the Plaintiff under section 90.403, as any statements would ultimately confuse, mislead, and/or bias the jury. Additionally, such prejudice could not be cured with a curative instruction.

8. Making any reference or argument regarding: how or why Plaintiff chose Plaintiff's counsel; when Plaintiff decided to file the lawsuit; any insinuation that Plaintiff delayed in filing the lawsuit; Plaintiff's (or Decedent's) motivation in bringing the lawsuit; any intended use of the jury's award, including how the Plaintiff intend to use the jury's damages award, or how money could be used if not awarded to Plaintiff.

How or why Plaintiff chose the law firms that are representing him, or the time period or circumstances under which the Plaintiff hired an attorney, are inadmissible because they are irrelevant and highly prejudicial and must be excluded because any minimal probative value is outweighed by the potentially prejudicial effect on the jury. *See Watson v. Builder's Square. Inc*., 563 So.2d 721,722 (Fla. 4th DCA 1990) (evidence regarding contact with counsel inadmissible because it goes to wholly irrelevant "character evidence" of litigiousness, which would be highly prejudicial); *Zabner v. Howard Johnson's. Inc*., 227 So. 2d 543, 546 (4th DCA 1969) (cross examination regarding litigiousness would violate the Florida Constitution).

9. Making any reference to Plaintiffs' Complaint or Amended Complaints or attempting to use allegations in any prior versions of the Complaint to "impeach" Plaintiff. A complaint "is not admissible in evidence to prove or disprove a fact in issue." *Straub* v. *Village of Wellington,* 941 So.2d 1269, 1270 (Fla. 4th DCA 2006). Likewise, "it has long been established in this state that inconsistent positions taken by a party through the pleadings he files in an action may not be used by an opposing party as proof of an issue." *Hines* v. *Trager Constr. Co.,* 188 So. 2d 826, 831 (Fla. 1st DCA 1966).

10. Referencing the Plaintiffs' involvement in or settlement of a separate lawsuit with the driver of the Tesla, Brian McGee. Disclosure to the jury that Plaintiffs received settlement funds from McGee is statutorily prohibited. *See Saleeby v. Rocky Elson Const., Inc*., 3 So.3d 1078, 1082-83 (Fla.2009) and F.S. §768.041. Further, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla.

1993), because Tesla will not be responsible for any damages that the jury apportions to McGee, Tesla will not be entitled to a setoff for any settlement funds received by the Plaintiffs.

11.  Relatedly, making any reference to Dillon Angulo's wealth as a result of the settlement or use of the settlement funds. As explained by the Third DCA in *Chin v. Caiaffa*, 42 So.3d 300, 308 (Fla. 3d DCA 2010):

> As experienced trial counsel well know, the general rule in Florida-especially applicable in a garden variety personal injury trial such as here-is that no reference may be made to the wealth or poverty of a party during the course of the trial. *Samuels v. Torres,* 29 So.3d 1193, 1196 (Fla. 5th DCA 2010) (citing cases) ("Interjection of the wealth or poverty of any party has been consistently held by the courts to be irrelevant to the issue of compensatory damages in a personal injury case based on negligence...."). This Court and the courts of this state long have recognized the danger inherent in such commentary, *see Carnival Corp. v. Pajares,* 972 So.2d 973, 977 (Fla. 3d DCA 2007), and often have held it to constitute reversible error. *Batlemento v. Dove Fountain, Inc.,* 593 So.2d 234, 241 n. 15 (Fla. 5th DCA 1991) (citing cases) (ordering new trial where plaintiff adduced inadmissible evidence of plaintiffs' impoverishment as a result of acts of defendants); *see also Hollenbeck v. Hooks,* 993 So.2d 50, 50 (Fla. 1st DCA 2008) (reversing denial of plaintiff's motion for mistrial where defense counsel advised voir dire panel, "I'm a consumer justice attorney, and I represent John Hooks, a Merchant Marine, not some fancy company, not some conglomerate"); *Pajares,* 972 So.2d at 977 (ordering a new trial where plaintiff's counsel's allusion to cruise line's resources was not relevant to action); *State Farm Mut. Auto. Ins. Co. v. Revuelta,* 901 So.2d 377, 379 (Fla. 3d DCA 2005) (ordering new trial after counsel for plaintiff asked the jury to "call State Farm to account for failing to pay benefits" after receiving premiums from plaintiff insured for twenty years).

