# EXHIBIT G

Make UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-21940-BLOOM/Otazo-Reyes

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel Benavides
Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc., Defendant.

_____/

DILLON ANGULO,                         Case No. 22-cv-22607-KMM

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

### DILLON ANGULO'S OBJECTIONS AND ANSWERS TO DEFENDANT TESLA, INC.'S FIRST SET OF INTERROGATORIES

    Dillon Angulo, by and through his undersigned counsel, hereby gives his Objections and Answers  to the First Set of Interrogatories propounded by Defendant Tesla, Inc., a/k/a Tesla Florida, Inc. ("Tesla"), as follows:

    1.      Please state your full name, current address, and date and place of birth.

**ANSWER:**    **Dillon Austin Angulo; 274 W. Seaview Drive, Duck Key, FL 33050; born April 14, 1992 in Miami, Florida.**

    2.      State your Social Security Number and Driver's License Number.

**ANSWER:**    **Plaintiff objects to the foregoing Interrogatory in that it is invasive of privacy protections provided by 42 U.S.C. §1306(a).  Without waiver of the foregoing, the last four digits of Plaintiff's Social Security Number are 3864.  He holds a valid Florida driver's license bearing the number A524161921340.**

3.     Please state your place of residence at the time of the Subject Incident and identify anyone else who also resided at that residence, if any.

**ANSWER:   At the time of the Subject Incident, Plaintiff lived at 12300 SW 92nd Ave., Miami, FL, 33176, with his parents, Dawn and Victor Angulo, and his brother, Blake Angulo.**

4.     Please describe the extent of your education, including any diplomas or degrees obtained the name, address, and telephone number of each institution attended, and dates of attendance for each. In the alternative, please complete and execute the attached Academic Authorizations.

**ANSWER:   Plaintiff obtained his associate's degree in accounting from Miami-Dade College in approximately 2018.  In 2019 he was studying for his general contractor's license at the FIU engineering campus and was preparing to take his licensing examination when the subject event occurred.  As a result thereafter and due to the injuries he suffered thereby, he has not taken the license exam.  Last year he took an online course through Miami-Dade College to obtain an arborist certification.**

5.     Did you have any plans to obtain any additional education or training?  If so, describe what type of education or training and what progress you made in achieving it.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is vague, ambiguous, and unlimited in scope of time.  It is entirely unclear to Plaintiff what is time frame is intended by the past tense of "Did you".  Without waiver of the foregoing objections and subject thereto, Plaintiff responds that at the time of the Subject Incident, he was studying at FIU engineering campus and preparing to take his licensing examination to obtain his general contractor's license.  As a result of the subject incident and due to the injuries he suffered thereby, he has not taken the licensing exam.**

6.     List the names and addresses of all employers for whom you worked during the five (5) years preceding the date of Subject Incident up to the present date, and identify any compensation received for each including, but not limited to, gross earnings, annual salary, rate of pay, bonuses, and benefits.

**ANSWER:   Plaintiff responds as follows:**

- **In approximately 2018 and 2019 (before the Subject Incident), Plaintiff worked at Viking Landscape Services Inc., 18414 Ruffian Way, Boca Raton, FL 33496.  Plaintiff estimates that he was earning between $500-$600 per week.**

- **Prior to working at Viking Landscape Services, Inc., Plaintiff operated his own business, Clear View Pressure Cleaning Contractors LLC.  He estimates that he was making approximately $1,000 per month.**

- **Also in 2018, he assisted his grandmother in the operation of her nursery, Ledya Lestino Nursery, 7750 SW 72nd Ave., Miami, FL.  He does not recall how much she paid him.**

- **In or around 2015 or 2016 Plaintiff worked at the Pincho Factory, 9860 SW 40th Street, Miami, FL 33165. He estimates he was earning approximately $500 per week there.**

**Plaintiff will in a timely manner supplement and/or amend this response if necessary and pursuant to the Rules and the orders of the Court.**

7.    In your own words, please give a detailed statement of how you contend the Subject Incident took place, including where you were traveling from and traveling to, any stops made along the way, where you were standing if outside of your vehicle, the path of each vehicle leading up to the Subject Incident, the speed of the vehicles upon impact, the resting place of each of the vehicles, the status of any traffic control devices at the location of the Subject Incident, and identify the sequence of the impacts between the vehicles.

**<u>ANSWER</u>:    Plaintiff objects to the foregoing Interrogatory in that it is overly broad, unduly burdensome, invasive, excessively compound and seeks a detailed narrative appropriate to deposition testimony.  Additionally, this Interrogatory seeks irrelevant information and is not calculated to lead to the discovery of admissible evidence herein. Plaintiff further objects to the foregoing Interrogatory in that it seeks information not within Plaintiff's knowledge, possession, custody or control.  Plaintiff refers Defendant to the police reports and investigations attendant to the Subject Incident, witness statements collected by police officers and investigators, records of emergency responders, the pleadings, depositions, discovery responses and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; the pleadings, depositions, discovery responses and other materials in Case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.  It is Plaintiff's belief and understanding that all such materials which would provide responsive information to this Interrogatory are equally available to Defendant and are not within Plaintiff's exclusive possession, custody and control.**

**Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.  At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material**

responsive to this Interrogatory.

