# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

Case No. 22-22607-KMM

**TESLA, INC.'S RESPONSE TO PLAINTIFF DILLON ANGULO'S
ELEVENTH REQUEST FOR PRODUCTION**

Tesla, Inc. ("Tesla"), through its undersigned counsel, responds to Dillon Angulo's Eleventh Request for Production.

**GENERAL OBJECTIONS**

1. Tesla objects to Plaintiff's Instructions and Definitions to the extent Plaintiff's use of them in these requests is an attempt to impose a burden on Tesla that exceeds the requirement of the FRCP.

2. Tesla objects to Plaintiff's definition of "Level 2 ADAS" to the extent it is inconsistent with the term as defined by the Society of Automotive Engineers.

29407922v4

3. Tesla objects to Plaintiff's use of the term "Subject Vehicles" as overly broad and not limited to the relevant model, model year, hardware version, or firmware version of vehicle involved in the subject incident. This definition is also improper because it includes vehicles designed and manufactured after the subject incident, which constitute inadmissible subsequent remedial measures.

4. Tesla objects to Plaintiff's definition of "Sensors" to the extent it is inconsistent with Tesla's use of the term.

5. Tesla objects to Plaintiff's definition of "Hardware Suite" to the extent it is inconsistent with Tesla's use of the term.

6. Tesla objects to Plaintiff's definition of "Software/Firmware Versions" to the extent it is inconsistent with Tesla's use of the term.

7. Tesla objects to Plaintiff's definition of "LIDAR" to the extent it is inconsistent with plain meaning of the word.

8. Tesla objects to these requests to the extent that they are not limited to a reasonable period of time, the same or similar model vehicle as the subject vehicle, or component(s) or system(s) at issue as identified in Plaintiffs' Complaint. The determination of scope and the documents produced in response to these Requests are for the purposes of discovery only and not an admission on behalf of Tesla regarding admissibility or responsiveness to the allegations made in this case.

9. Tesla does not interpret Plaintiff's requests to ask for information about (1) correspondence between Tesla and its attorneys, (2) communications between Tesla, its lawyers or its representatives about the investigation or defense of any claims or lawsuits, including Plaintiff's claims after Tesla learned that a claim would be made, (3)

10. notes or other work product of Tesla's lawyers, (4) other documents or things created by or for Tesla's lawyers, and (5) documents or things prepared by consulting experts about this or any suit, claim, or anticipated claim. If Plaintiff intends any request for the production of these privileged items, Tesla objects to providing any such information because it is protected from discovery pursuant to attorney-client privilege and/or the attorney work product privilege.

10. Tesla has not yet completed discovery, investigation, or preparation for trial. Accordingly, its responses are based on information presently available and given without prejudice to Tesla's right to further supplement or modify based upon the discovery of additional or different information. Tesla reserves the right to supplement responses to these requests up to the time of trial, as the investigation of the facts and circumstances of this case is ongoing.

11. Tesla reserves all objections and questions as to the competency, relevance, materiality, privilege, proprietary, admissibility, and all other objections on any grounds that would require the exclusion of any information from evidence if the same were sought to be admitted at trial.

## REQUESTS FOR PRODUCTION

**REQUEST NUMBER 59:** Produce all DOCUMENTS and/or ESI including INTERNAL COMMUNICATIONS identifying the SOFTWARE/ FIRMWARE VERSION(S), including all updates thereto, installed in the SUBJECT VEHICLE at any time.

**RESPONSE**: Tesla objects to this Request because it is cumulative of discovery already propounded by Plaintiff and therefore harassing. Tesla also objects to this Request because it is overly broad in its use of the phrase "all documents" and not limited in scope to the relevant time period (from George McGee's purchase of the vehicle to the time of the accident) and because this

Subject to and without waiving these objections, see Tesla's Response to Request 11 in which Tesla agreed to search for documents related to the validation of Automatic Emergency Braking for the 2019 Tesla Model S with Autopilot Hardware 2.5. In addition, Tesla will search for and produce the sign-off documentation for the firmware version operating at the time of the accident.

**REQUEST NUMBER 62:** Produce all DOCUMENTS and/or ESI including INTERNAL COMMUNICATIONS containing, describing, relative or pertinent to, concerning, referencing or in any way associated with complaints by TESLA AGENTS, EMPLOYEES, or OFFICERS about the performance of AUTOPILOT and other ADAS which operated using the HARDWARE SUITE and SOFTWARE/FIRMWARE VERSION installed in the SUBJECT VEHICLE at the time of the SUBJECT INCIDENT.

