**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

DILLON ANGULO,

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

Case No. 22-22607-KMM

**TESLA, INC.'S SUPPLEMENTAL RESPONSE AND OBJECTIONS**
**TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS**

      Tesla, Inc. ("Tesla"), through its undersigned counsel, and pursuant to the Court's Order dated

May 24, 2024, provides supplemental responses to Plaintiffs' First Request for Admission and states as

follows:

**<u>GENERAL OBJECTIONS</u>**

      1.     Tesla objects to Plaintiffs' use and definition of the phrase "Driver Monitoring

System" because it is not consistent with the technology incorporated in the Subject Vehicle.

      2.     Tesla objects to Plaintiffs' use and definition of "Tesla" because it is overly broad

and inaccurate.

## REQUEST FOR ADMISSIONS

**REQUEST NO. 8:**  Admit that TESLA promoted the SUBJECT VEHICLE as being safer than other vehicles on the market.

**RESPONSE:** Tesla objects to this Request because "promoted" as used in this Request is vague, undefined by Plaintiffs and open to different interpretations, and as such, Tesla cannot admit or deny this Request as phrased.

**SUPPLEMENTAL RESPONSE**:   Subject to and without waiving prior objections, admit.


**REQUEST NO. 9:**  Admit that TESLA promoted the SUBJECT VEHICLE as being safer than all other vehicles on the market.

**RESPONSE:** Tesla objects to Request 9 because it is essentially duplicative and cumulative of Request for Admission 8 and harassing.  Subject to and without waiving these objections and Tesla's General Objections, see Tesla's Response to Request 8.

**SUPPLEMENTAL RESPONSE**:   Subject to and without waiving prior objections, Tesla refers Plaintiffs to its Supplemental Response to Request No. 8, above, wherein Tesla admitted that it promoted the Subject Vehicle as being safer than other vehicles on the market.


**REQUEST NO. 21:**  Admit the SUBJECT VEHICLE'S automated AUTOPILOT "safety features and convenience features" as described in the Owner's Manual applicable to the SUBJECT VEHICLE could not safely operate the SUBJECT VEHICLE on public roads.

**RESPONSE:**  Tesla objects to this Request as compound and because the phrase "public roads" is vague and undefined by Plaintiffs. Tesla further objects because the phrase "could not safely operate" is vague, undefined, and argumentative.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving prior objections, deny.


**REQUEST NO. 28:**  Admit that, prior to George McGee's purchase of the SUBJECT VEHICLE, TESLA warranted that the vehicles TESLA sold were safe and reliable for providing transportation for consumers such as George McGee.

**RESPONSE:** Tesla objects to this Request because it is vague, argumentative, overly-broad and not limited to warranties provided with the Subject Vehicle. Subject to and without waiving these objections, Tesla admits only that the Model S was sold new with a New Vehicle Limited Warranty along with the warranties implied by law.

2

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving prior objections, Tesla objects on the basis that this Request calls for a legal conclusion and denies that its written warranty expressly stated that "vehicles Tesla sold were safe and reliable for providing transportation."

**REQUEST NO. 29:** Admit that TESLA warranted that the SUBJECT VEHICLE was safe and reliable for providing transportation for George McGee.

**RESPONSE:** See Tesla's Response to Request 28.

**SUPPLEMENTAL RESPONSE:** Tesla objects to this Request because it is vague, argumentative, overly-broad and not limited to warranties provided with the Subject Vehicle. Tesla also objects on the basis that this Request calls for a legal conclusion. Subject to and without waiving these objections, Tesla admits only that the Model S was sold new with a New Vehicle Limited Warranty along with the warranties implied by law. Tesla denies that its written warranty expressly stated that "the [subject vehicle] was safe and reliable for providing transportation for George McGee."

**REQUEST NO. 30:** Admit that prior to George McGee's purchase of the SUBJECT VEHICLE TESLA warranted that the vehicles TESLA designed, manufactured, and sold would perform as designed under foreseeable use.

**RESPONSE:** See Tesla's response to Request 28.

**SUPPLEMENTAL RESPONSE:** Tesla objects to this Request because it is vague, argumentative, overly-broad and not limited to warranties provided with the Subject Vehicle. Tesla also objects on the basis that this Request calls for a legal conclusion. Subject to and without waiving these objections, Tesla admits only that the Model S was sold new with a New Vehicle Limited Warranty along with the warranties implied by law. Tesla denies that its written warranty expressly stated that "the vehicles TESLA designed, manufactured, and sold would perform as designed under foreseeable use."

**REQUEST NO. 31:** Admit that TESLA warranted that the SUBJECT VEHICLE would perform as designed under foreseeable use.

**RESPONSE:** See Tesla's response to Request 28.

**SUPPLEMENTAL RESPONSE:** Tesla objects to this Request because it is vague, argumentative, overly-broad and not limited to warranties provided with the Subject Vehicle. Tesla also objects on the basis that this Request calls for a legal conclusion. Subject to and without waiving these objections, Tesla admits only that the Model S was sold new with a New Vehicle Limited Warranty along with the warranties implied by law. Tesla denies that its written warranty expressly stated that "the [subject vehicle] would perform as designed under foreseeable use."

**REQUEST NO. 35:** Admit that TESLA does not employ anyone with at least a Bachelor of Science, Master of Science, or Doctorate degree in Human Factors Engineering as a member of the group of TESLA employees overseeing development and/or performance of TESLA's AUTOPILOT system.

**RESPONSE:** Tesla objects to this Request because the phrase "Human Factors Engineering" as used in this Request is vague and undefined by Plaintiff and is subject to different interpretations. Tesla further objects to this Request as overbroad, burdensome and harassing, as it would require Tesla interview hundreds of employees – current and former – to discern their educational background and whether a degree specifically designated as "Human Factors Engineering" was obtained.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving prior objections, Tesla objects to this Request because it is unlimited in time. Tesla is unable to admit or deny this request, therefore, deny.

**REQUEST NO. 36:** Admit that TESLA did not employ anyone with at least a Bachelor of Science, Master of Science, or Doctorate degree in Human Factors Engineering as a member of the group of TESLA employees overseeing development and/or performance of TESLA's AUTOPILOT system during the time the SUBJECT VEHICLE was designed, developed, tested, manufactured, or sold.

