UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21940-BLOOM/Otazo-Reyes**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*,

 Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

 Defendant.
_____/

**Case No. 22-cv-22607-BLOOM**

DILLON ANGULO,

 Plaintiff,

v.

TESLA, INC., *a/k/a/ Tesla Florida, Inc.*,

 Defendants.
_____/

### PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY

 Plaintiffs, Neima Benavides and Dillon Angulo, by and through their undersigned attorneys, file this notice of the following supplemental authority, *Escudero v. Tesla, Inc*. Case No. RG21090128 (March 27, 2025, Superior Court. Calif.), in support of their response to Tesla's motion for summary judgment. The Order provides support for our arguments on pages 23-32 of our response. A copy of the decision is attached hereto for the convenience of the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notices of electronic submission to all parties on the attached service list.

**THE ROUSSO, BOUMEL LAW FIRM, PLLC.**
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   **/s/ *Adam T. Boumel, Esq.***
**Adam T. Boumel, Esq.**
Florida Bar No.: 0110727
**Direct email:**
adam@roussolawfirm.com
**Service emails:**
Pleadings@roussolawfirm.com
haiyang@roussolawfirm.com


By: */s/ Douglas F. Eaton*
DOUGLAS F. EATON
FBN: 129577
**EATON & WOLK, PL**
*Co-counsel for Plaintiff*
2665 S. Bayshore Drive, Suite 609
Miami, Florida 33133
Telephone: 305-249-1640
Email: deaton@eatonwolk.com
         cgarcia@eatonwolk.com

## SERVICE LIST

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Joel Smith Esq.**
**Attn: Thomas P. Branigan, Esq.**
**Attn: Whitney Cruz, Esq.**
**Attn: Drew P. Branigan, Esq.**
**Attn: Wendy F. Lumish, Esq.**
Joel.smith@bowmanandbrooke.com
thomas.branigan@bowmanandbrooke.com
whitney.cruz@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
Wendy.Lumish@bowmanandbrooke.com
*Counsel for Defendant*

**Singleton Schreiber, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel: (619) 771-3473
**Attn: Brett J. Schreiber, Esq.**
bschreiber@singletonschreiber.com
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
eelms@singletonschreiber.com
*Counsel for Plaintiffs*

**Poses & Poses, P.A.**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiffs*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Counsel for Plaintiffs*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

RG21090128: Escudero VS Tesla, Inc.
03/27/2025 Hearing on Motion for Summary Judgment filed by Tesla, Inc. (Defendant) in Department 24

Tentative Ruling - 03/26/2025 Rebekah Evenson

The Motion for Summary Adjudication filed by Tesla, Inc. on 10/03/2024 is Granted in Part.

The Motion for Summary Adjudication by Defendant Tesla Inc. is GRANTED, IN PART, as follows.

SURVIVAL ACTION

Tesla's Motion for Summary Adjudication of Plaintiffs' survival action (consolidated Case No. 22CV-024143) is DENIED.

Plaintiffs' decedent Jovani Maldonado Garcia was killed in an automobile accident on August 24, 2019. Decedent, who was born on April 29, 2004, was fifteen years old at the time. Plaintiffs filed this wrongful death case on February 26, 2021, and they separately filed a survival action as the representative of decedent's estate on December 19, 2022. Tesla contends that the survival action is untimely because not filed within two years of the accident, pursuant to Code of Civil Procedure § 335.1 (the statute of limitations for personal injury claims.)

Code of Civil Procedure § 377.30 gives Plaintiffs standing to pursue the survival claims of decedent as his successors in interest. The statute of limitations that governs the survival action is Code of Civil Procedure § 366.1, which provides that if a person entitled to bring an action dies before the expiration of the applicable limitations period and the cause of action survives, the action may be commenced before the expiration of the later of (a) six months after the person's death and (2) the limitations period that would have been applicable if the person had not died.

