# EXHIBIT C



3000 Hanover Street, Palo Alto, CA 94304
P  510 602 3267

April 3, 2024

Donald H. Slavik
Slavik Law Firm LLC
3001 S. Lincoln Ave., Suite C-1
Steamboat Springs, CO 80487

RE:	Violations of Tesla Protective Orders

Mr. Slavik,

I am writing to address your repeated and continuing violations of Protective Orders entered in several of our cases, including Huang, et al v. Tesla, Inc., et al., Harcourt, et al. v. Tesla, Inc. and Hsu v. Tesla, Inc. It seems you will not pass on the opportunity to flaunt our protective orders, even when you have been advised your view of the world is wrong.  You place no priority on complying with the courts' orders or protecting Tesla's confidential information, and your ongoing misconduct demands immediate, and potentially multi-step, attention and correction. This misconduct is of even greater concern given your pro-hac vice-admission status in many of these matters. For this reason, your sponsoring counsel have been included on this communication as your conduct may reflect on them.

The growing list of violations include:

(1) misrepresenting your entitlement to Tesla documents and information protected by court-entered orders,
(2) sharing protected information with other clients, experts, and counsel in violation of protective orders,
(3) misrepresenting the status of protected information and documents,
(4) improperly attempting to "share" protected information with yourself to benefit other of your clients in other matters, and
(5) altering Tesla's documents to serve your purposes.

You suggested that we can "agree to disagree" over the status of document protection, the interpretation of language in court orders, or whether your violations somehow vitiate the protected status of Tesla's documents; this arrangement does not work.  Your pattern and practice of demanding Tesla documents, agreeing to terms of a protective order to facilitate that production, and then completely ignoring the terms of the order is unacceptable and untenable.

If you have facts you believe demonstrate any of the following actions are not, in fact, violative of one or more protective orders then we invite you to come forward with that information by April 8, 2024. Thereafter, absent stipulation to the requests in this letter Tesla will be forced to pursue multiple sanctions against you and your firm and potentially your co-counsel before the courts in Huang and Harcourt (at a minimum), including monetary sanctions, contempt, and a request for an audit of all Tesla documents in your possession and which you have obtained from or shared with any other person.

**Operative Protective Orders.**

This letter is intended to outline a non-exhaustive list of conduct violative of Protective Orders entered in four cases in three different jurisdictions.



3000 Hanover Street, Palo Alto, CA 94304
P  510 602 3267

| Case | Date Entered | Scope of Sharing Provision |
|---|---|---|
| ***Huang v. Tesla***, Santa Clara County, CA, 19CV34663 | 6/12/2020 | Pending lawsuits in the US involving a claim that a defect in ***Autopilot*** in a ***2012-2019 X/S/3 with HW 2/2.5*** caused a frontal crash. (Para 17(i))<br>--*Counsel must advise Tesla of the name of the Sharing Attorney and the pending case, and provide the Exhibit A.* (Para 18) |
| ***Hsu v. Tesla***, Los Angeles County, CA, 20STCV18473 | 11/18/2020 | Pending lawsuits in the US involving a claim that a defect in ***Autopilot*** of a ***Model S with HW 1*** caused a frontal crash and/or a defect in the front airbag caused injury/death. (Para 17(i)) |
| ***Harcourt v. Tesla***, Santa Clara County, CA, 19CV358488 | 10/21/2020 | Pending lawsuits in the US involving a claim that a ***2016-2019 Model X*** has a defect that causes ***uncommanded acceleration*** or ***lacks sufficient barriers to prevent an operator from accidentally powering up the vehicle or shifting from Park to Drive***, and such claimed defective condition resulted in injury/death. |
| ***Benavides/Angulo v. Tesla***, USDC Southern Dist. FL, 1:22-22607-KMM | 7/28/2023 | Pending lawsuits in the US involving the ***same defect claims*** as stated in the operative complaints involving a ***2019 Model S with HW 3, Software version 9.0***.<br>--*Counsel must provide Tesla any Exhibit A five days before sharing documents.* (Para 17) |

In addition, the Protective Orders above provide: "Sharing Attorneys **shall not further share** Confidential Information with counsel, person or entity not described above." (See, e.g., Hsu Order at Para 17(i)(5)). Thus, counsel of record in each of these cases may only share protected documents with counsel having qualifying litigation within scope, and those counsel who are Sharing Attorneys may not *re-share* the documents with anyone, including themselves for the benefit of other, non-qualifying clients.

