UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,
v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                      Case No. 22-22607-KMM

    Plaintiff,
v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA, INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY**

Tesla objects to Plaintiffs' motion to file a surreply. (ECF 399).

A surreply should only be permitted where a party raises a new argument in its reply. *See generally, Owens v. Metropolitan Life Ins. Co.,* 323 F.R.D. 411 (N.D. Ga. 2017) (surreplies are permitted only in unusual circumstances such as where a movant raises new arguments or facts) (denying motion for leave to file a surreply where reply brief does not address any new arguments or facts).

Tesla did not add any new argument in its reply. Plaintiffs' purported reason for their surreply request is Tesla's citation to *Tesla, Inc., v. Banner,* 2025 WL 610816 (Fla. Dist. Ct App., Feb. 26, 2025), *petition for reh'g filed,* No. 218758272 (Mar. 13, 2025), in its reply brief. However,

*Banner* does not raise a new argument – Tesla has always asserted that it cannot be liable for compensatory damages, and certainly not for punitive damages, because Plaintiffs' claim is predicated on the failure to include technology that is beyond the state of the art. (*See, e.g.*, ECF 326 at 17-19, 32). Nor can it be liable for failure to warn where the warnings that were provided were adequate as a matter of law. (*See, e.g.*, *id.* at 4, 23-24; ECF 325 at ¶¶ 17-29).

*Banner* is controlling and reinforces existing Florida law in the context of the same defect allegations as here, holding:

> [T]he evidence indicates Tesla's Autopilot features were 'state-of-the-art' and complied with all industry and regulatory standards. Further, ***Tesla repeatedly warned against misuse of the features, which is industry practice…****Tesla cannot be liable for failing to provide technology that it did not advertise and that did not exist*.

*Id.* at *6 (emphasis added).

After Tesla cited *Banner* in its reply brief, Plaintiffs filed a Notice of Supplemental Authority providing the Court with an opinion from *Maldonado v Tesla*, a California trial court case applying California law. Yet Plaintiffs did not advise the Court that *Maldonado* was directly adverse to the controlling *Banner* decision, which addresses the same opinions on issues of warning and state of the art by the very same Plaintiffs expert (Dr. Mary Cummings) as in this case. *Banner* also rejects the argument raised here by Plaintiffs that Tesla can be held liable for technology that did not exist at the time of manufacture. Plaintiffs' effort to first ignore and now explain away the clear consequences of the *Banner* decision underscores its importance to this Court's decisions on the pending evidentiary and dispositive motions.

Accordingly, there is no basis for Plaintiffs to file a surreply, and Tesla requests that the motion be denied.

Respectfully submitted,

/s/*Wendy F. Lumish*
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**WENDY F. LUMISH**
Florida Bar No. 334332
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com
wendy.lumish@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**JOEL SMITH**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel. 803-726-7420 / Fax: 803-726-7421
joel.smith@bowmanandbrooke.com

**HILARIE BASS**
Florida Bar No. 334243
**HILARIE BASS, ESQUIRE LLC**
2821 Bayshore Drive, UPH-B
Miami, FL 33133
Tel. 305-505-8777
bassh@bassinstitute.org

*Attorneys for Defendant TESLA, Inc.*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 10, 2025, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

| | |
|---|---|
| **Adam T. Boumel, Esq.**<br>Florida Bar No. 0110727<br>THE ROUSSO, BOUMEL LAW FIRM, PLLC<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, FL 33156<br>Tel. 305-670-6669<br>adam@roussolawfirm.com<br>assistant@roussolawfirm.com<br>pleadings@roussolawfirm.com<br><br>*Attorneys for Plaintiff Dillon Angulo* | **Todd Poses, Esq.**<br>Florida Bar No. 0075922<br>POSES & POSES, P.A.<br>Alfred I. Dupont Building<br>169 East Flagler Street, Suite 1600<br>Miami, FL 33131<br>Tel.  305-577-0200<br>Fax: 305-371-3550<br>tposes@posesandposes.com<br>maria@posesandposes.com<br><br>*Attorneys for Plaintiff Neima Benavides* |
| **Brett Schreiber, Esq.**<br>Admitted *Pro Hac Vice*<br>**Satyarinivas "Srinivas" Hanumadass, Esq.**<br>Admitted *Pro Hac Vice*<br>**Carmela Birnbaum, Esq.**<br>Admitted *Pro Hac Vice*<br>SINGLETON SCHRIEBER<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108<br>bschreiber@singletonschreiber.com<br>vas@singletonschreiber.com<br>cbirnbaum@singletonschreiber.com<br>jjusto@singletonschreiber.com<br>eelms@singletonschreiber.com<br>service@singletonschreiber.com<br><br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | **Douglas F. Eaton, Esq.**<br>Florida Bar No. 0129577<br>EATON & WOLK PL<br>2665 South Bayshore Drive, Suite 609<br>Miami, FL 33133<br>Tel. 305-249-1640<br>Fax: 786-350-3079<br>deaton@eatonwolk.com<br>cgarcia@eatonwolk.com<br>lhuete@eatonwolk.com<br><br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* |

/s/*Wendy F. Lumish*
WENDY F. LUMISH