UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NEIMA BENAVIDES, as Personal Representative of the Estate of Naibel Benavides Leon, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC., a/k/a Tesla Florida, Inc.,<br><br>    Defendant. | Case No. 21-cv-21940-BLOOM/Torres |
| DILLON ANGULO,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC. a/k/a Tesla Florida, Inc.,<br><br>    Defendant. | Case No. 22-22607-KMM |

**PLAINTIFFS' SUR-REPLY TO TESLA, INC.'S
RESPONSE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

Plaintiffs Neima Benavides and Dillon Angulo, by and through undersigned counsel, hereby file this Sur-Reply in Opposition to Tesla's Motion for Summary Judgment on Plaintiffs' claim for punitive damages.

I. ***Tesla, Inc. v. Banner***, **No. 4D2023-3034, 2025 WL 61081 (Fla. 4th DCA Feb. 26, 2025) does not compel summary judgment in favor of Tesla on Plaintiff's punitive damage claim.**

Tesla claims that Plaintiffs have "attempt[ed] to water down the standard for imposing punitive damages" in our response memorandum. (DE 378 at 15) Not so. Plaintiffs ask that the Court apply the standard set forth in Florida's standard jury instructions, not a standard that other district courts have specifically held to be superseded by the 1999 amendment. (DE 352 at 27)

As we discuss *Banner*, there are few things the Court should consider. First, the opinion is not final and therefore not yet binding authority on any court. *See Flagship Marine Services, Inc. v. Belcher Towing Co.*, 23 F.3d 341, 342 (11th Cir. 1994) ("Until the mandate issues, an appellate judgment is not final; the decision reached in the opinion may be revised by the panel, or reconsidered by the en banc court, or *certiorari* may be granted by the Supreme Court.") Second, even if it was final, it would hold no greater precedential value over this Court than the rest of Florida jurisprudence interpreting the appropriateness of punitive damage awards in products liability cases.

*Banner's* discussion of the punitive damage standard has two clear errors. First, it quotes from *Chrysler Corp. v. Wolmer,* 499 So. 2d 823, 824 (Fla. 1986), which stated, "a showing of even gross negligence, the degree of negligence that lies between ordinary negligence and willful and wanton conduct, is not enough." *Banner* at *3. This is no longer the law. Since 1999, punitive damages have been recoverable for a defendant's gross negligence, which, as Tesla quoted in its initial motion, is defined as "the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." (DE 326 at 27)

Second, *Banner* cites language from *Jeep Corp. v. Walker,* 528 So. 2d 1203, 1206 (Fla. 4th DCA 1988) stating that "[i]t would appear that the Florida Supreme Court has all but eliminated punitive damage awards in products liability cases." *Banner* at *3. Tesla claims that this means that *Banner* also adopted *Walker's* suggestion that the plaintiff needed to present evidence that "Jeep was deliberately attempting to main or kill [the plaintiff]," despite *Banner* not including this language in its opinion. (DE 378 at 16) As we previously noted, this is not a manslaughter standard, but an intentional homicide standard. And *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1,11 (Fla.

2016), which *Banner* cites to as "reaffirming" the manslaughter standard[1], made its definition of what constitutes "punitive conduct" crystal clear - "something more than simple negligence, but less than intent or malice."

What is also clear is that the standard for punitive damages set forth in *American Motors Corp. v. Ellis,* 403 So.2d 459, 468 (Fla. 5th DCA 1981) and *Toyota Motor Co., Ltd. v. Moll*, 438 So. 2d 192, 195 (Fla. 4th DCA 1983) - "punitive damages ... [are] allowed where the defendant had knowledge of a defect or dangerous condition and chose not to remedy the condition." - remains the standard today and district courts have had no difficulty applying that standard.

In *Deiparine v. Siemens Med. Sols. USA Inc.,* No. 6:10-CV-677-ORL, 2010 WL 5479653, at *4–5 (M.D. Fla. Dec. 2, 2010), *report and recommendation adopted*, No. 6:10-CV-677-ORL, 2011 WL 9128 (M.D. Fla. Jan. 3, 2011), the district court quoted *Johns Manville*, *Moll*, and *Ellis*:

> *The requisite evil intent may be inferred from the defendant's having pursued a course of action in wanton disregard of the consequences. Johns–Manville Sales Corp. v. Janssens,* 463 So.2d 242, 247 (Fla. 1st DCA 1984). Accordingly, *punitive damages may be imposed when the defendant knows of the defect but chooses not to remedy the dangerous condition. Toyota Motor Co., Ltd. v. Moll,* 438 So.2d 192 (Fla. 4th DCA 1981).

(emphasis in original).

In *Estate of Miller v. Ford Motor Co., N*o. 201CV545FTM29DNF, 2004 WL 7330563, at *3 (M.D. Fla. July 22, 2004), the district court denied Ford's motion for summary judgment on punitive damages as follows:

> In Florida, "punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights and safety of others." *Owens–Corning Fiberglass Corp. v. Ballard*, 749 So. 2d 483, 486 (Fla. 1999). For actions arising after October 1, 1999, punitive damages are available only for intentional misconduct and gross negligence, as defined in Fla. Stat. Ann. § 768.736. In a products liability case, "punitive damages ... [are] allowed where the defendant had knowledge of a defective or dangerous condition and chose not to remedy the condition." *Toyota Motor Company, Ltd. v. Moll*, 438 So. 2d 192, 194 (Fla. 4th DCA 1983), *Domke v. McNeil—P.P.C., Inc.,* 939 F. Supp. 849, 852 (M.D. Fla. 1996). Plaintiff has identified a number of facts which, while

---

[1] It's odd that *Banner* would quote the manslaughter jury instruction instead of the actual punitive damage instruction, but a side-by-side comparison of the language in each instruction reveals little substantive difference between the two.  Absent from both are any reference to an intent to harm.

contested by Ford, would support an award of punitive damages. At the summary judgment stage of the proceedings, this is sufficient. Ford's motion will be denied.

