**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, *as Personal*
*Representative of the Estate of Naibel*
*Benavides Leon, deceased*,

      Plaintiff,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

      Defendant.

_____/

**ORDER SCHEDULING TRIAL**
**AND ORDER OF INSTRUCTIONS BEFORE CALENDAR CALL**

This cause is set for trial during the Court's two-week trial calendar beginning on **July 14, 2025 at 9:00 a.m**. **at the United States Courthouse, 400 North Miami, Avenue, Courtroom 10-2, Miami, Florida**. The parties shall appear before the Court for **calendar call at 1:45 p.m. on Tuesday, July 8, 2025**. In order to allow the parties to properly prepare for trial and ensure an efficient trial schedule, it is **ORDERED AND ADJUDGED** as follows:

> **By June 23, 2025, the parties shall prepare and file the following:**

    (1)    <u>Deposition Filings and Designations</u>

Deposition designations that advise of the deposition portions to be used at trial by designating the page and line of each deposition. Any objections or counter-designations and copies of all depositions to be used shall be filed by **June 27, 2025**.

> **By July 1, 2025, the parties shall prepare and file the following materials:**

Case No. 21-cv-21940-BLOOM/Torres

(2)    Pretrial Stipulation in Accordance with Local Rule 16.1(e)

(3)    Neutral Statement of Case and List of Witnesses for Venire Panel

(A) A joint concise, neutral statement of the case that can be read to the venire panel prior to voir dire to apprise the panel of the subject matter involved in the case. The joint concise statement shall address the positions of each party to this litigation in a succinct and neutral manner.

(B) A joint list of all witnesses that will be called at trial. This list shall provide the full name of the witness and succinct identifying information, such as area of residence or employment affiliation, to help the prospective jurors determine whether they recognize a potential witness.

(4)    A Joint Summary of the Parties' Motion(s) *in Limine*

The joint summary must contain a cover page providing the style of the case and an index of the motion(s) *in limine*. For each evidentiary issue, the joint summary must include: a one-page argument identifying the evidence sought to be excluded or included at trial and citing legal authority supporting exclusion or inclusion; and a one-page response to the argument citing legal authority in support of admission or exclusion of the disputed evidence. The parties must work together to prepare the joint summary and are encouraged to resolve evidentiary issues through stipulation. Motions *in limine* will not be accepted in any other form.

(5)    Voir Dire Questions

Any proposed voir dire questions that the parties would like the Court to ask the venire panel.

2

(6)     Exhibit Notebooks

If the parties do not plan to use the ELMO or a laptop to publish exhibits, they shall prepare Exhibit Notebooks. The Exhibit Notebooks shall contain three divisions. The first division shall contain the parties' joint exhibits which both parties intend to use at trial; the second division shall contain Plaintiff's exhibits; and the third division shall contain Defendants' exhibits. Each division shall be clearly and adequately designated (tabbed) and each exhibit appropriately labeled. Any composite exhibits shall include page numbers for each page of the exhibit for ease of reference.

At the time of jury selection, the parties shall be required to provide at least fourteen (14) copies of the Exhibit Notebook: one for each of the eight jurors, one for the Court, one for the witness stand, one for the Court Reporter, one for the Law Clerk, and one for each of the parties. At the opening of trial, the jurors' Exhibit Notebooks shall contain all exhibits from the three divisions described above to which there are no objections. As to the remaining exhibits to which there are objections, Counsel shall have sufficient tabbed, hole-punched copies of each exhibit to give to the jurors for addition to their Notebooks in the event the exhibit is admitted into evidence. The Notebooks for the Court, witness stand, court reporter and parties should include all exhibits, even those to which there may be objections and an exhibit index for each of the three sections.

(7)     Jury Instructions and Verdict Form

Proposed jury instructions and verdict form in Word format to chambers via e-mail, bloom@flsd.uscourts.gov. The parties shall submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Additionally, the parties are instructed to include a notetaking instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported

by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.

(8)    Witness Lists and Exhibit Lists

(A) Witness Lists: Revised Witness Lists that include the estimated time for direct and cross-examination of each of the witnesses, taking into account the time necessary for translation. This list shall include each anticipated impeachment witness.

(B) Exhibit Lists: Revised exhibit lists. Prior to filing the lists, the parties shall meet and confer to resolve as many issues as possible regarding the other's exhibits. Any remaining objections shall be reflected on the exhibit list identifying the legal basis for the objection. The parties are instructed to have each exhibit objected to with them at calendar call for review and ruling.

(9)    Stipulated Facts

The parties shall discuss all items not in dispute and file a list of stipulated facts.

(10)    Demonstrative and Summary Exhibits

If the parties desire to use demonstrative exhibits during trial (including photos, diagrams or time-lines and the like), each such item must be disclosed to the opposing party. No demonstrative exhibit may be displayed absent prior written agreement between the parties or, absent such agreement, prior approval by the Court.

(11)    Translators

(A) Exhibits: Exchange exhibit translations and attempt to resolve any issues regarding the translations. If the parties are unable to resolve the issues, they shall file a notice with the Court explaining the remaining issues and setting out each sides' proposed resolution to the remaining issues.

(B) At Trial: Prior to calendar call, the parties shall confer and agree on a single translator service for the trial. The parties shall split the cost of the service. The service must be federal court certified and must be able to provide a team of translators for the trial so that translators can switch every 30-40 minutes during the trial.

**At the Calendar Call:**

(12)   <u>Computers and Other Equipment</u>

Parties desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use. The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

(13)   <u>Opening and Closing Statements</u>

The parties should be prepared to tell the Court how long they each will need for their opening and closing statements.

(14)   <u>The Rule Against Witnesses in the Courtroom</u>

Excepting the parties or their designated corporate representative, any witness who may testify in this case is precluded from the courtroom at any time prior to their testimony. Each party shall bring to the Court's attention the appearance of any witness in the courtroom which violates this rule.

(15)   <u>Copies to Court Reporter</u>

Case No. 21-cv-21940-BLOOM/Torres

The parties shall provide to the Official Court Reporter copies of: (a) the final witness and exhibit lists; and (b) a list of all names and other proper nouns material to the disposition of the case that are likely to be raised at trial.

**No later than the Friday before trial by 3 p.m.:**

(16)  Notice of Settlement

The parties must notify the Court if the parties settle this matter before trial.

**No later than ten (10) days following the conclusion of the trial:**

(17)  Exhibits Post-Trial

The parties shall electronically file all exhibits admitted into evidence in their original or, if altered during trial, in their altered state. At the close of all of the evidence, the parties shall provide an index reflecting the admitted exhibits.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 14, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record