UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                              Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**JOINT PRETRIAL STIPULATION PURSUANT TO LOCAL RULE 16.1(e)**

The parties, by and through undersigned counsel, and pursuant to this Court's Order Scheduling Trial and Order of Instructions Before Calendar Call [DE 410], file this Pretrial Stipulation Pursuant to Local Rule 16.1(e).

1.     **A Short Concise Statement Of The Case[1]**

    a.     **Plaintiff's Proposed Statement of The Case**

This case arises from a motor vehicle crash that occurred on April 25, 2019, at approximately 9:30 p.m., on Card Sound Road in Monroe County, Florida. At that time, George

---

[1] Despite exchanging many different versions of the Statement of the Case, the parties have not reached complete agreement on the text of the Statement.

McGee was operating a 2019 Tesla Model S when the vehicle traveled through a T-intersection and off the roadway, striking a parked Chevrolet Tahoe. Naibel Benavides and Dillon Angulo were standing near the Tahoe at the time. Ms. Benavides was killed, and Mr. Angulo sustained serious injuries.

The Tesla Model S was equipped with Autopilot, an advanced driver assistance system. Autopilot was engaged at the time of the incident.

Plaintiffs—Mr. Angulo and the family of Ms. Benavides—allege that the Tesla vehicle and its Autopilot system were defectively designed, that Tesla failed to adequately warn about the dangers associated with the system, and that these issues were a legal cause of the crash. Plaintiffs also seek punitive damages, alleging that Tesla was guilty of intentional misconduct or gross negligence that was a substantial cause of Mr. Angulo's injuries and the death of Ms. Benavides.

Tesla denies these allegations and contends that the crash was caused solely by driver error on the part of Mr. McGee.

b.  **Tesla's Proposed Statement of The Case**

This is a civil case. It is an automotive product liability case that arises from a crash on April 25, 2019 at approximately 9:30 PM in Key Largo, Florida. A 2019 Tesla Model S owned and driven by George McGee impacted a lawfully parked Chevrolet Tahoe causing the Tahoe to strike and kill Naibel Benavides and injure Dillon Angulo while they were standing near the Tahoe.

Plaintiffs allege the crash was caused by defects in the design and warnings for the Autopilot driver assist feature Mr. McGee was using when the crash happened.  Plaintiffs also seek punitive damages, alleging that Tesla's conduct related to Autopilot rose to the level of intentional misconduct or gross negligence that was a substantial cause of Mr. Angulo's injuries and the death of Ms. Benavides. Tesla denies that the Model S is defective, that any alleged defect caused the crash or Plaintiffs' damages, and that there was any failure to warn contributing to cause this crash.

Tesla also denies Plaintiffs' claim that its conduct rose to the level of intentional misconduct or gross negligence. Tesla further asserts that George McGee was the sole cause of the crash and Plaintiffs' alleged injuries and damages.

2. **The Basis Of Federal Jurisdiction**

The United States District Court for the Southern District of Florida, Miami Division has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), because this is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. **The Pleadings Raising The Issues**

   a. Plaintiffs' Consolidated and Amended Complaint and Demand for Jury Trial [DE 205].

   b. Tesla, Inc.'s Answer to Plaintiffs' Consolidated and Amended Complaint and Demand for Jury Trial (Amended Complaint) [DE 259].

4. **List Of Undisposed Motions Or Other Matters Requiring Action By The Court**

| MOTION | DE NO. |
| --- | --- |
| Issues raised in the parties' Motions *in Limine* on which court ruled it would address further based on additional information provided by the parties. | 320, 329 and 433 |
| Tesla, Inc.'s Motion to Exclude Evidence of Discovery Disputes Including Plaintiffs' Motion For Sanctions | ___ |
| Tesla's Motion For an Order Setting a Procedure For Requesting Certain Limitations on Public Access to Confidential Information That Is Likely To Be Presented During Trial | ___ |

5. **Statement Of Uncontested Facts Which Will Require No Proof At Trial, With Reservations If Any**

   a. The crash occurred on April 25, 2019, at a "T" intersection of Card Sound Road and County Road 905 in Key Largo, Florida.

    b. The crash was a two-vehicle collision involving a 2019 Tesla Model S ("Model S") and a parked Chevrolet Tahoe.

    c. The Model S was owned and driven by George McGee, who is not a party to this lawsuit.

    d. The Naibel Benavides Leon and Dillon Angulo had parked the Tahoe and were standing near the vehicle.

    e. There were multiple traffic control devices at the "T" intersection, including a visible an overhead red flashing light, a stop bar on the pavement, a stop sign, and multiple road end signs.

    f. McGee was distracted from the driving task in the moments before impact having dropped his cell phone.

    g. The Model S was designed, manufactured and sold by Tesla, Inc.

    h. McGee purchased the Model S on January 6, 2019 and took delivery of the car on January 31, 2019.

