**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

DILLON ANGULO,                                                    Case No. 22-22607-KMM

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

## NOTICE OF FILING JOINT PROPOSED JURY INSTRUCTIONS

     Plaintiffs, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides

Leon, deceased, and Dillon Angulo and Defendant, Tesla, Inc., d/b/a Tesla Florida, Inc. ("Tesla"),

submit their requested jury instructions for use at trial. In submitting these instructions, the parties

do not waive their objections to specific claims or damages and reserve the right to modify their

requested instructions based on the evidence at trial and the Court's rulings. In particular, Tesla

does not waive its position that Plaintiffs are not entitled to punitive damages against Tesla as a

matter of Florida law. Further Tesla submits that any punitive damage verdict against Tesla,

particularly one resulting from the Court's reliance solely upon the Florida Standard Jury

Instructions (Civil) PD2 entitled, "Punitive Damages," would violate Tesla's rights to due process

under U.S. and Florida Constitution.

Pursuant to the Court's order scheduling trial, all instructions for which the parties are not in agreement are in bold. Instructions proposed only by a Plaintiff are underlined. Instructions proposed only by a defendant are italicized.

With limited exceptions, the parties have not included explanations for their objections in this document and request the opportunity to provide briefing or oral argument as to instructions in dispute. The parties specifically agree that the failure to assert an objection herein, does not constitute a waiver.

Respectfully submitted,

/s/ *Adam T. Boumel*

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
assistant@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

/s/*Wendy F. Lumish*
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**WENDY F. LUMISH**
Florida Bar No. 334332
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com
wendy.lumish@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**JOEL SMITH**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel. 803-726-7420 / Fax: 803-726-7421
joel.smith@bowmanandbrooke.com

**HILARIE BASS**
Florida Bar No. 334243
**HILARIE BASS, ESQUIRE LLC**
2821 Bayshore Drive, UPH-B
Miami, FL 33133
Tel. 305-505-8777
bassh@bassinstitute.org

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2025, the foregoing was filed using the

Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

/s/*Wendy F. Lumish*
WENDY F. LUMISH

**PROPOSED JURY INSTRUCTIONS**

**TO BE GIVEN BEFORE OPENING STATEMENTS**

## JOINT PROPOSED JURY INSTRUCTION NO. 1.

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness
  is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

**[the parties agree that the description here should match the description of the case in the pretrial stipulation, once that has been resolved]**

Burden of proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Tesla on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Tesla.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Tesla has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Tesla must prove for any affirmative defense. After considering all the evidence, if you decide that Tesla has successfully proven that the required facts are more likely true than not, the affirmative defense is proven.

***Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.***

Conduct of the Jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and X.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.

Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Tesla may ask the witness questions – this is called "cross-examining" the witness. Then Tesla will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Source:        Instructions 1.1, 1.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED         _____

## **JOINT PROPOSED JURY INSTRUCTION NO. 2.**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English interpretation provided and disregard any different meaning.

**Source:**        Instruction 1.3, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 3.

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**<u>Source</u>:**       Instruction 1.4, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED         _____

**PROPOSED INTERIM INSTRUCTIONS AS NEEDED DURING TRIAL**

## **JOINT PROPOSED JURY INSTRUCTION NO. 4.**

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation. You must treat these facts as proved for this case.

**Source:**        Instruction 2.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN            _____

DENIED          _____

**JOINT PROPOSED JURY INSTRUCTION NO. 5.**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:**     Instruction 2.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED         _____

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 6.</u>

(if Necessary)

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice."  I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it.   You must accept it as true for this case.

**<u>Source</u>:**        Instruction 2.5, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 7.

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted.   The questions are called "interrogatories."  Before the trial, [name of party] gave the answers in writing while under oath.


You must consider [name of party]'s answers as though [name of party] gave the answers on the witness stand.


