UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

        Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

        Defendant.
_____/

DILLON ANGULO,                                       Case No. 22-22607-KMM

        Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

        Defendant.
_____/

## NOTICE OF FILING JOINT VERDICT FORM

Plaintiffs, Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, deceased, and Dillon Angulo and Defendant, Tesla, Inc., d/b/a Tesla Florida, Inc. ("Tesla"), file the attached verdict form for use at trial.

In submitting this proposed verdict form, the parties do not waive their objections to specific claims or damages and reserve the right to modify this verdict form based on the evidence at trial and the Court's rulings. In particular, Tesla asserts that in a case where there are multiple claims, the jury should be asked specific questions as to the bases for liability and punitive damages. Accordingly, Tesla reserves the right to request the jury be given separate questions as

to specific defects and specific questions related to the basis for punitive damages once the evidence has been presented.

                                            Respectfully submitted,

| | |
|---|---|
| */s/ Adam T. Boumel* | s/ *Wendy F. Lumish* |
| **Adam T. Boumel, Esq.** | **WHITNEY V. CRUZ** |
| Florida Bar No. 0110727 | Florida Bar No. 800821 |
| THE ROUSSO, BOUMEL LAW FIRM, PLLC | **WENDY F. LUMISH** |
| 9350 South Dixie Highway | Florida Bar No. 334332 |
| Suite 1520 | **BOWMAN AND BROOKE LLP** |
| Miami, FL 33156 | Two Alhambra Plaza, Suite 800 |
| Tel. 305-670-6669 | Coral Gables, FL 33134 |
| adam@roussolawfirm.com | Tel. 305-995-5600 / Fax: 305-995-6100 |
| assistant@roussolawfirm.com | whitney.cruz@bowmanandbrooke.com |
| pleadings@roussolawfirm.com | wendy.lumish@bowmanandbrooke.com |
| *Attorneys for Plaintiff Dillon Angulo* | |
| | **THOMAS P. BRANIGAN** |
| | (Admitted *Pro Hac Vice*) |
| | **DREW P. BRANIGAN** |
| | (Admitted *Pro Hac Vice*) |
| | **BOWMAN AND BROOKE LLP** |
| | 101 W. Big Beaver Road, Suite 1100 |
| | Troy, MI 48084 |
| | Tel. 248-205-3300 / Fax: 248-205-3399 |
| | thomas.branigan@bowmanandbrooke.com |
| | drew.branigan@bowmanandbrooke.com |
| | |
| | **JOEL SMITH** |
| | (Admitted *Pro Hac Vice*) |
| | **BOWMAN AND BROOKE LLP** |
| | 1441 Main Street, Suite 1200 |
| | Columbia, SC 29201 |
| | Tel. 803-726-7420 / Fax: 803-726-7421 |
| | joel.smith@bowmanandbrooke.com |
| | |
| | **HILARIE BASS** |
| | Florida Bar No. 334243 |
| | **Hilarie Bass, Esquire LLC** |
| | 2821 Bayshore Drive, UPH-B Miami, FL 33133 |
| | Tel. 305-505-8777 |
| | bassh@bassinstitute.org |
| | |
| | *Attorneys for Defendant TESLA, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2025, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

        **Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

 

*s/ Wendy F. Lumish*
Wendy F. Lumish

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

       Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

       Defendant.
_____/

DILLON ANGULO,                               Case No. 22-22607-KMM

       Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

       Defendant.
_____/

## JURY VERDICT FORM

We, the jury, return the following verdict:

1.     Did Tesla place the 2019 Model S on the market with a defect which was a legal cause of damage to Naibel Benavides Leon and Dillon Angulo?[1]

                      YES _____        NO _____

*If your answer to Question 1, is No, your verdict is for Tesla and you should skip the remaining questions and sign the verdict form. If your answer is YES, proceed to Question 2.*

---

[1] It is Tesla's position that in a case like this where there are multiple claims, the jury should be asked specific questions as to the bases for liability. Until the evidence is presented, Tesla reserves the right to request that the jury be given separate questions as to specific design defects once the evidence has been presented.

2. Was there negligence on the part of George McGee, which was a legal cause of damage to Naibel Benavides Leon and Dillon Angulo?

YES _____        NO _____

*If your answer to Question 2 is YES, please answer Question 3.  If your answer to Question 2 is NO, skip Question 3 and proceed to Question 4.*

3. State the percentage of any responsibility which was a legal cause of damage to Naibel Benavides Leon and Dillon Angulo that you apportion to:

Tesla  _____ %

George McGee  _____ %
Total Must Equal 100%

## **DAMAGES**

In determining the amount of damages, do not make any reduction because of the negligence, if any, of George McGee. If you find that George McGee was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.

## **DAMAGES FOR THE DEATH OF NAIBEL BENAVIDES LEON**

4. What is the total amount of damages sustained by Lilia Marilin Leon for her pain and suffering as a result of the death of her daughter, Naibel Benavides Leon?

$_____

5. What is the total amount of damages sustained by Guillermo Benavides for his pain and suffering, as a result of the death of his daughter, Naibel Benavides Leon?

$_____

## DAMAGES FOR DILLON ANGULO

6.    What is the total amount of Dillon Angulo's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future:

    a.  Past?     $_____

    **b.**  Future?     $_____

## PUNITIVE DAMAGES

7.    If you answered YES to Question 1, state whether under the circumstances of this case, you find by clear and convincing evidence that punitive damages are warranted against Tesla.[2]

    YES _____     NO _____

*If you answered NO to Questions 7, then you should skip the remaining questions and sign and date the verdict form. If you answered YES to Question 7, please answer Question 8.*

8.    What is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against Tesla?

    $_____

*If you elect not to assess punitive damages against Tesla, you should enter a zero (0) as the amount of damages.*

*If you entered an amount of damages in Question 8, then please answer Question 9.*

---

[2] It is Tesla's position that in a case like this where there are multiple claims, the jury must determine what conduct they believe supports punitive damages. As such, like the issue on compensatory liability, Tesla reserves the right to specify the claims for which punitive damage are being sought.

9.  Do you find that the wrongful conduct of Tesla was motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, actually known by Tesla?[3]

YES _____   NO _____

SO SAY WE ALL, this _____ day of August\_\_\_, 2025.

_____
FOREPERSON

---

[3] Plaintiff has stipulated that they are not making a claim that "Tesla had a specific intent to harm Plaintiffs, and the conduct of Tesla did in fact harm Plaintiffs." *See* section 768.73 (1) (c) Fla. Stat. Accordingly, a question on this issue has been omitted from the verdict form at Plaintiffs' request.