**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*, and DILLON ANGULO,

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

**ORDER SETTING PROCEDURES FOR LIMITING PUBLIC ACCESS TO CONFIDENTIAL INFORMATION LIKELY TO BE PRESENTED AT TRIAL**

**THIS CAUSE** is before the Court upon Tesla, Inc.'s ("Tesla") Motion for an Order Setting a Procedure for Requesting Certain Limitations on Public Access to Confidential Information that is Likely to be Presented During Trial ("Motion"), ECF No. [445]. Plaintiffs did not file a Response.

Tesla asserts that a number of potential exhibits and testimony the parties plan to introduce at trial contain highly confidential information regarding Tesla's trade secrets and intellectual property. *See id.* at 8. Although Tesla "recognizes the country's long-standing tradition of an open court system and that the public has certain rights to information presented in open court[,]" it believes that the risk of public disclosure of its confidential trade secrets outweighs those significant public interests. *Id.* at 3. However, rather than completely closing the courthouse doors to the public, Tesla requests that the Court establish "a procedure whereby [Tesla], prior to such disclosures, can move the Court for certain limited and appropriate restrictions on public access to

such trade secret information." *Id.* at 1.

"[A]bsent some exceptional circumstances, trials are public proceedings" and, therefore, the "[C]ourt must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'" *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (quoting *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)). To ensure that the public's rights are adequately protected, there must be a showing of "a compelling governmental interest, [that] is narrowly tailored to that interest" before a court may deny access to the courtroom or otherwise inhibit disclosure of sensitive information. *Newman*, 696 F.2d at 802 (quoting *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982)).

Courts have recognized that disclosure of trade secrets may serve as a basis for partially closing the courthouse doors to the public under appropriate circumstances. *See e.g.*, *Woven Elecs. Corp. v. Advance Grp., Inc.*, Nos. 89–1580, 89–1588, 1991 WL 54118, at *6 (4th Cir. 1991); *Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, No. 2:05-CV-302, 2007 WL 922255, at *5 (D. Vt. Mar. 23, 2007) (citing *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983)). However, "there is no absolute privilege for trade secrets and similar confidential information." *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979); *see Crombie*, 2007 WL 922255 at *5 (explaining that "trade secret information by its nature [does not] defeat[] the public's First Amendment right of access;" it is merely a factor that the court should weigh against the public's need for disclosure). Therefore, the Court agrees with Tesla that implementing a prophylactic procedure to identify specific evidence and testimony that needs to be sealed from the public strikes an appropriate balance between the public's interest in an open courtroom and Tesla's legitimate interest in preventing the unnecessary disclosure of valuable trade secrets. *Cf.*

Case No. 21-cv-21940-BLOOM/Torres

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314, 1315 (11th Cir. 2001) (explaining that the court should balance parties' "interest in keeping the information confidential against the Press's contention that disclosure serves the public's legitimate interest"); *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. Tesla's Motion, **ECF No. [445]**, is **GRANTED**.

2. The following procedures shall be adhered to during the trial to avoid the inappropriate disclosure of certain trade secrets:

    a. No later than **6:00 P.M. on July 13, 2025**, Tesla shall notify the Court of the specific testimony and exhibits it anticipates will be introduced on the **first day of trial** that contain trade secrets that should not be disclosed to the public. Tesla shall also explain how disclosure of the specific evidence or testimony would be harmful.[1] The Court will determine whether the identified evidence warrants temporary closure of the courtroom before the start of Plaintiffs' case-in-chief. If the Court deems any evidence or testimony should not be presented to the public, the Court and the parties will adhere to the following procedure.

        i. The parties shall identify and inform the Court of any individuals they

---

[1] "While the Court acknowledges [Tesla's] legitimate concerns, it is unprepared to conclude that any presentation of the trade secrets and [vehicle] designs at issue in this case will necessarily cause a risk of irreparable, improper dissemination sufficient to warrant closure of the courtroom. [ ] The likelihood of that risk will depend on several factors, including the nature of the information discussed, the level of specificity at which the information is discussed, the persons in attendance, etc." *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, No. 17-CV-6788-FPG, 2023 WL 3558214, at *11 (W.D.N.Y. May 19, 2023) (internal citations and quotations omitted).

      agree should not be excluded from the courtroom during the closed portions of the proceedings.

    ii. The parties shall reserve the presentation of any trade secret information or testimony until the end of a witness's examination. Prior to the presentation of the trade secret information, the Court will take a brief recess so that the public can be asked to leave the courtroom outside the presence of the jury. The Court will then bring the jury back into the courtroom to hear the trade secret testimony. During that time, the Court will provide an opportunity for direct examination, cross-examination, and redirect examination on the limited trade secret issues relevant to the witness's testimony. Once the parties have finished presenting the trade secret information involving the witness, the public will be permitted to return to the courtroom.

b. For the remaining days of the trial, Tesla shall identify any trade secret information and make its request for temporary closures of the courtroom the afternoon before the anticipated evidence or testimony is expected to be introduced. At that time, the parties shall also inform the Court of any individuals they agree should not be excluded from the courtroom during the next day's closed proceedings.

c. To ensure that Tesla is able to provide sufficient justification for any potential courtroom closures, any filings regarding a request to close the courtroom may be filed under seal. Additionally, all proceedings regarding a request to close the courtroom shall be closed to the public.

    d.  At the close of trial, the Court will confer with the parties to reexamine whether any sealed portions of the transcript and any sealed filings may be placed on the public record.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record