UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal Representative
of the Estate of Naibel Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                     Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA's MOTION TO QUASH TRIAL SUBPOENA SERVED ON MICHAEL CALAFELL AND MEMORANDUM OF LAW**

Defendant, Tesla, Inc., through its undersigned Counsel and pursuant to Federal Rule of Civil Procedure 45, moves to quash the trial subpoena served on Michael Calafell.

As set forth in Tesla's Memorandum in support of various objections to Plaintiffs' exhibits, (ECF No. 444), all evidence concerning Plaintiffs' Motion For Sanctions is irrelevant to any issue to be presented to the jury, and its introduction would only serve to unfairly prejudice Tesla. Plaintiffs subpoenaed Mr. Calafell for trial, and his sole connection to this case is that he was the Tesla Service Technician involved in downloading data from the Model S after the crash, at the request of law enforcement. Beyond the accusations made in the sanctions motion, there is no reason to call Mr. Calafell to trial as he has nothing probative of any issue in dispute, and this appears to be nothing more than an apparent and misguided attempt to re-litigate those issues. Because clear law precludes the introduction of evidence of discovery disputes, and especially so here because the Court found that Tesla had no intent to avoid discovery, and that there was no

1

bad faith on Tesla's part related to the discovery, the subpoena should be quashed as it is unduly burdensome because it seeks to compel the appearance of a witness who will provide only irrelevant testimony.

In support, Tesla submits the following:

1. Trial in this case is set to commence on July 14, 2025.

2. Plaintiffs served a trial subpoena on Michael Calafell who is a Field Technical Specialist employed by Tesla. (*See* Subpoena, attached at Exh. A).

3. In late May or early June 2019, through Tesla's Legal Staff and his supervisor at the time, Calafell was tasked with meeting with Corporal David Riso of the Florida Highway Patrol to retrieve data from the Model S. This is Mr. Calafell's only involvement with this litigation.

4. In response to Plaintiffs' Motion For Sanctions, Mr. Calafell provided a Declaration in which he explained his recollection of the process involved in completing this task. Mr. Calafell was also deposed concerning his role in the data retrieval which was a central issue in Plaintiffs' Motion for Sanctions.[1] But it is not relevant to any issue raised by Plaintiffs' product defect and failure to warn claims to be tried to the jury.

5. After reviewing the evidence and arguments submitted by the parties on the Motion for Sanctions, the Court found there was "insufficient evidence to conclude Tesla's conduct was intended to avoid the production of evidence or otherwise undermine the discovery process." (ECF 405 at 12). The Court further found that Tesla's conduct did not cause significant prejudice to

---

[1] As the Court may recall, Tesla recanted Mr. Calafell's testimony after discovering evidence inconsistent with his stated recollection of events, i.e., his recollection was that he did not access the Autopilot ECU during Cpl. Riso's inspection, but data showed that someone did transmit data from that ECU on the same day and at the same approximate time. In light of that data, Tesla did not rely on and expressly recanted the testimony as relates to its defending against the Motion For Sanctions.

Plaintiffs' case since Plaintiffs received all the information months before trial. (*Id.* at 13). Ultimately, the Court concluded that Plaintiffs "have failed to establish bad faith" with respect to Tesla's conduct during discovery. (*Id.* at 14).

6. As set forth in Tesla's Memorandum In Support Of Admissibility Of Body Camera Footage And In Support Of Various Objections To Plaintiffs' Exhibits (ECF No. 444) incorporated herein by reference, all evidence and exhibits related to Plaintiffs' Motion for Sanctions should be excluded based on the extensive caselaw precluding evidence of discovery disputes. This is especially true because this Court has already found that ***Tesla did not act in bad faith***, and Plaintiffs were not prejudiced because they now have the sought-after information.

7. By calling Mr. Calafell as a witness at trial, Plaintiffs clearly intend to impermissibly re-litigate the issue of Tesla's discovery conduct in front of the jury. In short, Plaintiffs disagree with this Court's ruling on their Motion and they want it re-decided by the jury. They have gone so far as to include jury instructions for the Court to read to the jury alluding to this same issue as though it may form the basis to a punitive damages award.

8. Because Mr. Calafell's stated recollection and personal knowledge of the facts and circumstances of this litigation only relates to the subject matter of the Motion For Sanctions—entirely irrelevant to any issues to be tried—this subpoena seeks irrelevant evidence, is intended to harass Tesla and the witness, is unduly burdensome and should be quashed.

## **CERTIFICATE OF GOOD FAITH COMPLIANCE**

Pursuant to Local Rule 7.1(a)(3), counsel for Tesla has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Respectfully submitted,

*/s/ Whitney V. Cruz*
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**WENDY F. LUMISH**
Florida Bar No. 334332
**Bowman and Brooke LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com
wendy.lumish@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
*(Admitted Pro Hac Vice)*
**DREW P. BRANIGAN**
*(Admitted Pro Hac Vice)*
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**JOEL SMITH**
*(Admitted Pro Hac Vice)*
**BOWMAN AND BROOKE LLP**
1441 Main Street, Suite 1200
Columbia, SC 2920
Tel. 803-726-7420 / Fax: 803.726.7421
Joel.Smith@bowmanandbrooke.com

**HILARIE BASS**
Florida Bar No. 334243
**HILARIE BASS, ESQUIRE LLC**
2821 Bayshore Drive, UPH-B
Miami, FL 33133
Tel. 305-505-8777
bassh@bassinstitute.org

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
haiyang@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

*s/ Whitney V. Cruz*
**Whitney V. Cruz**