UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,

    Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**DEFENDANT TESLA, INC.'S SUPPLEMENTAL OBJECTIONS
TO "MUSK STATEMENTS" IN PLAINTIFFS' EXHIBIT 43**

Defendant, Tesla Inc. ("Tesla"), through its undersigned counsel, hereby objects to the excerpts of a video recording of a podcast interview with Elon Musk that Plaintiffs intend to play at trial. Tesla states as follows:

**I.    INTRODUCTION**

Plaintiffs' Exhibit 43 is an approximately three-minute-long video excerpt of an interview with Elon Musk that was released as an episode of *The Lex Friedman Podcast*, dated April 12, 2019, that is approximately 33 minutes long. Plaintiffs provided Tesla with only this excerpt and, in meet and confer discussions, informed counsel on July 11, 2025, that they did not have a

transcript of the interview. However, Tesla was able to locate audio and video recordings of the complete interview from publicly available sources, which it then had transcribed by certified court reporter. A complete copy of the interview is attached hereto as Exhibit A. The excerpt Plaintiffs intend to offer can be found at 23:19-26:14, which has been highlighted in yellow on Exhibit A.

Plaintiffs' offered excerpt contains statements from Mr. Musk that clearly are "forward-looking or aspirational or [that] only appl[y] to fully self-driving vehicles[.]" (*See* ECF No. 433, at 34). Tesla, therefore, moves the Court to exclude this evidence under Rule 403 because it is misleading and unfairly prejudicial. Alternatively, should the Court not exclude the excerpts in their entirety, Rule 106 requires the jury be provided the additional context for these statements that Tesla has identified herein.

## II.      ARGUMENT

### A.      FRE 403 Requires The Exclusion of the Offered Excerpt

While Tesla does not concede that the proposed excerpt is relevant for any purpose in this case, Rule 403 excludes even relevant evidence if its probative value is substantially outweighed by the dangers of, among other things, unfair prejudice, confusion and misleading the jury. Fed. R. Evid. 403.

Plaintiffs' offered excerpt of the podcast interview with Mr. Musk concerns a discussion regarding driver engagement when using Autopilot, generally, and, specifically, whether camera-based driver monitoring could be beneficial in that regard. Exhibit A at 23:19-26:14.[1] Mr. Musk's statements in this discussion are exclusively aspirational and forward-looking. He answers the

---

[1] As noted, the excerpt Plaintiff intends to offer, which they have identified as Exhibit 43 on their exhibit list, has been highlighted in yellow in Exhibit A. The red-highlighted portions of Exhibit A are those Tesla contends should be played to the jury, pursuant to Rule 106, if the Court determines that Plaintiffs' Exhibit 43 should not be excluded.

interviewer's questions by explaining that Tesla's goal and expectation is that it will, in the future, develop its technology to a point where the automated-driving systems will be safer without human-input than with it so, when that day comes, questions related to how best to monitor driver engagement will become moot:

> <u>Friedman (Interviewer)</u>: [O]ne of the criticism is that, you know, there's a small minority of drivers that may be highly responsible where their vigilance decrement would increase with Autopilot use.
>
> <u>Musk</u>: I think that is all really going to be swept—I mean, the system's improving so much so fast that this is going to be a moot point very soon where vigilance is—like, if something's many times safer than a person, then adding a person does—the effect on safety is limited. And, in fact, it could be negative.
>
> <u>Friedman</u>: That's really interesting. So the—so that fact that a human may—some percent of the population may exhibit a vigilance decrement will not affect the overall statistics numbers of safety?
>
> <u>Musk</u>: No. In fact, I think it will become very, very quickly—maybe even towards the end of this year, but I'd say I'd be shocked if it's not next year at the latest—that having the person—having a human intervene will decrease safety. Decrease. It's—like, imagine if you're in an elevator. And it used to be that the elevator operators, and you couldn't go in an elevator by yourself and work the lever to move between floors. And now nobody wants an elevator operator because the automated elevator that stops at the floors is much safer than the elevator operator. And, in fact, it would be quite dangerous to have someone with a lever that can move the elevator between floors.

Exhibit A at 23:19-25:6.

Clearly, Mr. Musk's statements are forward-looking and aspirational. Instead, they concern Tesla's goal of one day developing a system that can be statistically shown to be safer without the input of a driver than with a driver's input. Moreover, they do not contain any description of current functionality. As such, these statements are misleading, confusing, and unfairly prejudicial. Therefore, Plaintiffs' offered excerpts of this interview should be excluded in their entirety.

**B.  To The Extent This Excerpt Is Admitted, FRE 106 Requires It Be Presented With The Additional Context Identified By Tesla**

To the extent Plaintiffs' excerpt of this interview is allowed, Tesla requests under Rule of Evidence 106 that the additional excerpts from the interview that have been highlighted in red on Exhibit A also be played to the jury.

Known as the "rule of completeness," Rule 106 provides: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Rooted in common law, the rule was designed to prevent the prejudice that results when distorted, incomplete statements are presented as evidence. *See, e.g., Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 171-72, 109 S. Ct. 439, 451, 102 L. Ed. 2d 445 (1988).

Although this additional context will not fully remedy the misleading nature of the excerpts Plaintiffs have offered, the red-highlighted portions do provide necessary for those excerpts that "in fairness ought to be considered at the same time."

Respectfully submitted,

/s/ *Wendy F. Lumish*
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**WENDY F. LUMISH**
Florida Bar No. 334332
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com
wendy.lumish@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**

101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**JOEL SMITH**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel. 803-726-7420 / Fax: 803-726-7421
joel.smith@bowmanandbrooke.com

**HILARIE BASS**
Florida Bar No. 334243
**HILARIE BASS, ESQUIRE LLC**
2821 Bayshore Drive, UPH-B Miami, FL 33133
Tel. 305-505-8777
bassh@bassinstitute.org

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 13, 2025, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
assistant@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

/s/  *Wendy F. Lumish*
**WENDY F. LUMISH**