## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NEIMA BENAVIDES, as Personal Representative of the Estate of Naibel Benavides Leon, deceased, | Case No. 21-cv-21940-BLOOM/Torres |
| Plaintiff, | |
| v. | |
| TESLA, INC., a/k/a Tesla Florida, Inc., | |
| Defendant. | |
| DILLON ANGULO, | Case No. 22-22607-KMM |
| Plaintiff, | |
| v. | |
| TESLA, INC. a/k/a Tesla Florida, Inc., | |
| Defendant. | |

### PLAINTIFFS' MOTION IN LIMINE REGARDING BRIAN MCGEE

Plaintiffs Neima Benavides and Dillon Angulo file this Motion in Limine regarding the testimony of Brian McGee, and in support thereof state as follows:

During Opening statement, Telsa indicated that it intends to offer testimony of Brain McGee as to whether he had paid attention to any of Elon Musk's statements. Specifically, Tesla's Counsel stated as follows:

> Because Mr. McGee testified, and will testify here, he never paid any attention to anything  Elon Musk said. He never looked at any videos online. He said, in fact, when one of their lawyers asked him in his deposition -- he said .. he was asked:
>
> So did what Elon Musk say have anything to do with your purchase of the vehicle?
>
> A.      No.

Did what Elon Musk say have anything to do with your use of the vehicle?

A.     No.

(T.211)

Today, during cross-examination of Dr. Singer, Tesla's counsel was allowed to ask, over Plaintiffs' objection, whether McGee had reviewed or relied on the vehicle safety report.

Plaintiff seeks to preclude Tesla from making further argument or eliciting testimony on this topic during trial because it is not probative of any element of any claim or defense in this case. And it is highly prejudicial because Tesla is attempting to use this testimony to suggest that the jury can disregard the things that Elon Musk or Tesla has said to consumers regarding the safety of the autopilot system.   McGee's lack of reliance on Musk's statements or the vehicle safety report does not provide a basis for the jury to do so, and further reference to it should be precluded as a result.

Plaintiffs did seek to bring a negligent misrepresentation claim as part of their case.  What McGee saw (or didn't see) and relied upon was certainly relevant to that claim. But Tesla moved for, and the Court granted, summary judgment on the claim, holding that Florida law did not allow plaintiffs to bring a claim based on injuries resulting from reliance on a misrepresentation made to third party.  Once judgement was entered on that claim, what McGee relied on or didn't rely on became irrelevant to any of the remaining issues in this case.

Plaintiff's claim for product defect is based, in part, on the consumer expectation test.  As the Court wrote in DE 428:

> Under the consumer-expectation test, a product is defective if "the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer." *Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307, 1338-39 (M.D. Fla. 2015);  RESTATEMENT (SECOND) OF TORTS § 402A; *see also Aubin*, 177 So. 3d at 504 ("[U]nder the consumer-expectation theory[,] a product is defectively designed if the plaintiff is

able to demonstrate that the product did not perform as safely as an ordinary consumer would expect when used in the intended or reasonably foreseeable manner.")

(DE 428 at 70)

"[A] manufacturer plays a pivotal role in crafting the image of a product and establishing the consumers' expectations for that product, a portrayal which in turn motivates consumers to purchase that particular product." *Aubin v. Union Carbide Corp.,* 177 So. 3d 489, 511 (Fla. 2015) "The consumer expectations test thus rightly focuses on the expectations that a manufacturer creates." *Id.* In denying Tesla's motion for summary judgment on the product defect claim, this Court held: "Given Tesla's numerous representations about the capabilities of the Autopilot system, there is at least a genuine dispute as to whether it would be obvious to the average consumer not to trust Tesla's Autopilot system to largely drive itself and avoid collisions." (DE 428 at 80)

The Consumer expectation test is "based on an objective standard and not the viewpoint of any particular consumer." *Liggett Group, Inc. v. Davis*, 973 So. 2d 467, 475 (Fla. 4th DCA 2007), citing to *Jennings v. BIC Corp.,* 181 F.3d 1250, 1255 (11th Cir. 1999). The jury can consider statements made by Elon Musk and Tesla in determining how an ordinary consumer would expect the autopilot to perform. McGee's awareness of those statements is irrelevant to that determination. *See Cook v. MillerCoors, LLC*, 829 F. Supp. 2d 1208, 1216 (M.D. Fla. 2011) (Plaintiff's subjective lack of awareness about the effects of an alcoholic beverage cannot support a product defect claim, because the effects are well known to an ordinary consumer, citing to *Jennings* at 1255.)

The reason Tesla is introducing this evidence is to confuse the jury. The argument, whether it is explicitly made or implied, is that the jury should not consider the statements of Tesla and Elon Musk in evaluating consumer expectations because McGee never saw them. The jury cannot

do so. Tesla should not be allowed to confuse the jury by conflating McGee's consumer experience with that of the ordinary consumer.

WHEREFORE, Plaintiffs respectfully request the Court preclude Tesla from making further argument or eliciting the testimony detailed above.

Date: <u>July 15, 2025</u>                    Respectfully submitted,


By: *<u>/s/  Douglas F. Eaton</u>*
       DOUGLAS F. EATON
       FBN: 129577
       **EATON & WOLK, PL**
       *Co-counsel for Plaintiff*
       2665 S. Bayshore Drive, Suite 609
       Miami, Florida 33133
       Telephone: 305-249-1640
       Email: deaton@eatonwolk.com
                cgarcia@eatonwolk.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of February 2025, I electronically filed the

foregoing document with the Clerk of Court using CM/ECF.

By: */s/  Douglas F. Eaton*
     DOUGLAS F. EATON
     FBN: 129577
     **EATON & WOLK, PL**
     *Co-counsel for Plaintiff*
     2665 S. Bayshore Drive, Suite 609
     Miami, Florida 33133
     Telephone: 305-249-1640
     Email: deaton@eatonwolk.com
           cgarcia@eatonwolk.com