UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal Representative
of the Estate of Naibel Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                                              Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**TESLA, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF RULING ON NTSB REPORT AND RECOMMENDATION (ECF 469) AND NOTICE OF FILING (ECF 478)**

Tesla, Inc. ("Tesla") files its response to Plaintiffs' motion for Reconsideration of ruling on NTSB report and recommendation (ECF 469), and Notice of Filing (ECF 478), and states as follows:

**I.   CONSISTENT WITH ESTABLISHED LAW, THE COURT CORRECTLY EXCLUDED EVIDENCE CONCERNING THE NTSB REPORTS AND RECOMMENDATIONS**

Tesla continues to agree with the Court that its Order (ECF 466) was clear, correct and appropriate, and should remain the Order of the Court. Tesla had sought clarification of the Order after Plaintiffs immediately—in Tesla's view—violated that Order in their Opening by repeatedly making accusations about the recommendations, and Tesla's election *not* to provide a voluntary response to or adopt the NTSB's recommendations arising from its investigation of the 2016 crash

1

in Williston, FL.  During Cpl. David Riso (Ret.)'s re-direct testimony, the Court sustained Tesla's objection to Plaintiffs' further attempts to inappropriately infuse this issue into the proceedings.

Although the Court has repeatedly reaffirmed its initial Order, and the parties agree that the Order is correct on the law, Plaintiffs seek to "back door" in documents and testimony that are clearly inadmissible and should not further poison this jury and the integrity of this trial.

Plaintiffs' Motion for Reconsideration cites precedent that is not on point, and not even persuasive. Moreover, fundamentally, the principle underlying the statute, 49 U.S.C. § 1154(b), is that the NTSB's findings, opinions, and recommendations should not be subjected to debate in litigation and judgment by civil juries.  This is consistent with the regulations preventing Board members from testifying about those findings, opinions and recommendations; regulations which "reflect Congress' strong desire to keep the Board free of the entanglement of such suits...and serve to ensure that the Board does not exert an undue influence on litigation."  49 C.F.R. § 835.3(a) (internal quotations omitted).  *See* Tesla's Motion *in Limine* (ECF 320 at 15). Moreover, this limitation on testimony – much like the limitation on admissibility of the NTSB's work product – allows Board members to "only testify as to the factual information they obtained during the course of an investigation" but not "matters beyond the scope of investigation" or "any expert or opinion testimony."

Plaintiffs presented their position to the Court at sidebar during Cpl. Riso's testimony and the Court came to the right decision (again): ***only*** factual findings were admissible, and Plaintiffs are precluded from using the reports and recommendations. Plaintiffs persist, asking the Court to reconsider its ruling on the grounds that, while the statute does apply to reports and recommendations, it does not apply if the report and recommendations relate to an accident this

plaintiff was not involved in. They are wrong. There is no basis for this Court to reconsider its ruling.

In *Chiron Corp. & PerSeptive Biosystems, Inc. v. Nat'l Transp. Safety Bd.*, 198 F.3d 935, 940 (D.C. Cir. 1999), the court clearly interpreted section 49 U.S.C. § 1154(b), stating, "the simple truth here is that NTSB investigatory procedures are not designed to facilitate litigation, and Congress has made it clear that the Board and its reports ***should not be used to the advantage or disadvantage of any party in a civil lawsuit***." (emphasis added).

The court continued, the "***congressional mandate could not be clearer,***" *id*. at 940, (emphasis added), concluding unequivocally:

> admitting Board reports into civil litigation can have the unsavory affect of embroiling NTSB in the interests of civil litigants. Thus, **the statute means what it says: No part of the Board's actual report is admissible as evidence in a civil suit**.

*Id.* at 941 (emphasis added). Notably, the court did not limit its language to the report from a particular lawsuit. And indeed, the interpretation Plaintiffs seeks would be contrary to the intent of this statute as expressed in *Chiron*.

In *United States Aviation Underwriters Inc*., *v. Aerospatiale, Societe Nationale Industrielle, S.A.*, 2005 WL 8161454 (D. Ariz. 2005), the plaintiffs' expert sought to support his defect opinions ***with a collection of other accident briefs issued by the NTSB***. Citing section 49 U.S.C. § 1154(b), the court concluded that the opinions were inadmissible and therefore, the expert was precluded from offering an opinion based on the NTSB determinations or conclusions. *See also Jack v. Trans World Airlines, Inc.,* 854 F. Supp. 654, 661 (N.D. Cal. 1994) ("The report by the National Transportation Safety Board regarding a different incident on a different airline at a different airport is inadmissible.") (citing 49 U.S.C.App. § 1441(e)[predecessor to section 49 U.S.C. § 1154(b)].

These authorities make clear that the Court's ruling was correct..

## II. PLAINTIFFS' CASES ARE NOT ON POINT

When pressed by the Court for authority in support of its motion for reconsideration, Plaintiffs rely on *Kastner v. Beech Aircraft Corp.*, 650 S.W.2d 312 (Mo. Ct. App. 1983), even though they recognize that it does not address the specific question here. Quite clearly, and contrary to the cases cited above, Plaintiffs seek to expand *Kastner* — far beyond its text. It does not support their request for reconsideration.

