**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                           Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF MOTION**
**FOR RELIEF IN RESPONSE TO PLAINTIFFS' REPEATED VIOLATIONS**
**OF THE COURT'S *IN LIMINE* ORDERS**

Tesla submits this limited reply brief to address one of the arguments Plaintiffs made in response to Tesla's motion. Specifically, Plaintiffs' argue the document they offered, and related testimony, concerning Tesla' recall should not be considered a violation of the Court's order excluding the recall as a subsequent remedial measure because (a) the document that initiated the recall was not itself shown to the jury or admitted into evidence, and (b) the recall should not be considered a subsequent remedial measure. (*See* ECF No. 508 at pp. 6-9). To be clear, Tesla does not concede Plaintiffs' other arguments are meritorious or otherwise provide a reason to deny

Tesla's requested relief. However, Tesla's motion anticipated and addressed these other arguments.

To start, Plaintiffs' response should first and foremost be recognized as a thinly-veiled motion for the Court to reconsider its exclusion of the recall as a subsequent remedial measure. Plaintiffs assert the recall should not be so-considered because "Tesla's issuance of the Part 537 was not done 'out of a sense of social responsibility,' but rather to fulfill its statutory obligations." (*Id.* at p. 8). This is clearly an argument against Tesla's initial motion *in limine* concerning the recall, rather than an argument against the relief Tesla has requested for Plaintiffs' violation of the Court's order that granted that motion. As such, it is an improper motion to reconsider the Court's prior order excluding the recall. *See United States v. Mathias*, No. 23-14211, 2025 WL 1923237, at *4 (11th Cir. 2025) ("Rule 59(e) reconsideration motions cannot be used to re-litigate old matters, raise argument, or present evidence that could have been raised previously. The only grounds for granting a rule 59 motion are newly discovered evidence or manifest errors of law or fact."); *see also Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F.Supp. 1072, 1072-73 (M.D. Fla. 1993) ("When issues have been carefully considered and decisions rendered, the only reason which should commend reconsiderations of that decision is a change in the factual or legal underpinning upon which the decision was based.").

The argument is improper and should, therefore, be disregarded because Plaintiffs could have raised this argument in response to Tesla's original motion *in limine*. But they did not, and, in fact, their response to that motion expressly acknowledged Tesla's recall *is* a subsequent remedial measure. In their words, which were the very first of their response to Tesla's motion *in limine* on the recall: "**While Tesla's recall can be considered a subsequent remedial measure**, it

2

is nevertheless admissible under the feasibility exemption to Rule 407."[1]  (ECF No. 348 at p. 7 (emphasis added)).  Clearly, Plaintiffs' new argument, which directly contradicts their prior argument, is an improper use of a motion to reconsider.

Moreover, Plaintiffs' argument lacks merit and would have provided no basis for denying Tesla's motion *in limine* concerning the recall, even if it had been presented when the Court was considering that motion.  The first case they cite, concerned a scenario where the party asserting that evidence of a subsequent remedial measure had been improperly admitted had, in fact, submitted a report into evidence that redacted information concerning the subsequent remedial measure.  *See Underwriters at Lloyd's London v. OSCA, Inc.*, No. 03-20398, 2006 WL 941794, at *4-5.  Thus, the facts in that case are highly distinguishable from those here, where *Plaintiffs*, not Tesla, offered a NHTSA document, and elicited related witness testimony, that failed to redact information that had been excluded as a subsequent remedial measure.  Thus, the Court should not be misled by Plaintiffs' arguments, which contradict those they previously made and, in any event, rely upon inapplicable case law.

The remainder of Plaintiffs' argument on this point, which immediately precedes the points discussed above, are likewise inapposite.  In short, Plaintiffs argue that because the portions of the NHTSA ODI Closing resume that mentioned the recall were admitted into evidence, and the related testimony did not mention the word "recall," they did not violate the Court's exclusion of the recall.  (*See* ECF No. at pp. 6-8).  This is semantics.  As shown in Tesla's motion, the DIR *is*

---

[1] As the Court will recall, the parties entered into a stipulation that has now been read to the jury concerning the feasibility of the countermeasures Tesla provided in association with the recall.

