## PROPOSED INSTRUCTION 17

Plaintiffs have submitted an Alternative Instruction 17, which includes the following underlined language:

> A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design outweighs the benefits. <u>The Consumer expectation test is based on an objective standard and not the viewpoint of any particular consumer</u>

Tesla objects to the inclusion of that language as a comment on the evidence and incomplete description of Plaintiffs' burden.

Should the Court overrule Tesla's objection, then Tesla requests the Court give the following complete instruction after instruction 19 which would more accurately describe Plaintiffs' burden.

> For purposes of determining a defect, the consumer expectation test is objective and does not consider the viewpoint of any particular consumer. But for purposes of determining whether a defect was a legal cause of Plaintiffs' damages, the issue is whether that particular defect caused the damages alleged by Plaintiffs in this case.

### <u>PLAINTIFFS' PROPOSED INSTRUCTION AS TO  30 (B) (6) DEPONENT</u>
### <u>(ECF No. 524)</u>

Plaintiffs have offered a proposed instruction related to a 30 (B)(6) witness. To the extent the Court is inclined to provide an instruction on this issue, Tesla objects to the proposed language. Rather any instruction should track the Rule 30 (B)(6) as follows:

> For purposes of a discovery deposition, Tesla must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.