UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

       Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

       Defendant.
_____/

DILLON ANGULO,                                         Case No. 22-22607-KMM

       Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

       Defendant.
_____/

**Members of the jury:**

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

1

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole, or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence? You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Testimony of Corporate Representative**

The rules require that Tesla designate one or more representatives to consent to testify on Tesla's behalf; and it may set out the matters on which each person designated will testify. There is no distinction between the corporate representative and the corporation, and the corporate representative does not give his personal opinion. Rather, he presents the corporation's position on the topic and thus holds it accountable.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion. When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness whose court testimony is given with regularity and represents a significant portion of the witness's income.

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case:

1. The crash occurred on April 25, 2019, at a "T" intersection of Card Sound Road and County Road 905 in Key Largo, Florida.

2. The crash was a two-vehicle collision involving a 2019 Tesla Model S ("Model S") and a parked Chevrolet Tahoe.

3. The Model S was owned and driven by George McGee, who is not a party to this lawsuit.

4

4. Naibel Benavides Leon and Dillon Angulo had parked the Tahoe and were standing near the vehicle.

5. There were multiple traffic control devices at the "T" intersection, including a visible an overhead red flashing light, a stop bar on the pavement, a stop sign, and multiple road end signs.

6. McGee was distracted from the driving task in the moments before impact having dropped his cell phone.

7. The Model S was designed, manufactured, and sold by Tesla, Inc.

8. McGee purchased the Model S on January 6, 2019, and took delivery of the car on January 31, 2019.

**Stipulations Regarding Feasibility**

The parties stipulate as follows: Prior to 2019 and the manufacture of this subject Tesla Model S, across all makes and models of Tesla vehicles, it was feasible for Tesla to:

1. Incorporate additional controls and alerts to those already existing to encourage the driver to adhere to their continuous driving responsibilities when Autopilot is engaged;

2. Include additional controls and alerts to the driver to keep their hands on the steering wheel and pay attention to the roadway;

3. Depending on the vehicle hardware, increase the prominence of visual alerts on the user interface;

4. Provide additional checks when the features are being used outside of controlled access highways and when approaching traffic controls;

5. Improve suspension of Autopilot if the driver repeatedly fails to demonstrate continuous and sustained driving responsibility when Autopilot engaged.

**Responsibility for Proof – Plaintiffs' Claims– Preponderance of the Evidence**

Plaintiffs Niema Benavides and Dillon Angulo claim that the 2019 Tesla Model S designed, manufactured, and sold by Tesla was defective and that the defect in the vehicle caused the death of Naibel Benavides and the injuries to Dillon Angulo. Tesla denies that the vehicle was defective, and further denies that any defect caused or contributed to Naibel Benavides Leon's death and injuries to Dillon Angulo.

It is Plaintiffs' responsibility to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiffs for that claim. When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claim by a preponderance of the evidence, you should find for Tesla as to that claim.

**Design Defect**

A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

A product is also defective when the foreseeable risks of harm from the product could have

6

been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design outweighs the benefits.

The consumer expectation test is based on an objective standard and not the viewpoint of any particular consumer. So, for purposes of determining a defect, the consumer expectation test is objective and does not consider the viewpoint of any particular consumer. However, for purposes of determining whether a defect was a legal cause of Plaintiffs' damages, the issue is whether that particular defect caused the damages alleged by Plaintiffs in this case.

In deciding whether the 2019 Tesla Model S was defective because of its design, you shall consider the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of the 2019 Tesla Model S manufacture, not at the time of the crash.

## Legal Cause

A defect in a product is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the defect, the injury would not have occurred.

In order to be regarded as a legal cause of injury, a defect in a product need not be the only cause. A defect in a product may be a legal cause of injury even though it operates in combination with the act of another, some natural cause, some other cause if the defect contributes substantially to producing such injury.

## Plaintiffs' Claims

The issues you must decide on Plaintiffs' claims against Tesla are whether:

(a) the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design of the 2019 Tesla Model S Autopilot feature outweighs the benefits of the design, and, if so, whether that failure was a legal cause of damage to Naibel Benavides Leion and Dillon Angulo.

