UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-21940-BLOOM/OTAZO-REYES

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,
    Plaintiff,
v.

TESLA, INC., a/k/a Tesla Florida, Inc.,
    Defendant.
_____/

DILLON ANGULO,                            Case 22-CV-22607-BLOOM
    Plaintiff,
v.

TESLA, INC., a/k/a Tesla Florida, Inc.,
    Defendant.
_____/

**AGREED SUPPLEMENTAL ORDER
ON PLAINTIFFS' MOTION FOR RULE 37 SANCTIONS**

THIS CAUSE came before the Court upon Plaintiffs Neima Benavides and Dillon Angulo's (collectively, "Plaintiffs") Motion for Rule 37 Sanctions (DE 285). This Court entered its Order on Plaintiffs' Motion on April 14, 2025 (DE 405). In the Court's Order, the Court stated that "[a]fter a thorough review of the record, including the depositions, and the briefings, the Court does not find sufficient evidence to conclude that Tesla's conduct was intended to avoid the production of evidence or otherwise undermine the discovery process" and further found "Plaintiffs fail to show that Tesla's conduct caused any significant prejudice to Plaintiffs' case." However, Court required that Tesla "reimburse Plaintiffs [for] all if its fees and costs, including all attorneys' and experts' fees, reasonably related to the production, and related evaluation and testing of the snapshot package and augmented video."

The Parties have conferred and agreed on a monetary amount, confirmed in writing between the parties, to be paid by Tesla to Plaintiffs in satisfaction of this Court's Order.

Accordingly, it is ORDERED AND ADJUDGED that Tesla shall make the payment, in the amount agreed upon in writing between the parties, to Plaintiffs within 15 days of entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record