UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal Representative
of the Estate of Naibel Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

DILLON ANGULO,                                     Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.
_____/

**JOINT MOTION FOR LEAVE TO FILE AMENDED POST-TRIAL MOTIONS
AND MEMORANDUM OF LAW**

    Plaintiffs, Neima Benavides and Dillon Angulo, and Defendant, Tesla, Inc., jointly move for an order (1) granting leave to file amended post-trial motions within seven days after all of the final transcripts of the trial of this matter are filed and docketed, and (2) setting Plaintiffs' response deadline based on the filing date of the amended motions. In support, the parties state:

    1.    This Court entered final judgment on August 1, 2025, after a three-week jury trial.

    2.    Under Federal Rules of Civil Procedure 50 and 59, Tesla must file post-trial motions within 28 days after entry of judgment. This deadline affects appellate jurisdiction and cannot be extended. *See Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991).

    3.    Tesla timely requested and is in the process of promptly making the arrangements to pay for the trial transcripts, which are necessary support of its forthcoming post-trial motions.

    4.    During trial, the court reporter was invaluable, timely providing Tesla with rough drafts of the trial transcripts every day. But the court reporter has advised that no one is permitted

to cite the unofficial rough draft transcripts of trial in any post-trial motions or otherwise circulate them publicly. This is completely understandable given the necessarily unpolished nature of rough drafts and the importance of accuracy in the filings.

5. The court reporter estimates that it will take approximately 30 days to finalize the transcripts and currently estimates final transcripts to be delivered around September 10, 2025.

6. Accordingly, due to circumstances outside of Tesla's control, it will not be able to utilize the final transcripts in its post-trial briefing before the filing deadline.

7. Tesla understands the importance of accurately reporting the proceedings, but faces the requirement of filing its motions by a date certain.

8. Accordingly, Tesla intends to file its post-trial motions without direct quotations or references to the official transcript of trial to preserve its appellate rights, and now seeks leave to file amended post-trial motions once all of the final transcripts are filed and docketed.

9. Further, the parties request that the time for Plaintiffs to file their response be calculated from the date Tesla files its amended post-trial motions.

## **MEMORANDUM OF LAW**

The parties respectfully request the Court enter an order permitting Tesla to file amended post-trial motions after all of the final transcripts are filed and docketed and setting Plaintiffs' response deadline based on the filing date of the amended motions.

This procedure is authorized by the Eleventh Circuit. *See Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1083–84 (11th Cir. 1987) (holding that District Court have discretion to permit amendments to post-trial motions and may even consider new grounds raised for the first time in the amended motion). Post-trial motions initially filed within the time limits of Rules 50 and 59 are considered to be timely, even if they are subsequently amended with leave of court. *See Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 465 F.3d 1267, 1271–72 (11th Cir. 2006) ("[A]n

amended post-trial motion does not supersede the original for purposes of timeliness or, by extension, tolling.").

This procedure was also recently implemented in the Southern District. *Horowitz v. Allied Marine, Inc.*, No. 21-CV-60358, 2024 WL 3738930, at *1 (S.D. Fla. May 30, 2024). In *Horowitz*, the court reporter was unable to timely complete the trial transcripts due to a personal matter, and the defendant moved for leave to file an amended post-trial motion once the transcripts were in hand. *Id.* The court permitted the amendment, noting that the request was not the product of inexcusable delay. *Id.* As in *Horowitz*, there is no inexcusable delay in this case—Tesla is filing this motion weeks in advance of the post-trial motion deadline in order to obtain clarity and ensure that post-trial briefing schedules are fairly and predictably scheduled.

WHEREFORE, the parties respectfully request the Court enter an order (1) granting Tesla ave to file amended post-trial motions within seven days after all of the final transcripts of the trial of this matter are filed and docketed, and (2) setting Plaintiffs' response deadline based on the filing date of the amended motions.

| | |
|---|---|
| */s/ Douglas F. Eaton* | Respectfully submitted,<br><br>*/s/ Wendy F. Lumish* |
| **Douglas F. Eaton, Esq.**<br>Florida Bar No. 0129577<br>EATON & WOLK PL<br>2665 South Bayshore Drive, Suite 609<br>Miami, FL 33133<br>Tel. 305-249-1640<br>Fax: 786-350-3079<br>deaton@eatonwolk.com<br>cgarcia@eatonwolk.com<br>lhuete@eatonwolk.com<br>*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides* | **WHITNEY V. CRUZ**<br>Florida Bar No. 800821<br>**WENDY F. LUMISH**<br>Florida Bar No. 334332<br>**BOWMAN AND BROOKE LLP**<br>Two Alhambra Plaza, Suite 800<br>Coral Gables, FL 33134<br>Tel. 305-995-5600 / Fax: 305-995-6100<br>whitney.cruz@bowmanandbrooke.com<br>wendy.lumish@bowmanandbrooke.com<br><br>**THOMAS P. BRANIGAN**<br>(Admitted *Pro Hac Vice*)<br>**DREW P. BRANIGAN**<br>(Admitted *Pro Hac Vice*)<br>**BOWMAN AND BROOKE LLP**<br>101 W. Big Beaver Road, Suite 1100<br>Troy, MI 48084<br>Tel. 248-205-3300 / Fax: 248-205-3399<br>thomas.branigan@bowmanandbrooke.com<br>drew.branigan@bowmanandbrooke.com<br><br>**JOEL SMITH**<br>(Admitted *Pro Hac Vice*)<br>**BOWMAN AND BROOKE LLP**<br>1441 Main Street, Suite 1200<br>Columbia, SC 29201<br>Tel. 803-726-7420 / Fax: 803-726-7421<br>joel.smith@bowmanandbrooke.com<br><br>**HILARIE BASS**<br>Florida Bar No. 334243<br>**HILARIE BASS, ESQUIRE LLC**<br>2821 Bayshore Drive, UPH-B<br>Miami, FL 33133<br>Tel. 305-505-8777<br>bassh@bassinstitute.org<br><br>*Attorneys for Defendant Tesla, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
haiyang@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel. 305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

*s/ Wendy F. Lumish*
**Wendy F. Lumish**