UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal Representative
of the Estate of Naibel Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.    /

DILLON ANGULO,                                   Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.    /

**DEFENDANT, TESLA, INC.'S RESPONSE TO PLAINTIFFS'
MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES AND COSTS
AND MEMORANDUM OF LAW**

Defendant, Tesla, Inc., submits its response in opposition to Plaintiffs' Motion to Determine Entitlement to Attorneys' Fees and Costs (ECF No. 567) and states as follows:

1. On August 1, 2025, Plaintiffs obtained a jury verdict as follows:

    (a)    Neima Benavides, as Personal Representative: $59,000,000 for pain and suffering of Lilia Mailin Leon and Guillermo Benavides as a result of the death of Naibel Benavides Leon.

    (b)    Dillon Angulo: $70,000,000 for his past and future pain and suffering.

    (c)    Punitive damages: $200,000,000.

(ECF No. 534).

2. The jury apportioned 33% of the fault in causing Plaintiffs' injuries to Tesla, resulting in a final judgment as follows:

      (a)    Neima Benavides, as Personal Representative: $19,470,000.

      (b)    Dillon Angulo: $23,100,000.

      (c)    Punitive Damages: $200,000,000.

(ECF No. 538).

3.    On August 25, 2025, Plaintiffs moved for attorney's fees pursuant to two proposals for settlement that had been served on May 30, 2025. More specifically:

      (a)    Plaintiff Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, served a proposal for settlement in the amount of $30,000,000 (Neima PFS, attached as Exh. A).

      (b)    Plaintiff Dillon Angulo served a proposal for settlement in the amount of $30,000,000. (Angulo PFS, attached as Exh. B).

4.    Tesla subsequently filed a Renewed Motion For Judgment As A Matter Of Law, Or Alternatively A Motion For A New Trial Or To Amend The Judgment. (ECF No. 568).

5.    Plaintiffs' motion should be denied without prejudice because the motion is premature in light of the fact that there is a pending post-trial motion and appeal that could directly affect Plaintiffs' entitlement to fees; and

6.    Even if considered at this time, Plaintiffs' failure to specify the amount directed towards their punitive damages claims in the proposal for settlement is fatal to recover of fees under Florida law.

## **MEMORANDUM OF LAW**

Section 768.79(1) provides in relevant part:

> If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

*Id.*

Rule 1.442(c) sets forth the procedural requirements for a valid proposal for settlement. In relevant part, it provides that "A proposal shall: . . . state with particularity the amount proposed to settle a claim for punitive damages, if any[.]" *Id.*

It is a "well settled principle" in Florida "that offers of judgment must strictly comply with section 768.79 and rule 1.442, **with any drafting deficiencies being construed against the drafter**." *Paduru v. Klinkenberg*, 157 So. 3d 314, 318 (Fla. Dist. Ct. App. 2014) (emphasis added). This strict compliance is necessary because the statutory scheme is in derogation of the common law that ordinarily requires each party to pay for its own attorney's fees. *See generally Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015). While Rule 1.422 does not "demand the impossible" in terms of eliminating ambiguity, a settlement proposal must be "sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006).

Further, if the asserted ambiguity could "reasonably affect the offeree's decision" on whether to accept the settlement proposal, it will not satisfy the particularity requirement. *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 853 (Fla. 2016); *Nichols*, 932 So. 2d at 1079. Likewise, a proposal must not require any clarification or later judicial interpretation. *Dryden v. Pedemonti*, 910 So. 2d 854, 856 (Fla. 5th DCA 2005); *see also id.* at 857 (rejecting proposal for settlement finding terms were "not as clear and as certain as it should be, in order to task a plaintiff with the duty to accept a proposal for settlement pursuant to the offer of judgment rule, or risk the sanction of paying the defendant's attorney's fees."); *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002) (under earlier version of Rule 1.442 that required specificity as to

conditions of release, court found lack of specificity of certain terms of the release rendered it ambiguous).

