UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NEIMA BENAVIDES, as Personal Representative of the Estate of Naibel Benavides Leon, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC., a/k/a Tesla Florida, Inc.,<br><br>    Defendant. | Case No. 21-cv-21940-BLOOM/Torres |
| DILLON ANGULO,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC. a/k/a Tesla Florida, Inc.,<br><br>    Defendant. | Case No. 22-22607-KMM |

**PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE COPIES OF OPENING AND CLOSING POWERPOINT SLIDES SHOWN TO THE JURY**

Plaintiffs Neima Benevides and Dillon Angulo, by and through their undersigned counsel, hereby Oppose Tesla's Motion to Compel Plaintiffs to Provide Copies of PowerPoint Slides Shown to the Jury. Tesla's arguments should be rejected for the reasons stated below.

### ARGUMENT

Tesla provides no basis for seeking Plaintiffs' opening and closing PowerPoint slides after trial has concluded.

Tesla argues it needs the PowerPoint slides to prepare post-trial motions and create a complete appellate record, but the slides that Tesla seeks were never admitted as evidence and thus are not properly part of the record on appeal. *See Corbett v. Beseler*,

635 F. App'x 809, 815 (11th Cir. 2015) ("It is well settled that the record on appeal is limited to '(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk.'") (quoting Fed. R. App. P. 10(a)).[1]

If Tesla wanted these slides to be part of the record, it should not have waited until the thirteenth hour by moving, post-trial, "to compel" non-evidentiary demonstrative exhibits that it never objected to during trial. *See Webb–Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1030 (11th Cir. 2008) (stating that a party "who deems himself aggrieved by ... an erroneous ruling by the trial judge ordinarily must object then and there, or forfeit any right to complain at a later time.") (citation omitted).

Moreover, the content of Plaintiffs' opening and closing arguments is fully preserved in the official court record. The exhibits used in opening and closing (including their respective numbers) were—at the Court's direction—shared between the parties, so Tesla knew what exhibits would be referenced during Plaintiffs' presentation. Tesla can access all admitted exhibits and gather the complete references and context of Plaintiffs' opening and closing arguments directly from the trial transcript. There is no reason to afford it after-the-fact access to slides that Plaintiffs' counsel merely used as reference points during trial.

Tesla's arguments to the contrary are unavailing.

---

[1] Federal Rule of Evidence 107, which provides that "[w]hen practicable, an illustrative aid used at trial must be entered into the record," is inapplicable here because "PowerPoint presentations ... are not demonstrative aids." *Jarvis v. Walmart Stores E., LP*, No. 1:21CV13-MW/GRJ, 2023 WL 11991724, at *4 (N.D. Fla. Nov. 15, 2023).

*First*, Tesla argues the slides are necessary for a "complete record" on appeal, but—as noted—this argument is incorrect. Tesla relies on *Selman v. Cobb Cnty. School Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006), for the proposition that the parties have a duty to cooperate to ensure that the appellate record is complete, but *Selman* reaffirmed that "[i]n deciding issues on appeal we consider only evidence that was part of the record before the district court." *Id.* at 1332. Because the PowerPoint slides were never admitted into evidence, they are not part of the trial record—and thus Plaintiffs have no duty to provide them to Tesla.

*Second*, Tesla argues it needs the slides to identify "trial errors" for post-trial motions, but this contention lacks both legal and factual foundation. Counsel is entitled to wide latitude during opening and closing arguments, and Tesla identifies no legal error arising from Plaintiffs' strategic presentation of their case through the use of PowerPoint slides during opening and closing arguments. As noted above, moreover, Tesla failed to object to the use of these slides during trial, thereby waiving any arguments as to their impropriety. *See Webb–Edwards*, 525 F.3d at 1030.

