UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, as Personal Representative
of the Estate of Naibel Benavides Leon, deceased,

    Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

    Defendant.    /

DILLON ANGULO,                                                Case No. 22-22607-KMM

    Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

    Defendant.    /

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL PLAINTIFFS TO PROVIDE COPIES OF OPENING
AND CLOSING POWERPOINT SLIDES SHOWN TO THE JURY**

Defendant Tesla, Inc., submits the following reply in support of its motion to compel Plaintiffs to produce the PowerPoint slides they used during their opening statement and closing argument.[1] In support, Tesla states as follows:

**ARGUMENT**

Plaintiffs are objecting to a routine matter—the ***disclosure and production*** of the slides Plaintiffs showed the jury during Plaintiffs' counsel's opening statement and closing argument. The obvious question is "why?" As Tesla explained in its post-trial motions, Plaintiffs presented numerous improper arguments to the jury throughout the course of trial, including during opening and closing arguments, which entitles Tesla to a new trial. (Dkt No. 568 at 28-37). The slides

---

[1] Tesla would, of course, promptly produce the slides it used to Plaintiffs once Plaintiffs do so, and then would make both sets part of the record in this Court.

Plaintiffs showed the jury will help this Court and the Eleventh Circuit contextualize and understand the emphasis Plaintiffs placed on certain inappropriate themes during opening and closing, and the resulting undue prejudice caused by Plaintiffs' presentation. Plaintiffs' objection to the disclosure of the slides they used is an improper attempt to—in their own words—"limit [Tesla's] arguments" in support of Tesla's post-trial argument to those in "the existing trial transcript." (Dkt. 573 at 3).

The Court should not let Plaintiffs conceal their slides in this manner, and their response is lacks merit.

*First,* Plaintiffs' response primarily claims that the slides they showed the jury are off-limits to Tesla, this Court, and the Eleventh Circuit because the slides are not part of what is contained in the appellate record under Federal Rule of Appellate Procedure 10(a). That argument completely misses the point and falls wide of the mark though. The whole point of Tesla obtaining the slides is so that Tesla can file them (along with its own slides) into the record, so the record is complete for Tesla's post-trial motions (as Plaintiffs recognize). They will then become part of the record that is transmitted to the Eleventh Circuit under Rule 10(a).

Indeed, as Plaintiffs recognize in a footnote, Federal Rule of Evidence 107(c) states: "**Record.** When practicable, an illustrative aid used at trial must be entered into the record." *Id.* Plaintiffs cite an unpublished order in which the court noted that a forty-eight-hour notice requirement for disclosing demonstrative aids in advance of their use with witnesses would not cover PowerPoint presentations. *See Jarvis v. Walmart Stores E., LP*, No. 1:21CV13-MW/GRJ, 2023 WL 11991724, at *4 (N.D. Fla. Nov. 15, 2023). This passing statement in the context of the disclosure of evidence ***before*** a witness has testified has no bearing on the issue presented here. Moreover, the Eleventh Circuit has itself described PowerPoint slides as demonstrative aids. *See, e.g., Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1298 (11th Cir. 2023).

***Second,*** Plaintiffs argue that Tesla has not identified "legal error arising from Plaintiffs' strategic presentation of their case through the use of PowerPoint slides during opening and closing statements." (Dkt. 573 at 3). But as Plaintiffs admit, the slides demonstrate "Plaintiffs' strategic presentation of their case"—which is precisely why they are relevant to show the prejudice and inflammation of the jury that resulted from raising improper issues throughout trial. These issues are well documented in Tesla's post-trial motions.

***Third,*** and relatedly, Plaintiffs claim that "there is no reason" to provide Tesla with the slides because Plaintiffs' opening statement and closing argument are already part of the record, and argument of counsel is advocacy, not evidence. *Id.* But again, there is ample reason to order the production of Plaintiffs' slides: Doing so will complete the record of what transpired in front of the jury—which includes slides that the jury saw, but the record does not currently reflect. Whether the slides fall on the side of evidence or advocacy, they are plainly relevant to the issues raised in Tesla's post-trial motions. Indeed, by Plaintiffs' reasoning, transcripts of opening and closing also could not become part of the record on appeal because they are simply "advocacy" and not evidence. But that is obviously not right, and has never been the law.

***Lastly,*** Plaintiffs raise arguments about whether Tesla properly and timely preserved its arguments. But that is irrelevant to whether the slides should be disclosed. Plaintiffs are free to raise their preservation arguments later, at the appropriate time. But even if they were correct about preservation (they are not), that would not constitute valid grounds to allow Plaintiffs to continue to conceal their slides and prevent them from seeing the light of day.

