**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21940-BLOOM/Torres**

NEIMA BENAVIDES, as Personal
Representative of the Estate of Naibel
Benavides Leon, deceased,

      Plaintiff,

v.

TESLA, INC., a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

DILLON ANGULO,

      Plaintiff,

v.

TESLA, INC. a/k/a Tesla Florida, Inc.,

      Defendant.

_____/

Case No. 22-22607-KMM

**TESLA, INC.'S REPLY IN SUPPORT OF MOTION TO PRESERVE
CONFIDENTIALITY OF CERTAIN TRIAL AND PRE-TRIAL RECORDS THAT
CONTAIN TRADE SECRETS**

On September 12, 2025, Plaintiffs submitted an opposition to Tesla's Motion to Preserve

Confidentiality of Certain Trial and Pre-Trial Records That Contain Trade Secrets (D.E. 554), filed

on August 22, 2025, that they styled, "Plaintiffs' Opposition to Defendant's Motion For Order

Confirming Confidentiality of Materials Designated Under Confidentiality Protective Order."

(*See* D.E 590; hereinafter, "Plaintiffs' Opposition").  This title creates a risk of confusion because

it suggests that the response was made in opposition to a pre-trial motion Tesla filed on March 18,

2025, that Plaintiffs responded to on April 1, 2025, and for which Tesla submitted a supporting

reply brief on April 9, 2025.  (*See* D.E. 368, 390, and 397).  The Court never ruled on that motion.

The Court should not be misled by the title of Plaintiffs' Opposition.  Although Tesla did designate the material at issue here as confidential or highly confidential during discovery, the basis for Tesla's present Motion is that the material at issue contains trade secrets, not Tesla's discovery-stage designation of the material.  For the reasons explained herein, and those discussed more fully in Tesla's Motion, Tesla's Motion should be granted.

## I.      The Procedural History Plaintiffs Discuss is Incomplete and Irrelevant

Plaintiffs contend that Tesla's Motion failed to include relevant procedural history— specifically the Court's Order Setting Procedures for Limiting Public Access to Confidential Information Likely to be Presented at Trial (D.E. 459) and statements the Court made from the bench related thereto—that somehow should provide a basis for denying Tesla's Motion.  That argument is incorrect.

The Court's Order and quoted statements concerned only a procedure whereby Tesla could request the Court exclude the public from certain portions of the trial.  It did not relate in any way to the issue at hand—whether certain trial and pre-trial exhibits should be maintained as confidential.  For the same reason, the motion Tesla submitted that led to the Court's Order concerning the procedure to request the exclusion of the public from portions of the trial has nothing to do with the issues here.  (*See* D.E. 459, 445, and D.E. 590 at pp. 2-3).

Thus, the "additional" procedural history Plaintiffs summarize in their Opposition (and which Tesla had noted in its Motion) does not bear on, and certainly does not provide a basis for denying, Tesla's Motion.

## II.     Tesla Has Not Waived Its Right to Continued Confidentiality

Plaintiffs also argue that Tesla waived any right to the relief requested because Tesla did not request the courtroom be closed when the exhibits were presented.  This argument is unavailing for two reasons: (1) several documents as to which Tesla's Motion relates were never presented as

trial exhibits, and (2) the standard for closing the courtroom is higher than the standard for sealing trial and pre-trial exhibits.

First, Tesla has not waived its right to continued confidentiality because, as Plaintiffs correctly note in their Opposition, D.E. 590 at p. 6, Tesla's Motion relates to several documents that were never presented as trial exhibits.  Those documents are:

- Tesla's Response to Question 5b Contained in Tesla's Response to NHTSA's Inquiries in Relation to PE 21-020;

- December 24, 2024, Declaration of A. Moore with Appendices;

- December 27, 2024, Declaration of D. Shoemaker;

- December 2, 2024, Declaration of O. Drokin;

- Excerpt of Notes from A. Moore's Expert File;

- January 25, 2025, Second Supplemental Declaration of A. Moore;

- Email Containing Product Privacy Signals.[1]

Because these pre-trial exhibits were never presented at trial, Plaintiffs' waiver arguments do not apply to them, as Plaintiffs rightly concede.  D.E. 590 at p. 6.

