UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*, and
DILLON ANGULO

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

## ORDER ON TESLA, INC'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE COPIES OF OPENING AND CLOSING POWERPOINT SLIDES

**THIS CAUSE** is before the Court upon Tesla Inc.'s ("Tesla") Motion to Compel Plaintiffs to Provide Copies of Opening and Closing PowerPoint Slides ("Motion"), ECF No. [556]. Plaintiffs Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon, and Dillon Angulo ("Plaintiffs") filed a Response in Opposition, ECF No. [573], to which Tesla filed a Reply, ECF No. [589]. The Court has reviewed the Motion, the briefs in support and opposition, and is otherwise fully advised. For the reasons that follow, Tesla's Motion is granted.

This matter arises from a collision that occurred in Key Largo, Florida. George McGee owned a 2019 Tesla Model S ("Vehicle") "equipped with automatic driving features, one of which Tesla termed 'Autopilot,' that could navigate without driver input." ECF No. [205] at 3. On April 25, 2019, McGee was driving the Vehicle when it hit a parked Chevrolet Tahoe, which then struck Decedent Naibel Benavides Leon and Plaintiff Dillon Angulo, killing Benavides Leon and causing significant injuries to Angulo. *See id.* at 3-4. This matter proceeded to trial on July 14, 2025. During

the opening and closing arguments, Plaintiffs' counsel utilized PowerPoint slides as an aid to their presentation to the jury. According to Tesla, shortly after the trial, its attorneys reached out to Plaintiffs' counsel to obtain the slides, but Plaintiffs refused the request. Tesla now seeks an order compelling Plaintiffs to disclose the PowerPoint slides, arguing that the slides are relevant to certain post-trial issues and to ensure a complete record for appeal. According to Tesla, the parties have an obligation to ensure that the record is complete and accurate for review on appeal. Therefore, because there is no dispute that the slides were utilized during the trial, they are a part of the proceedings and therefore should be disclosed so that they may be properly incorporated into the record.

Plaintiffs argue that Tesla has failed to provide any basis for seeking their PowerPoint slides after the trial has concluded. ECF No. [573]. While Tesla maintains that the slides are necessary for a complete record, Plaintiffs point out that the slides "were never admitted as evidence" and never objected to, and are, therefore, "not properly part of the record on appeal." *Id.* Plaintiffs further argue that they previously shared the slides with Tesla and, as such, there is "no reason to afford [Tesla] after-the-fact access to slides that Plaintiffs' counsel merely used as reference points during trial." *Id.* at 2.

The Court agrees with Tesla that the PowerPoint slides the parties utilized at trial should be disclosed and ultimately incorporated into the record. As Tesla correctly points out, Rule 107 of the Federal Rules of Evidence provides that, although "[a]n illustrative aid is not evidence, . . . [w]hen practicable, an illustrative aid used at trial *must* be entered into the record." Fed. R. Evid. 107 (emphasis added). The Eleventh Circuit has concluded that PowerPoint slides constitute illustrative aids. *See Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1298 (11th Cir. 2023). As such, the slides should only be kept out of the record if their inclusion would be impracticable.

Case No. 21-cv-21940-BLOOM/Torres

Plaintiffs have offered no suggestion that disclosure to opposing counsel or incorporation of the slides into the record would be impracticable. Therefore, the Court finds that disclosure of the PowerPoint slides to Tesla is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that Tesla's Motion, **ECF No. [556]**, is **GRANTED.** The parties shall exchange copies of their respective PowerPoint slides used during trial no later than **December 29, 2025.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 15, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record