UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*, and
DILLON ANGULO

    Plaintiffs,

v.

TESLA, INC., *a/k/a. Tesla Florida, Inc.*,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiffs Neima Benavides, as Personal Representative of the Estate of Naibel Benavides Leon ("Benavides' Estate"), and Dillon Angulo's ("Angulo") (collectively "Plaintiffs") Motion to Determine Entitlement to Attorneys' Fees and Costs. ECF No. [567]. Tesla Inc. ("Tesla") filed a Response in Opposition ("Response"), ECF No. [572], to which Plaintiffs filed a Reply, ECF No. [595]. The Court has reviewed the Motion, the briefs in support and opposition, and is otherwise fully advised. For the reasons that follow, Plaintiffs' Motion is denied.

This matter arises from a collision that occurred in Key Largo, Florida. George McGee owned a 2019 Tesla Model S ("Vehicle") "equipped with automatic driving features, one of which Tesla termed 'Autopilot,' that could navigate without driver input." ECF No. [205] at 3. On April 25, 2019, McGee was driving the Vehicle when it hit a parked Chevrolet Tahoe, which then struck

Case No. 21-cv-21940-BLOOM/Torres

Decedent Naibel Benavides Leon and Plaintiff Dillon Angulo, killing Benavides Leon and causing significant injuries to Angulo. *See id.* at 3-4.

On May 30, 2025, in an effort to avoid trial, Plaintiffs served Tesla with the following Proposals for Settlement: (1) $30,000,000.00 to resolve Angulo's claims, and (2) $30,000,000.00 to resolve the claims on behalf of Benavides' Estate. ECF No. [567] at 1-2. Tesla rejected both Proposals for Settlement and, instead, elected to proceed to trial. *Id.* at 2.

At trial, the Jury rendered a verdict in favor of Plaintiffs, and on August 3, 2025, the Court entered a Final Judgment against Tesla in the amount of $242,570,000.00. ECF No. [538].[1] Plaintiffs assert that, of the $242,570,000.00, Benavides' Estate will recover $119,420,000.00, and Angulo will recover $123,100,000. ECF No. [567] at 2. Plaintiffs maintain that they have therefore each been awarded more than 125% of their respective Settlement Proposals. *Id.* Consequently, Plaintiffs argue that they "are entitled to recover attorneys' fees from [Tesla] pursuant to Florida Rule of Civil Procedure 1.442 and Fla. Stat. §768.79, and taxable costs as the prevailing parties." *Id.*

Tesla responds that Plaintiffs' Motion "is premature in light of the fact that there is a pending post-trial motion and appeal that could directly affect Plaintiffs' entitlement to fees[.]" ECF No. [572] at 2. Moreover, even if the Court were to consider Plaintiffs' Motion at this time, they would not be entitled to attorneys' fees or costs because Plaintiffs failed to specify the amount directed toward their punitive damages claims in their Proposals for Settlement. *Id.*

In Reply, Plaintiffs concede that their Proposals for Settlement were invalid and, as such, they are not entitled to attorneys' fees from Tesla. ECF No. [595] at 2. Plaintiffs maintain,

---

[1] On August 25, 2025, the Court stayed the execution of the Final Judgment pending the resolution of Tesla's post-trial motion. *See* ECF No. [555].

however, that while they are not entitled to attorneys' fees, they are still entitled to costs as the prevailing party. *Id.* Plaintiffs argue that Tesla has failed to offer a reason to delay a determination as to the amount of taxable costs, notwithstanding Tesla's pending post-trial motion. Therefore, Plaintiffs insist the Court should grant their Motion with respect to costs, "set a schedule for submission of costs that Plaintiffs believe to be taxable," and direct Tesla "to file any objections to specific cost items it believes were not taxable." *Id.*

Given that Plaintiffs have conceded they are not entitled to attorneys' fees, the only question left for the Court to resolve is whether it is premature to determine Plaintiffs' entitlement to costs as prevailing parties.[2]

The Court agrees with Tesla that determining whether Plaintiffs are entitled to costs is premature at this juncture. "[D]eferring ruling on a motion for attorney's fees and costs pending an appeal [or post-trial motion] is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy." *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016). Here, although the Court has entered a final judgment in this case, Tesla currently has an outstanding post-trial motion, which may defeat any request for costs because Plaintiffs would not have a judgment in their favor and would therefore not be a prevailing party. Accordingly, depending on the outcome of Tesla's post-trial motion and any potential appeals, there may be no need to determine the costs Plaintiffs claim they are entitled to recover from Tesla. Given that Plaintiffs' status as a prevailing party is not final, the Court finds it is in the interest of judicial economy[3] to reserve any determination on the issue of costs for a

---

[2] Because Plaintiffs have conceded that their Proposals for Settlement were defective, they are precluded from recovering both costs and fees under Fla. Stat. 768.79.

[3] *See Shapiro v. Wells Fargo Bank*, N.A., No. 0:18-60250-CIV, 2019 WL 5291005, at *1 (S.D. Fla. June 13, 2019) (noting other courts' concerns about the potential of having to repeat fees and costs procedures after post-trial issues have been resolved), *report and recommendation adopted sub nom. Peter E. Shapiro,*

later time. *See Action Nissan, Inc. v. Hyundai Motor Am. & Genesis Motor Am.*, No. 6:18-CV-380-WWB-EJK, 2022 WL 17409415, at *1 (M.D. Fla. Feb. 7, 2022) (denying motion for a determination of entitlement to costs as premature given the pending post-trial motion in the case); *Barnett v. Lemma*, No. 6:15-CV-469-RBD-DCI, 2024 WL 706071, at *2 (M.D. Fla. Feb. 21, 2024) (same); *see also Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 603 (Fla. 2006) (Pariente, C.J., dissenting) (recognizing "that often posttrial motions must be resolved before entitlement to fees and costs can be determined"); *cf. Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-CV-871-T-33TBM, 2009 WL 1788376, at *1 (M.D. Fla. June 22, 2009) (declining to decide motion for fees and costs while case was on appeal).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion, **ECF No. [567]**, is **DENIED WITHOUT PREJUDICE.**
2. If Plaintiffs remain the prevailing parties following the resolution of Tesla's post-trial motion and any potential appeals, Plaintiffs may renew their motion for costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 18, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

*P.A. v. Wells Fargo Bank, N.A.*, No. 18-CV-60250-UU, 2019 WL 5290841 (S.D. Fla. July 1, 2019).