UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21940-BLOOM/Torres

NEIMA BENAVIDES, *as Personal Representative of the Estate of Naibel Benavides Leon, deceased*, and
DILLON ANGULO,

    Plaintiffs,

v.

TESLA, INC., a/k/a.
TESLA FLORIDA, INC.,

    Defendant.
_____/

## ORDER ON AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court upon Defendant Tesla Inc's ("Tesla") Amended Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial or to Amend the Judgment ("Motion"). ECF No. [591]. Plaintiffs Neima Benavides, as personal representative of the Estate of Naibel Benavides Leon, and Dillon Angulo (collectively "Plaintiffs") filed a Response, ECF No. [602], to which Tesla filed a Reply, ECF No. [603]. The Court has carefully reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.**     **BACKGROUND**

This matter arises from a collision that occurred in Key Largo, Florida. George McGee owned a 2019 Tesla Model S ("Vehicle") "equipped with automatic driving features, one of which Tesla termed 'Autopilot,' that could navigate without driver input." ECF No. [205] at 3. On April

25, 2019, McGee was driving the Vehicle when it hit a parked Chevrolet Tahoe, which then struck Decedent Naibel Benavides Leon and Plaintiff Dillon Angulo, killing Benavides Leon and causing significant injuries to Angulo. *See id.* at 3-4.

While Plaintiffs originally filed separate actions against Tesla, their cases were consolidated, and on March 11, 2024, Plaintiffs filed an Amended Complaint asserting the following claims against Tesla: Strict-Products-Liability—Defective design (Count I), Failure to Warn (Count II), Defective Manufacture (Count III), and Negligent Misrepresentation (Count IV). ECF No. [205]. On June 26, 2025, the Court issued an Omnibus Order on Motion for Summary Judgment, ECF No. [428], wherein the Court dismissed Counts III and IV but allowed Count I (the Defective Design), Count II (Failure to Warn), and the demand for punitive damages to proceed to trial.

When the case ultimately advanced to trial, the jury found in favor of Plaintiffs on both Counts I and II and found Tesla liable for punitive damages. ECF No. [534]. On August 3, 2025, the Court entered a Final Judgment against Tesla in the amount of $242,570,000.00. ECF No. [538]. The $242,570,000.00 award consisted of $19,470,000.00 in compensatory damages awarded to the Estate of Naibel Benavides, $23,100,000.00 in compensatory damages awarded to Dillon Angulo, and $200,000,000.00 in punitive damages to be split between the Plaintiffs.

Tesla now seeks a judgment as a matter of law or, alternatively, a new trial. ECF No. [591].[1] Tesla argues that a judgment as a matter of law is appropriate as to the issue of liability because (1) the verdict is unsupported by reliable expert evidence, (2) the record evidence does not support Plaintiffs' Defective Design claim, as Tesla's 2019 Model S was not proven to be defective or the

---

[1] While the Jury Verdict states that the jury awarded the Estate of Naibel Benavides Leon $59,000,000.00 and Dillon Angulo $70,000,000.00 in compensatory damages, the jury found Tesla to be only 33% responsible for Plaintiffs' injuries. *See* ECF No. [534]. As such, the compensatory award for each Plaintiff was reduced accordingly in the Final Judgment to reflect the jury's findings.

cause Plaintiffs' injuries, and (3) the record evidence does not support Plaintiffs' Failure to Warn claim because (i) Tesla had no duty to warn, (ii) Tesla provided extensive warnings, (iii) and the purported failure to warn did not cause the subject crash. *See generally* ECF No. [591]. Tesla further maintains that judgment as a matter of law on the issue of punitive damages is necessary, or at least a significantly reduced punitive damages award should be granted, because (1) Florida law prohibits the imposition of punitive damages in this type of case, (2) Florida law caps punitive damages at three times compensatory damages actually awarded, and (3) the Due Process Clause limits punitive damages to no more than the net award of compensatory damages.[2] *Id.*

Alternatively, Tesla contends that the lack of evidence to support the verdict warrants a new trial. *Id.* Tesla further argues that a new trial is needed based on several highly prejudicial evidentiary errors, including (1) the improper admission of data-related evidence obtained from the Vehicle, (2) the improper admission of statements made by Elon Musk, and (3) the improper admission of certain other dissimilar accidents. *Id.*

Plaintiffs respond that a judgment as a matter of law or a new trial on liability is not warranted. *See generally* ECF No. [602]. Plaintiffs argue that the Court already found their experts' opinions to be reliable on summary judgment, and Plaintiffs offered substantial competent evidence at trial establishing that there were defective designs in the Vehicle's Autopilot that partially caused the subject crash. *Id.* Plaintiffs maintain they also provided sufficient evidence to support their Failure to Warn claim, as there was evidence that the warnings in the Vehicle were inadequate, and the inadequacy of the warnings contributed to the subject crash. *Id.*