*See also Samuels v. Torres,* 29 So. 3d 1193, 1196 (Fla. 5th DCA 2010) ("Interjection of the wealth or poverty of any party has been consistently held by the court to be irrelevant to the issue of compensatory damages in a personal injury case based on negligence, highly prejudicial because it diverts the jury from a fair assessment of damages, and a basis for reversal."); *Batlemento v. Dove Fountain, Inc.,* 593 So. 2d 234, 241 (Fla. 5th DCA 1991) ("The general rule is that during trial no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's").

During the deposition of Plaintiff, Dillon Angulo, Tesla inquired into his ownership of stocks, the timing of when he started investing, and even the total amount of money that he has invested in the market. (April 29, 2023 Deposition of Angulo, at 65-67). He was also asked about the boats he owned and how much he paid for them. (Id. at 72-73). One of the only three exhibits introduced was a Zillow printout of the home that Mr. Angulo purchased, showing both the purchase price and the current market value. None of this is relevant to any issue in this case, and all questions and argument regarding such issues should be prohibited.

12. Any argument that Angulo's acts or omissions were driven by "secondary gain." References to lawsuits and litigation in the medical records that the Plaintiff is refusing treatment due to a lawsuit or is malingering or otherwise attempting to make some type of secondary gain is improper. *General Telephone Co. v. Wallace,* 417 So.2d 1022 (Fla. 2d DCA 1982). Any reference to "lawsuit pain" or that this case has been "set up" should be prohibited. *George v. Mann,* 622 So.2d 151 (3d DCA 1993).

13. Any suggestion or argument that examinations by Defendant's compulsory medical examiners are "independent," or that these doctors were appointed by the Court. Such experts are retained experts who were selected by the Defendants. Fla. R. Civ. P. 1.360(c); *Allstate Ins. Co. v. Boecher,* 733 So.2d 993, 996 footnote 4 (Fla. 1999); *Broward Cty. V. Cento,* 611 So.2d 1339 (Fla. 4th DCA 1993).

14. Defendant's experts and doctors should be limited to those opinions expressed in their reports given to Plaintiff. Experts are not permitted to testify outside of their reports and any timely supplements thereto. *Suarez-Burgos v. Morhaim,* 745 So.2d 368 (Fla. 4th DCA 1999) (CME doctor limited to reports); *Fla. Marine Enterp. V. Bailey,* 632 So.2d 649 (Fla. 4th DCA 1994); *Grau v. Branham,* 626 So.2d 1059 (Fla. 4th DCA 1993); *Binder v. King Pest Control,* 401 So.2d 1310,

1314 (Fla. 1981); *Pipkin v. Hamer,* 501 So.2d 1365 (Fla. 4th DCA 1987); *Mattek v. White,* 695 So.2d 942 (Fla. 4th DCA 1997); *Sayad v. Alley,* 508 So.2d 485 (Fla. 3d DCA 1987).

15. An expert may properly explain his or her opinion on an issue in controversy by outlining the claimed deficiencies in the opposing expert's methodology so long as the expert does not attack the opposing treating physician or retained expert's ability, credibility, reputation, or competence. *Network Publications, Inc. v. Bjorkman,* 756 So.2d 1028 (Fla. 5th DCA 2000); *Ecker v. National Roofing of Miami,* 201 So.2d 586 (3d DCA 1967); *Carlton v. Bielling,* 146 So.2d 915 (Fla. 1st DCA 1962); *Carver v. Orange County,* 444 So.2d 452 (Fla. 5th DCA 1983); *Schwab v. Tolley,* 345 So.2d 747 (Fla. 4th DCA 1977).