Without waiver of the foregoing and subject thereto, Plaintiff replies in part that on the evening of the Subject Incident, he and Naibel Benavides had been driving back from Key Largo to Miami after a day of fishing.  They stopped at the location of the Subject Incident and were outside their parked and stationary vehicle.  Plaintiff has suffered massive injuries as a result of the Incident including substantial brain trauma and permanent brain damage and recalls virtually nothing of the path of the Tesla, its speed at any moment, the resting place of the vehicles following the collision, the status of any traffic control devices at the location of the Incident, or the sequence of the impacts.

Plaintiff reserves the right to amend and/or supplement this response as further and additional discoverable information becomes available.

8.    Identify all persons from whom a written, transcribed or recorded statement, has been taken and state the name, last known address and telephone number, date taken, all persons present during the statement and whether the statement was written, transcribed or recorded regarding the Subject Incident.

**ANSWER:**    **To Plaintiff's knowledge, the following documented statements exist:**

| | |
|---|---|
| **name** | **George Brian McGee** |
| **address** | **75 Snapper Lane, Key Largo, FL 33037** |
| **phone** | |
| **date taken** | **04/25/19** |
| **all present** | **Monroe County Deputy Joel Torres** |

**recorded on body cam**

| | |
|---|---|
| **name** | **Cpl. David Riso, FHP investigator** |
| **address** | **Snapper Creek Service Plaza MM 19, Miami, FL  33175** |
| **phone** | |
| **date taken** | **04/25/19 - 08/28/20** |
| **all present** | **FHP investigator David Riso; others** |

**sworn Florida Highway Patrol Traffic Homicide Investigation Report**

| | |
|---|---|
| **name** | **Cpl. David Riso, FHP investigator** |
| **address** | **Snapper Creek Service Plaza MM 19, Miami, FL  33175** |
| **phone** | |
| **date taken** | **01/21/22** |
| **all present** | **Todd Poses, counsel for Plaintiff; Thomas Branigan, counsel for Defendant; Margaret Lowe, court reporter; FHP investigator David Riso** |

**video deposition**

| | |
|---|---|
| **name** | **Cpl. David Riso, FHP investigator** |
| **address** | **Snapper Creek Service Plaza MM 19, Miami, FL  33175** |
| **phone** | |

**date taken**      05/07/19
**all present**     S. Glick, Judge, 11th Judicial Circuit Court of Florida; FHP investigator
                    David Riso
**affidavit for search warrant**

**name**            Jonathan Miguel Saldana, paramedic/first responder
**address**         110 Anchor Drive, Key Largo, FL 33037
**phone**           305.367.2222
**date taken**      09/01/19
**all present**     FHP investigator David Riso; Jonathan Miguel Saldana
**sworn written statement**

**name**            Alejandro Amado Del Rio, paramedic/first responder
**address**         110 Anchor Drive, Key Largo, FL 33037
**phone**           305.367.2222
**date taken**      09/01/19
**all present**     FHP investigator David Riso; Alejandro Amado Del Rio
**sworn written statement**

**name**            Karin Elizabeth Saldina Santibanez, witness
**address**         1448 S. Krome Ave., No. 103, Florida City, FL 33034
**phone**           603.340.8798
**date taken**      06/17/19
**all present**     FHP investigator David Riso; Karin Elizabeth Saldina Santibanez
**audio recording**

**name**            Enrique De Jesus Abilleira, paramedic/first responder
**address**         110 Anchor Drive, Key Largo, FL 33037
**phone**           305.367.2222
**date taken**      09/01/19
**all present**     FHP investigator David Riso; Enrique De Jesus Abilleira
**sworn written statement**

**name**            Michael Anthony Rodriguez, paramedic/first responder
**address**         110 Anchor Drive, Key Largo, FL 33037
**phone**           305.367.2222
**date taken**      09/05/19
**all present**     FHP investigator David Riso; Michael Anthony Rodriguez
**sworn written statement**

**name**            Neima Benavides, sister of deceased Naibel Benavides / Plaintiff
**address**         595 Mountain Ave., Berkeley Heights, NJ 07922
**phone**           through counsel
**date taken**      04/28/22
**all present**     Todd Poses, counsel for Plaintiff; Drew Branigan, counsel for Defendant;
                    Kevin Marth, videographer; Karen Friedlander, court reporter; Neima

Benavides

**video deposition**

| | |
|---|---|
| **name** | **George McGee, defendant driver** |
| **address** | **9150 S. Dadeland Blvd., Miami, FL** |
| **phone** | **310.465.5676** |
| **date taken** | **03/15/22** |
| **all present** | **Todd Poses, counsel for Plaintiff; Jacob Liro, counsel for defendant driver; Thomas Branigan, counsel for Defendant Tesla; Vanese Lillingbeck, court reporter; Carlos Sofos, videographer** |