**RESPONSE**: Tesla objects to this Request because it is vague, ambiguous and argumentative through its use of the word "complaints." Tesla also objects to this Request because it is overly broad in its use of the phrase "all documents," unduly burdensome, and not proportionate to the needs of the case. Specifically, this request amounts to an impermissible "fishing expedition," and is not limited in scope to the subject model, model year vehicle, or Plaintiff's defect claims. This Request is so broad that it asks for material that would be protected by the attorney-client privilege and work product doctrine. Tesla objects to searching "internal communications" of the thousands of "Tesla Agents, Employees, or Officers" to determine whether any expressed "complaints…about the performance of Autopilot and other ADAS " as unduly burdensome and not proportionate to the needs of the case.

Subject to and without waiving these objections, because Autopilot was not designed or intended to detect, warn or stop for stop signs or traffic signals at the time of this accident, Tesla reasonably and in good faith believes there are no documents reflecting "complaints" about that circumstance and involving the same hardware/firmware as the vehicle in this case. Likewise, because Autopilot and Automatic Emergency Braking were not designed or intended to detect,

29407922v4

==warn or stop for cross-traffic, particularly at high speeds and with the driver pressing the accelerator pedal to maintain a higher speed than Autopilot permitted, as were the circumstances leading up to this accident, Tesla reasonably and in good faith believes there are no documents reflecting "complaints" about that circumstance and involving the same hardware/firmware as the vehicle in this case.==

**REQUEST NUMBER 63:** Produce all DOCUMENTS and/or ESI including INTERNAL COMMUNICATIONS containing, describing, relative or pertinent to, concerning, referencing or in any way associated with complaints by TESLA customers about the performance of AUTOPILOT and other ADAS which operated using the HARDWARE SUITE and SOFTWARE/FIRMWARE VERSION installed in the SUBJECT VEHICLE at the time of the SUBJECT INCIDENT.

**RESPONSE**: Tesla objects to this Request because it is vague, ambiguous and argumentative through its use of the word "complaints." Tesla objects to this Request because it is overly broad in its use of the phrase "all documents," unduly burdensome, and not proportionate to the needs of the case. Specifically, this request amounts to an impermissible "fishing expedition," and is not limited in scope to the subject model, model year vehicle, Plaintiff's defect claims, incidents allegedly caused by the defect Plaintiff alleges in this case or to accident circumstances that are substantially similar to the circumstances of the subject accident. This Request is so broad that it asks for material that would be protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Tesla searched its records and did not locate any lawsuits involving an accident that occurred prior to the subject accident, involving a 2019 Model S with Autopilot Hardware 2.5, and an allegation that Autopilot failed to detect and slow or stop for the side profile of a parked vehicle. In the spirit of cooperation, if Plaintiff is aware of any lawsuits believed to be responsive to this Request, Tesla requests counsel identify them and Tesla will investigate and supplement this response, if appropriate.

29407922v4

9. Steering
10. Headlights

**RESPONSE**: Plaintiff has agreed to withdraw this Request as it is duplicative of prior Requests.

Date: May 24, 2024

Respectfully submitted,

*s/ Whitney V. Cruz*
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 24, 2024**, I served the foregoing responses to all counsel of record via Electronic Mail.

| | |
|---|---|
| **Adam T. Boumel, Esq.**<br>Florida Bar No. 0110727<br>The Rousso, Boumel Law Firm, PLLC<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, FL 33156<br>Tel. 305-670-6669<br>adam@roussolawfirm.com<br>assistant@roussolawfirm.com<br>pleadings@roussolawfirm.com<br>*Attorneys for Plaintiff Dillon Angulo* | **Todd Poses, Esq.**<br>Florida Bar No. 0075922<br>Poses & Poses, P.A.<br>Alfred I. Dupont Building<br>169 East Flagler Street, Suite 1600<br>Miami, FL 33131<br>Tel.  305-577-0200<br>Fax: 305-371-3550<br>tposes@posesandposes.com<br>maria@posesandposes.com<br>*Attorneys for Plaintiff Neima Benavides* |
| **Brett Schreiber, Esq.**<br>Admitted *Pro Hac Vice*<br>**Satyarinivas "Srinivas" Hanumadass, Esq.**<br>Admitted *Pro Hac Vice*<br>**Carmela Birnbaum, Esq.**<br>Admitted *Pro Hac Vice*<br>Singleton Schrieber<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108<br>bschreiber@singletonschreiber.com<br>vas@singletonschreiber.com<br>cbirnbaum@singletonschreiber.com<br>jjusto@singletonschreiber.com<br>eelms@singletonschreiber.com<br>service@singletonschreiber.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | **Douglas F. Eaton, Esq.**<br>Florida Bar No. 0129577<br>Eaton & Wolk PL<br>2665 South Bayshore Drive, Suite 609<br>Miami, FL 33133<br>Tel. 305-249-1640<br>Fax: 786-350-3079<br>deaton@eatonwolk.com<br>cgarcia@eatonwolk.com<br>lhuete@eatonwolk.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* |

*s/ Whitney V. Cruz*
Whitney V. Cruz

29407922v4