**RESPONSE:** See Tesla's response to Request 35.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving prior objections, Tesla is unable to admit or deny this Request, therefore, deny.

**REQUEST NO. 38:** Admit that Dillon Austin Angulo received serious, permanent injuries as a result of the collision described in the SUBJECT INCIDENT.

**RESPONSE:** Tesla objects to this Request because "serious, permanent injuries" as used in this Request is vague, without context, undefined by Plaintiffs and, thus, open to different interpretations. Tesla further objects to the extent the Request requires the premature disclosure of expert witness information. Subject to and without waiving these objections, Tesla admits only that Dillon Angulo was injured as a result of the April 25, 2019 collision. Tesla has made reasonable inquiry, but the information it knows and can readily obtain at this time is insufficient to enable Tesla to admit or deny that Dillon Angulo suffered a "serious, permanent" injury.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections, Tesla has insufficient information to admit or deny this request as discovery is ongoing and expert discovery has not yet begun. As such, Tesla denies that Dillion Angulo suffered a "serious, permanent" injury.

**REQUEST NO. 39:**  Admit that on October 19, 2016, TESLA CEO Elon Musk stated: "The basic news is that all Tesla vehicles exiting the factory have the hardware necessary for Level 5 Autonomy."  *See*:  Elon  Musk,  Oct.  19,  2016  [time  00:00  -  00:13] https://www.youtube.com/watch?v=-vjGEEF_p5E.

**RESPONSE:**  Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute.  The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234.

**SUPPLEMENTAL RESPONSE**:  Subject to and without waiving prior objections, Tesla admits the recording available at the link included in this request includes the quoted statement.  Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 44:**  Admit that TESLA stated on October 19, 2016, in its blog published at https://www.Tesla.com/blog/all-Tesla-cars-being-produced-now-have-full-self-driving-hardware that as of October 19, 2016, "all Tesla vehicles produced in (their) factory" are being equipped with "[t]welve updated. . . sensors. . . allowing for detection of both hard and soft objects." *See, All Tesla Cars Being Produced Now Have Full Self-Driving Hardware*, TESLA MOTORS BLOG, Oct. 19, 2016.

**RESPONSE:**  Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute.  The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234.  Subject to and without waiving these objections, see Tesla's response to Request 43.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving prior objections, Tesla admits the referenced blog post includes the statement "Eight surround cameras provide 360 degree visibility around the car at up to 250 meters of range. Twelve updated ultrasonic sensors complement this vision, allowing for detection of both hard and soft objects at nearly twice the distance of the prior system."

**REQUEST NO. 51:** Admit that the following video depicts TESLA CEO Elon Musk operating a TESLA vehicle on public roads at times without either of his hands touching the steering wheel: https://www.cbsnews.com/video/elon-musk-says-teslas-autopilot-system-will-never-be-perfect/

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Further, Tesla objects to this Request as seeking irrelevant information because the evidence is that Mr. McGee's hands were detected on the steering wheel for approximately 24 seconds leading up to the crash. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated. Subject to and without waiving these objections, the video in the hyperlink included in the Request speaks for itself.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving prior objections, Tesla admits that in the video referenced in Request for Admission 51, Elon Musk takes his hands off the wheel momentarily to demonstrate the vehicle's driver monitoring capabilities. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 52:** Admit that TESLA CEO Elon Musk has posted videos of himself sitting in the driver's seat of a TESLA vehicle with his hands not touching the steering wheel while the vehicle operated on public roads.

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Further, Tesla objects to this Request as seeking irrelevant information because the evidence is that Mr. McGee's hands were detected on the steering wheel for approximately 24 seconds leading up to the crash. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving prior objections, Tesla searched its records and did not locate information sufficient to admit or deny this Request and therefore denies this Request.

**REQUEST NO. 53:** Admit that in the interview with Lex Fridman, Podcast #18, regarding Tesla Autopilot, published on YouTube at https://www.youtube.com/watch?v=dEv99vxKjVI&t=281s, TESLA's CEO Elon Musk participated in the following dialog and stated the following quotes attributed to him:

**Lex Fridman**: Do you see Tesla's full self-driving as still for a time to come? Requiring supervision of the human being, so its capabilities are powerful enough to drive, but nevertheless requires a

human to still be supervising, just like a safety driver is in a- other fully autonomous vehicles?

**Elon Musk**: I think it will require detecting hands-on wheel for at least six months or something like that from here, really, it's a question of like, from a regulatory standpoint, what - how much safer than a person does auto-pilot need to be for it to be OK to not monitor the car? You know, and this is a debate that one can have, and then if you need a large sample, a large amount of data, so you can prove with high confidence, statistically speaking, that the car is dramatically safer than a person and that adding in the person monitoring does not materially affect the safety. So, it might need to be like two or three hundred percent safer than a person.

**Lex Fridman**: And how do you prove that?

**Elon Musk**: Incidents per mile.

**Lex Fridman**: Incidents per mile crashes and fatalities?

**Elon Musk**: So, fatalities would be a factor, but there are just not enough fatalities to be statistically significant at scale. But there are enough crashes. You know, there are far more crashes than there are fatalities. So, you can assess what is the probability of a crash. That then there's another separate probability of injury and probability of permanent injury, and probability of death, and all of those need to be much better than a person by at least, perhaps two hundred percent.

*Source*: [time 17:34-20:07] Elon Musk: Tesla Autopilot | Lex Fridman Podcast #18
https://www.youtube.com/watch?v=dEv99vxKjVI&t=281s

**RESPONSE:**  Tesla objects to this Request because it asks for an admission about  information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute.  The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234.  Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.  Subject to and without waiving these objections, the video in the hyperlink included in the Request, which is approximately 32 minutes long, speaks for itself.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date.  Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording available at the link included in this Request includes the quoted statements.  Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 54:** Admit that in the interview with Lex Fridman, Podcast #18, regarding Tesla Autopilot, published on YouTube at https://www.youtube.com/watch?v=dEv99vxKjVI&t=281s,

TESLA's CEO Elon Musk participated in the following dialog and stated the following quotes attributed to him:

**Lex Fridman**: One of the criticisms is that there's a small minority of drivers that may be highly responsible, where their vigilance decrement would increase with autopilot use?