As indicated above, Plaintiffs' decedent was fifteen years old when he died. Had decedent lived, his product liability and negligence claims would have been subject to a two-year statute of limitations pursuant to Code of Civil Procedure § 335.1. However, that two-year statute of limitations would have been tolled until he turned 18 on April 29, 2022, pursuant to Code of Civil Procedure § 352(a). Plaintiffs filed their survival action less than two years after that date, so their survival action is timely. Tesla argues that this result "would be a tortured reading of § 366.1." To the contrary, it applies the plain language of § 366.1 to the facts of this case.

NEGLIGENT MISREPRESENTATOIN AND FRAUDULENT MISREPRESENATION

Tesla's Motion for Summary Adjudication of Plaintiffs' Sixth and Seventh Causes of Action for Negligent Misrepresentation and Fraudulent Misrepresentation is DENIED. The Court rejects Tesla's argument that Plaintiffs cannot maintain these causes of action because Tesla did not make any misrepresentations to them (or to decedent) upon which they relied to their detriment. A claim for misrepresentation may be based on injuries to a plaintiff resulting from an action that

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

RG21090128: Escudero VS Tesla, Inc.
03/27/2025 Hearing on Motion for Summary Judgment filed by Tesla, Inc. (Defendant) in Department 24

the recipient of the misrepresentations took in reliance on the misrepresentation. (See Randi W. v. Muroc Joint Unified School Dist. (1997) 14 Cal.4th 1066, 1085 ["plaintiff need only allege that her injury resulted from action that the recipient of defendants' misrepresentations took in reliance on them"].) Here, there is a triable issue of material fact as to whether Defendant Romeo Cruz Yalung relied on misrepresentations by Tesla and/or its founder Elon Musk about the self-driving capabilities of Yalung's Tesla vehicle (specifically, whether the autopilot function was "better than a human driver"), and whether Plaintiffs were damaged as a result of Yalung's reliance. (See Yalung's deposition at pages 28-31 attached as Exhibit 30 to Plaintiffs' Compendium of Evidence, as well as Plaintiffs' Additional Facts ("AF") Nos. 50-55 and the evidence cited in support.) The trier of fact may conclude that Yalung believed his vehicle would slow down on its own (instead of hitting Plaintiffs' vehicle) even if Yalung did not hit the brakes because Yalung believed Tesla's representations that the autopilot function was "better than a human driver". (See AF No. 51 and the evidence cited in support.)

CONCEALMENT

Tesla's Motion for Summary Adjudication of Plaintiffs' Eighth Cause of Action for Concealment is GRANTED. A claim for concealment must be based on concealment by a defendant with a duty to disclose a material fact "to the plaintiff" and that the "plaintiff . . . was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact." (See Aton Center Inc. v. United Healthcare Ins. Co. (2023) 93 Cal.App.5th 1214, 1246.) Plaintiffs are admonished for misstating the elements of this claim, and misciting Aton, in their opposition brief at page 21; Aton does not include any reference to "third parties" in its discussion of the concealment claim.

In the absence of a fiduciary duty, a claim for concealment is only actionable when the parties are in a transactional relationship giving rise to a duty to disclose the concealed facts. (See Bigler-Engler v. Breg Inc. (2017) 7 Cal.App.5th 276, 311-312.) Here, Plaintiffs have not alleged (nor could they) that Tesla owed them any fiduciary duty, and the undisputed facts establish that they were not involved in any transactional relationship with Tesla. (See Tesla's Separate Statement Facts Nos. 22-23.)

PUNITIVE DAMAGES

Tesla's Motion for Summary Adjudication of Plaintiffs' claim for punitive damages is DENIED. The evidence discussed above that creates a triable issue of material fact as to Plaintiffs' cause of action for fraudulent misrepresentation creates a triable issue of material fact as to Plaintiffs' claim for punitive damages. The (purported) fraudulent misrepresentations on which that claim is based were made by Elon Musk, who is a managing agent of Tesla for which punitive damage liability may be imposed pursuant to Civil Code § 3294(b).