**Violations of the *Hsu* Protective Order.**

Tesla produced a corporate representative Akshay Phatak on August 2, 2023 in the Huang case, and permitted you to attend and cross-notice the deposition for your cases Monet and Angulo/Benavides. In his deposition you displayed a D16 report and a set of diagnostic log data from the Hsu vehicle, each of which was produced pursuant to the Protective Order in that case. The Protective Order in Hsu only allows sharing with attorneys having litigation involving a "Tesla Model S vehicle equipped with Autopilot Hardware 1.0/Monocam" (Para. 16(i)). Therefore, you violated this sharing provision by displaying the document and marking it as an exhibit in the Huang case, since that matter does not involve a Model S with Hardware 1. Likewise, your client in the Monet matter are not entitled to obtain protected documents produced in Hsu, since Monet does not involve a Model S with Hardware 1. Accordingly, you violated the Hsu Protective Order by sharing protected materials with or in a case that is not entitled to those materials. You tried to defend your violation by suggesting that the fact you used the documents in the Hsu trial means that they are no longer entitled to protected status; we acknowledge that the Hsu court ultimately denied Tesla's motion to seal post-trial, but that was not decided until December 2023 and Plaintiff agreed to withdraw their opposition to the motion as part of our post-trial negotiation and settlement which reduced the amount your client Ms. Hsu had to pay Tesla. And the post-trial
order did not cover all documents produced but rather only those documents introduced at trial and the referenced document was not in the Hsu trial. In any event, when you violated the protective order, you had no right to do so and the subsequent ruling by the Hsu judge doesn't bless your misgivings.

**Violations of the *Huang* Protective Order.**

We understand Andrew McDevitt of the Walkup firm shared Huang documents with you pursuant to your executed Exhibit A to the Huang order in November 2, 2021. We aren't aware of any case you had at that time that qualified as within the scope of the sharing provision. Perhaps you can shed light on that; otherwise you either misrepresented your qualifying cases or Mr. McDevitt knowingly violated the order.



3000 Hanover Street, Palo Alto, CA 94304
P  510 602 3267

During the Hsu v. Tesla trial in April 2023, you attempted to use a document produced pursuant to protective order in Huang in the cross-examination of Tesla's expert Dr. Nicholas Durisek. When Tesla objected that you appeared to have no right to possess the document and that Ms. Hsu certainly didn't as her vehicle and claims were outside the scope of the Huang protective order sharing provision, you represented to the court that the Harcourt matter was in-scope for the Huang protective order. When Tesla noted that Harcourt was not an Autopilot case—as required by the Huang order's sharing provision, you misleadingly stated that Harcourt was "an ADAS case" that gave you access, and, further, that you were entitled to re-share the document with yourself as Ms. Hsu's counsel. When that argument did not carry water, you pivoted to claiming the Huang protective order was 'vague' and should thus be construed against the drafter; you assumed that was Tesla, but then were presented with the protective order on the Walkup firm's caption. You continued on your mission by claiming the document you wanted to use with Dr. Durisek was referenced in deposition testimony we understand the Walkup firm evidently leaked to Twitter users, and therefore since someone made it public it had lost its protected status. Ultimately, the Court in Hsu had to adjourn trial to review the protective order entered in the Huang matter and returned to conclude that the language was not vague, and that the Hsu matter was not an in-scope case, therefore the document could not be used in the trial.

Additionally, during the August 2023 deposition of Akshay Phatak, which Tesla agreed could be jointly noticed between the matters of Huang, Monet and Benavides/Angulo matters, you used a document that had been inadvertently produced in Huang (TESLA-000086907) without PII redactions.[1] This document was clawed back in the Huang case and re-produced with appropriate redactions, yet you appear to continue to have a clawed-back copy, and you continue to use it in your pursuits on behalf of your several clients. Tesla believes this is violative not only of the Huang Protective Order, but also of standards of professional conduct in the State of California.