In *Sims v. BMW of N. Am. LLC*, No. 6:22-CV-1685-PGB-UAM, 2025 WL 724047, at *2 (M.D. Fla. Mar. 5, 2025), the district court recognized that there was dueling expert testimony which presented "the quintessential question of material fact relative to what the BMW Defendants knew and when they knew it versus when they told consumers." As a result, the Court denied BMW's motion for summary judgment, explaining:

> Plaintiff bases his claim for punitive damages on Defendants' knowledge that the Takata airbags in their vehicles were defective and concealed that information from the consuming public. (Doc. 234, p. 19). As discussed in the preceding section, an issue of material fact remains concerning Defendants' knowledge of the defective Takata inflators and whether they concealed that information, thus delaying warning consumers about the danger. *See Alfeo v. I-\Flow, LLC*, No. 11-80837, 2012 WL 442981, at *2 (S.D. Fla. Feb. 10, 2012) (citing *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191–92 (Fla. 4th DCA 2005) (holding actual knowledge of a danger followed by a failure to warn of that danger supports punitive damages)). While the bar is high for imposing punitive damages, if the jury accepts Plaintiff's evidence on Defendants' knowledge and alleged inaction, a reasonable jury could return a verdict for Plaintiff on punitive damages. Defendants' request for summary judgment on punitive damages is thus denied.

*Sims* at *2.

Contrary to *Banner's* conclusion, Plaintiffs do not seek to hold "Tesla [] liable for failing to provide technology that it did not advertise and that did not exist." *Banner* at *4. Plaintiffs seek to hold Tesla liable for not taking any action to address the known flaws in its driver monitoring system, the flaws in its emergency braking system, or limit the use of autopilot in the areas it was designed for. Here, we know that the technology *did* exist that would have allowed this accident to be avoided. As shown on the augmented video, McGee's Tesla detected Angulo, Angulo's truck, the end of drivable space, and a stop bar, but took no action to brake or otherwise avoid the accident, actions that the autopilot system was fully capable of taking. Further, we showed that Tesla did make false representations about the capabilities of its autopilot system, frequently blurring the lines between the capabilities of autopilot and full self-driving, creating unrealistic consumer expectations about the safety of Tesla's systems. In short, while the bar is high for imposing punitive damages, if the jury accepts Plaintiff's evidence on Defendants' knowledge and alleged inaction, a reasonable jury could return a verdict for Plaintiff on punitive damages.

|  |  |
|---|---|
| Date: April 16, 2025 | Respectfully submitted, |
|  | By: /s/ Douglas F. Eaton |
|  | DOUGLAS F. EATON |
|  | FBN: 129577 |
|  | **EATON & WOLK, PL** |
|  | *Co-counsel for Plaintiff* |
|  | 2665 S. Bayshore Drive, Suite 609 |
|  | Miami, Florida 33133 |
|  | Telephone: 305-249-1640 |
|  | Email: deaton@eatonwolk.com |
|  | cgarcia@eatonwolk.com |

**THE ROUSSO, BOUMEL LAW FIRM, PLLC**
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.
Florida Bar No.: 0110727
Direct email: adam@roussolawfirm.com
Service emails:
Pleadings@roussolawfirm.com
haiyang@roussolawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the parties listed below.

**THE ROUSSO, BOUMEL LAW FIRM, PLLC**
9350 South Dixie Highway
Suite 1520
Miami, Florida 33156
(305) 670-6669

By:   /s/ *Adam T. Boumel, Esq.*
Adam T. Boumel, Esq.
Florida Bar No.: 0110727
adam@roussolawfirm.com
Pleadings@roussolawfirm.com
haiyang@roussolawfirm.com

5

**SERVICE LIST**

**Bowman and Brooke LLP**
41000 Woodward Ave., Suite 200E
Bloomfield Hills, Michigan 48304
**Attn: Wendy Lumish, Esq.**
**Attn: Joel Smith Esq.**
**Attn: Thomas P. Branigan, Esq.**
**Attn: Whitney, Cruz, Esq.**
**Attn: Drew P. Branigan, Esq.**
Wendy.Lumish@bowmanandbrooke.com
Joel.smith@bowmanandbrooke.com
thomas.branigan@bowmanandbrooke.com
whitney.cruz@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com
*Counsel for Tesla*

**Hilarie Bass, Esquire LLC**
2821 Bayshore Drive, UPH-B
Miami, FL 33133
**Attn: Hilarie Bass, Esq.**
bassh@bassinstitute.org
*Counsel for Tesla*

**Singleton Schreiber, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel: (619) 771-3473
**Attn: Brett J. Schreiber, Esq.**
bschreiber@singletonschreiber.com
eelms@singletonschreiber.com
*Counsel for Plaintiffs*

**Poses Law Group**
169 East Flagler Street, Suite 1600
Miami, Florida 33156
**Attn: Todd Poses, Esq.**
tposes@posesandposes.com
Maria@posesandposes.com
*Counsel for Plaintiffs*

**Eaton & Wolk PL**
2665 South Bayshore Dr., Suite 609
Miami, FL 33133
**Attn: Doug Eaton, Esq.**
deaton@eatonwolk.com
*Counsel for Plaintiffs*