6. **Statement Of Issues Of Fact Which Remain To Be Litigated At Trial**

    a. Whether the 2019 Model S was defective in its design as set forth in Count 1 of the Amended Complaint.

    b. Whether any alleged defect in the design of the 2019 Model S was a proximate cause of the crash and Naibel Benavides Leon's death and Dillon Angulo's injuries?

    c. Whether the 2019 Model S is defective because of the lack of adequate warnings as set forth in Count 1 and Count 2 of the Amended Complaint?

    d. Whether any alleged failure to warn was a proximate cause of the crash and Naibel Benavides Leon's death and Dillon Angulo's injuries.

31943392v12

    e. Whether George McGee was negligent in his operation of the Tesla, and if so whether Mr. McGee's negligence was the sole proximate cause and/or a proximate cause of the crash?

    f. As to damages, the precise nature and extent of damages claimed.

- Dillon Angulo: Past and future pain, suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life in amounts to be determined by the jury.
- Niema Benavides, as Personal Representatives on behalf of survivors Lilia and Guillermo Benavides: mental pain and suffering in amounts to be determined by the jury.
- Whether Tesla's conduct was intentional or grossly negligent warranting punitive damages.

7. **Statement Of Issues Of Law On Which There Is Agreement**

    a. This Court has jurisdiction over the subject matter and the parties and venue is proper before this Court.

    b. Florida substantive law applies in this case.

8. **Statement Of Issues Of Law Which Remain For Determination By The Court**

    a. The issues of law set forth in the pending Motions identified in Section 4 above.

    b. The proper test of design defect as set forth in the pending motions set forth in section 4 above.

    c. Plaintiffs' effort to present evidence of sanctions has been resolved by the Court's order on the Motion for Rule 37 Sanctions. Since, however, Plaintiffs have indicated that they intend to offer evidence related to the motion for sanctions, Tesla requests the opportunity to provide additional briefing on this issue.

9. **List Of Trial Exhibits**

   See Plaintiffs' List of Trial Exhibits attached Exhibit A.

   See Tesla, Inc.'s List of Trial Exhibits attached Exhibit B.

10. **List Of Trial Witnesses**

### Plaintiffs' "Will Call" Trial Witnesses

| No. | Name/Address | Witness | Time Estimate (*Direct*) | Time Estimate (*Cross*) | Time Estimate (*Re-direct*) | Time Estimate (*Total*) |
|---|---|---|---|---|---|---|
| 1. | Lilian Leon Jimenez Benavides | Naibel Benavides' mother | 1.0 | .5 | 0.25 | 1.75 |
| 2. | Guillermo Benavides | Naibel Benavides' father | 1.0 | .5 | 0.25 | 1.75 |
| 3. | Neima Benavides | Plaintiff | 1.0 | .5 | 0.25 | 1.75 |
| 4. | Dillon Angulo | Plaintiff | 1.0 | 1.5 | 0.25 | 1.75 |
| 5. | Dawn Angulo | Dillon Angulo's mother | 1.0 | .5 | 0.25 | 1.75 |
| 6. | George McGee | Driver of the Tesla | 1.0 | 2.0 | 0.3 | 3.3 |
| 7. | Ret. Corp. David Riso | Fact Witness – Former FHP | 1.0 | .5 | 0.25 | 1.75 |
| 8. | Alan Moore | Plaintiff Expert | 2 | 3.0 | 0.5 | 5.5 |
| 9. | Missy Cummings, Ph.D. | Plaintiff Expert | 2 | 4.0 | 0.5 | 6.5 |
| 10. | Mendel Singer, Ph.D. | Plaintiff Expert | 1.0 | 1.0 | 0.2 | 2.2 |
| 11. | Jason Lewis | Fact witness | .5 | .3 | .2 | 1.0 |
| 12. | Akshay Phatak | Tesla – Fact Witness (via deposition clips) | 1.5 | 0 | 0 | 1.5 |
| 13. | Eloy Rubio Blanco | Tesla 30b6 (via deposition clips) | 2.2 | 0 | 0 | 2.2 |