**Source:**     Instruction 2.6, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN     _____

DENIED     _____

## JOINT PROPOSED JURY INSTRUCTION NO. 8.

### (If necessary)

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**Source:**      Instruction 2.7, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED         _____

**PROPOSED JURY INSTRUCTIONS**
**TO BE GIVEN BEFORE CLOSING ARGUMENTS**

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 9.</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**<u>Source</u>:**      Instruction 3.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 10.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source:**      Instruction 3.2.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN            _____

DENIED           _____

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 11.</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**<u>Source:</u>**     Instruction 3.3, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN       _____

DENIED     _____

## JOINT PROPOSED JURY INSTRUCTION NO. 12.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Source**:        Instruction 3.4, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN            _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 13.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:**      Instruction 3.5.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED         _____

## JOINT PROPOSED JURY INSTRUCTION NO. 14.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness whose court testimony is given with regularity and represents a significant portion of the witness's income.[1]**

**Source:**        Instruction 3.6.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

---

[1] Tesla objects to the underlined paragraph because the language "view with caution the testimony" is a comment on how the jury should view the evidence.  Tesla requests that 3.6.1 which does not include that language be used instead.

## JOINT PROPOSED JURY INSTRUCTION NO. 15.

In this case it is Plaintiffs' responsibility to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claim by a preponderance of the evidence, you should find for Tesla.

**Source:**      Instruction 3.7.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

<u>**PROPOSED JURY INSTRUCTION NO. 16.**</u>

The claims and defenses in this case are as follows:

The claims in this case are as follows. Niema Benavides And Dillon Angulo claim that the 2019 Tesla Model S designed, manufactured and sold by Tesla was defective and that the defect in the vehicle caused the death of Naibel Benavides and the injuries to Dillon Angulo.[2]

*Plaintiff's Version:* **Tesla denies those claims, and claims that the death of Naibel Benavides and Dillon Angulo were caused solely by the negligence of the driver of the Tesla vehicle, George McGee.**

*Tesla Version: Tesla denies that the vehicle was defective, and further denies that any defect caused or contributed to Naibel Benavides Leon's death and injuries to Dillon Angulo. Tesla further claims the 2019 Model S's Autopilot driver assist system complied with the state-of-the-art in the automotive industry at the time it was manufactured.  Tesla also claims George McGee was negligent in the operation and use of the vehicle, and his negligence was the sole cause or contributing cause of the crash and Naibel Benavides Leon's death and Dillon Angulo's injuries.*

The parties must prove their claims by a preponderance of the evidence.

I will now define some terms you will use in deciding the case.

<u>**Source:**</u>        Fla. Std. Jury Instr. (Civ.) 403.2 (adapted to this case)

GIVEN          _____

DENIED        _____

---

[2] Tesla will request that the jury be given instructions as to the specific defect once the evidence has been presented. Further the parties disagree as to the description of the defenses.  It is Tesla's position that it should be permitted to provide the jury with its description of its defense.

## PROPOSED JURY INSTRUCTION NO. 17.

A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design outweighs the benefits.

In deciding whether the 2019 Tesla Model S was defective because of its design you shall consider the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of the 2019 Tesla Model S manufacture, not at the time of the crash.

*If you find that the design of the 2019 Tesla Model S was consistent with the state of the art at the time of manufacture, then you must find that Plaintiffs have not met their burden of proof.[3]*

**Source:**   Fla. Std. Jury Instr. (Civ.) 403.7 (modified) see *Tesla, Inc. v. Banner,* No. 4D2023-3034, 2025 WL 610816 (Fla. 4th DCA Feb. 26, 2025) (recognizing Tesla's Autopilot system was state of the art and complied with industry standards).

GIVEN        _____

DENIED       _____

---

[3] Plaintiff objects to this additional sentence which is not part of the standard instruction.

## **JOINT PROPOSED JURY INSTRUCTION NO. 18.**

A product is also defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.[4]

**Source**:        Fla. Std. Jury Instr. (Civ.) 403.8

GIVEN            _____

DENIED          _____

---

[4] Tesla reserves the right to add specificity to this instruction once the evidence has been presented.