In *Kastner*, the plaintiff claimed that a Beech aircraft was defective because the manufacturer failed to warn of the danger of a plane going into a tailspin. Beech argued that the court erred in receiving into evidence reports of accidents compiled by the National Transportation Safety Board (NTSB). The court found that because the exhibits did not contain any reference to a probable cause of the subject accident or any other accident, Beech's reliance on the exclusionary provisions of 49 U.S.C.A. § 1441(e) (now 49 U.S.C. § 1154(e)) was "without substance." *Id.* at 318. In other words, it stands for the undisputed point that factual findings are admissible. Here, the Court has correctly concluded that

In fact, there is no argument in *Kastner* about the issue Plaintiffs argue here —whether the statutory bar on admission of NTSB reports covers NTSB reports of *other* accidents. Therefore, *Kastner* is not persuasive on this issue. Moreover, here, unlike in *Kastner*, the NTSB reports and recommendations cannot be divorced from the probable cause findings in the underlying accidents, and are therefore suggestive of NTSB's findings.

The second case cited by Plaintiffs in their recent Notice of Filing is the unpublished case of *Olympic Air, Inc. v. Helicopter Technology Co.*, 2022 WL 823545 (W.D. Wash. Mar. 18, 2022), arising from a helicopter crash. At best, *Olympic Air* parrots the language of 49 U.S.C. § 1154(b), not analyze it. There, the court held that the plain language of the regulation precluded admission

4

of the NTSB report from the accident that was subject to that litigation. 2022 WL 823545, at *2. The *Olympic Air* court said nothing of the admissibility of NTSB reports of other accidents in unrelated litigation. In fact, the *Olympic Air* court cites in reliance a passage from *Chiron*, in which the D.C. Circuit states: "No part of the Board's actual report is admissible as evidence in a civil suit." *Id.* (citing *Chiron*, 198 F.3d at 941).

## CONCLUSION

"**The statute means what it says.**" Because the language and intent of section 49 U.S.C. § 1154(b) is clear, and Plaintiffs have failed to present contrary authority, Tesla submits that Plaintiffs' Motion for Reconsideration should be denied.

Respectfully submitted,

*s/ Wendy F. Lumish*
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**WENDY F. LUMISH**
Florida Bar No. 334332
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com
wendy.lumish@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**JOEL SMITH**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**

    1441 Main Street, Suite 1200
    Columbia, SC 29201
    Tel. 803-726-7420 / Fax: 803-726-7421
    joel.smith@bowmanandbrooke.com

    **HILARIE BASS**
    Florida Bar No. 334243
    **HILARIE BASS, ESQUIRE LLC**
    2821 Bayshore Drive, UPH-B
    Miami, FL 33133
    Tel. 305-505-8777
    bassh@bassinstitute.org

    *Attorneys for Defendant TESLA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 16, 2025, the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of the same to all interested parties.

| | |
|---|---|
| **Adam T. Boumel, Esq.**<br>Florida Bar No. 0110727<br>THE ROUSSO, BOUMEL LAW FIRM, PLLC<br>9350 South Dixie Highway<br>Suite 1520<br>Miami, FL 33156<br>Tel. 305-670-6669<br>adam@roussolawfirm.com<br>assistant@roussolawfirm.com<br>pleadings@roussolawfirm.com<br><br>*Attorneys for Plaintiff Dillon Angulo* | **Todd Poses, Esq.**<br>Florida Bar No. 0075922<br>POSES & POSES, P.A.<br>Alfred I. Dupont Building<br>169 East Flagler Street, Suite 1600<br>Miami, FL 33131<br>Tel. 305-577-0200<br>Fax: 305-371-3550<br>tposes@posesandposes.com<br>maria@posesandposes.com<br><br>*Attorneys for Plaintiff Neima Benavides* |
| **Brett Schreiber, Esq.**<br>Admitted *Pro Hac Vice*<br>**Satyarinivas "Srinivas" Hanumadass, Esq.**<br>Admitted *Pro Hac Vice*<br>**Carmela Birnbaum, Esq.**<br>Admitted *Pro Hac Vice*<br>SINGLETON SCHRIEBER<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108<br>bschreiber@singletonschreiber.com<br>vas@singletonschreiber.com<br>cbirnbaum@singletonschreiber.com<br>jjusto@singletonschreiber.com<br>eelms@singletonschreiber.com<br>service@singletonschreiber.com<br><br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | **Douglas F. Eaton, Esq.**<br>Florida Bar No. 0129577<br>EATON & WOLK PL<br>2665 South Bayshore Drive, Suite 609<br>Miami, FL 33133<br>Tel. 305-249-1640<br>Fax: 786-350-3079<br>deaton@eatonwolk.com<br>cgarcia@eatonwolk.com<br>lhuete@eatonwolk.com<br><br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* |

*s/ Wendy F. Lumish*
Wendy F. Lumish