3

*the recall*, which is to say that the evidence and testimony Plaintiffs have introduced violated the order excluding recall.[2]

The circular reasoning Plaintiffs deploy here underscores their ongoing strategy, from the very start of this trial, to undermine and circumvent this Court's Order on the motions *in limine*. After the Court correctly found that Tesla's stipulating to feasibility precluded introduction of the recall, Plaintiffs sought to make an end-run around the Order by claiming the DIR is not the recall, when, according to NHTSA's own publications, that is exactly what the DIR is. Now that the jury has heard the feasibility stipulation, which Tesla agreed to *solely* to ensure the recall is not allowed into evidence, Plaintiffs ask the Court to allow in the recall, and retroactively bless their violation of the Court's order, on the grounds that the recall is not actually a subsequent remedial measure.

Because the jury has now heard the stipulation, which discussed the Autopilot improvements provided in association with the recall, Tesla intends to demonstrate those improvements would have had no effect on this crash. This is a defense, and Plaintiffs would not be in the position to even attempt to argue that Tesla should not be permitted to make it if they had not violated the order excluding the recall.

Plaintiffs opportunistic argument that the recall is not a subsequent remedial measure, and should therefore be admissible, because Tesla argues that the countermeasures it involved are irrelevant to the subject crash is the epitome of gamesmanship. Plaintiffs previously admitted to the Court that the recall is a subsequent remedial measure. They should not be permitted to now

---

[2] Plaintiffs' focus on the word "report" is the clearest example of their semantic game of "gotcha." Because DIR is an acronym for "Defect Information Report," they discuss cases that involved internal investigatory "reports" that were prepared by defendants that later asserted those "reports" were subsequent remedial measures. *See Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron, a Div. of Textron, Inc.*, 805 F.2d 907, 918 (10th Cir. 1986) and *Westmoreland v. CBS, Inc.*, 601 F.Supp. 66, 67 (S.D.N.Y. 1984). The word "report" cannot bear such weight. The DIR in this case is the recall, which is precisely what the Court excluded.

argue otherwise in hopes of convincing the Court that Tesla should not be permitted to defend itself by contextualizing and responding to the stipulation that was read to the jury because Tesla, and the Court, also recognize that the recall is a subsequent remedial measure.

In closing, it bears repeating that Tesla did not create this situation. Plaintiffs violated the Court's exclusion of the recall, just as they violated the Court's other evidentiary rulings, as described in Tesla's motion. This was improper and unfairly prejudicial when it happened, and it continues to be improper and unfairly prejudicial. All Tesla can presently do is attempt to alleviate the unfair prejudice caused by Plaintiffs' disregard for the Court's rulings. That is what generated Tesla's need to request relief and why Tesla respectfully requests the Court grant the requested relief.

Respectfully submitted,

/s/ Wendy F. Lumish
**WHITNEY V. CRUZ**
Florida Bar No. 800821
**WENDY F. LUMISH**
Florida Bar No. 334332
**BOWMAN AND BROOKE LLP**
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel. 305-995-5600 / Fax: 305-995-6100
whitney.cruz@bowmanandbrooke.com
wendy.lumish@bowmanandbrooke.com

**THOMAS P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**DREW P. BRANIGAN**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
Tel. 248-205-3300 / Fax: 248-205-3399
thomas.branigan@bowmanandbrooke.com
drew.branigan@bowmanandbrooke.com

**JOEL SMITH**
(Admitted *Pro Hac Vice*)
**BOWMAN AND BROOKE LLP**
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel. 803-726-7420 / Fax: 803-726-7421
joel.smith@bowmanandbrooke.com

**HILARIE BASS**
Florida Bar No. 334243
**HILARIE BASS, ESQUIRE LLC**
2821 Bayshore Drive, UPH-B Miami, FL 33133
Tel. 305-505-8777
bassh@bassinstitute.org

*Attorneys for Defendant TESLA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
haiyang@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel. 305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

*s/ Wendy F. Lumish*
**WENDY F. LUMISH**