(b) Whether the foreseeable risks of harm from the 2019 Tesla Model S Autopilot feature could have been reduced or avoided by providing additional instructions or warnings, and the failure to provide those warnings made the product unreasonably dangerous, and if so, whether that failure was a legal cause of damage to Naibel Benavides Leion and Dillon Angulo.

If a preponderance of the evidence does not support any of Plaintiffs' claims, your verdict should be for Tesla.

However, if the preponderance of the evidence supports one or more of Plaintiffs' claims, then your verdict should be for Plaintiffs and against Tesla on those claims.

### Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

If a preponderance of the evidence supports one or more of Plaintiffs' claims, then you shall consider the affirmative defense raised by Tesla.

On the affirmative defense, the issue for you to decide is whether George McGee was negligent in the operation and use of his 2019 Tesla Model S; and, if so, whether that negligence was a contributing legal cause of Naibel Benavides Leon's death and Angulo Dillon's injuries.

Tesla must prove this affirmative defense by a preponderance of the evidence. I caution you that Tesla does not have to disprove Dillon Angulo and Neima Benavides's claims, but if

Tesla raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

If the preponderance of the evidence does not support Tesla's defense and the preponderance of the evidence supports one or more of Plaintiffs' claims, then your verdict should be for Plaintiffs in the total amount of their damages.

If, however, the preponderance of the evidence shows that both George McGee and Tesla were at fault and that the fault of each contributed as a legal cause of Naibel Benavides Leon's death and Dillon Angulo's injuries, you should decide and write on the verdict form what percentage of the total responsibility was caused by each of them.

If you find that the sole cause of the crash and the death of Naibel Benavides Leon and injuries to Dillon Angulo was George McGee's negligence in his operation of the 2019 Model S, then your verdict is for Tesla.

### Negligence

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

### Damages

If your verdict is for Tesla, you will not consider the matter of damages. But if the preponderance of the evidence supports one or more of Plaintiffs' claims, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows Naibel Benavides Leon's survivors and Dillon Angulo sustained, including any damages that Plaintiffs are reasonably certain to incur or experience in the future.

In determining any damages to be awarded to Naibel Benavides Leon's personal representative for the benefit of Naibel Benavides Leon's parents, Lilia Marilin Leon Jimenez and Guillermo Benavides, you should consider the mental pain and suffering of each as a result of Naibel Benavides' death. There is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following:

In determining the duration of mental pain and suffering, you may consider the life expectancies of Lilia Marilin Leon Jimenez and Guillermo Benavides, together with the other evidence in the case. The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

In determining any damages to be awarded to Dillon Angulo, you should consider any bodily injury sustained by Dillon Angulo and any resulting pain and suffering disability or physical impairment, disfigurement, mental anguish, inconvenience and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

### Aggravation of Damages

If you find that the Tesla caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Dillon Angulo's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury,

then you should award damages for the entire condition suffered by Dillon Angulo.

If the greater weight of the evidence shows that Dillon Angulo has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Dillon Angulo may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Dillon Angulo's health, age and physical condition, before and after the injury, in determining the probable length of his life.

### Comparative Negligence

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of George McGee. The court, in entering judgment, will make any appropriate reductions.

### Punitive Damages

There is an additional claim in this case that you must decide. If you find for Plaintiffs and against Tesla, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Tesla and as a deterrent to others.

Plaintiffs claim that punitive damages should be awarded against Tesla based on its development of Autopilot and its response to its knowledge of accidents occurring while Autopilot was in use. Punitive damages are warranted against Tesla if you find by clear and convincing evidence that Tesla was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to Plaintiffs. Under those circumstances you may, in your discretion, award punitive damages against Tesla. If clear and convincing evidence does not show such conduct by Tesla, punitive damages are not warranted against Tesla.

"Intentional misconduct" means that Tesla had actual knowledge of the wrongfulness of

the conduct and that there was a high probability that injury or damage to Plaintiffs, despite that knowledge, it intentionally pursued that course of conduct, resulting in injury or damage.