I. **THE ISSUE OF ENTITLEMENT TO FEES SHOULD BE DENIED WITHOUT PREJUDICE TO RECONSIDER, IF NECESSARY, AFTER THE FINAL DECISION AS TO THE JUDGMENT.**

Courts in the Eleventh Circuit have exercised their discretion to defer the issue of entitlement to fees where the ultimate issue depends on the outcome of the litigation on appeal. *See Saeme v. Levine*, No. 11-21913-CIV, 2012 WL 13134605, at *5 (S.D. Fla. Sept. 13, 2012) (collecting cases). Florida courts, on the other hand, have ***reversed*** fee awards where the amount of the final judgment was unsettled. *See Escambia Cnty. v. Stanberry*, 813 So. 2d 288, 288 (Fla. Dist. Ct. App. 2002) (reversing order awarding fees under section 768.79 because it was not clear at that point in the proceedings "in whose favor judgment will ultimately be entered or in what amount"); *Saye v. Pieschacon*, 750 So. 2d 759, 762 (Fla. Dist. Ct. App. 2000) ("Without a final determination of the amount of appellant's recovery in this case, the trial court appears to have erred in awarding attorney's fees and costs to appellee pursuant to section 768.79[.]").

Here, Plaintiffs' motion is premature as the amount of the final judgment, if any, has not been finally resolved. For example, Tesla's pending post-trial motion includes arguments that judgment should be entered in Tesla's favor or there should be a new trial on all issues. Both outcomes would defeat any request for attorney's fees because Plaintiffs would not have a judgment in their favor. Additionally, Tesla seeks judgment as a matter of law on Plaintiffs' claim for punitive damages. Plaintiffs cannot reach the statutory requirement of obtaining a judgment that is at least 25% higher than their proposal for settlement if punitive damages are not included as an element of damages. Likewise, if the Court were to reduce the compensatory and/or punitive damages award, the final judgment may not reach the threshold.

Moreover, even if the Court denies Tesla's post-trial motion, then the issue of fees still would be premature until the resolution of the subsequent appeal to the Eleventh Circuit. "Courts have cited concerns such as the potential of having to repeat the fees and costs procedure following appeal and the desire to avoid piecemeal adjudication; that resolution is unlikely to assist the Court of Appeals; and that fees and costs issues are often resolved during appellate mediation." *Shapiro v. Wells Fargo Bank, N.A.*, No. 0:18-60250-CIV, 2019 WL 5291005, at *1 (S.D. Fla. June 13, 2019), report and recommendation adopted, 2019 WL 5290841 (S.D. Fla. July 1, 2019); *Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-CV-871-T-33TBM, 2009 WL 1788376, at *2 (M.D. Fla. June 22, 2009) (denying motion for fees without prejudice to refiling the motion after the resolution of the appeal, if necessary).

Accordingly, pursuant to established law, Plaintiffs' motion for fees and costs pursuant to their proposal for settlement should be denied without prejudice for them to raise it again, if appropriate, at a time where the litigation on the merits of this case is finally concluded.

## II.    PLAINTIFFS' PROPOSALS FOR SETTLEMENT FAILED TO SPECIFY THE AMOUNT PROPOSED TO SETTLE A CLAIM FOR PUNITIVE DAMAGES

Even if the final judgment ultimately satisfies the amount necessary to trigger section 768.79, the proposal for settlement is itself deficient.

Section 768.79(2)(c) specifically requires that the offer to settle "[s]tate with particularity the amount offered to settle a claim for punitive damages, if any." *See also* R. 1.442(c)(2)(E); *Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 665 (11th Cir. 2016) (acknowledging that "Rule 1.442(c)(2)(E) . . . requires a proposal to 'state with particularity the amount proposed to settle a claim for punitive damages, if any'"); *Floyd v. Stoumbos*, 2022 WL 17416564, at *3 (M.D. Fla. July 19, 2022), report and recommendation adopted, 2022 WL 17416568 (M.D. Fla. Aug. 8, 2022) ("Where a plaintiff has a pending claim for punitive damages, Section

5

768.79(2)(c) requires that a defendant's proposal specify what portion of the settlement offer specifically accounts for punitive damages."). The failure to specify an amount for a punitive damage claim, or otherwise "indicate in any way what portion of the total sum he offered either defendant should be allocated to punitive damages," is fatal to a motion for fees under the statute. *See R.J. Reynolds Tobacco v. Ward*, 141 So. 3d 236, 238 (Fla. Dist. Ct. App. 2014).