Tesla's failure to object to these PowerPoint slides during trial is unsurprising, because opening and closing arguments constitute advocacy, not evidence, and counsel enjoys broad latitude in argument content and presentation. Moreover, as noted, Tesla has access to all substantive information necessary for any post-trial motion: it knew what exhibits would be referenced and can access both the admitted exhibits and the complete trial transcript containing Plaintiffs' arguments. Tesla will not be prejudiced in the least by having to limit its arguments to the existing trial transcript. It should not be permitted to bolster those arguments by pointing to PowerPoint slides that it never objected to during trial and are not part of the record.

## **CONCLUSION**

For the foregoing reasons, Tesla's motion should be denied.

Respectfully submitted September 8, 2025

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel: (619) 771-3473

/s/ *Brett J. Schreiber*
Brett J. Schreiber (CA Bar No. 239707)
(Admitted *Pro Hac Vice 5/7/2024*)
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
*Attorney for Plaintiff Benavides*

POSES LAW GROUP, P.A.
169 East Flagler Street, Suite 1600
Miami, Florida 33131
Tel: (305) 577-0200

/s/ *Todd Poses*
Todd Poses (FBN: 75922)
tposes@poseslawgroup.com
maria@poseslawgroup.com
shelly@poseslawgroup.com
*Attorney for Plaintiff Benavides*

THE ROUSSO, BOUMEL LAW FIRM
9350 South Dixie Highway, Ste 1520
Miami, Florida 33156
Tel: (305) 670-6669

/s/ *Adam T. Boumel*
Adam T. Boumel (FBN: 0110727)
Adam@roussolawfirm.com
pleadings@roussolawfirm.com
haiyang@roussolawfirm.com
*Attorney for Plaintiff Angulo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record listed on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

THE ROUSSO, BOUMEL LAW FIRM,
9350 South Dixie Highway, Ste 1520
Miami, Florida 33156
Tel: (305) 670-6669

/s/ *Adam T. Boumel*
Adam T. Boumel (FBN: 0110727)
Adam@roussolawfirm.com
pleadings@roussolawfirm.com
haiyang@roussolawfirm.com

## SERVICE LIST

| **Gibson, Dunn & Crutcher, LLP** | **Bowman and Brooke LLP** |
|---|---|
| Theodore J. Boutrous, Jr., Esq. | 41000 Woodward Ave., Suite 200E |
| Julian Poon, Esq. | Bloomfield Hills, Michigan 48304 |
| 333 South Grand Avenue | **Attn: Wendy Lumish, Esq.** |
| Los Angeles, CA 90071-3197 | **Attn: Joel Smith Esq.** |
| TBoutrous@gibsondunn.com | **Attn: Thomas P. Branigan, Esq.** |
| JPoon@gibsondunn.com | **Attn: Whitney, Cruz, Esq.** |
| | **Attn: Drew P. Branigan, Esq.** |
| -*and*- | Wendy.Lumish@bowmanandbrooke.com |
| | Joel.smith@bowmanandbrooke.com |
| Thomas H. Dupree, Jr., Esq. | thomas.branigan@bowmanandbrooke.com |
| Miguel A. Estrada, Esq. | whitney.cruz@bowmanandbrooke.com |
| 1700 M Street, N.W. | drew.branigan@bowmanandbrooke.com |
| Washington, D.C. 20036-4504 | *Counsel for Tesla* |
| TDupree@gibsondunn.com | |
| MEstrada@gibsondunn.com | |
| *Counsel for Tesla* | |

5

| | |
|---|---|
| **Clement & Murphy, PLLC**<br>Paul D. Clement, Esq.<br>706 Duke Street<br>Alexandria, VA 22314<br>Telephone: 202.742.8900<br>paul.clement@clementmurphy.com<br>*Counsel for Tesla* | **Hilarie Bass, Esquire LLC**<br>2821 Bayshore Drive, UPH-B<br>Miami, FL 33133<br>**Attn: Hilarie Bass, Esq.**<br>bassh@bassinstitute.org<br>*Counsel for Tesla* |