In short, Plaintiffs have failed to offer any valid basis to continue to conceal and block the disclosure of the PowerPoint slides they showed the jury during their opening and closing. Indeed, their refusal to provide these slides speaks volumes, and underscores the importance of this Court promptly ordering the production of these slides, so they can be made part of the record. Plaintiffs'

attempt to prevent the Eleventh Circuit from seeing what the jury saw and their attempt at hiding those slides from this Court while it considers Tesla's post-trial motions, should not be countenanced. Accordingly, Tesla respectfully requests the Court should enter an order compelling Plaintiffs to produce the slides they showed the jury during their opening and closing, in exchange for Tesla producing its slides to Plaintiffs, so that Tesla can then promptly file both sets into the record.

Respectfully submitted,

/s/ *Wendy F. Lumish*

| | |
|---|---|
| **THEODORE J. BOUTROUS, JR.** | **WHITNEY V. CRUZ** |
| (Admitted *Pro Hac Vice*) | Florida Bar No. 800821 |
| **JULIAN W. POON** | **WENDY F. LUMISH** |
| (Admitted *Pro Hac Vice*) | Florida Bar No. 334332 |
| **GIBSON, DUNN & CRUTCHER LLP** | **BOWMAN AND BROOKE LLP** |
| 333 South Grand Avenue | Two Alhambra Plaza, Suite 800 |
| Los Angeles, CA 90071 | Coral Gables, FL 33134 |
| Tel. 213-229-7000 | Tel. 305-995-5600 / Fax: 305-995-6100 |
| tboutrous@gibsondunn.com | whitney.cruz@bowmanandbrooke.com |
| jpoon@gibsondunn.com | wendy.lumish@bowmanandbrooke.com |
| | |
| **MIGUEL A. ESTRADA** | **THOMAS P. BRANIGAN** |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| **THOMAS H. DUPREE, JR.** | **DREW P. BRANIGAN** |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| **GIBSON, DUNN & CRUTCHER LLP** | **BOWMAN AND BROOKE LLP** |
| 1700 M Street, N.W. | 101 W. Big Beaver Road, Suite 1100 |
| Washington, D.C. 20036 | Troy, MI 48084 |
| Tel. 202-955-8500 | Tel. 248-205-3300 / Fax: 248-205-3399 |
| mestrada@gibsondunn.com | thomas.branigan@bowmanandbrooke.com |
| tdupree@gibsondunn.com | drew.branigan@bowmanandbrooke.com |
| | |
| **PAUL D. CLEMENT** | **JOEL SMITH** |
| (Admitted *Pro Hac Vice*) | (Admitted *Pro Hac Vice*) |
| **CLEMENT & MURPHY, PLLC** | **BOWMAN AND BROOKE LLP** |
| 706 Duke Street | 1441 Main Street, Suite 1200 |
| Alexandria, VA 22314 | Columbia, SC 2920 |
| Tel. 202-742-8900 | Tel. 803-726-7420 / Fax: 803.726.7421 |
| paulclement@clementmurphy.com | joel.smith@bowmanandbrooke.com |

4

**HILARIE BASS**
Florida Bar No. 334243
**HILARIE BASS, ESQUIRE LLC**
2821 Bayshore Drive, UPH-B
Miami, FL 33133
Tel. 305-505-8777
bassh@bassinstitute.org

*Attorneys for Defendant Telsa, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Adam T. Boumel, Esq.**
Florida Bar No. 0110727
THE ROUSSO, BOUMEL LAW FIRM, PLLC
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
Tel. 305-670-6669
adam@roussolawfirm.com
haiyang@roussolawfirm.com
pleadings@roussolawfirm.com

*Attorneys for Plaintiff Dillon Angulo*

**Todd Poses, Esq.**
Florida Bar No. 0075922
POSES & POSES, P.A.
Alfred I. Dupont Building
169 East Flagler Street, Suite 1600
Miami, FL 33131
Tel.  305-577-0200
Fax: 305-371-3550
tposes@posesandposes.com
maria@posesandposes.com

*Attorneys for Plaintiff Neima Benavides*

**Brett Schreiber, Esq.**
Admitted *Pro Hac Vice*
**Satyarinivas "Srinivas" Hanumadass, Esq.**
Admitted *Pro Hac Vice*
**Carmela Birnbaum, Esq.**
Admitted *Pro Hac Vice*
SINGLETON SCHRIEBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
bschreiber@singletonschreiber.com
vas@singletonschreiber.com
cbirnbaum@singletonschreiber.com
jjusto@singletonschreiber.com
eelms@singletonschreiber.com
service@singletonschreiber.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

**Douglas F. Eaton, Esq.**
Florida Bar No. 0129577
EATON & WOLK PL
2665 South Bayshore Drive, Suite 609
Miami, FL 33133
Tel. 305-249-1640
Fax: 786-350-3079
deaton@eatonwolk.com
cgarcia@eatonwolk.com
lhuete@eatonwolk.com

*Co-Counsel for Plaintiffs Dillon Angulo and Neima Benavides*

/s/ *Wendy F. Lumish*
WENDY F. LUMISH