Second, as Tesla explained in its Motion, it has not waived its right to continued confidentiality because the standard for closing the courtroom is more demanding, and requires a different analysis, than the standard for sealing trial and pre-trial exhibits. Thus, there is no automatic waiver of confidentiality simply because Tesla did not request the courtroom be closed when those exhibits were presented.  Moreover, the trial testimony related to the trial exhibits at

---

[1] The specific locations of these exhibits in the pre-trial record were identified in Tesla's Motion. *See* D.E. at pp. 5-7.

issue did not discuss the contents of those exhibits with a level of specificity that would reveal the Tesla trade secrets contained in the exhibits themselves.

As Tesla explained in its Motion, binding precedent has long recognized that the standard for sealing trial exhibits is less demanding than the standard for excluding the public from a trial in real-time. *See Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569 (11th Cir. 1985) (*per curiam*); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 427 ([former] 5th Cir. 1981) (citing *Cox Broadcasting v. Cohn*, 420 U.S. 469 (1975) and *Nixon v. Warner Communications*, 435 U.S. 589 (1978)). Tesla also provided this authority to the Court in its Motion for an Order Setting a Procedure for Requesting Certain Limitations on Public Access to Confidential Information that is Likely to Presented at Trial and stated that it "recognize[d] the Court may need to consider differing levels of public access depending on what specific material is at issue." *See* D.E. 554 at p. 9, n. 10.

While the Court's Order on that motion did not specifically address the treatment of trial exhibits after the conclusion of trial, the Court did grant Tesla's Motion for Clarification or, in the Alternative, Extension of Time for Filing a Motion Concerning Confidentiality of Certain Trial Exhibits, confirming that Tesla would be permitted to file the motion at issue in accordance with the currently-operative schedule for this issue. *See* D.E. 544 and 545. Thus, it appears the Court may have already rejected Plaintiffs' argument that a waiver occurred simply by virtue of Tesla's decision not to request the courtroom be closed when the exhibits were presented. Either way, though, Tesla's decision not to request courtroom closure is simply irrelevant to the issue at hand.

The non-binding cases Plaintiffs cite in support of their waiver argument do not suggest otherwise. The first, *Littlejohn v. Bic Corp.*, 851 F.2d 673 (3rd Cir. 1988), concerned a situation whereby material that had been designated as confidential pursuant to a discovery-stage protective

order was admitted in a trial that settled before its conclusion. Then, pursuant to the court's "administrative practice" regarding settled cases and the discovery-stage protective order, those exhibits were removed from the public record and returned to the party that had produced them. An intervenor then sought access to the records. The *Littlejohn* court concluded that the discovery-stage protective order was inadequate to control confidentiality of the exhibits when there had been no objection to the admission of the documents and "absent a sealing of the record," the producing party's failure to object to the admission of the documents "constituted a waiver of whatever confidentiality interests might have been preserved by the PO." *Id.* at 680.

These facts are distinguishable on three grounds that are dispositive of the waiver issue. First, the record is currently sealed in regard to these exhibits, and the instant motion is concerned with whether the exhibits at issue should remain that way; thus, this dispute is upstream of the procedural posture of *Littlejohn*, where sealing had not been sought. Second, Tesla did reserve the right during trial to request such sealing in a post-trial motion (*See* D.E. 581 at pp. 10-11) and reiterated its intent to keep the record under seal by way of filing the above-mentioned Motion for Clarification, which the Court granted. Third, Tesla does not rely on the discovery-stage protective order as the basis for sealing, but instead on the long-recognized right to prevent the disclosure of trade secrets to the public. Indeed, *Littlejohn* itself recognized this right and the requirement that a court balance it against the ordinary presumption of access to court records. *See Littlejohn*, 851 F.2d at 678 ("Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." (citing *Nixon*, 435 U.S. at 598)).