Regarding punitive damages, Plaintiffs contend that the $200,000,000.00 award should not be disturbed. According to Plaintiffs, punitive damages are available in automotive defect cases

---

[2] Tesla also argues that the Court should reduce Plaintiffs' compensatory award to no more than $69 million.

and are appropriate in this case because Tesla was grossly negligent in its development of Autopilot and its response to previous Autopilot failures. *Id.* Plaintiffs argue the punitive damage award comports with due process, as Tesla's conduct was shown to be reprehensible, the ratio of compensatory and punitive damages (1.4 to 1) was not unreasonable, and comparable cases should have placed Tesla on notice of the potential for a large punitive award. *Id.*

Regarding Tesla's request for a new trial, Plaintiffs contend that the Autopilot data from the Vehicle, Elon Musk's statements, and the evidence of similar accidents were properly admitted at trial and, therefore, there is no substantial error that would justify a new trial. As the Motion is fully briefed, it is ripe for review.

## II. LEGAL STANDARD

### A. Rule 50—Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 "governs motions for judgment as a matter of law in jury trials [and] allows the trial court to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result.'" *Weisgram v. Marley Co.*, 528 U.S. 440, 447-48 (2000) (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2521, p. 240 (2d ed. 1995)).

Under Rule 50, "judgment as a matter of law is appropriate only if the facts and inferences point so overwhelmingly in favor of one party . . . that reasonable people could not arrive at a contrary verdict." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010) (quotation marks omitted; alteration in the original). The Court must consider the evidence in the light most favorable to the nonmoving party and determine "whether or not reasonable jurors could have concluded as this jury did based on the evidence presented." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997) (citation omitted). It is "the jury's task," not the Court's, "to weigh conflicted evidence and inferences, and determine the credibility of witnesses." *McGinnis*

*v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quotation marks and citation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

Insofar as the evidence is considered when reviewing a motion for judgment as a matter of law, the Supreme Court has stated:

> [A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

*Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 151 (2000) (internal quotations omitted) (citations omitted), quoted in *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1127 (11th Cir. 2016).

If the court does not grant a Rule 50(a) motion, the movant may file "a renewed motion," under Fed. R. Civ. P. 50(b). A Rule 50(b) motion is made after the case has been submitted to the jury, "thereby insuring that a motion for such a judgment is used only to invite the district court to reexamine its decision not to direct a verdict as a matter of law, not to reexamine facts found by the jury." 27A Fed. Proc., L. Ed. § 62:695 (Supp. 2022) (emphasis added). "[A]ny renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004).

> "The standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion [under 50(a)]." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir.

> 2007) (alteration in original) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2537 (2d ed. 1995)). Thus, as with motions under Rule 50(a), the question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is "legally sufficient . . . to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

*McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016); *see also Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1127 (11th Cir. 2007) ("Regardless of timing, [ ] in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence. The question before the district court regarding a motion for judgment as a matter of law remains whether the evidence is "legally sufficient to find for the party on that issue," [ ] regardless of whether the district court's analysis is undertaken before or after submitting the case to the jury.").

### B. Motion for a New Trial

Pursuant to Federal Rule of Civil Procedure 59(a)(1), "[t]he court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A motion for new trial may be brought on the basis that "the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the [moving party]; and [a motion for new trial] may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Alphamed Pharm. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1334 (S.D. Fla. 2006) (quoting *Montgomery Ward & Co.*, 311 U.S. 243, 251 (1940)).

"A judge should grant a motion for a new trial when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Lipphardt v. Durango Steakhouse of*

*Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "In assessing evidentiary rulings already made by this Court, the question is whether the exclusion or admission of evidence affected Defendant's substantial rights." *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1239 (S.D. Fla. 2022). Further, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.'" *Lipphardt*, 267 F.3d at 1186.

"[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her]." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006)). Accordingly, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999); *Steger v. General Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003) (citing *Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1503 (11th Cir. 1985)).

### III.    DISCUSSION

After a careful review of the parties' respective arguments, the Court finds that the Motion must be denied. The grounds for relief that Tesla relies upon are virtually the same as those Tesla put forth previously during the course of trial and in their briefings on summary judgment—arguments that were already considered and rejected. Furthermore, Tesla does not present additional arguments or controlling law that persuades this Court to alter its earlier decisions or the jury verdict. Therefore, because the Court finds that the evidence admitted at trial more than supports the jury verdict and does not find that it committed any error affecting Tesla's substantive

rights, the interest of justice does not require the grant of a new trial or judgment in Tesla's favor on either Count I, Count II, or the jury verdict regarding punitive damages.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Tesla's Amended Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial**, ECF No. [591]**, is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 19, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record