16. Defense experts should not refer to or attempt to bolster their opinions on direct examination by reference to studies, tests, or other authoritative texts. *Costanzo v. Agency Rent-A-Car, Inc.,* 560 So.2d 265 (Fla. 4th DCA 1990); *Chorzelewski v. Drucker,* 546 So.2d 1118 (Fla. 4th DCA 1989), *Quarrel v. Minervini,* 510 So.2d 977 (Fla. 3d DCA 1987); *Medina v. Variety Children's Hosp.,* 438 So.2d 138 (Fla. 3d DCA 1983). The general rule is that authoritative publications may only be used in cross-examination of an expert and may not be used to bolster the credibility of an expert or to supplement an expert's opinion. *Erwin v. Todd,* 699 So.2d 275 (Fla. 5th DCA 1997).

17. This Court should not permit an expert to express opinions formed by reviewing inadmissible records, nor allow an expert to comment on his review of non-admissible medical records. *Erwin v. Todd,* 699 So.2d 275 (Fla. 5th DCA 1997). In addition, Defendants' expert should not be permitted to comment on what other doctors may think or consultations with colleagues or any other evidence not reasonably relied upon by similar experts. *Linn v. Fossum,* 31 Fla. L. Weekly S741 (Fla. 11/2/06).

18. The retained expert(s) by Defendants should not be permitted to state personal opinions about the Plaintiff. It is error to state personal opinions about the merits of the case or credibility of the Plaintiff. *Wasden v. Seaboard Coast Line* Railroad Co., 474 So.2d 825 (Fla. 2d DCA 1985); *Moore v. Taylor Concrete & Supply Co., Inc.,* 553 So.2d 787 (Fla. 1st DCA 1989); *Blue Grass Shows, Inc. v. Collins,* 614 So.2d 626 (Fla. 1st DCA 1993); *Nelson v. Reliance Inc. Co.,* 368 So.2d 361 (Fla. 4th DCA 1978); *Riley v. Wills,* 585 So.2d 676 (Fla. 1st DCA 1995).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of **January, 2025** I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notices of electronic submission to all parties on the attached service list.

        THE ROUSSO, BOUMEL LAW FIRM, PLLC.
        9350 South Dixie Highway
        Suite 1520
        Miami, Florida 33156
        (305) 670-6669

By: /s/ *Adam T. Boumel, Esq.*
     Adam T. Boumel, Esq.
     Florida Bar No.: 0110727
     Direct email: adam@roussolawfirm.com
     Service emails:
     Pleadings@roussolawfirm.com
     haiyang@roussolawfirm.com

By: /s/ *Douglas F. Eaton*
     DOUGLAS F. EATON
     FBN: 129577
     **EATON & WOLK, PL**
     *Co-counsel for Plaintiff*
     2665 S. Bayshore Drive, Suite 609
     Miami, Florida 33133
     Telephone: 305-249-1640
     Email: deaton@eatonwolk.com
           cgarcia@eatonwolk.com

## SERVICE LIST

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Joel Smith Esq.**
**Attn:Thomas P. Branigan, Esq.**
**Attn: Whitney Cruz, Esq.**
**Attn: Drew P. Branigan, Esq.**
**Attn: Wendy F. Lumish, Esq.**
Joel.smith@bowmanandbrooke.com
thomas.branigan@bowmanandbrooke.com
whitney.cruz@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
Wendy.Lumish@bowmanandbrooke.com
*Counsel for Defendant*

**Singleton Schreiber, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel: (619) 771-3473
**Attn: Brett J. Schreiber, Esq.**
bschreiber@singletonschreiber.com
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
eelms@singletonschreiber.com
*Counsel for Plaintiffs*

**Poses & Poses, P.A.**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiffs*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Counsel for Plaintiffs*