**video deposition**

| | |
|---|---|
| **name** | **Lilia M. Leon Jimenez Benavides, mother of deceased Naibel Benavides** |
| **address** | **2222 SW 24th St., Miami, FL** |
| **phone** | **through counsel Todd Poses, Esq.** |
| **date taken** | **05/17/22** |
| **all present** | **Todd Poses, counsel for Plaintiff; Drew Branigan, counsel for Defendant; Kevin Marth, videographer; Pamela Pelino, court reporter; Meg Leslie Tabarez Queretaro, interpreter; Lilia M. Leon Jimenez Benavides** |

**video deposition**

| | |
|---|---|
| **name** | **Joel Torres, Monroe Co. Deputy** |
| **address** | **5525 College Rd., Key West, FL 33040** |
| **phone** | **305.292.7000** |
| **date taken** | **04/26/19** |
| **all present** | **Orlando Alvarez; Joel Torres** |

**written statement**

| | |
|---|---|
| **name** | **Shawn Martin, FHP** |
| **address** | **Florida Highway Patrol, Neil Kirkman Bldg., Tallahassee, FL  32399** |
| **phone** | **305.470.2500** |
| **date taken** | **04/26/19** |
| **all present** | **Shawn Martin** |

**written statement in FHP Incident Report 01|R099741**

| | |
|---|---|
| **name** | **Cpl. Carlos Rosario-Flores** |
| **address** | **Florida Highway Patrol, Neil Kirkman Bldg., Tallahassee, FL  32399** |
| **phone** | **305.470.2500** |
| **date taken** | **04/26/19 / 05/08/19** |
| **all present** | **Cpl. Carlos Rosario-Flores** |

**written statement in FHP Incident Report 01|R099741**

**Further, Cpl. David Riso in the course of his investigation into the underlying incident made notations and memoranda of communications with the following:**

**ASA Gail Conolly; Luke Bovil; Sgt. John Baker, FHP**

Eric Dominguez, Miami Beach PD (EDR download)
**Mike Bagnard, Chief, Investigations Div. NTSB Office of Highway Safety, Washington, DC**
**Al Prescott, Associate General Counsel, Tesla**
**Ryan McCarthy, Managing Counsel, Tesla**
**State Atty. Dennis Ward**
**Dillon Angulo**

**Plaintiff does not believe these notations and memoranda rise to the definition of "statements" laid out in the foregoing Interrogatory, but notice is taken of them nonetheless. Plaintiff is unaware of the existence of any other statements as defined by this Interrogatory but reserves the right to amend and/or supplement his response as appropriate and pursuant to the Rules and the orders of the Court.**

9. If you intend to offer at trial evidence of any other incidents that you contend are substantially similar to the Subject Vehicle Collision, identify them by providing the date, location, and vehicle driver's name.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory as vague and ambiguous in its undefined reference to "substantially similar" incidents. In the absence of such lack of definition, Plaintiff will supplement his response based on his interpretation of same. Further and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

**Plaintiff is aware and understands that Defendant has information responsive to the foregoing Interrogatory, to which Plaintiff does not have access.**

10. State in detail all injuries, if any, whether physical, mental, or emotional you sustained as a result of the Subject Incident.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is overly broad, unduly burdensome, vague, ambiguous, and seeks a detailed narrative appropriate to deposition testimony. Further, Plaintiff is a layperson and not qualified to detail his injuries. Defendant is referred to Plaintiff's medical records produced in response to other discovery herein, which will provide a more adequate response. In general terms, Plaintiff suffered severe orthopedic injuries with a multitude of fractures, the most significant of which were fractures to his facial bones, his jaw, his pelvis and his spine. He further**

suffered a traumatic brain hemorrhage with resulting traumatic and permanent brain injury.

Additionally, and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.

11.   Identify any treatment, care, including attendant, recovery, or rehabilitation you have received for the injuries you allege to have suffered from the Subject Incident, and provide the name, address and telephone number of the individuals, healthcare providers and/or entities who provided the treatment and dates of treatment, care, recovery, or rehabilitation.

<u>**ANSWER**</u>:   **Plaintiff objects to the foregoing Interrogatory in that it is unduly burdensome and seeks a detailed narrative appropriate to deposition testimony. Further, Plaintiff is a layperson and not qualified to detail his treatment, care, recovery or rehabilitation. Defendant is referred to Plaintiff's medical records produced in response to other discovery herein, which will provide a more adequate response. Without waiver of the foregoing, Plaintiff responds that the following provided or rendered medical treatment and/or care as a result of the underlying incident:**