**Elon Musk**: I think this is all really going to be swept. I mean, the systems are proving so much, so fast that this is going to be a moot point very soon. Where vigilance is, if something's many times safer than a person, then adding a person does - the effect on safety is limited, and, in fact, it could be negative.

**Lex Fridman**: That's really interesting. So, the fact that a human may - some percent of the population may exhibit a vigilance decrement, will not affect overall statistics, numbers on safety?

**Elon Musk**: No. In fact, I think it will become very, very quickly, maybe even towards the end of this year, but I would say, I'd be shocked if it's not next year, at the latest, that having a human intervene will *decrease* safety. Decrease. Like imagine if you're in an elevator. Now, it used to be that there were elevator operators. And you couldn't go on an elevator by yourself and work the lever to move between floors. And now nobody wants an elevator operator because the automated elevator that stops at the floors is much safer than the elevator operator. And in fact, it would be quite dangerous to have someone with a lever that can move the elevator between floors.

**Lex Fridman**: So that's a really powerful statement and a really interesting one. But I also have to ask, from a user experience and from a safety perspective, one of the passions for me algorithmically is camera-based detection of sensing the human, but detecting what the driver is looking at, cognitive load, body pose, on the computer vision side. That's a fascinating problem, but - and there's many in the industry who believe you have to have camera-based driver monitoring. Do you think there could be benefit gained from driver monitoring?

**Elon Musk**: If you have a system that's at or below human level reliability, then driver monitoring makes sense. But if your system is dramatically better, more reliable than a human, then driving, monitoring is not - does not help much. And, like I said, just like you wouldn't want someone - if you're in an elevator, do you really want someone with a big lever, some random person operating the elevator between floors? I wouldn't trust that. I would rather have the buttons.

**Lex Fridman**: Okay, you're optimistic about the pace of improvement of the system, from what you've seen with the full self-driving car computer.

**Elon Musk**: The rate of improvement is exponential.

*Source*: [time 21:27-24:26] Elon Musk: Tesla Autopilot | Lex Fridman Podcast #18
https://www.youtube.com/watch?v=dEv99vxKjVI&t=281s

**RESPONSE:** Tesla objects to this Request because it is an improper compound request under Federal Rule of Civil Procedure 36(a)(2). Tesla also objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor

does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated. Subject to and without waiving these objections, the video in the hyperlink included in the Request, which is approximately 32 minutes long, speaks for itself.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date.  Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording available at the link included in this Request includes the quoted statements.  Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.


**REQUEST NO. 59:**  Admit that during the Tesla October 19, 2016, Autopilot 2.0 Conference Call, at approximately 0:28:05, TESLA CEO Elon Musk stated**:**

"The hardware two is capable of level five autonomy. In other words, the hardware is capable of the highest level of autonomy. And hardware one, we will continue to improve as we improve the software that operates the car. I mean, already with 7.0 it was unequivocally safer than manually driven cars. And with ADO that has improved even more. So, it will obviously be crazy to turn off something that is preventing accidents." *See*: Elon Musk, Oct. 19, 2016 [time 00:28:05] https://www.youtube.com/watch?v=-vjGEEF_p5E.

**RESPONSE:**  Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute.  The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234.  Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date.  Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording available at the link included in this Request includes the quoted statements.  Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 60:** Admit that during the October 14, 2015, Tesla Press Conference for the Autopilot v7.0 Software, at approximately time 00:03:46 to 00:04:29, TESLA CEO Elon Musk stated: "The forward-facing camera is able to determine where the lanes are, where the cars are ahead of it, and it's also able to read signs. It's been able to read speed signs for a while, for example, but it's able to read pretty much any sign. Then that's combined with the forward radar. The radar is very good at detecting fast moving large objects, and it can actually see through fog, rain, snow, and dust. So the forward radar gives the car superhuman sensors. It can see through things that are close to the car."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording Tesla located of the referenced discussion includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 61:** Admit that during the October 14, 2015, Tesla Press Conference for the Autopilot v7.0 Software, at approximately time 00:49:23, TESLA CEO Elon Musk stated: "Maybe in terms of people just working Autopilot software, it's maybe 50 people. In terms of those working on the Autopilot hardware suite, it's maybe a little bigger, maybe a 100 people."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording Tesla located of the referenced discussion includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody,

possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 62:** Admit that during the October 14, 2015, Tesla Press Conference for the Autopilot v7.0 Software, at approximately time 00:29.04 to 00:29:23, TESLA CEO Elon Musk stated: "Yeah. It is kind of machine learning, and it is, with the drivers of the cars being, essentially providing the training dataset... They're training a collective fleet intelligence for Tesla."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording Tesla located of the referenced discussion includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 63:** Admit that during the October 14, 2015, Tesla Press Conference for the Autopilot v7.0 Software, at approximately time 00:38:37 to 00:39:03, TESLA CEO Elon Musk stated: "It's actually... People should see the car actually improve probably with each passing week. So even without a new software update, because the data is continually improving and because the more miles that are driven, the better the network intelligence the fleet is trained, the better it will get. So it should actually get better with each passing day."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla denies the statement quoted above was made

at or near the time stamp referenced in the Request. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 64:** Admit that during the September 11, 2016, Tesla Press Conference, at approximately time 00:01:24 to 00:02:43, TESLA CEO Elon Musk stated: "But particularly anything large, or metallic, or anything that's dense, the radar system in the car we're confident will be able to detect that and initiate a braking event. Both when the Autopilot is active and when it is not active. When the Autopilot is not active, not activated, it will operate in an emergency braking mode. So, in that case, it's more likely to mitigate the impact speed because if Autosteer is not on, it doesn't know whether the driver is actually going to turn out-of-the-way of an obstacle or not. So, it will only brake at the very last second. If Autosteer is turned on, the car computer knows what its probable path is and whether it will actually turn in time or not. And so, it will be a much more comfortable braking experience as opposed to the last-minute and in that case, we think most likely we will be able to brake to a complete stop instead of simply mitigating the impact velocity. So, we think it probably works better with Autopilot on than off."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording Tesla located of the referenced discussion includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 65:** Admit that during the September 11, 2016, Tesla Press Conference, at approximately time 00:03:07-00:03:50, TESLA CEO Elon Musk stated: "The exciting thing is that even if the vision system doesn't recognize what the object is because it could be a very strange-looking vehicle, it could be a multi- car pileup, it could be a truck crossing the road, it really could be anything – an alien spaceship, a pile of junk metal that fell off the back of a truck. It actually doesn't matter what the object is it just knows that there's something dense that it is going to hit – and it should not hit that."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that

is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements made on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording Tesla located of the referenced discussion includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 82:** Admit that TESLA CEO Elon Musk stated in an email to someone at *Fortune* magazine on or about July 16, 2016, "Indeed, if anyone bothered to do the math (obviously, you did not) they would realize that of the over 1M auto deaths per year worldwide, approximately half a million people would have been saved if the Tesla autopilot was universally available. Please, take 5 mins and do the bloody math before you write an article that misleads the public."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits that *Fortune* magazine reported that on or about July 16, Elon Musk made the above-referenced quoted statement in an email to a *Fortune* magazine employee.