Finally, in a motion filed in the Taylor v. Tesla matter filed in Dallas County, Texas you attached an email that included testimony from Mr. Phatak's deposition which had been designated as protected following the deposition.  The Taylor matter is also not within the scope of the sharing provision under the Huang order and the confidential information contained in the attachment does not appear to have been properly sealed in your filing.[2]

**Violations of the *Harcourt* Protective Order.**

Plaintiffs' expert Noah Goodall produced a document in advance of his August 2023 deposition in Huang that he testified you gave him from the Harcourt matter. Mr. Goodall testified that you shared the document with him without requiring that he sign Exhibit A to the Protective Order and, regardless, in direct violation of the Protective Order entered in Harcourt.  There is no provision in the Harcourt order enabling you to share documents with experts retained in other matters, for use in other matters. And even if you had retained Mr. Goodall for the Harcourt case—which, if you did you haven't disclosed him—you still are not permitted to share documents with experts without first having them review the Protective Order and sign Exhibit A to it, documenting their agreement to the terms of the Order and willingness to be bound by it. Further, you would need to instruct any such retained expert that they are not allowed to share the document with counsel for other matters – like the Walkup Firm – who have not signed the Harcourt Protective Order. And, most pointedly, Huang is outside the scope of the Harcourt Protective Order's sharing provision—which was crafted to refer to uncommanded acceleration and shift interlock claims at *Plaintiffs'* insistence, and over Tesla's stated objections, which are noted in the Stipulation and Order.

---

[1] It is not only extremely competitively sensitive information that has been produced in the Huang and Harcourt matters but also personally identifiable customer information. Indeed, in lieu of withholding production, Tesla made PII redactions to certain Harcourt documents that Plaintiffs then insisted be removed so they could see the personal information of non-parties—this, pursuant to your promises that the protective order would ensure proper safekeeping of the documents.
[2] You recently boasted to our counsel about how some document you supposedly filed in the Benavides/Angulo matter in Florida was filed publicly—by you—and therefore no longer protected.  We have not been able to identify this document, and invite you to share what it is if you're now claiming your protective order violation vitiated the protective order, but I suspect you won't be responding.



3000 Hanover Street, Palo Alto, CA 94304
P  510 602 3267

Additionally, in support of a Motion for New Trial in Hsu, you improperly referred to TESLA-00011938, produced in Harcourt and falsely claimed it was evidence that undermined Tesla's Vehicle Safety Report. You made a similar claim in a declaration that you signed for the Benavides/Angulo v. Tesla matter, pending in the United States District Court for the Southern District of Florida. In addition to violating the Protective Order in the Harcourt matter, both claims were categorically false, and you made them without exploring what the document identified. Indeed, it was only on February 8, 2024 that you finally took the deposition of a person qualified to speak to the content and purpose of this document—and that deposition testimony fully refutes your unjustified claims. Despite this, you have once again referred to this document in discovery served in the Benavides/Angulo matter on February 13, 2024 and previously in the Taylor v. Tesla matter. We understand your frustration that your view of how things must be does not match reality, but you need to find peace with the fact that you are wrong.

Perhaps more troubling, it is very evident from the deposition of the Harcourt Plaintiffs' expert Neil Hanneman--which took place March 7, 2024—that you modified copies of Confidential Tesla documents before sharing them with your retained expert. Specifically, copies of Toolbox sessions produced subject to Protective Order were found in Mr. Hanneman's expert files in Word file format (a different format than they were produced in), lacking a Confidential designation (which they were produced with), and substantively modified. This obviously raises multiple ethical concerns in the Harcourt matter, specifically, but also raises a greater concern that you have not only improperly shared or distributed Tesla information designated subject to Protective Order, but may have modified other documents prior to sharing them.

Mr. Hanneman's deposition also revealed that you provided Mr. Hanneman copies of material designated as Confidential without him executing the Protective Order, as required, and that Mr. Hanneman then shared copies of that material with two others outside of his organization without them executing the Protective Order.  Additionally, the March 11, 2024 deposition of Joellen Gill confirmed that Ms. Gill was also provided copies of material designated as Confidential months ago, but you only asked that she execute the Protective Order the weekend preceding her deposition—presumably following the discussion of the same violation in Mr. Hanneman's deposition the week before.  You did the same thing in the Hsu case.