31943392v12

| No. | Name/Address | Witness | Time Estimate (*Direct*) | Time Estimate (*Cross*) | Time Estimate (*Re-direct*) | Time Estimate (*Total*) |
|---|---|---|---|---|---|---|
| 14. | Kester Nedd, D.O. | Plaintiff Expert | 1.0 | .5 | 0.1 | 1.6 |
| 15. | Bill Reader | Plaintiff Treating Physical Therapist | 0.75 | .5 | 0.1 | 1.3 |
| 16. | Craig Lictblau, M.D. | Plaintiff Expert | 1.0 | .5 | 0.1 | 1.6 |
| 17. | Monica Snyder | Plaintiff's EMDR therapist | 1.0 | .5 | 0.1 | 1.6 |
| 18. | Dr. Carlos Placensia | Plantiff's Psychologist | 1.0 | .5 | 0.25 | 1.75 |
| 19. | Dr. Danielle Horn | Plaintiff's Inverntional Pain Doctor | 0.8 | .5 | 0.2 | 1.5 |
| 20. | Victor Angulo | Plaintiff's father | 1.0 | .5 | 0.1 | 1.6 |
| 21. | Shelly Russell, Ph.D. | Plaintiff Expert | 1.0 | .5 | 0.1 | 1.6 |
| 22. | Michael Calaffel | Tesla Fact Witness | .5 | .3 | .2 | 1.0 |
| 23. | Jonathan Saldana | Fact Witness (EMS) | 0.5 | 0.5 | 0.1 | 1.1 |

**Plaintiffs' "May Call" Trial Witnesses**

| No. | Name/Address | Witness | Time Estimate (*Direct*) | Time Estimate (*Cross*) | Time Estimate (*Re-direct*) | Time Estimate (*Total*) |
|---|---|---|---|---|---|---|
| 1. | Louis Pizano, MD | Fact Witness (Emergency Dept) | 0.5 | .5 | 0.1 | 1.1 |
| 2. | Dr. Joseph Patin | Plaintiff's Interventional Pain Doctor | 1.0 | .5 | .2 | 1.7 |
| 3. | Robert Sumwalt | Fact Witness – former chair of the NTSB | 1.5 | 1.0 | .2 | 1.7 |

7

**Tesla's "Will Call" Trial Witnesses[2]**

| No. | Name/Address | Witness | Time Estimate (*Direct*) | Time Estimate (*Cross*) | Time Estimate (*Re-direct*) | Time Estimate (*Total*) |
|---|---|---|---|---|---|---|
| 1. | Eloy Rubio Blanco | Tesla Employee | 2.0 | 1.5 | .5 | 4.0 |
| 2. | David Cades, Ph.D. | Tesla Expert | 3.0 | 0.8 | .5 | 4.3 |
| 3. | Ryan Harrington | Tesla Expert | 3.0 | 0.8 | .5 | 4.3 |
| 4. | Officer Joel M. Torres | Fact Witness – Former FHP | 1.0 | 0.3 | .3 | 1.6 |
| 5. | James Walker | Tesla Expert | 3.0 | 0.3 | .3 | 3.6 |

**Tesla's "May Call" Trial Witnesses**

| No. | Name/Address | Witness | Time Estimate (*Direct*) | Time Estimate (*Cross*) | Time Estimate (*Re-direct*) | Time Estimate (*Total*) |
|---|---|---|---|---|---|---|
| 1. | Barry Crown, M.D. | Tesla Expert | 1.5 | 0.5 | .3 | 2.3 |
| 2. | Alex Del Rio | Fact Witness – Paramedic | 0.5 | 0.2 | .2 | .9 |
| 3. | Rafael Fernandez, Jr., M.D. | Tesla Expert | 1.5 | 0.5 | .3 | 2.3 |
| 4. | David Hulse | Fact Witness – Paramedic | 0.5 | 0.2 | .2 | .9 |
| 5. | Bruce Kohrman, M.D. | Tesla Expert | 1.5 | 0.5 | .3 | 2.3 |
| 6. | Trooper Odel Mosquera | Fact Witness – FHP | 0.5 | 0.2 | .2 | .9 |
| 7. | Chris Payne | Tesla Employee | 1.5 | 0.5 | .3 | 2.3 |
| 8. | Oscar Pinzon | Fact Witness – Paramedic | 0.5 | 0.2 | .2 | .9 |
| 9. | Officer Carlos Rosario-Flores | Fact Witness – Former FHP | 1.5 | 0.5 | .3 | 2.3 |