## PROPOSED JURY INSTRUCTION NO. 19.

A defect in a product is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the defect, the injury would not have occurred.

In order to be regarded as a legal cause of injury, a defect in a product need not be the only cause. A defect in a product may be a legal cause of injury even though it operates in combination with the act of another, some natural cause, some other cause if the defect contributes substantially to producing such injury.

**A defect in a product may also be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause occurring after the product defect occurs if such other cause was itself reasonably foreseeable and the product defect contributes substantially to producing such loss, injury, or damage or the resulting loss, injury, or damage was a reasonably foreseeable consequence of the product defect and the product defect contributes substantially to producing it.[5]**

**Source:**    Fla. Std. Jury Instr. (Civ.) 403.12

GIVEN        _____

DENIED       _____

---

[5] Tesla objects to the use of an instruction on intervening cause. McGee's negligence is covered as a concurring cause and beyond that there is no basis for an additional instruction which is both confusing and superfluous.

## JOINT PROPOSED JURY INSTRUCTION NO. 20.

The issues you must decide on Plaintiffs' claims against Tesla is whether:

(a)  the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design of the 2019 Tesla Model S Autopilot [**system**][**feature**][6] outweighs the benefits of the design, and, if so, whether that failure was a legal cause of damage to Naibel Benavides Leion and Dillon Angulo.

(b)  Whether the foreseeable risks of harm from the 2019 Tesla Model S Autopilot [**system**][**feature**][7] could have been reduced or avoided by providing additional instructions or warnings, and the failure to provide those warnings made the product unreasonably dangerous, and if so, whether that failure was a legal cause of damage to Naibel Benavides Leion and Dillon Angulo.[8]

**Source:**        Fla. Std. Jury Instr. (Civ.) 403.15 (e) and (f).

GIVEN            _____

DENIED          _____

---

[6] Plaintiff requests "system." Tesla requests "feature."
[7] See Ftne 6
[8] Tesla reserves the right to add specificity to this instruction once the evidence has been presented.

## TESLA'S PROPOSED JURY INSTRUCTION NO. 21.

*A defect in a product may not be inferred from the fact that an accident or injury occurred. Plaintiffs must affirmatively prove the product is defective and the defect caused their alleged injuries.*[9]

**Source:**   *Husky Indus. v. Black*, 434 So. 2d 988, 991 n.11 (Fla. 4th DCA 1983) (mere showing that can exploded is not sufficient to show defect); *Lash v. Noland*, 321 So. 2d 104 (Fla. 4th DCA 1975); *Conroy v. Briley*, 191 So. 2d 601 (Fla. 1st DCA 1966); *see also Vermuelen v. Worldwide Holidays, Inc.*, 922 So. 2d 271, 272-273 (Fla. 3d DCA 2006) (affirming summary judgment in favor of the defendant and stating that "[t]he mere happening of an accident does not give rise to an inference of negligence); *Cooper Hotel Serv., Inc. v. Holiday Inn*, 662 So. 2d 710, 712-713 (Fla. 2d DCA 1995) (reversing final judgment for plaintiff and directing verdict for defendant, because "[n]egligence… may not be inferred from the mere happening of an accident alone").

GIVEN          _____

DENIED        _____

---

[9] Plaintiffs object to all special instructions proposed by Tesla, including this one and all others following.