"Gross negligence" means that Tesla's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from "preponderance of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "preponderance of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

In deciding the issue of punitive damages, you may consider any harm Tesla's conduct caused Plaintiffs. You have also heard evidence of harms Tesla's conduct allegedly caused to persons other than Plaintiffs. You may consider harms that Tesla's conduct caused to persons other than Plaintiffs in deciding the reprehensibility or wrongfulness of Tesla's conduct only if the harms suffered by those other persons were caused by the same or similar conduct of Tesla that harmed Plaintiffs. However, you may not punish Tesla for any harms suffered by persons other than Plaintiffs.

**Punitive Damages Amount**

If you decide that punitive damages are warranted against Tesla, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Tesla and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should decide any disputed factual issues by a

preponderance of the evidence, meaning that something is more likely true than not.

In determining the amount of punitive damages, if any, to be assessed you should consider the following:

(1)   The nature, extent and degree of misconduct and the related circumstances, including the following:

    (a) Whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known to Tesla;

    (b)   The financial resources of Tesla.

However, you may not award an amount that would financially destroy Tesla. You may in your discretion decline to award punitive damages. If you decide to award punitive damages, the amount of any award must bear a reasonable relationship or proportion to the compensatory damages you have awarded.

### Duty to Deliberate When Only the Plaintiffs Claim Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case. Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth

from the evidence in the case

## Note-Taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Election of Foreperson and Explanation of Verdict Forms

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience. [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your notes or questions.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

      Defendant.
_____/

DILLON ANGULO,                                               Case No. 22-22607-KMM

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

      Defendant.
_____/

**<u>JURY VERDICT FORM</u>**

We, the jury, return the following verdict:

1.      Did Tesla place the 2019 Model S on the market with a defect which was a legal cause of damage to Naibel Benavides Leon and Dillon Angulo?

YES _____        NO _____

*If your answer to Question 1, is No, your verdict is for Tesla and you should skip the remaining questions and sign the verdict form. If your answer is YES, proceed to Question 2.*

2. Was there negligence on the part of George McGee, which was a legal cause of damage to Naibel Benavides Leon and Dillon Angulo?

YES _____    NO _____

*If your answer to Question 2 is YES, please answer Question 3.  If your answer to Question 2 is NO, skip Question 3 and proceed to Question 4.*

3. State the percentage of any responsibility which was a legal cause of damage to Naibel Benavides Leon and Dillon Angulo that you apportion to:

Tesla      _____ %

George McGee      _____ %

Total Must Equal 100%

## DAMAGES

In determining the amount of damages, do not make any reduction because of the negligence, if any, of George McGee. If you find that George McGee was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.

### DAMAGES FOR THE DEATH OF NAIBEL BENAVIDES LEON

4. What is the total amount of damages sustained by Lilia Marilin Leon for her pain and suffering as a result of the death of her daughter, Naibel Benavides Leon?

$_____

5. What is the total amount of damages sustained by Guillermo Benavides for his pain and suffering, as a result of the death of his daughter, Naibel Benavides Leon?

$_____

## DAMAGES FOR DILLON ANGULO

6. What is the total amount of Dillon Angulo's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future:

    a. Past?      $_____

    b. Future?      $_____

## PUNITIVE DAMAGES

7. If you answered YES to Question 1, state whether under the circumstances of this case, you find by clear and convincing evidence that punitive damages are warranted against Tesla.

    YES _____      NO _____

*If you answered NO to Questions 7, then you should skip the remaining questions and sign and date the verdict form. If you answered YES to Question 7, please answer Question 8.*

8. What is the total amount of punitive damages, if any, which you find, by clear and convincing evidence, should be assessed against Tesla?

    $_____

*If you elect not to assess punitive damages against Tesla, you should enter a zero (0) as the amount of damages.*

*Please sign and date the verdict form.*

SO SAY WE ALL on _____, 2025.

    _____
    FOREPERSON

3