In *Ward*, the plaintiff served proposals for settlement to several defendants intending to cover both compensatory damages and punitive damages. Each offer stated, in pertinent part, "Punitive damages are included in the amount of this proposal, whether pled or unpled. Acceptance of this proposal will extinguish any present or future claims for punitive damages." *Id.* at 237. The court held that these proposals were invalid under Florida law because neither proposal complied with the requirement in section 768.79 and Rule 1.442 to state with particularity the amount proposed to settle any claim for punitive damages. *Id.* at 238. The court explained that although the language in the proposals for settlement covering punitive damages (quoted above) unambiguously would have included (and extinguished) the punitive damages claim entirely if it had been accepted, that still was not enough to meet the requirements under Florida law to specifically state the amount of the offer allocated to punitive damages. *Id.*

Here, neither of Plaintiffs' proposals for settlement specified what portion of the offer is directed to their punitive damages claim. Rather, they contain only this statement: "There is a claim for punitive damages in this case, and this Proposal for Settlement includes any such punitive damages which could be or are assessed." As in *Ward*, this single generic statement is insufficient to comply with Plaintiffs' statutory mandate to "[s]tate with particularity the amount offered to settle a claim for punitive damages." § 768.79(2)(c).

Accordingly, Plaintiffs' proposals for settlement were both invalid.

WHEREFORE, Tesla respectfully requests that the Court enter an order denying Plaintiffs' motion to determine entitlement to attorney's fees.

Respectfully submitted,

/s/ *Wendy F. Lumish*

| | |
|---|---|
| **THEODORE J. BOUTROUS, JR.** | **WHITNEY V. CRUZ** |
| (Admitted *Pro Hac Vice*) | Florida Bar No. 800821 |
| **JULIAN W. POON** | **WENDY F. LUMISH** |
| (Admitted *Pro Hac Vice*) | Florida Bar No. 334332 |
| **GIBSON, DUNN & CRUTCHER LLP** | **BOWMAN AND BROOKE LLP** |
| 333 South Grand Avenue | Two Alhambra Plaza, Suite 800 |
| Los Angeles, CA 90071 | Coral Gables, FL 33134 |
| Tel. 213-229-7000 | Tel. 305-995-5600 / Fax: 305-995-6100 |
| tboutrous@gibsondunn.com | whitney.cruz@bowmanandbrooke.com |
| jpoon@gibsondunn.com | wendy.lumish@bowmanandbrooke.com |
| | |
| **MIGUEL A. ESTRADA** | **THOMAS P. BRANIGAN** |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| **THOMAS H. DUPREE, JR.** | **DREW P. BRANIGAN** |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| **GIBSON, DUNN & CRUTCHER LLP** | **BOWMAN AND BROOKE LLP** |
| 1700 M Street, N.W. | 101 W. Big Beaver Road, Suite 1100 |
| Washington, D.C. 20036 | Troy, MI 48084 |
| Tel. 202-955-8500 | Tel. 248-205-3300 / Fax: 248-205-3399 |
| mestrada@gibsondunn.com | thomas.branigan@bowmanandbrooke.com |
| tdupree@gibsondunn.com | drew.branigan@bowmanandbrooke.com |
| | |
| **PAUL D. CLEMENT** | **JOEL SMITH** |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| **CLEMENT & MURPHY, PLLC** | **BOWMAN AND BROOKE LLP** |
| 706 Duke Street | 1441 Main Street, Suite 1200 |
| Alexandria, VA 22314 | Columbia, SC 2920 |
| Tel. 202-742-8900 | Tel. 803-726-7420 / Fax: 803.726.7421 |
| paulclement@clementmurphy.com | joel.smith@bowmanandbrooke.com |
| | |
| | **HILARIE BASS** |
| | Florida Bar No. 334243 |
| | **HILARIE BASS, ESQUIRE LLC** |
| | 2821 Bayshore Drive, UPH-B |
| | Miami, FL 33133 |
| | Tel. 305-505-8777 |
| | bassh@bassinstitute.org |

*Attorneys for Defendant Telsa, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
haiyang@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel. 305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

/s/ *Wendy F. Lumish*
WENDY F. LUMISH