Plaintiffs' second cited case, *Benedict v. Hankook Tire Co. Ltd.*, 323 F.3d 747 (E.D.Va. 2018), does not support a different result. That case involved a private agreement made between

the parties prior to trial, pursuant to which they would raise confidentiality concerns over trial exhibits after the trial. The court found a waiver on the grounds that this private agreement was inconsistent with a local rule concerning requests for confidentiality, that the private agreement deprived the public of its right to know that confidentiality would be sought so that it could intervene to oppose that request, and that no efforts were made to raise confidentiality or otherwise object on confidentiality grounds during trial.

None of these situations is present here. As noted, prior to trial, Tesla (1) publicly filed the above-discussed motion for a procedure regarding courtroom closure noting that it might seek differing protections for trial exhibits, (2) noted its intent to make a post-trial motion to maintain confidentiality of trial exhibits at the time trial exhibits were offered (*See* D.E. 581 at pp. 10-11), (3) raised its intent to assess whether it would seek confidentiality over exhibits during the trial in open court after the verdict was read (*See* D.E. 588 at pp. 8-10 and 18-19), (4) publicly filed the aforementioned motion for clarification concerning the schedule for the instant motion practice (which was granted in a public order), and (5) publicly filed, in accordance with this Court's local rules, a request for permission to file the Motion at hand under seal (*See* D.E. 544). Moreover, the *Benedict* court also recognized the principle that a litigant's interest in protecting its trade secrets can overcome the presumption in favor of access to judicial records. *Benedict*, 323 F.3d at 754-55.

For all of these reasons, Plaintiffs' waiver arguments should be rejected.

III.    **Tesla Has Established That the Material at Issue Contains Valuable Trade Secrets**

Plaintiffs also assert that, even if Tesla has not waived protection, the material at issue does not contain trade secrets so it should be made public. Plaintiffs argue that the material at issue does not meet the definition of a trade secret, but they provide no evidence supporting that position. Plaintiffs' bare argument does not overcome the evidentiary support Tesla provided by way of the

declaration from Eloy Rubio-Blanco, which proves the material at issue satisfies the definition of trade secret.  (*See* D.E. 554-1).

Plaintiffs assert that the material at issue is too old and outdated to be considered a trade secret. But that assertion is contradicted by Mr. Rubio-Blanco's declaration. As he explained, even Tesla's "older" information remains far ahead of, and gives it a competitive advantage over, its competitors.  *See* D.E. 554-1 at ¶¶ 4-7, 9-10, and 12.  Moreover, the declaration explains that the information contains methods Tesla continues to use in the development of new, more advanced technologies that give it a competitive advantage.  *Id.*  Thus, the facts establish that the material at issue does contain trade secrets.

Plaintiffs also suggest that information contained in the material at issue is already publicly available and accessible on the internet. This is not so. Certain concepts related to Tesla's capabilities are publicly available, but the public information does not show precisely *how* Tesla vehicles are capable of performing these functions.  To use an analogy: the public may know the taste of Coca-Cola and understand that its flavor is the result of a certain recipe, but the recipe itself remains a secret.  The documents at issue contain specific information about Tesla's methods for collecting and analyzing information, the specific types of information it collects, and even the software coding associated with the information the vehicles collect and consider. Mr. Rubio-Blanco's declaration explains how and why this information is valuable, and the documents speak for themselves in regard to the specificity of the information contained therein.

Plaintiffs make additional arguments concerning two documents. The first argument concerns Tesla's "Moving Objects Manual," which Plaintiffs claim is less specific than the information contained in a video Tesla has released that can be found on YouTube, at a link Plaintiffs provide. This is incorrect. The video demonstrates Tesla's vision system's *ability* to

detect and identify, but the Moving Objects Manual explains, with precision, the *methods* Tesla employees use to label objects as a part of the development of those detection and identification abilities. This is far beyond what is publicly available. The second argument concerns information contained in a declaration from Plaintiffs' expert Oleg Drokin, which Plaintiffs say did not come from Tesla at all. This is misleading. The declaration contains Tesla's confidential information that Mr. Drokin accessed by using non-public means to overcome Tesla's protections against access to such data—protections Tesla implemented for the very purpose of protecting the trade secrets contained in the data. This argument should be disregarded.