**Ocean Reef Fire Rescue 26**
**110 Anchor Dr.**
**Key Largo, FL 33037**

**Ocean Reef Public Safety**
**110 Anchor Dr.**
**Key Largo, FL 33037**

**Key Largo Rescue 123**
**98600 Overseas Hwy.**
**Key Largo, FL 33037**

**Air Rescue South**

**Miami-Dade Air Rescue**

**Jackson Memorial Hospital South**

**1611 NW 12th Ave.**
**Miami, FL 33136**

**Dr. Ian Cote**
**9333 SW 152nd St.**
**Miami, FL 33157**

**Jackson South Medical & Trauma Centers**
**9333 SW 152nd St.**
**Miami, FL 33157**

**Jackson Memorial North**
**160 NW 170th St.**
**Miami, FL 33169**

**Ryder Trauma Center**
**1295 NW 14th St.**
**Miami, FL 33136**

**Baptist Hospital Rehabilitation Center**
**16650 N. Kendall Dr., Ste. 101**
**Miami, FL 33196**

**Dr. Paul Figueroa**
**1611 NW 12th Ave.**
**Miami, FL 33136**

**Dr. Yoh Sawatari**
**9830 SW 150th St., Ste. 170**
**Miami, FL 33176**

**University of Miami Oral Maxillofacial Surgery**
**9830 SW 150th St., Ste. 170**
**Miami, FL 33176**

**Dr. Richard A. Hamilton**
**8900 N. Kendall Dr.**
**Miami, FL 33176**
**and**
**11140 Snapper Creek Rd.**
**Coral Gables, FL 33156**

**Denise Baldwin Vargas**
**8900 N. Kendall Dr.**
**Miami, FL 33176**

**Baptist Health Intensive Outpatient Brain Injury Program**
**8900 N. Kendall Dr.**
**Miami, FL 33176**

**Dr. Giselle Hernandez**
**9333 SW 152nd St.**
**Palmetto Bay, FL 33157**

**Dr. Michael Baraga**
**555 Ponce de Leon Blvd.**
**Miami, FL 33146**

**Dr. Cahen Naml Price**
**University of Miami**
**555 Ponce de Leon Blvd.**
**Miami, FL  33146**

**University of Miami Sports Medicine**
**555 Ponce de Leon Blvd.**
**Miami, FL 33146**

**Nicole Christine Ramos**
**The Lennar Foundation Medical Center**
**5555 Ponce de Leon Blvd., 3rd Floor**
**Coral Gables, FL 33136**

**Dr. Gemayaret Alvarez**
**1475 NW 12th Ave., Floor 1**
**Miami, FL 33136**

**Dr. Maridelie Diaz Villanueva**
**255 University Dr., 2nd Floor**
**Coral Gables, FL 33134**

**Mind & Soul Therapy**
**255 University Dr., 2nd Floor**
**Coral Gables, FL 33134**

**Dr. Sanoj Punnen**
**1150 NW 14th St., Ste. 309**
**Miami, FL 33136**

**University of Miami Health System**
**1150 NW 14th St., Ste. 309**
**Miami, FL 33136**

**Dr. Manuel Padron**
**8501 SW 124th St., Ste. 112**
**Miami, FL 33183**

**Elite Physical Therapy**
**William J. Reader, P.T.**
**6701 Sunset Dr. Ste. 103**
**Miami, FL 33143**

**Falls Dental Care Group**
**8729 SW 136th St.**
**Miami, FL 33176**

**Anibal Burgos**

**Plaintiff's care is ongoing; accordingly, he reserves the right to amend and/or supplement this response as additional information becomes available.**

11.    State whether you were covered by any health or medical insurance policies.  If so, state the name and address of insurance carrier or agency, the policy and group numbers, and the amount, if any, paid by said insurance for medical treatment relating to the injuries alleged in Plaintiff's Complaint.

**ANSWER:    Plaintiff objects to the foregoing Interrogatory in that it is vague, ambiguous, and unlimited as to the period of time about which it inquires.  Further and without waiver of the foregoing, Plaintiff objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence herein.  Without waiver of the foregoing, however, and subject thereto, Plaintiff responds that at the time of the Subject Incident, he was covered under his father's group health policy with Aetna, P. O. Box 14079, Lexington, KY 40512 (Group No. 771068-016-00001, Payer No. 9140860054) and his father's group supplemental policy with American Public Life, P. O. Box 925, Jackson, MS 39205 (Group No. 157430).  Plaintiff has produced documentation of the Aetna payout ledger in response to Requests for Production, from which Defendant may obtain further information responsive to this Interrogatory.**

**Plaintiff's care is ongoing; accordingly, he reserves the right to amend and/or supplement this response as additional information becomes available.**

12.    Please state whether you were suffering from any physical or mental illness, disease or disability at the time of the Subject Incident.  If so, please give a full description of each such physical or mental illness, disease or disability, including the dates when the symptoms of the conditions first appeared.

**ANSWER:    Plaintiff objects to the foregoing Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence herein.  Plaintiff's health and wellbeing at the time of the incident is not at issue in this litigation.  However, without waiver of the**

foregoing objection, Plaintiff responds that at the time of the incident he was not suffering from any physical or mental illness, disease or disability.