**REQUEST NO. 83:** Admit that in his Full Interview regarding Code Conference 2016, https://www.youtube.com/watch?v=wsixsRI-Sz4&t=3735s, at time 01:18:30- 01:18:39, TESLA CEO Elon Musk stated: "I really would consider autonomous driving to be basically a solved problem."

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that

is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated. Subject to and without waiving these objections, the video in the hyperlink included in the Request, which is approximately 84 minutes long, speaks for itself.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording available at the link included in this Request includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 84:** Admit that in his interview with the Babylon Bee, December 21, 2021, at time 01:00:41 – 01:01:00, TESLA CEO Elon Musk stated: "I think we should have a regulatory agency that oversees advanced AI. Because I do think there are important roles for the government and one of those roles is in regulation of industry to make sure that a company is not making shortcuts that endanger the public." *See* FULL INTERVIEW: Elon Musk Sits Down with The Babylon Bee, December 21, 2021, https://www.youtube.com/watch?v=jvGnw1sHh9M

**RESPONSE:** Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute. The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated. Subject to and without waiving these objections, the video in the hyperlink included in the Request, which is approximately 100 minutes long, speaks for itself.

**SUPPLEMENTAL RESPONSE**: Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements on this date. Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording available at the link included in this Request includes the quoted statements. Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.

**REQUEST NO. 85:**  Admit that in his press conference on September 11, 2016, at approximately time 00:14:40-00:15:04, TESLA CEO Elon Musk stated that some people get comfortable using AUTOPILOT and "so we will see half a dozen or more, sometimes as many as 10 warnings the space of an hour continuously ignored by the driver. So, we really want to avoid that situation."

**RESPONSE:**  Tesla objects to this Request because it asks for an admission about information that is neither relevant nor important to the resolution of this case, nor does it tend to prove a fact in dispute.  The owner and driver of the Tesla has already testified that he did not hear, read or rely on any statements about the Model S, Autopilot or Tesla that were made by Tesla or Elon Musk. See the Deposition of George McGee at 233:9-25 and 234. Tesla further objects to this Request to the extent it asks Tesla to review unspecified material that was not generated by Tesla nor is it maintained by Tesla, and it has not otherwise been authenticated.

**SUPPLEMENTAL RESPONSE**:  Tesla further objects that the Request is vague and ambiguous because the quoted statements are taken out of context and because it fails to reference the entirety of Mr. Musk's statements on this date.  Subject to and without waiving these objections and the objections asserted in Tesla's original Response, Tesla admits only that the recording Tesla located of the referenced discussion includes the quoted statements.  Tesla did not generate the recording, and Tesla does not have the original or any copies of the recording in its custody, possession or control, so Tesla cannot authenticate the recording itself.


**REQUEST NO. 86:** Admit that the National Society of Professional Engineers' Code of Ethics for Engineers states, "Engineering is an important and learned profession. As members of this profession, engineers are expected to exhibit the highest standards of honesty and integrity. Engineering has a direct and vital impact on the quality of life for all people. Accordingly, the services provided by engineers require honesty, impartiality, fairness, and equity, and must be dedicated to the protection of the public health, safety, and welfare. Engineers must perform under a standard of professional behavior that requires adherence to the highest principles of ethical conduct." *See*, https://www.nspe.org/resources/ethics/code-ethics.

**RESPONSE:**  Tesla objects to this Request as overly broad, irrelevant, and outside the scope of discovery under Rule 26 in that it does not tend to prove a fact in dispute relevant to this case.

**SUPPLEMENTAL RESPONSE**:  Subject to and without waiving prior objections, Tesla admits that is Request accurately restates language from the National Society of Professional Engineers' Code of Ethics for Engineers.


**REQUEST NO. 87:** Admit that the National Society of Professional Engineers' Code of Ethics for Engineers states that "Engineers, in the fulfillment of their professional duties, shall:

1. Hold paramount the safety, health, and welfare of the public.

2. Perform services only in areas of their competence.

3. Issue public statements only in an objective and truthful manner.

4. Act for each employer or client as faithful agents or trustees.

5. Avoid deceptive acts.

6. Conduct themselves honorably, responsibly, ethically, and lawfully so as to enhance the honor, reputation, and usefulness of the profession."

*See,*  https://www.nspe.org/resources/ethics/code-ethics

**RESPONSE:** Tesla objects to this Request as overly broad, irrelevant, and outside the scope of discovery under Rule 26 in that it does not tend to prove a fact in dispute relevant to this case.

**SUPPLEMENTAL RESPONSE**:  Subject to and without waiving prior objections, Tesla admits that is Request accurately restates language from the National Society of Professional Engineers' Code of Ethics for Engineers.

**REQUEST NO. 88:**  Admit that the incident referenced in the following hyperlink involved  a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the January 20, 2016, crash of a TESLA Model S near Handan, China, where the vehicle struck a street cleaning truck: https://www.nytimes.com/2016/09/15/business/fatal-Tesla-crash-in-china-involved-autopilot-government-tv-says.html  (Neal E. Boudette, *Autopilot Cited in Death of Chinese Tesla Driver,* N.Y. TIMES, Sept. 14, 2016).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with a partially in-path stationary vehicle.

**REQUEST NO.  89:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision

16

described; specifically, the May 7, 2016, crash of a TESLA Model S near Williston, Florida where the vehicle hit a semi-trailer truck turning across the lane in front of it: https://www.theguardian.com/technology/2016/jun/30/Tesla-autopilot-death-self- driving-car- elon-musk (Danny Yadron and Dan Tynan, *Tesla driver dies in first fatal crash while using autopilot mode,* GUARDIAN, June 30, 2016).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with crossing tractor trailer.