In several instances you have served discovery on Tesla citing specific documents produced in Harcourt, documents your clients should not have or be privy to but you nonetheless call them out specifically.  When we objected that your citing these documents is a violation of our protective order, you brazenly filed a motion to compel and insisted you are entitled to pursue the discovery your client would not have but for your violation.  The court sustained our objections.  Just like the trial court did in Hsu.  Because you were wrong.

**Action demanded.**

Your disregard of these court orders is truly remarkable.  You have demonstrated such disdain for Tesla's efforts to protect its intellectual property and customer information, as well as the courts' orders enforcing that protection, it seems you will not stop unless and until you are ordered to do so, and—since the orders to date are not sufficient—the order must carry some consequence to you.  You most recently appear to be doubling-down and demanding the Benavides/Angulo court reconsider the protective orders and allow you to share Tesla's documents with whomever you wish, obviously, presumably, starting with yourself for your other clients.  I suppose one way to ensure you do not violate an order is to ensure you're not under any orders, but that is not the answer here.

While we should not have to protect against counsel's laziness, ineptitude, malfeasance or simple and innocent mistakes, we do so by requiring Exhibit As to sharing protective orders be provided to Tesla before any sharing to ensure compliance.  For instance, in August 2023, you gave notice to our counsel in Benavides/Angulo of your intention to share documents with counsel in a California case, Moritz v Tesla. Our counsel promptly pointed out the deficiency in your proposed sharing, that the Moritz case was not within the scope of your sharing provision in Benavides/Angulo.  You graciously agreed to "abide by the Order" and to "later seek modification" in order to share documents as you please.  It seems you failed in



3000 Hanover Street, Palo Alto, CA 94304
P  510 602 3267

your obligation and responsibility to ensure that the Moritz counsel was within scope and hoped Tesla would not catch the deficiency.

Herein lies the problem.  Several of our protective orders do not require advance disclosure to Tesla of who you will be sharing our documents with.  And, since you didn't bother to check if the Moritz case even involved the same vehicle model as in your case, and the counsel you were going to share with clearly didn't read the scope of the sharing provision either, it is clear plaintiffs at large cannot be relied upon to follow the simple rules.  So, we request several corrective actions to ensure the courts' orders have been complied with to date and into the future.

Tesla is now gravely concerned about not only its trade secrets, but information personal to its customers. This pattern of violating court orders must cease, and Tesla must take measures to mitigate any harm caused by prior violations. As such we request the following, which will be memorialized in stipulated filings in both the Huang and Harcourt cases:

1. An audit of all Tesla protected documents in your possession to establish when and how they were obtained by you, and the propriety of how you obtained them.
2. An audit of all Tesla protected documents you have shared with other counsel or experts, including production of the Exhibit A's, the identity of any person (attorney or otherwise) with whom you have shared them, the dates on which they were shared, and the propriety of that sharing.
3. Written confirmation that you have returned or destroyed all documents that were in your possession relative to any Tesla matter that you had but is no longer active, including Hsu and Djemil.

If you refuse to comply with this straightforward request and force us to take further, formal action, we will be seeking monetary sanctions against you, personally, for the fees and expenses incurred in doing so. Further, we will be asking the Courts to order you to share in the costs of these audits.  At this time, our objective is clear and simple: figure out what of our documents you have, where you got them, and who you are sharing them with.  And this can be resolved at arms' length unless this audit reveals rampant violations, which then will be brought up with the respective courts.  In proposing this, Tesla reserves the right to future corrective actions, including requests for further sanctions or claw-back demands, if additional action is justified by the results of this audit.

I look forward to your response by April 8.  Perhaps you would prefer we discuss this with the trial judge in Harcourt.  Kindly advise.

Regards,

Ryan McCarthy
Deputy General Counsel
Tesla, Inc.

Cc: Andrew McDevitt          Elise R. Sanguinetti
    Todd Poses               Jonathan Michaels
    Wendell P. Martens, Jr.  Robert N. Grisham II

    Thomas Branigan          Sandra Ezell
    Suzanne Swaner           Michael Carey