---

[2] Because George McGee and David Riso are listed on Plaintiffs' "will call" witness list and Plaintiffs' counsel has indicated they will call these witnesses live at trial, Tesla has not identified these witnesses here nor provided deposition designations for these witnesses. Similarly, because Telsa has listed Officer Joel M. Torres on Tesla's "will call" witness list and indicated they have him under subpoena, Plaintiff has not identified him here though they too have him under subpoena.

| No. | Name/Address | Witness | Time Estimate (*Direct*) | Time Estimate (*Cross*) | Time Estimate (*Re-direct*) | Time Estimate (*Total*) |
|---|---|---|---|---|---|---|
| 10. | Karen Elizabeth Saldina Santibanez | Fact Witness | 0.5 | 0.2 | .2 | .9 |
| 11. | David Shoemaker | Tesla Employee | 1.5 | 0.5 | .3 | 2.3 |

11. **Estimated Trial Time**

The parties estimate the trial will take approximately 10-12 days for proofs.[3]

12. **Award Of Attorneys' Fees To The Prevailing Party**

There is no basis for the award of attorneys' fees to the prevailing party in this matter.

---

[3] This estimate is based the current schedule provided by the Court and the parties understanding this case must be in the jury's hands by the close of business on July 31, 2025.

Dated this 3rd day of July, 2025.

| | |
|---|---|
| /s/ Brett Schreiber | /s/ Wendy F. Lumish |
| **Brett Schreiber, Esq.** | **WHITNEY V. CRUZ** |
| Admitted *Pro Hac Vice* | Florida Bar No. 800821 |
| **SINGLETON SCHRIEBER** | **WENDY F. LUMISH** |
| 591 Camino de la Reina, Suite 1025 | Florida Bar No. 334332 |
| San Diego, CA 92108 | **BOWMAN AND BROOKE LLP** |
| bschreiber@singletonschreiber.com | Two Alhambra Plaza, Suite 800 |
| *Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | Coral Gables, FL 33134 |
| | Tel. 305-995-5600 / Fax: 305-995-6100 |
| | whitney.cruz@bowmanandbrooke.com |
| | wendy.lumish@bowmanandbrooke.com |
| | *Attorneys for Defendant Tesla, Inc.* |

31943392v12

## CERTIFICATE OF SERVICE

The Parties hereby certify that on July 3, 2025, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

| | |
|---|---|
| **Adam T. Boumel, Esq.**<br>Florida Bar No. 0110727<br>THE ROUSSO, BOUMEL LAW FIRM, PLLC<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, FL 33156<br>Tel. 305-670-6669<br>adam@roussolawfirm.com<br>haiyang@roussolawfirm.com<br>pleadings@roussolawfirm.com<br>*Attorneys for Plaintiff Dillon Angulo* | **Todd Poses, Esq.**<br>Florida Bar No. 0075922<br>POSES & POSES, P.A.<br>Alfred I. Dupont Building<br>169 East Flagler Street, Suite 1600<br>Miami, FL 33131<br>Tel. 305-577-0200<br>Fax: 305-371-3550<br>tposes@posesandposes.com<br>maria@posesandposes.com<br>*Attorneys for Plaintiff Neima Benavides* |
| **Brett Schreiber, Esq.**<br>Admitted *Pro Hac Vice*<br>**Satyarinivas "Srinivas" Hanumadass, Esq.**<br>Admitted *Pro Hac Vice*<br>**Carmela Birnbaum, Esq.**<br>Admitted *Pro Hac Vice*<br>SINGLETON SCHRIEBER<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108<br>bschreiber@singletonschreiber.com<br>vas@singletonschreiber.com<br>cbirnbaum@singletonschreiber.com<br>jjusto@singletonschreiber.com<br>eelms@singletonschreiber.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | **Douglas F. Eaton, Esq.**<br>Florida Bar No. 0129577<br>EATON & WOLK PL<br>2665 South Bayshore Drive, Suite 609<br>Miami, FL 33133<br>Tel. 305-249-1640<br>Fax: 786-350-3079<br>deaton@eatonwolk.com<br>cgarcia@eatonwolk.com<br>lhuete@eatonwolk.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* |

/s/ *Wendy F. Lumish*
**Wendy F. Lumish**

31943392v12