## <u>TESLA'S PROPOSED JURY INSTRUCTION NO. 22.</u>

***A manufacturer does not have a duty to produce a foolproof or accident-proof product or the safest possible product.***

<u>**Source:**</u>  *Scheman-Gonzalez v. Saber Mfg. Co.*, 816 So. 2d 1133, 1141 (Fla. 4th DCA 2002) ("manufacturer has no duty to make a product accident proof"); *Knox v. Delta Int'l Machinery Corp.*, 554 So. 2d 6, 7 (Fla. 3d DCA 1989) ("a manufacturer is, as a matter of law, under no duty to produce a fail-safe product, so long as the product poses no unreasonable dangers for consumer use"); *Husky Indus., Inc. v. Black*, 434 So. 2d 988, 991 (Fla. 4th DCA 1983) ("manufacturer does not have to make a product accident proof"); *Builders Shoring & Scaffolding Equip. Co., Inc. v. Schmidt*, 411 So. 2d 1004, 1007 (Fla. 5th DCA 1982) ("failure to make the device fool-proof does not itself render the product 'defective'"); *Clark v. Boeing Co.*, 395 So. 2d 1226, 1229 (Fla. 3d DCA 1981) ("It is not itself a breach of duty to supply materials which are reasonably safe and customarily used, even though the material might conceivably be made more safe").

GIVEN        _____

DENIED      _____

35

## TESLA'S  PROPOSED JURY INSTRUCTION NO. 23.

*Federal Motor Vehicle Safety Standards were adopted by the National Highway Traffic Safety Administration to govern the vehicle that Plaintiffs allege to be defective. The Safety Standards were enacted "to meet the need for motor vehicle safety," and as such, compliance with Safety Standards was required as a condition of selling the vehicle at issue.*

*If you find that the 2019 Tesla Model S complied with these standards, you should consider this fact as evidence that the vehicle was not defective or unreasonably dangerous, but such compliance does not preclude a finding of defect as a matter of law if you are convinced by the preponderance of all of the evidence that the vehicle is defective and unreasonably dangerous.*

**Source:**   Fla. Std. Jury Instr. (Civ.) 403.18(c) (government rules defense acknowledged but no instruction provided with note indicating committee leaves it up to the parties to propose instructions on a case-by-case basis); § 768.1256, Fla. Stat. (creating presumption); *Jackson v. H.L. Bouton Co.*, 630 So. 2d 1173, 1175 (Fla. 1st DCA 1994) (compliance with industry standards is evidence that a product was not defective).

GIVEN          _____

DENIED        _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 24.

*Your verdict may not be based on speculation or conjecture. If the probabilities of causation are at best evenly balanced, you must find that the Plaintiffs did not meet their burden of proof.*

**Source:**     *Gooding v. University Hosp. Bldg., Inc.* 445 So. 2d 1015, 1018 (Fla. 1984) ("the mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced it becomes the duty of the court to direct a verdict for the defendant.").

GIVEN          _____

DENIED          _____

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 25.</u>

If a preponderance of the evidence does not support any of Plaintiffs' claims, your verdict should be for Tesla.

However, if the preponderance of the evidence supports one or more of Plaintiffs' claims, then your verdict should be for Plaintiffs and against Tesla on those claims.

**<u>Source</u>:**      Fla. Std. Jury Instr. (Civ.) 403.17

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 26.

If, however, a preponderance of the evidence supports one or more of Plaintiffs' claims, then you shall consider the affirmative defense raised by Tesla.

On the affirmative defense, the issue for you to decide is whether George McGee was negligent in the operation and use of his 2019 Tesla Model S; and, if so, whether that negligence was a contributing legal cause of Naibel Benavides Leon's death and Angulo Dillon's injuries.

Tesla must prove this affirmative defense by a preponderance of the evidence.  I caution you that Tesla does not have to disprove Dillon Angulo and Neima Benavides's claims, but if Tesla raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**Source:**      Fla. Std. Jury Instr. (Civ.) 403.18(a, c); Instruction 3.7.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

## **JOINT PROPOSED JURY INSTRUCTION NO. 27.**

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

**Source**:        Fla. Std. Jury Instr. (Civ.) 401.4

GIVEN            _____

DENIED          _____

### TESLA'S PROPOSED JURY INSTRUCTION NO. 28.

*Section 316.1925(1), Florida Statutes provides: "Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section."*

*Section 316.192, Florida Statutes, provides that it is unlawful to drive any vehicle in willful or wanton disregard for the safety of persons or property.*

*Section 316.183(1), Florida Statutes, provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance or object on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."*

*Violation of these statutes is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that George McGee violated any of these statutes, you may consider that fact, together with the other facts and circumstances, in determining whether George McGee was negligent.*

**Source**:        Fla. Std. Jury Instr. (Civ.) 401.9; § 316.1925(1), 316.192, 316.183(1), Fla. Stats.

GIVEN          _____

DENIED        _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 29.