The remainder of Plaintiffs' arguments concerning specific documents are addressed by the points made above that were explained in Mr. Rubio-Blanco's declaration. For all of these reasons, Plaintiffs' arguments do not overcome the proof Tesla has offered that the information at issue contains trade secrets.

## IV.    The Required Balancing Test Favors Continued Confidentiality of the Material at Issue

Plaintiffs' final argument is that even if the material at issue does contain trade secrets, the balancing test between the presumption of public access and the need to protect trade secrets weighs against continued confidentiality. In support of this argument, Plaintiffs simply say that Tesla is seeking this protection to avoid "embarrassment."

Plaintiffs offer no factual support for this argument—because there is none. Tesla has sought continued confidentiality over only a tiny percentage of the trial and pre-trial exhibits and over none of the trial transcript or pre-trial motions and orders. Tesla's motivation is precisely what it has said all along: the material at issue discusses trade secrets with a level of specificity that would be harmful if disclosed. Such a disclosure would not only jeopardize Tesla's business interests, but also hamper its ability to make better, safer vehicles for its customers. Nothing about

the material at issue, or the request itself, suggests "embarrassment" or an improper motive.  In fact, Tesla decided to undergo an open trial to tell the truth to the Court and the public despite Plaintiffs' effort to turn the trial into a smear campaign against Tesla.  Tesla has supported its positions with evidence, and the limited nature of its request demonstrates there is no improper motive.

Plaintiffs' argument should be disregarded as baseless.  Tesla respectfully submits the Court should grant its Motion.

Dated:  September 19, 2025                                   Respectfully submitted,

|  |  |
|---|---|
|  | /s/ *Wendy F. Lumish* |
| Thomas P. Branigan (*admitted pro hac vice*) | Whitney V. Cruz (Florida Bar No. 800821) |
| Drew P. Branigan (*admitted pro hac vice*) | Wendy F. Lumish (Florida Bar No. 334332) |
| BOWMAN AND BROOKE LLP | BOWMAN AND BROOKE LLP |
| 101 W. Big Beaver Road, Suite 1100 | Two Alhambra Plaza, Suite 800 |
| Troy, MI 48084 | Coral Gables, FL 33134 |
| (248) 205-3300 | (305) 995-5600 |
| thomas.branigan@bowmanandbrooke.com | whitney.cruz@bowmanandbrooke.com |
| drew.branigan@bowmanandbrooke.com | wendy.lumish@bowmanandbrooke.com |
|  |  |
| Joel Smith (*admitted pro hac vice*) | Theodore J. Boutrous, Jr. (*admitted pro hac vice*) |
| BOWMAN AND BROOKE LLP | Julian W. Poon (*admitted pro hac vice*) |
| 1441 Main Street, Suite 1200 | GIBSON, DUNN & CRUTCHER LLP |
| Columbia, SC 29201 | 333 South Grand Avenue |
| (803) 726-7420 | Los Angeles, CA 90071 |
| joel.smith@bowmanandbrooke.com | (213) 229-7000 |
|  | tboutrous@gibsondunn.com |
|  | jpoon@gibsondunn.com |
|  |  |
| Miguel A. Estrada (*admitted pro hac vice*) | Paul D. Clement (*admitted pro hac vice*) |
| Thomas H. Dupree, Jr. (*admitted pro hac vice*) | Clement & Murphy, PLLC |
| Gibson, Dunn & Crutcher LLP | 706 Duke Street |
| 1700 M Street, N.W. | Alexandria, VA 22314 |
| Washington, D.C.  20036 | (202) 742-8900 |
| (202) 955-8500 | paulclement@clementmurphy.com |
| mestrada@gibsondunn.com |  |
| tdupree@gibsondunn.com |  |
|  | *Attorneys for Defendant Tesla, Inc.* |