13.     Please state with specificity what you claim caused the Subject Incident to occur.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is overly broad, unduly burdensome, and seeks a detailed narrative appropriate to deposition testimony. Plaintiff further objects to the foregoing Interrogatory in that it seeks information not within Plaintiff's knowledge, possession, custody or control.  Plaintiff is a layperson and is not qualified to opine as to "what caused the Subject Incident to occur".   Plaintiff refers Defendant to the police reports and investigations attendant to the Subject Incident, witness statements collected by police officers and investigators, records of emergency responders, the pleadings, depositions, discovery responses and other materials in Case No. 50-2020-CA-003236-XXXX-MB, _Benavides v. McGee_; the pleadings, depositions, discovery responses and other materials in Case No. 21-cv-21940-BLOOM/Otaza-Reyes, _Benavides v. Tesla_; and investigative materials collected or generated by law enforcement.   It is Plaintiff's belief and understanding that all such materials which would provide responsive information to this Interrogatory are equally available to Defendant and are not within Plaintiff's exclusive possession, custody and control.**

**Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.  At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

14.     If you contend there was a manufacturing or design defect in the Subject Vehicle or in any component part of the Subject Vehicle, identify the specific defect, whether it is alleged to be a design defect or a manufacturing defect, what specific components are alleged to be defective, how the alleged defect caused or contributed to the Subject Incident, and each fact relied upon by you in support of your claim of defect including names, addresses and telephone numbers of each person with knowledge of these facts and the substance of the facts for each person with knowledge.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is overly broad, unduly burdensome, excessively compound in an attempt to circumvent the number of interrogatories allowed, and seeks a detailed narrative appropriate to deposition testimony. Plaintiff further objects to the foregoing Interrogatory in that it seeks information not within Plaintiff's knowledge, possession, custody or control.  Plaintiff is a layperson and is**

not qualified to respond to this Interrogatory.

**Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

15.    Describe in detail and with specificity each and every act or omission on the part of any Defendant in this action, which you contend constituted negligence, strict liability or failure to warn that was a contributing legal cause of the Subject Incident and/or injuries in question, including the name, address, telephone number and substance of the facts for each person with knowledge.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is overly broad, unduly burdensome, excessively compound in an attempt to circumvent the number of interrogatories allowed, and seeks a detailed narrative appropriate to deposition testimony. Plaintiff further objects to the foregoing Interrogatory in that it seeks information not within Plaintiff's knowledge, possession, custody or control. Plaintiff is a layperson and is not qualified to respond to this Interrogatory.**

**Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced. At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

16.    State whether you claim that the Subject Vehicle was in violation of any governmental or industry law, regulation, code standard, applicable statute, custom, or engineering practice, and if so, for each such violation state the full citation, section, paragraph, edition or source of the governmental or industry law, regulation, code or standard, and the identity of any governmental or industry entity or association that took any action as a result of

the alleged violation, state the date, nature, and result of any such action and how such alleged failure caused or contributed to the Subject Collision and Your alleged damages.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is overly broad, unduly burdensome, excessively compound in an attempt to circumvent the number of interrogatories allowed, and seeks a detailed narrative appropriate to deposition testimony. Plaintiff further objects to the foregoing Interrogatory in that it seeks information not within Plaintiff's knowledge, possession, custody or control.  Plaintiff is a layperson and is not qualified to respond to this Interrogatory.**

**Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.  At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

17.   State you have received any compensation or payments, in full or partial settlement of any claim arising out of the Subject Incident, from any person, firm or company, specify the name and address of the person, firm or company from whom you received such compensation or payments, the date when any such compensation or payments were received, and the amount of any such compensation or payments.

**ANSWER:   Plaintiff has received compensation concerning the Subject Incident from George Brian McGee, driver of the Tesla; however, under the confidentiality terms of the Settlement Agreement and Release, Plaintiff is prohibited from disclosing any of the details absent order of the Court.  Plaintiff also collected limits of $25,000 from his automobile insurer under his uninsured motorist / underinsured motorist coverage.  Plaintiff is in the process of gathering information responsive to this Interrogatory and will supplement this Response in a timely manner and pursuant to the Rules and orders of this Court.**

18.   List the names and addresses of all persons including, but not limited to, experts who may testify at trial who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge. If you identify any expert in answer to this Interrogatory, please include that expert's area or field of expertise and the date of retention of the expert.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that it is premature and unduly burdensome.  Discovery is still in the nascent stages, and Plaintiff has not yet**

determined identities of anyone who may testify at the trial of this matter. It is not incumbent on nor required of Plaintiff to marshal a trial witness list at this point in the litigation. Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts. Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete. In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted. Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.

However, without waiver of the foregoing, Plaintiff responds that the following individuals may have knowledge concerning various issues raised by the pleadings. A general reference to their respective relevancy is included in identifying each. Plaintiff reserves the right to amend and/or supplement this response pursuant to the Rules and the orders of this Court.