**REQUEST NO. 90:** Admit that the incident referenced the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the August 5, 2016, crash of a TESLA Model S into a car in China: https://carnewschina.com/2016/08/05/first- tesla-autopilot-crash-in-china/ (Tycho de Feijter, *First Tesla Autopilot Crash in China*, CARNEWSCHINA.COM, Aug. 5, 2016).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver side-swiped a partially in-path stationary vehicle.

**REQUEST NO. 91:** Admit that the incident referenced in the following hyperlink involved a

TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 10, 2016, crash of a TESLA Model X in Montana that suddenly veered into highway barriers and crashed: https://electrek.co/2016/07/22/tesla-autopilot-model-x-crash-montana- coverup/ (Fred Lambert, *Tesla Autopilot crash in Montana: Driver reveals new details and claims a 'cover up' by Tesla*, ELECTREK, July 22, 2016).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision.

**REQUEST NO. 92:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the January 29, 2017, crash of a TESLA Model X into a guardrail and a tree in China: https://carnewschina.com/2017/03/27/tesla-model-x-crashes-into-a-tree-in-china-penetrated-by-guardrail/ (W.E. Ning, *Tesla Model X Crashes Into A Tree In China, Penetrated By Guardrail,* CARNEWSCHINA.COM, Mar. 27, 2017).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 93:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the March 2, 2017, crash of a TESLA Model S in Dallas County, Texas, where the vehicle struck lane barriers on a highway: https://electrek.co/2017/03/02/Tesla-autopilot-crash-video-how-not-to-use/ (Fred Lambert, *Tesla Autopilot crash caught on dashcam shows how not to use the system*, ELECTREK, Mar. 2, 2017).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, the link included in the Request does not connect to an article and therefore Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 94:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating engaged within 5 seconds of the collision described; specifically, the March 7, 2017, crash of a TESLA Model X into a van in China: https://carnewschina.com/2017/03/09/tesla-model-x-hits-van-in-china-autopilot-blamed/ (Joey Wang, *Tesla Model X Hits Van In China, Autopilot Blamed,* CARNEWSCHINA.COM, Mar. 9, 2017).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

29390928v1

**REQUEST NO. 95:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the December 13, 2017, collision in which a TESLA Model X on AUTOPILOT      suddenly accelerated  into the vehicle infront                 of                 it: https://www.plainsite.org/dockets/3hd2fpwvp/supreme-court-of-the-state-of-new-   york-nassau-county/wang-jing-vs-tesla-inc/.

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged but then pressed the accelerator and that caused the crash.

**REQUEST NO. 96:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the January 22, 2018, a TESLA Model S on AUTOPILOT failed to brake and    crashed    into    the    back    of    a    firetruck    in    Culver    City,    California: https://electrek.co/2018/01/22/tesla-model-s-autopilot-   crash-fire-truck/ (Fred Lambert, *Tesla vehicle reportedly on Autopilot crashes into fire truck at 65 mph, no injury,* ELECTREK, Jan. 22, 2018).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available

information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with the partially in-path stationary vehicle.

**REQUEST NO. 97:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the March 23, 2018, crash of a TESLA Model X near Mountain View, California, where the TESLA hit a barrier divider: https://abcnews.go.com/US/Tesla-car- autopilot-prior-fatal-crash-  california-company/story?id=54142891 (Mark Osborne, *Tesla car was on autopilot prior to fatal crash in California, company says,* ABC NEWS, Mar. 30, 2018).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was playing a video game on his cell phone while driving with Autosteer engaged in the moments leading up to the collision with a previously deployed and subsequently unrepaired crash attenuator.

**REQUEST NO. 98:** Admit that the incident referenced in the following hyperlink involved  a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the April 29, 2018, crash of a TESLA Model X near Tokyo, Japan, where the         TESLA      hit  a pedestrian and a vehicle in front of      it  on  a highway: https://www.carscoops.com/2020/04/Tesla-autopilot-blamed-on-fatal-japanese-model-x-crash/ (Brad Anderson, *Tesla Autopilot Blamed On Fatal Japanese Model X Crash,* CARSCOOPS, Apr. 30, 2020).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented

to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with crossing tractor trailer.

**REQUEST NO. 99:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the May 11, 2018, crash of a TESLA Model S near Salt Lake City, Utah, wherein the TESLA slammed into a stopped fire truck at 60 mph         while on AUTOPILOT: https://www.usatoday.com/story/tech/talkingtech/2018/05/16/nhtsa-looking-into-Tesla-crash-utah/617168002/ (Marco della Cava, *Tesla driver in Utah crash kept taker her hands off wheel as car sped in Autopilot mode,* USA TODAY, May 16, 2018).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was using her cell phone while driving with Autosteer engaged in the moments leading up to the collision at a red light with a stopped fire truck.

**REQUEST NO. 100:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the May 25, 2018, crash of a TESLA Model 3 while on autopilot in Greece: https://electrek.co/2018/05/25/tesla-model-3-     unofficial-road-trip-crash-driver-blames-autopilot/ (Fred Lambert, *Tesla Model 3 unofficial road trip ends in crash, driver blames Autopilot*, ELECTREK, May 25, 2018).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case

and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.


**REQUEST NO. 101:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the May 29, 2018, crash of an unknown Model TESLA into a stationary police car       while on autopilot in  California:
https://www.theguardian.com/technology/2018/may/29/tesla-crash-autopilot-california-police-car
(Olivia Solon, *Tesla that crashed into police car was in 'autopilot' mode, California official says*, GUARDIAN, May 29, 2018).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with the parked vehicle.