*If you find that the sole cause of the crash and the death of Naibel Benavides Leon and injuries to Dillon Angulo was George McGee's negligence in his operation of the 2019 Model S, then your verdict is for Tesla.*

**Source:**   *Hoffman v. Jones*, 280 So .2d 431, 438 (Fla. 1973) (recognizing that while comparative fault is not a complete bar to recovery, a plaintiff is still barred from recovery when the plaintiff's negligence is the sole cause of injury); *Bryant v. Fiadini*, 405 So. 2d 1341, 1344 (Fla. 3d DCA 1981) (jury entitled to reject comparative negligence and find negligence was the sole cause of injury); *Goulah v. Ford Motor Co.*, 118 F. 3d 1478 (11th Cir. 1997) (recognizing that defense of sole cause is independent of comparative negligence).

GIVEN        _____

DENIED      _____

**JOINT PROPOSED JURY INSTRUCTION NO. 30.**

If the preponderance of the evidence does not support any of Tesla's defenses and the preponderance of the evidence supports one or more of Plaintiffs' claims, then your verdict should be for Plaintiffs in the total amount of their damages.

If, however, the preponderance of the evidence shows that both George McGee and Tesla were at fault and that the fault of each contributed as a legal cause of Naibel Benavides Leon's death and Dillon Angulo's injuries, you should decide and write on the verdict form what percentage of the total responsibility was caused by each of them.

**Source:**      Fla. Std. Jury Instr. (Civ.) 403.19

GIVEN            _____

DENIED           _____

**<u>JOINT PROPOSED JURY INSTRUCTION NO. 31.</u>**

If your verdict is for Tesla, you will not consider the matter of damages. But if the preponderance of the evidence supports one or more of Plaintiffs' claims, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows Naibel Benavides Leon's survivors and Dillon Angulo sustained, including any damages that Plaintiffs are reasonably certain to incur or experience in the future.

**<u>Source</u>:**          Fla. Std. Jury Instr. (Civ.) 501.1 (b) and 502.1 (combined)

GIVEN          _____

DENIED          _____

**<u>JOINT PROPOSED JURY INSTRUCTION NO. 32.</u>**

In determining any damages to be awarded Naibel Benavides Leon's personal representative for the benefit of Naibel Benavides Leon's parents, Lilia Marilin Leon Jimenez and Guillermo Benavides, you should consider the mental pain and suffering of each as a result of Naibel Benavides' death. There is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following:

In determining the duration of mental pain and suffering, you may consider the life expectancies of Lilia Marilin Leon Jimenez and Guillermo Benavides together with the other evidence in the case.

The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

**<u>Source</u>:**        Fla. Std. Jury Instr. (Civ.) 502.2 (f), 502.6(b).

GIVEN            _____

DENIED          _____

### JOINT PROPOSED JURY INSTRUCTION NO. 33.

In determining any damages to be awarded Dillon Angulo, you should consider any bodily injury sustained by Dillon Angulo and any resulting pain and suffering disability or physical impairment, disfigurement, mental anguish, inconvenience and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

**Source:**      Fla. Std. Jury Instr. (Civ.) 501.2 (a) – (c).

GIVEN          _____

DENIED         _____

**JOINT PROPOSED JURY INSTRUCTION NO. 34.**

If you find that the Tesla caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Dillon Angulo's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Dillon Angulo.