George Brian McGee
75 Snapper Lane, Key Largo, FL 33037
Driver of the Subject Vehicle Tesla

Cpl. David Riso, FHP investigator
Snapper Creek Service Plaza MM 19, Miami, FL 33175
Investigator of the Subject Incident

Jonathan Miguel Saldana, paramedic/first responder
110 Anchor Drive, Key Largo, FL 33037
First responder at the scene

Alejandro Amado Del Rio, paramedic/first responder
110 Anchor Drive, Key Largo, FL 33037
First responder at the scene

Karin Elizabeth Saldina Santibanez, witness
1448 S. Krome Ave., No. 103, Florida City, FL 33034
Witness present at the scene

Enrique De Jesus Abilleira, paramedic/first responder
110 Anchor Drive, Key Largo, FL 33037
First responder at the scene

Michael Anthony Rodriguez, paramedic/first responder
110 Anchor Drive, Key Largo, FL 33037
First responder at the scene

**Neima Benavides, sister of deceased Naibel Benavides / Plaintiff**
**595 Mountain Ave., Berkeley Heights, NJ 07922**
**Sister of deceased Naibel Benavides / Plaintiff**

**Lilia M. Leon Jimenez Benavides, mother of deceased Naibel Benavides**
**2222 SW 24th St., Miami, FL**
**Mother of deceased Naibel Benavides / Plaintiff**

**Edward Garcia, father of deceased Naibel Benavides**
**2678 Mountain Ave., Scotch Plains, NJ  07076**
**Father of deceased Naibel Benavides / Plaintiff**

**Joel Torres, Monroe Co. Deputy**
**5525 College Rd., Key West, FL 33040**
**Monroe County Sheriff's Deputy present at the scene**

**Shawn Martin, FHP**
**Florida Highway Patrol, Neil Kirkman Bldg., Tallahassee, FL  32399**
**Florida Highway Patrolman present at the scene**

**Cpl. Carlos Rosario-Flores**
**Florida Highway Patrol, Neil Kirkman Bldg., Tallahassee, FL  32399**
**Florida Highway Patrolman present at the scene**

**Eric Dominguez, Miami Beach PD**
**Conducted EDR download**

**Mike Bagnard, Chief, Investigations Div.**
**NTSB Office of Highway Safety, Washington, DC**
**Investigated Subject Incident**

**Al Prescott, Associate General Counsel, Tesla**
**Contacted in course of FHP investigation of Subject Incident**

**Ryan McCarthy, Managing Counsel, Tesla**
**Contacted in course of FHP investigation of Subject Incident**
**Believed to have knowledge of alternative facts**

**Florida State Atty. Dennis Ward**
**Participant in Vehicular Homicide Investigation**

**Dillon Angulo**
**274 W. Seaview Drive, Duck Key, FL 33050**
**Plaintiff, has some knowledge of Subject Incident and his injuries and damages**

**Dawn and Victor Angulo**
**12300 SW 92nd Ave., Miami, FL, 33176**
**Parents of Plaintiff Dillon Angulo**
**Have some knowledge of Plaintiff's injuries and damages**

**Blake Angulo**
**12300 SW 92nd Ave., Miami, FL, 33176**
**Brother of Plaintiff Dillon Angulo**
**Has some knowledge of Plaintiff's injuries and damages**

**Personnel from Ocean Reef Fire Rescue 26**
**110 Anchor Dr.**
**Key Largo, FL 33037**
**First responders at the scene**

**Personnel from Ocean Reef Public Safety**
**110 Anchor Dr.**
**Key Largo, FL 33037**
**First responders at the scene**

**Personnel from Key Largo Rescue 123**
**98600 Overseas Hwy.**
**Key Largo, FL 33037**
**First responders at the scene**

**Personnel from Air Rescue South**
**Helicopter ambulance personnel**

**Personnel from Miami-Dade Air Rescue**
**Helicopter ambulance personnel**

**Personnel from Jackson Memorial Hospital South**
**1611 NW 12th Ave.**
**Miami, FL 33136**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Ian Cote**
**9333 SW 152nd St.**
**Miami, FL 33157**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Jackson South Medical & Trauma Centers**
**9333 SW 152nd St.**
**Miami, FL 33157**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Jackson Memorial North**
**160 NW 170th St.**
**Miami, FL 33169**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Ryder Trauma Center**
**1295 NW 14th St.**
**Miami, FL 33136**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Baptist Hospital Rehabilitation Center**
**16650 N. Kendall Dr., Ste. 101**
**Miami, FL 33196**

**Dr. Paul Figueroa**
**1611 NW 12th Ave.**
**Miami, FL 33136**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Yoh Sawatari**
**9830 SW 150th St., Ste. 170**
**Miami, FL 33176**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from University of Miami Oral Maxillofacial Surgery**
**9830 SW 150th St., Ste. 170**
**Miami, FL 33176**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Richard A. Hamilton**
**8900 N. Kendall Dr.**
**Miami, FL 33176**
**and**
**11140 Snapper Creek Rd.**
**Coral Gables, FL 33156**
**Involved in Plaintiff's care following the Subject Incident**