**REQUEST NO. 102:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the October 12, 2018, crash of a TESLA Model S near Orlando, Florida, where  the  TESLA  hit  a vehicle infront of it                    on              a              highway:
https://www.orlandosentinel.com/news/breaking-news/os-ne-Tesla-autopilot-  lawsuit-  autonomous-

driving-20181030-story.html (Gal Tziperman, *Winter Garden man suing Tesla for autonomous driving crash*, ORLANDO SENTINEL, Oct. 30, 2018).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 103:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the January 30, 2019, crash of a TESLA Model X in Holland when the driver using an "Autosteer System" did not look forward for a few seconds, did not pay attention to the road and passed the double solid line: https://linkeddata.overheid.nl/front/portal/document-viewer?ext- id=ECLI:NL:RBOBR:2019:5057 (*Guilt in traffic*, EAST BRABANT DISTRICT COURT, March 3, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 104:** Admit that the incident referenced in the following hyperlink involved a

TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the February 10, 2019, crash of a TESLA Model X in North Brunswick, New Jersey, in which the car on AUTOPILOT reportedly steered itself into a highway sign and a field while the driver tried to steer the car into the lane of traffic: https://patch.com/new-jersey/eastbrunswick/self-driving-tesla-crashes-rt-1-north-brunswick-police. (Carly Baldwin, *Self-Driving Tesla Crashes on Rt. 1 In North Brunswick: Police,* PATCH**,** Feb. 12, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 105:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the March 1, 2019, crash of a TESLA Model 3 near Delray Beach, Florida, where the vehicle hit a semi-trailer truck turning across the lane in front of it: https://electrek.co/2019/03/01/Tesla-  driver-crash-truck-trailer-autopilot/ (Fred Lambert, *Tesla Model 3 driver again dies in crash with trailer, Autopilot not yet ruled out,* ELECTREK*,* Mar. 1, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available

information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with the crossing tractor trailer.

**REQUEST NO. 107:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 17, 2019, crash of a TESLA Model 3 into a wall while on AUTOPILOT in California: https://www.plainsite.org/dockets/41pi138xj/superior-court-of-california-county-of-los-angeles/leila-manshadi-v-tesla-inc-a-delaware-corporation-d/b/a-tesla-motors-inc/.

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, Autosteer was not active leading up to the collision, and on that basis denies this Request.

**REQUEST NO. 108:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the August 9, 2019, crash of a TESLA Model S into a tow truck in Russia while on AUTOPILOT: https://www.rt.com/russia/466247-tesla-blast-moscow-injured/ (*3 injured as Tesla goes up in flames & explodes on Moscow freeway*, RT.COM, Aug. 11, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the

Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 109:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the August 24, 2019, crash in California involving a Ford pickup that was struck from behind by a TESLA Model 3 that was traveling about 60 mph on AUTOPILOT in which neither the autopilot nor the driver slowed the vehicle until a fraction of a second before the crash: https://www.nytimes.com/2021/07/05/business/Tesla-autopilot-lawsuits-  safety.html (Neal E. Boudette, *Tesla Says Autopilot Makes Its Cars Safer. Crash Victims Say It Kills,* N.Y. TIMES, July 5, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with the Ford pickup that cut off the Tesla.  Traffic Aware Cruise Control slowed the Tesla, a Forward Collision Warning was triggered, and Automatic Emergency Braking activated. The unbelted passenger in the Ford was ejected in the collision and passed away.

**REQUEST NO. 110:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the September 17, 2019, crash involving an unknown TESLA Model that drove into oncoming traffic in Florida while AUTOPILOT was alleged: https://www.orlandosentinel.com/news/osceola-  county/os-ne-osceola-polk-line-road-fatal-crash-20190918-m5hgbty6l5csfe2qo3mlmxr7sa-story.html (Cristobal Reyes, *Woman killed in Osceola County crash while trying to pass traffic, FHP says*, ORLANDO SENTINEL, Sept. 17, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 111:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the November 19, 2019, crash in which a TESLA Model S crashed into the rear of a stopped Infiniti in New York: https://www.plainsite.org/dockets/4ao0s2kkd/supreme-court-of-the-state-of-new- york-nassau-county/matthew-ballen-v-tesla-inc/.

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with the disabled vehicle in the highway.

**REQUEST NO. 112:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the December 7, 2019, crash of a TESLA Model 3 into a parked state police car while on AUTOPILOT in Connecticut: https://patch.com/connecticut/norwalk/tesla-auto- pilot-

plows-state-police-cruiser- norwalk (Alfred Branch, *Tesla in 'Auto Pilot' Plows Into State Police Cruiser in Norwalk*, PATCH, December 7, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 113:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the December 29, 2019, crash of a TESLA Model S that failed to stop at a red light while the driver was using AUTOPILOT and collided with a Honda in the intersection, killing the two occupants of the Honda: https://www.latimes.com/business/story/2019-12-31/fatal-tesla-crash-nhtsa-gardena-los-angeles (Ryan Beene, *Fatal Tesla crash in Gardena being investigated by NHTSA*, L.A. TIMES, Dec. 31, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged when he failed to stop for a red light—which Autosteer was not designed to do at that time—and collided with a crossing vehicle in the intersection.

**REQUEST NO. 114:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the December 29, 2019, crash of a TESLA Model 3 into a parked fire truck in Indiana, killing the passenger, Jenna Monet: https://www.12news.com/article/news/local/arizona/arizona-woman-   dies-after-her-car-crashes-into-fire-truck-on-indiana-freeway/75-349be661-18ff-   452d-a0e0-e438b2e1f8e7 *(Arizona woman dies after her Tesla crashes into fire truck on Indiana freeway,* 12 NEWS, Dec. 29, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged and admitted he that was sleeping immediately before the crash.

**REQUEST NO. 115:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the December 30, 2019, crash of a TESLA Model 3 into a stopped police car in Massachusetts: https://boston.cbslocal.com/2019/12/31/massachusetts-state-police-   cruisers-hit-   crashes-mass-pike-warren-route-24-west-bridgewater/ (*2 Drivers Cited After State Police Cruisers Hit On Route 24, Mass Pike*, CBS BOSTON, Dec. 31, 2019).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 116:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the May 4, 2020, crash of a TESLA Model S when the driver had the car steering on when he hit and killed a trailer driver in Norway: https://motor.no/autopilot-nyheter-Tesla/Tesla-pa-auto-styring-  da-mann-ble-meid-ned/188623 (Geir Roed, *Tesla on auto-steering when man was cut down,* MOTOR, Dec. 18, 2020).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 117:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the May 31, 2020, crash of a TESLA Model 3 that drove into an overturned semitrailer: https://electrek.co/2020/06/01/tesla-model-3-crashing-truck-autopilot-video-viral/ (Fred Lambert, *Video of Tesla Model 3 crashing into a truck on Autopilot goes viral*, ELETRECK, June 1, 2020)

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the

driver crashed their vehicle.