**Source:**      Fla. Std. Jury Instr. (Civ.) 501.5 (a)

GIVEN            _____

DENIED           _____

## JOINT PROPOSED JURY INSTRUCTION NO. 35.

If the greater weight of the evidence shows that Dillon Angulo has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Dillon Angulo may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Dillon Angulo's health, age and physical condition, before and after the injury, in determining the probable length of his life.

**Source**:         Fla. Std. Jury Instr. (Civ.) 501.6

GIVEN                _____

DENIED               _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 36.

*The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.*

**Source:** Instruction 1.1 Pattern Jury Instructions, Civil Cases, Eleventh Circuit (modified) – "lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations."

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 37.

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of George McGee. The court in entering judgment will make any appropriate reductions.

**Source**:        Fla. Std. Jury Instr. (Civ.) 501.4

GIVEN            _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 38.

There is an additional claim in this case that you must decide. If you find for Plaintiffs and against Tesla, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Tesla and as a deterrent to others.

**Source**:        Fla. Std. Jury Instr. (Civ.) 503.2(a)

GIVEN            _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 39.

Plaintiffs claim that punitive damages should be awarded against Tesla for its conduct in (describe the alleged punitive conduct).[10] Punitive damages are warranted against Tesla if you find by clear and convincing evidence that Tesla was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to Plaintiffs. Under those circumstances you may, in your discretion, award punitive damages against Tesla. If clear and convincing evidence does not show such conduct by Tesla, punitive damages are not warranted against Tesla.

"Intentional misconduct" means that Tesla had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Plaintiffs, despite that knowledge, it intentionally pursued that course of conduct, resulting in injury or damage.

"Gross negligence" means that Tesla's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from "preponderance of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "preponderance of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

**Source**:        Fla. Std. Jury Instr. (Civ.) 503.2(b)(1).

GIVEN          _____

DENIED         _____

---

[10] The parties agree that this should be addressed after the evidence has been presented.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40.

**In deciding the issue of punitive damages, you may consider any harm Tesla's conduct caused Plaintiffs.**

**You have also heard evidence of harms Tesla's conduct allegedly caused to persons other than Plaintiffs.**

**You may consider harms that Tesla's conduct caused to persons other than Plaintiffs in deciding the reprehensibility or wrongfulness of Tesla's conduct only if the harms suffered by those other persons were caused by the same or similar conduct of Tesla that harmed Plaintiffs.**

**However, you may not punish Tesla for any harms suffered by persons other than Plaintiffs.**[11]

**Source**:        Fla. Std. Jury Instr. (Civ.) 503.2(b)(5).

GIVEN        _____

DENIED        _____

---

[11] Tesla objects to this instruction, in part, for reasons set forth in its Motion in Limine related to out of state conduct. Further, as set forth in Note on Use 7, this instruction is given if requested when evidence has been introduced that the evidence caused harm to nonparties. Accordingly, Tesla reserves the right to assert further objections or request additional instructions if such evidence is introduced.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41.

**In considering whether to award punitive damages against Tesla, you may consider not only the conduct that gave rise to the incident itself but also Tesla's conduct after the incident. Evidence of concealment of offensive conduct after it initially occurred may indicate malice or evil intent and support an award of punitive damages. [12]**

**Source**:   General Motors Corp. v. McGee, 837 So.2d 1010, 1035-1036 (Fla. 4th DCA 2002)("Evidence of 'concealment of offensive conduct after it initially occurred is indicative of malice or evil intent sufficient to support punitive damages.'") (citing Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242, 256 (Fla. 1st DCA 1984), disapproved on other grounds, Chrysler Corp. v. Wolmer, 499 So.2d 823, 826 (Fla.1986); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 21–22, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); Orkin Exterminating Co. v. Jeter, 832 So.2d 25, 41–42 (Ala.2001); State v. Moorhead State Univ., 455 N.W.2d 79, 85 (Minn.Ct.App.1990)).See also, Bruso v. United Airlines, Inc., 239 F.3d 848, 858 (7th Cir.2001); see also Davis v. Rennie, 264 F.3d 86, 115 (1st Cir.2001) (where court observed that "a punitive damages award may be 'justified not only by defendants' actions on [the *1036 date in question] but also by their subsequent behavior' ") (quoting Hall v. Ochs, 817 F.2d 920, 927 (1st Cir.1987)); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 516 (9th Cir.2000); E.E.O.C. v. Wal–Mart Stores, Inc., 35 Fed. Appx. 543, 545–46, 2002 WL 1003133 (9th Cir.2002); Vasquez v. Atrium, Inc., 2002 WL 818066, at *8 (D.Ct.Ariz.2002).