**Denise Baldwin Vargas**
**8900 N. Kendall Dr.**
**Miami, FL 33176**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Baptist Health Intensive Outpatient Brain Injury Program**
**8900 N. Kendall Dr.**
**Miami, FL 33176**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Giselle Hernandez**
**9333 SW 152nd St.**
**Palmetto Bay, FL 33157**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Michael Baraga**
**555 Ponce de Leon Blvd.**
**Miami, FL 33146**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Cahen Naml Price**
**University of Miami**
**555 Ponce de Leon Blvd.**
**Miami, FL  33146**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from University of Miami Sports Medicine**
**555 Ponce de Leon Blvd.**
**Miami, FL 33146**
**Involved in Plaintiff's care following the Subject Incident**

**Nicole Christine Ramos**
**The Lennar Foundation Medical Center**
**5555 Ponce de Leon Blvd., 3rd Floor**
**Coral Gables, FL 33136**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Gemayaret Alvarez**
**1475 NW 12th Ave., Floor 1**
**Miami, FL 33136**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Maridelie Diaz Villanueva**
**255 University Dr., 2nd Floor**
**Coral Gables, FL 33134**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Mind & Soul Therapy**
**255 University Dr., 2nd Floor**
**Coral Gables, FL 33134**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Sanoj Punnen**
**1150 NW 14th St., Ste. 309**
**Miami, FL 33136**

**Involved in Plaintiff's care following the Subject Incident**

**Personnel from University of Miami Health System**
**1150 NW 14th St., Ste. 309**
**Miami, FL 33136**
**Involved in Plaintiff's care following the Subject Incident**

**Dr. Manuel Padron**
**8501 SW 124th St., Ste. 112**
**Miami, FL 33183**
**Involved in Plaintiff's care following the Subject Incident**

**Elite Physical Therapy**
**William J. Reader, P.T.**
**6701 Sunset Dr. Ste. 103**
**Miami, FL 33143**
**Involved in Plaintiff's care following the Subject Incident**

**Personnel from Falls Dental Care Group**
**8729 SW 136th St.**
**Miami, FL 33176**
**Involved in Plaintiff's care following the Subject Incident**

**Anibal Burgos**
**Involved in Plaintiff's care following the Subject Incident**

19.     If you have ever been involved in an accident of any kind before the Subject Incident (motor vehicle, slip-and-fall, on-the-job, or otherwise) describe any such prior accident(s), including the date, place, type of accident and injury, if any, sustained.

**ANSWER:     Plaintiff objects to the foregoing Interrogatory in that it is vague, ambiguous, overly broad, unduly burdensome, unlimited in scope of time or specificity, and does not appear reasonably calculated to lead to the discovery of admissible evidence in this litigation.   Without waiver of the foregoing, however, Plaintiff responds that, to his knowledge, within the past ten (10) years he has not been involved in any incident requiring medical attention other than the Subject Incident.**

20.     List every civil, criminal (including traffic offenses, misdemeanors, or felonies) and administrative matter wherein you have been a party to, including the complete caption, nature of the case, the case number, state, city, county and state where action was located and name and address of all parties and their attorneys.

**ANSWER:     Plaintiff objects to the foregoing Interrogatory in that it is vague, ambiguous, overly broad, unduly burdensome, unlimited in scope of time or specificity, and does not appear reasonably calculated to lead to the discovery of admissible evidence in this litigation.   Without waiver of the foregoing, however, Plaintiff responds that within the past**

ten (10) years, he has not been a party to any criminal proceedings.  Further, Plaintiff responds that within the past ten (10) years he has not been involved in any litigation or administrative proceeding other than that resulting from the Subject Incident.

21.     Do you allege that George McGee, driver of the Subject Vehicle, did or failed to do anything that caused or contributed to the Subject Incident, or your damages as alleged in Plaintiff's Complaint?  If so, please describe fully the facts and circumstances that support these allegations.

**ANSWER:   Plaintiff objects to the foregoing Interrogatory in that is vague, ambiguous, overly broad, unduly burdensome, and requires a narrative response more appropriate to deposition testimony.  Further, Plaintiff is a layperson and not qualified to respond to this inquiry.  Additionally and without waiver of the foregoing, Plaintiff has no personal and conclusive way of knowing what, if anything, George McGee did or did not do pertinent to the Subject Incident or Plaintiff'.   Plaintiff refers Defendant to the police reports and investigations attendant to the Subject Incident, witness statements collected by police officers and investigators, records of emergency responders, the pleadings, depositions, discovery responses and other materials in Case No. 50-2020-CA-003236-XXXX-MB, *Benavides v. McGee*; the pleadings, depositions, discovery responses and other materials in Case No. 21-cv-21940-BLOOM/Otaza-Reyes, *Benavides v. Tesla*; and investigative materials collected or generated by law enforcement.   It is Plaintiff's belief and understanding that all such materials which would provide responsive information to this Interrogatory are equally available to Defendant and are not within Plaintiff's exclusive possession, custody and control.**

**Additionally and without waiver of the foregoing, Plaintiff responds that this Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.  At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

22.     Identify the make, model, and model year of every vehicle which possessed technology that would have prevented the subject crash as you allege in Paragraphs 27 and 30 of Plaintiff's Complaint.