**REQUEST NO. 118:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the June 21, 2020, crash of a TESLA Model 3 when the TESLA veered into another lane and crashed into an oncoming car in Germany: https://www.freiepresse.de/drei- tote-bei-unfall-auf- autobahnzubringer-bei-aue-artikel10894951 (*Update: Fatal accident on S255: Investigation against Tesla driver for negligent homicide,* FREIE PRESSE, June 22, 2020).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 119:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 14, 2020, crash of a TESLA Model S that drove into an Arizona police SUV, which was then pushed into an ambulance: https://www.mercurynews.com/2020/07/14/tesla-on-autopilot-      hits-police-vehicle-which-hits-ambulance-driver-possibly-drunk-police/ (Ethan Baron, *Tesla on 'Autopilot' hits police vehicle which hits ambulance, driver possibly drunk: police,* BAY AREA NEWS GROUP, July 14, 2020).

**RESPONSE:**  Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information.  Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the driver under the influence of drugs and/or alcohol was driving with Autosteer engaged in the moments leading up to the collision with the stationary vehicle.

**REQUEST NO. 120:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the August 12, 2020, crash of a TESLA Model 3 that rear-ended a Sienna minivan repeatedly, causing the minivan to spin out of control in Saratoga, California. The TESLA continued traveling down the freeway off-ramp, striking a pickup at an intersection before winding up on the off-ramp embankment and catching fire, killing both occupants. https://sweetjames.com/2020/08/17/david-brown-killed-fiery-crash-highway-85-saratoga-ca/ (*David Brown Killed in Fiery Crash on Highway 85 [Saratoga, CA],* SWEETJAMES.COM, Aug. 12, 2020).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was not driving with Autosteer engaged, and on that basis Tesla denies this Request.

**REQUEST NO. 121:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the August 26, 2020, crash of an unidentified TESLA Model into a North Carolina police car while the driver was watching a movie and the vehicle was on AUTOPILOT: https://www.newsobserver.com/news/state/north-carolina/article245267595.html (Simone Jasper, *Tesla driver crashes into cop car while watching movie on autopilot, NC officials say*, NEWS & OBSERVER, Aug. 26, 2020).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.


**REQUEST NO. 122:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the December 10, 2020, crash of a TESLA Model X into apartment garage wall in Seoul, South Korea, in which the vehicle ignited, killed a passenger and injured 2 others; firefighters were unable to open the door to extract the passenger because electronic door lock system was inoperable due to fire:

https://koreajoongangdaily.joins.com/2020/12/24/business/industry/Tesla/20201224  184400725.html (Kim Min-Joong, *Police ramp up investigation into fatal conflagration of Tesla Model X,* KOREA JOONGANG DAILY, Dec. 24, 2020).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.


**REQUEST NO. 123:** Admit that the incident referenced in the following hyperlink involved a

TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the February 27, 2021, crash of a 2019.TESLA into four vehicles including police carsin Texas:

https://www.yourconroenews.com/neighborhood/moco/news/article/Montgomery-County-deputies-evade-serious-injury-15992663.php (Jose Gonzalez, *Montgomery County deputies evade serious injury in Tesla crash*, COURIER, Mar. 2, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the intoxicated driver was driving with Autosteer engaged in the moments leading up to the collision with the stationary vehicle.

**REQUEST NO. 124:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the March 17, 2021, crash of a TESLA Model 3 into a stopped police car in Michigan: https://www.freep.com/story/news/local/michigan/2021/03/17/tesla-autopilot-crash-michigan-state-police-patrol-car/4731376001/ (Associated Press, *Tesla on autopilot crashes into Michigan trooper's patrol car*, DETROIT FREE PRESS, Mar. 17, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 125:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the April 17, 2021, crash of a TESLA Model S which was traveling along a curve at a high rate of speed before crashing into a tree in the Woodlands near Houston, Texas: https://www.foxbusiness.com/lifestyle/two-killed-in-driverless-Tesla-crash   (Lucas   Manfredi, *Deadly Texas crash involving Tesla worth $80,000 sparks 4-hour fire,* FOX BUS., Apr. 18, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, Autosteer was not used leading up to the collision, and on that basis Tesla denies this Request.

**REQUEST NO. 126:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the May 19, 2021, incident, where a TESLA crashed into a Road Ranger in Florida: https://www.local10.com/news/local/2021/05/19/3-injured-after-tesla-collides-  with-  road-ranger-truck-on-i-95/ (Amanda Batchelor, *3 injured after Tesla collides with road ranger truck on I-95*; LOCAL 10 NEWS, May 19, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the

driver crashed their vehicle.

**REQUEST NO. 127:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 10, 2021, incident, where a TESLA on autopilot crashed into a California Highway Patrol vehicle: https://timesofsandiego.com/crime/2021/07/10/woman-suspected-of-dui-arrested-  after-crashing-into-chp-vehicle-on-sr-56/ (*Woman Suspected of DUI Arrested After Crashing into CHP Vehicle on SR-56*, TIMES OF SAN DIEGO, July 10, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 128:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 19, 2021, crash of a TESLA Model 3 in Fresno, California, that backed into a parking spot and was supposed to pull forward on its own and veer to the right, but instead, it unexpectedly went left: https://kmph.com/news/local/mans-Tesla-crashes-into-pole-using-smart-summon-valet-feature (Shelby Bracho, *Man's Tesla crashes into pole using 'smart summon' valet feature,* FOX 26 NEWS, July 25, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla lacks sufficient information about this collision, however notes that the article references Smart Summon which is not Autosteer, and on that basis denies this Request.

**REQUEST NO. 129:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 25, 2021, crash of a TESLA Model X which was traveling in a 25 mph speed zone in Yosemite National Park, came to a fork in the road but kept going straight, entered gravel and smashed into a boulder. The driver said that park rangers told him that four other TESLA vehicles had crashed at the same exact spot: https://www.reddit.com/r/SelfDrivingCars/comments/oxhbit/5_Tesla_accidents_in_ same_locatio n_in_yosemite/ (u/BBFLG, *5 Tesla Accidents in Same Location in Yosemite,* REDDIT, Aug. 3, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**:  Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision.