GIVEN _____

DENIED _____

---

[12] Tesla will submit a separate memorandum addressing its objection to this instruction which relates to Plaintiff's motion for sanctions.

## TESLA'S PROPOSED JURY INSTRUCTION NO. 42.

*Plaintiff has no right or entitlement to punitive damages. You may in your discretion decline to award punitive damages.*

**Source**:   Fla. Standard Jury Inst. 503.2(c); *Smith v. Wade*, 461 U.S. 30, 52 (1983) (punitive damages "are never awarded as of right, no matter how egregious the defendant's conduct. 'If the plaintiff proves sufficiently serious misconduct on the defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award.'"); *St. Regis Paper Co. v. Watson*, 428 So. 2d 243, 247 (Fla. 1983) (recognizing distinct purposes for compensatory and punitive damages and noting "a plaintiff has no right to punitive damages") (emphasis in original); *Chrysler Corp. v. Wolmer*, 499 So. 2d 823, 825 (Fla. 1986) (punitive damages not intended as means by which a plaintiff can recover extra damages); *Carraway v. Revell*, 116 So. 2d 16, 20 (Fla. 1959) (punitive damages are imposed "not as compensation … but as punishment").

GIVEN _____

DENIED _____

## <u>TESLA'S PROPOSED JURY INSTRUCTION NO. 43.</u>

*If you find that the design of Tesla's Autopilot system was consistent with the state of the art at the time it was manufactured in 2019, Tesla cannot be liable for punitive damages.*

**<u>Source</u>**:      *Tesla, Inc. v. Banner,* No. 4D2023 -3034, 2025 WL 610816 (Fla. 4th DCA Feb. 26, 2025), *pet. for review pending,* No. SC2025-0672 (May 13, 2025).

GIVEN          _____

DENIED          _____

## <u>TESLA'S PROPOSED JURY INSTRUCTION NO. 44.</u>

*If you find that the design of Tesla's Autopilot system complied with all government standards, Tesla cannot be liable for punitive damages.*

**<u>Source</u>:**    *Tesla, Inc. v. Banner,* No. 4D2023 -3034, 2025 WL 610816 (Fla. 4th DCA Feb. 26, 2025), *pet. for review pending,* No. SC2025-0672 (May 13, 2025)

GIVEN    _____

DENIED    _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 45.

*Compensatory damages, although awarded to compensate plaintiffs for their injuries, also have the effect of punishing and deterring misconduct. Therefore, in determining whether and in what amount to award any punitive damages, you should consider the deterrence and punishment imposed solely by any compensatory damages you award.*

**Source**:     *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) ("Compensatory damages, however, already contain this punitive element."); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) ("Deterrence . . . operates through the mechanism of damages that are compensatory — damages grounded in determinations of plaintiffs' actual losses").

GIVEN          _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 46.

If you decide that punitive damages are warranted against Tesla, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Tesla and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should decide any disputed factual issues by a preponderance of the evidence, meaning that something is more likely true than not.

In determining the amount of punitive damages, if any, to be assessed you should consider the following:

(1)  The nature, extent and degree of misconduct and the related circumstances, including the following:

    (a) Whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known to Tesla; [13]

    a.  The financial resources of Tesla. [14]

However, you may not award an amount that would financially destroy Tesla.