**ANSWER:   This Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Interrogatory may**

reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.   At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.

Without waiver of the foregoing assertion of privilege and subject thereto, Plaintiff further responds that he is a layperson and thus not qualified to respond to this Interrogatory.  Generally and as an example, however, Plaintiff has been informed and understands that Cadillac's Super Cruise system, which was available starting in 2017 on the Cadillac CT6 and now on a wide range of Cadillac vehicles, has the same or similar autonomous driving capabilities as Tesla's Autopilot but unlike Tesla's Autopilot, Super Cruise (a) uses LIDAR maps and high precision GPS data to ensure that the vehicle knows the full layout of the roadway that the vehicle is travelling on (such as the end of the road that the subject Tesla in this case drove right through), (b) prevents its drivers from using the system on non-limited access roads (which would have made the system unavailable on Card Sound Road), and (c) contains an active driver eye monitoring system (which would have turned the system off if it sensed the driver, such as Mr. McGee, not looking at the road).  Plaintiff has also been informed and understands that there are other vehicles presently on the road, and which were on the road at the time of the Subject Incident, with technology that would have prevented the collision.  Plaintiff reserves the right to amend and/or supplement this Response in a timely manner and pursuant to the Rules and orders of the Court.

22.     State whether you are in possession or have knowledge of any investigatory reports, articles, studies or testing results relating to the same or similar accidents or to the Subject Vehicle or alleged Subject Vehicle defects, and if so, then please identify each such report, article, study or test result by title, author, date and publisher, or if not published, then the custodian of the original or any copy.

**ANSWER:     This Interrogatory inquires into subject matter appropriate to attorney work product and information in the possession of Plaintiff's consulting experts.  Plaintiff will rely on his attorneys' expertise, knowledge, and their continued investigation, research and discovery, which are not yet complete.  In that regard, therefore, this Interrogatory may reasonably be construed to seek attorney work product including counsel's consultations with experts who will not be testifying in this case, and attorney work product privileges are thus asserted.  Plaintiff will timely disclose testifying experts along with their reports and make them available for deposition, at which time relevant responsive information and materials will be produced.   At present, Plaintiff is not withholding any privileged information and does not have in his exclusive possession any discoverable, non-privileged material responsive to this Interrogatory.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2023, a true and correct copy of the foregoing was served via email to all counsel identified in the below service list.

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   /s/ ***Adam T. Boumel, Esq.***
Adam T. Boumel, Esq.
Florida Bar No.: 0110727
Direct email: adam@roussolawfirm.com
Service emails:
Pleadings@roussolawfirm.com
Frank@roussolawfirm.com

## SERVICE LIST

**Cole, Scott & Kissane, P.A.**
9150 S. Dadeland Blvd, Suite 1400
Miami, Florida 33156
**Attn: Henry Salas, Esq.**
henry.salas@csklegal.com
leisy.martinez@csklegal.com
*Counsel for Defendant, Tesla, Inc.*

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Thomas P. Branigan, Esq.**
**Attn: Drew P. Branigan, Esq.**
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
*Counsel for Defendant, Tesla, Inc.*

**Aria Sanguinetti Wang & Torrijos, LLP**
2200 Powell Street, Suite 740
Emeryville, CA 94608
**Attn: Elise R. Sanguinetti, Esq.**
elise@aswtlawyers.com
ncservice@aswtlawyers.com
*Co-Counsel for both Plaintiffs.*

**Slavik Law Firm, LLC**
30001 S. Lincoln Ave, Suite C-1
Steamboat Springs, CO 80487
**Attn: Donald Slavik, Esq.**
dslavik@slavik.us
dcaudle@slavik.us
*Co-Counsel for both Plaintiffs.*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Co-Counsel for both Plaintiffs.*

**Poses & Poses, P.A.**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiff, Neima Benavides*

27050731v1

STATE OF FLORIDA   )

                             SS

COUNTY OF DADE    )

BEFORE ME, the undersigned authority appeared ___Dillon  Angulo___

who, after being duly sworn upon oath, deposes and says that he/she has read the foregoing
Answers to Interrogatories and that the statements and facts therein  contained are true and
correct to the best of his/her knowledge and belief and that he/she is the person in and who
executed the same.

Sworn to and subscribed before me

this ___26___ day of ___Feburary___,2023.

___Jannett Lopez___

Notary Public, State of at large.

My Commission Expires: 11/5/2024

JANNETTE LOPEZ
Notary Public - State of Florida
Commission # HH 060783
My Comm. Expires Nov 5, 2024
Bonded through National Notary Assn.