**REQUEST NO. 130:**  Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the July 26, 2021, crash of a TESLA Model Y that struck and killed a man who was changing his tire by the side of the road in New York: https://apnews.com/article/technology-business-   6127ae797c528ca1d5322efc43439a12    (Tom Krisher, *Feds probe NY Tesla crash that killed man changing flat tire*, AP NEWS, Sept. 3, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with

29390928v1

sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 131:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the August 28, 2021, crash of a TESLA Model 3 into a parked police car in Florida while on AUTOPILOT:

https://www.cnbc.com/2021/08/28/tesla-model-3-hit-a-parked-police-car-in-orlando-driver-said-she-was-in-autopilot.html (Lora Kolodny, *A Tesla Model 3 hit a parked police car in Orlando, driver said she was 'in Autopilot'*, CNBC, Aug. 28, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 132:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the September 16, 2021, incident involving an unidentified TESLA model in which a woman apparently passed out and was being followed by California Highway Patrol: https://abc7.com/tesla-   autopilot-passed-out-driver-glendale-los-angeles/11028280/   (Christiane

Cordero, *Audio captures moments CHP stopped apparently passed-out driver of Tesla on Autopilot in Glendale,* EYEWITNESS NEWS ABC, Sept. 17, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request, however there was no collision and on that basis denies this Request as phrased.

**REQUEST NO. 133:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, the October 15, 2021, crash of a TESLA Model 3 in Indiana in which the vehicle hydroplaned while on AUTOPILOT and the car caught fire after running off the road: https://www.youtube.com/watch?v=DsxlHJx41lE (The Tesla Mex, *Tesla Model 3 on fire filmed with iPhone 13 Pro Max after hydroplaning accident*, Nov. 21, 2021).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 134:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, a February 2, 2022, crash of a TESLA Model Y into a traffic barrier in downtown San Jose, California, with the car on Full Self Driving: https://electrek.co/2022/02/04/tesla-full-self-driving-beta- crash-video/ (Fred Lambert, *Tesla Full Self-Driving Beta runs into a pole in what could be the first FSD accident caught on video*, ELECTREK, Feb. 5, 2022).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla is aware of a collision that occurred on the date and in the location referenced in the Request, and based on available information, the inattentive driver was driving with Autosteer engaged in the moments leading up to the collision with the pole.  The driver was attempting to generate views for his social media channels and purposely failed to intervene timely in several scenarios during this drive.


**REQUEST NO. 135:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, a March 7, 2022, crash of a TESLA vehicle on AUTOPILOT which slammed into the back of a road maintenance vehicle and blocked the outer lane of a freeway; a BMW sedan then crashed into and killed a road maintenance worker who was setting up warning cones at the scene: https://taiwanenglishnews.com/tesla-on-autopilot-involved-in-fatal-freeway- crash/ (Phillip Charlier, *Tesla on Autopilot involved in fatal freeway crash*, TAIWAN ENGLISH NEWS, March 8, 2022).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of

which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 136:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, a July 7, 2022, crash of a TESLA vehicle on AUTOPILOT that collided with a motorcycle on State Route 91 in Riverside, California, killing the motorcyclist: https://starexponent.com/lifestyles/technology/us-agency-probes-tesla-crashes-that-killed-2-motorcyclists/article_66d941d7-c233-5c57-b5db-0cafd8985a2f.html (Tom Krishner, *US agency probes Tesla crashes that killed 2 motorcyclists,* ASSOCIATED PRESS, August 5, 2022)

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.

**REQUEST NO. 137:** Admit that the incident referenced in the following hyperlink involved a TESLA vehicle which was operating with AUTOPILOT engaged within 5 seconds of the collision described; specifically, a July 24, 2022, crash of a TESLA vehicle on AUTOPILOT that collided with a motorcycle on Interstate 15 near Draper, Utah, killing the motorcyclist: https://starexponent.com/lifestyles/technology/us-agency-probes-tesla-crashes-that-killed-2-motorcyclists/article_66d941d7-c233- 5c57-b5db-0cafd8985a2f.html (Tom Krishner, *US agency probes Tesla crashes that killed 2 motorcyclists,* ASSOCIATED PRESS, August 5, 2022).

**RESPONSE:** Tesla objects to this Request as overly broad, not proportional to the needs of this case and not important to the resolution of this case. The Request fails to identify the alleged incident with sufficient specificity, fails to demonstrate that it is substantially similar to this crash, and may require premature disclosure of expert witness information. Further, Tesla objects to the Request to the extent it would require the disclosure of proprietary information and/or attorney work product, and to because it would require the disclosure of private information of third parties who have not

consented to Tesla sharing information or data about their alleged incident.

**SUPPLEMENTAL RESPONSE**: Tesla objects because the description of the incident in the Request is incomplete and misleading, relying on media reporting the basis, sourcing or accuracy of which is not provided. Subject to and without waiving prior objections, Tesla does not have sufficient information to admit or deny this Request and therefore denies Autosteer was engaged when the driver crashed their vehicle.


Date:  May 24, 2024                              Respectfully submitted,


                                                 s/  *Whitney V. Cruz*
                                                 **WHITNEY V. CRUZ**
                                                 Florida Bar No. 800821
                                                 **BOWMAN AND BROOKE LLP**
                                                 Two Alhambra Plaza, Suite 800
                                                 Coral Gables, FL 33134
                                                 Tel. 305-995-5600 / Fax: 305-995-6100
                                                 whitney.cruz@bowmanandbrooke.com

                                                 **THOMAS P. BRANIGAN**
                                                 (Admitted *Pro Hac Vice*)
                                                 **DREW P. BRANIGAN**
                                                 (Admitted *Pro Hac Vice*)
                                                 **BOWMAN AND BROOKE LLP**
                                                 101 W. Big Beaver Road, Suite 1100
                                                 Troy, MI 48084
                                                 Tel. 248-205-3300 / Fax: 248-205-3399
                                                 thomas.branigan@bowmanandbrooke.com
                                                 drew.branigan@bowmanandbrooke.com


                                                 *Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, I electronically served the foregoing document to counsel of record listed as follows:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
**Darren J. Rousso, Esq.**
Florida Bar No. 97410
THE ROUSSO, BOUMEL LAW
FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669 Adam@roussolawfirm.com
darren@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
Singleton Schreiber
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cburnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and
Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and
Neima Benavides*

s/  *Whitney V. Cruz*
Whitney V. Cruz