You may in your discretion decline to award punitive damages.

**Source**:      Fla. Std. Jury Instr. (Civ.) 503.2(c)

GIVEN        _____

DENIED      _____

---

[13] Plaintiffs have stipulated they are not making a claim that "Tesla had a specific intent to harm Plaintiffs, and the conduct of Tesla did in fact harm Plaintiffs." *See* section 768.73 (1)(c). Accordingly, question 1 (b) from the standard instruction has been omitted.
[14] Tesla reserves the right to address specific evidence related to financial resources and to modify the instructions accordingly

## TESLA'S PROPOSED JURY INSTRUCTION NO. 47.

*Not all conduct that is subject to punishment is equally wrongful or deserving of the same punishment. In deciding what level or amount of punishment that conduct deserves, if any, you should consider how blameworthy Tesla's conduct was.*

**Source**:   *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); *BMW, N.A. v. Gore*, 517 U.S. 559, 575-78 (1996) ("the most important indicium of the reasonableness of punitive damages award is the degree of reprehensibility of the conduct").

GIVEN          _____

DENIED          _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 48.

*If you decide to award punitive damages, the amount of any award must bear a reasonable relationship or proportion to the compensatory damages you have awarded.*

**Source**:   *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U. S. 408, 425-26 (2003) ("[C]ourts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered"); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-581 (1996) ("The principle that exemplary damages must bear a 'reasonable relationship' to compensatory damages has a long pedigree. . . . Our decisions in both *Haslip* and *TXO* endorsed the proposition that a comparison between the compensatory award and the punitive award is significant."); *Langmead v. Admiral Cruises, Inc.*, 696 So. 2d 1189, 1194 (Fla. 3d DCA 1997) ("enormous disparity between the actual damages awarded . . . and the punitive damages awarded . . . has most certainly raised the 'suspicious judicial eyebrow[s]' of this Court").

GIVEN          _____

DENIED          _____

## TESLA'S PROPOSED JURY INSTRUCTION NO. 49.

*Tesla's wealth does not diminish its entitlement to all of the legal protections on which you have been instructed, and its financial resources alone do not justify a large punishment, or even any punishment. Moreover, you may not punish Tesla simply on the basis of its size. Rather, in determining the amount of punitive damages, you must focus on the nature, extent and degree of culpable misconduct, and the relationship between punitive damages and the amount of compensatory damages awarded.*

**Source**:     *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417, 427-28 (2003) "We have admonished that '[p]unitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts and the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses . . . ."; "[T]he argument that State Farm will be punished in only the rare case, coupled with reference to its assets . . . had little to do with the actual harm sustained by the Campbell. The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages ward."; courts cannot justify a punitive damages award based on defendant's "enormous wealth" because doing so is a "departure from well-established constraints on punitive damages"); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 585 (1996) ("[T]he fact that BMW is a large corporation rather than an impecunious individual does not diminish its entitlement to fair notice of the demands that the several states impose on the conduct of its business"); *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 432 (1994) ("[T]he presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences."); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) ("[T]he emphasis on the wealth of the wrongdoer increase[s] the risk that the award. may have been influenced by prejudice against large corporations"); *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 659 n. 16 (8th Cir. 1995) ("While a defendant's wealth may be taken into account in order to ensure that an award will adequately deter any future such conduct, a defendant's wealth cannot alone justify a large punitive damages award."); *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992) ("Corporate assets finance ongoing operations and are unrelated to either the injury done to the victim or the size of the award needed to cause corporate managers to obey the law.").

GIVEN          _____

DENIED          _____

## JOINT PROPOSED JURY INSTRUCTION NO. 50.

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case. Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case

**Source:**      Instruction 3.8.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 51.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience. [Explain verdict] Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your notes or questions.

**Source:**        Instruction 3.9, Pattern Jury Instructions, Civil Cases, Eleventh Circuit

GIVEN          _____

DENIED          _____